UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN | * CIVIL ACTION<br>* NO.: |
| VERSUS | * |
| | * JUDGE: |
| REC MARINE LOGISTICS; GOL, LLC;<br>GULF OFFSHORE LOGISTICS, LLC;<br>QBE INSURANCE (EUROPE)<br>LIMITED | *<br>* MAGISTRATE:<br>* |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes QBE Insurance (Europe) Limited ("QBE Insurance"), appearing solely for the purpose of removing this cause from the 19th Judicial District Court for the Parish of East Baton Rouge, with full reservation of all rights, exceptions, and defenses, specifically including but not limited to jurisdiction, venue, forum selection clauses, service of process, coverage, choice of law and the right to demand arbitration, and respectfully represents as follows:

## PARTIES

1.

Plaintiff, McArthur Griffin, is a person of the full age of majority and a resident and domiciliary of Louisiana.

2.

Defendant Rec Marine Logistics, LLC ("Rec Marine") is, on information and belief, a domestic limited liability company with a domicile address of 4535 Highway 308, Galliano, Louisiana, 70394.

2968616-1

Defendant GOL, LLC ("GOL") is, on information and belief, a domestic limited liability company with a domicile address of 4535 Highway 308, Raceland, Louisiana, 70394.

Defendant Gulf Offshore Logistics, LLC ("Gulf Offshore") is, on information and belief, a domestic limited liability company with a domicile address of 4535 Highway 308, Raceland, Louisiana, 70394.

Defendant Offshore Transport Services, LLC ("Offshore Transport") is, on information and belief, a domestic limited liability company with a domicile address of 4535 Highway 308, Raceland, Louisiana, 70394.

Defendant QBE Insurance is a foreign insurer organized and existing pursuant to the laws of a foreign country.

Defendant The American Steamship Owners Mutual Protection and Indemnity Association (the "American Club") is, on information and belief, a foreign insurer organized and existing pursuant to the laws of a foreign state. On February 14, 2020, Plaintiff moved to voluntarily dismiss the American Club.

## **FACTS**

3.

On April 22, 2019, Plaintiff filed his Original Petition for Damages (the "Original Petition") in the 19th Judicial District Court for the Parish of East Baton Rouge commencing *McArthur Griffin v. Rec Marine Logistics, LLC, et el.*, Civil Action No. C-682146, naming as defendants Rec Marine, GOL, Gulf Offshore, and the American Club. No other parties were named as defendants in Plaintiff's Original Petition. The Original Petition does not contain individualized allegations against any Defendant, but instead alleges generally that the Defendants "owned, operated, and/or

2

managed" the MV DUSTIN DANOS, and that Plaintiff sustained an injury on that vessel as a result of the negligence and/or gross negligence of the collective Defendants.

4.

On November 4, 2019, Plaintiff filed his First Supplemental and Amended Petition for Damages (the "Amended Petition") adding QBE Insurance and Offshore Transport Services, LLC as additional defendants. In the Amended Petition, Plaintiff generally alleges that while aboard the MV DUSTIN DANOS, again alleged to be "owned, operated, and/or managed by Defendants," Plaintiff "sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items in the vessel." The Amended Petition asserts causes of action for negligence, gross negligence, and maintenance and cure, and recites that it is brought under the Jones Act, general maritime law, and the Saving to Suitors clause.

5.

Plaintiff's only particular allegation against QBE Insurance in the Amended Petition is that QBE Insurance "is a foreign insurance provider for Defendants REC Marine Logistics, LLC, GOL, LLC, and Gulf Offshore Logistics LLC." Plaintiff's cause of action against QBE Insurance therefore arises under the Louisiana Direct Action Statute, La. Rev. Stat. 22:1269. The subject insurance policy invoked by Plaintiff contains a mandatory arbitration clause requiring resolution of all claims via London arbitration along the following terms:

> If the Assured does not accept the decision of the Claims Committee, such difference or dispute shall be referred to the arbitration in London of two arbitrators (one appointed by the Insurer and the other by the Assured) and an Umpire to be appointed by the Arbitrators, and the submission to arbitration and the proceedings therein shall be subject to the provisions of the Arbitration Act of 1996, and any statutory modification or re-enactment thereof for the time being in force.

6.

QBE Insurance denies all allegations of wrongdoing in Plaintiff's Petition and Amended Petition, and avers that the Amended Petition demonstrates that removal of this dispute to federal court is proper under 28 U.S.C. § 1331 and 9 U.S.C. § 205.

**BASIS FOR REMOVAL**

A. **Federal Question Jurisdiction exists under 28 U.S.C. § 1331, 9 U.S.C. § 201** *et seq.* **and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards**

The arbitration clause in QBE Insurance's insuring agreement arises out of a commercial relationship between a U.S. insured and a foreign insurer, both of whom are citizens of signatories to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention"), codified in the Convention Act at 9 U.S.C. § 201 *et seq.* See, e.g., *Authenment v. Ingram Barge Co.*, 878 F.Supp.2d 672 (E.D.La. 2012); *Todd v. Steamship Mutual*, 601 F.3d 329 (5th Cir. 2010). Because the arbitration clause is therefore subject to the Convention and Convention Act, the subject matter of Plaintiff's state court petition "relates to an arbitration agreement or award falling under the Convention" within the meaning of 9 U.S.C. § 205. Accordingly, "the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205. The Fifth Circuit Court of Appeals has described § 205 as "one of the broadest removal provisions… in the statute books," and has held that § 205 permits removal "whenever an arbitration agreement falling under the Convention *could conceivably* affect the outcome of the plaintiff's case." *Acosta v. Master Maintenance and Construction, Inc.,* 452 F.3d 373, 377 (5th Cir. 2006) (quoting *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (emphasis in original)). Removal is also permitted under the

4

Convention despite Plaintiff's inclusion of a Jones Act claim brought pursuant to the Saving to Suitors clause. See, e.g., *Francisco v. STOLT ACHIEVEMENT MT,* 293 F.3d 270, 272 (5th Cir. 2002); *Amizola v. Dolphin Shipowner, S.A.*, 354 F.Supp.2d 689, 694–95 (E.D.La.2004).

Because this suit involves an arbitration agreement falling under the Convention, this Court has subject matter jurisdiction under 9 U.S.C. § 203 and 28 U.S.C. § 1331, and removal is proper.

### B.  All requirements for removal have been met.

#### 1)  Removal is timely

Section 205 of the Convention Act permits removal of an action that relates to a foreign arbitration agreement "at any time before trial thereof." This matter has not proceeded to trial in the Louisiana state court and, therefore, removal of this proceeding to this Court is timely.

#### 2)  Venue is proper

The United States District Court for the Middle District of Louisiana embraces the parish in which the state court action was filed. This case is therefore properly removed to this Court under 28 U.S.C. §§ 98(a) and 1441(a).

#### 3)  Pleadings and process

Pursuant to 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders served upon" the defendants is attached hereto as Exhibit A. QBE Insurance avers that the parties remaining in this action include Rec Marine, GOL, Gulf Offshore Logistics, Offshore Transport, the American Club (pending Plaintiff's Motion to Voluntary Dismiss filed on February 1, 2020), and QBE Insurance. All Defendants properly joined and served with process consent to the removal of this action to the Middle District of Louisiana.

Pursuant to 28 U.S.C. § 1446(d), QBE Insurance is filing written notice of this removal with the clerk of the state court in which the action is currently pending. Copies of the State Court Notice

of Removal, together with this Notice of Removal, are also being served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

### 4) Filing Fee

QBE Insurance files and presents herewith the appropriate filing fee as required by 46 U.S.C. § 1446.

        Respectfully Submitted,

        */s/ Alan R. Davis*
        Alan R. Davis, T.A., #31694
        Miles C. Thomas, #31342
        Lorin R. Scott, #38888
        **LUGENBUHL, WHEATON, PECK, RANKIN, & HUBBARD**
        2772 Pan-American Life Center
        601 Poydras Street
        New Orleans, Louisiana 70130
        Telephone: (504) 568-1990
        Facsimile: (504) 310-9195
        Email: adavis@lawla.com
               mthomas@lawla.com
               lscott@lawla.com