EAST BATON ROUGE PARISH
Filed Apr 23, 2019 9:47 AM
Deputy Clerk of Court
E-File Received Apr 22, 2019 9:17 AM

C-682146
27

## CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. _____ |
| | * | Section: _____ |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*********************************************************************************

### PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

Plaintiff McArthur Griffin ("Plaintiff") complains of REC Marine Logistics LLC, GOL LLC, Gulf Offshore Logistics LLC, and American Steamship Owners Mutual Protection and Indemnity Association (collectively, "Defendants") and would respectfully show the Court the following:

### JURISDICTION AND VENUE

#### I.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333.

#### II.

This case is not removable to federal court as it is brought under the Jones Act, general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

#### III.

Venue is proper under the Louisiana Code of Civil Procedure because an action against a foreign or alien insurer shall be brought in this Parish. LA. CODE CIV. PROC. art. 42(7).

### PARTIES

#### IV.

Plaintiff McArthur Griffin is an American Seaman and a resident of Louisiana.

EXHIBIT
*tabbies*
A

Defendant **REC Marine LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Ronald Elie Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **GOL LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Gulf Offshore Logistics LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **American Steamship Owners Mutual Protection and Indemnity Association** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. American Steamship Owners Mutual Protection and Indemnity Association may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

## FACTS

### V.

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine") and/or GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), and was aboard the MV Dustin Danos vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel.

## CAUSES OF ACTION

2

## VI.

Defendants are negligent and grossly negligent and liable for such negligence and gross negligence for the following reasons:

    a.    failure to properly supervise their crew;

    b.    failure to properly train their employees;

    c.    failure to provide adequate safety equipment;

    d.    failure to watch/man the controls of the vessel;

    e.    operating the vessel with an inadequate crew;

    f.    failure to provide safe work environment;

    g.    failure to protect crew members from unnecessary risks;

    h.    failure to maintain a proper lookout;

    i.    failure to make adequate repairs;

    j.    failure to provide a seaworthy vessel and crew;

    k.    vicariously liable for their employees' negligence;

    l.    failure to ensure the vessel was adequately maintained;

    m.    violating applicable Coast Guard, OSHA, and/or MMS rules; and

    n.    other acts deemed negligent and grossly negligent.

## VII.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

## VIII.

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment.

## X.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

IX.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

### RESERVATION OF RIGHTS

X.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his investigation continues.

### JURY DEMAND

XI.

Plaintiff hereby requests a trial by jury on all claims.

### PRAYER

XII.

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

4

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/Daniel E. Sheppard
Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas  77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

REC Marine LLC
C/O Registered Agent Ronald Elie Chaddock
4535 Hwy 308
Raceland, Louisiana 70394

GOL LLC
C/O Registered Agent Matt Bernard
4535 Hwy 308
Raceland, Louisiana 70394

Gulf Offshore Logistics LLC
C/O Registered Agent Todd P. Danos
4535 Hwy 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association
C/O Louisiana Secretary of State
Sheriff of East Baton Rouge Parish
P.O. Box 3277
Baton Rouge, Louisiana 70821

EAST BATON ROUGE PARISH
Filed Apr 23, 2019 9:47 AM
Deputy Clerk of Court
E-File Received Apr 22, 2019 9:17 AM

C-682146
27

## APPENDIX 9.6
## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688, Part G, §13 of the Louisiana Supreme Court General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Griffin McAuthor    **vs.**    REC Marine LLC; GOL LLC; Gulf Offshore Logistics LLC; and American Steamship Owners Mutual Protection and Indemnity Association

**Court:** _____    **Docket Number:** ___ **C-682146** ___

**Parish of Filing:** East Baton Rouge    **Filing Date:** 4/18/2019

**Name of Lead Petitioner's Attorney:** Daniel E. Sheppard

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 1    **Number of named defendants:** 4

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

| | |
|---|---|
| __Auto: Personal Injury | __ Auto: Property Damage |
| __Auto: Wrongful Death | __ Auto: Uninsured Motorist |
| __Asbestos: Property Damage | __ Asbestos: Personal Injury/Death |
| __Product Liability | __ Premise Liability |
| __Intentional Bodily Injury | __ Intentional Property Damage |
| __Intentional Wrongful Death | __ Unfair Business Practice |
| __Business Tort | __ Fraud |
| __Defamation | __ Professional Negligence |
| __Environmental Tort | __ Medical Malpractice |
| __ Intellectual Property | __ Toxic Tort |
| __ Legal Malpractice | __ Other Tort (describe below) |
| __ Other Professional Malpractice | __ Redhibition |
| _x_ Maritime | __ Class action (nature of case) |
| __ Wrongful Death | |
| _x_ General Negligence | |

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Plaintiff sustained injuries on May 25, 2018 aboard the MV Dustin Danos vessel.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name Daniel E. Sheppard    Signature /s/Daniel E. Sheppard

Address 3701 Kirby Drive, Suite 1000; Houston, Texas 77098

Phone number: 713-489-1206    E-mail address: dsheppard@morrowsheppard.com

**RETURN COPY**


**D1889450**

# CITATION

**MCARTHUR GRIFFIN**
(Plaintiff)

**VS**

**REC MARINE, LLC, ET AL**
(Defendant)

**NUMBER C-682146   SEC. 27**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:    AMERICAN STEAMSHIP OWNERS MUTUAL**
**PROTECTION AND INDEMNITY ASSOCIATION**
**C/O LOUISIANA SECRETARY OF STATE**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **MAY 2, 2019.**



*Kri Ford*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: SHEPPARD, DANIEL E.**
                    **(713) 489-1206**

*The following documents are attached:
**PETITION**
_____

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGES$_____                    _____
TOTAL:  $_____                    Deputy Sheriff
                                      Parish of East Baton Rouge

**CITATION-2000**

*I made service on the named party through*
*Office of the Secretary of State on*

MAY 0 7 2019

*by tendering a copy of this document to*
**KATHY DARDEN**
BY: E. CUMMINS #1155
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

RECEIVED

MAY 6 0 2019

EBR SHERIFF'S OFFICE

**RETURN COPY**

RETURN 

D1889443

# CITATION

**MCARTHUR GRIFFIN**
(Plaintiff)

**VS**

**REC MARINE, LLC, ET AL**
(Defendant)

**NUMBER C-682146   SEC. 27**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO:   REC MARINE LLC**
**C/O RONALD ELIE CHADDOCK**
**4535 HIGHWAY 308**
**RACELAND, LA  70394**

RECEIVED 2019 MAY -8 PM 1:2
CRAIG WEBRE
LAFOURCHE PARISH
SHERIFF'S OFFICE
THIBODAUX, LA

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **MAY 2, 2019.**

*Kri Ferd*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: SHEPPARD, DANIEL E.**
**(713) 489-1206**

*The following documents are attached:*
**PETITION**

---

**SERVICE INFORMATION:**

Received on the ____ day of ____:                                      ved on the above named party as
follows:
**PERSONAL SERVICE:**  On the p

**DOMICILIARY SERVICE:**  On                                          icile in this parish in the hands of
_____, a per

**SECRETARY OF STATE:**  By te

**DUE AND DILIGENT:**      Ai                                          or his domicile, or anyone
legally authorized to represent him.

**RETURNED:** Parish of East Baton

SERVICE:$ _____
MILEAGES$ _____
TOTAL:  $ _____

> **LAFOURCHE SHERIFF'S RETURN**
> C-682146            Date: 05/08/19  Time: 15:29
> Status:Departmental
> Served On: REC MARINE LOGISTICS LLC THROUGH THEIR
> REGISTERED AGENT: RONALD ELIE CHADDOCK
> Address:4535 HWY 308, RACELAND, LA 70394
> Served By: ROBICHAUX, APRIL
> Due: $46.20            Invoice #: 19012236
> Comments: BRIAN HARRIS - SAFETY
> Signature: *DTY AR#1750*

*B Davis*   5/8/19   3:26 pm

**RETURN COPY**





D1889476

# CITATION

MCARTHUR GRIFFIN
(Plaintiff)

VS

REC MARINE, LLC, ET AL
(Defendant)

NUMBER C-682146   SEC. 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

2019 MAY -8 PM 1:27
RECEIVED
CRAIG WEBRE
LAFOURCHE PARISH
SHERIFF'S OFFICE
THIBODAUX, LA

TO:   GOL LLC
C/O MATT BERNARD
4535 HIGHWAY 308
RACELAND, LA  70394

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on MAY 2, 2019.



*Kri Ferd*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: SHEPPARD, DANIEL E.
(713) 489-1206

*The following documents are attached:
PETITION

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, served on the above named party as
follows:
PERSONAL SERVICE: On t

DOMICILIARY SERVICE: | domicile in this parish in the hands of

_____

SECRETARY OF STATE: E

DUE AND DILIGENT: | _____ or his domicile, or anyone
legally authorized to represent I

RETURNED: Parish of East E

SERVICE: $_____
MILEAGES $_____
TOTAL:  $_____

> LAFOURCHE SHERIFF'S RETURN
> C-682146                Date: 05/08/19  Time: 15:31
> Status: Departmental
> Served On: GOL LLC C/O MATT BERNARD
> Address: 4535 HWY 308, RACELAND, LA 70394
> Served By: ROBICHAUX, APRIL
> Due: $30.00              Invoice #: 19012237
> Comments: BRIAN HARRIS - SAFETY
> Signature: *074/R#1750*

*Bin Harris   5/8/19   3:26 pm*



**RETURN COPY**



**D1889484**

# CITATION

**MCARTHUR GRIFFIN**
(Plaintiff)

**VS**

**REC MARINE, LLC, ET AL**
(Defendant)

**NUMBER C-682146   SEC. 27**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **GULF OFFSHORE LOGISTICS LLC**
      **C/O TODD P. DANOS**
      **4535 HIGHWAY 308**
      **RACELAND, LA· 70394**

GREETINGS:

　　Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

　　You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

　　This citation was issued by the Clerk of Court for East Baton Rouge Parish on MAY 2, 2019.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: SHEPPARD, DANIEL E.**
　　　　　　　　　 (713) 489-1206

*The following documents are attached:
**PETITION:**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____                                              ved on the above named party as
follows:
**PERSONAL SERVICE:** On the

**DOMICILIARY SERVICE:** On                                                     icile in this parish in the hands of

_____, a pe

**SECRETARY OF STATE:** By t

**DUE AND DILIGENT:** A                                                          _____ or his domicile, or anyone
legally authorized to represent him

**RETURNED:** Parish of East Bato

SERVICE:$_____
MILEAGES_____
TOTAL: $_____

**LAFOURCHE SHERIFF'S RETURN**
C-682146                Date: 05/08/19  Time: 15:32
Status:Departmental
Served On: GULF OFFSHORE LOGISTICS, LLC THROUGH
THEIR REGISTERED AGENT: TODD P. DANOS
Address:4535 HWY 308, RACELAND, LA 70394
Served By: ROBICHAUX, APRIL
Due: $30.00          Invoice #: 19012238
Comments: BRIAN HARRIS - SAFETY

Signature: _07YHAR#1780_

_Bria Harris_  5/8/19  3:26 pm

EAST BATON ROUGE PARISH
Filed May 23, 2019 10:16 AM
Deputy Clerk of Court

C-682146
27

## Salley & Associates
### Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net

Telephone:    985-867-8830
Tele. WA:     800-780-7097
Facsimile:    985-867-3368

17th May 2019

Clerk of Court
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

    **Re:**   **Griffin vs. REC Marine Logistics, LLC**
          **D/A -**
          **My File: FES-19-562**
          **CAC-682146 (27)**
          <u>**Ref: N/A**</u>

Dear Sir:

    I attach for filing in the captioned and entitled litigation, the original and one of an exparte motion for an initial Extension to answer, and a draft order.

    I understand that filing costs for thses items is $35.00 which is also attached hereto with a Salley & Associates check in that amount.

    Please file and provide the original to the Court for consideration.

                                    Sincerely,

                                    Fred E. Salley

FES/fng/STF

Cc:    Daniel Shepperd
       3701 Kirby Drive, #1000
       Houston, TX 77098



EAST BATON ROUGE PARISH
Filed May 23, 2019 10:16 AM
Deputy Clerk of Court
C-682146
27

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                    Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____        CLERK_____

                                          DEPUTY CLERK


## EXPARTE MOTION BY DEFENDANT FOR THIRTY DAY EXTENSION FOR RESPONSE

Now into Court through undersigned Counsel, comes Defendant, REC Marine Logistics, Inc., LLC, and suggests that REC was only served with this suit on 8th May 2019, and Counsel only received the suit by email on the 14th day of May 2019; and on examination found the suit complicated with multiple and questionable parties, and will need some additional time to obtain relevant materials from REC, to investigate, and to formulate a proper response; requests an additional thirty days from 20th May 2019 until 20th June 2019 to obtain necessary materials, to investigate, formulate, and file initial responsive pleadings in this Court, and moves therefor.

Submitted by:

_____
FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927

Counsel for Defendant, REC
Marine Logistics, LLC, *et. al.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 17th day of May 2019.

FRED E. SALLEY, T.A.   (11665)

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                                Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____          CLERK_____

DEPUTY CLERK

### ORDER GRANTING DEFENDANT THIRTY DAY EXTENSION

The Court having considered the Motion of **REC** Marine Logistics, LLC, for an initial thirty day extension thru 20th June 2019 to investigate, obtain needed investigative materials, and file its initial response(s) to the captioned and entitled suit, the request is granted, and Defendant **REC** Marine Logistics, LLC, may file its responsive pleadings up to 20th June 2019.

**Thus done and signed** in open court, this  **28**  day of May, 2019 in Baton Rouge, Louisiana.

_____
Judge, 19th Judicial District Court

**Judge Trudy M. White**

Submitted by:

_____
FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927

Counsel for Defendant, REC
Marine Logistics, LLC, *et. al.*


## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 17th day of May 2019.

_____
FRED E. SALLEY, T.A.   (11665)

EAST BATON ROUGE PARISH    C-682146
Filed Jun 04, 2019 9:40 AM         27
Deputy Clerk of Court

# Salley & Associates
## Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy I08I
Covington, Louisiana 70434
fsalley@charter.net

| Telephone: | 985-867-8830 |
| Tele. WA: | 800-780-7097 |
| Facsimile: | 985-867-3368 |

28th May 2019

Clerk of Court
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

> **Re:** **Griffin vs. REC Marine Logistics, LLC**
> **D/A -**
> **My File: FES-19-562**
> **CAC-682146 (27)**
> <u>Ref: N/A</u>

Dear Sir:

I attach for filing in the captioned and entitled litigation, the original and one of the following:

a) Notice/Rule to Show Cause for hearing: I understand the Court will set and serve;

b) Statement of Exceptions/Motion to Dismiss;

c) Memorandum in support;

d) Affidavit of Ron Chaddock;

e) Order of Court granting motion.

f) Salley & Assoc. check as indicated for $315.00.

I understand that filing costs for these items is $315.00 which is also attached hereto with a Salley & Associates check in that amount.

Please file and provide the original to the Court for consideration.

Pass the order setting hearing date on to Judge White for processing/service on Counsel.

Sincerely,

Fred E. Salley

FES/fng/STF

Cc:    Daniel Shepperd
       3701 Kirby Drive, #1000
       Houston, TX 77098

EAST BATON ROUGE PARISH
Filed Jun 04, 2019 9:40 AM
Deputy Clerk of Court

C-682146
27

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                            Section 27

MCARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____          CLERK_____

DEPUTY CLERK

## DEFENDANT'S STATEMENT OF EXCEPTIONS AND MOTION TO DISMISS

Plaintiff erroneously and improperly sued REC Marine, GOL LLC, Gulf Offshore Logistics LLC and American Steamship Owners Mutual Protection and Indemnity Association, in this venue and in the captioned and entitled litigation. With the exception of REC, which employed Griffin, not a single other defendant was properly sued, properly existed, and/or properly incorporated as a legitimate party defendant into this litigation. REC must now be dismissed; or transferred by the Plaintiff; to its (REC's) proper parish of creation under the Louisiana Law, which is not East Baton Rouge Parish. **See LSA CCP Art 42** and **LSA CCP Art 925.**

Plaintiff's counsel speaks of Griffin being a Jones Act seaman, but never once identifies or lists any vessel; or his relationship to any vessel or group of vessels; and claims that insurance was provided by Defendant, American Steamship, without specifying what insurance was provided, or what vessel was insured. In fact, American Steamship did not insure anything connected to REC, Plaintiff, or any other alleged defendant in this litigation; has nothing to do with this litigation, and should be immediately dismissed. Moreover, neither of the listed defendants, GOL LLC, or Gulf Offshore Logistics LLC are known to exist or have anything whatever to do with this suit,

this plaintiff, or the operation of any vessel, party, or employer contained in this litigation, and they must be dismissed. See Affidavit of Mr. Chaddick, attached hereto.

Defendant, REC Marine Logistics, LLC, for the reasons more clearly enunciated in the attached memorandum of authorities, suggests that the Declinatory Exceptions of misjoinder and Plaintiffs' filing in a court of improper venue; *i.e.;*, not filing suit against Defendant in the Parish of its, LLC, registration as required under **La. CCP Art 42**, deprives this Court of requisite jurisdiction to proceed under **La. CCP Art. 925**, and requires dismissal of Plaintiff's suit against REC. Further, Defendant pleads the Declinatory Exceptions of **La. CCP Art. 925**, of non-conformity; vagueness; improper use of pleadings; and venue, by wrongfully alleging **a)** the existence **of** improper/non-existent parties; and **b)** the existence of improper, unsupported venue.

Submitted by:

_____
**FRED E. SALLEY, T.A.   (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana   70434**
**Telephone: (985) 867-8830**
**Facsimile  (985) 867-8927**

**Counsel for Defendant, REC**
Marine Logistics, LLC, *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 28th day of May 2019.

_____
**FRED E. SALLEY, T.A.   (11665)**

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                        Section 27

MACARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC

FILED_____          CLERK_____

### RULE TO SHOW CAUSE ORDER

   Considering the Exceptions and Motion to Dismiss filed by Defendant, REC Marine Logistics, LLC.

   **IT IS ORDERED** that Plaintiff, MacArthur Griffin, show cause on the **23** day of **Sept** 2019, at **9:30** AM, why judgment granting the Defendant's Motion on Exceptions, and to Dismiss Griffin's Petition for improper venue and jurisdiction, should not be granted, at Plaintiff's cost.

   **THUS DONE AND SIGNED IN OPEN COURT** this **06** day of **June**, 2019 at Baton Rouge, LA.

_____
Judge, 19th JDC, East Baton Rouge

**Judge Trudy M. White**

Submitted By:

_____
**FRED E. SALLEY, T.A.    (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana  70434**
**Telephone: (985) 867-9925**
**Facsimile  (985) 867-3363**
**Attorney REC Marine Logistics, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid this 28th May 2019, or by other authorized means.

_____
**FRED E. SALLEY, T.A.    (11665)**

EAST BATON ROUGE PARISH
Filed Jun 04, 2019 9:40 AM
Deputy Clerk of Court

C-682146
27

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                          Section 27

MACARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC

FILED_____                CLERK_____

MEMORANDUM OF AUTHORITIES

**May it please the Court:**

Defendant's memorandum of authorities in support of its Exceptions, and Motion to Dismiss, respectfully provides:

The state court petition was filed In East Baton Rouge Parish, which for this particular action is a court of improper venue, and hence a court which has no jurisdiction. See La. CCP Art. 42.

Defendant has raised the absence of a required party (American Steamship) to sustain any hope of continued venue or jurisdiction in this Court. Improper venue, or parties, supports a Declinatory Exception under **La. CCP Art. 925**, which then requires a dismissal of the current suit.

In addition to filing this matter in the wrong venue, Plaintiff asserted other erroneous and irrelevant matters.

Named defendant, **GOL LLC**, is believed to be a California entity, which may or may not currently exist, but in no event is connected or related in any way to this case; Plaintiff's employer; any vessel operations; or to Griffin's employment.

Similarly, **Gulf Offshore Logistics LLC** may or may not exist but has no involvement whatever in this litigation, or with Plaintiff's employment with Defendant, REC.

None of the Defendants named in Plaintiff's complaint, owned or operated any vessels; or are in any way involved in his litigation; and with the exception of REC, his employer; should

be dismissed on these Exceptions.  REC is legally entitled to have this suit against it dismissed, or transferred by Plaintiff to its Parish of its existence according to the Code of Civil Procedure.  <u>See</u> **La. CCP Art 42**.

Defendant, in this litigation, is a Louisiana Citizen LLC registered to do, and doing business where, as required, it is <u>registered</u> with the Louisiana Secretary of State to live and conduct business.  Contrary to <u>CCP Art. 42(2)</u>, Plaintiff did not file suit in the Parish of REC's registry as an LLC mandated by Louisiana Law.  Improper venue is a valid Declinatory Exception, which deprives the Plaintiff filing to obtain proper Venue and Jurisdiction in East Baton Rouge Parish.

Plaintiff's loose, nebulous, enlarged pleadings are insufficient to state proper venue, support personal jurisdiction, or state a valid cause of action in EBR, and they fatally succumb to Louisiana's Declinatory Exception, <u>Art 925</u>, and the Louisiana Dilatory Exception in <u>La, CCP Art. 926</u>.

Moreover, just naming a possible insurer for a party in the suit, does not mean that East Baton Rouge Parish is the proper venue for a suit naming the insurer.  It is not.  Plaintiff simply fails to understand Louisiana procedural law and the operation/purpose of the Direct Action Statute.  The proper venue for a party, and its insurer, are the <u>same</u> under Louisiana law.  The issue simply does not exist in this case since no insurer is named in the suit that insured any party in this litigation.

Defendant denies, for any time relevant to this litigation, that it was present or doing business, anywhere in East Baton Rouge Parish.

In conclusion, Defendant believes that the applicable facts and law clearly indicate that Plaintiff failed to follow the specific rules and law applicable to venue, and jurisdiction, in

Louisiana, and filed suit in a parish where there is/was no venue available—hence no jurisdiction--since venue in Louisiana is equivalent to district jurisdiction requirements. Defendant urges that this Court grant all of Defendant's exceptions and dismiss plaintiff's suit with prejudice, and at his cost, for his refusal to follow the explicit requirements of La. CCP art 42(2) and/or file suit in the parish where Defendant, a Louisiana LLC citizen, is registered by law to do business.

Submitted by:

FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile (985) 867-8927
Counsel for Defendant, REC
Marine Logistics, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 28th day of May 2019.

FRED E. SALLEY, T.A.   (11665)

EAST BATON ROUGE PARISH
Filed Jun 04, 2019 9:40 AM
Deputy Clerk of Court

C-682146
27

## AFFIDAVIT

**State of Louisiana:**

**Parish of Lafourche:**

Now before me, a Notary Public, for the State and Parish aforesaid, came and appeared

## RONALD E. CHADDOCK

Who after being placed under oath, stated that he is a major and citizen of the state and parish as referenced herein, and the Manager for REC Marine Logistics, LLC:

That he is familiar with MacArthur Griffin, and with his employment with REC Marine;

That MacArthur Griffin periodically worked for REC aboard various offshore oilfield vessel supply boats that were under contract to/with various companies to supply fixed oil field locations in the Gulf of Mexico, as directed;

That REC contract operated offshore vessels with various owners, charterers, or oil field companies for said work:

`That in May 2018, MacArthur Griffin reported that he had sustained an injury;

That he has reviewed his personal recollection of relevant facts, and the records available to him, and that there is no indication that any parties identified as GOL LLC, Gulf Offshore Logistics LLC, or American Steamship Owners Mutual Protection and Indemnity Association had any involvement or participation in this suit, or any involvement in the accident or injuries alleged by MacArthur Griffin in his stated complaint;

That REC Marine Logistics, LLC, has no office, address, temporary business location, or permanent business location in East Baton Rouge Parish; and has performed no work there;

That he has read the aforesaid affidavit and it is true and correct to the best of his current knowledge, information, and belief.

_____
Ronald E. Chaddock

Sworn to and subscribed to before me, a Notary Public, on this ____ day of May 2019.

_____
Notary Public SANDRA BEIRS

EAST BATON ROUGE PARISH
Filed Jun 04, 2019 9:40 AM
Deputy Clerk of Court

C-682146
27

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                              Section 27

MCARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC

FILED_____                    CLERK_____

## ORDER GRANTING DEFENDANT'S EXCEPTIONS AND MOTION TO DISMISS FOR LACK OF JURISDICTION

**Considering** the memorandum of authorities, arguments of counsel, the facts and circumstances being in favor thereof, the Motion of Defendant for dismissal on Exceptions and lack of jurisdiction of the Plaintiff's suit at Plaintiff's costs be and hereby is granted.

Thus done in Open Court this ___**07**___ day of June 2019

_____
Judge, 19th Judicial District Court


**Judge Trudy M. White**

Submitted by:

_____
FRED E. SALLEY, T.A.    (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927

Counsel for Defendant, REC
Marine Logistics, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 28th day of May 2019.

_____
FRED E. SALLEY, T.A.    (11665)

EAST BATON ROUGE PARISH
C-682146
Filed Aug 19, 2019 3:57 PM
27
Deputy Clerk of Court



# MORROW & SHEPPARD LLP
## *Trial Attorneys*

3701 KIRBY DR., STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD.    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

August 14, 2019

East Baton Rouge Parish Clerk of Court
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

Re:    *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

I attach for filing in the above captioned and entitled litigation, the original Motion and Order for Preliminary Default.

Please file and provide the original for the Court for consideration.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard


cc:

Fred Salley
Salley & Associates
P.O. Box 3549
77378 Highway 1081
Covington, Louisiana 70434

GOL, LLC
Todd P. Danos
4535 Highway 308
Raceland, Louisiana 70394

Gulf Offshore Logistics LLC
Todd P. Danos
4535 Highway 308
Raceland, Louisiana 70394

EAST BATON ROUGE PARISH    **C-682146**
Filed Aug 19, 2019 3:57 PM        **27**
Deputy Clerk of Court

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION AND ORDER FOR PRELIMENARY DEFAULT

On Motion of McArthur Griffin, Plaintiff in the above-numbered and entitled cause,

through its undersigned counsel, and on suggesting to the Court that the legal time delays have

come and gone for Defendant GOL LLC and Gulf Offshore Logistics LLC to file an answer with

this court, and therefore, the Plaintiff herein wishes to enter a Preliminary Default against said

Defendants, GOL LLC and Gulf Offshore Logistics LLC.

IT IS ORDERED, ADJUDGED AND DECREED that a Preliminary Default be entered

in the above-numbered and entitled cause against Defendants GOL, LLC and Gulf Offshore

Logistics, LLC.

East Baton Rouge Parish, Louisiana, this 2 3 day of _____*Aug*_____, 2019.

_____
JUDGE PRESIDING

_____
Daniel E. Sheppard
State Bar No.  38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
MORROW & SHEPPARD LLP
3701 Kirby Dr, Ste 1000
Houston, TX  77098
713.489.1206 tel
713.893.8370 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record by fax, by U.S. Mail (properly addressed and postage prepaid), or by any other authorized means on August <u>14</u>, 2019. I further certify that a true and correct copy of this document was served on GOL, LLC and Gulf Offshore Logistics, LLC by serving their mutual agent for service, Todd P. Danos at 4535 Highway 308, Raceland, Louisiana 70394.

Daniel E. Sheppard

EAST BATON ROUGE PARISH
Filed Aug 29, 2019 11:22 AM
Deputy Clerk of Court

C-682146
27

# Salley & Associates
## Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net

| Telephone: | 985-867-8830 |
| Tele. WA: | 800-780-7097 |
| Facsimile: | 985-867-3368 |

21th May 2019

Clerk of Court
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

Re:    **Griffin vs. REC Marine Logistics, LLC**
D/A -
**My File: FES-19-562**
**CAC-682146 (27)**
**Ref: N/A**

Dear Sir:

I attach for filing in the captioned and entitled litigation, the original and one of an Exception, Order, and Memorandum on behalf of GOL LLC and GOL

I attach estimated filing costs for these items at $115.00, which is attached hereto in a Salley & Associates check in that amount. Please advise of any shortage, which will be forwarded promptly.

Please file in the record and provide the original to the Court for consideration with the similar pleading filed for REC.

Sincerely,

Fred E. Salley

FES/fng/STF

Cc:.    Daniel Shepperd  W/O copy
3701 Kirby Drive, #1000
Houston, TX  77098

EAST BATON ROUGE PARISH
Filed Aug 29, 2019 11:22 AM
Deputy Clerk of Court

C-682146
27

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                    Section 27

MCARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____          CLERK_____

DEPUTY CLERK

**DEFENDANTS' STATEMENT OF EXCEPTIONS AND MOTION TO DISMISS**

Plaintiff erroneously and improperly named and sued GOL LLC, and Gulf Offshore Logistics LLC both improperly named, in this venue and jurisdiction, and in the captioned and entitled litigation. The aforesaid alleged defendants were not correctly or properly sued in this venue and jurisdiction, and the parties actually sued by the Plaintiff, do not exist in this state.

Neither one of the currently alleged/named parties defendant, is correctly sued as legitimate, existing, parties defendant in this litigation' and the correct names for these Defendants renders them citizen domiciliaries of Lafourche Parish, La. Plaintiff's suit against the two incorrectly named parties, must be dismissed as naming non-existent parties and or filing suit in a Parish without jurisdiction or venue. See **LSA CCP Art 42** and **LSA CCP Art 925**.

All Defendants in the Petition are improperly named or sued, and there is no proper venue or jurisdiction in East Baton Rouge Parish; accordingly and for the reasons more clearly enunciated in the attached memorandum of authorities, the Declinatory Exceptions of misjoinder, and Plaintiffs' filing in a court of improper venue; *i.e.;*, not filing suit against correct Defendants in the Parish of its, their, LLC registration, as required under **La. CCP Art 42**, deprives this

Court of requisite jurisdiction to proceed under **La. CCP Art. 925**, and requires dismissal of Plaintiff's suit(s) against such parties, even if properly described. Further, Defendant pleads the Declinatory Exceptions of **La. CCP Art. 925**, of nonconformity; vagueness; improper use of pleadings; and venue; which wrongfully allege **a)** the existence of improper/non-existent parties; and **b)** the existence of improper, unsupported venue.

Submitted by:

_[signature]_

**FRED E. SALLEY, T.A.    (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana  70434**
**Telephone: (985) 867-8830**
**Facsimile  (985) 867-8927**
**Counsel for Defendant, REC,** *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 21th day of August 2019.

_[signature]_

**FRED E. SALLEY, T.A.    (11665)**

EAST BATON ROUGE PARISH
Filed Aug 29, 2019 11:22 AM    C-682146
Deputy Clerk of Court            27

19th Judicial District Court for the Parish of East Baton Rouge

No: C-682146                                                    Section 27

MCARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC

FILED_____        CLERK_____

ORDER GRANTING DEFENDANT'S EXCEPTIONS AND MOTION TO DISMISS FOR
MISJOINDER, IMPROPER VENUE, AND   LACK OF JURISDICTION

Considering the memorandum of authorities, arguments of

counsel, the facts and circumstances being in favor thereof, the

Motion of Defendants for dismissal on Exceptions and lack of

proper venue and jurisdiction, of the Plaintiff's suit, at

Plaintiff's costs, be and hereby is ~~granted~~. **set for a contradictory hearing on**
**September 23  2019       at    9:30AM** .

Thus done in Open Court this __30th__ day of August 2019

_____
Judge, 19th Judicial District Court

**Judge Trudy M. White**

Submitted by:

_____

FRED E. SALLEY, T.A.    (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants,REC *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 21th day of August 2019.

_____

FRED E. SALLEY, T.A.    (11665)

EAST BATON ROUGE PARISH
Filed Aug 29, 2019 11:22 AM
Deputy Clerk of Court

C-682146
27

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                        Section 27

MACARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC

FILED_____        CLERK_____

### MEMORANDUM OF AUTHORITIES

Alleged Defendants, GOL LLC and GOL Offshore Logistics LLC, both improperly identified and sued herein in a Court of improper venue and jurisdiction, submit their memorandum of authorities in support of their Exceptions and Motion to Dismiss, and respectfully provide:

The Louisiana state court petition was filed in East Baton Rouge Parish, which for this particular action is a court of improper venue for these parties, and hence a court which has no jurisdiction. See La. CCP Art. 42. Otherwise, these improperly identified and invalidly sued parties in East Baton Rouge Parish, adopt the previously filed memorandum of REC, a similarly mis-joined and improperly sued Defendant in this Venue.

Submitted by:

_____
FRED E. SALLEY, T.A.    (11665)
SALLEY & ASSOCIATES
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile (985) 867-8927
Counsel for Defendants, REC *et.al.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 21th day of August 2019.

_____
FRED E. SALLEY, T.A.    (11665)

EAST BATON ROUGE PARISH **C-682146**
Filed Sep 03, 2019 3:35 PM        **27**
Deputy Clerk of Court

## Salley & Associates
### Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net

| Telephone: | 985-867-8830 |
| Tele. WA: | 800-780-7097 |
| Facsimile: | 985-867-3368 |

27th August 2019

Clerk of Court
Clerk, Civil Litigation
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

      **Re:**  **Griffin vs. REC Marine Logistics, LLC**
           **D/A -**
           **My File: FES-19-562**
           **CA:C-682146 (27)**
           <u>**Ref: N/A**</u>

Dear Sir:

    In checking on service of the Rule to Show Cause in the captioned litigation, I was advised that although it had been assigned to, and signed by Judge White, it had not been sent on with associated papers, for service on Mr. Shepperd, plaintiff's counsel, a Louisiana attorney living/practicing in Texas.

    Please arrange for service on plaintiff's counsel as soon as possible so that the exceptions and motion to dismiss can proceed. Although I was told the amount to file with the Court in order to have this matter served and heard, it seems to have been simply sitting. Please advise if further deposit is required so this matter can proceed on to service and hearing.

    Pass the order setting hearing date on to Judge White for processing/service on Counsel.

Sincerely,

Fred E. Salley

FES/fng/STF

EAST BATON ROUGE PARISH
Filed Sep 05, 2019 12:51 PM
Deputy Clerk of Court

C-682146
27



MORROW & SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

September 4, 2019

East Baton Rouge Parish Clerk of Court                    *Via U.S. Mail*
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

     Re:    *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

We are in receipt of your letter dated August 27, 2019 and the returned filing. Per the Clerk's request, we are signing the amended petition and returning the documents to you for filing in the above captioned and entitled litigation:

1. The Original Motion and Order for Plaintiff's Leave to File Plaintiff's First Amended Petition
2. Equasis Printout (PX-1 to Motion)
3. Plaintiff's First Amended Petition (PX-2 to Motion)
4. Email from Fred Salley (PX-3 to Motion)
5. REC Marine Logistics Response to Plaintiff's Discovery (PX-4 to Motion)
6. A check from Morrow & Sheppard LLP in the amount of $400.00

Please file and provide the original documents to the Court for consideration. We do not believe an oral hearing will be required, but have included an Order setting the hearing date in the event the Court would like to hear argument.

Thank you for your attention to this matter. Please contact us if anything is required from our end.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

EAST BATON ROUGE PARISH
Filed Sep 05, 2019 12:51 PM
Deputy Clerk of Court

C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                        *
                                        *
        *Plaintiff,*                    *
                                        *
vs.                                     *         Case No. C-682146
                                        *              Section: 27
REC Marine Logistics LLC et al.         *
                                        *
        *Defendants.*                   *
                                        *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

Plaintiff McArthur Griffin asks the Court to grant Plaintiff's Motion for Leave to File Plaintiff's First Amended Petition for Damages for the following reasons.

### BACKGROUND AND SUMMARY

#### I.

Plaintiff seeks leave to add Offshore Transport Services LLC ("Offshore Transport Services") and QBE Insurance (Europe) Limited ("QBE Insurance") as parties to the lawsuit.  On information and belief and based on additional research, Defendant Offshore Transport Services also owned the MV Dustin Danos, and QBE Insurance was also providing personal injury insurance coverage to REC Marine, GOL, Gulf Offshore Logistics, and/or Offshore Transport Services at the time of Plaintiff's injury.

The Court should note that additional amendments may be required in the future for additional parties, because Defendant refuses to answer any discovery in this case whatsoever, including basic discovery seeking the identify of additional owners, operators, and/or insurers.

### EXHIBITS

#### II.

PX-1 – Printout from Equasis

PX-2 – Plaintiff's First Amended Petition

PX-3 – Email from Fred Salley

PX-4 – Defendant REC Marine's Discovery Responses

## ARGUMENTS AND AUTHORITIES

### III.

Amendment of pleadings should be liberally allowed provided that the movant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial on the issues will not be unduly delayed. *United Teachers of New Orleans v. State Board of Elementary and Secondary Education*, 07–0031 (La.App. 1 Cir. 3/26/08), 985 So.2d 184, 199. The legislature has expressly directed that the procedural rules are to be construed liberally with due regard for the fact that these rules are not an end in themselves, but rather implement the substantive law. *See* LA. CODE CIV. PRO. ART. 5051; *Giron v. Housing Authority of City of Opelousas*, 393 So.2d 1267, 1270 (La.1981). Liberality is particularly appropriate in the amendment process. *Giron*, 393 So.2d at 1270. The decision as to whether to grant leave to amend or supplement a pleading is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal except where an abuse of discretion has occurred and indicates a possibility of resulting injustice. *United Teachers of New Orleans*, 985 So.2d at 199.

### THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND HIS PETITION TO ADD OFFSHORE TRANSPORT SERVICES AND QBE INSURANCE (EUROPE) LIMITED AS PARTIES TO THE LAWSUIT

### IV.

In or around May 2018, Plaintiff suffered serious injuries to his shoulder, neck, back, legs, and other body parts aboard the MV Dustin Danos vessel while the vessel was in navigable waters.

Defendant REC Marine has refused to produce a single document or responsive answer to Plaintiff's discovery requests, and has threatened to sanction undersigned counsel if he makes any attempt to seek discovery responses (including those seeking the identity of the parties involved) prior to REC Marine's pending declinatory exception.[1] Despite REC Marine's threats and obstruction, Plaintiff has unearthed

---

[1] Notably, despite threatening sanctions for "improper" discovery, Mr. Fred Salley admits discovery into venue and jurisdictional issues is proper. *See* PX-3 (email from Fred Salley to undersigned threatening sanctions) and PX-4 (Defendant REC Marine's responses to Plaintiff's initial discovery),

two additional parties that need to be added as parties—Offshore Transport Services and QBE Insurance.

### A. OFFSHORE TRANSPORT SERVICES LLC

One of the owners of the MV Dustin Danos at the time of the Incident appears to be Offshore Transport Services.[2] *See* PX-1 (Printout from Equasis). As the owner of the vessel, Offshore Transport Services owed certain duties to Plaintiff (further alleged in Plaintiff's First Amended Petition for Damages), and potentially bears responsibility for Plaintiff's injuries. *See* PX-2 (Plaintiff's First Amended Petition for Damages). Offshore Transport Services should be added as a party.

### B. QBE INSURANCE (EUROPE) LIMITED

QBE Insurance (Europe) Limited is a foreign insurance carrier who, on information and belief, was providing coverage to REC Marine, GOL, Gulf Offshore Logistics, and/or Offshore Transport Services in connection with the personal injuries suffered by Plaintiff. Under Louisiana's direct action statute, QBE Insurance (Europe) Limited can be sued directly and jointly with other parties.[3] *See* LA Rev Stat § 22:1269. Should Plaintiff's claims prevail against REC Marine, GOL, Gulf Offshore Logistics, and/or Offshore Transport Services, QBE Insurance will likely be responsible for paying the claim, in part or in whole. QBE Insurance is a proper party that should be added to the lawsuit.

Further, Plaintiff has wrongfully been denied maintenance and cure insurance payments, payments have been delayed, and he has been threatened with retaliation and the termination of benefits for filing suit and hiring a lawyer. This misconduct is actionable. Plaintiff has asked multiple times for the identity of insurance companies making these decisions, so that he may contact them directly to understand the basis for the decisions. The defendant parties and their counsel have refused to provide any information regarding the applicable insurance companies and who is making decisions on their behalf.

---

[2] The Ship Manager and Commercial Manager appear to be Gulf Offshore Logistics, an existing party to the lawsuit that has not filed an answer yet.

[3] The injured person ... at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido. *See* LA Rev Stat § 22:1269(B)(1).

Plaintiff is acting in good faith by seeking to amend his Petition.   The amendment is not sought as a delaying tactic.   No Defendant will be unduly prejudiced.   Trial on the issues will not be unduly delayed.

## CONCLUSION AND PRAYER

### V.

Plaintiff respectfully requests that the Motion to File Plaintiff's First Amended Petition for Damages be GRANTED and for any other relief that Plaintiff may be entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas  77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August __22__, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email, and/or by any other authorized means.

Daniel E. Sheppard

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*************************************************************************

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

Considering the Motion for Leave to File Plaintiff's First Amended Petition for Damages filed by Plaintiff (the "Motion"), any response, arguments of counsel, the Motion is hereby granted in all parts.

It is therefore ORDERED, ADJUDGED, AND DECREED that Plaintiff be granted leave to file Plaintiff's First Amended Petition for Damages to add additional parties.

Signed this _____ day of _____, 2019.

**FILE AS IS**

_____

PRESIDING JUDGE

EAST BATON ROUGE PARISH
Filed Sep 05, 2019 12:51 PM
Deputy Clerk of Court

C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                          *
                                          *
        *Plaintiff,*                      *
                                          *
vs.                                       *        Case No. C-682146
                                          *        Section: 27
REC Marine Logistics LLC;                 *
GOL, LLC; Gulf Offshore Logistics LLC;    *
American Steamship Owners Mutual          *
Protection and Indemnity Association      *
Inc.                                      *
                                          *
        *Defendants.*                     *
                                          *

**************************************************************************

## ORDER SETTING HEARING ON PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

Please take notice that the Court has scheduled Plaintiff's Motion for Leave to

File Plaintiff's First Amended Petition for Damages on the  23  day of **September**

2019. Counsel for all parties are ordered to attend.

Signed this  06  day of  September , 2019.

_____
PRESIDING JUDGE

**Judge Trudy M. White**

EAST BATON ROUGE PARISH
Filed Sep 05, 2019 12:51 PM
9/5/2019
Deputy Clerk of Court

C-682146
27

Equasis - ShipInfo                                                        PX-1

← Back to Search (http://www.equasis.org/EquasisWeb/restricted/Search?fs=Search&lienFooter=true)

Go to My Equasis →

Ship info                                                                ☆ ⬇

## DUSTIN DANOS - IMO n° 8964458

☑ See picture on MarineTraffic (http://www.marinetraffic.com/en/photos/of/ships/imo:8964458)

| | |
|---|---|
| Flag | 🇺🇸 |
| | (United States of America) |
| Call Sign | WDE9077 |
| MMSI | 367413160 |
| Gross tonnage | 498 |
| | (since 01/06/2000) |
| DWT | 976 |
| Type of ship | Offshore Supply Ship |
| | (since 01/06/2000) |
| Year of build | 2000 |
| Status | In Service/Commission |
| | (during 06/2000) |

Last update of ship particulars 30/04/2019

| Ship Info | Inspections (0) | Ship History |
|---|---|---|

❷    Overview                                                           ⌄

**Flag performance**

Paris MOU ◯ Grey

Tokyo MOU ◯ White

**Flag targeting**

USCG: not targeted

RO Performances → (../restricted/ROPerf?fs=ShipInfo)

❷    Management detail                                                  ⌃

**OFFSHORE TRANSPORT SERVICES →**

| | |
|---|---|
| IMO number | 1950213 |
| Role | Registered owner |
| Address | Care of Gulf Offshore Logistics LLC (GOL) , 4535, Highway 308, Raceland LA 70394-2410, USA. |
| Date of effect | during 11/2000 |

**GULF OFFSHORE LOGISTICS LLC →**

| | |
|---|---|
| IMO number | 4111062 |
| Role | Ship manager/Commercial manager |
| Address | 4535, Highway 308, Raceland LA 70394-2410, USA. |
| Date of effect | during 11/2000 |

**UNKNOWN**

| | |
|---|---|
| IMO number | 9991001 |
| Role | ISM Manager |
| Date of effect | since 01/06/2000 |

8/21/2019                                      Equasis - ShipInfo

❷          **Classification**                                                      ＼／

❷          **Geographical Information**                                            ＼／

           **Convention, Association and Manning**                                 ＼／

**Equasis's contributors**


(http://www.mar.mil.br/)

(http://www.tc.gc.ca/eng/marinesafety/oep-inspection-menu-770.htm)

(http://www.emsa.europa.eu/)

(http://www.developpement-durable.gouv.fr/)

(http://www.mofa.go.jp/)

(http://www.korea.net/)

(http://www.norway.no/)

(https://www.fomento.gob.es/MFOM/LANG_CASTE

(http://www.mcga.gov.uk/c4mca/mcga07-home)

(http://www.uscg.mil/top/missions/MaritimeSafety.asp)

✉  Contact us (Moa?fs=ShipInfo&P_MOA=contact)                    Join us on  f  (//www.facebook.com/equasis.news)  🐦  (//twitter.com/equasis_news)

ℹ  Help (Moa?fs=ShipInfo&P_MOA=help)                                                    ?  FAQ (Moa?fs=ShipInfo&P_MOA=faq)

**Site map**
Home (./public/HomePage?fs=ShipInfo)                         Statistics (./restricted/PublicStatistic?fs=ShipInfo)
About Equasis (./public/About?fs=ShipInfo)                   News (./public/HomePage?fs=ShipInfo)
Search                                                        My Equasis (./restricted/ShipSubription?fs=ShipInfo)
Data providers (./public/About?fs=ShipInfo&P_ABOUT=Providers.html)

© Copyright 2000-2016; Version : Prod v3.0.11(a); Developed and hosted by French Ministry for Transport -DAM/SI-Saint-Malo

EAST BATON ROUGE PARISH
Filed Sep 05, 2019 12:51 PM
Deputy Clerk of Court

C-682146
27

PX-2

## CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

McArthur Griffin       *

         *

     *Plaintiff,*      *

         *

vs.             *      Case No. C-682146

         *         Section: 27

REC Marine Logistics LLC;    *

GOL, LLC; Gulf Offshore Logistics LLC;   *

American Steamship Owners Mutual   *

Protection and Indemnity Association   *

Inc.           *

         *

     *Defendants.*      *

         *

*************************************************************************

## PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

Plaintiff McArthur Griffin ("Plaintiff") complains of REC Marine Logistics LLC, GOL LLC, Gulf Offshore Logistics LLC, Offshore Transport Services LLC, American Steamship Owners Mutual Protection and Indemnity Association, QBE Insurance (Europe) Limited (collectively, "Defendants") and would respectfully show the Court the following:

### JURISDICTION AND VENUE

#### I.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333.

#### II.

This case is not removable to federal court as it is brought under the Jones Act, general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

#### III.

Venue is proper under the Louisiana Code of Civil Procedure because an action against a foreign or alien insurer shall be brought in this Parish. LA. CODE CIV. PROC. art. 42(7).

### PARTIES

#### IV.

Plaintiff **McArthur Griffin** is an American Seaman and a resident of Louisiana.

Defendant **REC Marine LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Ronald Elie Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **GOL LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Gulf Offshore Logistics LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Offshore Transport Services LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **American Steamship Owners Mutual Protection and Indemnity Association** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. American Steamship Owners Mutual Protection and Indemnity Association may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

Defendant **QBE Insurance (Europe) Limited** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. QBE Insurance (Europe) Limited may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

## FACTS

### V.

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine"), Offshore Transport Services LLC ("Offshore Transport Services"), GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), and was aboard the MV Dustin Danos vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel.

### CAUSES OF ACTION

### VI.

Defendants are negligent and grossly negligent and liable for such negligence and gross negligence for the following reasons:

    a.    failure to properly supervise their crew;

    b.    failure to properly train their employees;

    c.    failure to provide adequate safety equipment;

    d.    failure to watch/man the controls of the vessel;

    e.    operating the vessel with an inadequate crew;

    f.    failure to provide safe work environment;

    g.    failure to protect crew members from unnecessary risks;

    h.    failure to maintain a proper lookout;

    i.    failure to make adequate repairs;

    j.    failure to provide a seaworthy vessel and crew;

    k.    vicariously liable for their employees' negligence;

    l.    failure to ensure the vessel was adequately maintained;

    m.    violating applicable Coast Guard, OSHA, and/or MMS rules; and

    n.    other acts deemed negligent and grossly negligent.

### VII.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

## VIII.

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment.

## X.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## IX.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## RESERVATION OF RIGHTS

## X.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his

4

investigation continues.

## JURY DEMAND

### XI.

Plaintiff hereby requests a trial by jury on all claims.

## PRAYER

### XII.

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE DEFENDANTS AS FOLLOWS:**

Offshore Transport Services LLC
C/O Registered Agent Todd P. Danos
4535 Hwy 308
Raceland, Louisiana 70394

QBE Insurance (Europe) Limited
C/O Louisiana Secretary of State
Sheriff of East Baton Rouge Parish
P.O. Box 3277
Baton Rouge, Louisiana 70821

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email,  and/or by any other authorized means.

Daniel E. Sheppard

EAST BATON ROUGE PARISH
Filed Sep 05, 2019 12:51 PM
Deputy Clerk of Court

C-682146
27

PX-3

**Daniel Sheppard**

| | |
|---|---|
| **From:** | fsalleyA <fsalley@acadiacom.net> |
| **Sent:** | Monday, August 12, 2019 2:04 PM |
| **To:** | Daniel Sheppard |
| **Subject:** | Re: Griffin v. REC Marine Logistics, LLC et al |

**SALLEY & ASSOCIATES**

**Attorneys**

| Fred E. Salley | **77378 Hwy 1081** | Telephone:1-985-867-8830 |
|---|---|---|
| | P.O. Box 3549 | Facsimile: 1-985-867-3368 |
| | Covington, LA 70434 | Cellular : 1-504-450-3880 |

Monday, August 12, 2019 13:55:18

If you persist in moving forward trying to force discovery in a suit that currently has no jurisdiction or venue, rest assured that the response will be an immediate motion for sanctions against you personally.

If you want to do so, you can dismiss your own improperly filed suit in East Baton Rouge Parish, and refile it where it will have La. jurisdiction and venue, as required in Louisiana. Then you may proceed with filing discovery.

Best regards,


Fred E. Salley

_____


On 8/12/2019 10:57 AM, Daniel Sheppard wrote:

Fred,

Please see attached letter.

Regards,
Daniel


**Daniel E. Sheppard**

**MORROW & SHEPPARD** LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:

1

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                          Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____            CLERK_____

                                          DEPUTY CLERK

**DEFENDANT'S JURISDICTIONAL OBJECTIONS TO PLAINTIFF'S
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant, REC, objects to the Plaintiff's attempted service of Interrogatories and Request for Production of Things, for the reason that this litigation was filed in improper Louisiana venue; and under existing Louisiana law has no jurisdiction to proceed in this Court venue, for lack of proper jurisdiction under Louisiana Law and Procedure. Without proper Louisiana venue and jurisdiction, Plaintiff is prevented from proceeding with his claims, including attempting to conduct discovery, unless the discovery is solely limited to discovery pertaining to venue and jurisdiction.

                              Submitted by:


                              _____
                              **FRED E. SALLEY, T.A.** (11665)
                              **SALLEY & ASSOCIATES**
                              **P.O. Box 3549**

77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927

**Counsel for Defendant, REC**
Marine Logistics, LLC, *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 12th day of August 2019.

**FRED E. SALLEY, T.A.   (11665)**

EAST BATON ROUGE PARISH
Filed Sep 13, 2019 9:16 AM
Deputy Clerk of Court
FAX Received Sep 10, 2019

C-682146
27



# MORROW & SHEPPARD LLP.
### *Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

September 10, 2019

East Baton Rouge Parish Clerk of Court        *Via Fax to 225.389.3392 (original by mail)*
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

     *Re:    McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

I attach for filing in the above captioned and entitled litigation the following documents:

1. Plaintiff's Motion to Compel and accompanying exhibits
2. Order for REC Marine Logistics LLC to show cause
3. Plaintiff's Memorandum in Support of his Motion to Compel and accompanying exhibits
4. Order on Plaintiff's Motion to Compel
5. A check in the amount of $270, which I understand are the transmission and filing costs for these documents

Please file and provide the original documents to the Court for consideration (this is being sent by fax—original documents will arrive by mail).  Please pass the Order setting the hearing date to Judge White for processing and service on consel.

Thank you for your attention to this matter and please contact us if anything else is required on our end.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc: Fred Salley (counsel for Defendants REC Marine Logistics LLC, Gulf Offshore Logistics LLC, and GOL LLC)

EAST BATON ROUGE PARISH
Filed Sep 13, 2019 9:16 AM
Deputy Clerk of Court
FAX Received Sep 10, 2019

C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                              *
                                              *
        *Plaintiff,*                          *
                                              *
vs.                                           *         Case No. C-682146
                                              *         Section: 27
REC Marine Logistics LLC et al.               *
                                              *
        *Defendants.*                         *
                                              *

************************************************************************

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff McArthur Griffin files this Motion to Compel.

### I.    EXHIBITS

PX-1 – Email to Fred Salley and Initial Discovery to Defendant REC Marine
PX-2 – REC Marine's Discovery Response
PX-3 – Rule 10.1 Letter to Fred Salley
PX-4 – Email from Fred Salley Threatening Sanctions

### II.   BACKGROUND

On August 9, 2019, Plaintiff served initial requests for production and

interrogatories on Defendant REC Marine Logistics, LLC (REC Marine). *See* PX-1

(email to Fred Salley with discovery attached). On August 11, 2019, counsel for REC

Marine responded to Plaintiff's discovery requests with a blanket objection to all

discovery that conceded discovery into jurisdictional matters was proper. *See* PX-2

(REC Marine's discovery response).[1] In light of REC Marine's global objections,

Plaintiff requested a Rule 10.1 conference to address the discovery issues. *See* PX-3

(Rule 10.1 letter to Fred Salley). Counsel for REC Marine responded to Plaintiff's

letter threatening sanctions against undersigned counsel personally. *See* PX-4 (email

from Fred Salley threatening sanctions). REC Marine has not responded to discovery

within the proper time delays and counsel for REC Marine has made it clear he does

not intend to engage in discovery at the present.

---

[1] Defendant, REC Marine's <u>sole</u> objection to Plaintiff's discovery is as follows: "Defendant, REC, objects to the Plaintiff's attempted service of Interrogatories and Request for Production of Things, for the reason that this litigation was filed in improper Louisiana venue; and under existing Louisiana law has no jurisdiction to proceed in this Court venue, for lack of proper jurisdiction under Louisiana Law and Procedure. Without proper Louisiana venue and jurisdiction, Plaintiff is prevented from proceeding with his claims, including attempting to conduct discovery, <u>unless the discovery is solely limited to discovery pertaining to venue and jurisdiction.</u>" *See* PX-__ (REC Marine's discovery response). (Emphasis added).

### III.   REQUEST FOR DEFENDANT REC MARINE TO SHOW CAUSE

Plaintiff requests that Defendant REC Marine be made to show cause why they did not respond to Plaintiff's First Interrogatories and First Requests for Production of Documents.  Plaintiffs further ask this court to award attorney's fees and costs.

### IV.   CONCLUSION AND PRAYER

Plaintiff respectfully requests that this matter be set for contradictory hearing, an Order GRANTING Plaintiff's Motion to Compel for the reasons set forth in Plaintiff's Memorandum (attached hereto), an Order compelling REC Marine Logistics to fully respond to Plaintiff's Interrogatories and Requests for Production, and for any other relief Plaintiff is entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas  77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September __10__, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email, and/or by any other authorized means.

Daniel E. Sheppard

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                          *
                                          *
        *Plaintiff,*                      *
                                          *
vs.                                       *        Case No. C-682146
                                          *        Section: 27
REC Marine Logistics LLC et al.           *
                                          *
        *Defendants.*                     *
                                          *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff's Motion to Compel is GRANTED as follows:

**INTERROGATORY NO. 1.** Identify all owners and operators of the MV Dustin Danos (a) at the time of the Incident, (b) one month preceding and following the Incident, and (c) the present.

Granted      _____              Denied      _____

**INTERROGATORY NO. 2.** Identify the company or companies that chartered the MV Dustin Danos on the date of the Incident by providing the names of all parties to the charter agreement(s)/contract(s), date of the agreement(s)/contract(s), and a statement as to whether the agreement(s)/contract(s) were written.

Granted      _____              Denied      _____

**INTERROGATORY NO. 3.** State fully and completely (1) how the alleged Incident happened, providing in your answer a complete chronology of events beginning one hour prior to the Incident and one hour after the Incident and (2) all factors or events which you believe caused or contributed to the cause of the Incident.

Granted      _____              Denied      _____

**INTERROGATORY NO. 4.** Identify all persons on board the M/V Dustin Danos at the time of the Incident and one month preceding and following the Incident, including their name, title, address, telephone number, and employer.

Granted      _____              Denied      _____

**INTERROGATORY NO. 5.** Fully describe any statements, either oral or written, at the time of the Incident or regarding the Incident, specifying whether the statement was oral or written, to whom it was given, the name, address, phone number, and employer of the person to whom it was given, the substance of the statement, and who, if the statement is in written or recorded form, is its present custodian.

Granted      _____              Denied      _____

**INTERROGATORY NO. 6.** Give the substance of all statements, either oral or written, by the Plaintiff concerning his medical conditions and problems.

Granted      _____              Denied      _____

**INTERROGATORY NO. 8.** The Louisiana Secretary of State identifies the same address for the non-insurance named defendants at 4535 Highway 308, Raceland, LA 70394. Identify the nature of the business relationship between REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC.

Granted    _____    Denied    _____

**INTERROGATORY NO. 9.** For each person present on the day of the Incident, identify whether they have ever been employed by REC Marine Logistics LLC, GOL LLC, or Gulf Offshore Logistics LLC and, if so, provide the dates of employment.

Granted    _____    Denied    _____

**INTERROGATORY NO. 10.** Identify the insurance company or insurance companies that provide maintenance and cure benefits and liability insurance coverage for (a) REC Marine Logistics LLC; (b) GOL LLC; and (c) Gulf Offshore Logistics LLC both now and at the time of the Incident. This interrogatory also specifically requests that Defendant identify all liability insurance policies and/or any and all other liability policies, and any and all excess liability policies and umbrella policies.

Granted    _____    Denied    _____

**INTERROGATORY NO. 11.** Identify the dates that American Steamship Owners Mutual Protection and Indemnity Association Inc. has ever provided insurance coverage to REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, as well as the type of insurance provided and the corresponding policy number.

Granted    _____    Denied    _____

**INTERROGATORY NO. 12.** Please identify: (1) each time a maintenance payment was made to Plaintiff and the amounts of said payments; (2) each time a cure payment was made on behalf of Plaintiff, including the amount of the payment and to what person or entity the payment was made; (3) the name, address, and job title of the person or persons who were responsible for issuing maintenance and cure payments to Plaintiff; (4) the name, address, and job title of the person who made decisions regarding at what intervals maintenance and cure payments would be made; (5) the name, address, and phone number for the insurance carrier(s) who have (or that may have) an obligation to provide Plaintiff with maintenance and cure benefits

Granted    _____    Denied    _____

**REQUEST 1:** Produce all materials referencing the Incident.

Granted    _____    Denied    _____

**REQUEST 2:** Produce all materials referencing the Plaintiff, including but not limited to all medical records, claim files, notes, surveillance, documents regarding the Incident, training and personnel files, photographs, communications with his medical providers, and documents regarding his maintenance and cure.

Granted    _____    Denied    _____

**REQUEST 3:** Produce all policies, procedures, and manuals for (a) operations including but not limited to maintaining control of vessels, properly staffing vessels, and loading operations, (b) safety, (c) investigations of incidents, (d) responses to incidents, (e) contractors and employees in effect at the time of the Incident directly

or indirectly pertaining to MV Dustin Danos or the work thereon related to the Incident, as well as any changes to those policies and procedures following the Incident.

Granted    _____    .        Denied    _____

**REQUEST 4:** Please provide a complete copy of any and all liability insurance policies and/or any and all other liability policies and/or policies providing maintenance and cure coverage, and any and all such excess policies and umbrella policies which would have been in full force and effect on or about the day of the Incident, and insuring any defendant, for this accident/ incident.

Granted    _____            Denied    _____

**REQUEST 11:** Provide the work and payroll records of the employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos on the date of the Incident and records of any reports filed.  If any document is withheld on any claim of privilege or otherwise, set forth the basis of the privileged claim, the author of the document, the date of the document, the recipient or intended recipient of the document, a brief description of the substance of the document, all persons who received copies of the document or were shown copies of the document, along with an identification of each person.

Granted    _____            Denied    _____

**REQUEST 12:**  Produce all contracts between the Defendants named in this lawsuit governing the work or relationships at the time of the Incident, as well as all such contracts with any other parties governing the work at the time of the Incident.

Granted    _____            Denied    _____

**REQUEST 13:** Produce all documents sufficient to reflect the ownership of the MV Dustin Danos at the time of the Incident and presently.

Granted    _____            Denied    _____

**REQUEST 14:** Produce all documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos at the time of the Incident and presently.

Granted    _____            Denied    _____

**REQUEST 15:** Produce all sign-in sheets, JSAs, daily logs, daily reports, and company records pertaining to the MV Dustin Danos for the day of the Incident, one month prior to the Incident, and one month following the Incident.

Granted    _____            Denied    _____

**REQUEST 16:** Produce documents sufficient to identify the name, employer, address, and telephone number of the persons and entities present at the time of the Incident, as well as one month prior to and following the Incident.

Granted    _____            Denied    _____

**REQUEST 18:** All agreements regarding this Lawsuit or the Incident, including but not limited to agreements between Defendants, settlement agreements, Mary Carter agreements, agreements to testify, and agreements with witnesses.

Granted    _____            Denied    _____

**REQUEST 19:** Produce the documents that reflect the facts stated in Defendant's interrogatory answers.

Granted _____          Denied _____

**REQUEST 20:** Produce the personnel, employment, and training files of all supervisors present on the day of the Incident, as well as one day prior and one day following the Incident.

Granted _____          Denied _____

**REQUEST 21:** Produce all documents Ronald Chaddock reviewed in connection with the statements made in his affidavit dated May 24, 2019.

Granted _____          Denied _____

**REQUEST 22:** Produce copies of all cancelled checks issued to Plaintiff as maintenance payments.

Granted _____          Denied _____

**REQUEST 23:** Produce copies of all cancelled checks issued as cure payments on behalf of Plaintiff.

Granted _____          Denied _____

Defendant is ordered to fully comply with the discovery outlined in Plaintiff's Motion within 7 days, and all objections to that discovery (as outlined above) are overruled.

Thus done and signed in _____, Louisiana this _____ day of

_____, 2019.

_____
JUDGE, 19TH JUDICIAL DISTRICT COURT

EAST BATON ROUGE PARISH
Filed Sep 13, 2019 9:16 AM
Deputy Clerk of Court
FAX Received Sep 10, 2019

C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*************************************************************************

**ORDER**

IT IS ORDERED that REC MARINE LOGISTICS, LLC show cause on the __23__ day of _____September_____, 2019 at ___ 9:30 __ a.m., why it should not be compelled to answer Plaintiff's First Interrogatories and First Requests for Production of Documents and why movers should not be awarded attorney's fees and costs.

Thus done and signed in Baton Rouge , Louisiana this __15__ day of _____September_____, 2019.

_____
JUDGE, 19TH JUDICIAL DISTRICT COURT

**Judge Trudy M. White**

Please serve:

REC Marine Logistics, LLC; Gulf Offshore Logistics, LLC; and GOL, LLC
c/o Fred A. Salley
77378 Highway 1081
P.O. Box 3549
Covington, Louisiana 70434

EAST BATON ROUGE PARISH
Filed Sep 13, 2019 9:16 AM
Deputy Clerk of Court
FAX Received Sep 10, 2019

C-682146
27

## Daniel Sheppard

| | |
|---|---|
| **From:** | Daniel Sheppard |
| **Sent:** | Friday, August 9, 2019 7:10 PM |
| **To:** | fsalleyA; fsalley@charter.net |
| **Cc:** | John Sheppard |
| **Subject:** | Griffin v. REC Marine Logistics, LLC et al |
| **Attachments:** | Plaintiff's First Interrogatories and Requests for Production to REC Marine Logistics, LLC.pdf |

Fred,

See attached for service.  These documents have also been sent to you by mail and fax.  Additionally, we have forwarded these documents to the defendants who have not answered the suit.

Regards,
Daniel

**Daniel E. Sheppard**

MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
**T:** 713-489-4815  **F:** 713-893-8370
**E:** dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

1

EXHIBIT
PX-1



MORROW & SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

August 9, 2019

Fred E. Salley                                           *Via Email, Fax, and U.S. Mail*
Salley & Associates
P.O. Box 3549
77378 Highway 1081
Covington, Louisiana 70434
fsalley@charter.net
985.867.3368 fax

Todd P. Danos                                            *Via U.S. Mail*
GOL LLC
4535 Highway 308
Raceland, Louisiana 70394

Todd P. Danos                                            *Via U.S. Mail*
Gulf Offshore Logistics LLC
4535 Highway 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association    *Via U.S. Mail*
c/o Shipowners Claims Bureau, Inc.
1 Battery Park Plaza, 31st Floor
New York, New York 10004

    Re:   *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

Enclosed please find Plaintiff's first interrogatories and requests for production propounded on
Defendant REC Marine Logistics, LLC.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:

John D. Sheppard (firm)

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

**************************************************************************

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   REC Marine Logistics LLC
      c/o Fred E. Salley
      Salley & Associates
      P.O. Box 3549
      77378 Hwy. 1081
      Covington, Louisiana 70434
      985.867.8830 tel
      985.867.3368 fax

**NOW COMES PLAINTIFF, MCAUTHUR GRIFFIN**, through undersigned counsel,

who propounds the following Interrogatories and Requests for Production of Documents upon

Defendant **REC MARINE LOGISTICS LLC** in accordance with notice under the provisions of

the Louisiana Code of Civil Procedure, Articles 1457, 1458, 1459, 1428, 1461, and 1491, as

follows:

### DEFINITIONS AND INSTRUCTIONS FOR USE

1.     "Plaintiff" means the Plaintiff(s) named in this lawsuit.

2.     The "Incident" means the incident at issue in this lawsuit, specifically, the incident that occurred on or about May 25, 2018, and/or the date Plaintiff suffered an injury while working on the MV Dustin Danos.  Further allegations and context are contained in Plaintiff's Original (and/or any Amended) Petition for Damages.

3.     "Defendant REC Marine Logistics" means REC Marine Logistics LLC and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

4.     The "Location" or "Premises" means the MV Dustin Danos.

5.     "Claim" means all claims for reimbursement of damages allegedly caused by the Incident, including insurance claims.

6.     "That relate to" or "related to" means regarding, relating to, referring to, pertaining to, describing, evidencing, supporting, or discussing the referenced matter.

7.    "Correspondence" means written communications of any kind including documents, electronic message, or other form of recorded information that is mailed, faxed, emailed, sent by text message, sent by instant message, posted to the internet or social media, or otherwise transmitted or communicated between persons or entities.

8.    "Documents" are every original (or copies if you do not have originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, any other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

9.    "Materials" are all documents and correspondence.

10.    "Each" means each and every.

11.    "Including" means including but not limited to.

12.    "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

13.    "Petition" or "Complaint" means a pleading seeking relief in this cause.

14.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be considered outside its scope.

15.    The use of the singular form of any word includes the plural and vice versa.

16.    "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

17.    "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, cables or some other electronic or other medium. .

18.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all owners and operators of the MV Dustin Danos (a) at the time of the Incident, (b) one month preceding and following the Incident, and (c) the present.

**INTERROGATORY NO. 2.** Identify the company or companies that chartered the MV Dustin Danos on the date of the Incident by providing the names of all parties to the charter agreement(s)/contract(s), date of the agreement(s)/contract(s), and a statement as to whether the agreement(s)/contract(s) were written.

**INTERROGATORY NO. 3.** State fully and completely (1) how the alleged Incident happened, providing in your answer a complete chronology of events beginning one hour prior to the Incident and one hour after the Incident and (2) all factors or events which you believe caused or contributed to the cause of the Incident.

**INTERROGATORY NO. 4.** Identify all persons on board the M/V Dustin Danos at the time of the Incident and one month preceding and following the Incident, including their name, title, address, telephone number, and employer.

**INTERROGATORY NO. 5.** Fully describe any statements, either oral or written, at the time of the Incident or regarding the Incident, specifying whether the statement was oral or written, to whom it was given, the name, address, phone number, and employer of the person to whom it was given, the substance of the statement; and who, if the statement is in written or recorded form, is its present custodian.

**INTERROGATORY NO. 6.** Give the substance of all statements, either oral or written, by the Plaintiff concerning his medical conditions and problems.

**INTERROGATORY NO. 7.** List the name, address, qualifications and area of expertise of each expert witness you intend to call at trial; summarize each opinion that will be given, and specify the facts upon which each opinion is based.

**INTERROGATORY NO. 8.** The Louisiana Secretary of State identifies the same address for the non-insurance named defendants at 4535 Highway 308, Raceland, LA 70394. Identify the nature of the business relationship between REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC.

**INTERROGATORY NO. 9.** For each person present on the day of the Incident, identify whether they have ever been employed by REC Marine Logistics LLC, GOL LLC, or Gulf Offshore Logistics LLC and, if so, provide the dates of employment.

**INTERROGATORY NO. 10.** Identify the insurance company or insurance companies that provide maintenance and cure benefits and liability insurance coverage for (a) REC Marine Logistics LLC; (b) GOL LLC; and (c) Gulf Offshore Logistics LLC both now and at the time of the Incident. This interrogatory also specifically requests that Defendant identify all liability insurance policies and/or any and all other liability policies, and any and all excess liability policies and umbrella policies.

**INTERROGATORY NO. 11.** Identify the dates that American Steamship Owners Mutual Protection and Indemnity Association Inc. has ever provided insurance coverage to REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, as well as the type of insurance provided and the corresponding policy number.

**INTERROGATORY NO. 12.** Please identify: (1) each time a maintenance payment was made to Plaintiff and the amounts of said payments; (2) each time a cure payment was made on behalf of Plaintiff, including the amount of the payment and to what person or entity the payment was made; (3) the name, address, and job title of the person or persons who were responsible for issuing maintenance and cure payments to Plaintiff; (4) the name, address, and job title of the person who made decisions regarding at what intervals maintenance and cure payments would be made; (5) the name, address, and phone number for the insurance carrier(s) who have (or that may have) an obligation to provide Plaintiff with maintenance and cure benefits

**INTERROGATORY NO. 13.** Please identify any prior incidents/injuries that occurred on vessels captained by Captain Mike Hogan (and/or the captain of the MV Dustin Danos at the time of the Incident).

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**REQUEST 1:** Produce all materials referencing the Incident.

**REQUEST 2:** Produce all materials referencing the Plaintiff, including but not limited to all medical records, claim files, notes, surveillance, documents regarding the Incident, training and personnel files, photographs, communications with his medical providers, and documents regarding his maintenance and cure.

**REQUEST 3:** Produce all policies, procedures, and manuals for (a) operations including but not limited to maintaining control of vessels, properly staffing vessels, and loading operations, (b) safety, (c) investigations of incidents, (d) responses to incidents, (e) contractors and employees in effect at the time of the Incident directly or indirectly pertaining to MV Dustin Danos or the work thereon related to the Incident, as well as any changes to those policies and procedures following the Incident.

**REQUEST 4:** Please provide a complete copy of any and all liability insurance policies and/or any and all other liability policies and/or policies providing maintenance and cure coverage, and any and all such excess policies and umbrella policies which would have been in full force and effect on or about the day of the Incident, and insuring any defendant, for this accident/ incident.

**REQUEST 5:** Please provide a copy of all notes, correspondence, memoranda, or other documents between Plaintiff and Defendant.

**REQUEST 6:** Please provide a copy of any and all statements you contend were made by Plaintiff or any Defendant or regarding the Incident.

**REQUEST 7:** Please provide a copy of any and all photographs taken by Defendant and/or anyone on your behalf of the accident site and/or individuals involved in this accident.

**REQUEST 8:** Please provide a copy of any and all photographs and/or videotapes and/or other surveillance information which you have pertaining to any and all surveillance of Plaintiff.

**REQUEST 9:** Please provide a copy of any and all reports, memoranda, correspondence, medical records, accident reports, documents and/or information and exhibits which you intend on introducing into evidence at the trial of this matter.

**REQUEST 10:** Please provide a copy of all photographs of the area taken subsequent to the accident.

**REQUEST 11:** Provide the work and payroll records of the employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos on the date of the Incident and records of any reports filed. If any document is withheld on any claim of privilege or otherwise, set forth the basis of the privileged claim, the author of the document, the date of the document, the recipient or intended recipient of the document, a brief description of the substance of the document, all persons who received copies of the document or were shown copies of the document, along with an identification of each person.

**REQUEST 12:** Produce all contracts between the Defendants named in this lawsuit governing the work or relationships at the time of the Incident, as well as all such contracts with any other parties governing the work at the time of the Incident.

**REQUEST 13:** Produce all documents sufficient to reflect the ownership of the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 14:** Produce all documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 15:** Produce all sign-in sheets, JSAs, daily logs, daily reports, and company records pertaining to the MV Dustin Danos for the day of the Incident, one month prior to the Incident, and one month following the Incident.

**REQUEST 16:** Produce documents sufficient to identify the name, employer, address, and telephone number of the persons and entities present at the time of the Incident, as well as one month prior to and following the Incident.

**REQUEST 17:** Produce all documents and communications regarding the Plaintiff, including but not limited to documents regarding Plaintiff's physical condition and physicals, medical history and conditions, medical records and logs, workers' compensation claims, maintenance and cure, disability records, employment history and files, criminal history, drug testing, earnings and income and compensation records, surveillance, photos, videos, recordings, training, certifications, internal notes and communications regarding Plaintiff, communications with third-parties regarding Plaintiff, payments made to Plaintiff, Marine Index Bureau Reports, U.S. Coast Guard Discharges, and anything signed by Plaintiff or provided to Plaintiff.

**REQUEST 18:** All agreements regarding this Lawsuit or the Incident, including but not limited to agreements between Defendants, settlement agreements, Mary Carter agreements, agreements to testify, and agreements with witnesses.

**REQUEST 19:** Produce the documents that reflect the facts stated in Defendant's interrogatory answers.

**REQUEST 20:** Produce the personnel, employment, and training files of all supervisors present on the day of the Incident, as well as one day prior and one day following the Incident.

**REQUEST 21:** Produce all documents Ronald Chaddock reviewed in connection with the statements made in his affidavit dated May 24, 2019.

**REQUEST 22:** Produce copies of all cancelled checks issued to Plaintiff as maintenance payments.

**REQUEST 23:** Produce copies of all cancelled checks issued as cure payments on behalf of Plaintiff.

**REQUEST 24:** Produce the personnel file of Captain Mike Hogan's (and/or the captain of the MV Dustin Danos at the time of the Incident).

**REQUEST 25:** Produce copes of any reprimands given to Captain Mike Hogan (and/or the captain of the MV Dustin Danos) by Defendant or any governing authority related to his actions as an employee and/or duties onboard vessels, ships, etc.

**REQUEST 26:** Produce the documents Defendant intends to use at trial or in support of any dispositive motions.

**REQUEST 27:** Produce all materials prepared by or reviewed by or provided to Defendant's retained experts.

These Interrogatories and Requests for Production of Documents are deemed continuing.

Respectfully Submitted,
MORROW & SHEPPARD LLP

Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on August ___9___, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email,  and/or by any other authorized means.

Daniel E. Sheppard

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                    Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____        CLERK_____

DEPUTY CLERK

**DEFENDANT'S JURISDICTIONAL OBJECTIONS TO PLAINTIFF'S**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant, REC, objects to the Plaintiff's attempted service of Interrogatories and Request for Production of Things, for the reason that this litigation was filed in improper Louisiana venue; and under existing Louisiana law has no jurisdiction to proceed in this Court venue, for lack of proper jurisdiction under Louisiana Law and Procedure. Without proper Louisiana venue and jurisdiction, Plaintiff is prevented from proceeding with his claims, including attempting to conduct discovery, unless the discovery is solely limited to discovery pertaining to venue and jurisdiction.

Submitted by:

_____
FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549

EXHIBIT
PX-2

77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927

**Counsel for Defendant, REC**
Marine Logistics, LLC, *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 12th day of August 2019.

**FRED E. SALLEY, T.A.   (11665)**



MORROW **&** SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR, STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

August 12, 2019

Fred Salley                                    Via Email
Salley & Associates
77378 Highway 1081
P.O. Box 3549
Covington, Louisiana 70434

Re:    *Griffin v. REC Marine Logistics et al*; Case No. C-682146; In the 19th Judicial
       District Court for the Parish of East Baton Rouge (Section 27)

Fred,

We are in receipt of the objections to Plaintiff's initial discovery. It appears you have objected
to the entirety of the discovery propounded on your client and it is unclear whether Defendant
REC Marine Logistics LLC ("REC Marine") intends to respond to any of the discovery. This
discovery goes to the heart of the issues that have been raised in REC Marine's declinatory
exception.

Pursuant to Rule 10.1 of Title II of the Rules for Louisiana District Courts, I would like to
request a conference with you to discuss your global objection to Plaintiff's initial discovery and
whether we can expect any responses. Upon receipt of this letter, please contact me to arrange
this conference within the next five (5) working days.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard


cc:

John D. Sheppard (firm)



EXHIBIT

PX-3

**Daniel Sheppard**

| | |
|---|---|
| **From:** | fsalleyA <fsalley@acadiacom.net> |
| **Sent:** | Monday, August 12, 2019 2:04 PM |
| **To:** | Daniel Sheppard |
| **Subject:** | Re: Griffin v. REC Marine Logistics, LLC et al |

### SALLEY & ASSOCIATES
#### Attorneys

Fred E. Salley

**77378 Hwy 1081**
P.O. Box 3549
Covington, LA 70434

Telephone:1-985-867-8830
Facsimile: 1-985-867-3368
Cellular : 1-504-450-3880

Monday, August 12, 2019 13:55:18

If you persist in moving forward trying to force discovery in a suit that currently has no jurisdiction or venue, rest assured that the response will be an immediate motion for sanctions against you personally.

If you want to do so, you can dismiss your own improperly filed suit in East Baton Rouge Parish, and refile it where it will have La. jurisdiction and venue, as required in Louisiana. Then you may proceed with filing discovery.

Best regards,

Fred E. Salley

--------------------------------------------------

On 8/12/2019 10:57 AM, Daniel Sheppard wrote:

Fred,

Please see attached letter.

Regards,
Daniel

**Daniel E. Sheppard**
MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
**T:** 713-489-4815 **F:** 713-893-8370
**E:** dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:

1

EXHIBIT
PX-4

EAST BATON ROUGE PARISH
Filed Sep 13, 2019 9:16 AM
Deputy Clerk of Court
FAX Received Sep 10, 2019

C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                         *
                                          *
    *Plaintiff,*                          *
                                          *
vs.                                       *         Case No. C-682146
                                          *         Section: 27
REC Marine Logistics LLC et al.           *
                                          *
    *Defendants.*                         *
                                          *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

On August 9, 2019, Plaintiff served initial requests for production and interrogatories on Defendant REC Marine Logistics, LLC (REC Marine). *See* PX-1 (email to Fred Salley with discovery attached). On August 11, 2019, counsel for REC Marine responded to Plaintiff's discovery requests with a blanket objection to all discovery that conceded discovery into jurisdictional matters was proper. *See* PX-2 (REC Marine's discovery response).[2] In light of REC Marine's global objections, Plaintiff requested a Rule 10.1 conference to address the discovery issues. *See* PX-3 (Rule 10.1 letter to Fred Salley). Counsel for REC Marine responded to Plaintiff's letter threatening sanctions against undersigned counsel personally. *See* PX-4 (email from Fred Salley threatening sanctions). REC Marine has not responded to discovery within the proper time delays and counsel for REC Marine has made it clear he does not intend to engage in discovery at the present. Plaintiff is making every effort to prepare this case in an orderly and timely fashion. But Plaintiff cannot conduct effective depositions without the necessary background information requested in written discovery. Plaintiff therefore needs the court's help to complete this phase of discovery and prepare this case for trial.

Generally, the discovery articles of the Louisiana Code of Civil Procedure allow discovery of "any matter not privileged, which is relevant to the subject matter of the

---

[2] Defendant, REC Marine's <u>sole</u> objection to Plaintiff's discovery is as follows: "Defendant, REC, objects to the Plaintiff's attempted service of Interrogatories and Request for Production of Things, for the reason that this litigation was filed in improper Louisiana venue; and under existing Louisiana law has no jurisdiction to proceed in this Court venue, for lack of proper jurisdiction under Louisiana Law and Procedure. Without proper Louisiana venue and jurisdiction, Plaintiff is prevented from proceeding with his claims, including attempting to conduct discovery, <u>unless the discovery is solely limited to discovery pertaining to venue and jurisdiction</u>." *See* PX-__ (REC Marine's discovery response). (Emphasis added).

action." La. C.C.P. art. 1422.  The Louisiana Supreme Court has enumerated the basic objectives of discovery as: 1) to afford all parties a fair opportunity to obtain facts pertinent to litigation; 2) to discover true facts and compel their discovery wherever they may be found; 3) to assist litigants in preparing their case for trial; 4) to narrow and clarify the basic issues between the parties; and 5) to facilitate and expedite the legal process by encouraging settlement. *Hodges v. Southern Farm Bureau Casualty Insurance Co.*, 433 So.2d 125 (La. 1983).

In other words, the ultimate goal of discovery is to move a case forward by allowing a party to learn all he can about his case before moving to the next phase of litigation.  Thus, discoverable information is not necessarily admissible, but is "reasonably calculated to lead to the discovery of admissible evidence." La. C.C.P. art. 1422.

Because defendant has failed to answer any written discovery, the Louisiana Code of Civil Procedure authorizes plaintiff to move for an order compelling a response. La. C.C.P. art. 1469(2). The moving party must show that the information sought is within the scope of the discovery articles, but the trial judge has vast discretion in making this determination. *King v. Phelps Dunbar, LLP*, 844 So. 2d 1012 (La. App. 4th Cir. 2003); *Rullan v. Adobbati*, 674 So.2d 417 (La. App. 4th Cir. 1996).  Plaintiff asserts that the information sought is relevant and/or could lead to relevant admissible evidence.

Finally, in addition to a court order to answer plaintiffs' discovery, the trial judge has broad discretion to impose sanctions, including attorney's fees and costs. La. C.C.P. art. 1469(4); *Bryant v. Justiss Oil Co.*, 801 So. 2d 659 (La. App. 3rd Cir. 2001).  Plaintiffs have incurred needless filing and legal expenses in drafting and filing this motion and supporting memorandum. Thus, attorney's fees and costs are necessary even if defendant should respond to these discovery requests before the date of this hearing. La. C.C.P. art. 1469(4); *Smith v. Smith*, 398 So.2d 549 (La. App. 1st Cir. 1979).

**EXHIBITS**

I.

PX-1 – Email to Fred Salley and Initial Discovery to Defendant REC Marine
PX-2 – REC Marine's Discovery Response
PX-3 – Rule 10.1 Letter to Fred Salley
PX-4 – Email from Fred Salley Threatening Sanctions

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES SHOULD BE OVERRULED AND DEFENDANT SHOULD BE COMPELLED TO ANSWER THE INTERROGATORIES FULLY**

**II.**

Interrogatories 1 and 2 request that the Defendant identify owners, operators, and the company or companies that chartered the *MV Dustin Danos*. These interrogatories simply request that Defendant disclose whatever information it has now or in the future relative to the persons/companies who owned, operated, or chartered the vessel that Plaintiff was injured on while working. These Interrogatories are proper and Defendant should be ordered to respond fully.

Interrogatory 3 requests that the Defendant explain how the Incident occurred from their perspective and identify the factors that caused the Incident. This interrogatory requests basic information about the Incident itself—when the incident occurred, where the incident occurred, who was there, factors that caused the incident (i.e. who caused the Incident, what company did they work for, where the person/entity is domiciled). This interrogatory is proper and Defendant should be ordered to respond fully.

Interrogatories 4 and 9 request the identity, title, address, telephone number, and employer of the persons on board the *MV Dustin Danos* at the time of the Incident and the month preceding the Incident and whether the persons onboard the vessel at the time of the Incident worked for REC Marine Logistics LLC, GOL LLC, or Gulf Offshore Logistics, LLC. These interrogatories are not objectionable and go to the heart of who was working on the *MV Dustin Danos*, where those people live, and who they work for. In light of Defendant's exception to venue, Plaintiff needs information related to those involved in the Incident, including where they are domiciled. Defendant should be ordered to respond fully to these interrogatories.

Interrogatories 5 and 6 request statements made about the Incident or Plaintiff's injuries and requests information about who made the statement (where

they live, and their contact and employer information) and the content of the statement itself. This interrogatory is not objectionable. Defendant should be ordered to respond fully.

Interrogatory 8 requests information about the non-insurance entities named in the lawsuit that all appear to operate out of 4535 Highway 308, Raceland, LA 70394. Defendant has objected to the inclusion of these Defendants in this lawsuit, stating they have no connection to the Incident whatsoever. Plaintiff needs and is entitled to discovery on their relationship with one another to determine the relationship between the various entities that all appear to occupy a single office. This interrogatory is not objectionable. Defendant should be ordered to respond fully.

Interrogatories 10 and 11 request the identity of the insurance company that provided maintenance and cure benefits to Plaintiff and liability insurance coverage to REC Marine, GOL, and Gulf Offshore Logistics, and the dates American Steamship Owners Mutual Protection and Indemnity Association, Inc. provided insurance coverage to REC Marine, GOL, and/or Gulf Offshore Logistics. This interrogatory is not objectionable and directly relates to venue and jurisdictional issues raised by Defendant. Defendant should be ordered to respond fully.

Interrogatory 12 requests information related to the maintenance and cure payments made, delayed, and withheld. Plaintiff will be seeking punitive damages in light of Defendant's (or their insurers) refusal to make maintenance and cure payments. Defendant's insurance company is a proper party to the lawsuit as discussed in Plaintiff's memorandum in response to Defendants' declinatory exceptions filed with the Court along with this Motion. Information pertaining to who was responsible for issuing maintenance and cure payments and/or made decisions regarding at what intervals payments would be made goes relates directly to venue and jurisdiction for obvious reasons. This interrogatory is not objectionable and directly relates to venue and jurisdictional issues raised by Defendant. Defendant should be ordered to respond fully.

This Motion primarily addresses the Interrogatories which are directed at the venue/jurisdictional issues raised by Defendant. If the Court determines venue is

proper in East Baton Rouge (which it is) Defendant should be compelled to respond

to <u>all interrogatories</u> without objection—not just those identified in this Motion.[3]

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION SHOULD BE OVERRULED AND DEFENDANT SHOULD BE COMPELLED TO ANSWER THE REQUESTS FULLY**

III.

Requests for Production 1 through 3 request information about the Plaintiff,

the Incident, and policies and procedures.  Materials referencing the Incident are

clearly discoverable.  As discussed *supra*, Defendant has filed exceptions to venue.

Plaintiff is entitled to discovery related to, *inter alia*, the Incident, including, where

the Incident occurred, persons/companies present at the time of the Incident,

persons/companies responsible for the decision-making and safety-processes (which

should be addressed in Defendant's policies, procedures, and manuals—and reflected

in Plaintiff's personnel records).  Additionally, Defendant (or Defendant's insurer)

has delayed and withheld Plaintiff's maintenance and cure payments, making it

necessary to obtain documents in Plaintiff's claims file (i.e. medical records,

communications with medical providers, documents regarding Plaintiff's

maintenance and cure).  These requests for production are not objectionable and

directly relate to venue and jurisdictional issues raised by Defendant.  Defendant

should be ordered to respond fully.

Request for Production 4 requests information copies of Defendant's liability

insurance policies that would have provided coverage to Plaintiff.  Defendant has

taken the position that American Steamship is not a proper party.  According to

filings in Federal Court, American Steamship was, without question, Defendant's

insurance carrier in the months leading up to the Incident.  *See* PX-__ (Federal Court

filing).  To determine whether American Steamship is a proper party, Plaintiff needs

a copy of the insurance policy.  This request for production is not objectionable and

directly relates to venue and jurisdictional issues raised by Defendant.  Defendant

should be ordered to respond fully.

---

[3] Defendant waived all objections not raised in their discovery response.

Request for Production 11 and 12 relates to the payroll records of the employees, contractors, staff, and hired persons aboard the *MV Dustin Danos* at the time of the Incident and contracts between REC Marine, Gulf Offshore Logistics, and GOL. Defendant has taken the position that Gulf Offshore Logistics and GOL are not proper parties to the lawsuit and has refused to explain the relationship between the parties. By making this request, Plaintiff hopes to get a flavor of how these entities interact and relate to one another. These requests for production are not objectionable and directly relate to venue and jurisdictional issues raised by Defendant. Defendant should be ordered to respond fully.

Requests for Production 13 and request documents reflecting ownership of the *MV Dustin Danos* and the person/entities responsible for operating the vessel. Those persons/entities may bear responsibility for Plaintiff's injuries. This request aids in determining whether the parties are proper, whether venue is proper, or whether additional parties need to be joined. These requests for production are not objectionable and directly relate to venue and jurisdictional issues raised by Defendant. Defendant should be ordered to respond fully.

Request for Production 16 asks for documents that would sufficiently identify the persons aboard the *MV Dustin Danos* at the time of the Incident and leading up to the Incident. This request for production is not objectionable and go to the heart of who was working on the *MV Dustin Danos*, where those people live, and who they work for. In light of Defendant's exception to venue, Plaintiff needs information related to those involved in the Incident, including where they are domiciled. Defendant should be ordered to respond fully to this request for production.

Request for Production 18 requests agreements regarding the lawsuit. This request relates to venue as it demonstrates who made such an agreement and where the agreement was signed. In light of Defendant's exception to venue, Plaintiff needs information related to agreements made by Defendant in connection with the lawsuit. Defendant should be ordered to respond fully to this request for production.

Request for Production 19 requests the documents that reflect the facts in Defendant's Interrogatory responses. To the extent the Court overrules Defendant's

objections to Plaintiff's Interrogatories, the Court should order the production of pertinent documents. Defendant should be ordered to respond fully to this request for production.

Request for Production 21 request the documents Mr. Chaddock reviewed before signing his self-serving and conclusory affidavit. Defendant has used that affidavit as evidence to support their exceptions. The documents relied upon by Chaddock must be produced. Defendant should be ordered to respond fully to this request for production.

Requests for Production 22 and 23 request information pertaining to who was responsible for issuing maintenance and cure payments and where payments originated from goes relates directly to venue and jurisdiction for obvious reasons. These requests for production are not objectionable and directly relate to venue and jurisdictional issues raised by Defendant. Defendant should be ordered to respond fully.

This Motion primarily addresses the Requests for Production which are directed at the venue/jurisdictional issues raised by Defendant. If the Court determines venue is proper in East Baton Rouge (which it is) Defendant should be compelled to respond to all Requests for Production without objection—not just those identified in this Motion.[4]

Respectfully submitted,

MORROW & SHEPPARD LLP

Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

---

[4] Defendant waived all objections not raised in their discovery response.

## CERTIFICATE OF SERVICE

I hereby certify that on September __10__ , 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email, and/or by any other authorized means.

Daniel E. Sheppard

EAST BATON ROUGE PARISH
Filed Sep 13, 2019 9:16 AM
Deputy Clerk of Court
FAX Received Sep 10, 2019

C-682146
27

## Daniel Sheppard

| | |
|---|---|
| **From:** | Daniel Sheppard |
| **Sent:** | Friday, August 9, 2019 7:10 PM |
| **To:** | fsalleyA; fsalley@charter.net |
| **Cc:** | John Sheppard |
| **Subject:** | Griffin v. REC Marine Logistics, LLC et al |
| **Attachments:** | Plaintiff's First Interrogatories and Requests for Production to REC Marine Logistics, LLC.pdf. |

Fred,

See attached for service. These documents have also been sent to you by mail and fax. Additionally, we have forwarded these documents to the defendants who have not answered the suit.

Regards,
Daniel

___

**Daniel E. Sheppard**

# MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

1

**EXHIBIT**

PX-1

# MORROW & SHEPPARD LLP
### *Trial Attorneys*

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

August 9, 2019

Fred E. Salley                                    *Via Email, Fax, and U.S. Mail*
Salley & Associates
P.O. Box 3549
77378 Highway 1081
Covington, Louisiana 70434
fsalley@charter.net
985.867.3368 fax

Todd P. Danos                                     *Via U.S. Mail*
GOL LLC
4535 Highway 308
Raceland, Louisiana 70394

Todd P. Danos                                     *Via U.S. Mail*
Gulf Offshore Logistics LLC
4535 Highway 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association    *Via U.S. Mail*
c/o Shipowners Claims Bureau, Inc.
1 Battery Park Plaza, 31st Floor
New York, New York 10004

    Re:   *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

Enclosed please find Plaintiff's first interrogatories and requests for production propounded on Defendant REC Marine Logistics, LLC.

Regards,

/s/Daniel E. Sheppard

Daniel E. Sheppard

cc:

John D. Sheppard (firm)

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   REC Marine Logistics LLC
c/o Fred E. Salley
Salley & Associates
P.O. Box 3549
77378 Hwy. 1081
Covington, Louisiana 70434
985.867.8830 tel
985.867.3368 fax

NOW COMES PLAINTIFF, MCAUTHUR GRIFFIN, through undersigned counsel,

who propounds the following Interrogatories and Requests for Production of Documents upon

Defendant REC MARINE LOGISTICS LLC in accordance with notice under the provisions of

the Louisiana Code of Civil Procedure, Articles 1457, 1458, 1459, 1428, 1461, and 1491, as

follows:

## DEFINITIONS AND INSTRUCTIONS FOR USE

1.    "Plaintiff" means the Plaintiff(s) named in this lawsuit.

2.    The "Incident" means the incident at issue in this lawsuit, specifically, the incident that occurred on or about May 25, 2018, and/or the date Plaintiff suffered an injury while working on the MV Dustin Danos. Further allegations and context are contained in Plaintiff's Original (and/or any Amended) Petition for Damages.

3.    "Defendant REC Marine Logistics" means REC Marine Logistics LLC and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

4.    The "Location" or "Premises" means the MV Dustin Danos.

5.    "Claim" means all claims for reimbursement of damages allegedly caused by the Incident, including insurance claims.

6.    "That relate to" or "related to" means regarding, relating to, referring to, pertaining to, describing, evidencing, supporting, or discussing the referenced matter.

7. "Correspondence" means written communications of any kind including documents, electronic message, or other form of recorded information that is mailed, faxed, emailed, sent by text message, sent by instant message, posted to the internet or social media, or otherwise transmitted or communicated between persons or entities.

8. "Documents" are every original (or copies if you do not have originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, any other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

9. "Materials" are all documents and correspondence.

10. "Each" means each and every.

11. "Including" means including but not limited to.

12. "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

13. "Petition" or "Complaint" means a pleading seeking relief in this cause.

14. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be considered outside its scope.

15. The use of the singular form of any word includes the plural and vice versa.

16. "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

17. "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, cables or some other electronic or other medium.

18. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all owners and operators of the MV Dustin Danos (a) at the time of the Incident, (b) one month preceding and following the Incident, and (c) the present.

**INTERROGATORY NO. 2.** Identify the company or companies that chartered the MV Dustin Danos on the date of the Incident by providing the names of all parties to the charter agreement(s)/contract(s), date of the agreement(s)/contract(s), and a statement as to whether the agreement(s)/contract(s) were written.

**INTERROGATORY NO. 3.** State fully and completely (1) how the alleged Incident happened, providing in your answer a complete chronology of events beginning one hour prior to the Incident and one hour after the Incident and (2) all factors or events which you believe caused or contributed to the cause of the Incident.

**INTERROGATORY NO. 4.** Identify all persons on board the M/V Dustin Danos at the time of the Incident and one month preceding and following the Incident, including their name, title, address, telephone number, and employer.

**INTERROGATORY NO. 5.** Fully describe any statements, either oral or written, at the time of the Incident or regarding the Incident, specifying whether the statement was oral or written, to whom it was given, the name, address, phone number, and employer of the person to whom it was given, the substance of the statement; and who, if the statement is in written or recorded form, is its present custodian.

**INTERROGATORY NO. 6.** Give the substance of all statements, either oral or written, by the Plaintiff concerning his medical conditions and problems.

**INTERROGATORY NO. 7.** List the name, address, qualifications and area of expertise of each expert witness you intend to call at trial; summarize each opinion that will be given, and specify the facts upon which each opinion is based.

**INTERROGATORY NO. 8.** The Louisiana Secretary of State identifies the same address for the non-insurance named defendants at 4535 Highway 308, Raceland, LA 70394. Identify the nature of the business relationship between REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC.

**INTERROGATORY NO. 9.** For each person present on the day of the Incident, identify whether they have ever been employed by REC Marine Logistics LLC, GOL LLC, or Gulf Offshore Logistics LLC and, if so, provide the dates of employment.

**INTERROGATORY NO. 10.** Identify the insurance company or insurance companies that provide maintenance and cure benefits and liability insurance coverage for (a) REC Marine Logistics LLC; (b) GOL LLC; and (c) Gulf Offshore Logistics LLC both now and at the time of the Incident. This interrogatory also specifically requests that Defendant identify all liability insurance policies and/or any and all other liability policies, and any and all excess liability policies and umbrella policies.

**INTERROGATORY NO. 11.** Identify the dates that American Steamship Owners Mutual Protection and Indemnity Association Inc. has ever provided insurance coverage to REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, as well as the type of insurance provided and the corresponding policy number.

**INTERROGATORY NO. 12.** Please identify: (1) each time a maintenance payment was made to Plaintiff and the amounts of said payments; (2) each time a cure payment was made on behalf of Plaintiff, including the amount of the payment and to what person or entity the payment was made; (3) the name, address, and job title of the person or persons who were responsible for issuing maintenance and cure payments to Plaintiff; (4) the name, address, and job title of the person who made decisions regarding at what intervals maintenance and cure payments would be made; (5) the name, address, and phone number for the insurance carrier(s) who have (or that may have) an obligation to provide Plaintiff with maintenance and cure benefits

**INTERROGATORY NO. 13.** Please identify any prior incidents/injuries that occurred on vessels captained by Captain Mike Hogan (and/or the captain of the MV Dustin Danos at the time of the Incident).

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**REQUEST 1:** Produce all materials referencing the Incident.

**REQUEST 2:** Produce all materials referencing the Plaintiff, including but not limited to all medical records, claim files, notes, surveillance, documents regarding the Incident, training and personnel files, photographs, communications with his medical providers, and documents regarding his maintenance and cure.

**REQUEST 3:** Produce all policies, procedures, and manuals for (a) operations including but not limited to maintaining control of vessels, properly staffing vessels, and loading operations, (b) safety, (c) investigations of incidents, (d) responses to incidents, (e) contractors and employees in effect at the time of the Incident directly or indirectly pertaining to MV Dustin Danos or the work thereon related to the Incident, as well as any changes to those policies and procedures following the Incident.

**REQUEST 4:** Please provide a complete copy of any and all liability insurance policies and/or any and all other liability policies and/or policies providing maintenance and cure coverage, and any and all such excess policies and umbrella policies which would have been in full force and effect on or about the day of the Incident, and insuring any defendant, for this accident/ incident.

**REQUEST 5:** Please provide a copy of all notes, correspondence, memoranda, or other documents between Plaintiff and Defendant.

**REQUEST 6:** Please provide a copy of any and all statements you contend were made by Plaintiff or any Defendant or regarding the Incident.

**REQUEST 7:** Please provide a copy of any and all photographs taken by Defendant and/or anyone on your behalf of the accident site and/or individuals involved in this accident.

**REQUEST 8:** Please provide a copy of any and all photographs and/or videotapes and/or other surveillance information which you have pertaining to any and all surveillance of Plaintiff.

**REQUEST 9:** Please provide a copy of any and all reports, memoranda, correspondence, medical records, accident reports, documents and/or information and exhibits which you intend on introducing into evidence at the trial of this matter.

**REQUEST 10:** Please provide a copy of all photographs of the area taken subsequent to the accident.

**REQUEST 11:** Provide the work and payroll records of the employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos on the date of the Incident and records of any reports filed. If any document is withheld on any claim of privilege or otherwise, set forth the basis of the privileged claim, the author of the document, the date of the document, the recipient or intended recipient of the document, a brief description of the substance of the document, all persons who received copies of the document or were shown copies of the document, along with an identification of each person.

**REQUEST 12:** Produce all contracts between the Defendants named in this lawsuit governing the work or relationships at the time of the Incident, as well as all such contracts with any other parties governing the work at the time of the Incident.

**REQUEST 13:** Produce all documents sufficient to reflect the ownership of the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 14:** Produce all documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 15:** Produce all sign-in sheets, JSAs, daily logs, daily reports, and company records pertaining to the MV Dustin Danos for the day of the Incident, one month prior to the Incident, and one month following the Incident.

**REQUEST 16:** Produce documents sufficient to identify the name, employer, address, and telephone number of the persons and entities present at the time of the Incident, as well as one month prior to and following the Incident.

**REQUEST 17:** Produce all documents and communications regarding the Plaintiff, including but not limited to documents regarding Plaintiff's physical condition and physicals, medical history and conditions, medical records and logs, workers' compensation claims, maintenance and cure, disability records, employment history and files, criminal history, drug testing, earnings and income and compensation records, surveillance, photos, videos, recordings, training, certifications, internal notes and communications regarding Plaintiff, communications with third-parties regarding Plaintiff, payments made to Plaintiff, Marine Index Bureau Reports, U.S. Coast Guard Discharges, and anything signed by Plaintiff or provided to Plaintiff.

**REQUEST 18:** All agreements regarding this Lawsuit or the Incident, including but not limited to agreements between Defendants, settlement agreements, Mary Carter agreements, agreements to testify, and agreements with witnesses.

**REQUEST 19:** Produce the documents that reflect the facts stated in Defendant's interrogatory answers.

**REQUEST 20:** Produce the personnel, employment, and training files of all supervisors present on the day of the Incident, as well as one day prior and one day following the Incident.

**REQUEST 21:** Produce all documents Ronald Chaddock reviewed in connection with the statements made in his affidavit dated May 24, 2019.

**REQUEST 22:** Produce copies of all cancelled checks issued to Plaintiff as maintenance payments.

**REQUEST 23:** Produce copies of all cancelled checks issued as cure payments on behalf of Plaintiff.

**REQUEST 24:** Produce the personnel file of Captain Mike Hogan's (and/or the captain of the MV Dustin Danos at the time of the Incident).

**REQUEST 25:** Produce copes of any reprimands given to Captain Mike Hogan (and/or the captain of the MV Dustin Danos) by Defendant or any governing authority related to his actions as an employee and/or duties onboard vessels, ships, etc.

**REQUEST 26:** Produce the documents Defendant intends to use at trial or in support of any dispositive motions.

**REQUEST 27:** Produce all materials prepared by or reviewed by or provided to Defendant's retained experts.

These Interrogatories and Requests for Production of Documents are deemed continuing.

Respectfully Submitted,
MORROW & SHEPPARD LLP

Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on August ___9___, 2019 a true and correct copy of this document was served
on counsel of record by fax, mail, email, and/or by any other authorized means.

Daniel E. Sheppard

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                    Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____          CLERK_____

DEPUTY CLERK

**DEFENDANT'S JURISDICTIONAL OBJECTIONS TO PLAINTIFF'S
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant, REC, objects to the Plaintiff's attempted service of Interrogatories and Request for Production of Things, for the reason that this litigation was filed in improper Louisiana venue; and under existing Louisiana law has no jurisdiction to proceed in this Court venue, for lack of proper jurisdiction under Louisiana Law and Procedure. Without proper Louisiana venue and jurisdiction, Plaintiff is prevented from proceeding with his claims, including attempting to conduct discovery, unless the discovery is solely limited to discovery pertaining to venue and jurisdiction.

Submitted by:

_____
FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549

**EXHIBIT**
RX-2

77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927

**Counsel for Defendant, REC**
Marine Logistics, LLC, *et. al.*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has
been served on all counsel of record by facsimile, receipt
requested, or by depositing same in the United States Postal
Service, properly addressed and postage prepaid, or by other
means, this 12th day of August 2019.


**FRED E. SALLEY, T.A.  (11665)**



# MORROW & SHEPPARD LLP
### *Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

August 12, 2019

Fred Salley                                   Via Email
Salley & Associates
77378 Highway 1081
P.O. Box 3549
Covington, Louisiana 70434

Re:    *Griffin v. REC Marine Logistics et al*; Case No. C-682146; In the 19th Judicial
       District Court for the Parish of East Baton Rouge (Section 27)

Fred,

We are in receipt of the objections to Plaintiff's initial discovery. It appears you have objected
to the entirety of the discovery propounded on your client and it is unclear whether Defendant
REC Marine Logistics LLC ("REC Marine") intends to respond to any of the discovery. This
discovery goes to the heart of the issues that have been raised in REC Marine's declinatory
exception.

Pursuant to Rule 10.1 of Title II of the Rules for Louisiana District Courts, I would like to
request a conference with you to discuss your global objection to Plaintiff's initial discovery and
whether we can expect any responses. Upon receipt of this letter, please contact me to arrange
this conference within the next five (5) working days.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:

John D. Sheppard (firm)

**EXHIBIT**
PX-3

**Daniel Sheppard**

| | |
|---|---|
| **From:** | fsalleyA <fsalley@acadiacom.net> |
| **Sent:** | Monday, August 12, 2019 2:04 PM |
| **To:** | Daniel Sheppard |
| **Subject:** | Re: Griffin v. REC Marine Logistics, LLC et al |

## SALLEY & ASSOCIATES
### Attorneys

Fred E. Salley

**77378 Hwy 1081**
P.O. Box 3549
Covington, LA 70434

Telephone:1-985-867-8830
Facsimile: 1-985-867-3368
Cellular : 1-504-450-3880

Monday, August 12, 2019 13:55:18

If you persist in moving forward trying to force discovery in a suit that currently has no jurisdiction or venue, rest assured that the response will be an immediate motion for sanctions against you personally.

If you want to do so, you can dismiss your own improperly filed suit in East Baton Rouge Parish, and refile it where it will have La. jurisdiction and venue, as required in Louisiana.  Then you may proceed with filing discovery.

Best regards,

Fred E. Salley

-------------------------------------------------------

On 8/12/2019 10:57 AM, Daniel Sheppard wrote:

> Fred,
>
> Please see attached letter.
>
> Regards,
> Daniel

**Daniel E. Sheppard**
MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
**T:** 713-489-4815 **F:** 713-893-8370
**E:** dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:

1

**EXHIBIT**
PX-4

EAST BATON ROUGE PARISH
Filed Sep 17, 2019 10:13 AM
Deputy Clerk of Court

C-682146
27

**FAX RECEIVED 9-11-19**

# MORROW & SHEPPARD LLP
### Trial Attorneys

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

September 12, 2019

East Baton Rouge Parish Clerk of Court          *Via Certified Mail*
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

Re:   *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

Enclosed are the original documents faxed to the Clerk on September 11, 2019, which include:

1. Plaintiff's Memorandum in Opposition to Defendants' Exceptions and Motion to dismiss
2. Exhibits to Plaintiff's Memorandum
3. Order Denying Defendants' Motions and Exception

Enclosed also is a check in the amount of $400, which accounts for the fees associated with this response and an excess amount to cover the expenses for the Motion to Compel fax filed on September 10, 2019 (copies of the faxes from the suit accounting department issued in connection with the Motion to Compel and responding to Defendants' memorandums enclosed).

Please file and provide the original documents to the Court for consideration. Please pass the Order to Judge White.

Thank you for your attention to this matter and please contact us if anything else is required on our end.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard



MORROW **&** SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR, STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

September 11, 2019

East Baton Rouge Parish Clerk of Court         ***Via Fax to 225.389.3392 (original by mail)***
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

    **Re:**    *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

I enclose for filing in the above captioned and entitled litigation the following documents:

1.  Plaintiff's Memorandum in Opposition of Defendants' Exceptions and Motion to Dismiss
2.  Exhibits to Plaintiff's Memorandum
3.  Order Denying Defendants' Motion and Exceptions

Upon receipt of the confirmation fax, Plaintiff will mail the original filing along with the appropriate fee.

Please file and provide the original documents to the Court for consideration (this is being sent by fax—original documents will arrive by mail).  Please pass the Order denying Defendants' Motion and Exceptions to Judge White.

Thank you for your attention to this matter and please contact us if anything else is required on our end.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc: Fred Salley (counsel for Defendants REC Marine Logistics LLC, Gulf Offshore Logistics LLC, and GOL LLC)



# Doug Welborn
Clerk of Court
19ᵗʰ Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM: SUIT ACCOUNTING DEPARTMENT**

**FAX NUMBER: (225) 389-3392**

**To:  DANIEL SHEPPARD**

**MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL**

Date: **SEPTEMBER 12, 2019**

Suit No.: **C-682146**

Section: **27**

**Total Amount Due (includes all applicable fees below) $251.00**

| | |
|---|---|
| 901-COVER LETTER | |
| 5016-MEMO-CV | 2 PAGES |
| 5011-EXHIBIT-CV | 9 PAGES |
| 4029-ORD-CIV | 31 PAGES |
| | 1 PAGE |

The Clerk's office received the above mentioned documents by facsimile transmission dated 9/11/19, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Megan Carter*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form #5 Rev. 08/26/14



# Doug Welborn

Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

FROM: SUIT ACCOUNTING DEPARTMENT                Date: SEPTEMBER 11, 2019

FAX NUMBER: (225) 389-3392                              Suit No.: C-682146

To:    DANIEL E SHEPPARD                                      Section: 27

MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL

Total Amount Due (Includes all applicable fees below) $380.00

| | |
|---|---|
| 901-COVER LETTER | 2 PAGES |
| 4012-MTN COMPEL-CV | 7 PAGES |
| 5011-EXHIBIT-CV | 13 PAGES |
| 4029-ORD-CIV | 1 PAGE |
| 5016-MEMO-CV | 8 PAGES |
| 5011-EXHIBIT-CV | 13 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 9/10/19, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Megan Carter*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept, Form #6 Rev. 08/26/14

EAST BATON ROUGE PARISH
Filed Sep 17, 2019 10:13 AM
Deputy Clerk of Court

C-682146
27

~~FAXED FILED 9/11/19~~

FAX RECEIVED 9-11-19

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                         *
                                         *
    *Plaintiff,*                         *
                                         *
vs.                                      *          Case No. C-682146
                                         *          Section: 27
REC Marine Logistics LLC et al.          *
                                         *
    *Defendants.*                        *
                                         *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS REC MARINE LOGISTICS LLC, GOL LLC, AND GULF OFFSHORE LOGISTICS' DECLINATORY EXCEPTIONS AND MOTION TO DISMISS

Plaintiff McArthur Griffin files this Response to REC Marine Logistics LLC ("REC Marine"), GOL, LLC ("GOL"), and Gulf Offshore Logistics LLC's ("Gulf Offshore Logistics") (collectively "Defendants") exceptions and joint motion to dismiss.

### BACKGROUND

I.

On or about May 25, 2018, Mr. Griffin was injured aboard the *MV Dustin Danos*. Following his injury, Mr. Griffin began receiving maintenance and cure. That all changed in early- to mid-2019 when the maintenance checks Mr. Griffin had been receiving started being withheld (or delayed).

Mr. Griffin filed a lawsuit against REC Marine, GOL, Gulf Offshore Logistics, and American Steamship Owners' Mutual Protection and Indemnity Association ("American Steamship").[1] Mr. Griffin's maintenance and cure benefits were terminated because he chose to file a lawsuit. All parties named in Plaintiff's Original Petition have been served.

REC Marine (and the REC Marine affiliate Defendants) then filed exceptions supported by a self-serving affidavit signed by Ronald E. Chaddock.

Upon receiving REC Marine's declinatory exception, Plaintiff's legal team has:

---

[1] REC Marine, Gulf Offshore Logistics, and GOL are all related and operate out of the same office in Raceland, Louisiana. On information and belief, Gulf Offshore Logistics and GOL are related to one another. Indeed, Offshore Transport Services LLC, another REC Marine and additional owner/operator of the *MV Dustin Danos* (and occupier of REC Marine's offices), was recently unearthed as a possible Defendant.

- Asked Fred Salley to provide the names of the proper parties. *See* PX-1 (Email to Fred Salley re: Identification of Parties dated May 31, 2019). **This email was ignored.**
- Called Drew Aucoin[2] and asked him to name the insurance carrier handling Mr. Griffin's claim. **Drew Aucoin appears to be under a gag order.**
- Sent a formal letter requesting Defendant REC Marine and Drew Aucoin to provide any evidence to support the statements in REC Marine's declinatory exception. **Aucoin crawfished and Salley doubled-down.** *See* PX-2 (Email and letter to Fred Salley and Drew Aucoin dated August 8, 2019).
- Plaintiff served discovery on REC Marine related to the venue and jurisdictional issues raised by REC Marine—<u>all discovery was objected to and nothing was produced</u>.[3] *See* PX-3 (Plaintiff's Initial Discovery and Defendant REC Marine's Objections).
- Plaintiff sent a Rule 10.1 letter to Mr. Salley to resolve the discovery issues. *See* PX-4 (Rule 10.1 Letter).
- Mr. Salley responded to the Rule 10.1 letter saying: rest assured that further attempts to obtain discovery will be met with **"an immediate motion for sanctions against [undersigned counsel] personally."** *See* PX-5 (Email from Fred Salley dated August 12, 2019).
- Emailed Fred Salley and Drew Aucoin expressing concern over Defendants refusal to provide Plaintiff with Maintenance and Cure. **Email ignored. Maintenance and Cure payment still halted.** *See* PX-6 (Email from John Sheppard to Fred Salley dated September 4, 2019)
- On September 10, 2019, Plaintiff filed a Motion to Compel discovery from Defendant REC Marine. *See* Plaintiff's First Motion to Compel Discovery from Defendant REC Marine.

Despite Fred Salley's baseless threats and REC Marine's stonewalling, Plaintiff was able to unearth the additional defendants—Offshore Transport Services LLC ("Offshore Transport Services") and QBE Insurance (Europe) Limited ("QBE Insurance"). On information and belief, Offshore Transport Services was an owner of the MV Dustin Danos at the time of Plaintiff's injury. *See* PX-7 (Printout from Equasis Showing MV Dustin Danos' Ownership). On information and belief, QBE Insurance was the foreign insurance company providing coverage for personal injuries aboard the MV Dustin Danos at the time Mr. Griffin was injured.[4] The names of these additional responsible parties were not disclosed or otherwise provided to Plaintiff by Defendant (as they would have been by any reasonable person).

Defendants' exceptions must be denied for the following reasons:

(1) The self-serving and conclusory Chaddock affidavit is the sole "evidence" Defendants use to claim misjoinder and that venue is improper. The affidavit should be struck as conclusory. There is no evidence to support Defendants declinatory exceptions and they must be denied.

---

[2] Drew Aucoin's role is unclear. On information and belief, he is a claims adjuster.
[3] Notably, in objecting to discovery, REC Marine admits Plaintiff is entitled to venue and jurisdictional based discovery. Nonetheless, nothing has been produced.
[4] Plaintiff filed a motion for leave to amend his petition. The Motion is currently pending before the Court.

(2) Venue in East Baton Rouge parish is proper for American Steamship (and QBE Insurance) and is therefore proper for all parties.

(3) Plaintiff's petition is not vague or otherwise problematic.

In the event the Court finds jurisdiction to be lacking (which it is not), Plaintiff respectfully requests that the Court compel Defendant(s) to comply with jurisdictional discovery prior to ruling on Defendants exceptions and permit Plaintiff to amend his petition to include two additional Defendants that REC Marine, Fred Salley, and Drew Aucoin refused to disclose – Offshore Transport Services and QBE Insurance.

## THE PARTIES SUED ARE PROPER PARTIES TO THE LAWSUIT

### II.

Plaintiff Griffin McArthur is the injured seaman.

REC Marine is believed to be Plaintiff's employer at the time of the Incident. Defendants do not challenge REC Marine as a party.

Gulf Offshore Logistics is an owner/operator of the vessel. *See* PX-8 (Defendant Gulf Offshore Logistics' brochure). It is unclear why Defendants would tell the world they own and/or operate the *MV Dustin Danos* and tell the Court something else. Defendants cannot seriously question Gulf Offshore Logistics being a party to this lawsuit.

GOL also appears to be an operator/owner of the *MV Dustin Danos* by virtue of Gulf Offshore Logistics/GOL's joint-website. *See* PX-9 (GOL Website Printout). Defendants cannot seriously question GOL being a party to this lawsuit, especially given Defendant REC Marine's discovery abuse.

Although not yet a party, Offshore Transport Services also appears to be an owner of the *MV Dustin Danos. See* PX-7 (Equasis printout). Defendants cannot seriously question Offshore Transport Services being a party to this lawsuit and should consent to Plaintiff's request to seek leave to amend his petition to add Offshore Transport Services to this lawsuit.

On information and belief, Defendants had insurance through foreign insurer American Steamship that would provide coverage for Plaintiff's injury aboard the *MV*

*Dustin Danos.* On information and belief, acts or omissions leading up to the incident could have caused Plaintiff's injuries. Defendant has taken the position that "American Steamship did not insure anything connected to REC, Plaintiff, or any other alleged Defendant in this litigation." *See* Defendant REC Marine's Statement of Exceptions. This does not appear to be a true statement. *See* PX-10 (Petition Filed in *Durr v. GOL LLC et. al.* in the United States District Court for the Eastern District of Louisiana). American Steamship was sued in connection with injuries suffered by another Jones Act seaman aboard one of Defendants' other vessels. American Steamship is a proper party to that lawsuit and, on information and belief, is a proper party to this lawsuit.

QBE Insurance is a foreign insurer. As is the case with American Steamship, QBE Insurance is also believed to have provided Defendants with insurance coverage that may provide coverage to Plaintiff in connection with his injuries. Like American Steamship, QBE Insurance is a proper party to this lawsuit and can be sued directly. Defendants cannot dispute this basic fact.

## THE AFFIDAVIT BY RONALD E. CHADDOCK MUST BE STRICK AS CONCLUSORY AND SELF-SERVING

### III.

"[A] defendant raising the declinatory exception of improper venue bears the burden of offering evidence to support that objection when the grounds thereof do not appear on the face of the petition." See *Jackson v. Greenwich Ins. Co., 2019-0377 (La.App. 4 Cir. 7/31/19, 7).* In support of their Motion, Defendants rely on the self-serving affidavit of Ronald E. Chaddock which states that Chaddock has "reviewed his personal recollection of relevant facts, and the records available to him, and that there is no indication that any parties identified...had any involvement or participation in the suit, or any involvement in the accident or injuries alleged by Plaintiff..." There is no evidence contained in the affidavit that "show affirmatively that the affiant is competent to testify about the matters stated" in the Chaddock affidavit as required by LA CCP 967. Defendant "may not satisfy his burden under LA CCP 967 by resting on mere allegations or by filing self-serving, conclusory

affidavits which merely restate those allegations." *Peralta v. Perazzo*, 06-343 (La.App. 5 Cir. 10/31/06, 6); 942 So.2d 64, 68, writ denied, 2006-3028 (La. 2/16/07); 949 So.2d 415. Defendants failed to even produce the documents Chaddock purportedly reviewed. These statements are conclusory and self-serving and must be struck.

In the absence of Chaddock affidavit, there is no evidence before the Court to sustain Defendants' declinatory exceptions. Further, Plaintiff's petition does not create any grounds to sustain Defendants' declinatory exceptions. Therefore, Defendants' declinatory exceptions must be denied on this basis alone.

## AMERICAN STEAMSHIP AND QBE INSURANCE CAN BE SUED IN EAST BATON ROUGE PARISH (SO CAN THE REMAINING DEFENDANTS)

### IV.

Defendants initially object to jurisdiction under the impression that American Steamship is not a proper party. Defendants argument is misplaced. Defendants then pivot their argument and object to jurisdiction based on improper venue, even if American Steamship was Defendants' insurer. Defendants' argument is without merit.

Venue is defined as the "parish where an action or proceeding may properly be brought and tried under the rules regulating the subject." *See* Louisiana Code of Civil Procedure art. 41. "[T]he venue provision of the Direct Action Statute, provides venue is proper in the parish where the accident or injury occurred, or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by La.Code Civ. P. art. 42..."[5] *Trascher v. Northrop Grumman Ship Sys., Inc.*, 2010-1287 (La. 9/17/10, 1); 43 So.3d 961. The general rules of venue are that an action against a foreign or alien insurer shall be brought in the parish of East Baton Rouge. *See* Louisiana Code of Civil Procedure art. 42 (7).

Defendants' arguments that venue in East Baton Rouge parish are misplaced and ignore basic rules of civil procedure and illustrative case law concerning venue.

---

[5] This is not a new principle. ("[C]laims may be brought in a venue either, 'in the parish in which the accident or injury occurred,' or 'in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by the Code of Civil Procedure Art. 42 only.'" *Sims v. Cefolia*, 2000-0030 (La.App. 4 Cir. 2/23/00, 4); 755 So.2d 358, 360 (emphasis added).

In *Perez v. Finn,* Ms. Perez alleged she was injured as the result of a car crash with Mr. Finn. 2004-1914 (La.App. 4 Cir. 3/2/05, 2); 899 So.2d 585, 587, writ denied, 2005-0865 (La. 5/13/05); 902 So.2d 1030. Perez was a resident of Ascension Parish and Finn was a resident of St. Charles Parish. *Id.* The car crash occurred in Jefferson Parish. *Id.* Mr. Finn and his insurer, State Farm, filed exceptions of improper venue. *Id.*

In analyzing the venue issue raised by *Finn* and *State Farm,* the court explained that:

> venue would have been proper in St. Charles Parish (the parish of Mr. Finn's domicile pursuant to La. C.C.P. art. 42(1)), **in East Baton Rouge Parish (as designated by La. C.C.P. art. 42(7) for foreign insurers such as State Farm),** or in the parish where the accident occurred pursuant to La. C.C.P. art. 74.

*Perez v. Finn,* 2004-1914 (La.App. 4 Cir. 3/2/05, 3); 899 So.2d 585, 587, writ denied, 2005-0865 (La. 5/13/05); 902 So.2d 1030 (emphasis added); (*see also MB Indus., LLC v. CNA Ins. Co.,* 2006-1084 (La.App. 1 Cir. 3/23/07, 7); 960 So.2d 144, 148, writ denied, 2007-1186 (La. 9/21/07); 964 So.2d 335, and writ denied, 2007-1191 (La. 9/21/07); 964 So.2d 337, and writ denied, 2007-1217 (La. 9/21/07); 964 So.2d 340 (holding East Baton Rouge Parish to be a proper parish in a suit that "included a foreign insurer as a Defendant.").

By way of further example, the Fourth Circuit considered whether venue against a foreign insurer (and individual and corporate Defendants) was proper in East Baton Rouge Parish in *Sims v. Cefolia.* 2000-0030 (La.App. 4 Cir. 2/23/00, 5); 755 So.2d 358, 360. In *Sims,* the parents of two minors sued their son's employer, the owner of the apartment complex the Sims brother were working (Iberic International, Inc.), and Iberic's insurers, St. Paul Reinsurance Company Limited ("St. Paul") and Zurich Specialties London Limited ("Zurich"). In no uncertain terms, the *Sims* Court held that proper venue was "either Jefferson Parish (the parish where the accident or injury occurred) or East Baton Rouge Parish (the parish where Iberic has its registered office and where St. Paul and Zurich, as foreign insurers, "shall" be sued)". *See Sims v. Cefolia,* 2000-0030 (La.App. 4 Cir. 2/23/00, 5); 755 So.2d 358, 360

Like State Farm, American Steamship and QBE Insurance are foreign insurers and can be sued in East Baton Rouge parish along with Defendants.

For this reason alone, Defendants declinatory exceptions must be denied.

## DEFENDANTS' REMAINING EXCEPTIONS ARE WITHOUT MERIT AND SHOULD ALSO BE DENIED

### V.

Defendants claim that Plaintiff's Petition is vague and fails to conform to some unarticulated standard. To do this Defendants had to ignore Plaintiff's Petition and refuse to perform a basic inquiry into Plaintiff's claims.[6] Plaintiff stands by his petition.

### EXHIBITS[7]

PX-1 – Email to Fred Salley dated May 31, 2019
PX-2 – Letter to Fred Salley and Drew Aucoin dated August 8, 2019
PX-3 – Plaintiff's Initial Discovery and Defendant REC Marine's Objections
PX-4 – Rule 10.1 Letter to Fred Salley
PX-5 – Email from Fred Salley dated August 12, 2019 threatening sanctions
PX-6 – Email from John Sheppard to Fred Salley dated September 4, 2019
PX-7 – Printout from Equasis Showing MV Dustin Danos' Ownership
PX-8 – Defendant Gulf Offshore Logistics' brochure
PX-9 – GOL Website Printout
PX-10 – Petition Filed in *Durr v. GOL LLC et. al.* in the United States District Court for the Eastern District of Louisiana
PX-11 – Printouts from Louisiana Secretary of State

### CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Defendants exceptions be denied and for any other relief that Plaintiff may be entitled.

---

[6] Defendants preposterous argument is easily exposed. Defendants have taken the position that Plaintiff's Petition does not (1) identify a vessel or group of vessels or (2) identify his relationship aboard any vessel. To make such a statement, Defendants would need to ignore the "Facts" section of Plaintiff's Petition which describes what happened and on what vessel Plaintiff's injury occurred:

> This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine") and/or GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), **and was aboard the MV Dustin Danos** vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel. *See* Plaintiff's Original Petition.

In the same vein, Defendants appear to take the position that GOL is a California entity. This simply is not true. GOL operates out of the same building as REC Marine, Gulf Offshore Logistics, and Offshore Transport Services. See PX-11 (printout from Secretary of State). Defendants know GOL—they work in the same building and advertise one another on a joint website. Plaintiff does not understand why Defendant would attempt to mislead the Court.

Refusing to read a Plaintiff's petition or perform basic inquiries does not make Plaintiff's petition vague.
[7] Plaintiff incorporates the following exhibits into this response.

Respectfully submitted,

MORROW & SHEPPARD LLP

Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email, and/or by any other authorized means.

Daniel E. Sheppard

EAST BATON ROUGE PARISH
Filed Sep 17, 2019 10:13 AM
Deputy Clerk of Court

C-682146
27

~~FAXED FILED 9/1/19~~

FAX RECEIVED 9-11-19

**Daniel Sheppard**

| | |
|---|---|
| **From:** | John Sheppard |
| **Sent:** | Friday, May 31, 2019 5:34 PM |
| **To:** | fsalleyA; aucoindrew@cox.net |
| **Cc:** | Daniel Sheppard |
| **Subject:** | Griffin, M. v. REC Marine et al. |

Fred,

We just received your motion stating that the insurance company we named does not provide insurance to any of the defendants we named. Have you confirmed that with all the defendants—including those you do not represent? More importantly, (a) what is the name of the insurance company that is providing maintenance and cure to Plaintiff, (b) what is the name of the liability companies for each of the defendants, and (c) what is the insurance provider for the MV Dustin Danos vessel?

I am copying Drew Aucoin and present the same questions to him. An injured person has the right to know the name of the insurance company providing or owing him benefits. We want to speak with them. Mr. Griffin expressly asked for this information from the company representatives. Please note that a refusal to identify the insurance company at issue and to provide contact information for them will be deemed an attempt to further thwart and impede the open flow of communication on maintenance and cure issues. The employer has already threated (and did) cut off Mr. Griffin from benefits once.

Sincerely,

John Sheppard
Morrow & Sheppard LLP

EXHIBIT

PX-1



# MORROW & SHEPPARD LLP
### *Trial Attorneys*

3701 KIRBY DR, STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

JOHN D. SHEPPARD          |          JSHEPPARD@MORROWSHEPPARD.COM          |          713.489.1217

August 8, 2019

Fred E. Salley                          *Via Email: fsalley@acadiacom.net*
Salley & Associates

Drew Aucoin                          *Via Email: aucoindrew@cox.net*

Dear Messers. Salley and Aucoin:

As you know, I represent McAuthor Griffin. On May 31, 2019, I wrote to each of you and requested the name of the insurance company providing maintenance and cure to Mr. Griffin, as well as the insurance companies for REC Marine LLC, GOL LLC, Gull Offshore Logistics LLC, and the MV Dustin Danos. I also asked this question of Drew Aucoin on the phone. Mr. Aucoin told me he knew the information, but refused to give me the information. Mr. Salley has ignored my request altogether.

Mr. Griffin has the right to know what insurance companies are involved in his maintenance and cure decisions. We need to speak with them directly. We need to speak to the insurance folks regarding their decisions about maintenance and cure. Mr. Griffin is in dire need of continued medical care, as well as maintenance. His checks are typically withheld and delayed (on purpose), and he has been told by providers that the insurance company is cutting him off—which is outrageous given his ongoing injuries. The decision to stop maintenance and/or cure is obviously in bad faith and designed to hurt him further. Indeed, Mr. Griffin was specifically told that maintenance and cure was being stopped in retaliation because he filed a lawsuit.

Your refusal to provide us with the identify of the insurance company is in bad faith. This is clearly designed to hide information and make it difficult for Mr. Griffin to discuss his needs with those making decisions about his maintenance and cure.

As you know, there are severe penalties for the unreasonable denial of maintenance and cure. There are also penalties—including punitive damages and attorneys fees—for doing so without conducting a proper investigation. *Stermer v. Archer Daniels Midland Co.*, 140 So.3d 879 (La 3rd Cir. 2014). Hiding the identity of the insurance company is clearly intended to hinder the investigation of Mr. Griffin's needs by preventing him from contacting them. Mr. Griffin is again asking for the name of the company that provides maintenance and cure insurance in connection with him, REC Marine LLC, GOL LLC, Gull Offshore Logistics LLC, and the MV Dustin Danos.

Sincerely,

**EXHIBIT**

**PX-2**

John D. Sheppard
Counsel for McAuthor Griffin



MORROW & SHEPPARD LLP
*Trial Attorneys*

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

August 9, 2019

Fred E. Salley                                           *Via Email, Fax, and U.S. Mail*
Salley & Associates
P.O. Box 3549
77378 Highway 1081
Covington, Louisiana 70434
fsalley@charter.net
985.867.3368 fax

Todd P. Danos                                           *Via U.S. Mail*
GOL LLC
4535 Highway 308
Raceland, Louisiana 70394

Todd P. Danos                                           *Via U.S. Mail*
Gulf Offshore Logistics LLC
4535 Highway 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association    *Via U.S. Mail*
c/o. Shipowners Claims Bureau, Inc.
1 Battery Park Plaza, 31st Floor
New York, New York 10004

        Re:    *McArthur Griffin v. REC Marine, LLC et al.; Suit No. 682146*

Dear Sir/Madam:

Enclosed please find Plaintiff's first interrogatories and requests for production propounded on Defendant REC Marine Logistics, LLC.

Regards,

/s/Daniel E. Sheppard

Daniel E. Sheppard

cc:

John D. Sheppard (firm)

EXHIBIT
PX-3

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

************************************************************************

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    REC Marine Logistics LLC
c/o Fred E. Salley
Salley & Associates
P.O. Box 3549
77378 Hwy. 1081
Covington, Louisiana 70434
985.867.8830 tel
985.867.3368 fax

**NOW COMES PLAINTIFF, MCAUTHUR GRIFFIN,** through undersigned counsel, who propounds the following Interrogatories and Requests for Production of Documents upon Defendant REC MARINE LOGISTICS LLC in accordance with notice under the provisions of the Louisiana Code of Civil Procedure, Articles 1457, 1458, 1459, 1428, 1461, and 1491, as follows:

### DEFINITIONS AND INSTRUCTIONS FOR USE

1.    "Plaintiff" means the Plaintiff(s) named in this lawsuit.

2.    The "Incident" means the incident at issue in this lawsuit, specifically, the incident that occurred on or about May 25, 2018, and/or the date Plaintiff suffered an injury while working on the MV Dustin Danos. Further allegations and context are contained in Plaintiff's Original (and/or any Amended) Petition for Damages.

3.    "Defendant REC Marine Logistics" means REC Marine Logistics LLC and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

4.    The "Location" or "Premises" means the MV Dustin Danos.

5.    "Claim" means all claims for reimbursement of damages allegedly caused by the Incident, including insurance claims.

6.    "That relate to" or "related to" means regarding, relating to, referring to, pertaining to, describing, evidencing, supporting, or discussing the referenced matter.

7.   "Correspondence" means written communications of any kind including documents, electronic message, or other form of recorded information that is mailed, faxed, emailed, sent by text message, sent by instant message, posted to the internet or social media, or otherwise transmitted or communicated between persons or entities.

8.   "Documents" are every original (or copies if you do not have originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, any other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

9.   "Materials" are all documents and correspondence.

10.   "Each" means each and every.

11.   "Including" means including but not limited to.

12.   "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

13.   "Petition" or "Complaint" means a pleading seeking relief in this cause.

14.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be considered outside its scope.

15.   The use of the singular form of any word includes the plural and vice versa.

16.   "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

17.   "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, cables or some other electronic or other medium.

18.   "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all owners and operators of the MV Dustin Danos (a) at the time of the Incident, (b) one month preceding and following the Incident, and (c) the present.

**INTERROGATORY NO. 2.** Identify the company or companies that chartered the MV Dustin Danos on the date of the Incident by providing the names of all parties to the charter agreement(s)/contract(s), date of the agreement(s)/contract(s), and a statement as to whether the agreement(s)/contract(s) were written.

**INTERROGATORY NO. 3.** State fully and completely (1) how the alleged Incident happened, providing in your answer a complete chronology of events beginning one hour prior to the Incident and one hour after the Incident and (2) all factors or events which you believe caused or contributed to the cause of the Incident.

**INTERROGATORY NO. 4.** Identify all persons on board the M/V Dustin Danos at the time of the Incident and one month preceding and following the Incident, including their name, title, address, telephone number, and employer.

**INTERROGATORY NO. 5.** Fully describe any statements, either oral or written, at the time of the Incident or regarding the Incident, specifying whether the statement was oral or written, to whom it was given, the name, address, phone number, and employer of the person to whom it was given, the substance of the statement; and who, if the statement is in written or recorded form, is its present custodian.

**INTERROGATORY NO. 6.** Give the substance of all statements, either oral or written, by the Plaintiff concerning his medical conditions and problems.

**INTERROGATORY NO. 7.** List the name, address, qualifications and area of expertise of each expert witness you intend to call at trial; summarize each opinion that will be given, and specify the facts upon which each opinion is based.

**INTERROGATORY NO. 8.** The Louisiana Secretary of State identifies the same address for the non-insurance named defendants at 4535 Highway 308, Raceland, LA 70394. Identify the nature of the business relationship between REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC.

**INTERROGATORY NO. 9.** For each person present on the day of the Incident, identify whether they have ever been employed by REC Marine Logistics LLC, GOL LLC, or Gulf Offshore Logistics LLC and, if so, provide the dates of employment.

**INTERROGATORY NO. 10.** Identify the insurance company or insurance companies that provide maintenance and cure benefits and liability insurance coverage for (a) REC Marine Logistics LLC; (b) GOL LLC; and (c) Gulf Offshore Logistics LLC both now and at the time of the Incident. This interrogatory also specifically requests that Defendant identify all liability insurance policies and/or any and all other liability policies, and any and all excess liability policies and umbrella policies.

**INTERROGATORY NO. 11.** Identify the dates that American Steamship Owners Mutual Protection and Indemnity Association Inc. has ever provided insurance coverage to REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, as well as the type of insurance provided and the corresponding policy number.

**INTERROGATORY NO. 12.** Please identify: (1) each time a maintenance payment was made to Plaintiff and the amounts of said payments; (2) each time a cure payment was made on behalf of Plaintiff, including the amount of the payment and to what person or entity the payment was made; (3) the name, address, and job title of the person or persons who were responsible for issuing maintenance and cure payments to Plaintiff; (4) the name, address, and job title of the person who made decisions regarding at what intervals maintenance and cure payments would be made; (5) the name, address, and phone number for the insurance carrier(s) who have (or that may have) an obligation to provide Plaintiff with maintenance and cure benefits

**INTERROGATORY NO. 13.** Please identify any prior incidents/injuries that occurred on vessels captained by Captain Mike Hogan (and/or the captain of the MV Dustin Danos at the time of the Incident).

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**REQUEST 1:** Produce all materials referencing the Incident.

**REQUEST 2:** Produce all materials referencing the Plaintiff, including but not limited to all medical records, claim files, notes, surveillance, documents regarding the Incident, training and personnel files, photographs, communications with his medical providers, and documents regarding his maintenance and cure.

**REQUEST 3:** Produce all policies, procedures, and manuals for (a) operations including but not limited to maintaining control of vessels, properly staffing vessels, and loading operations, (b) safety, (c) investigations of incidents, (d) responses to incidents, (e) contractors and employees in effect at the time of the Incident directly or indirectly pertaining to MV Dustin Danos or the work thereon related to the Incident, as well as any changes to those policies and procedures following the Incident.

**REQUEST 4:** Please provide a complete copy of any and all liability insurance policies and/or any and all other liability policies and/or policies providing maintenance and cure coverage, and any and all such excess policies and umbrella policies which would have been in full force and effect on or about the day of the Incident, and insuring any defendant, for this accident/ incident.

**REQUEST 5:** Please provide a copy of all notes, correspondence, memoranda, or other documents between Plaintiff and Defendant.

**REQUEST 6:** Please provide a copy of any and all statements you contend were made by Plaintiff or any Defendant or regarding the Incident.

**REQUEST 7:** Please provide a copy of any and all photographs taken by Defendant and/or anyone on your behalf of the accident site and/or individuals involved in this accident.

**REQUEST 8:** Please provide a copy of any and all photographs and/or videotapes and/or other surveillance information which you have pertaining to any and all surveillance of Plaintiff.

**REQUEST 9:** Please provide a copy of any and all reports, memoranda, correspondence, medical records, accident reports, documents and/or information and exhibits which you intend on introducing into evidence at the trial of this matter.

**REQUEST 10:** Please provide a copy of all photographs of the area taken subsequent to the accident.

**REQUEST 11:** Provide the work and payroll records of the employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos on the date of the Incident and records of any reports filed. If any document is withheld on any claim of privilege or otherwise, set forth the basis of the privileged claim, the author of the document, the date of the document, the recipient or intended recipient of the document, a brief description of the substance of the document, all persons who received copies of the document or were shown copies of the document, along with an identification of each person.

**REQUEST 12:** Produce all contracts between the Defendants named in this lawsuit governing the work or relationships at the time of the Incident, as well as all such contracts with any other parties governing the work at the time of the Incident.

**REQUEST 13:** Produce all documents sufficient to reflect the ownership of the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 14:** Produce all documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 15:** Produce all sign-in sheets, JSAs, daily logs, daily reports, and company records pertaining to the MV Dustin Danos for the day of the Incident, one month prior to the Incident, and one month following the Incident.

**REQUEST 16:** Produce documents sufficient to identify the name, employer, address, and telephone number of the persons and entities present at the time of the Incident, as well as one month prior to and following the Incident.

**REQUEST 17:** Produce all documents and communications regarding the Plaintiff, including but not limited to documents regarding Plaintiff's physical condition and physicals, medical history and conditions, medical records and logs, workers' compensation claims, maintenance and cure, disability records, employment history and files, criminal history, drug testing, earnings and income and compensation records, surveillance, photos, videos, recordings, training, certifications, internal notes and communications regarding Plaintiff, communications with third-parties regarding Plaintiff, payments made to Plaintiff, Marine Index Bureau Reports, U.S. Coast Guard Discharges, and anything signed by Plaintiff or provided to Plaintiff.

**REQUEST 18:** All agreements regarding this Lawsuit or the Incident, including but not limited to agreements between Defendants, settlement agreements, Mary Carter agreements, agreements to testify, and agreements with witnesses.

**REQUEST 19:** Produce the documents that reflect the facts stated in Defendant's interrogatory answers.

**REQUEST 20:** Produce the personnel, employment, and training files of all supervisors present on the day of the Incident, as well as one day prior and one day following the Incident.

**REQUEST 21:** Produce all documents Ronald Chaddock reviewed in connection with the statements made in his affidavit dated May 24, 2019.

**REQUEST 22:** Produce copies of all cancelled checks issued to Plaintiff as maintenance payments.

**REQUEST 23:** Produce copies of all cancelled checks issued as cure payments on behalf of Plaintiff.

**REQUEST 24:** Produce the personnel file of Captain Mike Hogan's (and/or the captain of the MV Dustin Danos at the time of the Incident).

**REQUEST 25:** Produce copes of any reprimands given to Captain Mike Hogan (and/or the captain of the MV Dustin Danos) by Defendant or any governing authority related to his actions as an employee and/or duties onboard vessels, ships, etc.

**REQUEST 26:** Produce the documents Defendant intends to use at trial or in support of any dispositive motions.

**REQUEST 27:** Produce all materials prepared by or reviewed by or provided to Defendant's retained experts.

These Interrogatories and Requests for Production of Documents are deemed continuing.

Respectfully Submitted,
MORROW & SHEPPARD LLP

Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on August ___9___, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email,  and/or by any other authorized means.

Daniel E. Sheppard

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                          Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, et. al.

FILED _____          CLERK _____

                                        DEPUTY CLERK

**DEFENDANT'S JURISDICTIONAL OBJECTIONS TO PLAINTIFF'S**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant, REC, objects to the Plaintiff's attempted service of Interrogatories and Request for Production of Things, for the reason that this litigation was filed in improper Louisiana venue, and under existing Louisiana law has no jurisdiction to proceed in this Court venue, for lack of proper jurisdiction under Louisiana Law and Procedure. Without proper Louisiana venue and jurisdiction, Plaintiff is prevented from proceeding with his claims, including attempting to conduct discovery, unless the discovery is solely limited to discovery pertaining to venue and jurisdiction.

Submitted by:

_____
**FRED E. SALLEY, T.A.  (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**

**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana  70434**
**Telephone: (985) 867-8830**
**Facsimile (985) 867-8927**

**Counsel for Defendant, REC**
Marine Logistics, LLC, *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 12th day of August 2019.

**FRED E. SALLEY, T.A.  (11665)**



MORROW **&** SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

August 12, 2019

Fred Salley                                    Via Email
Salley & Associates
77378 Highway 1081
P.O. Box 3549
Covington, Louisiana 70434

Re:    ***Griffin v. REC Marine Logistics et al*; Case No. C-682146; In the 19th Judicial District Court for the Parish of East Baton Rouge (Section 27)**

Fred,

We are in receipt of the objections to Plaintiff's initial discovery. It appears you have objected to the entirety of the discovery propounded on your client and it is unclear whether Defendant REC Marine Logistics LLC ("REC Marine") intends to respond to any of the discovery. This discovery goes to the heart of the issues that have been raised in REC Marine's declinatory exception.

Pursuant to Rule 10.1 of Title II of the Rules for Louisiana District Courts, I would like to request a conference with you to discuss your global objection to Plaintiff's initial discovery and whether we can expect any responses. Upon receipt of this letter, please contact me to arrange this conference within the next five (5) working days.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:

John D. Sheppard (firm)

EXHIBIT

PX-4

**Daniel Sheppard**

| | |
|---|---|
| **From:** | fsalleyA <fsalley@acadiacom.net> |
| **Sent:** | Monday, August 12, 2019 2:04 PM |
| **To:** | Daniel Sheppard |
| **Subject:** | Re: Griffin v. REC Marine Logistics, LLC et al |

## SALLEY & ASSOCIATES
### Attorneys

Fred E. Salley

**77378 Hwy 1081**
P.O. Box 3549
Covington, LA  70434

Telephone: 1-985-867-8830
Facsimile: 1-985-867-3368
Cellular : 1-504-450-3880

Monday, August 12, 2019 13:55:18

If you persist in moving forward trying to force discovery in a suit that currently has no jurisdiction or venue, rest assured that the response will be an immediate motion for sanctions against you personally.

If you want to do so, you can dismiss your own improperly filed suit in East Baton Rouge Parish, and refile it where it will have La. jurisdiction and venue, as required in Louisiana.  Then you may proceed with filing discovery.

Best regards,

Fred E. Salley

On 8/12/2019 10:57 AM, Daniel Sheppard wrote:

> Fred,
>
> Please see attached letter.
>
> Regards,
> Daniel

**Daniel E. Sheppard**
MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:

1

**EXHIBIT**

**PX-5**

**Daniel Sheppard**

**From:**        John Sheppard
**Sent:**        Wednesday, September 4, 2019 3:03 PM
**To:**          Drew Aucoin; fsalleyA
**Cc:**          Daniel Sheppard
**Subject:**     Griffin, M. v. REC Marine et al.

**Importance:**  High

Mr. Aucoin and Mr. Salley:

McArthur Griffin has not received a maintenance check in quite a while. Those checks that did previously come were delayed significantly. Delaying checks and non-payment of checks that injured persons rely on is a well-recognized way for multi-million dollar companies to exert pressure on their workers and to retaliate against them for asserting their rights. It is also our understanding that the company and/or insurance has made the decision to terminate cure treatments. On July 22, 2019, I inquired in writing as to whether the company is terminating maintenance and cure. I did not get a response and my inquiry was ignored. Ignoring valid written requests from injured workers is clearly designed to retaliate and pressure them and keep them in the dark about their future. Please be reminded of your duties to injured seaman to provide maintenance and cure. The law requires it, and responsible companies abide by it. I and Mr. Griffin have had a very difficult time getting information regarding some straightforward issues. This is compounded by your refusal to identify the contact person at the insurance company so that we can raise them directly with them. If you are being paid money to handle maintenance and cure decisions and administration (as I understand Mr. Aucoin is), then you should be expected to communicate about them promptly and reasonably.

I would appreciate an answer to these questions:

    (1). Are additional maintenance payments going to be made, and if so, with what frequency and on what dates and in what amounts?

    (2). Has the company terminated maintenance payments going forward? If not, when will the next payment be made, and for how much? Further, explain the delay from the last payment until the next payment.

    (3). Has the company made the decision to terminate cure treatments (i.e., has the company made the decision that Mr. Griffin has reached maximum medical improvement, etc.)? We disagree with that determination, if it has been made. Mr. Griffin is in need of continuing medical care.

Mr. Griffin needs answers to these questions so that he can take remedial and mitigating action, and his health and well-being depend on them. This will be an exhibit at trial, if necessary, as will your response or lack thereof.

John D. Sheppard
Morrow & Sheppard LLP
3701 Kirby Dr., Ste. 1000
Houston, Texas 77098
Tel: 713-489-1206
Fax: 713-893-8370
www.morrowsheppard.com

**MORROW ⬥ SHEPPARD** LLP
*Trial Attorneys*

1

**EXHIBIT**

**PX-6**

← Back to Search (http://www.equasis.org/EquasisWeb/restricted/Search?fs=Search&lenFooter=true)

| Go to My Equasis → |
|---|

**Ship Info**                                                                            ☆ ☚

## DUSTIN DANOS  -  IMO n° 8964458

☑  See picture on MarineTraffic (http://www.marinetraffic.com/en/photos/of/ships/imo:8964458)

| | |
|---|---|
| Flag | 🇺🇸 |
| | (United States of America) |
| Call Sign | WDE9077 |
| MMSI | 367413150 |
| Gross tonnage | 498 |
| | (since 01/06/2000) |
| DWT | 976 |
| Type of ship | Offshore Supply Ship |
| | (since 01/06/2000) |
| Year of build | 2000 |
| Status | In Service/Commission |
| | (during 06/2000) |

Last update of ship particulars 30/04/2019

| Ship Info | Inspections (0) | Ship History |
|---|---|---|

❓        Overview                                                          ⌄

Flag performance

Paris MOU ⚪ Grey.

Tokyo MOU ⚪ White

Flag targeting

USCG: not targeted

RO Performances → (../restricted/ROPerf?fs=ShipInfo)

❓        Management detail                                                 ⌃

**OFFSHORE TRANSPORT SERVICES →**

| IMO number | 1950213 |
|---|---|
| Role | Registered owner |
| Address | Care of Gulf Offshore Logistics LLC (GOL), 4535, Highway 308, Raceland LA 70394-2410, USA. |
| Date of effect | during 11/2000 |

**GULF OFFSHORE LOGISTICS LLC →**

| IMO number | 4111062 |
|---|---|
| Role | Ship manager/Commercial manager |
| Address | 4535, Highway 308, Raceland LA 70394-2410, USA. |
| Date of effect | during 11/2000 |

**UNKNOWN**

| IMO number | 9991001 |
|---|---|
| Role | ISM Manager |
| Date of effect | since 01/08/2000 |

EXHIBIT

PX-7

9/11/2019 Equasis - ShipInfo

❷ Classification

❷ Geographical Information

Convention, Association and Manning

Equasis's contributors

(http://www.mar.mil.br/)

(http://www.tc.gc.ca/eng/marinesafety/oep-inspection-menu-770.htm)

(http://www.emsa.europa.eu/)

(http://www.developpement-durable.gouv.fr/)

(http://www.mofa.go.jp/)

(http://www.korea.net/)

(http://www.norway.no/)

(https://www.fomento.gob.es/MFOM/LANG_CASTE

(http://www.mcga.gov.uk/c4mca/mcga07-home)

(http://www.uscg.mil/top/missions/MaritimeSafety.asp)

✉ Contact us (Moa?fs=ShipInfo&P_MOA=contact)    Join us on    f (//www.facebook.com/equasis.news)    🐦 (//twitter.com/equasis_news)

ℹ Help (Moa?fs=ShipInfo&P_MOA=help)    ❓ FAQ (Moa?fs=ShipInfo&P_MOA=faq)

Site map

Home (../public/HomePage?fs=ShipInfo)
About Equasis (../public/About?fs=ShipInfo)
Search
Data providers (../public/About?fs=ShipInfo&P_ABOUT=Providers.html)

Statistics (../restricted/PublicStatistic?fs=ShipInfo)
News (../public/HomePage?fs=ShipInfo)
My Equasis (../restricted/SIAESubscription?fs=ShipInfo)

© Copyright 2000-2016; Version : Prod v3.0.11(a); Developed and hosted by French Ministry for Transport -DAM/SI-Saint-Malo

www.gulf-log.com

**GOL**
GULF OFFSHORE
LOGISTICS

# M/V DUSTIN DANOS

## 150' Mini Supply Vessel
## Built 2000

### Gulf Offshore Logistics, LLC



EXHIBIT
PX-8

4535 Highway 308 Raceland, LA 70394, USA
Tel: +1 866-532-1060 Fax: +1 985-532-0544

**M/V DUSTIN DANOS 150' MSV**

## REGISTRATION

| | |
|---|---|
| Operator | Gulf Offshore Logistics, LLC |
| Delivered | JUN – 2000 |
| Builder | Thoma-Sea Boat Builder, INC |
| Flag | USA |
| Classification | ABS International Class & Load line |
| Official Number | 1096385 |

## MAIN PARTICULARS

| | |
|---|---|
| Length Overall | 150 Ft |
| Beam | 36 Ft |
| Depth | 12 Ft |
| Light Draft | 7 Ft |
| Loaded Draft | 10 Ft |
| Gross Tonnage | 99 Tons / 498 ITC |

## CAPACITIES

| | |
|---|---|
| Drill / Potable Water | 98,000 USG |
| Fuel | 90,000 USG |

## CARGO DECK

| | |
|---|---|
| Length | 90 Ft |
| Width | 30 Ft |
| Clear Deck Area | 2,700 Sq Ft |

## MACHINERY

| | |
|---|---|
| Main Engines | (2) Caterpillar 3508 DTIA |
| Maximun BHP | 905 HP @ 1600 RPM Each |
| Reduction Gears | Twin Disc MG5301 4.96 : 1 |
| Generators | (2) Caterpillar 3306T, 1200 RPM |
| | 95 KW, 3 Phase 480 Volts |
| Bow Thruster | (1) Caterpillar 3406 @ 300 HP |
| | Schottel SST110 |

## PERFORMANCE

| | |
|---|---|
| Speed Light Ship | 11 Kts |
| Speed 50 Tons | 9.5 Kts |
| Max Fuel Consumption | 95 GPH |
| Cruising Fuel Consumption | 60 GPH |

## DISCHARGE RATES

| | |
|---|---|
| Water | 400 GPM @ 100 Ft Head |
| Fuel | 400 GPM @ 100 Ft Head |

## ACCOMMODATIONS

| | |
|---|---|
| Cabins/Berths | 5 Cabins / 20 Berths |
| Mess | (1) Seating for 8 |
| Lounge | 1 |
| Heads | 5 |

## ELECTRONICS

| | |
|---|---|
| Radar | (2) Furuno 7062 & 7112 |
| Auto Pilot | Comnav 2001 |
| GPS | (1) Furuno GPS Navigator |
| SSB | Sea 223 |
| VHF | (3) Multi Channel VHF's |
| AIS | Furuno |
| Depth Sounder | Raytheon |
| Communications | Broad Point |
| Chart Plotter | Chart Navigator Pro |

## FIRE FIGHTING

Fire Monitor- 2000 GPM @ 260 Ft Head
Powered by Bow thruster Engine  Cat 3406 T
(14) Portable Fire Extinguishers
(5) 1-1/2" X  5' Deck Hoses

## OTHER  FEATURES

Walk-in Cooler/Walk-in Freezer
Washer/Dryer
(2) 10-Ton Water Cooled A/C
Galley Fully Equipped
T/V Lounge

NOTICE:  The data contained herein is provided for convenience of reference to allow users to determine the suitability of the Company's Equipment.  The data may vary from the current condition of equipment which can only be determined by physical inspection.  Company has exercised due diligence to insure that the data contained herein is reasonably accurate.  However, Company does not warrant the accuracy completeness of the data.  In no event shall Company be liable for any damages whatsoever arising out of the use inability to use the data contained herein.

GOL

9/11/2019                              Career | Gulf Offshore Logistics



Home        Vessels        Career        Contact        About        New Office

## Career

Thank you for your interest in becoming part of the GOL, LLC team. We understand that people with the right attitude and vision is crucial for the company's success stories in the future. Our goal is to be the top performer in the industry and would naturally like to have the best people working in our offshore shipping team. If you think you have the right qualifications and would like to work for us, we would like to hear from you.

Job Application

### Navigation

Home

Vessels

Career

Contact

About

News

## User Login

Username:

Password:

log In

Request New Password

Copyright © Gulf Offshore Logistics, LLC

EXHIBIT

PX-9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY DURR | CIVIL ACTION NO. 18-CV-3742 F(3) |
| VERSUS | JUDGE MARTIN L.C. FELDMAN |
| GOL, L.L.C., *et al* | MAG. JUDGE DANIEL E. KNOWLES, III |

---

## PLAINTIFF'S SUPPLEMENTAL AND AMENDING COMPLAINT

Now comes plaintiff, Terry Durr, who supplements and amends his original complaint as follows:

I.

American Steamship Owners Mutual Protection and Indemnity Association, Inc., is a New York (U.S.) based insurance company who issued a policy of liability insurance which would provide insurance coverage for damages claimed to be owed in this case by defendants, GOL, L.L.C. ("GOL") and REC Marine Logistics, LLC ("REC").

II.

Plaintiff incorporates and adopts herein by reference all allegations made by plaintiff in his original complaint.

Wherefore, after due proceedings be had, plaintiff prays that a monetary judgment be entered herein against American Steamship Owners Mutual Protection and Indemnity Association, Inc., for all damages which may be owed by defendants, GOL and REC.

EXHIBIT

PX-10

1

Respectfully submitted,

**WILLIAM GEE, LTD.**

_/s William Gee_
**WILLIAM GEE**
Louisiana State Bar No. 14282
PINHOOK TOWER
2014 West Pinhook Road, Suite 501
Lafayette, LA  70508
Telephone: (337) 222-2222
Facsimile: (337) 289-0809
William@WilliamGee.com

_Attorney for Plaintiff_

## CERTIFICATE OF SERVICE

I certify a copy of the above pleading has been forwarded to all counsel in this matter via e-mail to counsel on this 18th day of July, 2018.

s William Gee
WILLIAM GEE

2

9/9/2019                                    Commercial - Search

**EXHIBIT**

**PX-11**

**State of Louisiana Secretary of State**



**COMMERCIAL DIVISION**
**225.925.4704**

Fax Numbers
225.932.5317 (Admin. Services)
225.932.5314 (Corporations)
225.932.5318 (UCC)

| Name | Type | City | Status |
|------|------|------|--------|
| REC MARINE LOGISTICS, LLC | Limited Liability Company | RACELAND | Active |

**Previous Names**

**Business:**            REC MARINE LOGISTICS, LLC
**Charter Number:**      36014139K
**Registration Date:**   9/13/2005
**Domicile Address**
         4535 HWY 308
         RACELAND, LA 70394
**Mailing Address**
         PO BOX 774
         GALLIANO, LA 70354

## Status

**Status:**                 **Active**
**Annual Report Status:**   **In Good Standing**
**File Date:**              9/13/2005
**Last Report Filed:**      8/15/2019
**Type:**                   Limited Liability Company

## Registered Agent(s)

| Agent: | RONALD ELIE CHADDOCK |
|--------|----------------------|
| Address 1: | 4535 HWY 308 |
| City, State, Zip: | RACELAND, LA 70394 |
| Appointment Date: | 9/13/2005 |

## Officer(s)                                    Additional Officers: No

| Officer: | RONALD ELIE CHADDOCK |
|----------|----------------------|
| Title: | Member |
| Address 1: | 4535 HWY 308 |
| City, State, Zip: | RACELAND, LA 70394 |

## Amendments on File (1)

| Description | Date |
|-------------|------|
| Domestic LLC Agent/Domicile Change | 4/29/2011 |

9/9/2019

Commercial - Search

Print

9/9/2019                                Commercial - Search

**State of
Louisiana
Secretary of
State**

**COMMERCIAL DIVISION
225.925.4704**

Fax Numbers
225.932.5317 (Admin. Services)
225.932.5314 (Corporations)
225.932.5318 (UCC)



| Name | Type | City | Status |
|---|---|---|---|
| GULF OFFSHORE LOGISTICS, L.L.C. | Limited Liability Company | RACELAND | Active |

**Previous Names**

**Business:**         GULF OFFSHORE LOGISTICS, L.L.C.
**Charter Number:**   35469187K
**Registration Date:** 4/23/2003
**Domicile Address**
    4535 HIGHWAY 308
    RACELAND, LA 70394
**Mailing Address**
    C/O TODD P. DANOS
    P. O. BOX 309
    RACELAND, LA 70394

## Status

**Status:**                Active
**Annual Report Status:**  Not In Good Standing for failure to file Annual Report
**File Date:**             4/23/2003
**Last Report Filed:**     10/15/2018
**Type:**                  Limited Liability Company

## Registered Agent(s)

| | |
|---|---|
| **Agent:** | TODD P. DANOS |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |
| **Appointment Date:** | 4/23/2003 |

## Officer(s)

Additional Officers: No

| | |
|---|---|
| **Officer:** | TODD P. DANOS |
| **Title:** | Member, Manager |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |

| | |
|---|---|
| **Officer:** | JOEL NORRIS BROUSSARD |
| **Title:** | Manager, Member |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |

## Amendments on File (3)

| Description | Date |
|---|---|
| Domestic LLC Agent/Domicile Change | 5/29/2003 |
| Amendment | 6/7/2004 |
| Appointing, Change, or Resign of Officer | 6/17/2010 |

Print

9/9/2019                                    Commercial - Search

**State of**                                    **COMMERCIAL DIVISION**
**Louisiana**                                        225.925.4704
**Secretary of**
**State**



                                             Fax Numbers
                                    225.932.5317 (Admin. Services)
                                    225.932.5314 (Corporations)
                                    225.932.5318 (UCC)

| Name | Type | City | Status |
|------|------|------|--------|
| GOL, L.L.C | Limited Liability Company | RACELAND | Active |

**Previous Names**

| | |
|---|---|
| **Business:** | GOL, L.L.C |
| **Charter Number:** | 40504065K |
| **Registration Date:** | 5/5/2011 |

**Domicile Address**

    4535 HIGHWAY 308
    RACELAND, LA 70394

**Mailing Address**

    C/O BAMBI ROPER
    P.O. BOX 309
    RACELAND, LA 70394

## Status

| | |
|---|---|
| **Status:** | **Active** |
| **Annual Report Status:** | **In Good Standing** |
| **File Date:** | 5/5/2011 |
| **Last Report Filed:** | 5/7/2019 |
| **Type:** | Limited Liability Company |

## Registered Agent(s)

| | |
|---|---|
| **Agent:** | MATT BERNARD |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |
| **Appointment Date:** | 5/5/2011 |

## Officer(s)                                    Additional Officers: No

| | |
|---|---|
| **Officer:** | TODD P. DANOS |
| **Title:** | Member, Manager |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |

| | |
|---|---|
| **Officer:** | JOEL N. BROUSSARD |
| **Title:** | Member, Manager |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |

9/9/2019                                    Commercial - Search

| Officer: | RONALD E. CHADDOCK |
| Title: | Member, Manager |
| Address 1: | 15360 HIGHWAY 3235 |
| City, State, Zip: | CUT OFF, LA 70345 |

## Amendments on File (1)

| Description | Date |
| --- | --- |
| Appointing, Change, or Resign of Officer | 4/26/2016 |

Print

9/9/2019                                                    Commercial - Search

| State of<br>Louisiana<br>Secretary of<br>State | **COMMERCIAL DIVISION**<br>225.925.4704 |
|---|---|



Fax Numbers
225.932.5317 (Admin. Services)
225.932.5314 (Corporations)
225.932.5318 (UCC)

| **Name** | **Type** | **City** | **Status** |
|---|---|---|---|
| OFFSHORE TRANSPORT SERVICES, L.L.C. | Limited Liability Company | RACELAND | Active |

**Previous Names**

**Business:**         OFFSHORE TRANSPORT SERVICES, L.L.C.
**Charter Number:**   34998330K
**Registration Date:**   10/16/2000
**Domicile Address**
          4535 HIGHWAY 308
          RACELAND, LA 70394
**Mailing Address**
          P.O. BOX 309
          RACELAND, LA 70394

## Status

**Status:**              **Active**
**Annual Report Status:**  **In Good Standing**
**File Date:**           10/16/2000
**Last Report Filed:**    9/18/2018
**Type:**                Limited Liability Company

## Registered Agent(s)

| | |
|---|---|
| **Agent:** | TODD DANOS |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |
| **Appointment Date:** | 6/11/2007 |

## Officer(s)                                    Additional Officers: No

| | |
|---|---|
| **Officer:** | REED DANOS |
| **Title:** | Member |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |

| | |
|---|---|
| **Officer:** | TIMMY DANOS |
| **Title:** | Member |
| **Address 1:** | 4535 HIGHWAY 308 |
| **City, State, Zip:** | RACELAND, LA 70394 |

| | |
|---|---|
| **Officer:** | TODD DANOS |

9/9/2019                                          Commercial - Search

| Title: | Member |
| Address 1: | 4535 HIGHWAY 308 |
| City, State, Zip: | RACELAND, LA 70394 |

## Amendments on File (1)

| Description | Date |
|---|---|
| Domestic LLC Agent/Domicile Change | 6/11/2007 |

Print

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                              *
                                              *
     *Plaintiff,*                             *
                                              *
vs.                                           *        Case No. C-682146
                                              *        Section: 27
REC Marine Logistics LLC et al.               *
                                              *
     *Defendants.*                            *
                                              *

*************************************************************************

## ORDER

The Court, having considered Defendant REC Marine Logistics LLC, Gulf

Offshore Logistics LLC, and GOL LLC's exceptions and Motion to Dismiss, Plaintiff's

response, and arguments of counsel, is of the opinion that Defendants Exceptions and

Motion should be DENIED in their entirety.


Thus done and signed in _____, Louisiana this _____ day of

_____, 2019.



                                    _____
                                    Judge, 19th Judicial District Court

EAST BATON ROUGE PARISH
Filed Oct 09, 2019 10:56 AM
Deputy Clerk of Court

C-682146
27

# MORROW █ SHEPPARD LLP
### *Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD     |     DSHEPPARD@MORROWSHEPPARD.COM     |     713.489.1206

October 7, 2019

East Baton Rouge Parish Clerk of Court          ***Via Certified Mail***
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

    Re:   *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

On September 23, 2019, Judge White ruled on various motions filed by Plaintiff and Defendants. Enclosed is the judgment prepared in connection with the Court's rulings. Also included is a letter to Judge White (with exhibits).

Please file and provide the original documents to the Court for review and/or signature. Please issue notices reflecting the Court's judgment.

Thank you for your attention to this matter and please contact us if anything else is required on our end.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc: Fred Salley

EAST BATON ROUGE PARISH
Filed Oct 09, 2019 10:56 AM
Deputy Clerk of Court

C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                          *
                                          *
    *Plaintiff,*                          *
                                          *
vs.                                       *          Case No. C-682146
                                          *          Section: 27
REC Marine Logistics LLC;                 *
GOL, LLC; Gulf Offshore Logistics LLC;    *
American Steamship Owners Mutual          *
Protection and Indemnity Association      *
Inc.                                      *
                                          *
    *Defendants.*                         *
                                          *

*******************************************************************

## JUDGMENT

On the 23rd of September 2019, a hearing was held before this Court on the following Motions:

    1. Defendants' Exceptions and Motions to Dismiss

    2. Plaintiff's Motion for Leave to File Plaintiff's First Amended Petition

    3. Plaintiff's Motion to Compel

This Court reviewed the Motions filed by Plaintiff and Defendants, responses thereto (if any), and arguments of counsel, and considering the law on the issues, rendered the following judgment:

IT IS ORDERED, ADJUDGED, AND DECREED that (a) Defendants Exceptions and Motions to Dismiss are DENIED in all parts; (b) Plaintiff's Motion for Leave to File Plaintiff's First Amended Petition is GRANTED; and (c) Plaintiff's Motion to Compel is GRANTED.

Defendant REC Marine Logistics, LLC is further ORDERED to respond to all Plaintiff's First Interrogatories and Requests for Production of Documents no later than October 23, 2019.

Signed this **13th** day of **October**, 2019.

_____
HONORABLE JUDGE TRUDY M. WHITE

RULE 9.5 CERTIFICATE

I certify that I circulated this proposed judgment/order to counsel for all parties and/or to self-represented parties by email on September 24, 2019.

_____ No opposition was received; or
X_____ The following opposition was received

On information and belief, Fred Salley (attorney for REC Marine Logistics, GOL, LLC, and Gulf Offshore Logistics, LLC) opposes the judgment for the grounds stated in his September 24, 2019 letter to the Court.

Since then, Mr. Salley has additionally claimed he did not have Plaintiff's response to Defendants' motion to dismiss. As discussed in the letter dated October 7, 2019 from Mr. Daniel Sheppard to Judge White (copy sent to Fred Salley), the response was served via mail on September 11, 2019, it was additionally sent to Mr. Salley via email when he claimed on the phone he did not have it. Further, copies were at the hearing, and Mr. Salley did not claim at the hearing he did not have the response, and he made no mention of that fact in his September 24, 2019 letter to the Court.

I have allowed at least five (5) working days before presentation to the court.

Certified this 7th day of October, 2019.

Daniel E. Sheppard
Attorney for Plaintiff

EAST BATON ROUGE PARISH
Filed Oct 09, 2019 10:56 AM
Deputy Clerk of Court

C-682146
27

# MORROW & SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR, STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD    |    DSHEPPARD@MORROWSHEPPARD.COM    |    713.489.1206

October 7, 2019

Honorable Judge Trudy M. White          *Via U.S. Mail*
19th Judicial District Court
300 North Boulevard
Baton Rouge, Louisiana 70802

Re:    *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Judge White:

We write to (a) submit a proposed judgment for rulings issued by the Court on September 23, 2019 attached as PX-1, and (b) to respond to a letter sent by Defendants to the Court objecting to the proposed judgment.

On September 23, 2019, the Court heard and ruled on various motions filed by Plaintiff and Defendants. These motions were as follows:

1. Defendants' Exceptions and Motions to Dismiss filed May 28, 2019
2. Plaintiff's Motion for Leave to File Plaintiff's First Amended Petition filed September 4, 2019
3. Plaintiff's Motion to Compel filed September 10, 2019

Attached as PX-1 is Plaintiff's proposed judgment reflecting the Court's rulings. We ask that it be entered.

The proposed judgment was sent to Defendants' on September 24, 2019 for their input in accordance with the rules. In response, they sent a letter to the Court and an email to counsel objecting to the judgment.

The Defendants seem to allege the Court's hearing and rulings on Plaintiff's motions—but not their own motion—were "illegal, unscheduled, and unheard." *See* Defendants' letter dated September 24, 2019.

The Defendants are wrong. On September 8, 2019 and September 18, 2019, the Court set Plaintiff's motions for oral hearing to occur on September 23, 2019 at the same time as Defendants' motion. *See* PX-2 and PX-3. I personally contacted counsel for Defendants, Mr. Fred Salley, via telephone on September 19, 2019 to be sure he was aware of the hearing on all motions. After a brief discussion, Mr. Salley hung up on me after stating he was under no obligation to respond to our motions. I then sent Mr. Salley an email confirming that the Court would be holding a hearing on all motions on September 23, 2019. *See* Exhibit PX-4. Mr. Salley and I have communicated

by email previously in this case on multiple occasions, and I have received emails from Mr. Salley in this case (including his objections to all discovery).

The Court ruled on the motions on September 23, 2019 following a full hearing. Counsel for Defendants, Mr. Fred Salley, was present and participated. The Court will recall that Mr. Salley admitted at the hearing that he had issued written objections to all of Plaintiff's discovery, but that he had not read the requests. The Court gave Defendants and Mr. Salley 30 additional days to issue discovery responses, and Mr. Salley informed the Court that would be enough time.

In his September 24, 2019 letter to this Court and without any legal support, Mr. Salley and the Defendants claim this Court was not allowed to conduct any hearing on any motion but their own motion to dismiss. That is not true. Louisiana jurisprudence expressly permits discovery measures on the issue of jurisdiction. *See Johnson v. Byrd*, 48,411 La. App. 2 Cir. 9/25/13, 11–12, 125 So. 3d 1220, 1227 ("A survey of Louisiana jurisprudence on this issue indicates that courts routinely consider evidence such as depositions, affidavits, *answers to interrogatories, and documentary evidence* when deciding declinatory exceptions of lack of personal jurisdiction") (emphasis added); *see also* LA. Code of Civil Procedure article 1151 (which states that the Court has the authority to allow Plaintiff to amend his petition).

Since his September 24, 2019 letter, Mr. Salley and the Defendants have raised a new argument, namely, that they did not receive Plaintiff's response to Defendants' motion to dismiss. It was served via mail on the day it was filed, September 11, 2019. *See* Certificate of Service. It was also sent to Mr. Salley via email on September 19, 2019. *See* Exhibit PX-4. Mr. Salley also never raised these issues at the hearing. Finally, this is not a basis to object to the Court's rulings on Defendants' own motion, which has not basis in fact or law.

We request that this Court enter the attached proposed judgment attached as PX-1 and for all other relief to which Plaintiff is entitled.

Regards,

*/s/ Daniel E. Sheppard*

Daniel E. Sheppard

cc: Fred Salley (by email, facsimile, and/or U.S. mail)

PX-1

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                              *
                                              *
        *Plaintiff,*                          *
                                              *
vs.                                           *        Case No. C-682146
                                              *            Section: 27
REC Marine Logistics LLC;                     *
GOL, LLC; Gulf Offshore Logistics LLC;        *
American Steamship Owners Mutual              *
Protection and Indemnity Association          *
Inc.                                          *
                                              *
        *Defendants.*                         *
                                              *
************************************************************************

## JUDGMENT

On the 23rd of September 2019, a hearing was held before this Court on the following

Motions:

    1. Defendants' Exceptions and Motions to Dismiss

    2. Plaintiff's Motion for Leave to File Plaintiff's First Amended Petition

    3. Plaintiff's Motion to Compel

This Court reviewed the Motions filed by Plaintiff and Defendants, responses thereto (if

any), and arguments of counsel, and considering the law on the issues, rendered the following

judgment:

IT IS ORDERED, ADJUDGED, AND DECREED that (a) Defendants Exceptions and

Motions to Dismiss are DENIED in all parts; (b) Plaintiff's Motion for Leave to File Plaintiff's

First Amended Petition is GRANTED; and (c) Plaintiff's Motion to Compel is GRANTED.

Defendant REC Marine Logistics, LLC is further ORDERED to respond to all Plaintiff's

First Interrogatories and Requests for Production of Documents no later than October 23, 2019.

Signed this _____ day of _____, 2019.

_____
HONORABLE JUDGE TRUDY M. WHITE

RULE 9.5 CERTIFICATE

I certify that I circulated this proposed judgment/order to counsel for all parties and/or to self-represented parties by email on September 24, 2019.

_____ No opposition was received; or

__X_____ The following opposition was received

On information and belief, Fred Salley (attorney for REC Marine Logistics, GOL, LLC, and Gulf Offshore Logistics, LLC) opposes the judgment for the grounds stated in his September 24, 2019 letter to the Court.

Since then, Mr. Salley has additionally claimed he did not have Plaintiff's response to Defendants' motion to dismiss. As discussed in the letter dated October 7, 2019 from Mr. Daniel Sheppard to Judge White (copy sent to Fred Salley), the response was served via mail on September 11, 2019, it was additionally sent to Mr. Salley via email when he claimed on the phone he did not have it. Further, copies were at the hearing, and Mr. Salley did not claim at the hearing he did not have the response, and he made no mention of that fact in his September 24, 2019 letter to the Court.

I have allowed at least five (5) working days before presentation to the court.

Certified this 7th day of October, 2019.

_____
Daniel E. Sheppard
Attorney for Plaintiff

**PX-2**



**19TH JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**
**300 NORTH BLVD**
**BATON ROUGE, LA 70801**

**9TH DAY OF SEPTEMBER, 2019**

TO:    DANIEL E. SHEPPARD
       MORROW & SHEPPARD LLP
       3701 KIRBY DRIVE, SUITE 1000
       HOUSTON, TX 77098

**MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL**

**CASE NUMBER:** C-682146

**JUDGE:** HON TRUDY M. WHITE

**DIVISION:** 27 **ROOM:** 8D

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE ON 09/23/2019 AT 09:30 AM FOR RULE.

COMMENTS: PETITION FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES FILED BY PLAINTIFF MCARTHUR GRIFFIN AND ATTORNEY DANIEL SHEPPARD.

*[signature]*

JUDICIAL ASSISTANT TO
HON TRUDY M. WHITE

NOTIFIED:
DANIEL E. SHEPPARD
FRED EARL SALLEY

**PX-3**



19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
300 NORTH BLVD
BATON ROUGE, LA 70801

**18TH DAY OF SEPTEMBER, 2019**

TO:   DANIEL E. SHEPPARD
      MORROW & SHEPPARD LLP
      3701 KIRBY DRIVE, SUITE 1000
      HOUSTON, TX 77098

**MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL**

**CASE NUMBER:** C-682146

**JUDGE:** HON TRUDY M. WHITE

**DIVISION:** 27 **ROOM:** 8D

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE ON 09/23/2019 AT 09:30 AM FOR MOTION TO COMPEL.

COMMENTS: FILED BY THE PLAINTIFF MCARTHUR GRIFFIN AND ATTORNEY DANIEL SHEPPARD.

*Jori Sutin*

JUDICIAL ASSISTANT TO
HON TRUDY M. WHITE

NOTIFIED:
DANIEL E. SHEPPARD
FRED EARL SALLEY

PX-4

**Daniel Sheppard**

| | |
|---|---|
| **From:** | Daniel Sheppard |
| **Sent:** | Thursday, September 19, 2019 5:14 PM |
| **To:** | fsalleyA |
| **Cc:** | John Sheppard |
| **Subject:** | RE: Griffin v. REC Marine Logistics |
| **Attachments:** | Griffin – Response to Exceptions and Motion to Dismiss.pdf; Griffin - Motion for Leave.pdf; McArthur_Plaintiff's Motion to Compel with Exhibits.pdf |

Fred,

To recap our conversation from earlier today:

1. It is my understanding that the Court has scheduled Plaintiff's motion to compel for hearing on Monday (along with Defendants exceptions and motions to dismiss and Plaintiff's motion for leave). I called you earlier to alert you to this to avoid any surprise to you should the Court take up the motion to compel. If taken up, we intend on arguing the motion. It is Plaintiff's understanding that you (a) refuse to confer on any discovery issue or respond to discovery, arguing that the Court cannot compel REC to respond to discovery; and (b) do not intend on filing a response to Plaintiff's motion to compel. Should your position change, I will make every effort to make myself available today and tomorrow to discuss. I will also attempt to be at the courthouse in advance of our hearing should you wish to address the discovery issues that have been raised or the other motions to be heard.

2. You stated you may not have received Plaintiff's response to the entity-defendants' exceptions and motion to dismiss. As discussed, Plaintiff's response was served on Defendants' last week. I have attached an electronic copy of Plaintiff's response to this email.

For your convenience, I am also attaching Plaintiff's motion for leave to amend and Plaintiff's motion to compel (these documents have previously been sent to you by mail):

- Plaintiff's response to Defendants' exceptions and motion to dismiss.
- Plaintiff's motion for leave to amend petition
- Plaintiff's motion to compel discovery

Daniel E. Sheppard

MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815 F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

From: Daniel Sheppard
Sent: Thursday, September 19, 2019 3:22 PM
To: fsalleyA <fsalley@acadiacom.net>

1

**Cc:** John Sheppard <jsheppard@morrowsheppard.com>
**Subject:** Griffin v. REC Marine Logistics

Fred,

My understanding is that the following Motions will be taken up by the Court on Monday, September 23, 2019 at 9:30 a.m.:

- Defendants' exceptions and motions to dismiss
- Plaintiff's motion for leave to amend petition
- Plaintiff's motion to compel

I have not received a notice in the mail regarding the motion to compel, but it is my understanding that it will be heard along with the parties other motions. I'm sure the Court would like for us to discuss the motion to compel before the hearing. I am generally available today and tomorrow to discuss.

—
**Daniel E. Sheppard**

MORROW ✦ SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
**T:** 713-489-4815  **F:** 713-893-8370
**E:** dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

2

EAST BATON ROUGE PARISH    C-682146
Filed Nov 04, 2019 2:36 PM    27
Deputy Clerk of Court

# MORROW  SHEPPARD LLP
### *Trial Attorneys*

3701 Kirby Dr, Ste 1000
Houston, Texas 77098
www.morrowsheppard.com

Daniel E. Sheppard    |    dsheppard@morrowsheppard.com    |    713.489.1206

November 4, 2019

East Baton Rouge Parish Clerk of Court          ***Via Hand Delivery***
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

     Re:   *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

Enclosed are the original documents for the above-referenced case:

1. Plaintiff's First Supplemental and Amended Petition for Damages
2. Plaintiff's Motion for Contempt and for Sanctions and Memorandum
3. Exhibits to Plaintiff's Motion for Contempt and for Sanctions
4. Rule to Show Cause

Please file and provide the original documents to the Court for consideration. Please pass the Rule to Show Cause to Judge White for processing and service on counsel.

Thank you for your attention to this matter and please contact us if anything else is required on our end.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:
John D. Sheppard (firm)
Brilliant Clayton (Clayton, Fruge, & Ward)
Fred E. Salley (Salley and Associates)

EAST BATON ROUGE PARISH
Filed Nov 04, 2019 2:36 PM
Deputy Clerk of Court

C-682146
27

CIVIL DISTRICT-COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

**************************************************************************

**PLAINTIFF'S MOTION FOR CONTEMPT AND FOR SANCTIONS RESULTING FROM DEFENDANT REC MARINE LOGISTICS, LLC'S REFUSAL TO FOLLOW THE COURT'S ORDER COMPELLING DISCOVERY**

Plaintiff McArthur Griffin respectfully moves this Court for an order, pursuant to La. Code Civ. Proc. Articles 1470, 1471, and La. R.S. 13:4611, holding Defendant REC Marine Logistics LLC ("Defendant") in contempt of court and for issuance of appropriate penalties upon Defendant as this Court finds reasonable.

## BACKGROUND

On September 23, 2019, the Court held a hearing and granted Plaintiff's motion to compel and ordered Defendant to respond to Plaintiff's initial discovery by October 23, 2019. On October 24, 2019, Plaintiff sent a letter to Mr. Salley by email, fax, and mail to address the discovery issues. No response was received. On October 25, 2019, Plaintiff's counsel called Mr. Salley again to address the discovery issues. Mr. Salley stated without equivocation that (a) he (and his client) are under no obligation to respond to discovery and (b) that he will not be responding to discovery as ordered by the Court. Mr. Salley unilaterally terminated the call by hanging up the phone.

1

By refusing to comply with the judgment issued by this Court, Defendant abused the discovery process and, as such, should be sanctioned with the penalties allowed by law.

## CONCLUSION AND PRAYER

Plaintiff prays that this Court issue an order holding Defendant in contempt of court with appropriate fines and/or other appropriate penalties for its violation of this Court's rulings and Judgment, and in addition, for attorney's fees and other reasonable expenses.

Plaintiff further prays that this Court issue a judgment by default against Defendant, or, in the alternative, for an order prohibiting Defendant from offering or eliciting any testimony from Plaintiff, other defendants, their witnesses and/or experts and/or prohibiting Defendant from introducing any exhibits at the trial on the merits, or, in the alternative, for an order striking all of Defendant's claims and affirmative defenses. Plaintiff also requests that the Court strike all of Defendant's objections to discovery.

MORROW & SHEPPARD, LLP
Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

*Attorneys for Plaintiff, McArthur Griffin*

2

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin          *
                         *
     *Plaintiff,*         *
                         *
vs.                     *      Case No. C-682146
                         *        Section: 27
REC Marine Logistics LLC et al.    *
                         *
     *Defendants.*       *
                         *

*********************************************************************

## RULE TO SHOW CAUSE

Considering the forgoing motion for contempt:

IT IS ORDERED, ADJUDGED AND DECREED that Defendant REC Marine

Logistics, LLC, show cause on the __02__ day of __December__ 2019 at __9:30__

a.m./~~p.m.~~, why Plaintiff's Motion for Contempt and sanctions should not be granted.

Baton Rouge, Louisiana, this __05__ day of __November__, 2019.

_____
HONORABLE TRUDY M. WHITE
JUDGE, 19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

**PLEASE SERVE:**

Defendant, REC Marine Logistics, LLC
Through their counsel of record:

Fred E. Salley
Salley & Associates
77378 Highway 1081
P.O. Box 3549
Covington, LA 70434

EAST BATON ROUGE PARISH
Filed Nov 04, 2019 2:36 PM
Deputy Clerk of Court

C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*************************************************************************

### MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT AND FOR SANCTIONS RESULTING FROM DEFENDANT REC MARINE LOGISTICS, LLC'S REFUSAL TO FOLLOW THE COURT'S ORDER COMPELLING DISCOVERY

Plaintiff McArthur Griffin files Motion for Contempt and for Sanctions.

### BACKGROUND

On or about May 25, 2018, Mr. Griffin was injured aboard the *MV Dustin Danos.* Following his injury, Mr. Griffin began receiving maintenance and cure. That all changed in early- to mid-2019 when the maintenance checks Mr. Griffin had been receiving started being withheld (or delayed). Ultimately, on information and belief, Mr. Griffin's maintenance and cure benefits were terminated because he chose to file a lawsuit.

Plaintiff has made several formal and informal attempts to conduct basic discovery. Each attempt, whether formal or informal has been met with tactics aimed at delaying, stonewalling and/or obstructing discovery.

To date, Plaintiff's legal team has taken the following actions to obtain basic discovery:

1. Asked Fred Salley to provide the names of the proper parties. *See* PX-1 (Email to Fred Salley dated May 31, 2019). **This email was ignored.**

2. Called Drew Aucoin[1] and asked him to name the insurance carrier handling Mr. Griffin's claim. **Mr. Aucoin refused to provide information.**

3. On August 9, 2019, Plaintiff served discovery on REC Marine. **All discovery was objected to and nothing was produced.** *See* PX-2 (Plaintiff's Initial Discovery and Defendant REC Marine's Objections).

4. Plaintiff sent a Rule 10.1 letter to Mr. Salley to resolve the discovery issues. *See* PX-3 (First Rule 10.1 Letter). **This mandatory letter was met with a threat of sanctions.** *See* PX-4 (Email from Fred Salley dated August 12, 2019).

5. On September 10, 2019, Plaintiff filed a Motion to Compel discovery from Defendant REC Marine. *See* Plaintiff's First Motion to Compel Discovery from Defendant REC Marine. **Mr. Salley claims to have not received notice of the hearing, despite being notified by the Court and Plaintiff's counsel.**

6. On September 19, 2019, counsel for Plaintiff contacted Mr. Salley again to address the ongoing discovery issues. **Mr. Salley refused to engage in the conference and hung up the phone.**

7. September 23, 2019, the Court held a hearing and granted Plaintiff's motion to compel and ordered Defendant to respond to Plaintiff's initial discovery by October 23, 2019. *See* PX-5 (Court Order Ignored by Defendant).

8. On October 24, 2019, Plaintiff sent a letter to Mr. Salley by email, fax, and mail to address the discovery issues. *See* PX-6 (October 24, 2019 letter to Mr. Salley). **No response was received.**

9. On October 25, 2019 Plaintiff's counsel called and emailed Mr. Salley again to address the discovery issues. **Mr. Salley stated without equivocation that (a) he (and his client) are under no obligation to respond to discovery and (b) that he will not be responding to discovery as ordered by the Court.[2]**

Defendant has taken the preposterous position that they do not need to follow this Court's order. To date, it is unclear whether Mr. Salley has provided his client with the discovery requests that were served in August 2019 (the Court may recall that Mr. Salley admitted in open court that, despite raising a global objection to Plaintiff's discovery requests, he had not even read them prior to motion to compel hearing on September 23, 2019).[3] Defendant's inaction and ongoing abuse of the discovery process is out of bounds and, as such, should be sanctioned with the penalties allowed by law.

---

[1] Mr. Aucoin role is unclear, but he appears to be a claims adjuster for Defendant's insurer.

[2] Defendant's position is incredible considering it has admitted it must respond to certain discovery. *See* PX-2 (Defendant's Global Discovery Objection).

[3] If Mr. Salley has not provided Defendant with Plaintiff's initial discovery, these sanctions may need to include Mr. Salley.

Defendant continues to ignore a court order to respond to discovery. Accordingly, Defendant has misused the discovery process and should be sanctioned with appropriate penalties pursuant to La. Code Civ. Proc. Articles 1470, 1471, and La. R.S. 13:4611.

**EXHIBITS**

PX-1  Email to Fred Salley dated May 31, 2019
PX-2  Plaintiff's Initial Discovery and Defendant REC Marine's Objections
PX-3  First Rule 10.1 Letter
PX-4  Email from Fred Salley dated August 12, 2019
PX-5  Court Order Ignored by Defendant
PX-6  Second Rule 10.1 letter to Mr. Salley

**LAW AND ARGUMENT**

I.  **Contempt of Court – Direct Contempt and Constructive Contempt**

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. *See* La. Code Civ. Proc. Art. 221. There are two types of contempt: direct and constructive. *Id.* Direct contempt is defined as an act committed in the presence of the court and of which the court has personal knowledge, or the failure to comply with an order to appear at court. *See* La. Code Civ. Proc. Art. 222. Constructive contempt of court is any contempt other than a direct one. *See* La. Code Civ. Proc. Art. 224.

La. Code Civ. Proc. Art. 224 provides, in relevant part:

> A constructive contempt of court is any contempt other than a direct one. Any of the following acts constitutes a constructive contempt of court:
>
> ......
>
> (2) **Willful disobedience of any lawful judgment**, order, mandate, writ, or process of the court;
>
> ......
>
> (4) **Deceit or abuse of the process** or procedure of the court by a party to an action or proceeding, or **by his attorney;**
>
> ......

3

(10) Any other act or omission punishable by law as a contempt of court, or intended to **obstruct** or interfere with the orderly administration of justice, or to **impair the dignity of the court or respect for its authority**, and which is not a direct contempt.

## II.    Penalties for Contempt Pursuant to La. R.S. 13:4611

La. R.S. 13:4611 provides, in relevant part:

(1) The Supreme Court, the courts of appeal, the district courts.... may punish a person adjudged guilty of contempt of court therein, as follows:

(a) For a direct contempt of court committed by an attorney at law, by a fine of not more than one hundred dollars, or by imprisonment for not more than twenty-four hours, or both; and, for any subsequent contempt of the same court by the same offender, by a fine of not more than two hundred dollars, or by imprisonment for not more than ten days, or both;

(c) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act.

(d)(i) For any other contempt of court, ... by a fine of not more than five hundred dollars or imprisonment for not more than three months, or both.

(d)(ii) In addition to or in lieu of the penalties provided by this Paragraph, the court may order that the person perform litter abatement work or community service in a court-approved program for each day he was to be imprisoned, provided that the total days of jail, litter abatement work, and community service do not exceed the maximum sentence provided by this Paragraph

## III.    Contempt and Sanctions for Knowing Refusal to Respond to Discovery

In addition to being held in contempt of court for violating the general rules governing contempt, Defendant should be held in contempt and sanctioned for blatantly refusing to respond to discovery. By knowingly refusing to respond to discovery, Defendant misused and impeded the discovery process.

### A.    Purpose of Discovery

The purpose of pretrial discovery is to allow each party an opportunity to discover evidence and to assist the parties in the preparation of their case. The goal

4

is to avoid last minute, surprise evidence against either party. *Theriot v. State, Department of Wildlife and Fisheries*, 94-1536 (La.App. 1 Cir. 4/7/95), 661 So.2d 986; *Morehead v. Ford Motor Company*, 29,399 (La.App. 2 Cir. 5/21/97), 694 So.2d 650. The theory inherent in pretrial procedure is to avoid ambush and allow the orderly disposition of a case. Conduct which inhibits or detracts from this purpose should not be rewarded and the offended party should not be prejudiced. *Zanca v. Exhibition Contractors Co.*, 614 So.2d 325 (La.App. 4 Cir. 1993). The purpose of the discovery articles is to prevent the type of prejudicial conduct which has occurred in the instant matter.

### B.    Additional Penalties Pursuant to La. Code Civ. Proc. Art. 1471

In addition, La. Code Civ. Proc. Articles 1471 provide for contempt and penalties for Defendant's precise misconduct in this matter. *See* La. Code Civ. Proc. Article 1471 lists the penalties this Court may issue to defendant.

La. Code Civ. Proc. Art. 1471 provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

> (4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Defendant refuses to provide basic information and has made it clear they will not obey the Court's order. Based on Defendant's failure to comply with this Court's order compelling discovery, this Court may, in addition to the general penalties of contempt, (1) issue an order establishing all facts of plaintiff's claims as true; (2) issue an order disallowing Defendant from supporting any of its claims or defenses, or opposing any of plaintiff's claims; (3) issue an order prohibiting Defendant from introducing designated matters into evidence; (4) issue an order striking out pleadings or parts of pleadings; or (5) issue an order rendering a judgment by default against Defendant.

C.     <u>Applicable Law on Additional Penalties Pursuant to La. Code Civ. Proc. Art. 1471</u>

Pursuant to La. Code Civ. Proc. Art. 1471, this Court may enter a judgment of default against Defendant. Within the broad discretion granted to the trial court is the ability to render a judgment by default against a disobedient party. In considering such a sanction, the Louisiana Supreme Court has looked to the Federal district courts for guidance. In *Horton v. McCary*, 635 So.2d 199, 93-2315 (La. 4/11/94), the Louisiana Supreme Court adopted the same four factors that Federal district courts consider in deciding whether or not to grant a judgment by default in such a scenario:

> Federal district courts consider four factors before granting a default judgment: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. *Id.* at 203.

6

The *Horton* court also reiterated the need for these sanctions and explained that there is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. The Court explained: "Refusal to comply with court ordered discovery is a serious matter. Trial judges must have severe sanctions available to deter litigants from flouting discovery orders." *Id.* at 203.

Per La. Code Civ. Proc. Art. 1471(2), this Court can also refuse to allow Defendant to support or oppose designated claims or defenses, or prohibit him from introducing designated matters in evidence. *See also Corliss v. Elevating Boats, Inc.*, (La. App. 4th Cir. 1992), 599 So.2d 434. (Court prohibited defendant who failed to produce witness information and documents from calling individual as witness and excluded use of documents).

In either instance, the trial judge has much discretion in imposing sanctions for failure to comply with discovery orders, and a judge's choice of sanctions will not be reversed absent a clear showing that judge abused that discretion. *Lane v. Kennan*, 2004-2118 (La. App. 4 Cir. 4/27/05), 901 So.2d 630.

E.    **Defendants' Disregard for Discovery Rules Warrants Default Judgment**

In order for a judgment of default to be entered against Defendant, Plaintiff must satisfy the four factors set forth by the Louisiana Supreme Court in *Horton.*

First, the Court must consider whether the violation was willful or resulted from an inability to comply. Defendant (though its attorney Mr. Salley), in no uncertain terms, told this Court that discovery could be responded to in 30 days, a time delay chosen by Defendant. Plaintiff sent Defendant's attorney a letter about the overdue discovery—the letter did not receive a response. Plaintiff's counsel spoke with Mr. Salley and he claimed to have not received the Court's signed judgment (Plaintiff's counsel provided Mr. Salley with a copy of the Court's signed

order). Finally, Defendant's attorney stated he would not respond to discovery because the Court could not order him or his client to do so. There is no evidence that Defendant has taken any steps to comply with the Court's ruling on September 23, 2019 or subsequent order. Defendant chose the due date for its discovery responses. They cannot now feign surprise. Defendant's failure to comply with the Court's order was willful and there was no justification for its refusal to respond to discovery.

Turning to the second factor, this Court must decide if less drastic actions would be effective. The answer is clearly no. The Court ordered Defendant to respond to discovery. When Defendant's attorney claimed to not have received the Court's order, counsel for Plaintiff provided him with a copy of the signed order. That did not sway Defendant's attorney. Defendant has simply ignored and refused to comply with the Court's order. There is nothing else that this Court can do, except to enter the judgment by default.

The third factor is whether the violation prejudiced Plaintiff's trial preparation, which it clearly has. Defendant has refused to produce a single document and will not answer interrogatories. Plaintiff does not even know what facts Defendant is using to support its defenses. Plaintiff does not know what information or documentation supports Defendant's claims, and such information directly affects the manner in which Plaintiff will proceed with his claims.

The final factor is whether Defendant participated in the violation or whether they misunderstood the Court's order. The order signed by the Court was provided to Defendant's to review. Defendant's disagreed with the order, but never once claimed to have misunderstood the Court's order. Further, the Court's order is the memorialization of rulings made by the Court. Defendant participated in the hearing when those rulings took place and told the Court when it could respond to

discovery.   Nothing was misunderstood—defendant simply ignored this Court's order.

Under these facts, Plaintiff has established all the requisite factors necessary for a default judgment, and a default judgment should be entered against Defendant.   This serious sanction is necessary to deter Defendant from "flouting discovery orders" in this case (and in future litigation).

Although the entry of the judgment of default is clearly warranted, this Court can also prohibit Defendant from offering or eliciting any testimony from Plaintiff, the defendants, their witnesses or experts and/or prohibiting Defendant from introducing any exhibits at the trial on the merits or, in the alternative, for an order striking all of Defendant's affirmative defenses all pursuant to La. Code Civ. Proc. Art. 1471.

As such, if this Court does not grant the judgment by default, Plaintiff requests that one of the alternative reliefs be granted.

<u>CONCLUSION</u>

Applying the law to the facts of this case, the actions of Defendant, at the very least warrant an order of contempt by this Court.

Based upon the foregoing, plaintiff respectfully requests that this Court issue an order holding Defendant in contempt of court with appropriate penalties, pursuant to La. Code Civ. Proc. Articles 222 and 224, and La. R.S. 13:4611, and for attorney's fees and other reasonable expenses.

Plaintiff respectfully requests that this Court issue an order holding Defendant in contempt with a fine of five hundred dollars and a sentence of imprisonment for up to thirty days, as this Court deems appropriate.

Plaintiff further respectfully requests that this Court enter a judgment by default against Defendant, or, in the alternative, for an order prohibiting Defendant

from offering or eliciting any testimony from Plaintiff, the defendants, their witnesses or experts and/or prohibiting Defendant from introducing any exhibits at the trial on the merits, or, in the alternative, for an order striking all of Defendant's claims and affirmative defenses, pursuant to La. Code Civ. Proc. Art. 1471.

Respectfully submitted:

MORROW & SHEPPARD, LLP
Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

*Attorneys for Plaintiff, McArthur Griffin*

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*************************************************************************

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email,  and/or by any other authorized means.

Brilliant Clayton

EAST BATON ROUGE PARISH
Filed Nov 04, 2019 2:36 PM
Deputy Clerk of Court

C-682146
27

**Daniel Sheppard**

| | |
|---|---|
| **From:** | John Sheppard |
| **Sent:** | Friday, May 31, 2019 5:34 PM |
| **To:** | fsalleyA; aucoindrew@cox.net |
| **Cc:** | Daniel Sheppard |
| **Subject:** | Griffin, M. v. REC Marine et al. |

Fred,

We just received your motion stating that the insurance company we named does not provide insurance to any of the defendants we named. Have you confirmed that with all the defendants—including those you do not represent? More importantly, (a) what is the name of the insurance company that is providing maintenance and cure to Plaintiff, (b) what is the name of the liability companies for each of the defendants, and (c) what is the insurance provider for the MV Dustin Danos vessel?

I am copying Drew Aucoin and present the same questions to him. An injured person has the right to know the name of the insurance company providing or owing him benefits. We want to speak with them. Mr. Griffin expressly asked for this information from the company representatives. Please note that a refusal to identify the insurance company at issue and to provide contact information for them will be deemed an attempt to further thwart and impede the open flow of communication on maintenance and cure issues. The employer has already threated (and did) cut off Mr. Griffin from benefits once.

Sincerely,

John Sheppard
Morrow & Sheppard LLP



1

# MORROW **&** SHEPPARD ᴸᴸᴾ
## *Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD  |  DSHEPPARD@MORROWSHEPPARD.COM  |  713.489.1206

August 9, 2019

Fred E. Salley                                    ***Via Email, Fax, and U.S. Mail***
Salley & Associates
P.O. Box 3549
77378 Highway 1081
Covington, Louisiana 70434
fsalley@charter.net
985.867.3368 fax

Todd P. Danos                                     ***Via U.S. Mail***
GOL LLC
4535 Highway 308
Raceland, Louisiana 70394

Todd P. Danos                                     ***Via U.S. Mail***
Gulf Offshore Logistics LLC
4535 Highway 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association    ***Via U.S. Mail***
c/o Shipowners Claims Bureau, Inc.
1 Battery Park Plaza, 31ˢᵗ Floor
New York, New York 10004

 Re:  *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

Enclosed please find Plaintiff's first interrogatories and requests for production propounded on
Defendant REC Marine Logistics, LLC.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:

John D. Sheppard (firm)



CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| | * | |
| | * | |
| VS. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association. | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    REC Marine Logistics LLC
c/o Fred E. Salley
Salley & Associates
P.O. Box 3549
77378 Hwy. 1081
Covington, Louisiana 70434
985.867.8830 tel
985.867.3368 fax

**NOW COMES PLAINTIFF, MCAUTHUR GRIFFIN**, through undersigned counsel,

who propounds the following Interrogatories and Requests for Production of Documents upon

Defendant **REC MARINE LOGISTICS LLC** in accordance with notice under the provisions of

the Louisiana Code of Civil Procedure, Articles 1457, 1458, 1459, 1428, 1461, and 1491, as

follows:

### DEFINITIONS AND INSTRUCTIONS FOR USE

1.    "Plaintiff" means the Plaintiff(s) named in this lawsuit.

2.    The "Incident" means the incident at issue in this lawsuit, specifically, the incident that occurred on or about May 25, 2018, and/or the date Plaintiff suffered an injury while working on the MV Dustin Danos. Further allegations and context are contained in Plaintiff's Original (and/or any Amended) Petition for Damages.

3.    "Defendant REC Marine Logistics" means REC Marine Logistics LLC and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

4.    The "Location" or "Premises" means the MV Dustin Danos.

5.    "Claim" means all claims for reimbursement of damages allegedly caused by the Incident, including insurance claims.

6.    "That relate to" or "related to" means regarding, relating to, referring to, pertaining to, describing, evidencing, supporting, or discussing the referenced matter.

7.   "Correspondence" means written communications of any kind including documents, electronic message, or other form of recorded information that is mailed, faxed, emailed, sent by text message, sent by instant message, posted to the internet or social media, or otherwise transmitted or communicated between persons or entities.

8.   "Documents" are every original (or copies if you do not have originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, any other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

9.   "Materials" are all documents and correspondence.

10.   "Each" means each and every.

11.   "Including" means including but not limited to.

12.   "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

13.   "Petition" or "Complaint" means a pleading seeking relief in this cause.

14.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be considered outside its scope.

15.   The use of the singular form of any word includes the plural and vice versa.

16.   "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

17.   "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, cables or some other electronic or other medium.

18.   "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all owners and operators of the MV Dustin Danos (a) at the time of the Incident, (b) one month preceding and following the Incident, and (c) the present.

**INTERROGATORY NO. 2.** Identify the company or companies that chartered the MV Dustin Danos on the date of the Incident by providing the names of all parties to the charter agreement(s)/contract(s), date of the agreement(s)/contract(s), and a statement as to whether the agreement(s)/contract(s) were written.

**INTERROGATORY NO. 3.** State fully and completely (1) how the alleged Incident happened, providing in your answer a complete chronology of events beginning one hour prior to the Incident and one hour after the Incident and (2) all factors or events which you believe caused or contributed to the cause of the Incident.

**INTERROGATORY NO. 4.** Identify all persons on board the M/V Dustin Danos at the time of the Incident and one month preceding and following the Incident, including their name, title, address, telephone number, and employer.

**INTERROGATORY NO. 5.** Fully describe any statements, either oral or written, at the time of the Incident or regarding the Incident, specifying whether the statement was oral or written, to whom it was given, the name, address, phone number, and employer of the person to whom it was given, the substance of the statement, and who, if the statement is in written or recorded form, is its present custodian.

**INTERROGATORY NO. 6.** Give the substance of all statements, either oral or written, by the Plaintiff concerning his medical conditions and problems.

**INTERROGATORY NO. 7.** List the name, address, qualifications and area of expertise of each expert witness you intend to call at trial; summarize each opinion that will be given, and specify the facts upon which each opinion is based.

**INTERROGATORY NO. 8.** The Louisiana Secretary of State identifies the same address for the non-insurance named defendants at 4535 Highway 308, Raceland, LA 70394. Identify the nature of the business relationship between REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC.

**INTERROGATORY NO. 9.** For each person present on the day of the Incident, identify whether they have ever been employed by REC Marine Logistics LLC, GOL LLC, or Gulf Offshore Logistics LLC and, if so, provide the dates of employment.

**INTERROGATORY NO. 10.** Identify the insurance company or insurance companies that provide maintenance and cure benefits and liability insurance coverage for (a) REC Marine Logistics LLC; (b) GOL LLC; and (c) Gulf Offshore Logistics LLC both now and at the time of the Incident. This interrogatory also specifically requests that Defendant identify all liability insurance policies and/or any and all other liability policies, and any and all excess liability policies and umbrella policies.

**INTERROGATORY NO. 11.** Identify the dates that American Steamship Owners Mutual Protection and Indemnity Association Inc. has ever provided insurance coverage to REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, as well as the type of insurance provided and the corresponding policy number.

**INTERROGATORY NO. 12.** Please identify: (1) each time a maintenance payment was made to Plaintiff and the amounts of said payments; (2) each time a cure payment was made on behalf of Plaintiff, including the amount of the payment and to what person or entity the payment was made; (3) the name, address, and job title of the person or persons who were responsible for issuing maintenance and cure payments to Plaintiff; (4) the name, address, and job title of the person who made decisions regarding at what intervals maintenance and cure payments would be made; (5) the name, address, and phone number for the insurance carrier(s) who have (or that may have) an obligation to provide Plaintiff with maintenance and cure benefits

**INTERROGATORY NO. 13.** Please identify any prior incidents/injuries that occurred on vessels captained by Captain Mike Hogan (and/or the captain of the MV Dustin Danos at the time of the Incident).

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**REQUEST 1:** Produce all materials referencing the Incident.

**REQUEST 2:** Produce all materials referencing the Plaintiff, including but not limited to all medical records, claim files, notes, surveillance, documents regarding the Incident, training and personnel files, photographs, communications with his medical providers, and documents regarding his maintenance and cure.

**REQUEST 3:** Produce all policies, procedures, and manuals for (a) operations including but not limited to maintaining control of vessels, properly staffing vessels, and loading operations, (b) safety, (c) investigations of incidents, (d) responses to incidents, (e) contractors and employees in effect at the time of the Incident directly or indirectly pertaining to MV Dustin Danos or the work thereon related to the Incident, as well as any changes to those policies and procedures following the Incident.

**REQUEST 4:** Please provide a complete copy of any and all liability insurance policies and/or any and all other liability policies and/or policies providing maintenance and cure coverage, and any and all such excess policies and umbrella policies which would have been in full force and effect on or about the day of the Incident, and insuring any defendant, for this accident/ incident.

**REQUEST 5:** Please provide a copy of all notes, correspondence, memoranda, or other documents between Plaintiff and Defendant.

**REQUEST 6:** Please provide a copy of any and all statements you contend were made by Plaintiff or any Defendant or regarding the Incident.

**REQUEST 7:** Please provide a copy of any and all photographs taken by Defendant and/or anyone on your behalf of the accident site and/or individuals involved in this accident.

**REQUEST 8:** Please provide a copy of any and all photographs and/or videotapes and/or other surveillance information which you have pertaining to any and all surveillance of Plaintiff.

**REQUEST 9:** Please provide a copy of any and all reports, memoranda, correspondence, medical records, accident reports, documents and/or information and exhibits which you intend on introducing into evidence at the trial of this matter.

**REQUEST 10:** Please provide a copy of all photographs of the area taken subsequent to the accident.

**REQUEST 11:** Provide the work and payroll records of the employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos on the date of the Incident and records of any reports filed. If any document is withheld on any claim of privilege or otherwise, set forth the basis of the privileged claim, the author of the document, the date of the document, the recipient or intended recipient of the document, a brief description of the substance of the document, all persons who received copies of the document or were shown copies of the document, along with an identification of each person.

**REQUEST 12:** Produce all contracts between the Defendants named in this lawsuit governing the work or relationships at the time of the Incident, as well as all such contracts with any other parties governing the work at the time of the Incident.

**REQUEST 13:** Produce all documents sufficient to reflect the ownership of the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 14:** Produce all documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 15:** Produce all sign-in sheets, JSAs, daily logs, daily reports, and company records pertaining to the MV Dustin Danos for the day of the Incident, one month prior to the Incident, and one month following the Incident.

**REQUEST 16:** Produce documents sufficient to identify the name, employer, address, and telephone number of the persons and entities present at the time of the Incident, as well as one month prior to and following the Incident.

**REQUEST 17:** Produce all documents and communications regarding the Plaintiff, including but not limited to documents regarding Plaintiff's physical condition and physicals, medical history and conditions, medical records and logs, workers' compensation claims, maintenance and cure, disability records, employment history and files, criminal history, drug testing, earnings and income and compensation records, surveillance, photos, videos, recordings, training, certifications, internal notes and communications regarding Plaintiff, communications with third-parties regarding Plaintiff, payments made to Plaintiff, Marine Index Bureau Reports, U.S. Coast Guard Discharges, and anything signed by Plaintiff or provided to Plaintiff.

**REQUEST 18:** All agreements regarding this Lawsuit or the Incident, including but not limited to agreements between Defendants, settlement agreements, Mary Carter agreements, agreements to testify, and agreements with witnesses.

**REQUEST 19:** Produce the documents that reflect the facts stated in Defendant's interrogatory answers.

**REQUEST 20:** Produce the personnel, employment, and training files of all supervisors present on the day of the Incident, as well as one day prior and one day following the Incident.

**REQUEST 21:** Produce all documents Ronald Chaddock reviewed in connection with the statements made in his affidavit dated May 24, 2019.

**REQUEST 22:** Produce copies of all cancelled checks issued to Plaintiff as maintenance payments.

**REQUEST 23:** Produce copies of all cancelled checks issued as cure payments on behalf of Plaintiff.

**REQUEST 24:** Produce the personnel file of Captain Mike Hogan's (and/or the captain of the MV Dustin Danos at the time of the Incident).

**REQUEST 25:** Produce copes of any reprimands given to Captain Mike Hogan (and/or the captain of the MV Dustin Danos) by Defendant or any governing authority related to his actions as an employee and/or duties onboard vessels, ships, etc.

**REQUEST 26:** Produce the documents Defendant intends to use at trial or in support of any dispositive motions.

**REQUEST 27:** Produce all materials prepared by or reviewed by or provided to Defendant's retained experts.

These Interrogatories and Requests for Production of Documents are deemed continuing.

Respectfully Submitted,
MORROW & SHEPPARD LLP

Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on August ___9___, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email, and/or by any other authorized means.

Daniel E. Sheppard

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                              Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____          CLERK_____

DEPUTY CLERK

**DEFENDANT'S JURISDICTIONAL OBJECTIONS TO PLAINTIFF'S
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendant, REC, objects to the Plaintiff's attempted service of Interrogatories and Request for Production of Things, for the reason that this litigation was filed in improper Louisiana venue; and under existing Louisiana law has no jurisdiction to proceed in this Court venue, for lack of proper jurisdiction under Louisiana Law and Procedure. Without proper Louisiana venue and jurisdiction, Plaintiff is prevented from proceeding with his claims, including attempting to conduct discovery, unless the discovery is solely limited to discovery pertaining to venue and jurisdiction.

Submitted by:

_____
FRED E. SALLEY, T.A.    (11665)
SALLEY & ASSOCIATES
P.O. Box 3549

**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana  70434**
**Telephone: (985) 867-8830**
**Facsimile  (985) 867-8927**

**Counsel for Defendant, REC**
Marine Logistics, LLC, *et. al.*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 12th day of August 2019.

**FRED E. SALLEY, T.A.   (11665)**



# MORROW & SHEPPARD LLP
### *Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD         |         DSHEPPARD@MORROWSHEPPARD.COM         |         713.489.1206

August 12, 2019

Fred Salley                                    Via Email
Salley & Associates
77378 Highway 1081
P.O. Box 3549
Covington, Louisiana 70434

Re:   ***Griffin v. REC Marine Logistics et al; Case No. C-682146; In the 19th Judicial
       District Court for the Parish of East Baton Rouge (Section 27)***

Fred,

We are in receipt of the objections to Plaintiff's initial discovery.  It appears you have objected
to the entirety of the discovery propounded on your client and it is unclear whether Defendant
REC Marine Logistics LLC ("REC Marine") intends to respond to any of the discovery.  This
discovery goes to the heart of the issues that have been raised in REC Marine's declinatory
exception.

Pursuant to Rule 10.1 of Title II of the Rules for Louisiana District Courts, I would like to
request a conference with you to discuss your global objection to Plaintiff's initial discovery and
whether we can expect any responses.  Upon receipt of this letter, please contact me to arrange
this conference within the next five (5) working days.


Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard


cc:

John D. Sheppard (firm)



**Daniel Sheppard**

| | |
|---|---|
| **From:** | fsalleyA <fsalley@acadiacom.net> |
| **Sent:** | Monday, August 12, 2019 2:04 PM |
| **To:** | Daniel Sheppard |
| **Subject:** | Re: Griffin v. REC Marine Logistics, LLC et al |

### SALLEY & ASSOCIATES
### Attorneys

Fred E. Salley

**77378 Hwy 1081**
P.O. Box 3549
Covington, LA 70434

Telephone:1-985-867-8830
Facsimile: 1-985-867-3368
Cellular : 1-504-450-3880

Monday, August 12, 2019 13:55:18

If you persist in moving forward trying to force discovery in a suit that currently has no jurisdiction or venue, rest assured that the response will be an immediate motion for sanctions against you personally.

If you want to do so, you can dismiss your own improperly filed suit in East Baton Rouge Parish, and refile it where it will have La. jurisdiction and venue, as required in Louisiana.  Then you may proceed with filing discovery.

Best regards,


Fred E. Salley



---------------------------------------------------------



On 8/12/2019 10:57 AM, Daniel Sheppard wrote:

> Fred,
>
> Please see attached letter.
>
> Regards,
> Daniel



**Daniel E. Sheppard**

**MORROW & SHEPPARD** LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
**T:** 713-489-4815 **F:** 713-893-8370
**E:** dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:

1

EAST BATON ROUGE PARISH
Filed Oct 09, 2019 10:56 AM    **C-682146**
Deputy Clerk of Court                 **27**

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                                    *
                                                    *
        *Plaintiff,*                                *
                                                    *
vs.                                                 *        Case No. C-682146
                                                    *        Section: 27
REC Marine Logistics LLC;                           *
GOL, LLC; Gulf Offshore Logistics LLC;              *
American Steamship Owners Mutual                    *
Protection and Indemnity Association                *
Inc.                                                *
                                                    *
        *Defendants.*                               *
                                                    *

*****************************************************************

<u>**JUDGMENT**</u>

On the 23rd of September 2019, a hearing was held before this Court on the following

Motions:

   1. Defendants' Exceptions and Motions to Dismiss

   2. Plaintiff's Motion for Leave to File Plaintiff's First Amended Petition

   3. Plaintiff's Motion to Compel

This Court reviewed the Motions filed by Plaintiff and Defendants, responses thereto (if

any), and arguments of counsel, and considering the law on the issues, rendered the following

judgment:

IT IS ORDERED, ADJUDGED, AND DECREED that (a) Defendants Exceptions and

Motions to Dismiss are DENIED in all parts; (b) Plaintiff's Motion for Leave to File Plaintiff's

First Amended Petition is GRANTED; and (c) Plaintiff's Motion to Compel is GRANTED.

Defendant REC Marine Logistics, LLC is further ORDERED to respond to all Plaintiff's

First Interrogatories and Requests for Production of Documents no later than October 23, 2019.

Signed this **13th** day of **October**, 2019.

_____
HONORABLE JUDGE TRUDY M. WHITE



## RULE 9.5 CERTIFICATE

I certify that I circulated this proposed judgment/order to counsel for all parties and/or to self-represented parties by email on September 24, 2019.

_____ No opposition was received; or
__X___ ' The following opposition was received

On information and belief, Fred Salley (attorney for REC Marine Logistics, GOL, LLC, and Gulf Offshore Logistics, LLC) opposes the judgment for the grounds stated in his September 24, 2019 letter to the Court.

Since then, Mr. Salley has additionally claimed he did not have Plaintiff's response to Defendants' motion to dismiss. As discussed in the letter dated October 7, 2019 from Mr. Daniel Sheppard to Judge White (copy sent to Fred Salley), the response was served via mail on September 11, 2019, it was additionally sent to Mr. Salley via email when he claimed on the phone he did not have it. Further, copies were at the hearing, and Mr. Salley did not claim at the hearing he did not have the response, and he made no mention of that fact in his September 24, 2019 letter to the Court.

I have allowed at least five (5) working days before presentation to the court.

Certified this 7th day of October, 2019.

Daniel E. Sheppard
Attorney for Plaintiff



## MORROW & SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR, STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD   |   DSHEPPARD@MORROWSHEPPARD.COM   |   713.489.1206

October 24, 2019

Fred Salley                                      ***VIA EMAIL, FACSIMILE, AND/OR U.S. MAIL***
Salley & Associates
77378 Highway 1081
P.O. Box 3549
Covington, Louisiana 70434

**Re:   *Griffin v. REC Marine Logistics et al*; Case No. C-682146; In the 19th Judicial
District Court for the Parish of East Baton Rouge (Section 27)**

Fred,

On September 23, 2019, the Court ruled that Defendant REC Marine Logistics LLC's ("Defendant")
responses to Plaintiff's initial discovery were due on October 23, 2019. Defendant has not produced
any documents and has not responded to a single interrogatory.

Pursuant to Rule 10.1 of Title II of the Rules for Louisiana District Courts, I would like to request a
conference with you to discuss Defendant's failure to respond to Plaintiff's discovery requests.
Please contact me to arrange this conference within the next five (5) working days.

If we do not receive a response to this letter by October 31, 2019, will file another motion to compel
and seek all relief Plaintiff may be justly entitled.

We look forward to your call.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:

John D. Sheppard (firm)
Brilliant P. Clayton (Clayton, Frugé and Ward)



EAST BATON ROUGE PARISH    C-682146
Filed Nov 04, 2019 2:39 PM         27
Deputy Clerk of Court

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*************************************************************************

## PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

Plaintiff McArthur Griffin ("Plaintiff") complains of REC Marine Logistics LLC, GOL LLC, Gulf Offshore Logistics LLC, Offshore Transport Services LLC, American Steamship Owners Mutual Protection and Indemnity Association, QBE Insurance (Europe) Limited (collectively, "Defendants") and would respectfully show the Court the following:

### JURISDICTION AND VENUE

#### I.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688).  *See* 28 U.S.C. § 1333.

#### II.

This case is not removable to federal court as it is brought under the Jones Act, general maritime law, and the Savings to Suitors clause.  *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

#### III.

1

Venue is proper under the Louisiana Code of Civil Procedure because an action against a foreign or alien insurer shall be brought in this Parish. LA. CODE CIV. PROC. art. 42(7).

PARTIES

IV.

Plaintiff McArthur Griffin is an American Seaman and a resident of Louisiana.

Defendant REC Marine LLC is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Ronald Elie Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant GOL LLC is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant Gulf Offshore Logistics LLC is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant Offshore Transport Services LLC is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant American Steamship Owners Mutual Protection and Indemnity Association is a foreign insurance provider for Defendants REC Marine Logistics

2

LLC, GOL LLC, and Gulf Offshore Logistics LLC. American Steamship Owners Mutual Protection and Indemnity Association may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

Defendant **QBE Insurance (Europe) Limited** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. QBE Insurance (Europe) Limited may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

<u>FACTS</u>

V.

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine"), Offshore Transport Services LLC ("Offshore Transport Services"), GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), and was aboard the MV Dustin Danos vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel.

<u>CAUSES OF ACTION</u>

3

VI.

Defendants are negligent and grossly negligent and liable for such negligence and gross negligence for the following reasons:

 a. failure to properly supervise their crew;

 b. failure to properly train their employees;

 c. failure to provide adequate safety equipment;

 d. failure to watch/man the controls of the vessel;

 e. operating the vessel with an inadequate crew;

 f. failure to provide safe work environment;

 g. failure to protect crew members from unnecessary risks;

 h. failure to maintain a proper lookout;

 i. failure to make adequate repairs;

 j. failure to provide a seaworthy vessel and crew;

 k. vicariously liable for their employees' negligence;

 l. failure to ensure the vessel was adequately maintained;

 m. violating applicable Coast Guard, OSHA, and/or MMS rules; and

 n. other acts deemed negligent and grossly negligent.

VII.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff

has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

## VIII.

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment.

## X.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## IX.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## RESERVATION OF RIGHTS

## X.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his

5

investigation continues.

<u>JURY DEMAND</u>

XI.

Plaintiff hereby requests a trial by jury on all claims.

<u>PRAYER</u>

XII.

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

MORROW & SHEPPARD, LLP
Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

*Attorneys for Plaintiff, McArthur Griffin*

6

<u>PLEASE SERVE DEFENDANTS AS FOLLOWS:</u>

Offshore Transport Services LLC
C/O Registered Agent Todd P. Danos
4535 Hwy 308
Raceland, Louisiana 70394

QBE Insurance (Europe) Limited
C/O Louisiana Secretary of State
Sheriff of East Baton Rouge Parish
P.O. Box 3277
Baton Rouge, Louisiana 70821

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email, and/or by any other authorized means.

_____

Brilliant Clayton

EAST BATON ROUGE PARISH
Filed Nov 20, 2019 1:23 PM
Deputy Clerk of Court

C-682146
27

# Salley & Associates
## Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net

Telephone:   985-867-8830
Tele. WA:    800-780-7097
Facsimile:   985-867-3368

12ᵗʰ November 2019

Clerk of Court
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

**Re:   Griffin vs. REC Marine Logistics, LLC**
**D/A -**
**My File: FES-19-562**
**CAC-682146 (27)**
**Ref: N/A**

Dear Sir:

I attach for filing and service in the captioned and entitled litigation, the original and four of

1) Motion to Review and Reverse;
2) Memo in Support with Exhibits;
3) Notice of Hearing w/ Motion service *via* Certified;
4) Proposed Order Granting Motion;

I provide filing costs for these items as requested at $239.00, which is attached hereto in a Salley & Associates check in that amount. Please advise of any shortage, which will be forwarded promptly.

Please file in the record and provide the original to the Court for consideration. Please also prepare and return filed and conformed copy for service via Certified Mail on Mr. Shepperd in Texas in the enclosed stamped, addressed envelope.

Sincerely,

Fred E. Salley

FES/fng/STF

Cc:   Daniel Shepperd  W/O copy
       3701 Kirby Drive, #1000
       Houston, TX  77098

EAST BATON ROUGE PARISH
Filed Nov 20, 2019 1:23 PM
Deputy Clerk of Court

C-682146
27

19th Judicial District Court for the Parish of East Baton Rouge

No: C-682146                                        Section 27

MCARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC

FILED_____        CLERK_____

### NOTICE OF HEARING ON MOTION TO REVIEW AND REVERSE JUDGMENTS AND PRIOR RULINGS

TO:   Daniel Shepperd, *Esq.*
      Morrow & Shepperd, LLP
      La. Bar Roll #38076
      3701 Kirby Drive, Suite 1000
      Houston, Texas 77098

PLEASE TAKE NOTICE that Defendants, through undersigned counsel, will file the attached motion to reverse and reconsider all rulings made by the Court in the captioned litigation on the 16th day of December 2019 at which time you are invited to participate and/or respond to the motion(s) as you deem appropriate.

Submitted by:

_____
FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants, REC *et. al.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 12th day of November 2019.

_____
FRED E. SALLEY, T.A.   (11665)

EAST BATON ROUGE PARISH   C-682146
Filed Nov 20, 2019 1:23 PM      27
Deputy Clerk of Court

19ᵗʰ Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                    Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____        CLERK_____

DEPUTY CLERK

**MOTION TO REVIEW, REVERSE, RECONSIDER AND CORRECT PROCEEDINGS
AND ALL RULINGS ON MOTIONS RENDERED PRIOR TO 1ˢᵀ NOVEMBER 2019
DUE TO MULTIPLE ERRORS IN THE CASE RECORD CAUSED INTERNALLY BY
COURT'S OWN EFFORTS TO UPDATE ITS INTERNAL DATABASE**

Defendant, REC, *et. al.* submits its/their Motion to Review, Reverse and Reconsider

various hearings and arguments, and to reverse several prior rulings made in this matter, for the

reason that actions of the administration of East Baton Rouge Parish, in the Clerks' office, while

updating the Court's internal data base and communication system, wrongfully interfered with

attorney services and addresses, lost or mis-sent required notices, failed to properly serve and

provide correct notices to parties, permitted rulings to be made without required notices of

services to be made, in some cases completely failed to send out services, and/or sent hearing

notices for services on counsel's old outdated addresses although counsel had updated and

provided the correct address for service each time counsel sent pleadings or correspondence to

the Court or to the Clerk.

It appearing that the primary cause of the service problems were caused by the Clerk's

internal update efforts, the cases and rulings impacted by the actions of the Court have to be

reversed, remanded and reconsidered in all respects, and REC, and all Defendants similarly

impacted in this matter move therefor.

Submitted by:

_____
FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants, REC *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 12th day of November 2019.

_____
FRED E. SALLEY, T.A.   (11665)

19ᵗʰ Judicial District Court for the Parish of East Baton Rouge

No: C-682146                                        Section 27

MCARTHUR GRIFFIN

*VERSUS*

REC Marine Logistics, LLC

FILED_____        CLERK_____

<u>ORDER GRANTING DEFENDANT'S MOTION TO REVERSE AND CORRECT AND
GRANT EXCEPTIONS AND MOTION TO DISMISS FOR MISJOINDER, IMPROPER
VENUE, AND LACK OF JURISDICTION</u>

Considering the memorandum of authorities, arguments of counsel, ~~the facts and circumstances being~~ in favor thereof, the Motion of Defendants for reversal and withdrawal of Court's **/alledged to have not been** rulings made in September which ~~were not~~ properly served due to errors made in the Clerk's office; ~~and in dismissal of Exceptions on lack of proper venue and jurisdiction, of the Plaintiff's suit, at Plaintiff's costs,~~ be and hereby is **set for a contradictory hearing on the _____ day of _____, 20____.** ~~granted.~~

Thus done in Open Court this **21st** day of ~~December~~ **November** 2019

_____
Judge, 19ᵗʰ Judicial District Court

**Judge Trudy M. White**

Submitted by:

_[signature]_
_____
FRED E. SALLEY, T.A.    (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants,REC *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 12th day of November 2019.

_[signature]_
_____
FRED E. SALLEY, T.A.   (11665)

EAST BATON ROUGE PARISH
Filed Nov 20, 2019 1:23 PM
Deputy Clerk of Court

C-682146
27

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                          Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, et. al.

FILED_____          CLERK_____

DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF MOTION TO REVERSE, RECONSIDER, AND CORRECT

**May it Please the Court:**

Counsel for Defendants, REC, *et. al.*, submitted an apparently valid exception to jurisdiction and venue pursuant to La. C.C.P. Rule 42 in East Baton Rouge Parish District Court in April 2019, but delays as to the appointment of a new Judge for Section 27 pushed matters into September and October 2019 at which time Counsel started noticing increasing irregularities in the notices and responses from the Clerk of Court, and from the chambers of the Court. There came a time when there were no notices whatever from the Clerk, or from the Court Chambers, but Counsel did eventually start receiving calls from various attorneys and non-attorneys in Metairie, La. indicating that there were items being left or services attempted at these locations although Counsel was at all times properly registered with the Bar Association, and had used his latest bar address on every pleading and letter he had filed or directed to the East Baton Rouge Parish Clerk's office.

In September, 2019, Counsel attended the Court hearing in East Baton Rouge Parish, which should have **only** related to the very specific exception directed to Defendants' venue and jurisdiction exception, only to discover that opposing Counsel had tried to file various pleadings, discovery, and motions which were not germane to the single exception to venue and jurisdiction pending under the restrictions of La. CCP Art. 925; and were wholly incompatible with the applicable CCP and to Louisiana's existing jurisprudence governing exceptions specifically raised as to venue and jurisdiction under the codal article. As of this date, Counsel has not been served with any rulings by the Court.

Not only had legally restricted matters been improperly filed and/or raised by Plaintiff's

counsel, but none of these matters were <u>ever</u> served on Defense Counsel as required by the La. Code of Civil Procedure, the La. State Constitution and the U.S. Constitution.  (See two misdirected notices attached.  Both were sent *via* mail or email to Counsel, by third parties, but were never **served** as required by the La. Constitution and Code.)  Had any service been effected by Plaintiff's Counsel, Defense Counsel would have received <u>notice</u> and could have addressed the improprieties of their content prior to the in Court hearing date in September, at which Counsel was taken wholly unaware by the improper, illegal, and untimely filing.

Counsel discussed the long term service and docketing issues with the Clerk's Office and received a call from John Swearingen, Director of Systems for the EBP Clerks' Office.  He advised that during mid-summer, upgrades to the Parish computer system, certain items were dropped and had to be replaced, but that Counsel's name and address had been replaced (updated?) with information from the 1980's which was then directing material from the EBP Clerk's Office to old addresses in Metairie, La.  He conceded that his review indicated that at least two services were sent to old address in Metairie, and that legally required notices of hearings, motions, and approvals of several items, were clearly not made on Counsel.  Two of these mis-sent items are attached as Exhibits hereto.  (Counsel clearly did not receive timely or legally mandated services and notices from the Court.)

Counsel will seek leave to call Mr. Swearingen under oath at the hearing of this motion once it has set by the Court.  Under the circumstances, Mr. Swearingen is willing to state the facts of and extent of this bizarre computer malfunction.  In the least, this lack of fair notice over such a long period of time indicates how lacking in substantive and procedural due process this litigation was for this Defense Counsel.  Without being served with what activity Plaintiff's Counsel was attempting to put up, Defense Counsel had no chances of defending or pointing out errors in same.  That is why motions and other materials have to be served on opposing counsel in advance.

The Court in declining to grant the clearly appropriate Exception to Venue and Jurisdiction on behalf of REC, and others, did not issue any reasons, but may have thought the intentional inclusion of any named insurance defendant in the suit caption was sufficient.  It is not.  The <u>symbolic insurance defendant</u> placed in this caption, by this plaintiff, was meaningless, as it never served, it never appeared through any counsel; and it was in bad faith, or fraud, to place an insurance company in the caption of the real case in an effort to create a <u>fiction</u> of

possible jurisdiction; when it has no such impact. This is a clear intent to defeat Substantive and procedural due process by Plaintiffs' Counsel.

Suits by parties against their own insurance companies may be filed in East Baton Rouge Parish, but suits against insurance companies that are alleged to provide insurance for a party in a suit must be filed in the Parish of, or in the Parish with, the specific Defendant. In Louisiana procedure, the insurance company legally assumes the same state venue (address) of its insured. This is the basis for, and the procedure of, the direct action statute in Louisiana. Contrived insurance connections are simply fraud, and must be dealt with as fraud.

For proper context, Defendants' original Exception to Venue and Jurisdiction, memorandum and attached notices, which should have been granted without consideration of the numerous improper filings by Plaintiff, is incorporated herein by reference thereto from the civil record of this civil action, and should be promptly granted by this Court, so that the litigation can be re-filed by Plaintiff, if he wishes, in the parish which has proper venue and jurisdiction under the Louisiana Civil Code and Code of Civil Procedure.

The original motion to dismiss for lack of Jurisdiction and Venue under the Louisiana Code of Civil Procedure should be promptly granted so the case can be processed as required by Louisiana Law.

The motion to reverse and correct the original proceedings, which were wholly invalid as a result of the internal activities of East Baton Rouge Parish Clerk trying to upgrade its computer system, clearly should be granted.

Submitted by:

_Fred E. Salley_

```
FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants,REC et. al.
```

## CERTIFICATE OF SERVICE

```
    I hereby certify that a copy of the above and foregoing has
been served on all counsel of record by facsimile, receipt
requested, or by depositing same in the United States Postal
Service, properly addressed and postage prepaid, or by other
means, this 12th day of November 2009.
```

_Fred E. Salley_

```
FRED E. SALLEY, T.A.   (11665)
```

EAST BATON ROUGE PARISH
Filed Nov 20, 2019 1:23 PM
Deputy Clerk of Court
C-682146
27

DOUG WELBORN
CLERK OF COURT
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

P.O. BOX 1991   BATON ROUGE, LOUISIANA 70821-1991

This Is Your Office - We Are Here To Serve You!

EMBER, 2019

CREATE CORRECT YOUR ADDRESS AT THE CLERK'S OFFICE.

CTION FOR THE AFOREMENTIONED CASE

GRIFFIN AND ATTORNEY DANIEL

PRESORTED
FIRST CLASS

NEW ORLEANS
LA 700
23 SEP '19
PM 1 L

Hasler
09/19/2019
US POSTAGE
$00.38
FIRST-CLASS MAIL
AUTO
ZIP 70810
011D12602865

white
Return to Sender
Not at this address

NIXIE        708 FE 1260        0010/21/19
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
BC: 70821199191        *1465-01486-23-36

2157 NOTICE OF HEARING 19TH



**19TH JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**
**300 NORTH BLVD**
**BATON ROUGE, LA 70801**

**3RD DAY OF SEPTEMBER, 2019**

TO:   FRED EARL SALLEY
      ATTORNEY AT LAW
      3510 N CAUSEWAY BLVD STE 601
      METAIRIE, LA 70002

MCARTHUR GRIFFIN VS REC MARINE, LLC, ET-AL

CASE NUMBER: C-682146

JUDGE: HON TRUDY M. WHITE

DIVISION: 27 ROOM: 8D

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE
ON 09/23/2019 AT 09:30 AM FOR CONTRADICTORY HEARING.

COMMENTS: ORDER GRANTING DEFENDANT'S EXCEPTIONS AND MOTION TO DISMISS FOR
MISJOINDER, IMPROPER VENUE AND LACK OF JURISDICTION FILED BY DEFENDANTS, GOL
LLC AND GOL OFFSHORE LOGISTICS LLC AND ATTORNEY FRED SALLEY.

JUDICIAL ASSISTANT TO
HON TRUDY M. WHITE

NOTIFIED:
DANIEL E. SHEPPARD
 FRED EARL SALLEY

2157 NOTICE OF HEARING 19TH

## VERIFICATION

**State of Louisiana:**

**Parish of Lafourch:**

     Now before me, a Notary Public, for the State and Parish aforesaid, came and appeared

## RONALD E. CHADDOCK

     Who after being placed under oath, stated that he is a major and citizen of the state and parish as referenced herein, and the Manager for REC Marine Logistics, LLC:

     That he is familiar with DeQuincy Richard and with the facts of his claim for Maintenance and Cure and under the Jones Act;

     That he has read the proposed answer to Richard's Jones Act and GML claim, and that it is true and correct to the best of his current knowledge, information, and belief.

**Ronald E. Chaddock**

Sworn to and subscribed to before me, a Notary Public, on this 13 day of August 2018 2019

023457

SANDRA BEIRS

Notary Public, State of Louisiana

EAST BATON ROUGE PARISH
Filed Nov 20, 2019 1:46 PM
Deputy Clerk of Court

C-682146
27

# Salley & Associates
## Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net

| | |
|---|---|
| Telephone: | 985-867-8830 |
| Tele. WA: | 800-780-7097 |
| Facsimile: | 985-867-3368 |

15th November 2019

Clerk of Court
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

**Re:**   **Griffin vs. REC Marine Logistics, LLC**
**D/A -**
**My File: FES-19-562**
**CAC-682146 (27)**
**Ref: N/A**

Dear Sir:

I attach for filing in the captioned and entitled litigation, the original and two of :

1)  Ex-Parte Motion to Continue for Counsel Medical Disability;

I understand that filing cost for this item is already contained in defense credits, which will be used to cover filing expense for this filing.   If a shortage developes please advise so that I can cover.

Please file in the record and provide the original to the Court, Judge Trudy White, for consideration.

Sincerely,

Fred E. Salley

FES/fng/STF

Cc:   Daniel Shepperd  W/ copy
3701 Kirby Drive, #1000
Houston, TX  77098

EAST BATON ROUGE PARISH
Filed Nov 20, 2019 1:46 PM
Deputy Clerk of Court

C-682146
27

19ᵗʰ Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                              Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, et. al.

FILED_____          CLERK_____

                                                    DEPUTY CLERK

## EX-PARTE MOTION TO CONTINUE FOR MEDICAL DISABILITY

Now comes Undersigned Counsel and upon suggesting that he has suffered from progressive illness and medical disabilities for the past several weeks involving the development of apparent blood clots in his lower legs, which has rendered walking, standing and climbing stairs painful and difficult; is obliged to move for a short recess of litigation activity and a continuance of currently scheduled matters for thirty days, to permit counsel opportunity to seek more extensive medical review and care, with possible hospitalization, at St. Joseph Hospital in Lexington, Ky. which has treated him for similar illnesses in prior years, and hereby moves therefore.

Submitted by:

_____
FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile (985) 867-8927
Counsel for Defendants,REC *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 15ᵗʰ day of November 2019.

_____
FRED E. SALLEY, T.A.   (11665)

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                           Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____          CLERK_____

DEPUTY CLERK

ORDER GRANTING DEFENSE COUNSEL'S REQUEST FOR CONTINUANCE FOR
MEDICAL REASONS

     Defense Counsel having filed a Motion seeking thirty days of Continuance in this case

for personal medical reasons, the Motion is appropriate, and is hereby granted, and there will be

a thirty day continuance and cessation of litigation activity pending Counsel's return, or report,

on his medical care and condition.   **Reassign to 1-27-2020 @ 9:30 a.m.**

     THUS DONE AND SIGNED, this  **20th**  day of November 2019.

Hon. Trudy White, 19th JDC, EBRP

**Judge Trudy M. White**

Submitted by:

_FRED E. SALLEY, T.A._   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants,REC *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has
been served on all counsel of record by facsimile, receipt
requested, or by depositing same in the United States Postal
Service, properly addressed and postage prepaid, or by other
means, this 15th day of November 2019.

FRED E. SALLEY, T.A.   (11665)

**RETURN COPY**



D3172889

# CITATION/
# FIRST SUPPLEMENTAL AND AMENDED

MCARTHUR GRIFFIN
(Plaintiff)

VS

REC MARINE, LLC, ET AL
(Defendant)

NUMBER C-682146   SEC. 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   QBE INSURANCE (EUROPE) LIMITED
C/O LOUISIANA SECRETARY OF STATE

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **NOVEMBER 14, 2019.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: SHEPPARD, DANIEL E.
(713) 489-1206

*The following documents are attached:
**PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES AND CERTIFICATE OF SERVICE**

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGES$_____
TOTAL:  $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

I made service on the named party through the
Office of the Secretary of State on

NOV 19 2019
by tendering a copy of this document to
KATHY DARDEN
DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

E B R SHERIFF'S OFFICE

RECEIVED

NOV 1 8 2019

**RETURN COPY**





D3172871

## CITATION/
## FIRST SUPPLEMENTAL AND AMENDED

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>(Plaintiff) | **NUMBER C-682146   SEC. 27** |
| | |
| **VS** | **19th JUDICIAL DISTRICT COURT** |
| | **PARISH OF EAST BATON ROUGE** |
| **REC MARINE, LLC, ET AL**<br>(Defendant) | **STATE OF LOUISIANA** |



TO:   **OFFSHORE TRANSPORT SERVICES LLC**
      **C/O REGISTERED AGENT**
      **TODD P. DANOS**
      **4535 HIGHWAY 308**
      **RACELAND, LA 70394**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on NOVEMBER 14, 2019.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: SHEPPARD, DANIEL E.
(713) 489-1206

*The following documents are attached:
**PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION**
**FOR DAMAGES AND CERTIFICATE OF SERVICE**

_____ SERVICE INFORMATION:

_____ day of _____, 20____, served on the above named party as

_____, by leaving the same at his domicile in this parish in the hands of in the said domicile at _____.

ing same to _____.

to find the within named _____ or his domicile, or anyone

_____, 20____.

| LAFOURCHE SHERIFF'S RETURN |
|---|
| C-682146                Date: 11/22/19 Time: 10:10 |
| Status:Departmental |
| Served On: OFFSHORE TRANSPORT SERVICES LLC THROUGH |
| TODD DANOS |
| Address:4535 HWY 308, RACELAND, LA 70394 |
| Served By: ROBICHAUX, APRIL |
| Due: $47.40              Invoice #: 19030602 |
| Comments: MONIQUE DUFRENE |
| Signature: *Deputy April Robichaax #1750* |

Sheriff
Baton Rouge

TION-2000

B711

**RETURN COPY**


D3164142

## RULE NISI

**MCARTHUR GRIFFIN**
(Plaintiff)

**NUMBER C-682146 27**

**19th JUDICIAL DISTRICT COURT**

**VS**

**PARISH OF EAST BATON ROUGE**

**REC MARINE LOGISTICS, LLC, ET AL**
(Defendant)

**STATE OF LOUISIANA**

TO:    DEFENDANT, REC MARINE LOGISTICS, LLC
       THROUGH THEIR COUNSEL OF RECORD:
       FRED E. SALLEY
       SALLEY & ASSOCIATES
       77378 HIGHWAY 1081
       COVINGTON, LA  70435



    The Mover in this case filed a **PLAINTIFF'S MOTION FOR CONTEMPT AND FOR SANCTIONS RESULTING FROM DEFENDANT REC MARINE LOGISTICS, LLC'S REFUSAL TO FOLLOW THE COURT'S ORDER COMPELLING DISCOVERY; RULE TO SHOW CAUSE; MEMORANDUM; EXHIBITS.**  Certified copies and the Court's Order are attached.

    You **MUST** come to Court at **09:30 AM** on **12/02/2019** in Room **8D**, 300 North Boulevard, Baton Rouge, Louisiana, and show cause why:

### * * * * * SEE ATTACHED ORDER * * * * *.

    This Rule was issued by the Clerk of Court for East Baton Rouge Parish on **NOVEMBER 13, 2019.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: SHEPPARD, DANIEL E.**

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:  $_____
MILEAGE  $_____         _____
TOTAL:    $_____         Deputy Sheriff

RULE NISI –2027

11-20-19

470047

(17)682146 - RULE - SN #1
Unsuccessful – No Contact on                    INT:
Fred E. Salley On Behalf Of Rec Marine Logistics, LLC a
77378 Highway 1081, Covington
Return Date & Time: 11/26/2019  2:26PM
per house keeper he is out town for 2 weeks which is
 pass courtdate.

8711 - Robert Tranchina, Deputy Sheriff

EAST BATON ROUGE PARISH
Filed Dec 30, 2019 11:26 AM
Deputy Clerk of Court
FAX Received Dec 19, 2019

C-682146
27

# PHELPS DUNBAR
### —LLP—

Louisiana | Mississippi | Texas | Florida | Alabama | North Carolina | London

WILLIAM J. RIVIERE
Partner
(504) 584-9243
bill.riviere@phelps.com

December 19, 2019

**BY FAX – 225-389-3392**

Hon. Doug Welborn
Clerk of Court
19th Judicial District Court
East Baton Rouge Parish
Governmental Bld.
222 St. Louis St.,
Baton Rouge, LA  70802

Re:   McArthur Griffin v. REC Marine, LLC, et al.,
      19th JDC, Parish of East Baton Rouge, No. C-682146, Sec. 27

Dear Mr. Welborn:

Please find enclosed the *Ex Parte* Consent Motion for Extension of Time to File Responsive Pleadings and proposed Order that we submit for filing in the record of the above matter on behalf of defendant QBE Insurance (Europe) Limited.  Once we receive the fax filing receipt, we will forward the original documents, along with our firm check for the fax filing fee, by U.S. mail.

We appreciate your assistance in this matter, and with kind regards, I remain

Sincerely yours,

William J. Riviere

192/pw
Enclosures
cc:   Daniel E. Sheppard
      Brilliant Clayton
      Fred E. Salley

———— COUNSELORS AT LAW————

Canal Place  |  365 Canal Street, Suite 2000  |  New Orleans, Louisiana 70130-6534  |  504-566-1311  |  504-568-9130 Fax  |  phelpsdunbar.com

PD.27653010.1

| ** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY ** | | | | |
|---|---|---|---|---|
| TIME RECEIVED<br>December 19, 2019 at 3:27:06 PM CST | REMOTE CSID<br>225-389-3392 | DURATION<br>65 | PAGES<br>1 | STATUS<br>Received |

Dec/19/2019 3:34:55 PM          EBR Clerk of Court 225-389-3392                    1/1



# Doug Welborn

### Clerk of Court
### 19th Judicial District
### Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM: SUIT ACCOUNTING DEPARTMENT**

**Date: DECEMBER 19, 2019**

**FAX NUMBER: (225) 389-3392**

**Suit No.: C-682146**

**To: WILLIAM J RIVIERE**

**Section: 27**

**MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL**

**Total Amount Due (Includes all applicable fees below) $65.00**

| | |
|---|---|
| 901-COVER LETTER | 2 PAGES |
| 4004-MTN EXTENSION OF TIME-CV | 3 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 12-19-19, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Kay Lewis*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form 86 Rev. 08/26/14

EAST BATON ROUGE PARISH
Filed Dec 30, 2019 11:26 AM
Deputy Clerk of Court
FAX Received Dec 19, 2019

C-682146
27

| MCARTHUR GRIFFIN | NUMBER C-682146, SECTION 27 |
|---|---|
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| REC MARINE, LLC, ET AL. | PARISH OF EAST BATON ROUGE |
| | STATE OF LOUISIANA |

## *EX PARTE* CONSENT FIRST MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

NOW INTO COURT, through undersigned counsel, comes QBE Insurance (Europe) Limited, which, without waiving, and expressly maintaining any and all exceptions, defenses, arguments and objections, respectfully moves *ex parte* for an extension of time of thirty (30) days, through and including January 17, 2020, to answer Plaintiff's First Supplemental and Amended Petition for Damages, or to otherwise file responsive pleadings in the above-captioned proceedings.

Undersigned counsel has recently been retained to represent QBE Insurance (Europe) Limited in this matter and desires an extension of time within which to file responsive pleadings through and including January 17, 2020. QBE Insurance (Europe) Limited certifies that it has not previously requested an extension of time. The granting of this motion will not unnecessarily delay these proceedings, and counsel for plaintiff advises he has no objection to the filing and granting of this motion for extension of time.

WHEREFORE, QBE Insurance (Europe) Limited hereby prays for an extension of time of thirty (30) days, through and until January 17, 2020, to file responsive pleadings in this matter.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    _____

William J. Riviere, T.A. (Bar #20593)
Kevin J. LaVie (Bar #14125)
David I. Clay, II (Bar No. 33776)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: bill.riviere@phelps.com
Email: kevin.lavie@phelps.com
Email: turk.clay@phelps.com

ATTORNEYS FOR DEFENDANT QBE
INSURANCE (EUROPE) LIMITED

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel

of record by electronic mail, facsimile and/or by placing same in the United States mail, properly

addressed and first class postage prepaid on this 19th day of December, 2019.

_____
William J. Riviere

MCARTHUR GRIFFIN

VERSUS

REC MARINE, LLC, ET AL.

NUMBER C-682146, SECTION 27

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

## ORDER

Considering the foregoing *Ex Parte* Consent First Motion for Extension of Time to File Responsive Pleadings filed on behalf of QBE Insurance (Europe) Limited;

IT IS HEREBY ORDERED that the motion is GRANTED, and that the deadline for QBE Insurance (Europe) Limited to file responsive pleadings to Plaintiff's First Supplemental and Amended Petition for Damages, be and hereby is extended for thirty (30) days through and until January 17, 2020.

Signed this ___**3rd**___ day of December, 2019, in Baton Rouge, Louisiana.

_____
DISTRICT COURT JUDGE

**Judge Trudy M. White**

EAST BATON ROUGE PARISH
Filed Jan 21, 2020 11:27 AM
Deputy Clerk of Court
FAX Received Jan 16, 2020

C-682146
27



# MORROW & SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR, STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD   |   DSHEPPARD@MORROWSHEPPARD.COM   |   713.489.1206

January 16, 2020

East Baton Rouge Parish Clerk of Court      *Via Fax to 225.389.3392*
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

    Re:   *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

Please accept this fax filing, which includes the following documents:

1. Plaintiff's response to Defendants' second ex parte motion;
2. Exhibits to Plaintiff's response to Defendants' ex parte motion; and,
3. Proposed judgment.

Thank you for your attention to this matter and please contact us if anything else is required on our end.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:
John D. Sheppard (firm)
Brilliant Clayton (Clayton, Fruge, & Ward)
Fred E. Salley (Salley and Associates)
Alan Davis (Chaffe McCall)



# Doug Welborn

Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM: SUIT ACCOUNTING DEPARTMENT**                    **Date: JANUARY 16, 2020**

**FAX NUMBER: (225) 389-3392**                          **Suit No.: C-682146**

**To: DANIEL E. SHEPPARD**                              **Section: 27**

**MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL**

**Total Amount Due (Includes all applicable fees below) $360.00**

| | |
|---|---|
| 901-COVER LETTER | 1 PAGE |
| 4000-MTN & ORD-CIV | 5 PAGES |
| 6000-JUDGMENT -CV | 1 PAGE |
| 5011-EXHIBIT-CV | 12 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 1-16-20, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Kay Lewis*

**Deputy Clerk of Court for**
**Doug Welborn, Clerk of Court**

Suit Accounting Dept. Form #6 Rev. 08/20/14

EAST BATON ROUGE PARISH
Filed Jan 21, 2020 11:27 AM
Deputy Clerk of Court
FAX Received Jan 16, 2020

C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                    *
                                    *
        *Plaintiff,*                *
                                    *
vs.                                 *          Case No. C-682146
                                    *          Section: 27
REC Marine Logistics LLC et al.     *
                                    *
        *Defendants.*               *
                                    *

**************************************************************************

## PLAINTIFF'S MOTION IN RESPONSE TO DEFENDANTS' EX PARTE MOTION FOR A CONTINUANCE

Plaintiff files this motion in response to Defendants REC Marine Logistics, LLC; GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services ex parte motion for continuance.

### BACKGROUND

On September 23, 2019, the Court held a hearing on the following issues: (a) Defendant REC Marine Logistics LLC ("REC Marine") Gulf Offshore Logistics LLC ("Gulf Offshore"), and GOL LLC's ("GOL") (collectively "Defendants") Motion to Dismiss and Exceptions; (b) Plaintiff's Motion to Compel; and (c) Plaintiff's Motion for Leave.

The Court orally denied Defendants' Motion to Dismiss and Exceptions and granted Plaintiff's Motions in full.[1] The Court ordered REC Marine to respond to Plaintiff's discovery requests within thirty (30) days, something Defendant REC Marine agreed to do in open Court.

---

[1] The Court's oral order was later reduced to writing.   *See* PX-5 contained in Plaintiff's Motion/Memorandum for Contempt and Sanctions.

Plaintiff filed a motion to hold REC Marine in contempt and for sanctions against the company for its abuse of discovery. To date, Defendants have not filed an opposition to Plaintiff's motion. Defendants filed a motion asking the Court to reconsider its Order compelling discovery.

On January 15, 2020, Plaintiff's response to REC Marine's motion to review, reverse, reconsider, and correct and supplement to Plaintiff's memorandum for contempt and sanctions ("Plaintiff's Response") was served on counsel for the parties.

Shortly after serving Plaintiff's Response, Fred Salley alerted Plaintiff's counsel to medical issues that will prevent him from attending the hearing currently set for January 27, 2020. Mr. Salley seeks another continuance based on his medical issues. *See* Defendant's Second Ex-Parte Motion for Continuance.

<u>REQUEST FOR RELIEF</u>

Plaintiff's counsel is sympathetic and wishes Mr. Salley good health. Mr. Salley's medical conditions do not prevent him from working (i.e. obtaining affidavits from his client, filing and/or responding to motions, and etc.). *See* PX-1 (Docket Report). Plaintiff's counsel believes there is another option that would allow the hearing to proceed as scheduled while taking in Mr. Salley's health into account.

Plaintiff's counsel respectfully requests that Fred Salley be permitted to attend the hearing by phone. Mr. Salley reported that his medical condition prevents him from walking, driving, and/or travelling. By allowing Mr. Salley to appear by phone, the January 27, 2020 hearing can proceed as scheduled.

Plaintiff notes that this is the second continuance Mr. Salley has sought on the basis of a medical condition. *See* Defendant's Second Ex-Parte Motion for

Continuance; *see also* PX-2 (Defendants' First Ex-Parte Motion for Continuance). The first continuance was granted for approximately 60 days. Plaintiff further understands that Mr. Salley participated in at least one deposition on another matter on December 30, 2019. *See* PX-3 (Cover Page to REC Corporate Representative Deposition).

## EXHIBITS

| | |
|---|---|
| PX-1 | Docket Report |
| PX-2 | Defendants' First Ex-Parte Motion for Continuance |
| PX-3 | Cover Page to REC Corporate Representative Deposition |

## CONCLUSION AND PRAYER

Plaintiff prays that this Court allow the January 27, 2020 hearing to proceed as scheduled by permitting Mr. Salley to attend by phone.

MORROW & SHEPPARD, LLP

Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
*Attorneys for Plaintiff, McArthur Griffin*

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                          *
                                          *
        *Plaintiff,*                      *
                                          *
vs.                                       *        Case No. C-682146
                                          *        Section: 27
REC Marine Logistics LLC et al.           *
                                          *
        *Defendants.*                     *
                                          *

*************************************************************************

### CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2020 a true and correct copy of this

document was served on counsel of record by fax, mail, and email.

Daniel Sheppard (#38076)

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*************************************************************************

## RULE TO SHOW CAUSE

Considering the forgoing motion for contempt:

IT IS ORDERED, ADJUDGED AND DECREED that defendants, REC Marine Logistics, LLC; GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services show cause on the __27__ day of __January__, 2020 at __9:30__ a.m./p.m., why the Defendants' ex parte motion should be granted.

Baton Rouge, Louisiana, this __22nd__ day of __January__, 2020.

_____
HONORABLE TRUDY M. WHITE
JUDGE, 19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

**PLEASE SERVE:**

Defendants, REC Marine Logistics, LLC; GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services through their counsel of record:

Fred Salley
Salley & Associates
P.O. Box 3549
77378 Highway 1081 Cretien Annex
Covington, LA 70434

Defendants, QBE Insurance (Europe) Limited through their counsel of record:

Alan Davis
Chaffe McCall LLP
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

EAST BATON ROUGE PARISH
Filed Jan 21, 2020 11:27 AM
Deputy Clerk of Court
FAX Received Jan 16, 2020

C-682146
27

FILE AS IS
Received on 2-20-20

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*****************************************************************************

JUDGMENT

The Court has reviewed Defendants' second ex-parte motion for continuance, Plaintiff's response, and arguments of counsel (if any).

Given the extenuating circumstances the Court permits and Orders Mr. Salley to appear at the January 27, 2020 hearing by phone. Mr. Salley may also appear in person.

Signed this **3rd** day of _____**February**_____, 2020.

_____
HONORABLE JUDGE TRUDY M. WHITE

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF
THE WRITTEN REASONS FOR JUDGMENT /
JUDGMENT / ORDER / COMMISSIONER'S
RECOMMENDATION WAS MAILED BY ME WITH
SUFFICIENT POSTAGE AFFIXED.
SEE ATTACHED LETTER FOR LIST OF RECIPIENTS.

DONE AND MAILED ON February 03, 2020

_____
DEPUTY CLERK OF COURT

Query    Reports    Utilities    Help    Log Out

EAST BATON ROUGE PARISH   C-682146
Filed Jan 21, 2020 11:27 AM           27
Deputy Clerk of Court
FAX Received Jan 16, 2020

# U.S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:19-cv-11149-LMA-DMD

REC Marine Logistics, LLC v. Richard
Assigned to: Judge Lance M Africk
Referred to: Magistrate Judge Dana Douglas
Cause: 28:2201 Declaratory Judgment

Date Filed: 06/11/2019
Jury Demand: Defendant
Nature of Suit: 340 Marine
Jurisdiction: Federal Question

**Plaintiff**

**REC Marine Logistics, LLC**

represented by   **Fred E. Salley**
Salley & Associates
P. O. Box 3549
Covington, LA 70434
985-867-8830
Email: fsalley@charter.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DeQuincy R. Richard**

represented by   **Robert Joshua Koch , Jr.**
Koch & Schmidt, LLC
650 Poydras St.
Suite 2660
New Orleans, LA 70130
504-208-9040
Email: koch.josh610@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Jonathan Rhine**
Spagnoletti Law Firm
401 Louisiana St.
8th Floor
Houston, TX 77002
713-653-5600
Email: erhine@spaglaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Wiarda Lynch**
Wilson Elser Moskowitz Edelman & Dicker
LLP
650 Poydras Street
Suite 2200
New Orleans, LA 7013

**EXHIBIT**

**PX-1**

504-702-1710
Email: katie.lynch@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**DeQuincy R. Richard**
*doc #4*

represented by  **Robert Joshua Koch , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Jonathan Rhine**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Wiarda Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Third Party Defendant**

**Offshore Transport Services, L.L.C.**
*doc #4*

represented by  **Fred E. Salley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**Gulf Offshore Logistics, LLC**
*doc #4*

represented by  **Fred E. Salley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**DeQuincy R. Richard**
*doc #4*

represented by  **Robert Joshua Koch , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Jonathan Rhine**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Wiarda Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**REC Marine Logistics, LLC**

represented by  **Fred E. Salley**

*doc #4*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/11/2019 | 1 | COMPLAINT against DeQuincy R. Richard (Filing fee $47 receipt number 053L-7700032) filed by REC Marine Logistics, LLC. (Attachments: # 1 Civil Cover Sheet) Attorney Fred E. Salley added to party REC Marine Logistics, LLC(pty:pla).(Salley, Fred) Modified text on 6/17/2019 (sbs). (Entered: 06/11/2019) |
| 06/14/2019 | | Filing fee received: $400 - Receipt #LAE056399 (gk) (Entered: 06/14/2019) |
| 06/14/2019 | 2 | Initial Case Assignment to Judge Lance M Africk and Magistrate Judge Dana Douglas. (gk) (Entered: 06/14/2019) |
| 06/17/2019 | 3 | Summons Issued as to DeQuincy R. Richard. (sbs) (Entered: 06/17/2019) |
| 08/08/2019 | 4 | ANSWER to Complaint with Jury Demand , THIRD PARTY COMPLAINT with Jury Demand against Offshore Transport Services, L.L.C., Gulf Offshore Logistics, L.L.C., COUNTERCLAIM with Jury Demand against REC Marine Logistics, LLC by DeQuincy R. Richard.Attorney Robert Joshua Koch, Jr added to party DeQuincy R. Richard(pty:dft). (Koch, Robert) (Entered: 08/08/2019) |
| 08/08/2019 | 5 | Summons Submitted for Issuance (Attachments: # 1 Summons)(Koch, Robert) (Entered: 08/08/2019) |
| 08/08/2019 | 6 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice *(Eric J Rhine)* (Filing fee $ 100 receipt number 053L-7796202) by DeQuincy R. Richard. (Attachments: # 1 Certificate of Good Standing, # 2 Affidavit, # 3 Efiling Registration, # 4 Proposed Order)(Koch, Robert) (Entered: 08/08/2019) |
| 08/08/2019 | 7 | Summons Issued as to Gulf Offshore Logistics, L.L.C., Offshore Transport Services, L.L.C.. (Attachments: # 1 Summons)(mp) (Entered: 08/08/2019) |
| 08/09/2019 | 8 | ORDER granting 6 Motion to Appear Pro Hac Vice as to Eric Jonathan Rhine. Signed by Judge Lance M Africk on 8/8/19. (Attachments: # 1 Notice) (ko) (Entered: 08/09/2019) |
| 08/13/2019 | 9 | ANSWER to 4 Counterclaim and Third Party Complaint by Gulf Offshore Logistics, L.L.C., Offshore Transport Services, L.L.C., REC Marine Logistics, LLC.Attorney Fred E. Salley added to party Gulf Offshore Logistics, L.L.C.(pty:3pd), Attorney Fred E. Salley added to party Offshore Transport Services, L.L.C.(pty:3pd).(Salley, Fred) Modified text on 8/14/2019 (mp). (Entered: 08/13/2019) |
| 08/14/2019 | 10 | Correction of Docket Entry by Clerk re 9 Answer to Complaint. Document's signature line is either incomplete or blank. All future documents must reflect either an original signature or an electronic signature of the filing attorney following the format 's/ (attorneyname)'. No further action is necessary. (mp) (Entered: 08/14/2019) |
| 08/14/2019 | 11 | NOTICE: Scheduling Conference set for 9/10/2019 09:15 AM before case manager by telephone. By Clerk. (blg) (Entered: 08/14/2019) |
| 09/10/2019 | 12 | SCHEDULING ORDER: Final Pretrial Conference set for 2/11/2020 10:30 AM before Judge Lance M Africk. Status Conference set for 10/9/2019 09:30 AM before Judge Lance M Africk. Jury Trial set for 3/9/2020 08:30 AM before Judge Lance M Africk. All discovery must be completed by 12/27/2019. Signed by Judge Lance M Africk. (Attachments: # 1 Pretrial Notice Form) (NEF: Magistrate Judge)(ko) (Entered: 09/10/2019) |

| 09/12/2019 | 13 | ORDER: A Status Conference is set for 10/9/2019 at 9:30 A.M. before Judge Lance M. Africk. Parties shall comply as instructed herein. Signed by Judge Lance M Africk on September 12, 2019.(mp) (Entered: 09/12/2019) |
|---|---|---|
| 09/25/2019 | 14 | STATUS REPORT by Gulf Offshore Logistics, LLC, Offshore Transport Services, L.L.C., REC Marine Logistics, LLC (Salley, Fred) (Entered: 09/25/2019) |
| 09/26/2019 | 15 | STATUS REPORT by DeQuincy R. Richard (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Rhine, Eric) (Entered: 09/26/2019) |
| 10/02/2019 | 16 | ORDER: IT IS ORDERED that the Status Conference previously scheduled for 10/9/2019 is RESET to 10/16/2019 at 9:30 AM before Judge Lance M Africk. Parties shall comply as instructed herein. Signed by Judge Lance M Africk on October 1, 2019.(mp) (Entered: 10/02/2019) |
| 10/07/2019 | 17 | STATUS REPORT by Gulf Offshore Logistics, LLC, Offshore Transport Services, L.L.C., REC Marine Logistics, LLC (Salley, Fred) (Entered: 10/07/2019) |
| 10/07/2019 | 18 | DEFICIENT and THIRD-PARTY COMPLAINT with Jury Demand against DeQuincy R. Richard and Eric J. Rhine filed by Gulf Offshore Logistics, LLC, REC Marine Logistics, LLC.(Salley, Fred) Modified text and filers on 10/8/2019 (mp). (Entered: 10/07/2019) |
| 10/08/2019 | 19 | DEFICIENT: Motion for Leave to File *Compulsory Counter-Claim and Third Party Complaint* by Gulf Offshore Logistics, LLC, REC Marine Logistics, LLC. (Attachments: # 1 Proposed Pleading, # 2 Proposed Order)(Salley, Fred) Modified event and filers on 10/9/2019 (mp). (Main Document 19 replaced on 10/9/2019) (mp). (Attachment 1 replaced on 10/9/2019) (mp). (Entered: 10/08/2019) |
| 10/09/2019 | 20 | DEFICIENT: Motion for Leave to File *Counterclaim and Third-Party Claim* against DeQuincy R. Richard filed by Gulf Offshore Logistics, LLC. (Attachments: # 1 Notice of Submission, # 2 Proposed Order Order for Leave, # 3 Proposed Pleading)(Salley, Fred) Modified text on 10/10/2019 (mp). (Entered: 10/09/2019) |
| 10/10/2019 | 21 | STATUS REPORT *(First Amended)* by DeQuincy R. Richard (Koch, Robert) (Entered: 10/10/2019) |
| 10/14/2019 | 22 | **DEFICIENT** COUNTERCLAIM *and cross-claim* against DeQuincy R. Richard filed by Gulf Offshore Logistics, LLC. (Attachments: # 1 Notice of Submission, # 2 Proposed Order, # 3 Memorandum in Support, # 4 Proposed Pleading)(Salley, Fred) Modified on 10/15/2019 (clw). (Entered: 10/14/2019) |
| 10/16/2019 | 23 | Minute Entry for proceedings held before Judge Lance M Africk: Status Conference held on 10/16/2019. As stated herein, IT IS ORDERED that REC Marine Logistics, LLC shall provide DeQuincy R. Richard with initial disclosure requests by 10/25/2019. IT IS FURTHER ORDERED that REC Marine Logistics, LLC shall timely respond to any outstanding discovery requests by DeQuincy R. Richard. IT IS FURTHER ORDERED that the vessel inspection shall be completed no later than 11/15/2019, and that by 10/25/2019, REC Marine Logistics, LLC shall inform counsel for DeQuincy R. Richard of the time and dates when such inspection may occur. (mm) (Entered: 10/16/2019) |
| 10/20/2019 | 24 | **DUPLICATE: SEE REC. DOC. 25** THIRD PARTY COMPLAINT with Jury Demand against Eric J. Rhine filed by Gulf Offshore Logistics, LLC. (Attachments: # 1 Notice of Submission, # 2 Proposed Order, # 3 Memorandum in Support, # 4 Proposed Pleading) (Salley, Fred) Modified on 10/21/2019 (pp). (Entered: 10/20/2019) |
| 10/20/2019 | 25 | **DEFICIENT MOTION for Hearing *leave for cross-claim, third-party claim* by Gulf Offshore Logistics, LLC. Motion(s) referred to Dana Douglas. Motion(s) will be submitted |

| | | |
|---|---|---|
| | | on 11/13/2019. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support, # 3 Proposed Pleading, # 4 Notice of Submission)(Salley, Fred) Modified on 10/21/2019 (pp).** (Entered: 10/20/2019) |
| 10/21/2019 | 26 | Correction of Docket Entry by Clerk re 24 Third Party Complaint.**This is a duplicate filing of document 25 and will be noted as such. No further action is necessary.** (pp) (Entered: 10/21/2019) |
| 10/24/2019 | 27 | DEFICIENT: MOTION for Leave to File *leave for cross-claim, third-party claim* by Gulf Offshore Logistics, LLC. Motion(s) referred to Dana Douglas. Motion(s) will be submitted on 11/13/2019. (Attachments: # 1 Proposed Order, # 2 Proposed Pleading, # 3 Memorandum in Support, # 4 Notice of Submission)(Salley, Fred) Modified text on 10/25/2019 (mp). (Entered: 10/24/2019) |
| 10/27/2019 | 28 | DEFICIENT: MOTION for Leave to File *cross/third party claim* by Gulf Offshore Logistics, LLC. Motion(s) referred to Dana Douglas. Motion(s) will be submitted on 11/13/2019. (Attachments: # 1 Proposed Order, # 2 Memorandum in Support, # 3 Notice of Submission, # 4 Proposed Pleading)(Salley, Fred) Modified on 10/28/2019 (mp). (Entered: 10/27/2019) |
| 10/31/2019 | 29 | MOTION to Compel by DeQuincy R. Richard. Motion(s) referred to Dana Douglas. Motion(s) will be submitted on 11/20/2020. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order, # 6 Notice of Submission) (Rhine, Eric) (Entered: 10/31/2019) |
| 11/01/2019 | 30 | ORDER SETTING ORAL HEARING: IT IS ORDERED that Dequincey R. Richards Motion to Compel 29 is SET FOR ORAL HEARING before the undersigned Magistrate Judge on Wednesday, 11/20/2019 at 11:00 a.m. Any memorandum in opposition and any reply memorandum shall be filed in accordance with the Local Rules of this Court. Signed by Magistrate Judge Dana Douglas on 11/1/2019.(caa) (Entered: 11/01/2019) |
| 11/12/2019 | 31 | RESPONSE/MEMORANDUM in Opposition filed by Gulf Offshore Logistics, LLC, Offshore Transport Services, L.L.C.., REC Marine Logistics, LLC re 29 MOTION to Compel . (Salley, Fred) Modified text/filers on 11/12/2019 (mp). (Additional attachment(s) added on 11/26/2019: # 1 Affidavit, # 2 Affidavit) (cg). (Entered: 11/12/2019) |
| 11/12/2019 | 32 | Correction of Docket Entry by Clerk re 31 Response to Motion. 1.) Filing attorney selected incorrect event. Correct event is RESPONSE/MEMORANDUM in Opposition. 2.) Filing attorney did not select Gulf Offshore Logistics, LLC and REC Marine Logistics, LLC as filers. Clerk added filers. Clerk took corrective actions. (mp) (Entered: 11/12/2019)` |
| 11/13/2019 | 33 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum in Further Support of Motion to Compel* by DeQuincy R. Richard. Motion(s) referred to Dana Douglas. (Attachments: # 1 Proposed Pleading, # 2 Proposed Order)(Rhine, Eric) (Entered: 11/13/2019) |
| 11/13/2019 | 34 | MOTION for Extension of Deadlines *(Richard's Liability Expert Report)* by DeQuincy R. Richard. Motion(s) will be submitted on 12/4/2019. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Notice of Submission)(Rhine, Eric) (Entered: 11/13/2019) |
| 11/14/2019 | 35 | ORDER: IT IS ORDERED that the 34 Motion for Extension of Deadlines is GRANTED and that Richard shall have 14 days after the vessel inspection has occurred to produce the liability expert report. The motions deadline, pretrial conference date, and trial date remain as previously set forth in the scheduling order. Signed by Judge Lance M Africk on November 14, 2019. (mp) (Entered: 11/14/2019) |
| 11/14/2019 | 36 | ORDER granting 33 Motion for Leave to File Reply Memorandum. Signed by Magistrate |

| | | Judge Dana Douglas on 11/14/2019. (clw) (Entered: 11/14/2019) |
|---|---|---|
| 11/14/2019 | 37 | REPLY to Response to Motion filed by DeQuincy R. Richard re 29 MOTION to Compel. (clw) (Entered: 11/14/2019) |
| 11/17/2019 | 38 | EXPARTE/CONSENT MOTION to Continue *scheduled litigation* by REC Marine Logistics, LLC. (Attachments: # 1 Proposed Order)(Salley, Fred) (Entered: 11/17/2019) |
| 11/19/2019 | 39 | ORDER: IT IS ORDERED that the 38 Motion to Continue Currently Scheduled Litigation Activities is DENIED WITHOUT PREJUDICE, preserving the plaintiff's right to re-urge its motion for a continuance at a later date if necessary. IT IS FURTHER ORDERED that the Magistrate Judge may make an independent determination as to the continuance of other deadlines for matters set before her. Signed by Judge Lance M Africk on November 18, 2019. (mp) (Entered: 11/19/2019) |
| 11/19/2019 | 40 | ORDER - The Court originally set the motion for oral hearing on November 20, 2019. [Doc. #30]. Given the plaintiff's motion to continue scheduled litigation, IT IS ORDERED that the oral argument set on November 20, 2019 is CANCELLED. The Court will consider Dequincy R. Richard's Motion to Compel [Doc. #29] on the briefs. Signed by Magistrate Judge Dana Douglas on 11/19/2019.(cg) (Entered: 11/19/2019) |
| 11/20/2019 | 41 | EXPARTE/CONSENT MOTION for Extension of Time to File *Affidavits* by REC Marine Logistics, LLC. Motion(s) referred to Dana Douglas. (Attachments: # 1 Proposed Order) (Salley, Fred) (Entered: 11/20/2019) |
| 11/21/2019 | 42 | ORDER granting 41 Motion for Extension of Time to File. Considering the Ex-Parte Motion of Fred E. Salley for a short continuance of six days up to and thru 26th November 2019, to recover and file two missing witness affidavits into the record, the Motion having merit, it is ordered that the Motion for the requested Extension is hereby granted. Signed by Magistrate Judge Dana Douglas on 11/21/2019. (cg) (Entered: 11/21/2019) |
| 11/25/2019 | 43 | EXPARTE/CONSENT MOTION to Substitute *Affidavits* by REC Marine Logistics, LLC. Motion(s) referred to Dana Douglas. (Attachments: # 1 Proposed Order, # 2 Affidavit, # 3 Affidavit)(Salley, Fred) Modified event/filers on 11/25/2019 (mp). (Entered: 11/25/2019) |
| 11/25/2019 | 44 | Correction of Docket Entry by Clerk re 43 MOTION to Substitute *Affidavits*. 1.) Filing attorney selected incorrect event. Correct event is Motion to Substitute. Clerk took corrective action by changing the event. 2.) Filing attorney incorrectly selected Offshore Transport Services, L.L.C. as the filer. Correct filer(s) is REC Marine Logistics, LLC.Clerk took corrective action. 3.) Title of the Proposed Order does not match the pleading. For all future filings, please ensure that the proper order is attached. (mp) (Entered: 11/25/2019) |
| 11/26/2019 | 45 | ORDER granting 43 Motion to Substitute Affidavits. Signed by Magistrate Judge Dana Douglas on 11/26/2019. (cg) (Entered: 11/26/2019) |
| 12/13/2019 | 46 | Exhibit List by DeQuincy R. Richard. (Rhine, Eric) (Entered: 12/13/2019) |
| 12/13/2019 | 47 | Witness List by DeQuincy R. Richard. (Rhine, Eric) (Entered: 12/13/2019) |
| 12/18/2019 | 48 | ORDER - A settlement conference in the above captioned matter is hereby SCHEDULED for Thursday, January 30, 2020, at 2:00 p.m. before United States Magistrate Judge Dana M. Douglas. Each party shall provide, in confidence, a concise settlement memorandum. The memorandum shall be submitted three (3) working days prior to the conference and shall be no longer than three (3) pages double spaced. The memorandum shall be emailed directly to: efile-douglas@laed.uscourts.gov. The email subject line should read: "Settlement Position Paper for [case number] on [date of conference]". Signed by Magistrate Judge Dana Douglas on 12/18/2019.(cg) (Entered: 12/18/2019) |

| 12/19/2019 | 49 | ORDER granting 29 Motion to Compel as stated herein. This Order reserves the right to Richard to file the appropriate motion with supporting documentation to recover the fees and costs incurred for having had to file the motion to compel. Signed by Magistrate Judge Dana Douglas on 12/19/2019. (cg) (Entered: 12/19/2019) |
| --- | --- | --- |
| 12/20/2019 | 50 | MOTION for Attorney Fees by DeQuincy R. Richard. Motion(s) referred to Dana Douglas. Motion(s) will be submitted on 1/8/2020. (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Proposed Order, # 4 Notice of Submission)(Rhine, Eric) (Entered: 12/20/2019) |
| 01/01/2020 | 51 | MOTION for APPEAL/REVIEW OF MAGISTRATE JUDGE DECISION to District Court re 49 Order on Motion to Compel, by REC Marine Logistics, LLC. Motion(s) will be submitted on 1/22/2020. (Attachments: # 1 Memorandum in Support Memo, # 2 Notice of Submission Notice Hearing)(Salley, Fred) (Entered: 01/01/2020) |
| 01/03/2020 | 52 | ORDER regarding 50 MOTION for Attorney Fees. IT IS ORDERED that Dequincy R. Richard's Motion is SET FOR SUBMISSION ON THE BRIEFS before the undersigned Magistrate Judge on Wednesday, January 8, 2020. Any memorandum in opposition and any reply memorandum shall be filed in accordance with the Local Rules of this Court. Signed by Magistrate Judge Dana Douglas on 12/30/2019.(cg) (Entered: 01/03/2020) |
| 01/05/2020 | 53 | RESPONSE/MEMORANDUM in Opposition filed by REC Marine Logistics, LLC, Offshore Transport Services, L.L.C, Gulf Offshore Logistics, LLC re 50 MOTION for Attorney Fees . (Salley, Fred) Modified event/filers on 1/6/2020 (mp). (Entered: 01/05/2020) |
| 01/06/2020 | 54 | Correction of Docket Entry by Clerk re 53 Response to Motion. 1.) Filing attorney selected incorrect event. Correct event is RESPONSE/MEMORANDUM in Opposition. Clerk took corrective action by changing the event. 2.) Filing attorney did not select Offshore Transport Services, L.L.C and Gulf Offshore Logistics, LLC as additional filers. Clerk added filers. No further action is necessary. (mp) (Entered: 01/06/2020) |
| 01/06/2020 | 55 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum in Further Support of Motion for Attorney's Fees* by DeQuincy R. Richard. Motion(s) referred to Dana Douglas. (Attachments: # 1 Proposed Pleading, # 2 Proposed Order)(Rhine, Eric) (Entered: 01/06/2020) |
| 01/07/2020 | 56 | ORDER granting 55 Motion for Leave to File Reply Memorandum. Signed by Magistrate Judge Dana Douglas on 1/7/2020. (clw) (Entered: 01/07/2020) |
| 01/07/2020 | 57 | REPLY to Response to Motion filed by DeQuincy R. Richard re 50 MOTION for Attorney Fees. (clw) (Entered: 01/07/2020) |
| 01/13/2020 | 58 | MOTION for Sanctions by DeQuincy R. Richard. Motion(s) will be submitted on 2/5/2020. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Proposed Order, # 8 Notice of Submission)(Rhine, Eric) (Entered: 01/13/2020) |
| 01/13/2020 | 59 | RESPONSE/MEMORANDUM in Opposition filed by DeQuincy R. Richard re 51 MOTION for APPEAL/REVIEW OF MAGISTRATE JUDGE DECISION to District Court re 49 Order on Motion to Compel, . (Attachments: # 1 Proposed Order)(Rhine, Eric) (Entered: 01/13/2020) |

| PACER Service Center |
| --- |
| Transaction Receipt |

LAED CM/ECF - Live

| 01/15/2020 16:11:52 | | | |
|---|---|---|---|
| **PACER Login:** | morrowsheppard | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:19-cv-11149-LMA-DMD |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

**Salley & Associates**
Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net

Telephone:   985-867-8830
Tele. WA:    800-780-7097
Facsimile:   985-867-3368

15th November 2019

Clerk of Court
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

Re:   **Griffin vs. REC Marine Logistics, LLC**
        D/A -
        My File: FES-19-562
        CAC-682146 (27)
        Ref: N/A

Dear Sir:

I attach for filing in the captioned and entitled litigation, the original and two of :

1) Ex-Parte Motion to Continue for Counsel Medical Disability;

I understand that filing cost for this item is already contained in defense credits, which will be used to cover filing expense for this filing. If a shortage develops please advise so that I can cover.

Please file in the record and provide the original to the Court, Judge Trudy White, for consideration,

Sincerely,

Fred E. Salley

FES/fng/STF
Cc:   Daniel Shepperd W/ copy
        3701 Kirby Drive, #1000
        Houston, TX 77098

---

**EXHIBIT**

PX-2

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                          . Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____        CLERK_____

DEPUTY CLERK

## EX-PARTE MOTION TO CONTINUE FOR MEDICAL DISABILITY

Now comes Undersigned Counsel and upon suggesting that he has suffered from progressive illness and medical disabilities for the past several weeks involving the development of apparent blood clots in his lower legs, which has rendered walking, standing and climbing stairs painful and difficult; is obliged to move for a short recess of litigation activity and a continuance of currently scheduled matters for thirty days, to permit counsel opportunity to seek more extensive medical review and care, with possible hospitalization, at St. Joseph Hospital in Lexington, Ky. which has treated him for similar illnesses in prior years, and hereby moves therefore.

Submitted by:

FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants,REC *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 15th day of November 2019.

FRED E. SALLEY, T.A.   (11665)

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                    Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, et. al.

FILED_____        CLERK_____

DEPUTY CLERK

ORDER GRANTING DEFENSE COUNSEL'S REQUEST FOR CONTINUANCE FOR MEDICAL REASONS

Defense Counsel having filed a Motion seeking thirty days of Continuance in this case for personal medical reasons, the Motion is appropriate, and is hereby granted, and there will be a thirty day continuance and cessation of litigation activity pending Counsel's return, or report, on his medical care and condition.

THUS DONE AND SIGNED, this _____ day of November 2019.

_____
Hon. Trudy White, 19th JDC, EBRP

Submitted by:

FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants,REC et. al.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 15th day of November 2019.

FRED E. SALLEY, T.A.   (11665)

**1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REC MARINE LOGISTICS, LLC   CIVIL ACTION
NO. 19-11149
VERSUS
DEQUINCY R. RICHARD          SECTION: 1(3)

JUDGE LANCE M. AFRICK
MAGISTRATE DANA M. DOUGLAS

Video Deposition of REC Marine
Logistics, LLC, taken on December 30, 2019,
commencing at 10:15 a.m. and concluding
at 2:20 p.m., at the offices of REC Marine
Logistics, LLC, 810 Crescent Avenue, Lockport,
Louisiana.

**2**

1  APPEARANCES:
2
3  SALLEY & ASSOCIATES
4  BY:  FRED E. SALLEY, ESQ.
5  77378 Highway 1081
6  Covington, Louisiana 70434
7       Attorney for the Plaintiff
8
9  SPAGNOLETTI LAW FIRM
10 BY:  ERIC J. RHINE, ESQ.
11 401 Louisiana Street
   8th Floor
12 Houston, Texas 77002
13      Attorney for the Defendant
14
15
16
17
18
19
20
21 REPORTED BY:
22 Trina M. Graves
   Certified Court Reporter
23
24
25

**3**

1          INDEX
2
3                                PAGE
4
5  Title                          1
6  Appearances                    2
7  Stipulations                   4
8  Examination by Mr. Rhine       5
9  Examination by Mr. Salley      250
10 Reporter certificate           255
11
12         EXHIBIT INDEX
13
14 Exhibit number 1 - Logs          18
15 Exhibit number 2 - Not. of Deposition  20
16 Exhibit number 3 - Motion Filed   71
17 Exhibit number 4 - Answer         99
18 Exhibit number 5 - Counterclaim   117
19 Exhibit number 6 - Interrogatories  129
20 Exhibit number 7 - Interrogatories  129
21 Exhibit number 8 - Accident Report  132
22 Exhibit number 9 - Memorandum     208
23 Exhibit number 10 - Boat Logs     221
24 Exhibit number 11 - Personnel File  236
25

**4**

1        STIPULATION
2
3      It is stipulated and agreed by and between
4  counsel that the deposition of REC Marine
5  Logistics, LLC is hereby being taken in
6  accordance with Fed.R.Civ.P. 30(b)(6), of the
7  Federal Rules of Civil Procedure for
8  all purposes in accordance with law;
9      That the formalities of filing, reading,
10 signing and certification are hereby waived;
11     That all objections, except those as to
12 the form of the question and/or responsiveness
13 of the answer, are hereby reserved until such
14 time as this deposition or any part thereof
15 may be used in evidence.
16
17     * * * * * * * *
18
19     TRINA M. GRAVES, Certified Court Reporter,
20 in and for the State of Louisiana, officiated
21 in administering the oath to the witness.
22
23
24
25

1 (

EXHIBIT

PX-3

EAST BATON ROUGE PARISH
Filed Jan 21, 2020 11:31 AM
Deputy Clerk of Court

C-682146
27

**FAX FILED 1/15/2020**

# MORROW  SHEPPARD LLP
### *Trial Attorneys*

3701 KIRBY DR, STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD        |        DSHEPPARD@MORROWSHEPPARD.COM        |        713.489.1206

**DOCUMENTS FAXED TO SUIT ACCOUNTING DEPARTMENT ON 1/15/2020**

January 16, 2020

East Baton Rouge Parish Clerk of Court          *Via Fax to 225.389.3392*
Attention Suit Accounting, Suite No. 3301
P.O. Box 1991
Baton Rouge, Louisiana 70821-1991

    *Re:    McArthur Griffin v. REC Marine, LLC et al.;* Suit No. 682146

Dear Sir/Madam:

Enclosed are the original documents for the above-referenced case:

1.  Plaintiff's motion in opposition to Defendant's Motion to review, reverse, reconsider, and correct and supplement to Plaintiff's Motion for contempt and for sanctions, with exhibits; and,
2.  Proposed judgment.

Please file and provide the original documents to the Court for consideration.

Thank you for your attention in this matter. Please contact us if anything else is required on our end.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:
John D. Sheppard (firm)
Brilliant Clayton (Clayton, Fruge, & Ward)
Fred E. Salley (Salley and Associates)
Alan Davis (Chaffe McCall)



# Doug Welborn
Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM: SUIT ACCOUNTING DEPARTMENT**                    Date: JANUARY 15, 2020

**FAX NUMBER: (225) 389-3392**                    Suit No.: C-682146

**To: DANIEL E. SHEPPARD**                    Section: 27

**MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL**

**Total Amount Due (includes all applicable fees below) $413.00**

| | |
|---|---|
| 901-COVER LETTER | 1 PAGE |
| 4001-MTN WITHOUT ORD-CIV | 4 PAGES |
| 5016-MEMO-CV | 8 PAGES |
| 8000-JUDGMENT -CV | 2 PAGES |
| 5011-EXHIBIT-CV | 59 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 1-15-20, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

### NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).

### IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Kay Lewis*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form 96 Rev. 08/26/14

EAST BATON ROUGE PARISH
Filed Jan 21, 2020 11:31 AM
Deputy Clerk of Court

C-682146
27

**FAX FILED 1/15/2020**

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO REVIEW, REVERSE, RECONSIDER AND CORRECT AND SUPPLEMENT TO PLAINTIFF'S MEMORANDUM FOR CONTEMPT AND FOR SANCTIONS

Plaintiff McArthur Griffin respectfully moves this Court for an order, pursuant to La. Code Civ. Proc. 1470, 1471, and La. R.S. 13:6411 holding Defendant REC Marine Logistics, LLC ("Defendant") in contempt of court and for issuance of appropriate penalties upon Defendant as this Court finds reasonable.

### BACKGROUND

On September 23, 2019, the Court held a hearing on the following issues: (a) Defendant REC Marine Logistics LLC ("REC Marine") Gulf Offshore Logistics LLC ("Gulf Offshore"), and GOL LLC's ("GOL") (collectively "Defendants") Motion to Dismiss and Exceptions; (b) Plaintiff's Motion to Compel; and (c) Plaintiff's Motion for Leave.

The Court orally denied Defendants' Motion to Dismiss and Exceptions and granted Plaintiff's Motions in full.[1] The Court ordered REC Marine to respond to Plaintiff's discovery requests within thirty (30) days, something Defendant REC Marine agreed to do in open Court.

---

[1] The Court's oral order was later reduced to writing. *See* PX-5 contained in Plaintiff's Motion/Memorandum for Contempt and Sanctions.

Defendant REC Marine ignored and/or disobeyed the Court's order, refused to respond to Plaintiff's discovery requests, and went back on the agreement it struck in open Court. Instead of fulfilling their obligations to respond to discovery, REC Marine, manufactured specious excuses for its willful disobedience. *See* Defendant's Motion.[2]

There is no evidence that a clerical error deprived REC Marine of notice of the hearings set for Plaintiff's Motions to Compel and for Leave. In fact, the opposite is true. REC Marine *appeared* at the hearings. REC Marine *argued* at the hearings. In fact, REC Marine *agreed* to respond to Plaintiff's discovery requests in *open court.* REC Marine did not cry foul until weeks after *after* the Court ordered it to respond to discovery. Even if the Court finds service to be lacking (which it is not), the Court must deny Defendant's motion.

REC Marine has not complied with the Court's order or the explicit agreement made in open court and should be sanctioned accordingly.[3]

## CONCLUSION AND PRAYER

Plaintiff prays that this Court (a) DENY Defendant's Motion to Reverse, Reconsider, and Correct; (b) issue an order holding Defendant in contempt of court

---

[2] Plaintiff does not address Defendants' arguments related to its exceptions and motion to dismiss as the Court's November 21, 2019 order (provided to undersigned by Mr. Fred Salley) denies a rehearing on those issues.

[3] Fred Salley argues he has not been served with the Court's rulings. This is not true. The Court's Order was served on Mr. Salley in accordance with La. Code Civ. Proc. 1313. The Court's Order was sent to the email account Fred Salley uses to communicate and serve documents. See PX-7 (email to Fred Salley dated October 25, 2019). The Court's Order was sent to Mr. Salley again on November 4, 2019 by email, fax, and regular mail. See PX-8 (correspondence to Fred Salley). Mr. Salley responded to the email containing the Order he now claims to have not received. See PX-9 (email response from Fred Salley). Mr. Salley cannot genuinely argue he has not received the Court's order. In fact, any failure to receive the Court's order should be borne by Fred Salley for failing to review or claim materials provided to him by email, fax, and/or U.S. mail.

with appropriate fines and/or other appropriate penalties for its violation of this Court's rulings and Judgment, and in addition, for attorney's fees and other reasonable expenses; and (c) ORDER Defendant to respond to the discovery served on it within 3 days of the hearing.

Plaintiff further prays that this Court issue a judgment by default against Defendant, or, in the alternative, for an order prohibiting Defendant, its subsidiaries, joint-ventures, partnerships, and affiliates (e.g. all business operating out of 4535 LA-308, Raceland, LA 70394) from offering or eliciting any testimony from Plaintiff, other defendants, their witnesses and/or experts and/or prohibiting Defendant from introducing any exhibits at the trial on the merits, or, in the alternative, for an order striking all of Defendant's claims and affirmative defenses. Plaintiff also requests that the Court strike all of Defendant's objections to discovery.

MORROW & SHEPPARD, LLP

Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
*Attorneys for Plaintiff, McArthur Griffin*

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                         *
                                         *
          *Plaintiff,*                   *
                                         *
vs.                                      *          Case No. C-682146
                                         *          Section: 27
REC Marine Logistics LLC et al.          *
                                         *
          *Defendants.*                  *
                                         *

************************************************************************

### CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2020 a true and correct copy of this

document was served on counsel of record by fax, mail, and email.

Daniel Sheppard (#38076)

EAST BATON ROUGE PARISH
Filed Jan 21, 2020 11:31 AM
Deputy Clerk of Court

C-682146
27

**FAX FILED 1/15/2020**

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REVIEW, REVERSE, RECONSIDER AND CORRECT AND SUPPLEMENT TO PLAINTIFF'S MEMORANDUM FOR CONTEMPT AND FOR SANCTIONS

Plaintiff files this memorandum in opposition to Defendant's motion to reverse, reconsider and correct ("Defendant's Motion") and to supplement Plaintiff's motion for contempt and for sanctions, incorporated herein (Plaintiff's original memorandum filed on November 4th, 2019).

## BACKGROUND

On September 23, 2019, the Court held a hearing on the following issues: (a) Defendant REC Marine Logistics LLC ("REC Marine") Gulf Offshore Logistics LLC ("Gulf Offshore"), and GOL LLC's ("GOL") (collectively "Defendants") Motion to Dismiss and Exceptions; (b) Plaintiff's Motion to Compel; and (c) Plaintiff's Motion for Leave.

The Court orally denied Defendants' Motion to Dismiss and Exceptions and granted Plaintiff's Motions in full.[4] The Court ordered REC Marine to respond to Plaintiff's discovery requests within thirty (30) days, something Defendant REC Marine agreed to do in open Court.

---

[4] The Court's oral order was later reduced to writing. *See* PX-5 contained in Plaintiff's Motion/Memorandum for Contempt and Sanctions.

*Bunge Corp. v. Emmons*, 320 So.2d 230, 232 (La. App. 3 Cir. 1975); *In re Med Review Panel for Claim of Brunet*, 578 So.2d 1011, 1013 (La. App. 4 Cir. 1991); *Chatman v. Thor Offshore Boat Serv., Inc.*, 410 So.2d 784, 785 (La. App. 4 Cir. 1982), *writ denied*, 414 So.2d 389. "Lack of service...is waived if the excepting party makes an appearance." *Strickland v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 432 So.2d 964, 966 (La. Ct. App.1983); *see also LeBlanc v. Landry*, 371 So. 2d 1276, 1278–79 (La. Ct. App. 1979). Failure to raise the objection before submitting to a hearing "was a waiver of [an] objection to the form of service." *Normand Co. v. Abraham*, 176 So. 2d 178, 182 (La. Ct. App. 1965). "Had [REC Marine] called upon the court first to pass on the [motions for leave and to compel] before submitting to a hearing on the merits of the motion, [their] rights thereunder would have been protected. [REC Marine's] failure to do so was a waiver of his objection to the form of service. *Strickland v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 432 So.2d 964, 966 (La. Ct. App.1983). [REC Marine's] appearance and argument at the hearing of the motions constitutes a waiver of the objection as to service. *Strickland v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 432 So.2d 964, 966 (La. Ct. App.1983).

A.   INDEPENDENT BASIS #1 TO DENY DEFENDANT'S MOTION

"Lack of service...is waived if the excepting party makes an appearance." *Strickland v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 432 So.2d 964, 966 (La. Ct. App.1983). REC Marine appeared at the hearings set for Plaintiff's Motions. *See* PX-10 (September 23, 2019 Hearing Transcript at 1).

On this basis alone, Defendant's Motion must be denied.

B.   INDEPENDENT BASIS #2 TO DENY DEFENDANT'S MOTION

Defendant never objected to service at the hearing.  Failure to raise the objection before submitting to hearing acts as a waiver of an "objection to the form of service." *Normand Co. v. Abraham*, 176 So. 2d 178, 182 (La. Ct. App. 1965).  At the hearing, REC Marine did not object to (a) service of Plaintiff's Motions or (b) notice of the hearing on Plaintiff's Motions.  *See* PX-10 (September 23, 2019 Hearing Transcript).[7]  These claims were only raised after REC Marine received a disappointing result. The Court should "not hear [REC Marine's] complaint now, after [they] took [their] chances on the merits and lost." *Normand Co. v. Abraham*, 176 So. 2d 178, 182 (La. Ct. App. 1965).  The only objection REC Marine made at the September 23, 2019 hearing was that Mr. Salley has not been "stonewalling anybody." *See* PX-10 ((September 23, 2019 Hearing Transcript at 13:31-32).

On this basis alone, Defendant's Motion must be denied.

C.    INDEPENDENT BASIS #3 TO DENY DEFENDANT'S MOTION

REC Marine waived any objection it *may* have had by arguing the merits of Plaintiff's Motions. *Strickland v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, 432 So.2d 964, 966 (La. Ct. App.1983).  At the September 23, 2019 hearing, counsel for REC Marine argued that "[n]o discovery can be issued by a party that has exceptions pending against them on the basis of venue and jurisdiction. Those have to be resolved before any discovery can start." *See* PX-10 (September 23, 2019 Hearing Transcript at 13:3-7).

---

[7] Defendant's Motion makes claims that it has not received Plaintiff's pleadings in this case.  *See* Defendant's Motion.  All pleadings to REC Marine have been served on REC Marine's counsel.  *See* Certificates of Service on Pleadings.  Given the claims that REC Marine is not receiving documents, undersigned is sending all documents via First Class Mail, Certified Mail Return Receipt Requested, facsimile, and email.  REC Marine's claims that it is not receiving documents despite being served four separate ways is remarkable.

This argument is a complete misstatement of the law and was properly rejected by the Court. Louisiana jurisprudence expressly permits discovery measures on the issue of jurisdiction. *See Johnson v. Byrd,* 48,411 La. App. 2 Cir. 9/25/13, 11–12, 125 So. 3d 1220, 1227 ("A survey of Louisiana jurisprudence on this issue indicates that courts *routinely* consider evidence such as depositions, affidavits, answers to interrogatories, and documentary evidence when deciding declinatory exceptions of lack of personal jurisdiction") (emphasis added).[8]

As REC Marine argued the merits of the Plaintiff's Motions, Defendant's Motion must be denied.

D.    INDEPENDENT BASIS #4 TO DENY DEFENDANT'S MOTION

REC Marine agreed to respond to Plaintiff's discovery requests. *See* PX-10 (September 23, 2019 Hearing Transcript at 13:10-14) ("The Court: How much time do you need to complete discovery. Mr. Salley: I—I haven't even looked at them. I don't even know if it's directed to a client I represent. But I am sure the fifteen to thirty days is adequate.").

On this basis alone, Defendant's Motion must be denied.

---

[8] *See also Maguire Plastic Surgery Ctr., LLC v. Booker,* 47,929 (La.App.2d Cir.5/22/13), 117 So.3d 239 (Plaintiff's jurisdictional discovery included propounding interrogatories and requests for production, as well as the deposition of an employee of one of the defendants); *see also de Reyes v. Marine Mgmt. and Consulting, Ltd.,* 586 So.2d 103 (La.1991) (discovery depositions were taken); *IberiaBank v. Thornton,* 45,332 (La.App.2d Cir.6/23/10), 44 So.3d 720 (evidence considered by the court included loan documents, correspondence between the parties and the deposition of one of the defendants); *SteriFx, Inc. v. Roden,* 41,383 (La.App.2d Cir.8/25/06), 939 So.2d 533 (deposition extracts and other documentary evidence were submitted to the trial court); *Cohen v. Cohen,* 635 So.2d 1293 (La.App. 4th Cir.4/14/94), (two affidavits were submitted in support of the exception); *Eng'g Dynamics, Inc. v. Massachusetts Inst. of Tech.,* 05–295 (La.App.5th Cir.11/29/05), 917 So.2d 1168 (affidavits were submitted in support and opposition to the exception of lack of personal jurisdiction); *Jacobsen v. Asbestos Corp. Ltd.,* 12–655 (La.App.5th Cir.5/30/13), 119 So.3d 770 (the court considered an affidavit in support of the exception, as well as two depositions and various other documents in opposition).

E.    INDEPENDENT BASIS #5 TO DENY DEFENDANT'S MOTION

Even if Defendant's claims that is was not served are taken as true, there is no prejudice to Defendant now. REC Marine has had more than five (5) months to respond to basic discovery. *See* Plaintiff's Motion to Compel.[9] To date, REC Marine has not responded to any discovery it has been served. The Court Ordered Defendant to respond to Plaintiff's discovery in 30 days. Defendant was given just the amount of time it requested at the September 23, 2019 hearing. *See* PX-10 (September 23, 2019 Hearing Transcript at 13:10-14). Holding Defendant to the agreements it strikes, especially those made in open Court, is not prejudicial.

For this reason alone, Defendant's Motion must be denied.

## EXHIBITS

| | |
|---|---|
| PX-7 | Email to Fred Salley Dated October 25, 2019 |
| PX-8 | November 4, 2019 Correspondence to Fred Salley |
| PX-9 | Fred Salley's November 4, 2019 Email Response |
| PX-10 | September 23, 2019 Hearing Transcript |
| PX-11 | Signed Orders and Memorandum |

## CONCLUSION AND PRAYER

Plaintiff prays that this Court issue an order holding Defendant in contempt of court with appropriate fines and/or other appropriate penalties for its violation of this Court's rulings and Judgment, and in addition, for attorney's fees and other reasonable expenses.

Plaintiff further prays that this Court issue a judgment by default against Defendant, or, in the alternative, for an order prohibiting Defendant from offering or eliciting any testimony from Plaintiff, other defendants, their witnesses and/or experts and/or prohibiting Defendant from introducing any exhibits at the trial on

---

[9] Notably, REC Marine is presently violating two other court orders related to discovery abuses. *See* PX-11 (Signed Orders and Memorandum).

the merits, or, in the alternative, for an order striking all of Defendant's claims and affirmative defenses. Plaintiff also requests that the Court strike all of Defendant's objections to discovery.

MORROW & SHEPPARD, LLP

Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
*Attorneys for Plaintiff, McArthur Griffin*

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

McArthur Griffin                          *
                                          *
        *Plaintiff,*                      *
                                          *
vs.                                       *        Case No. C-682146
                                          *        Section: 27
REC Marine Logistics LLC et al.           *
                                          *
        *Defendants.*                     *
                                          *
*************************************************************************

### CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2020 a true and correct copy of this document was served on counsel of record by fax, mail, and email.

_____
Daniel Sheppard (#38076)

EAST BATON ROUGE PARISH
Filed Jan 21, 2020 11:31 AM
Deputy Clerk of Court

C-682146
27

**FAX FILED 1/15/2020**

**Daniel Sheppard**

**From:** Daniel Sheppard
**Sent:** Friday, October 25, 2019 5:00 PM
**To:** fsalleyA
**Cc:** John Sheppard; Brilliant Clayton
**Subject:** RE: Griffin
**Attachments:** Griffin - Judgment (Signed October 13, 2019).pdf

Fred,

Thank you for speaking with me.

Following our discussion, it remains unclear whether you have taken any steps to perform the discovery you told the Court you could complete by October 23, 2019. You claim (among other things) that you have not received the Court's signed judgment. I have attached the signed judgment here for your convenience.

We will be moving forward with preparing and filing our second motion to compel and motion for sanctions and contempt as you maintain the position that (a) you are under no obligation to respond to discovery and (b) that you will not be responding to discovery as ordered by Judge White.

Please feel free to call me if you would like to discuss this further. My contact information is below.

Thank you,
Daniel

Daniel E. Sheppard

MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

**From:** Daniel Sheppard <dsheppard@morrowsheppard.com>
**Sent:** Thursday, October 24, 2019 10:30 AM
**To:** fsalleyA <fsalley@acadiacom.net>
**Cc:** John Sheppard <jsheppard@morrowsheppard.com>; Brilliant Clayton <bclayton@claytonfrugelaw.com>; msfiling <msfiling@morrowsheppard.com>
**Subject:** RE: Griffin

Fred,

**EXHIBIT**

**PX-7**

1

See attached letter.  I would like to request a conference with you to discuss Defendant's failure to respond to Plaintiff's discovery requests.  This letter is being faxed and mailed to you.

Please contact me to arrange this conference within the next five (5) working days.

Thank you,
Daniel
—
Daniel E. Sheppard

**MORROW & SHEPPARD** LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

---

**From:** fsalleyA <fsalley@acadiacom.net>
**Sent:** Saturday, October 5, 2019 6:52 AM
**To:** Daniel Sheppard <dsheppard@morrowsheppard.com>
**Subject:** Re: Griffin

## SALLEY & ASSOCIATES
### Attorneys

| Fred E. Salley | **77378 Hwy 1081** | Telephone:1-985-867-8830 |
| | P.O. Box 3549 | Facsimile: 1-985-867-3368 |
| | Covington, LA  70434 | Cellular : 1-504-450-3880 |

Saturday, October 05, 2019 06:47:48

Daniel:

Your large packet of pleadings dated and mailed 11th September reached me Friday, 4th October.  I had not had access to ror read this material prior to the hearing in Baton Rouge.

Best regards,


Fred E. Salley

---

On 9/24/2019 9:56 AM, Daniel Sheppard wrote:

    Fred,

2

My earlier email was truncated.  Please let me know whether you are opposed to the proposed judgment within 5 days.  If opposed, please indicate the basis for your opposition.


Thank you,
Daniel

Sent from my iPhone.  Please disregard any brevity or typos.

On Sep 24, 2019, at 08:58, Daniel Sheppard <dsheppard@morrowsheppard.com> wrote:

Fred,

Attached is the cover letter and judgment being sent to the clerk for filing (and onward to Judge White for signature).

Thank you,
Daniel


**Daniel E. Sheppard**

MORROW **&** SHEPPARD
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T:  713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com


<Griffin - 9.24.19 (Letter to Clerk).pdf>

<Griffin - Judgment.pdf>

---

Virus-free. www.avast.com

3

**Daniel Sheppard**

| | |
|---|---|
| **From:** | Daniel Sheppard |
| **Sent:** | Monday, November 4, 2019 5:32 PM |
| **To:** | fsalleyA |
| **Cc:** | John Sheppard; Brilliant Clayton |
| **Subject:** | RE: Griffin |
| **Attachments:** | Griffin - Plaintiff's First Amended Petition.pdf; Griffin - Motion for Contempt and Sanctions.pdf |

Fred,

Please see attached for service. The attached documents will also be served via fax and mail.

Thank you,
Daniel

—
**Daniel E. Sheppard**

MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
**T:** 713-489-4815  **F:** 713-893-8370
**E:** dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

---

**From:** Daniel Sheppard
**Sent:** Friday, October 25, 2019 5:00 PM
**To:** fsalleyA <fsalley@acadiacom.net>
**Cc:** John Sheppard <jsheppard@morrowsheppard.com>; Brilliant Clayton <bclayton@claytonfrugelaw.com>
**Subject:** RE: Griffin

Fred,

Thank you for speaking with me.

Following our discussion, it remains unclear whether you have taken any steps to perform the discovery you told the Court you could complete by October 23, 2019. You claim (among other things) that you have not received the Court's signed judgment. I have attached the signed judgment here for your convenience.

We will be moving forward with preparing and filing our second motion to compel and motion for sanctions and contempt as you maintain the position that (a) you are under no obligation to respond to discovery and (b) that you will not be responding to discovery as ordered by Judge White.

Please feel free to call me if you would like to discuss this further. My contact information is below.

Thank you,

1

EXHIBIT

PX-8

Daniel

Daniel E. Sheppard

MORROW **&** SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

---

**From:** Daniel Sheppard <dsheppard@morrowsheppard.com>
**Sent:** Thursday, October 24, 2019 10:30 AM
**To:** fsalleyA <fsalley@acadiacom.net>
**Cc:** John Sheppard <jsheppard@morrowsheppard.com>; Brilliant Clayton <bclayton@claytonfrugelaw.com>; msfiling <msfiling@morrowsheppard.com>
**Subject:** RE: Griffin

Fred,

See attached letter. I would like to request a conference with you to discuss Defendant's failure to respond to Plaintiff's discovery requests. This letter is being faxed and mailed to you.

Please contact me to arrange this conference within the next five (5) working days.

Thank you,
Daniel

Daniel E. Sheppard

MORROW **&** SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

---

**From:** fsalleyA <fsalley@acadiacom.net>
**Sent:** Saturday, October 5, 2019 6:52 AM
**To:** Daniel Sheppard <dsheppard@morrowsheppard.com>
**Subject:** Re: Griffin

**SALLEY & ASSOCIATES**
**Attorneys**

Fred E. Salley                    77378 Hwy 1081            Telephone:1-985-867-8830
_____                  P.O. Box 3549             Facsimile: 1-985-867-3368
                                 Covington, LA  70434      Cellular : 1-504-450-3880

Saturday, October 05, 2019 06:47:48

Daniel:

Your large packet of pleadings dated and mailed 11th September reached me Friday, 4th October.  I had not had access
to nor read this material prior to the hearing in Baton Rouge.

Best regards,


Fred E. Salley


_____

On 9/24/2019 9:56 AM, Daniel Sheppard wrote:

  Fred,


  My earlier email was truncated.  Please let me know whether you are opposed to the proposed
  judgment within 5 days.  If opposed, please indicate the basis for your opposition.


  Thank you,
  Daniel

  Sent from my iPhone.  Please disregard any brevity or typos.

  On Sep 24, 2019, at 08:58, Daniel Sheppard <dsheppard@morrowsheppard.com> wrote:

    Fred,

    Attached is the cover letter and judgment being sent to the clerk for filing (and onward
    to Judge White for signature).

    Thank you,
    Daniel


    Daniel E. Sheppard
    MORROW ⬥ SHEPPARD LLP
    _Trial Attorneys_
    Morrow & Sheppard LLP
    3701 Kirby Drive, Suite 1000
    Houston, Texas 77098

3

T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

<Griffin - 9.24.19 (Letter to Clerk).pdf>

<Griffin - Judgment.pdf>

---

Virus-free. www.avast.com

4

**Daniel Sheppard**

| | |
|---|---|
| **From:** | DoNotReplyNotify@vonagebusiness.com |
| **Sent:** | Monday, November 4, 2019 6:07 PM |
| **To:** | fax |
| **Subject:** | Outgoing Fax to 19858673368 |

| VONAGE BUSINESS FAX DETAILED DELIVERY REPORT | |
|---|---|
| Attention | 17138938370 |
| Job Number | |
| Sent By User | 17138938370 |
| Entered Vonage System | 11/04/2019 05:35PM |
| Report Generated | 11/04/2019 06:07PM |
| Billing Code | 112507 |
| Subject | Griffin - Amended Petition and Motion for Contempt and Sanctions |
| Page Count | 37 (including cover sheet) |

| SUMMARY | | |
|---|---|---|
| Sent: 37 | Errors: | Cancelled: |
| Total: 37 | | |

| Destination | Status | Date | Time | Num. Retries |
|---|---|---|---|---|
| 19858673368 | SENT | 11/04/2019 | 06:07PM | |



**Daniel Sheppard**

| | |
|---|---|
| **From:** | fsalleya <fsalley@acadiacom.net> |
| **Sent:** | Monday, November 4, 2019 7:11 PM |
| **To:** | Daniel Sheppard |
| **Subject:** | Re: Griffin |

11/4/2019 7pm

Dan:

Before you get excited and start filing, perhaps you should call John Swearingen at the court and talk to him about what happened and whose fault it was with the services in this case.

He is at 225-389-3982. He will verify that his staff screwed up and your motion to compel on answers to interrogatories was never served as required. I will obtain his affidavit to nullify the court activity.

WKR

Fred E. Salley

On Mon, 04 Nov 2019 17:31:48 -0600, Daniel Sheppard <dsheppard@morrowsheppard.com> wrote:

Fred,

Please see attached for service. The attached documents will also be served via fax and mail.

Thank you,
Daniel

**Daniel E. Sheppard**

**MORROW & SHEPPARD**LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815 F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

**From:** Daniel Sheppard
**Sent:** Friday, October 25, 2019 5:00 PM
**To:** fsalleyA <fsalley@acadiacom.net>
**Cc:** John SheppardA <jsheppard@morrowsheppard.com>; Brilliant Clayton <bclayton@claytonfrugelaw.com>
**Subject:** RE: Griffin

Fred,

1

**EXHIBIT**

**PX-9**

Thank you for speaking with me.

Following our discussion, it remains unclear whether you have taken any steps to perform the discovery you told the Court you could complete by October 23, 2019. You claim (among other things) that you have not received the Court's signed judgment. I have attached the signed judgment here for your convenience.

We will be moving forward with preparing and filing our second motion to compel and motion for sanctions and contempt as you maintain the position that (a) you are under no obligation to respond to discovery and (b) that you will not be responding to discovery as ordered by Judge White.

Please feel free to call me if you would like to discuss this further. My contact information is below.

Thank you,
Daniel

—
**Daniel E. Sheppard**

MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

---

**From:** Daniel Sheppard <dsheppard@morrowsheppard.com>
**Sent:** Thursday, October 24, 2019 10:30 AM
**To:** fsalleyA <fsalley@acadiacom.net>
**Cc:** John Sheppard <jsheppard@morrowsheppard.com>; Brilliant Clayton <bclayton@claytonfrugelaw.com>; msfiling <msfiling@morrowsheppard.com>
**Subject:** RE: Griffin

Fred,

See attached letter. I would like to request a conference with you to discuss Defendant's failure to respond to Plaintiff's discovery requests. This letter is being faxed and mailed to you.

Please contact me to arrange this conference within the next five (5) working days.

Thank you,
Daniel

—
**Daniel E. Sheppard**

MORROW & SHEPPARD LLP
*Trial Attorneys*

Morrow & Sheppard LLP

2

3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815 F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

**From:** fsalleyA <fsalley@acadiacom.net>
**Sent:** Saturday, October 5, 2019 6:52 AM
**To:** Daniel Sheppard <dsheppard@morrowsheppard.com>
**Subject:** Re: Griffin

## SALLEY & ASSOCIATES
### Attorneys

Fred E. Salley                77378 Hwy 1081              Telephone:1-985-867-8830
                              P.O. Box 3549               Facsimile: 1-985-867-3368
                           Covington, LA  70434           Cellular : 1-504-450-3880

Saturday, October 05, 2019 06:47:48

Daniel:

Your large packet of pleadings dated and mailed 11th September reached me Friday, 4th October.  I had not had access to ror read this material prior to the hearing in Baton Rouge.

Best regards,


Fred E. Salley



On 9/24/2019 9:56 AM, Daniel Sheppard wrote:

> Fred,
>
> My earlier email was truncated.  Please let me know whether you are opposed to the proposed judgment within 5 days.  If opposed, please indicate the basis for your opposition.
>
> Thank you,
> Daniel
>
> Sent from my iPhone.  Please disregard any brevity or typos.
>
> On Sep 24, 2019, at 08:58, Daniel Sheppard <dsheppard@morrowsheppard.com> wrote:
>
>> Fred,

3

Attached is the cover letter and judgment being sent to the clerk for filing (and onward to Judge White for signature).

Thank you,
Daniel

**Daniel E. Sheppard**

**MORROW & SHEPPARD** LLP
**Trial Attorneys**

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
T: 713-489-4815  F: 713-893-8370
E: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

<Griffin - 9.24.19 (Letter to Clerk).pdf>

<Griffin - Judgment.pdf>

Virus-free. www.avast.com

Using Opera's mail client: http://www.opera.com/mail/

4

NINETEENTH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DIVISION "27"


MCARTHUR GRIFFIN

VS.                                          NO. C-682146

R.E.C. MARINE, L.L.C., ET AL


MOTION HEARING

TESTIMONY AND NOTES OF EVIDENCE, TAKEN IN THE

ABOVE-ENTITLED AND NUMBERED CAUSE, BEFORE THE HONORABLE TRUDY

M. WHITE, JUDGE PRESIDING ON THE 23RD DAY OF SEPTEMBER, 2019:


APPEARANCES:

FOR:  THE PLAINTIFFS, MACARTHUR GRIFFIN:

    DANIEL E. SHEPPARD, ESQ.

    BRILLIANT P. CLAYTON, ESQ.

FOR:  THE DEFENDANTS, REC MARINE, L.L.C., ET AL:

    FRED EARL SALLEY, ESQ.


REPORTED AND TRANSCRIBED BY:

    SUSAN WILLIAMS LEE, C.C.R.
    OFFICIAL COURT REPORTER IN AND FOR
    THE PARISH OF EAST BATON ROUGE
    STATE OF LOUISIANA


**FILED**

DEC 1 8 2019

_Susan Williams Lee, CCR_
DEPUTY CLERK OF COURT
2015005

EXHIBIT
PX-10

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  (MONDAY, SEPTEMBER 23, 2019, 10:49 A.M.)

2  (COUNSEL FOR PLAINTIFF AND DEFENDANTS ARE PRESENT IN COURT.)

3    THE COURT:

4      ALL RIGHT. LET ME JUST GO TO THE TOP OF THE --

5  PAGE ONE. MCARTHUR -- OH, OKAY. MCARTHUR GRIFFIN

6  VERSUS REC MARINE. I THINK WE MAY HAVE YOU ON THE

7  DOCKET MORE THAN ONCE. OKAY. PLAINTIFFS TO THE LEFT,

8  DEFENDANTS TO THE RIGHT. ALL RIGHT, PLEASE MAKE

9  APPEARANCES FOR THE RECORD.

10    MR. SHEPPARD:

11      GOOD MORNING, YOUR HONOR, DANIEL SHEPPARD FOR THE

12  PLAINTIFFS.

13    THE COURT:

14      OKAY.

15    MR. CLAYTON:

16      GOOD MORNING, YOUR HONOR, BRILLIANT CLAYTON FOR

17  THE PLAINTIFFS.

18    THE COURT:

19      OKAY.

20    MR. SALLEY:

21      AND FRED SALLEY FOR DEFENDANTS AND MOVERS.

22    THE COURT:

23      ALL RIGHT. MR. FRED SALLEY, PLEASE PROCEED.

24    MR. SALLEY:

25      JUDGE, UNFORTUNATELY, SEVERAL MONTHS AGO WE FILED

26  A RATHER SIMPLE MOTION TO -- AN EXCEPTION TO REMOVE

27  JURISDICTION AND VENUE FROM THIS PARISH AS IT RELATED

28  TO THE DEFENDANTS. AND THAT WAS BECAUSE THEY HAD NO

29  CONTACT HERE. THE PLAINTIFF ATTEMPTS TO BRING A CLAIM

30  AGAINST AN INSURANCE COMPANY AS AN INSURER OF ONE PARTY

31  BUT THEY HAVE SINCE, LONG BEFORE HE FILED THAT, THEY

32  HAD WITHDRAWN COVERAGE FOR ANY PARTY AND THERE IS NO

2

GRIFFIN vs. REC MARINE, LLC, ET AL, CASE NO: C682146

1    INSURANCE COMPANY TO CLAIM THAT IT ATTACHES THEM TO

2    THIS COURTROOM.

3         THE COURT:

4         ARE YOU TALKING ABOUT AMERICAN STEAMSHIP OWNERS?

5         MR. SALLEY:

6         THAT'S CORRECT.

7         THE COURT:

8         OKAY.  SO THEY'LL --

9         MR. SALLEY:

10        THEY'RE NO LONGER IN THE CASE, THEY HAVEN'T

11   APPEARED, I DON'T KNOW WHERE THEY ARE.  I GUESS THEY'RE

12   ALL HAVING FUN, BUT IN ANY EVENT, THE OTHER DEFENDANTS

13   --

14        THE COURT:

15        JUST A MOMENT, SIR -- CAN YOU HEAR HIM MS. SUSAN?

16   OKAY.  THANK YOU.

17        COURT REPORTER NOTE:

18        (NODDING, AFFIRMING TO JUDGE THAT I COULD HEAR.)

19        MR. SALLEY:

20        I'M TRYING TO -- TRYING TO SPEAK UP AS LOUD AS I

21   CAN, BUT IN ANY EVENT, THERE IS NO VENUE AND THEREFORE

22   NO JURISDICTION UNDER LOUISIANA LAW BECAUSE ALL OF

23   THESE REMAINING PARTIES, WHETHER THEY'RE PROPERLY NAMED

24   OR IMPROPERLY NAMED, ARE NOT ANYWHERE FOUND WITHIN EAST

25   BATON ROUGE PARISH.  AND THE CASE WAS NOT BASED ON THE

26   OCCURRENCE OF AN ACCIDENT IN EAST BATON ROUGE PARISH.

27   AND SO WE HAVE MOVED THAT THEY BE DISMISSED AND

28   PLAINTIFF CAN GO AND FILE THERE CORRECTLY WHERE THEY

29   BELONG.

30        THE COURT:

31        OKAY.  ON THAT ISSUE, DOES THE PLAINTIFF WISH TO

32   RESPOND?

3

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1   MR. SHEPPARD:

2       YES, YOUR HONOR. YES, YOUR HONOR. SO WE'VE SUED

3   VARIOUS COMPANIES, REC MARINE, GULF LOGISTICS, GOL,

4   LLC, AND AMERICAN STEAMSHIP. THE ENTITY DEFENDANTS ALL

5   OPERATED, IT LOOKS LIKE, OUT OF THE SAME BUILDING BUT

6   WE DON'T KNOW WHAT THEY'RE ACTIONS -- OR IF THEY HAVE

7   ANY OTHER INTERACTIONS WITH THE PARISH. WE'VE ASKED

8   MR. SALLEY THROUGH FORMS OF DISCOVERY TO EXPLAIN THE

9   RELATIONSHIPS WITH THESE COMPANIES, HOW THEY INTERACT

10  WITHIN LOUISIANA, WHAT THEY'RE DOING, WHERE THEY

11  OPERATE. AND HE WHOLESALE RESPONDED TO OUR MOTION --

12  OR TO OUR DISCOVERY BY SAYING, I'M NOT GOING TO ANSWER

13  IT, YOU'RE ENTITLED TO VENUE AND JURISDICTIONAL BASED

14  DISCOVERY. EVEN THOUGH THAT'S WHAT YOU'RE ASKING FOR,

15  I'M NOT GOING TO ANSWER IT. AS IT PERTAINS TO AMERICAN

16  STEAMSHIP, YOUR HONOR, WE DIDN'T PLUCK THE NAME OF THE

17  INSURANCE COMPANY OUT OF THE AIR. WE -- WE REVIEWED

18  CASE FILINGS IN THE EASTERN DISTRICT OF LOUISIANA

19  INVOLVING REC MARINE AND GOL, TWO NAMED DEFENDANTS IN

20  THIS LAWSUIT AND THE ATTORNEY FOR AMERICAN STEAMSHIP,

21  RESPONDING ON BEHALF OF AMERICAN STEAMSHIP SAID, OUR

22  INSUREDS, REC MARINE, AND GOL AND CONTINUEDS (SPELLED

23  PHONETICALLY, SIC). BUT THAT'S OUR BASIS FOR -- FOR --

24  KIND OF -- TAKING THE POSITION THAT WE BELIEVE AMERICAN

25  STEAMSHIP IS THE PROPER -- IS THE PROPER PARTY AND

26  ALSO, HIS PROVIDING INSURANCE COVERAGE FOR THIS

27  DEFENDANT, FOR AT LEAST TWO. THE ISSUE WE HAVE IS

28  PRIMARILY, IF WE'RE WRONG, WE'RE JUST ASKING TO TELL US

29  WHO THE PROPER INSURANCE COMPANY IS. AND IF HE DOES

30  THAT, WE CAN AMEND OUR PLEADINGS, WE CAN CONTINUE THIS

31  CASE IN EAST BATON ROUGE WHERE THE PLAINTIFF WOULD LIKE

32  TO BRING HIS CASE, AND MOVE FORWARD. WE HAVE -- WE

4

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1   WERE JUST ON THE ISSUE --

2       THE COURT:

3       YOU HAVE PROPOUNDED DISCOVERY REQUESTING THAT?

4       MR. SHEPPARD:

5       WE -- WE HAVE, AS SPECIFICALLY, WHO IS YOUR

6   INSURER?  AND HE HAS SAID THAT HE IS NOT GOING TO TELL

7   US.  WE HAVE EMAILED HIM DIRECTLY, AND I SAID, PLEASE

8   TELL US WHO THE INSURANCE COMPANY IS.  HE WON'T TELL

9   US.  WE HAVE ASKED DREN AUCOIN, WHAT APPEARS TO BE AN

10  INSURANCE ADJUSTOR THAT'S WORKING WITH REC MARINE AND

11  SOME OTHER INSURANCE COMPANY OR MULTIPLE INSURANCE

12  COMPANIES, AND HE WON'T TELL US.  HE WON'T RESPOND TO

13  DISCOVERY, AND HE WON'T PROVIDE THE INFORMATION.  AND

14  THAT WAS, YOUR HONOR, IN THAT VEIN, WE DID SEND A RULE

15  10.1 LETTER TO MR. SALLEY ASKING HIM TO CONFER WITH US

16  REGARDING HIS DISCOVERY OBJECTIONS.  HIS RESPONSE TO ME

17  WAS THIS, IF YOU PERSIST IN MOVING FORWARD TO FORCE

18  DISCOVERY IN A SUIT THAT CURRENTLY, AND THAT'S AN

19  IMPORTANT WORD, CURRENTLY HAS NO JURISDICTION OR VENUE,

20  REST ASSURED THAT THE RESPONSE WILL BE AN IMMEDIATE

21  MOTION FOR SANCTIONS AGAINST YOU PERSONALLY.  I'M

22  TRYING TO WORK WITH HIM.  I'M JUST TRYING TO GET

23  INFORMATION, AND I'M BEING THREATENED WITH SANCTIONS

24  AND STONEWALLED.  WE'RE HAVING TO PERFORM INDEPENDENT

25  RESEARCH ON OUR ON AND TRYING TO FIND OUT IF THERE ARE

26  ADDITIONAL, PROPER PARTIES WHICH INCLUDED ANOTHER OWNER

27  OF THE VESSEL.  AND ALL WE'RE ASKING MR. SALLEY TO DO

28  IS TO PROVIDE US WITH THAT INFORMATION.  I'M KIND OF

29  GOING INTO THE ISSUE AT HAND, YOUR HONOR.  MR. SALLEY

30  IS TAKING THE POSITION, AT LEAST IN HIS -- HIS INITIAL

31  MEMORANDUM THAT VENUE IN EAST BATON ROUGE AGAINST A

32  FOREIGN INSURER IS NOT -- IS NOT PERMISSIBLE, ON THAT

5

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C662146

1    BASIS ALONE. AND WE TURN THE COURT'S ATTENTION TO
2    C.C.P. 42, SECTION 7, WHICH SAYS, THAT VENUE FOR A
3    FOREIGN INSURED IS BATON ROUGE AND SHALL BE BROUGHT IN
4    EAST BATON ROUGE PARISH. I'VE CITED THREE CASES FOR
5    YOUR HONOR, WHICH I CAN PROVIDE COPIES OF IF YOU WOULD
6    LIKE. THE FIRST BEING -- THE FIRST BEING, PEREZ VS.
7    IT'S A SIMPLE BREAD AND BUTTER CAR WRECK CASE THAT MOST
8    PERSONAL INJURY ATTORNEYS HAVE WORKED OUT. IN THAT
9    CASE, YOUR HONOR, THE INCIDENT HAPPENED IN LOCATION A,
10   THE DEFENDANT DRIVER WAS FROM LOCATION B, AND THERE IS
11   A FOREIGN INSURED, GEICO. AND THE COURT HELD IN THAT
12   CASE, VENUE IS PROPER IN EAST BATON ROUGE PARISH
13   BECAUSE THERE IS A FOREIGN INSURER INVOLVED. I'VE ALSO
14   CITED ANOTHER CASE FOR YOUR HONOR, WHICH IS N.B.
15   INDUSTRIES, L.L.C. VERSUS C.N.A. INSURANCE COMPANY. IN
16   THAT CASE THE DEFENDANT SPECIFICALLY SAID, VENUE IS NOT
17   PROPER IN EAST BATON ROUGE PARISH. AND THE COURT
18   REVIEWED, C.C.P. 42.7, AND LA REV STAT § 22:665, AND
19   CONCLUDED VERY CLEARLY THAT THE VENUE IS PROPER IN EAST
20   BATON ROUGE PARISH. I'VE JUST KIND OF WANTED TO
21   ADDRESS THOSE ISSUES SINCE MR. SALLEY BROUGHT THEM UP.
22   AS EVIDENCE -- AS PART OF HIS EVIDENCE RELATED TO
23   PROPER PARTIES, MR. SALLEY HAS TAKEN THE POSITION THAT
24   WE HAVE NAMED A BUNCH OF IMPROPER PARTIES. THE SOLE
25   EVIDENCE OF THAT IS A -- AN AFFIDAVIT OFFERED BY RONALD
26   CHADDOCK, RONALD E. CHADDOCK, WHICH I BELIEVE ARE THE
27   INITIALS FOR REC MARINE. IN THAT HE SAYS THAT HE
28   CONSULTED HIS MEMORY AND SOME UNKNOWN DOCUMENTS AND
29   BECAUSE OF -- AND JUST BY DOING THAT BEEN -- NONE OF
30   THESE PARTIES ARE INVOLVED. WE'RE TRYING TO MOVE
31   FORWARD. WE WOULD ASK THE COURT TO -- TO ALLOW US --
32   WE ALSO HAVE A MOTION FOR A -- FOR A LEAVE TO AMEND OUR

6

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1    PETITION.  WE WOULD ASK THE COURT TO ALLOW US TO DO

2    THAT, BRING IN ANY PROPER INSURANCE PARTIES THAT MR.

3    SALLEY IS AWARE OF SO THAT WE CAN MOVE FORWARD WITH

4    THIS CASE AND ALSO HAVE HIM TO RESPOND TO THE DISCOVERY

5    THAT'S ALREADY PROPOUNDED.

6         THE COURT:

7         MR. SALLEY, ATTORNEY SALLEY, DO YOU HAVE A

8    RESPONSE?

9         MR. SALLEY:

10        CERTAINLY, JUDGE, I MEAN -- THIS IS TYPICAL

11   (INAUDIBLE) BASED -- IT HAS NOTHING TO DO WITH THIS

12   CASE.  THE DEFENDANTS HAVE TO BE SUED IN THEIR VENUE

13   AND THEIR JURISDICTION, VERY CLEARLY.  WHOEVER THE

14   INSURER MAY HAVE BEEN AT ONE TIME OR FOREVER IS

15   IRRELEVANT TO THAT ISSUE.  IF THEY HAD AN INSURER THEY

16   ADD THEM AS AN INSURER FOR RECORDED IN THE VENUE AND

17   JURISDICTION THAT'S ESTABLISHED FOR THE -- YOUR

18   DEFENDANTS.  I MEAN THAT'S -- THAT'S BEEN A LAW IN THIS

19   STATE FOR FIFTY YEARS.  AND FOR HIM TO TAKE A CASE

20   WHICH BECAUSE OF THE NATURE OF THE PLEADING IS FILED IS

21   STAYING ON ALL OTHER MATTERS THAT I CAN'T PARTICIPATE

22   IN IT AND WOULD NOT WANT TO ANYWAY.  I WANT THE CASE

23   MOVED TO WHERE IT BELONGS IN THE BEGINNING.  EVEN IF HE

24   GETS THE RIGHT INSURANCE COMPANY FOR ONE OF THESE

25   PARTIES, IT'S NOT GOING TO BRING IT TO BATON ROUGE.

26        THE COURT:

27        WELL, IT'S A FOREIGN INSURER SO I WOULD HAVE THE

28   VENUE AND THE JURISDICTION IS HERE.

29        MR. SALLEY:

30        I'M SORRY?  I JUST DIDN'T HEAR.

31        THE COURT:

32        NO, I WAS JUST SAYING, AMERICAN STEAMSHIP OWNERS,

7

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1    WHO YOU SAID IS NO LONGER IN THE CASE, COUNSEL DID SAY

2    YOU HAVE NOT PROVIDED THEM ANYTHING APPROPRIATE TO AN

3    INSURE --

4        MR. SALLEY:

5        THEY'RE -- THEY'RE NOT HERE BUT, JUDGE, EVEN IF

6    THEY NAME THE INSURANCE COMPANY THAT MIGHT HAVE

7    COVERAGE, WHICH THEY DIDN'T IN THIS CASE, THERE IS NO

8    INSURANCE PROPERLY NAMED IN THIS CASE, THAT DOESN'T

9    BRING THE JURISDICTION WITH THIS COURT.  AS MUCH AS I

10   MIGHT LIKE BATON ROUGE, HAVING SPENT MOST OF MY LIFE UP

11   HERE, LOVE TO HAVE THE CASE UP HERE, IT DOES NOT BELONG

12   HERE AND THE LAW PROVIDES THE BENEFIT TO THE DEFENDANTS

13   IN THIS CASE OF HAVING LITIGATION FILED WHERE THEY ARE

14   REGISTERED AND ARE REALLY IN BUSINESS.  ALL RIGHT.

15   THEN YOU'RE IN JURISDICTION.  SO IT DOESN'T MATTER WHO

16   THE INSURANCE COMPANY WAS, IT DOESN'T MATTER WHETHER

17   IT'S THE RIGHT INSURANCE COMPANY, THEY HAVE TO SUE THEM

18   AS WELL IN THE PROPER JURISDICTION AND VENUE AND IT'S

19   NOT WITH EAST BATON ROUGE PARISH.

20       MR. SHEPPARD:

21       YOU KNOW, MAYBE I COULD JUST PROVIDE THE CASE ON

22   POINT WITH THIS ISSUE -- I COULD HAND A COPY TO MR.

23   SALLEY.

24       THE COURT:

25       YES, SIR.

26       COURT REPORTER NOTE:

27       (DISCUSSION BETWEEN COUNSEL.)

28       MR. SALLEY:

29       I -- I DON'T NEED THAT.

30       THE COURT:

31       ALL RIGHT.  SO THAT'S -- I WOULD LOVE SEE IT.  I

32   JUST NEED YOU TO HAND IT TO THE COURT REPORTER.  THANK

8

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1   YOU.

2          MR. SHEPPARD:

3          YES, YOUR HONOR.  YOUR HONOR, THIS IS THE CASE

4   THAT I ALLUDED TO EARLIER WHICH IS N.B. INDUSTRIES

5   VERSUS C.N.A.  I HAVE HIGHLIGHTED A PORTION ON THE

6   SECOND PAGE OF THE DOCUMENT.  IT TALKS ABOUT THE

7   PARTIES WHO ARE INVOLVED IN THIS LAWSUIT.  THIS IS A

8   MALPRACTICE LAWSUIT BROUGHT AGAINST SOME ATTORNEYS AND

9   THE CORPORATIONS THAT THEY HAD FORMED AS LAW CORPS.

10  AND IT TALKS ABOUT STEVEN DURIO, P.C., STAGG AND

11  ACKERMAN, A PROFESSIONAL -- A LOUISIANA PROFESSIONAL

12  CORPORATION, JOSH WEINSTEIN, A.P.L.C., A LOUISIANA

13  PROFESSIONAL CORPORATION, AND C.N.A. INSURANCE.  AND IN

14  THIS CASE, THE DEFENDANTS -- IF YOU LOOK ON THE ON THE

15  -- UPPER RIGHT -- IT SAYS THAT THE DEFENDANTS ASSERTED

16  THAT THE PROPER PARISH TO PURSUE A MALPRACTICE CLAIM

17  AGAINST THE ATTORNEY IS IN THE PARISH OF THE ATTORNEYS

18  DOMICILE, AND THAT THE DEFENDANTS DIDN'T HAVE A PLACE

19  OF BUSINESS OR RESIDENCE IN THE DOMICILES OF EAST BATON

20  ROUGE PARISH AND THUS, VENUE WAS IMPROPER.  MOVING TO

21  THE THIRD PAGE, THE COURT CITES TO THE GENERAL RULES OF

22  VENUE, LOUISIANA C.C.P. 42, UNDER 7.  AND IN A

23  UNIVERSAL CITATION, THE COURT ADDS ITS EMPHASIS, (7); A

24  FOREIGN OR ALIEN INSURER SHALL BE BROUGHT IN THE PARISH

25  OF EAST BATON ROUGE.  AND THE COURT THEN GOES ON TO

26  TALK ABOUT CIVIL CODE ARTICLE 2351.  AND IT SAYS AN

27  INJURED PERSON OR HIS SURVIVORS OR HEIRS MENTIONED IN

28  SUBSECTION A, WHICH WOULD BE -- WHICH WOULD INCLUDE THE

29  PLAINTIFF IN THIS ACTION -- SUCH ACTION MAY BE BROUGHT

30  AGAINST THE INSURER ALONE, AGAINST BOTH OR -- I'LL READ

31  IT PROPERLY -- SUCH ACTION MAY BE BROUGHT AGAINST THE

32  INSURER ALONE, OR AGAINST BOTH THE INSURED AND INSURED

9

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1    JOINTLY AND IN SOLIDO IN THE PARISH WHERE THE ACCIDENT
2    OR INJURY OCCURRED, OR IN THE PARISH WHICH THE ACTION
3    -- WHICH AN ACTION COULD BE BROUGHT AGAINST THAT OF THE
4    INSURED OR THE INSURED UNDER THE GENERAL RULES OF VENUE
5    PRESCRIBED BY THE CODE OF CIVIL PROCEDURE, ARTICLE 42
6    ONLY -- WHICH AGAIN, 42.7 SAYS, A FOREIGN OR ALIEN
7    INSURER SHALL BE BROUGHT IN THE PARISH OF EAST BATON
8    ROUGE.  YOU'D BE UNDER THE RIGHT SIDE OF THE -- THAT
9    SAME PAGE, THE COURT SAYS, AFTER A THOROUGH REVIEW WE
10   FIND THAT EAST BATON ROUGE PARISH IS A PROPER VENUE FOR
11   THIS SUIT UNDER THE LANGUAGE OF BOTH C.C.P. 42.7 AND --
12   AND R.S. 22.655.  WITH THAT ALONE MR. SALLEY'S ARGUMENT
13   JUST DOESN'T HAVE ANY MERIT.  WE'VE BROUGHT IN AMERICAN
14   STEAMSHIP TO THE SUIT, THEY HAVE BEEN SERVED, THEY HAVE
15   NOT ANSWERED.  IF WE'RE WRONG AND THAT IS NOT A PROPER
16   -- THAT'S NOT THE PROPER INSURANCE COMPANY, ALL MR.
17   SALLEY HAS TO DO IS TELL US.  TO THAT END, YOUR HONOR,
18   WE SPENT HOURS, AND HOURS, AND HOURS, DOING OUR OWN
19   RESEARCH TRYING TO FIND OUT WHO THE HECK WAS INSURING
20   THIS COMPANY IF WE WERE WRONG, AND WE DIDN'T FIND ONE.
21   THAT IT MIGHT BE A COMPANY CALLED, Q.B.E. -- Q.B.E.
22   INSURANCE.  BUT WE DON'T KNOW IF THAT'S ACCURATE
23   BECAUSE MR. SALLEY WON'T TELL US.  HE WON'T ANSWER
24   DISCOVERY, HE WON'T RESPOND TO EMAILS, HE WON'T RESPOND
25   TO LETTERS, HE WON'T EVEN CONFERENCE WITH US TO DEAL
26   WITH DISCOVERIES.
27       THE COURT:
28       SO IS Q.B.E. INFORMED OF INSURANCE?
29       MR. SHEPPARD:
30       YES, YOUR HONOR.
31       THE COURT:
32       ALL RIGHT.

10

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1    MR. SHEPPARD:

2    THAT'S MY UNDERSTANDING.  I HAVEN'T SEEN -- I DID

3    A SEARCH AND I DIDN'T SEE THEM AS A LOCAL INSURER.

4    THE COURT:

5    OKAY.  ALL RIGHT.  SO THE COURT IS READY TO RULE

6    ON, I BELIEVE, ALL EXCEPTIONS.  BECAUSE THEY ARE ALL

7    RELATED.  EXCEPTIONS OF IMPROPER VENUE IS -- IS DENIED.

8    MR. SHEPPARD:

9    THANK YOU, YOUR HONOR.

10    THE COURT:

11    UM-HMM.

12    MR. SHEPPARD:

13    WE HAVE TWO MINOR ISSUES IN FRONT OF YOUR COURT.

14    THE COURT:

15    OKAY.

16    MR. SHEPPARD:

17    ONE BEING A -- CAN WE -- WE SOUGHT LEAVE TO AMEND

18    OUR PETITION, TO ADD THAT Q.B.E. INSURANCE COMPANY, IF

19    MR. SALLEY LET'S US KNOW THAT IT'S ACCURATE, WE WILL

20    MOVE FORWARD WITH THAT.

21    THE COURT:

22    CERTAINLY.

23    MR. SHEPPARD:

24    AND ALSO TO ADD THE -- ANOTHER OWNER OF THE VESSEL

25    THAT WE DISCOVERED THROUGH A WEBSITE CALLED EQUASIS,

26    WHICH AMALGAMATES SHIPPING DATA.  THERE HAS BEEN

27    ANOTHER, THERE APPEARS TO BE ANOTHER OWNER OF THE M.D.

28    DUSTIN DANIS, THE VESSEL THAT THE PLAINTIFF WAS INJURED

29    UPON.

30    THE COURT:

31    ALL RIGHT.  YES, SIR.  THE COURT WILL ALLOW YOU TO

32    AMEND THE PETITION TO INCLUDE ANY OWNERS OF THE VESSEL

11

GRIFFIN VS. REC MARINE, LLC, ET AL. CASE NO: C682146

1    AT ISSUE.

2        MR. SHEPPARD:

3        THANK YOU, YOUR HONOR.  WE ALSO, WITH THIS, IN

4    TERMS OF DISCOVERY, SINCE YOU'VE RULED ON THE

5    EXCEPTIONS --

6        THE COURT:

7        UM-HMM.

8        MR. SHEPPARD:

9        WE ARE GOING TO ASK THAT MR. SALLEY FULLY RESPOND.

10   THE ONLY OBJECTIONS HE MADE WERE TO VENUE AND

11   JURISDICTION -- ARE WE -- ARE YOU GOING TO ALLOW -- IS

12   THE COURT GOING TO ALLOW MR. SALLEY TO RAISE ADDITIONAL

13   OBJECTIONS IN RESPONDING TO DISCOVERY?  AND ALSO, WHEN

14   WILL DISCOVERY BE DUE?

15       THE COURT:

16       DO WE HAVE -- HAVEN'T WE HAD DEADLINES SET

17   ALREADY?  YOU SAID, WHEN WILL DISCOVERY BE DUE?

18       MR. SHEPPARD:

19       SO, MR. SALLEY HAS A -- I'M SORRY -- R.E.C. MARINE

20   HASN'T RESPONDED TO THE DISCOVERY REQUESTS THAT WE SENT

21   TO THEM.  THEY OBJECTED WHOLESALE TO EVERYTHING AS THEY

22   -- ON THE BASIS OF IMPROPER VENUE AND ALSO AS TO JUST

23   -- JUST GENERAL JURISDICTION OF THE COURT.

24       THE COURT:

25       UM-HMM.

26       MR. SHEPPARD:

27       THEY HAVE RAISED NO OTHER OBJECTIONS TO THE

28   DISCOVERY THAT WAS PROPOUNDED, AND WE WOULD LIKE FOR

29   THEM TO RESPOND TO THE DISCOVERY.  AND I WAS WONDERING

30   IF THE COURT WAS GOING TO ALLOW THEM TO --

31       THE COURT:

32       HOW MUCH TIME WILL YOU NEED TO RESPOND TO THE

12

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1   DISCOVERY?

2       MR. SALLEY:

3       LET ME -- LET ME COMMENT TO THAT. NO DISCOVERY

4   CAN BE ISSUED BY A PARTY THAT HAS EXCEPTIONS PENDING

5   AGAINST THEM ON THE BASIS OF VENUE AND JURISDICTION.

6   THOSE HAVE TO BE RESOLVED BEFORE ANY DISCOVERY CAN

7   START.

8       THE COURT:

9       ALL RIGHT. SO THAT ISSUE HAS BEEN RESOLVED TODAY.

10  HOW MUCH TIME DO YOU NEED TO COMPLETE THE DISCOVERY?

11      MR. SALLEY:

12      I -- I HAVEN'T EVEN LOOKED AT THEM. I DON'T EVEN

13  KNOW IF IT'S DIRECTED TO A CLIENT I REPRESENT. BUT I

14  AM SURE THE FIFTEEN TO THIRTY DAYS IS ADEQUATE.

15      THE COURT:

16      OKAY. THIRTY DAYS TO RESPOND TO THE DISCOVERY;

17  OKAY?

18      MR. SHEPPARD:

19      IS HE GOING TO BE GIVEN THE OPPORTUNITY TO RAISE

20  ADDITIONAL OBJECTIONS OR -- SINCE THEY -- BECAUSE, YOUR

21  HONOR, IT'S -- THAT WASN'T A CORRECT STATEMENT THERE.

22  MR. SALLEY EVEN ADMITS IN HIS OBJECTION THAT I WAS --

23  THAT PLAINTIFF WAS ENTITLED TO DISCOVERY BASED ON VENUE

24  AND JURISDICTION. AND THE FACT THAT HE DIDN'T EVEN

25  READ THE DISCOVERY, IT'S KIND OF PROBLEMATIC IN RAISING

26  THAT OBJECTION BY ITSELF. SO I'M -- I'M JUST WONDERING

27  IF HE IS GOING TO BE GIVEN THE OPPORTUNITY AT THE

28  SECOND BITE AT THE APPLE TO RAISE ALL OF THESE OTHER

29  OBJECTIONS AND STONEWALLS AGAIN.

30      MR. SALLEY:

31      OBJECTION. THERE HASN'T BEEN ANYBODY STONEWALLING

32  ANYBODY. ONE LAWYER IN THE CASE HAS ATTEMPTED TO

13

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  FOLLOW THE RULES OF THE COURT IN LOUISIANA. ONE HAS
2  IGNORED. AND I'LL BET YOU -- I'LL BET YOU --
3       THE COURT:
4       HE WILL BE ALLOWED TO AN OPPORTUNITY TO MAKE ANY
5  OBJECTIONS THAT -- OR HE FEELS IS APPROPRIATE. THE
6  COURT OVERRULES.
7       MR. SHEPPARD:
8       OF COURSE, YOUR HONOR. OKAY. THAT'S FAIR.
9       THE COURT:
10      OKAY?
11      MR. SHEPPARD:
12      THANK YOU, YOUR HONOR.
13      THE COURT:
14      ALL RIGHT. WILL YOU PREPARE THE JUDGMENT, SIR.
15 THANK YOU. MR. SHEPPARD.
16      MR. SHEPPARD:
17      THANKS JUDGE.
18      THE COURT:
19      ANYTHING TO ADD, ATTORNEY CLAYTON?
20      MR. CLAYTON:
21      NO, YOUR HONOR. ARE YOU HAVING A WONDERFUL DAY
22 TODAY?
23      THE COURT:
24      SO FAR, SO GOOD. THANK YOU.
25      MR. SHEPPARD:
26      WELL, WE HOPE THE TRIAL GOES WELL THIS AFTERNOON,
27 YOUR HONOR.
28      THE COURT:
29      WELL, WE HOPE TO RECEIVE AN EMAIL SAYING IT'S BEEN
30 SETTLED, OTHERWISE WE WILL BE READY.
31      MR. SHEPPARD:
32      MAY WE BE EXCUSED?

14

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1      THE COURT:

2      YES, YOU MAY BE EXCUSED, CERTAINLY.

3      COURT REPORTER NOTE:

4      (PROCEEDING ENDED AT 11:08 A.M.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

# R E P O R T E R ' S   P A G E

1. 
2.   I, SUSAN WILLIAMS LEE, CERTIFIED COURT REPORTER IN AND
3. FOR THE STATE OF LOUISIANA, THE OFFICER, AS DEFINED IN RULE
4. 28 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND/OR ARTICLE
5. 1434(B) OF THE LOUISIANA CODE OF CIVILE PROCEDURE, BEFORE
6. WHOM THIS PROCEEDING WAS TAKEN, DO HEREBY STATE ON THE
7. RECORD:
8.   THAT DUE TO THE INTERACTION IN THE SPONTANEOUS
9. DISCOURSE OF THIS PROCEEDING, DASHES (--) HAVE BEEN USED TO
10. INDICATE PAUSES, CHANGES IN THOUGHT, AND/OR TALK-OVERS; THAT
11. SAME IS THE PROPER METHOD FOR A COURT REPORTER'S
12. TRANSCRIPTION OF PROCEEDING; AND THAT THE DASHES (--) DO NOT
13. INDICATE THAT WORDS OR PHRASES HAVE BEEN LEFT OUT OF THIS
14. TRANSCRIPT;
15.   THAT ANY WORDS AND/OR NAMES WHICH COULD NOT BE VERIFIED
16. THROUGH REFERENCE MATERIAL HAVE BEEN DENOTED WITH THE PHRASE
17. "(SPELLED PHONETICALLY)." "(INAUDIBLE)" PORTIONS OF THE
18. TRANSCRIPT WERE DUE TO INTERRUPTION OR INAUDIBLE RESPONSES
19. DUE TO NOISE DURING THIS PROCEEDING.
20. 
21. 
22. 
23.   SUSAN WILLIAMS LEE, CCR
   OFFICIAL COURT REPORTER
24.   2015005
25. 
26. 
27. 
28. 
29. 
30. 
31. 
32. 

16

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1                    C E R T I F I C A T E

2        THIS CERTIFICATION IS VALID ONLY FOR A TRANSCRIPT

3    ACCOMPANIED BY MY ORIGINAL SIGNATURE AND ORIGINAL REQUIRED

4    SEAL ON THIS PAGE.

5        I, SUSAN WILLIAMS LEE, OFFICIAL COURT REPORTER IN AND

6    FOR THE STATE OF LOUISIANA, EMPLOYED AS AN OFFICIAL COURT

7    REPORTER BY THE NINETEENTH JUDICIAL DISTRICT COURT FOR THE

8    STATE OF LOUISIANA, DO HEREBY CERTIFY THAT THIS TESTIMONY

9    WAS REPORTED BY ME, IN THE STENO-MASK REPORTING METHOD, WAS

10   PREPARED AND TRANSCRIBED BY ME, SUSAN WILLIAMS LEE, CCR, OR

11   UNDER MY PERSONAL DIRECTION AND SUPERVISION, AND IS A TRUE

12   AND CORRECT TRANSCRIPT TO THE BEST OF MY ABILITY AND

13   UNDERSTANDING;

14       THAT THE TRANSCRIPT HAS BEEN PREPARED IN COMPLIANCE

15   WITH TRANSCRIPT FORMAT GUIDELINES REQUIRED BY STATUTE, OR BY

16   RULES OF THE BOARD, OR BY THE SUPREME COURT OF LOUISIANA;

17       THAT I AM NOT OF COUNSEL, NOT RELATED TO COUNSEL OR THE

18   PARTIES HEREIN, NOR AM I OTHERWISE INTERESTED IN THE OUTCOME

19   OF THIS MATTER.

20

21       WITNESS MY HAND THIS 18TH DAY OF DECEMBER, 2019.

22

23       _Susan Williams Lee, CCR_

24       SUSAN WILLIAMS LEE, CCR
         OFFICIAL COURT REPORTER

25       19TH JUDICIAL DISTRICT COURT
         CCR #20155005

26

27

28

29

30

31

32

                                                    17

MINUTE ENTRY
AFRICK, J.
October 16, 2019
JS-10 00:20

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

REC MARINE LOGISTICS, LLC                          CIVIL ACTION

VERSUS                                                       No. 19-11149

DEQUINCY R. RICHARD, ET AL.                        SECTION I

## ORDER

A status conference was held on this date with counsel participating on behalf of all parties. The Court discussed with the parties the claims that each party has filed with respect to the matters in this case, as well as the status of discovery.

Pursuant to the discussion at the conference,

IT IS ORDERED that REC Marine Logistics, LLC shall provide DeQuincy R. Richard with initial disclosure requests by October 25, 2019.

IT IS FURTHER ORDERED that REC Marine Logistics, LLC shall timely respond to any outstanding discovery requests by DeQuincy R. Richard.

IT IS FURTHER ORDERED that the vessel inspection shall be completed no later than November 15, 2019, and that by October 25, 2019, REC Marine Logistics, LLC shall inform counsel for DeQuincy R. Richard of the time and dates when such inspection may occur.

**EXHIBIT**

PX-11

New Orleans, Louisiana, October 16, 2019.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REC MARINE LOGISTICS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 19-11149 |
| DEQUINCY R. RICHARD | SECTION "I" (3) |

### ORDER

Before the Court is DeQuincy R. Richard's Motion to Compel. [Doc. #29]. The motion is opposed [Doc. #31], and Richard has filed a reply. [Doc. #37]. Having reviewed the pleadings and the case law, the Court rules as follows.

### I.    Background

This is a declaratory judgment action in which plaintiff seeks a declaration that is has no – or any further – obligation to pay maintenance and cure to defendant DeQuincy R. Richard, who is pursuing a claim for maintenance and cure for an alleged injury that he suffered onboard the M/V Dustin Danos while working as a deckhand. Plaintiff alleges that Richard suffered no injury nor did he fall ill on the vessel. It maintains that Richard fabricated the event, basing the injury on an old accident as evidenced by his medical records. It alleges that Richard failed to honestly report his prior injuries and failed to comply with plaintiff's policies and his Mariner's License.

Richard, however, maintains that he suffered injuries on the Dustin Danos. On the day of the incident, Richard was helping the captain tie-down the vessel at a platform in the Gulf of Mexico. As he descended a set of defective metal stairs on the back of the vessel, the grating that comprised one of the steps shifted. As a result, Richard was thrown to the deck of the vessel, losing consciousness on impact and sustaining injuries to his head, neck, back, and right shoulder.

Richard counterclaimed in this lawsuit, asserting negligence, unseaworthiness, and a claim for maintenance and cure.

## II.    The Parties' Positions

### A.    The Motion to Compel

Richard argues that REC Marine Logistic, L.L.C's ("plaintiff's") initial disclosures revealed a number of documents on which it intends to rely at trial, including an incident report. Plaintiff produced no actual documents with the disclosures. Plaintiff also identified a number of witnesses but failed to provide full contact information for those witnesses. Plaintiff also failed to produce the disclosed insurance policy. Plaintiff has since provided an illegible copy of the incident report.

After a status conference, the District Court ordered plaintiff to provide Richard with their initial disclosures by October 25, 2019 and to have the vessel inspection no later than November 14, 2019. Although plaintiff produced some documents after the order, it failed to produce all of the information or provide dates for the vessel inspection.

### B.    Plaintiff's Opposition

Plaintiff argues that Richard has been provided with all of the discovery material in its possession. It notes that Richard's counsel was provided with initial disclosures prior to the ordered date, and plaintiff provided answers to all six sets of discovery from defendant before the due date required by the federal rules. Plaintiff – who refers to Richard as plaintiff in their opposition – maintains that it provided Richard with all available documents before the due date.

2

With regard to the vessel inspection, plaintiff argues that it did not give Richard dates to inspect the vessel because Offshore Transport Services, L.L.C. does not currently operate or control the vessel which is wholly in the hands of and under the control of the bare boat charter operator in accordance with the existing, legally-binding contract between the owner and the charterer, as demonstrated by the affidavits of Monique Dufrene and Blaine Russell attached to its opposition. [Doc. ##43-2, 43-3].

 **C. Richard's Reply**

Richard argues that plaintiff has still failed to address the following deficiencies and to provide the following:

 (1) legible version of the Incident Report;
 (2) unknown attachments to that Incident Report;
 (3) full contact information for the witnesses identified in the disclosures;
 (4) prior interrogatory responses of Richard;
 (5) prior deposition testimony of Richard;
 (6) its insurance information.

Richard maintains that the District Court has already ordered that all of this information be provided and that dates for the vessel inspection be provided by October 25, 2019. [Doc. #23]. Richard also contends that plaintiff failed to respond to any of his requests for attorneys' fees for having had to file this motion. He also asks the Court to strike the two affidavits submitted by plaintiff as unsigned and improper evidence.

**III. Law and Analysis**

The Court makes short shrift of plaintiff's arguments. The District Court's earlier Order provides:

**IT IS ORDERED** that REC Marine Logistics, LLC shall provide DeQuincy R. Richard with initial disclosure requests by October 25, 2019.

**IT IS FURTHER ORDERED** that REC Marine Logistics, LLC shall timely respond to any outstanding discovery requests by DeQuincy R. Richard.

**IT IS FURTHER ORDERED** that the vessel inspection shall be completed no later than November 15, 2019, and that by October 25, 2019, REC Marine Logistics, LLC shall inform counsel for DeQuincy R. Richard of the time and dates when such inspection may occur.

[Doc. #23]. If plaintiff has failed to comply with any of the District Court's Order as outlined above, it shall do so **no later than five (5) business days from the date of this Order**.

With regard to the vessel inspection, the two affidavits submitted with the opposition attest that plaintiff REC Marine Logistics, L.L.C. is only the charterer of the M/V Dustin Danos, and Offshore Transport Services, L.L.C. is the naked owner of the vessel.[1] Thus, plaintiff maintains that it cannot provide dates for the vessel inspection because it is no longer the charterer. This argument is specious. Offshore Transport Services, L.L.C. – the owner of the vessel – is a third-party defendant in this lawsuit and represented by the same counsel as REC Marine Logistics, L.L.C. Accordingly, if they have not done so – and complied with the District Court's earlier order – plaintiff and/or Offshore Transport Services, L.L.C. as owner shall provide dates for the vessel inspection **no later than two (2) business days from the date of this Order**. Said vessel inspection shall occur **no later than seven (7) business days from the date of this Order**.

---

[1] Plaintiff corrected the submission of the unsigned affidavits by filing a motion to substitute proper affidavits [Doc. #43], which this Court granted. [Doc. #45].

4

IV.   **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that DeQuincy R. Richard's Motion to Compel [Doc. #29] is

GRANTED.   This Order reserves the right to Richard to file the appropriate motion with

supporting documentation to recover the fees and costs incurred for having had to file the motion

to compel.

New Orleans, Louisiana, this 19th day of December, 2019.

_Dana M. Douglas_

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC.  "T"        MAG.  (3) |
| | § | |
| V. | § | |
| | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

## RICHARD'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party Plaintiff DeQuincy Richard ("Richard"), and respectfully moves this Honorable Court for an Order sanctioning Plaintiff/Counter-Defendant REC Marine Logistics, LLC ("REC Marine") and its counsel Fred B. Salley ("Salley") for conduct that occurred both during the recent deposition of REC Marine and previously in this case, as set forth below:

### I.  BACKGROUND

On November 6, 2018, while Richard was performing his duties in the service of the *Dustin Danos*, he sustained severe injuries on a vessel owned, operated, and/or crewed by REC Marine and Third-Party Defendants Gulf Offshore Logistics LLC and Offshore Transport Services, LLC.  On the day of the incident, Richard was helping the captain tie-down the vessel at a platform in the Gulf of Mexico.  As he descended a set of defective metal stairs on the back of the vessel, the grating that comprised one of the steps shifted.  As a result, Richard was thrown to the deck of the vessel, losing consciousness on impact, and sustaining injuries to his head, neck, back and right shoulder.

REC Marine filed this Complaint for Declaratory Relief on June 11, 2019. On August 8, 2019, Richard filed his Answer to the Complaint for Declaratory Judgment and asserted Counter-Claims against REC Marine and Third Party Claims against Gulf Offshore Logistics LLC and Offshore Transport Services, LLC, bringing claims for negligence, unseaworthiness of the vessel, and maintenance and cure. (Rec. Doc. 4). The Court is well aware of what has transpired since, namely the refusal of REC Marine to produce both relevant documents and its vessel for inspection despite multiple Orders requiring it. For brevity regarding prior discovery-related conduct, Richard incorporates as if fully set forth herein, his Motion to Compel (Rec. Doc. 29), Reply Memorandum in Support (Rec. Doc. 37) and the Court's Order of December 19, 2019, granting Richard's Motion to Compel. (Rec. Doc. 49), as well as Richard's Motion for Attorney's Fees (Rec. Doc. 50) and Reply Memorandum in Support (Rec. Doc. 57).

On December 30, 2019, undersigned counsel took the deposition of REC Marine pursuant to Fed. R. Civ. P. 30(b)(6). (Ex. 2) During the course of this deposition, Salley, REC Marine's counsel, repeatedly engaged in disruptive and improper conduct in violation of the Federal Rules of Civil Procedure, Eastern District of Louisiana Civil Local Rule 83.2.3, the Louisiana State Bar Association Code of Professionalism, and the Rules of Professional Conduct of the Louisiana State Bar Association, including the following:

- 145 interruptions during questioning
- 16 instructions to the witness not to answer
- 106 objections (52 of which were of a speaking variety)

2

- 11 instances of counsel interrupting the testimony in order to ask his own questions while the witness was still on cross examination

Ex. 1.

Not that it should be required, but Richard's counsel repeatedly asked Salley to refrain from speaking objections, coaching the witness, and interruption of questioning. Salley nonetheless continued to deliberately disrupt the deposition. Undersigned counsel also repeatedly reminded Salley of his obligations to conduct himself in a professional manner. These were systematically ignored. On no less than six occasions during the deposition, Salley practically dared undersigned counsel to go to Court in order to challenge his conduct. Ex. 1. Salley's conduct was so obtrusive to the taking of the deposition that undersigned counsel called Magistrate Douglas's chambers in an attempt to have the conduct addressed during the deposition. Ex. 2, at pp 90:21 - 91:5.

In addition to the unprofessional conduct of its counsel, REC Marine failed to properly prepare its Rule 30(b)(6) designee to testify in response to the matters of examination designated in the deposition notice.

The testimony of the corporate representative that was actually allowed by Salley indicates that: (1) REC Marine was never provided the Interrogatories Richard propounded to REC Marine, to which Salley improperly responded himself; and (2) Salley has made prior representations to this Court that are false.

## II. ARGUMENT & AUTHORITY

There are numerous mechanisms by which district courts exercise sanction powers, including the Federal Rules of Civil Procedure (through Rules 11, 26, 30 and/or 37); 28 U.S.C. §1927; and the inherent power of the courts to manage their own proceedings and to control the conduct of those

3

who appear before them. Regardless of the source, it is widely accepted that the primary purpose of sanctions is to deter frivolous litigation and abusive tactics. Sanctions seek to deter both the culpable attorney and members of the bar in general. *See, e.g., Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126-27, 110 S. Ct. 456, 107 L. Ed. 2d 438 (1989)(the primary purpose of Rule 11 is deterrence, not compensation); *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752 (7th Cir. 1988)("the most important purpose of Rule 11 sanctions is to deter frivolous litigation and the abusive practices of attorneys"); Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse §47(A) (2d ed.)(the purpose of Rule 37 is four-fold: "(1) penalizing the culpable party or attorney; (2) deterring others from engaging in similar conduct; (3) compensating the court and other parties for the expense caused by the abusive conduct; and (4) compelling discovery"); *Id.* at §20 (the purpose of 28 U.S.C. §1927 is to deter unnecessary delays in litigation). "One court recently put it more succinctly: **'The purpose of court-imposed sanctions is to stop reinforcing winning through obstruction.'"** *Tajonera v. Black Elk Energy Offshore Operations, LLC*, 2015 U.S. Dist. LEXIS 26025 * 14 (E.D. La., March 3, 2015), *citing Security National Bank of Sioux City, Iowa v. Abbott Laboratories*, 299 F.R.D. 595, 597 (N.D. Iowa 2014) (emphasis added).

Whether a district court wields it sanction powers under the Federal Rules of Civil Procedure, 28 U.S.C. §1927, or its inherent power, it does so at its broad discretion. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993). "The discretion vested in the trial court is granted so its thoughtful exercise will carry out the educational and deterrent functions of the rule." *Jennings v. Joshua I.S.D.*, 948 F.2d 194, 199 (5th Cir. 1991), cert. denied, 504 U.S. 956, 112 S. Ct. 2303, 112 S. Ct. 2304, 119 L. Ed. 2d 226 (1992).

4

**A.**    **Salley's unprofessional conduct during the deposition of REC Marine**

Because the present Motion concerns in part Salley's conduct during a deposition, it is

properly analyzed under Federal Rule of Civil Procedure 30 and the cases construing it. Rule

30(c)(1) provides that "[t]he examination and cross-examination of a deponent proceed as they

would at trial under the Federal Rules of Evidence...." Fed.R.Civ.P. 30(c)(1). "During the taking of

a deposition the witness has, in general, the same rights and privileges as would a witness testifying

in court at a trial." 8A Wright, Miller and Marcus, Federal Practice and Procedure § 2113 (2d ed.

1994). It is well-established — and should be equally well-understood by a federal practitioner such

as Salley — that:

> [a]s officers of the court, counsel are expected to conduct themselves in a
> professional manner during a deposition. A deposition is intended to permit
> discovery of information in the possession of the deponent or perpetuate the
> testimony of the deponent. In either case, it is to be conducted in a manner that
> simulates the dignified and serious atmosphere of the courtroom. Thus, the witness
> is placed under oath and a court reporter is present. Conduct that is not permissible
> in the courtroom during the questioning of a witness is ordinarily not permissible at
> a deposition .... A deposition is not to be used as a device to intimidate a witness or
> opposing counsel so as to make that person fear the trial as an experience that will
> be equally unpleasant, thereby motivating him to either dismiss or settle the
> complaint.

*Bordelon Marine, Inc. v. F/V KENNY BOY*, No. 09-CV-3209, 2011 U.S. Dist. LEXIS 156453, 2011

WL 164636 at *5 (E.D. La. Jan. 19, 2011)(*citing Ethicon Endo—Surgery v. U.S. Surgical Corp.*, 160

F.R.D. 98, 99 (S.D. Ohio 1995)).

Under Rule 30(d)(2), "[t]he court may impose an appropriate sanction—including the

reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays,

or frustrates the fair examination of the deponent." Fed.R.Civ.P. 30(d)(2). As discussed in detail

below, Salley violated these rules, and the Louisiana Rules of Professional Conduct, during the

5

deposition of REC Marine. The impact of Salley's sub-standard conduct in this case is exacerbated by the numerous occasions in this case alone when he has violated Orders of the Court regarding discovery.

A review of the deposition transcript by the Court will be instructive. In a transcript totaling 255 pages in a deposition he was defending, Salley appears on an astonishing 170 pages. *See* Ex. 2. Salley objected 106 times, of which on 52 occasions he refused to merely note his objection on the record, instead using the opportunity to make a speaking objection. *Id.*, Ex. 1. The result is a deposition transcript polluted with verbose and improper objections, argumentative and condescending lecturing of opposing counsel, and pervasive obstruction. *Id.* Page upon page of unending speaking objections and improper instructions to the witness greet the reader of this transcript. *Id.* There are objections so long that they cover entire pages of the transcript. One speaking objection and inappropriate argument following a question asking the deponent when an affidavit was signed covers in excess of six pages of the transcript. Ex. 2, pp 209:10-215:24. Throughout the deposition, undersigned counsel repeatedly asked Salley to stop making speaking objections, to no avail — Salley persisted. The omnipresence of his lengthy objections and speeches make the deposition often unreadable and virtually useless for any legitimate purpose at trial. As shown below, Salley impeded, delayed, and frustrated the fair examination of the deponent.

### 1.    Improper objections

"The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." Fed. R. Civ. P. 30(c)(1). An objection must be stated concisely in a nonargumentative and nonsuggestive manner. Fed. R. Civ. P. 30(c)(2); *see Bordelon Marine, Inc. v. F/V Kenny Boy*, No. 09-3209, 09-6221, 2011 U.S. Dist. LEXIS 156453, 2011 WL 164636, at

6

*5-*6 (E.D. La. Jan. 19, 2011) (finding violation of Rule 30(c) where the majority of objections were inappropriate). There can be little doubt that both the voluminous number of objections, as well as the speaking variety included within, was solely an attempt by Salley to insert himself obtrusively into this deposition. This is not an example of an attorney protecting the record. The deposition transcript evidences the attorney deciding to make the deposition about himself. Salley made 106 objections during the deposition of REC Marine. Ex. 1; Ex. 2. Out of the 106, 52 of them are properly characterized a speaking objection: either in an attempt to coach the witness or in an attempt to sidetrack opposing counsel. *Id.* What resulted was an examination of a witness that in no way proceeded as it would (or should) at trial of this matter.

   2.    **Instructing the witness not to answer**

   "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Rule 30(c)(2); *see Offshore Marine Contractors*, 2013 U.S. Dist. LEXIS 50299, 2013 WL 1412197, at *3-*4. "Directions to a deponent not to answer a question can be even more disrupting than objections." Rule 30, 1993 Advisory Committee note.

   Salley improperly instructed the witness not to answer at least 16 times during the deposition. (Ex. 1). For example:

- Can you identify for me what Mr. Richard was doing at the time that he was injured? Ex. 2, 62:21-63:5
- Was Mr. Richard doing anything that he was not supposed to be doing at the time that he was injured? *Id.* at 65:3-25
- Prior to June 11, 2019, is REC Marine aware of a maintenance and cure claim being brought by Dequincy Richard? *Id.* at 77:24-79:18
- Can you identify for me all the documents that support REC Marine's allegation that Richard did not have an injury on nor fall ill in the service of the vessel? *Id.* at 85:15-86:10

7

Sir, can you identify for me all of the information that's available to REC Marine that supports REC Marine's allegation that Richard did not have an injury on nor fall ill in the service of the vessel? *Id.* at 86:12-86:20

3.    **Interrupting questions / coaching the witness**

As the Court is well aware, "[c]onduct that is not permissible in the courtroom during the questioning of a witness is ordinarily not permissible at a deposition ...." *Bordelon Marine*, 2011 U.S. Dist. LEXIS 156453, 2011 WL 164636 at *5. "The Federal Rules of Evidence contain no provision allowing lawyers to interrupt the trial testimony of a witness to make a statement. Such behavior should likewise be prohibited at depositions, since it tends to obstruct the taking of the witness's testimony." *Hunter v. GEICO Gen. Ins. Co.*, 2018 U.S. Dist. LEXIS 155335 at *24 (E.D. La. Sept. 12, 2018) *quoting Hall v. Clifton Precision, a Div. of Litton Systems, Inc.*, 150 F.R.D. 525, 530-531 (E.D. Pa. 1993):

> The underlying purpose of a deposition is to find out what a witness saw, heard, or did—what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. **There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers.** The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness—not the lawyer—who is the witness. As an advocate, the lawyer is free to frame those facts in a manner favorable to the client, and also to make favorable and creative arguments of law. But the lawyer is not entitled to be creative with the facts. Rather, a lawyer must accept the facts as they develop.

*Hall*, 150 F.R.D. at 528 (emphasis added).

Despite the clear rules regarding what is allowed by the defending attorney during a deposition, Salley believes differently, as illustrated by the below:

Q:    Prior to June 11, 2019, are you aware of Mr. Richard making a demand for maintenance and cure?

8

MR. SALLEY: Do you mean him, personally?

MR. RHINE: I mean, REC Marine, Fred. Every time I say "you", I mean REC Marine, just so we're clear, sir.

MR. SALLEY: All right. Sir, unless you are clear that you know that --

MR. RHINE: Stop coaching the witness, please.

MR. SALLEY: -- just decline to answer.

MR. RHINE: Stop coaching the witness.

MR. SALLEY: He's my witness under a 30(b)(6). I'm entitled to communicate with my representative witness.

**MR. RHINE: You believe the Federal Rules of Civil Procedure give you the authority to interrupt my deposition and coach your witness as to how you want him to respond.**

**MR. SALLEY: I certainly do, because it's a 30(b)(6) deposition.**

**MR. RHINE: All right. We'll take that up with the Court.**

**MR. SALLEY: You are pleased to do so. You want to ran over there now? I mean, we'll stop this. And you can go to the Court now.**

Ex. 2, pp 80:7 - 81:22 (emphasis added).

> ### 4.    Salley interjected his own questioning during the examination

"The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence." Fed. R. Civ. P. 30(c)(1). Salley believes that the Federal Rules of Civil Procedure allow him to interrupt the cross examination of the witness in order to ask his own questions. He interrupted the testimony on eleven separate occasions in order to insert his own questions into the record. Salley appears to believe that in a 30(b)(6) deposition he is allowed to do so:

Q    Okay. Who was REC Marine performing work for, what entity?

A    Talos Energy, maybe.

Q    Do you know, or are you guessing?

MR. SALLEY: Is it in the logs?

MR. RHINE: Fred, it's my depo. I'll --

MR. SALLEY: It's a 30(b)(6) representative deposition, counsel. Understand what that means.

Ex. 2, pp 106:7-18. As the Court is well aware, the Federal Rules of Civil Procedure do not authorize this manner of questioning at trial, nor is it allowed during a deposition.

**B.    Failing to prepare the witness**

Rule 30(b)(6) provides that after an organization's deposition has been noticed, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *Id.* Such persons "*must* testify about information known or reasonably available to the organization." *Id.* (emphasis added). Because a corporation appears vicariously at such depositions through an agent, "[i]f that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993). "This extends not only to facts, but also to subjective beliefs and opinions." *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 & n.18 (5th Cir. 2006).

As the designating party, REC Marine had the burden to "designate knowledgeable representatives and/or take appropriate steps to prepare such designees." *Johnson v. Big Lots Stores, Inc.*, No. CIV.A. 04-3201, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008). Furthermore, "[t]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)). Thus, REC Marine was not required to present someone with pre-existing personal knowledge of the noticed topics, but it did have to present an individual that had prepared to testify on behalf of the corporation on all of the topics requested.

10

The deposition testimony of Blaine Russell makes clear that the company did not adequately prepare him for deposition. In order to prepare for his testimony, Mr. Russell reviewed the list of topics included with the REC Marine deposition notice. Ex. 2, 27:9-28. Other than requesting another individual at the company provide a copy of the incident report, Mr. Russell spoke with no one to prepare to testify. *Id.*, 28:6-21. The deponent did not speak with the Captain of the vessel at the time Mr. Richard was injured. *Id.*, 32:9-15. He also failed to visit with the port captain in order to insure he had all of the information and knowledge held by REC Marine regarding the various topics. *Id.*, 32:24-33:1. He did not speak with any of the personnel that were on the vessel at the time of the incident. *Id.*, 33:2-5. He did not speak with the REC Marine Personnel Manager who hired Mr. Richard. *Id.*, 53:21-54:1. The deponent failed to review any of the discovery in the lawsuit. *Id.*, 39:4-24. He failed to ask anyone at REC Marine what operations the vessel was performing on the date of the incident. *Id.*, 62:17-20. Mr. Russell failed to review any documents regarding repairs made to the vessel after the incident. *Id.*, 156:22 - 157:3.

During the deposition, the lack of knowledge as a result of the above became clear. The deponent:

- Did not know what training Mr. Richard received prior to the incident. *Id.*, 49:5-18.
- Did not know if Mr. Richard ever reviewed the safety manual. *Id.*, 50:15-21.
- Did not know what orientation Mr. Richard underwent prior to going offshore. *Id.*, 50:15-21.
- Did not know if there was a safety meeting on the date of the incident. *Id.*, 68:11-14.
- Did not know if Mr. Richard had performed this particular work before. *Id.*, 69:5-7.
- Did not know if a JSA was done. *Id.*, 69:15-21.
- Was unable to identify anything that was done during an alleged investigation of Richard's demand for maintenance and cure. *Id.*, 93:1-23.

11

- Did not know where the vessel was located at the time of the incident. *Id.*, 151:11-13.
- Did not know what medical treatment Mr. Richard received on the vessel. *Id.*, 153:10 - 154:4.
- Did not know who the four crew members on the vessel were on the date of the incident. *Id.*, 155:24 - 156:2.
- Did not know what repairs have occurred on the vessel since the incident. *Id.*, 160:23 - 161:5.
- Did not know what instructions were given to Mr. Richard by the captain on the vessel. *Id.*, 161:12-17.
- Did not know if REC Marine is currently paying maintenance and cure benefits to Mr. Richard. *Id.*, 176:8-11.

Despite the Rules, REC Marine's designee, Mr. Russell, was unable to testify to issues that were within the corporate knowledge of REC Marine.

### C.    REC Marine's failure to respond to Interrogatories

On October 3, 2019, Richard served his first set of interrogatories on REC Marine. Ex. 3. On October 21, 2019, REC Marine provided its answers to Richard's interrogatories. Ex. 4. Mr. Russell is the manager at REC Marine who responds to discovery on behalf of the company. Ex.2, p. 140:9-19. Despite this he had never seen the Interrogatories before. *Id.* at p. 140:20-22. It became clear that the discovery was not ever actually given to REC Marine for response:

Q    Who, at REC Marine, answered the interrogatories that were served?
A    I'm not aware. I don't know.
Q    Okay. Do you know if anyone at REC Marine answered them?
A    No, I'm not aware.
Q    Who, at REC Marine, would know that?
A    I'm not aware. Normally, I would see something like this.
Q    I think earlier, you talked about some of your involvement in other lawsuits, how you would receive discovery requests, items related to that.
A    Uh-huh. (Affirmative response.)
Q    Normally, during your earlier -- well, during -- strike that. That's one of the things you do, I guess, as the operations manager, is you facilitate responding to that discovery?
A    Correct.
Q    All right. Was this discovery ever given to you to facilitate responding to?

12

A    No.
Q    Is there ever an instance when discovery that was answered by REC Marine
     would be given to someone else, instead of you?
A    No.

Ex. 2, pp 139:25 - 141:2.

Federal Rule of Civil Procedure 33 is very clear as to who must answer interrogatories:

(1) Responding Party. The interrogatories must be answered:
    (A) by the party to whom they are directed; or
    (B) if that party is a public or private corporation, a partnership, an association, or a
    governmental agency, by any officer or agent, who must furnish the information
    available to the party.

Fed. R. Civ. P. 33(b)(1). Not only were the interrogatories served on REC Marine not answered by

REC Marine, but the company never even received them. Salley's actions in not providing his client

with the served discovery violated the Federal Rules of Civil Procedure.

**D.    Salley's prior misrepresentations to the Court regarding "misplaced" affidavits**

On November 12, 2019, REC Marine filed its Memorandum in Response/Opposition to

Plaintiff's Discovery Motion. (Rec. Doc. 31). Attached to the filing were two unexecuted affidavits

that purported to support the arguments in the Memorandum. (Rec. Doc. 31). Richard filed a Reply

Memorandum in Further Support of his Motion to Compel (Rec. Doc. 37). Within this Reply,

Richard pointed out that the two evidentiary affidavits were not executed, nor notarized, and

requested they be struck by the Court. (Rec. Doc. 37 at p. 3). On November 20, 2019, REC Marine

filed an *Ex Parte* Motion requesting time to replace the two affidavits. (Rec. Doc. 41). Importantly,

Salley represented to the Court:

[T]wo witness affidavits intended for filing as exhibits in support of Defendants' Opposition to Plaintiff's discovery motion have gone missing, and will have to be replaced.

*Id.* Executed versions of the two affidavits were eventually filed. (Rec. Doc. 43)

REC Marine's corporate representative signed one of the two affidavits. However, contrary to the assertions made by Salley, the affidavit never went "missing"–it was simply never executed prior to its initial filing. Despite a lengthy six page speaking objection/argument inserted by Salley, the testimony indicates that no affidavit ever went missing as asserted by Salley. Ex. 2, pp 207:3 - 217:8.

| | |
|---|---|
| Q | Sir, you testified earlier that you signed an -- signed an affidavit at one point and took it to a notary? |
| A | I took it to the notary and signed it in front of the notary, yes. |
| Q | Okay. Where is the notary located? |
| A | Right up the road in Raceland, Louisiana. |
| Q | Okay. |
| A | Right there. (Indicating.) I don't recall her name. I don't know the name of it. |
| Q | That's fine. I -- I can look that up if I need. I'm just trying to figure out what you remember. |
| A | Okay. |
| Q | You received, I guess, the affidavit. And you had to get in your car and go sign it in front of the notary? |
| A | Correct. |
| Q | How often does that happen for you? |
| A | Once every six months. |
| Q | Okay. Do you remember this one time where you had to sign and execute this affidavit in front of the notary, correct? |
| A | I remember the -- I remember this. |
| Q | Do you remember another time where you went and had to execute this affidavit in front of a notary? |
| A | I just did it one treatment. |

*Id.*, pp 216:2-217:5.

14

The court has inherent authority to sanction an attorney for improper conduct. *See Blanco River, L.L.C. v. Green*, 457 F. App'x 431, 438 (5th Cir. 2012) (per curiam) (unpublished) (analyzing the sanctions as "imposed pursuant to the court's inherent authority" when the record indicated that Federal Rule of Civil Procedure 11 was not the basis for the sanctions).

**E.      Request for attorney's fees and sanctions for both Salley's and REC Marine's conduct**

Not surprisingly, Salley has a prior history of receiving sanctions from both the Eastern District of Louisiana and the Fifth Circuit Court of Appeals:

- *Pillsbury Co. v. Midland Enterprises, Inc.*, 904 F.2d 317 (5th Cir. 1990) (The court found that the appeal was frivolous because appellants, represented by Salley, presented arguments that were contrary to the law and put forth positions that were not pled or proven at trial. The court assessed double costs and remanded for an award of attorneys' fees to appellees.)

- *Ayala v. Gabriel Bldg. Supply*, 2012 U.S. Dist. LEXIS 172731 (E.D. La. Dec. 5, 2012) ("[Salley]'s actions evince a 'reckless disregard of the duty owed to the court.' *Cf. Baulch*, 70 F.3d at 817. By filing duplicative claims in state court, Plaintiff's counsel wasted the time and resources of both opposing counsel and this Court. Consequently, the Court will impose sanctions under 28 U.S.C. § 1927.")

In additional, Salley's client has now been the subject of two Orders in this case regarding the failure to respond to discovery and provide the vessel for inspection. (Rec. Doc. 23; Rec. Doc. 49). REC Marine, defended by Salley, has also had a Motion to Compel granted against it in Case No. C-682146: *McArthur Griffin v. REC Marine Logistics LLC, et al.*, in the Civil District Court for the Parish of East Baton Rouge. Ex. 5.

**1.      Sanctions for Deposition Conduct**

The plain language of Rule 30(d)(2) provides that the Court may impose on a party who impedes a deposition "an appropriate sanction - including the reasonable expenses and attorney's fees incurred by any party." *Id.* Many courts have construed Rule 30(d)(2) to apply to circumstances

15

where a party's conduct at a deposition warranted remedial action. *See, e.g, Rangel*, 274 F.R.D. at 594 (improperly instructing deponent not to answer); *Bordelon Marine*, 2011 U.S. Dist. LEXIS 156453, 2011 WL 164636 at *3-*6 (numerous objections to deposition questions); *Pinson v. Northern Tool Equip. Co.*, 2012 U.S. Dist. LEXIS 152623, 2012 WL 5286933, at *3 (S.D. Miss. Oct. 24, 2012) (same).   Recent federal court decisions in Louisiana have applied Rule 30's prospective remedy broadly. *See Howell v. Avante Servs., LLC*, No. 12-293, 2013 U.S. Dist. LEXIS 30103, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (Vance, J.) (finding that payment of attorney's fees for deposition of non-party was an "appropriate sanction" under Rule 30(d)(2)); *Soule v. RSC Equip. Rental, Inc.*, No. 11-2022, 2012 U.S. Dist. LEXIS 150078, 2012 WL 5060059, at *1-*2 (E.D. La. Oct. 18, 2012) (applying Rule 30(d)(2), and ordering parties not only to conduct all future depositions "in a professional manner," as well as enjoining specific conduct);.

Not that it should be needed, but undersigned counsel frequently reminded Salley regarding the conduct that was expected of him as a member of the bar:

> MR. RHINE: Okay.  We'll let the Court decide it at a later date.  Again, I ask you to only object to form or identify the specific objection.  But I don't need speaking objections cluttering up this deposition transcript.
> MR. SALLEY: I understand what you prefer not to have and don't want.  I have my own choices.
> MR. RHINE: Okay.  And I'm just asking you to abide by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Louisiana, which you're repeatedly flouting.
> MR. SALLEY: That's your opinion.  Take it up with the judge.

Ex. 2, pp 37:18 - 38:13.

However, Salley believed that undersigned counsel did not deserve the professionalism required of attorneys:

MR. RHINE: Fred, stop interrupting.
MR. SALLEY: The same document is hearsay.
MR. RHINE: Fred, stop interrupting. Can you please stop interrupting and just let me get a question out?
MR. SALLEY: I might.
MR. RHINE: Do you understand what professional standards you're held to as an attorney and under the Federal Rules?
MR. SALLEY: You don't deserve that under the circumstances here.

*Id.*, pp 228:25 - 229:17

Litigation is not a game, but rather is a search for the truth and an effort to obtain justice. *See Sims v. ANR*, 77 F.3d 846, 849 (5th Cir. 1996). Salley's conduct goes far beyond zealous representation of his clients. Salley deliberately, and systematically, inserted himself into the deposition in attempt to: (1) coach his witness how to testify, (2) interfere with counsel's ability to question the witness, and (3) insert inappropriate comments regarding undersigned counsel into the transcript. Such acts violated the Federal Rules of Civil Procedure and the Louisiana Rules of Professional Conduct; accordingly, Salley should be sanctioned by this Court.

As a result of his deposition conduct, Richard respectfully requests Salley and his client be sanctioned and required to: (1) pay attorney's fees and costs associated with the deposition of REC Marine; (2) pay attorney's fees associated with the drafting and filing of this Motion; (3) Salley individually be sanctioned $1,000.00, payable immediately to counsel for Richard; and (4) Salley be required to attend in person an additional 25 hours of CLE specifically on the topics of ethics and/or professionalism.

2.    **Sanctions for Failure to Prepare the Witness**

The deposition transcript is replete with Salley's attempts to excuse improper conduct by vaguely claiming the Federal Rules of Civil Procedure did (or did not) require various things. This

17

was regularly done when discussing the failure of REC Marine to fully prepare its witness to testify regarding the topics that were noticed for deposition. REC Marine's witness indicated he was the corporate representative who was designated to testify regarding all of the topics in the deposition. Despite this, REC Marine failed to insure that his testimony would reflect all of the information that was known by REC Marine. As the Court is well aware, this violated Federal Rule of Civil Procedure 30(b)(6) which requires that after an organization's deposition has been noticed, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *Id.*

The purpose of Rule 30(b)(6) is to prevent the type of gamesmanship that has occurred here. As noted by one Court when analyzing the operation of Rule 30(b)(6):

> Foremost among those purposes, according to the Advisory Committee notes, is to curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.

*Rainey v. American Forest and Paper Ass'n, Inc.*, 26 F. Supp.2d 82, 95 (D.C. 1998). The Court continued, explaining the "rule aims to prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case." *Id.* Likewise, the court in *United States v. Taylor* said it would be unfair to allow the "sandbagging" of an opponent by allowing an organization to conduct "a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial." *United States. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996). In *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, the court squarely addressed the consequences of failing to provide information when responding to a 30(b)(6) deposition notice:

> Because the discovery deadline has expired, because QBE did not fulfill its obligation to properly prepare its own designee, because QBE waited until the

18

corporate representative deposition began to give notice of its designee's partial inadequacy and because its designee could have (but did not) review substantially more material in order to be a more-responsive witness, Defendant's requested sanction will be imposed. Specifically, **QBE will be precluded from offering any testimony at trial on the subjects which its designee was unable or unwilling to testify about at the 30(b)(6) deposition.**

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 681 (S.D. Fla. 2012). The Court continued: "It would be patently unfair to permit QBE to avoid providing a corporate deposition designee on certain topics (because its insured refuses to cooperate) yet allow it to take a position at trial on those very same issues by introducing testimony which Defendant Jorda was unable to learn about during a pre-trial 30(b)(6) deposition." *Id.* The same sanction should result in this proceeding.

As a result of REC Marine's failure to prepare its witness to testify, Richard respectfully requests that REC Marine cannot alter its testimony without establishing that the information was not available at the time of deposition. For all areas of inquiry during the deposition to which its corporate representative was unable to testify, REC Marine should be unable to provide any testimony at trial to contradict the answers that are already in the record. It would be patently unfair to Richard for this gamesmanship to be upheld. All of this information was previously available to REC Marine, it simply decided to ignore it.

### 3.   Sanctions for Discovery Abuses

Under Rule 37, a court may sanction a party on motion, if that party fails to timely supplement or correct a response to discovery that is incomplete or incorrect. Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26(e). To that end, the court may award reasonable attorney's fees and costs, caused by the party's failure to respond or supplement. Fed. R. Civ. P. 37(c)(1)(A). Rule 37 of the

19

Federal Rules of Civil Procedure authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders. *Chilcutt v. U.S.*, 4 F.3d 1313, 1319-1320 (5th Cir. 1993). A "court's discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited." *Id.*

The Fifth Circuit has noted that sanctions under Rule 37 are "predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970); *see also, Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (reasoning that "sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant."). While "the Federal Rules do not explicitly provide an avenue to sanction attorneys who fail to comply with discovery orders . . . . there is no doubt" that a Court may exercise its inherent powers to sanction discovery abuses and to discipline attorneys who engage in obstructive behavior. *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410-11 (5th Cir. 1993).

The deposition testimony of REC Marine indicates its counsel never sent discovery to his client. Instead, counsel attempted to answer Interrogatories himself, in violation of Federal Rule of Civil Procedure 33(b)(1). As a result of this discovery-related conduct, Richard respectfully requests Salley and his client be sanctioned and: (1) REC Marine shall be required to fully respond to Richard's Interrogatories within 5 business days; (2) the objections to said interrogatories be deemed waived; (3) Salley individually be sanctioned $1,000.00, payable immediately to counsel for Richard; and (4) Salley be required to attend in person an additional 10 hours of CLE specifically on the topic of discovery procedure.

20

### 4.   Sanctions for Duty of Candor

The Court has a right to expect that parties appearing before it will act with integrity, rectitude, and candor and will deal fairly with the Court. *In re Bank of Louisiana/Kenwin Shops, Inc.*, 1998 U.S. Dist. LEXIS 11680 at *11 (E.D. La. July 27, 1998). Courts possess the inherent power to levy sanctions in response to abusive litigation practices. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488, (1980); *Scaife v. Associated Air Center, Inc.*, 100 F.3d 406, 411 (5th Cir. 1996) (federal courts have inherent posers including authority to sanction a party when necessary to achieve orderly and expeditious disposition of their dockets). These powers have been recognized as required to address acts which degrade the judicial system. *Nasco, Inc. v. Calcasieu Television and Radio*, 124 F.R.D. 120, 139 (W.D.La. 1989). Indeed, "a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991).

The testimony of REC Marine calls into question Salley's candor to the Court. The testimony directly conflicts with affirmative representations made by Salley in a filing with the Court. As a result of this improper conduct, Richard respectfully requests Salley and his client be sanctioned and required to: (1) attend a show cause hearing related to representations regarding the affidavit; and (2) be sanctioned in a manner deemed appropriate by the Court.

### III. CONCLUSION

REC Marine has previously disobeyed two Orders of the Court regarding discovery. The conduct of its counsel during the deposition was far beyond zealous representation of a client. Salley deliberately inserted himself into the deposition via voluminous objections, speaking objections,

21

questioning the witness while he was on cross, and coaching the witness in how to respond. Such conduct should not be rewarded. REC Marine failed to adequately prepare its witness for deposition to insure he had all of the information available to the company. The deposition testimony that was obtained indicates that Salley never sent discovery to his client and made misrepresentations to the Court regarding an unsigned affidavit. Any of the above conduct warrants sanctions implemented by this Court. Collectively –and given his conduct throughout this litigation– the actions are representative of an attorney who believes the rules do not apply to him. This Court should send a strong message –not just to deter Salley's future conduct– but to deter other members of the bar from believing they can get away with similar conduct with no repercussions.

Respectfully submitted,

/s/ Eric J. Rhine
Eric J. Rhine (*admitted PHV*)
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656

KOCH & SCHMIDT, LLC
R. Joshua Koch, Jr. (Bar Roll No. 7767)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

ATTORNEYS FOR RICHARD

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 13th day of January, 2020.

/s/ Eric J. Rhine
Eric J. Rhine

23

EAST BATON ROUGE PARISH
Filed Jan 21, 2020 11:31 AM
· Deputy Clerk of Court

C-682146
27

**FAX FILED 1/15/2020**

# FILE AS IS

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*************************************************************************

## JUDGMENT

On the 27th day of January 2020, a hearing was held before this Court on the following Motions:

1. Plaintiff's Motion for Contempt and for Sanctions Resulting from Defendant REC Marine Logistics, LLC's ("REC Marine") Refusal to Follow the Court's Order Compelling Discovery ("Plaintiff's Motion"); and,
2. Defendant's Motion to Reverse, Reconsider, and Correct ("Defendant's Motion").

The Court, having considered the above-referenced Motions (and any response thereto, if any) and arguments of counsel, is of the opinion that (a) Defendant's Motion is DENIED and Plaintiff's Motion is GRANTED.

It is ORDERED, ADJUDGED, AND DECREED that (a) Plaintiff's Motion is GRANTED and Defendant's Motion is DENIED in all parts.

The Court also issues the following ORDERS (signified with a check or x):

____ REC Marine is ordered to fully respond to Plaintiff's discovery requests within 3 days. REC Marine is prohibited from making any objections to Plaintiff's requests for production and interrogatories.

____ That a default judgment be entered against REC Marine.

____ That REC Marine is prohibited from offering exhibits and eliciting any testimony from Plaintiff, other Defendants, witnesses, and experts. This

prohibition extends to REC Marine's subsidiaries, joint-ventures, partnerships, and affiliates (e.g. all business operating out of 4535 LA-308, Raceland, LA 70394).

___ That REC Marine's claims and affirmative defenses be struck. The claims and affirmative defenses of REC Marine's subsidiaries, joint-ventures, partnerships, and affiliates (e.g. all business operating out of 4535 LA-308, Raceland, LA 70394) are also struck.

___ That REC Marine be ordered to pay $500 to the Access to Justice Program to provide assistance to individuals who cannot afford an attorney.

Signed this _____ day of _____, 2020.

# FILE AS IS

_____
HONORABLE JUDGE TRUDY M. WHITE

EAST BATON ROUGE PARISH  C-682146
Filed Jan 22, 2020 3:26 PM        27
Deputy Clerk of Court

# Salley & Associates
### Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net

| | |
|---|---|
| Telephone: | 985-867-8830 |
| Tele. WA: | 800-780-7097 |
| Facsimile: | 985-867-3368 |

15th January 2020

Clerk of Court
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

Re:    **Griffin vs. REC Marine Logistics, LLC**
       **D/A -**
       **My File: FES-19-562**
       **CAC-682146 (27)**
       **Ref:  N/A**

Dear Sir:

I attach for filing in the captioned and entitled litigation, the original and two of:

1) Ex-Parte Motion to Continue for Counsel's Continuing Medical Disability;

I understand that filing cost for this item is already contained in defense credits, which will be used to cover the $45.00 filing expense for this filing.   If a shortage developes please advise so that I can cover.

Please file in the record and provide the original to the Court, Judge Trudy White, for processing.

Sincerely,

Fred E. Salley

FES/fng/STF

Cc:    Daniel Shepperd  W/ copy
       3701 Kirby Drive, #1000
       Houston, TX  77098

EAST BATON ROUGE PARISH   C-682146
Filed Jan 22, 2020 3:26 PM   27
Deputy Clerk of Court

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                           Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____          CLERK_____

                                           DEPUTY CLERK

## EX-PARTE MOTION TO CONTINUE FOR MEDICAL DISABILITY

Undersigned Counsel previously requested in mid-November 2019, and obtained, a thirty

day continuance based upon personal medical conditions, but now comes advising that he has

also suffered an unexpected, extended, sciatic nerve injury related to his prior illness, which has

currently disabled him from walking, driving and/or travelling; and upon further suggesting that

he has continued to suffer from continued personal illness and medical disabilities for the past

several weeks; is obliged to move for another short continuance of currently scheduled motions,

including his own current Motion to Review and Reverse Judgment and Prior Rulings scheduled

for 27th January, 2020, together with all other Motions currently scheduled for that day, to be

continued and reset for hearings on the ~~day February~~ **2nd day March** 2020.

                              Submitted by:

                              _(signature)_
                              FRED E. SALLEY, T.A.   (11665)
                              SALLEY & ASSOCIATES
                              P.O. Box 3549
                              77378 Hwy 1081 Cretien Annex
                              Covington, Louisiana 70434
                              Telephone: (985) 867-8830
                              Facsimile  (985) 867-8927
                              Counsel for Defendants, REC et. al.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has
been served on all counsel of record by facsimile, receipt
requested, or by depositing same in the United States Postal
Service, properly addressed and postage prepaid, or by other
means, this 15th day of November 2019.

                              _(signature)_
                              FRED E. SALLEY, T.A.   (11665)

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                        Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____          CLERK_____

DEPUTY CLERK

<u>ORDER GRANTING DEFENSE COUNSEL'S REQUEST FOR CONTINUANCE FOR
MEDICAL REASONS</u>

Defense Counsel having filed a Motion seeking a Continuance in this case for personal
medical reasons, the Motion is appropriate, and is hereby granted, and there will be a
continuance of all motions scheduled for hearings on 27th January 2020, which will be continued
and rescheduled for hearing on the ~~x~~ **2nd day of March** ~~x~~, 2020.

THUS DONE AND SIGNED, this __23rd__ day of January 2020.

Hon. Trudy White, 19th JDC, EBRP

Submitted by:

**FRED E. SALLEY, T.A.    (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana70434**
**Telephone: (985) 867-8830**
**Facsimile  (985) 867-8927**
**Counsel for Defendants,RECet. *al*.**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 15th day of January 2020.

**FRED E. SALLEY, T.A.    (11665)**

EAST BATON ROUGE PARISH    C-682146
Filed Jan 22, 2020 3:26 PM    27
Deputy Clerk of Court

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                    Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____        CLERK_____

                                    DEPUTY CLERK

## EX-PARTE MOTION TO CONTINUE FOR MEDICAL DISABILITY

Undersigned Counsel previously requested in mid-November 2019, and obtained, a thirty day continuance based upon personal medical conditions, but now comes advising that he has also suffered an unexpected, extended, sciatic nerve injury related to his prior illness, which has currently disabled him from walking, driving and/ortravelling; and upon further suggesting that he continued to suffer from continued personal illness and medical disabilities for the past several weeks; is obliged to move for another short continuance of currently scheduled motions, including his own current Motion to Review and Reverse Judgment and Prior Rulingsscheduled for 27th January, 2020, together withall other Motionscurrently scheduled for that day, to be continued and reset for hearings on the day **2nd day March** ~~February~~ 2020.

Submitted by:

*[signature]*

FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants,REC*et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 15th day of November 2019.

*[signature]*

FRED E. SALLEY, T.A.   (11665)

19th Judicial District Court for the Parish of East Baton Rouge

State of Louisiana

No: C-682146                                        Section 27

MCARTHUR GRIFFEN

*VERSUS*

REC Marine Logistics, LLC, *et. al.*

FILED_____        '   CLERK_____

DEPUTY CLERK

ORDER GRANTING DEFENSE COUNSEL'S REQUEST FOR CONTINUANCE FOR
MEDICAL REASONS

Defense Counsel having filed a Motion seeking a Continuance in this case for personal

medical reasons, the Motion is appropriate, and is hereby granted, and there will be a

continuance of all motions scheduled for hearings on 27th January 2020, which will be continued

and rescheduled for hearing on the **2nd day of March** ~~XXXXXXXXXXX~~, 2020.

THUS DONE AND SIGNED, this **23rd** day of January 2020.

Hon. Trudy White, 19th JDC, EBRP

Submitted by:

_(signature)_

**FRED E. SALLEY, T.A.    (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana70434**
**Telephone: (985) 867-8830**
**Facsimile   (985) 867-8927**
**Counsel for Defendants,RECet. al.**


## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 15th day of January 2020.

_(signature)_

**FRED E. SALLEY, T.A.    (11665)**

EAST BATON ROUGE PARISH
Filed Jan 29, 2020 10:27 AM
Deputy Clerk of Court
FAX Received Jan 24, 2020

C-682146
27

# Salley & Associates
## Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net
23rd January 2020

| | |
|---|---|
| Telephone: | 985-867-8830 |
| Tele. WA: | 800-780-7097 |
| Facsimile: | 985-867-3368 |

Clerk of Court
East Baton Rouge Parish
222 St. Louis Street
Baton Rouge, LA. 70802

> **Re:** **Griffin vs. REC Marine Logistics, LLC**
> **D/A -**
> **My File: FES-19-562**
> **CAC-682146 (27)**
> **Ref: N/A**

Dear Sir:

I attach for filing in the captioned and entitled litigation, the original and two of Defendant's Memorandum in Opposition to Plaintif's pending motion.

I attach for deposit Salley & Assocites check for $100.00.

I understand that filing cost for this item is contained in defense credits, which will be used to cover the filing expense for this filing. If a shortage developes please advise so that I can cover.

Please file in the record and provide the original to the Court, Judge Trudy White, to whom I am sending two **copies**, directly.

Sincerely,

Fred E. Salley

FES/fng/STF

Cc:    Daniel Shepperd  W/ copy
       3701 Kirby Drive, #1000
       Houston, TX  77098

EAST BATON ROUGE PARISH
Filed Jan 29, 2020 10:27 AM
Deputy Clerk of Court
FAX Received Jan 24, 2020

C-682146
27

19th **Judicial District Court for the Parish of East Baton Rouge**

**State of Louisiana**

No: C-682146                                    Section 27

**MCARTHUR GRIFFEN**

*VERSUS*

**REC Marine Logistics, LLC, *et. al.***

FILED_____            CLERK_____

DEPUTY CLERK

**DEFENDANT MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MULTIPLE
DISCOVERY MOTIONS AND MEMORANDA**

Now comes Defendant(s)(REC, *et. al.*)in opposition to
Plaintiff's multiple motions claiming he is entitled to certain
responses to discovery, including interrogatories, that were in
fact, not properly served or set for hearing, upon a motion to
compel that was never properly served, or noticed, on
Defendant's Counsel, at all prior to 24th September 2019, when
the un-served and un-noticed motion was brought up for hearing
before the Court.

The history of this case indicates that REC initially filed
an Exception (Art 925) that under the law of Louisiana, and the
Laws and Constitution of the United States and Louisiana, REC,
and similarly situated defendants, were by Louisiana Law, and
federal law, LLC's located in, and citizens of, Lafourche
Parish; and that an attempt to file suit against them in East
Baton Rouge Parish was completely improper, in violation of
Louisiana's venue laws, and unconstitutional; in that no
accident or event occurred in East Baton Rouge Parish.
Plaintiff's raw and improper attempt to claim jurisdiction and
venue in EBP against these citizens, solely because under some
limited circumstances suits against individual foreign
**underwriters** may be brought in EBR.  This is not one of those
circumstances, and under Louisiana horn book law, alleged

1

underwrites of a party adopt the venue and jurisdiction of their alleged insured. In this case, any Underwriter of REC, being sued for events that occurred offshore(as in this case), would be sued in the venue applicable to the insured. In this case, Lafourche Parish would be the first choice on venue if there were to be no other land based locations where either the accident occurred, or a legitimate defendant was domiciled or resided. East Baton Rouge Parish would not be considered as a choice at all since **no** defendants were ever located there, and no part of an accident to Plaintiff occurred there. Plaintiff also resides in Lafourche Parish. Any insurer alleged to insure one of the defendants would be considered a citizen, and be subject to suit in the same jurisdiction and venue as its insured. In this case, it would be Lafourche Parish.

This case was made impossible to litigate by the individual actions precipitated East Baton Rouge Parish which undertook to upgrade its computer system (see evidence from system employee, Joe Swearingen) and ended up loosing numerous attorneys, and sending them into oblivion; or perhaps back to Jefferson Parish, although as in the case of this undersigned lost lawyer, the clerk's office kept sending services and minute entries to his dead addresses in Jefferson Parish; despite continuously receiving Counsel's ongoing correspondence and pleadings which had Counsel's proper address in Covington listed for the entirety through date. Counsel's proper address has not changed for 25 years, but the corrections from the EBR Clerk's Office only started in late December, 2019. It is pointed out that the Clerk could have also checked Counsel's location and address with the Louisiana Bar Association, but it did not.

Instead, counsel did not get any notices of motions, services, hearings or communications from June 2019 thru December 2019, although Counsel continued having a one-sided

2

communication with East Baton Rouge Parish, from which Counsel was completely unaware that he had been lost. Plaintiff's Counsel was not affected by the loss of services and communications as was Defense Counsel, and it appears that Plaintiff **knew** and **took advantage** of the situation in his pleadings and actions with the beneficial situation created by the Clerk's loss of Defense Counsel's service address. Plaintiff must have noticed the glitch early on, but he never once mentioned it to undersigned Counsel, or even notified the EBR clerk of their non-service of counsel. He appeared to carefully take full advantage of it.

According to Jon Swearingen, EBR Parish did eventually notice the problems with failure of service on Defense Counsel, but rather than call or write Counsel, inquire of opposition Counsel, call the bar association, or <u>simply look on Counsel's pleadings for the right address</u>, EBR Parish simply **stopped** sending service pleadings to Counsel in this case. When Counsel travelled to Baton Rouge on September 24th for **the** hearing on Defendants' Exception to Venue and Jurisdiction of Plaintiff's improper filing in East Baton Rouge (Art 925), Counsel was confronted by several unknown and never served motions that had been filed and set for hearing by the Plaintiff with full expectation that service or notice to Defendant would never occur—and that is exactly what occurred when the case was called.

The enormity of, and unfairness, of this attempted action by Plaintiff, and the Court, which was aware, of the ongoing lack of service on Defendant, is beyond belief. This duplicate action was a clear violation of Defendant's state and federal right to notice and fair hearing. The Court should promptly dismiss all actions effecting this Defendant's right to constitutional notice, and fair hearing and day in court.

3

Defendants' rights to procedural and substantive due process were wholly breached by this Court's abject failure to guarantee Defendant's right to notice, hearing, and due process, of which they were fully and completely aware; which at the same time protected Plaintiff's knowing mis-use of the Court, as he was also fully aware that no services and notices were being provided to Defendants. Defendant was completely ignorant of what had **not** been served on him when he entered the Courtroom on the morning of 24th September 2019. Counsel was completely surprised.

The grossness and inequity of the actions perpetrated against an unknowing Defendant in this matter are almost beyond belief. They are certainly clear violations of Defendant's state and federal Constitutional Rights. The Plaintiff's motion on the interrogatories was raised without notice or service, at Court, on 24th September 2019. Plaintiff knew that his motion to compel had never been served on Defendant, as EBR Parish had not even attempted to serve the motion on Defendant. (See statement of Swearingen). Defendant was taken totally unaware, and had no knowledge of the nature and extent of matters that were simply not served on Defendant. Counsel would have to investigate the bizarre actions of the Court and of the actions of Plaintiff's counsel, who knew of the service breakdown, but was prepared to take advantage of the situation—and did, then and now.

Following the "hearing," Counsel had to determine what had occurred with services and determined that there had been no services on Defendant's Counsel since sometime in June 2019 or earlier.

Following the 24th September hearing in Court, Counsel was still not getting services from the Court, and had to review proposed judgments mailed to the Court from Plaintiff. In fact, the rulings of the EBR Court were never served on Counsel as

4

required by law to satisfy the state and federal constitutional notice requirements.    In early November 2019, with nothing resolved, and no legal notices of any judgments or decisions having been received by Defense Counsel, Counsel suddenly became ill and disabled, and on the advice of his physician, filed a motion to continue all activity in this case.    The Court granted that motion and continued **all** matters, including matters that Defendant had filed, thru late January 2020.

In early January 2020, Counsel commenced suffering from severe sciatec nerve pain, which related to his prior illnesses, and extended his severe pain and disability.    Counsel had no choice but to request a further short extension for medical reasons.    That motion was filed 15 January and was directed to impacting several motions currently scheduled for 27th January, 2020, and is awaiting the Court's disposition.

Submitted by:

FRED E. SALLEY, T.A.    (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile (985) 867-8927

Counsel for Defendant, REC
Marine Logistics, LLC, *et. al.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid, or by other means, this 23th day of January 2020.

FRED E. SALLEY, T.A.    (11665)

5

EAST BATON ROUGE PARISH
Filed Jan 30, 2020 11:30 AM
Deputy Clerk of Court
FAX Received Jan 24, 2020

C-682146
27

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. C-682146                                                        DIVISION "27"

MCARTHUR GRIFFIN

VERSUS

REC MARINE, LLC, ET AL

FILED: _____

DEPUTY CLERK

## MOTION AND ORDER TO SUBSTITUTE COUNSEL OF RECORD

**ON MOTION OF** QBE Insurance (Europe) Limited, who moves this Honorable Court to withdraw William J. Riviere, Kevin J. LaVie, David I. Clay, II and the law firm of Phelps Dunbar LLP as counsel of record and substitute Alan R. Davis as counsel of record for QBE Insurance (Europe) Limited in this matter;

**IT IS ORDERED** that William J. Riviere, Kevin J. LaVie, David I. Clay, II and the law firm of Phelps Dunbar LLP be allowed to withdraw as counsel of record and that Alan R. Davis be substituted as counsel of record for QBE Insurance (Europe) Limited in the record of this matter.

Baton Rouge, Louisiana this **6th** day of **February**, 2020.

_____
J U D G E

**Judge Trudy M. White**

Respectfully submitted,

_____
Alan R. Davis (#31694)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2300
Telephone: (504) 585-7000
Email: Davis@chaffe.com

_____
William J. Riviere (#20593)
Kevin J. LaVie (#13125)
David I. Clay, II (#33776)
**PHELPS DUNBAR LLP**
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Email: bill.riviere@phelps.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by telefax and/or U.S. mail postage prepaid and properly addressed and/or electronic transmission this 24th day of January, 2020.

_____
Alan R. Davis

3646218-1

EAST BATON ROUGE PARISH    C-682146
Filed Jan 30, 2020 11:30 AM            27
Deputy Clerk of Court
FAX Received Jan 24, 2020



**Chaffe McCall** LLP

ALAN R. DAVIS

Direct Dial No: 504-585-7088
E-mail:davis@chaffe.com

January 28, 2020

**VIA FEDEX:**
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
222 St. Louis Street
Baton Rouge, LA 70802

Re:    *McArthur Griffin v Rec Marine, LLC et al*
       *19th JDC Case No. C-682146, Division "27"*
       Our File No. 53464

Ladies and Gentlemen:

Enclosed with this letter please find the following, which are being filed on behalf of QBE Insurance (Europe) Limited:

1.  Motion and Order to Substitute Counsel of Record;
2.  Our firm check number 7151 in the amount of $47.00 which represents the cost of filing; and
3.  Fax confirmation receipt from the clerk of court dated January 24, 2020;

Please send back to my office a stamped copy in the enclosed self addressed stamped envelope.

If you have any questions, please do not hesitate to contact me.

Thank you for your courtesies in this matter.

New Orleans: 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
Baton Rouge: 103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
Houston: 801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
Lake Charles: One Lakeshore Drive Suite 1750 • Lake Charles, LA 70629 • Tel: (337) 419-1825 • Fax: (504) 585-7075

www.chaffe.com

3660813-1

January 28, 2020
Page 2

Regards,

CHAFFE McCALL, L.L.P.

Alan R. Davis

ARD/cr
cc:    Daniel E. Sheppard **(via email only: dsheppard@morrowsheppard.com)**
       Fred Salley **(via email only: fsalley@acadiacom.net)**
       Brilliant Clayton **(via email only:bclayton@claytonfrugelaw.com)**
       William J. Riviere **(via email only: bill.riviere@phelps.com)**
Enclosures

3660813-1

Jan/27/2020 10:38:27 AM                    EBR Clerk of Court 225-389-3392                              1/1



# Doug Welborn
Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

### FAX RECEIPT

FROM: SUIT ACCOUNTING DEPARTMENT                              Date: JANUARY 24, 2020

FAX NUMBER: (225) 389-3392                                    Suit No.: C-682146

To: ALAN R DAVIS                                             Section: 27

MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL

Total Amount Due (includes all applicable fees below) $47.00

901-COVER LETTER                                            3 PAGES
4007-MTN WITHDRAW & ENROLL-CV                               1 PAGE

The Clerk's office received the above mentioned documents by facsimile transmission dated 1-24-20, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE
RECEIVED IN THIS OFFICE.

SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE
ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).

IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S)
TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING
CLERK OF THE PREVIOUS FAX FILING.

*Kay Lewis*

Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Suit Accounting Dept. Form #5 Rev. 02/26/14

EAST BATON ROUGE PARISH
Filed Feb 07, 2020 9:45 AM
Deputy Clerk of Court
FAX Received Jan 31, 2020

C-682146
27



**Chaffe
McCall** LLP

ALAN R. DAVIS

Direct Dial No: 504-585-7088
E-mail:davis@chaffe.com

February 5, 2020

**VIA FEDEX:**
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
222 St. Louis Street
Baton Rouge, LA 70802

Re:   *McArthur Griffin v Rec Marine, LLC et al*
      *19th JDC Case No. C-682146, Division "27"*
      Our File No. 53464

Ladies and Gentlemen:

Enclosed with this letter please find the following, which are being filed on behalf of QBE Insurance (Europe) Limited:

1. Answer and Affirmative Defenses;
2. Our firm check number 7157 in the amount of $66.00 which represents the cost of filing; and
3. Fax confirmation receipt from the clerk of court dated January 31, 2020;

Please send back to my office a stamped copy in the enclosed self addressed stamped envelope.

If you have any questions, please do not hesitate to contact me.

Thank you for your courtesies in this matter.

**New Orleans:** 2300 Energy Centre • 1100 Poydras Street • New Orleans, LA 70163-2300 • Tel: (504) 585-7000 • Fax: (504) 585-7075
**Baton Rouge:** 103 Two United Plaza • 8550 United Plaza Blvd. • Baton Rouge, LA 70809 • Tel: (225) 922-4300 • Fax: (225) 922-4304
**Houston:** 801 Travis Street, Suite 1910 • Houston, TX 77002 • Tel: (713) 546-9800 • Fax: (713) 546-9806
**Lake Charles:** One Lakeshore Drive Suite 1750 • Lake Charles, LA 70629 • Tel: (337) 419-1825 • Fax: (504) 585-7075

www.chaffe.com

3670473-1

February 5, 2020
Page 2

Regards,

CHAFFE McCALL, L.L.P.

/S/ Alan R. Davis

Alan R. Davis

ARD/cr
cc:   Daniel E. Sheppard **(via email only: dsheppard@morrowsheppard.com)**
      Fred Salley **(via email only: fsalley@acadiacom.net)**
Enclosures

3670473-1

504-544-6135



# Doug Welborn
Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

FROM: SUIT ACCOUNTING DEPARTMENT

Date: JANUARY 31, 2020

FAX NUMBER: (225) 389-3392

Suit No.: C-682146

To: ALAN R DAVIS

Section: 27

MCARTHUR GRIFFIN VS REC MARINE, LLC, ET AL

Total Amount Due (includes all applicable fees below) $66.00

901-COVER LETTER                                          1 PAGE
3000-ANSWER-CV                                            4 PAGES

The Clerk's office received the above mentioned documents by facsimile transmission dated 1-31-20, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.

SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).

IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.

*Kay Lewis*

Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Suit Accounting Dept. Form 6b Rev. 08/26/14

EAST BATON ROUGE PARISH
Filed Feb 07, 2020 9:45 AM
Deputy Clerk of Court
FAX Received Jan 31, 2020

C-682146
27

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. C-682146                                DIVISION " 27 "

MCARTHUR GRIFFIN

VERSUS

REC MARINE LOGISITICS, LLC; GOL, LLC; GULF OFFSHORE LOGISTICS, LLC;
AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY
ASSOCIATION INC.; and QBE INSURANCE (EUROPE) LIMITED

FILED: _____        _____
                                                      DEPUTY CLERK

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes QBE Insurance (Europe)
Limited ("QBE Insurance"), and answers the First Supplemental and Amended Petition for
Damages (the "Amended Petition") of Plaintiff McArthur Griffin as follows:

### JURISDICTION AND VENUE

I.

The allegations of Paragraph I of the Amended Petition, including Plaintiff's status as a
Jones Act seaman, are denied for lack of sufficient information upon which to justify a belief
therein.

II.

The allegations of Paragraph II of the Amended Petition state legal conclusions for
which no answer is required. To the extent an answer is deemed necessary, the allegations of
Paragraph II of the Petition are denied.

III.

The allegatiosn of Paragraph III of the Amended Petition state legal conclusions for
which no answer is required. To the extent an answer is deemed necessary, the allegations of
Paragraph III of the Amended Petition are denied, except to admit that QBE Insurance (Europe)
Limited is a foreign insurer.

3667289-1

**PARTIES**

IV.

The allegations of Paragraph IV of the Amended Petition are denied for lack of sufficient information upon which to justify a belief therein, except to admit that QBE Insurance is a foreign insurer who issued a policy of providing Protection and Indemnity insurance to Rec Marine Logistics, LLC, Gulf Offshore Logistics, LLC, and other assureds for the period 20 February 2018 to 20 February 2019, the contents of which are the best evidence of its own terms.

V.

The allegations of Paragraph V of the Amended Petition are denied.

VI.

The allegations of Paragraph VI of the Amended Petition are denied, including but not limited to subordinate allegations identified as paragraphs VI(a) through VI(n).

VII.

The allegations of Paragraph VII of the Amended Petition are denied.

VIII.

The allegations of Paragraph VIII of the Amended Petition call for a legal conclusion and do not require an answer. To the extent an answer is deemed necessary, the allegations of Paragraph VIII are denied for lack of information upon which to justify a belier therein.

X.[1]

The allegations of Paragraph X of the Amended Petition are denied.

IX.

The allegations of Paragraph IX of the Amended Petition are denied.

**RESERVATION OF RIGHTS**

X.

The allegations of Paragraph X of the Amended Petition do not require an answer. To the extent an answer is required, the allegations of Paragraph X of the Amended Petition are denied.

---

[1] The Amended Petition contains consecutive paragraphs enumerated X, IX, X, and XI. Out of an abundance of caution, these paragraphs are addressed in the same order herein as in the Amended Petition.
3667289-1

## JURY DEMAND

### XI.

Plaintiff's request for a jury demand does not require an answer. To the extent an answer is deemed necessary, the allegations of Paragraph XI of the Amended Petition are denied.

## PRAYER

### XII.

Plaintiff's prayer for relief is denied.

## AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL PETITION

### First Affirmative Defense

Plaintiff's Petition and Amended Petition fail to state a claim or cause of action against QBE Insurance upon which relief may be granted.

### Second Affirmative Defense

Coverage for Plaintiff's claims against QBE Insurance is subject to the terms, conditions, and limitations of the QBE Insurance Policy at issue, *i.e.* Policy No. 02077000001. QBE Insurance incorporates the terms, conditions, and exclusions of the Policy and its incorporated Rules its its Answer and Affirmative Defenses as if set forth herein *in extenso*. Further, and without waiver of any other applicable exclusions or defenses available under the Policy, the Policy contains an arbitration provision requiring that all disputes thereunder be resolved by arbitration in London. QBE Insurance expressly reserves its right to arbitration as set forth in the Policy.

### Third Affirmative Defense

To the extent Plaintiff's claims against QBE Insurance are covered under the Policy, which is denied for lack of sufficient information upon which to justify a belief therein, any proceeds to Plaintiff would be entitled to reduction by any applicable deductible.

### Fourth Affirmative Defense

To the extent any other liability insurance is applicable to Plaintiff's claims, that coverage is primary. Alternatively, QBE Insurance is entitled to share any reduction in the amount of indemnity owed based on the terms of its own policy and any other applicable policy/policies.

3667289-1

### Fifth Affirmative Defense

Plaintiff did not suffer any damages caused by anyone for whome QBE Insurance provides coverage.

### Sixth Affirmative Defense

If it is found that Plaintiff suffered damages as a result of the negligence of anyone for whom QBE Insurnace could or might provide insurance coverage, which is denied, the alleged damages of Plaintiff were also caused by and/or contributed to and/or aggravated by Plaintiff's own negligence, and/or the negligence of others for whom QBE Insurance does not provide insurance coverage, and QBE Insurance is entitled to have any award or recovery mitigated and reduced accordingly.

### Seventh Affirmative Defense

Plaintiff has failed to mitigate his damages.

### Eighth Affirmative Defense

QBE Insurance reserves the right to amend its Answer and Affirmative Defenses as discovery progresses.

Respectfully submitted,

_____
Alan R. Davis (No. 31694)
**CHAFFE MCCALL, LLP**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
504-585-7000 (Telephone)
504-544-6123 (Facsimile)
davis@chaffe.com
**Counsel for QBE Insurance (Europe)
Limited**

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been served upon all counsel of record by facsimile and/or U.S. mail, postage prepaid and properly addressed, this 31st day of January, 2020.

_____
Alan R. Davis

3667289-1

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION <u>ONLY</u>

Plaintiff moves to voluntary dismiss American Steamship Owners Mutual Protection and Indemnity Association <u>without</u> prejudice pursuant to La. CCP 1671. Plaintiff does not move to dismiss any other party to the above-captioned litigation. Each party shall bear its own costs and attorneys' fees.

Respectfully submitted:

MORROW & SHEPPARD, LLP

Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

*Attorneys for Plaintiff, McArthur Griffin*

## CERTIFICATE OF SERVICE

I certify that this document was sent to Fred Salley via U.S. Mail (certified and first

class), email, and facsimile on February 14, 2020. I certify that this document was

sent to Alan Davis via email and facsimile.

Daniel E. Sheppard

## CERTIFICATE OF CONFERENCE

Plaintiff has conferred with the parties and they are not opposed to this Motion.

Daniel E. Sheppard

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C·682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION ONLY

It is hereby ORDERED that American Steamship Owners Mutual Protection

and Indemnity Association is dismissed from this matter without prejudice to

refiling pursuant to La. CCP 1671. Each party shall bear their own costs.

Signed this ___ day of _____, 2020.

_____

Honorable Trudy M. White