UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN § | |
| § | |
| Plaintiff § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| § | |
| *Versus* § | |
| § | |
| REC MARINE LOGISTICS LLC, ET AL. § | **TRIAL BY JURY DEMANDED** |
| § | |
| Defendants § | |

**JOINT STATUS REPORT**

**A.     JURISDICTION**

What is the basis for the jurisdiction of the Court?

Defendant QBE Insurance (Europe) Limited ("QBE") alleges that the Court has jurisdiction over this case under 28 U.S.C. § 1331 and 9 U.S.C. § 205. Plaintiff disagrees and reserves the right to seek remand on this issue as is required should this Court lack jurisdiction.

**B.     BRIEF EXPLANATION OF THE CASE**

1.     Plaintiff claims:

This is a personal injury case involving a Jones Act seaman. On or about May 25, 2018, Plaintiff suffered injuries to his shoulder, neck, back, legs, and other body parts aboard the *M/V Dustin Danos* when the vessel was allowed to move dramatically during a man-lift operation (the "Incident"). Plaintiff was violently struck by the lift, the vessel, and/or other items on the vessel as a result of how the operations were improperly planned and executed, the conditions, the conduct of the captain, and the other circumstances. Plaintiff has and continues to receive medical treatment as he attempts to recover from the injuries sustained during the Incident.

Plaintiff seeks recovery against REC Marine Logistics LLC ("REC Marine"), GOL LLC ("GOL"), Gulf Offshore Logistics LLC ("Gulf Offshore"), Offshore Transport Services LLC ("Offshore Transport"), and QBE Insurance (Europe) Limited ("QBE Insurance") for injuries he sustained as a "seaman" under the Jones Act at 46 U.S.C. § 30104 et seq. and related Jones Act provisions. Plaintiff is also bringing claims against these defendants under general negligence, gross negligence, and general maritime law. In addition to claims for personal injuries sustained, Plaintiff also seeks damages for failure to pay maintenance and cure and for

punitive damages. Direct lawsuits against insurers (such as QBE Insurance (Europe) Limited are authorized by LA Rev. Stat. 22:1269.

Following the incident, Defendants REC Marine Logistics LLC ("REC Marine"), GOL LLC ("GOL"), Gulf Offshore Logistics LLC ("Gulf Offshore"), Offshore Transport Services LLC ("Offshore Transport"), and/or QBE Insurance (Europe) Limited failed to provide Plaintiff with the medical treatment he needed to recover from the injuries sustained aboard the *M/V Dustin Danos*. These Defendants continue to refuse to provide Plaintiff medical treatment.

On information and belief, following the Incident, REC Marine, GOL, Gulf Offshore, Offshore Transport, and/or QBE Insurance (Europe) Limited began coordinating Plaintiff's treatment with an insurance adjuster and/or investigator named Drew Aucoin. REC Marine, GOL, Gulf Offshore, and/or Offshore Transport willfully and wantonly terminated Plaintiff's maintenance and cure benefits.

Plaintiff alleges that Defendants (including current parties and any later-added defendants) are negligent and grossly negligent and liable under applicable statutory and common law for the following reasons:

- Failure to pay maintenance and cure and withholding maintenance and cure intentionally and wantonly and in such a manner as to give rise to punitive damages;
- Failure to observe the lift and properly focus on the work at hand;
- Failure to conduct a safe operation considering all the circumstances;
- Failure to use the proper tools and equipment and personnel for a safe operation;
- Failure to safely and properly plan the job;
- Failure to focus on the task at hand;
- Failure to provide proper tools and equipment;
- Failure to properly supervise their crew;
- Failure to properly train their employees;
- Failure to provide adequate safety equipment;
- Failure to watch/man the controls of the vessel;
- Operating the vessel with an inadequate crew;
- Failure to provide a safe work environment;
- Failure to protect crew members from unnecessary risks;
- Failure to maintain a proper lookout;
- Failure to make adequate repairs;
- Failure to provide a seaworthy vessel and crew;
- Vicariously liable for their employees' negligence;
- Failure to ensure the vessel was adequately maintained;
- Violating applicable Coast Guard, OSHA, and/or MMS rules; and,
- Other acts deemed negligent and grossly negligent.

Plaintiff initially brought suit in the Parish of East Baton Rouge. Plaintiff has propounded discovery to REC Marine, GOL, Gulf Offshore, and Offshore Transport. The discovery was not answered properly, Plaintiff filed a motion to compel, and the state court judge compelled

the discovery. The defendants and their counsel have been ordered to respond to discovery, but have been ignoring a court order for months.

As a result, Plaintiff reserves the right to bring additional claims against these defendants for sanctions and spoliation.

Further, as a result of lack of discovery, Plaintiff is still in the early stages of investigating potential other parties and claims, and reserves the right to add additional parties and claims supported by discovery. Plaintiff has not yet been able to conduct discovery to determine whether other third-parties involved in the operations committed liable acts and omissions.

2.  Defendants' claims:

    Defendants, REC Marine Logistics, LLC, and Offshore Transport Services, LLC, and QBE Insurance are the only potentially viable defendants as any other Defendants listed or sued by Plaintiff are improper parties and dismissal will be sought in due course.

    The plaintiff in this matter was a Jones Act employee (deckhand) working on the M/V Dustin Danos, an offshore tug, which was bareboat chartered to another company not listed as a party. This defendant denies that it has any responsibility to Plaintiff as it had no relationship to plaintiff or the vessel during the charter, as the charterer was solely responsible for operational and navigational matters involving the chartered vessel.

    In early evening of 4/25/2018, the vessel was transiting enroute to a destination directed by its charterer. Plaintiff came to the Captain Josh Winhaver and reported that while he was straightening gear inside the main cabin, that he had bumped into a fire extinguisher mounted on the wall, as required by Coast Guard regs. He claimed to have hurt his left shoulder but declined an offer to seek medical attention. He did not miss any work and continued his normal activity.

    After working several additional weeks without any complaint or apparent physical problems, Plaintiff again complained to Capt. Winhavur that his left shoulder was painful. Again there was no indication that any specific accident or injury had occurred and none was witnessed. This time he was directed to Dr. Casey in Houma, La. where he was provided with medical care that included conservative care and physical therapy, and eventually he had left shoulder surgery.

    Defendants deny that Plaintiff suffered any actual injury, and the evidence will show he suffered pre-existing medical problems with his left shoulder. Griffin was paid maintenance and cure in addition to his medical care. He was found to have reached maximum medical improvement and was able to resume his normal seaman duties by March 29, 2019, but immediately filed suit against his employer, and did not return to work.

    Plaintiff attempted to file litigation in East Baton Rouge Parish, but there was no venue or jurisdiction there, and after a lengthy period of various attempts by Plaintiff to have exceptions overruled, the case was removed to federal court by a newly added foreign

insurance company.

QBE Insurance is a foreign insurance company that provided insurance coverage to REC Marine, Gulf Offshore, and Offshore Transport during the period of Plaintiff's alleged injury. QBE Insurance was added as a defendant via a claim under the Louisiana Direct Action Statute (LDAS) included in Plaintiff's First Supplemental and Amended Petition for Damages filed November 4, 2019. As a plaintiff suing under the LDAS, Plaintiff is bound by all terms and conditions of the policy of insurance on which his claims rely, including but not limited to the arbitration provision contained therein. QBE Insurance has reserved all rights and defenses available to it under its policy and governing law.

**C.    PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

The following motions were pending in the 19th Judicial District Court when QBE removed this case to the United States District Court for the Middle District of Louisiana:

(a)   Plaintiff's Motion for Contempt and for Sanctions Resulting from Defendant REC Marine Logistics, LLC's Refusal to Follow the Court's Order Compelling Discovery;
(b)   Defendants' Motion to Review, Reverse, Reconsider, and Correct Proceedings and All Rulings Rendered Prior to 1st November 2019 Due to Multiple Errors in the Case Record Caused Internally by Court's Own Efforts to Update its Internal Database;
(c)   Plaintiff's Motion in Response to Defendants' Ex Parte Motion for a Continuance [this has been mooted].

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in

dispute:

The parties assert that the following are legal issues involved in this matter, all of which are in

dispute:

1. Whether Defendants failed to pay maintenance and cure or withheld maintenance and cure intentionally and wantonly and in such a manner as to give rise to punitive damages;
2. Whether Defendants failed to observe the lift and properly focus on the work at hand;
3. Whether Defendants were negligent or violated and standards of care or duties;
4. Whether Defendants were grossly negligent;
5. Whether the negligence of Defendants proximately caused Plaintiff's injuries;
6. Whether the Defendants failed to conduct a safe operation considering all the circumstances;
7. Whether the Defendants failed to use the proper tools and equipment and personnel for a safe operation;

8. Whether the Defendants failed to safely and properly plan the job;
9. Whether the Defendants failed to focus on the task at hand;
10. Whether the Defendants failed to provide proper tools and equipment;
11. Whether the Defendants failed to properly supervise their crew;
12. Whether the Defendants failed to properly train their employees;
13. Whether the Defendants failed to provide adequate safety equipment;
14. Whether the Defendants failed to watch/man the controls of the vessel;
15. Whether the Defendants operated the vessel with an inadequate crew;
16. Whether the Defendants failed to provide a safe work environment;
17. Whether the Defendants failed to protect crew members from unnecessary risks;
18. Whether the Defendants failed to maintain a proper lookout;
19. Whether the Defendants failed to make adequate repairs;
20. Whether the Defendants failed to provide a seaworthy vessel and crew;
21. Whether the Defendants are vicariously liable for their employees' negligence;
22. Whether the Defendants failed to ensure the vessel was adequately maintained;
23. Whether the Defendants violated applicable Coast Guard, OSHA, and/or MMS rules;
24. Whether Plaintiff's actions or conduct bar or alternatively reduce his right of recovery;
25. Whether Plaintiff failed to make reasonable efforts to mitigate his damages, if any;
26. The nature, scope, and extent of the damages sustained by Plaintiff, if any;
27. Whether Plaintiff can prove all of the required elements of his tort claims;
28. Whether Defendants owed any responsibility or duty to Plaintiff;
29. The extent to which any other entity or person, whether or not a party, caused or contributed to Plaintiff's alleged accident or injuries, and whether that entity or person's fault should be quantified by the jury;
30. Whether Plaintiff was contributorily negligent and/or comparatively at fault;
31. Whether Plaintiff is entitled to any damages against Defendants; and,
32. Whether coverage for the particular claims asserted by Plaintiff exists under QBE Insurance's policy of insurance;
33. Whether Plaintiff is entitled to a direct action against QBE Insurance under the Louisiana Direct Action Statute;
34. Whether Plaintiff's claims are subject to mandatory arbitration in London.
35. All factual questions implicit in or raised by the disputed issues or law.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages

or the offset:

1.    Plaintiff's calculation of damages:

Plaintiff seeks recovery of all compensatory damages, actual damages, consequential damages, past and future medical expenses, lost wages in the past and future, impaired earning capacity in the past and future, pain and suffering in the past and future, mental anguish in the past and future, impairment in the past and future, disfigurement in the past and future, loss of household services in the past and future, loss of consortium in the past and future, interest on damages (pre- and post- judgment), Court costs, expert witness fees, deposition costs, attorneys' fees (where provided by agreement, law, statute, and/or agreement),  exemplary damages,

and all other damages available under the applicable law.

Plaintiff intends to rely on expert testimony to calculate his future losses in income, earning capacity, and the reasonable cost of the medical care his injuries will require in the future. Plaintiff continues to treat and is not working, and it is premature to provide a calculation of damages. Plaintiff was making $140 per day at the time of the incident. His pay was expected to rise. He has not worked since the incident, and as of now cannot return to work. Depending on when trial occurs, Plaintiff estimates that the sum of his past-medical expenses and lost wages will exceed $500,000.00. Plaintiff will ask the jury to apportion the amounts of this non-economic damages, which Plaintiff estimates will be in excess of $10 million.

2.      Defendant's calculation of offset and/or plaintiff's damages:

   Defendants do not have sufficient information at this time to calculate Plaintiff's damages, if any, or any offset to Plaintiff's damages.

3.      Counterclaimant/cross claimant/third party's calculation of damages:

**F.     SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

   Plaintiff: No issues as to service of process, personal jurisdiction, or venue if this Court had subject matter jurisdiction, although Plaintiff disputes that this Court has subject matter jurisdiction.

   Defendants REC Marine, GOL, Gulf Offshore, and/or Offshore Transport:

   Defendant QBE Insurance (Europe) Limited: Regarding venue, QBE Insurance's policy of insurance contains a clause requiring that any and all dispute be resolved by mandatory arbitration in London, which clause is enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq*. QBE Insurance reserves its right to compel arbitration.

**G.     DISCOVERY**

1.      Initial Disclosures:

A.      Have the initial disclosures required under FRCP 26(a)(1) been completed?

   [ ] YES      [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.     Do any parties object to initial disclosures?

[ ] YES     [X] NO

For any party who answered *yes*, please explain your reasons for objecting.

2.     Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): Plaintiff has submitted Requests for Production, Interrogatories, and Requests for Admission to Defendants REC Marine, GOL, Gulf Offshore, and Offshore Transport. No documents have been produced, no interrogatories have been answered, and these defendants have "declined" to individually respond to requests for admission. These defendants continue to argue that they do not need to respond to any discovery despite the objection being overruled and being ordered to respond to discovery by the state court judge before removal occurred.

Defendant REC Marine, GOL, Gulf Offshore, and/or Offshore Transport:

*This claim is simply an untrue statement by Plaintiff. Any discovery that was attempted by Plaintiff was not served and was prevented under the Louisiana Rules pertaining to pending Exceptions to Venue and Jurisdiction.*

Defendant QBE Insurance (Europe) Limited: QBE Insurance has neither served, nor been served with, discovery requests in this matter.

3.     Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

Plaintiff:  None.

Defendant REC Marine, GOL, Gulf Offshore, and/or Offshore Transport:

Defendant QBE Insurance (Europe) Limited: None at this time.

4.     Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): Plaintiff intends to offer expert testimony on all aspects of liability (if necessary), past-and-future economic losses, and past-and-future medical treatments, injuries, diagnoses, causations (and all associated medical issues) and medical expenses.

By defendant(s):

Plaintiff has no damages.  He was paid in full for M&C, and demonstrated no actionable Jones Act or General Maritime claims of any kind. To the extent necessary, however, Defendants intend to offer expert testimony on issues of liability (marine safety) and causation; medical causation and the extent of Plaintiff's injuries, if any; and economic causation and quantum of any damages.

**H.     PROPOSED SCHEDULING ORDER[1]**

1.     If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: April 9, 2020.

2.     Recommended deadlines to join other parties or to amend the pleadings:[2]

July 26, 2020.

3.     Filing all discovery motions and completing all discovery except experts:

December 16, 2020.

4.     Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiff(s): September 16, 2020.

Defendant(s): October 16, 2020.

5.     Exchange of expert reports:

Plaintiff(s): October 16, 2020.

Defendant(s): November 16, 2020.

6.     Completion of discovery from experts: December 16, 2020.

7.     Filing dispositive motions and Daubert motions: February 1, 2021.

---

[1] The parties have agreed on the above dates with the understanding that the COVID-19 pandemic may necessitate any party to seek leave of Court to extend deadlines as appropriate.

[2] Any proposed amended pleading shall be comprehensive and include all relevant allegations as revised, supplemented or amended such that it will become the operative pleading without reference to any other document in the record. Any amendment sought under Fed.R.Civ.P. 15(a)(2) requires leave of court whether or not the opposing party consents even if filed before this deadline, however the movant shall advise whether the opposing party consents. See LR 7(e).

8.      All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[3]  The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   e. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

   f. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

   g. Trial date (approximately 27-29 weeks after dispositive motion deadline).

**I.     TRIAL**

1.      Has a demand for trial by jury been made?

        [X]  YES      [ ] NO

2.      Estimate the number of days that trial will require.

        Plaintiff estimates that it will take 5-7 days to effectively try this case.  The materials and testimony obtained through discovery may require an upward or downward adjustment of this estimate.

**J.     OTHER MATTERS**

---

[3] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under paragraph numbers 7 or 8 must be by motion directed to the presiding judge.

Are there any specific problems the parties wish to address at the scheduling conference?

     [X]  YES     [ ] NO

i.     If the answer is *yes*, please explain:

     Plaintiff served requests for production and interrogatories on REC Marine in August 2019. No responses have been made despite a Court order ordering REC Marine to respond.

     Plaintiff served requests for production and interrogatories on GOL, Gulf Offshore, and Offshore Transport in January 2020. No response to this discovery has been made.

     Plaintiff served requests for admission on Defendants REC Marine, GOL, Gulf Offshore, and Offshore Transport. Defendants declined to respond to the requests for admissions individually and filed a general objection to the requests.

     This case was originally filed in the Parish of East Baton Rouge and was assigned to Judge Trudy White. Defendants REC Marine, GOL, Gulf Offshore, and Offshore Transport contend that this case could not initially be brought in the Parish of East Baton Rouge (QBE admits that venue in East Baton Rouge is proper). To that end, REC Marine filed a motion to dismiss and raised an exception to venue. Judge White heard REC Marine's motion, Plaintiff's response, arguments made by counsel, and denied REC Marine's motion orally on September 23, 2019.

     That same day, Judge White orally ordered REC Marine to respond to Plaintiff's initial discovery to REC Marine. At the September 23, 2019 hearing, Mr. Salley told Judge White that he could respond to discovery within 15 or 30 days. Judge White provided REC Marine an *additional* 30 days to respond to discovery. Judge White's order was reduced to writing on October 13, 2019 and mailed to the parties.

     Plaintiff emailed a copy of the Order to Mr. Salley on October 25, 2019 (the Order was emailed, faxed, and mailed to Mr. Salley on other occasions as part of subsequent state court filings). As noted above, REC Marine still has not responded to this discovery and has not complied with Judge White's order.

     Plaintiff would like to discuss how to address these discovery issues.

     In response to the above, the non-insurer Defendants aver that Plaintiff can legally commence discovery in this venue. State law does not permit discovery during the pendency of pending Exceptions directed to Venue and Jurisdiction.

**ii.**     If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU**

**HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ ] YES    [X] NO

**K.    SETTLEMENT**

1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

None.

2.    Do the parties wish to have a settlement conference:

[X] YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

After the exchange of expert reports.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court: [ ] YES    [X] NO

Report Dated: April 2, 2020.                */s/Daniel E. Sheppard*
                                            Attorney for Plaintiff McArthur Griffin