**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MCARTHUR GRIFFIN** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-92-BAJ-EWD** |
| **REC MARINE LOGISTICS, LLC, ET AL.** | |

## TELEPHONE SCHEDULING CONFERENCE REPORT AND ORDER

A telephone conference was held before Magistrate Judge Erin Wilder-Doomes on April 16, 2020, with the following participants:

**PRESENT:**  **Daniel Sheppard**  **Fred E. Salley**
**John Sheppard**  Counsel for Defendant,
Counsel for Plaintiff,  REC Marine Logistics, LLC
McArthur Griffin

**Alan R. Davis**
Counsel for Defendant,
QBE Insurance (Europe) Limited

Several issues raised in the parties' Joint Status Report[1] were addressed. Regarding motions that were pending in the state court at the time of removal, the Court practice requires that those motions be re-filed if they are to be considered by this Court. The parties will need to consider whether it is more efficient to re-file those motions for this Court's consideration or to begin the discovery process over in this Court.

The issue of a possible motion to remand by Plaintiff was also discussed. Defendant QBE Insurance (Europe) Limited ("QBE") contends that jurisdiction is proper.[2] Plaintiff believes that there may be grounds for remand but does not currently have the necessary information to make that determination. The Court advised the parties that the issue of subject matter jurisdiction is of primary concern and must be resolved before the case can proceed. The parties agreed to discuss

---

[1] R. Doc. 7.
[2] QBE also noted its position that a remand on a basis other than subject matter jurisdiction would be untimely.

CV32aT0:40

their issues regarding subject matter jurisdiction, including exchange of information that may have a bearing on the issue of subject matter jurisdiction, if agreed.  A follow-up telephone conference will be scheduled for May 14, 2020 at 2:30 p.m.  The parties shall be prepared to discuss jurisdiction and the filing date for a motion to remand, if necessary.

Plaintiff raised the issue that all defendants have not answered.  Defense counsel advised that these defendants have objections to service and/or jurisdiction that were raised in the state court.  The parties should also discuss these issues and seek appropriate relief, as necessary.

QBE raised the issue that American Steamship Owners Mutual Protection and Indemnity Association ("American") is no longer a party to the suit.  The dismissal of American in the state court action appears to have been on the same date as the removal was filed.  The Court suggested that the parties seek dismissal of American in this Court if they are in agreement.

The parties raised various other issues regarding discovery and initial disclosures.  No party indicated an objection to initial disclosures in the Joint Status Report and the Federal Rules of Civil Procedure provide a deadline by which disclosures must be provided.[3]  The parties were advised that pretrial deadlines will not be set until subject matter jurisdiction is resolved.  The parties were reminded of their conferral obligations under the Federal Rules of Civil Procedure to attempt to work out discovery disputes prior to seeking Court intervention.

**IT IS ORDERED** that a telephone conference is set for **May 14, 2020 at 2:30 p.m.** before the undersigned.  Counsel participating in the telephone conference shall call 877-336-1839 using access code 9565780 five minutes prior to conference.

Signed in Baton Rouge, Louisiana, on April 16, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The parties also agreed to April 9, 2020 as the deadline for service of disclosures.  R. Doc. 7, p. 8.