## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN | § |
| | § |
| Plaintiff | § |
| | § CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § |
| *Versus* | § |
| | § |
| REC MARINE LOGISTICS LLC, ET AL. | § **TRIAL BY JURY DEMANDED** |
| | § |
| Defendants | § |

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO ENFORCE, COMPEL DISCOVERY, AND SANCTIONS FOR VIOLATING COURT ORDERS**

---

### I.      SUMMARY OF RELIEF SOUGHT

Plaintiff McArthur Griffin ("Plaintiff") files this Memorandum in Support of His Motion to Enforce and Compel Discovery and for Sanctions for Violating Court Orders.  Plaintiff seeks the following:

1.  Against and/or from Defendant Rec Marine Logistics LLC ("Rec Marine"):

    a.  Sanctions including the striking of pleadings and the establishment of negligence liability against Rec Marine for violating the written order of Judge Trudy White issued on October 13, 2019 ordering Rec Marine to respond to Plaintiff's requests for production and interrogatories served August 9, 2019 by October 23, 2019;[1]

    b.  Enforcement of the aforementioned prior outstanding order;

---

[1] To date, more than six months later and a year into this lawsuit, Rec Marine has produced nothing and has not answered a single interrogatory.

1

    c.   Order compelling complete Rule 26 disclosures; and

    d.   Order requiring payment of attorneys' fees.

2.  Against and/or from Defendant Gulf Offshore Logistics LLC ("Gulf Offshore"):

    a.   Order compelling Gulf Offshore to provide disclosures mandated by Rule 26, which Gulf Offshore has wholly failed to provide;

    b.   Order compelling Gulf Offshore to respond to requests for production and interrogatories sent January 9, 2020, which were not objected or responded to within 30 days (a period that expired before removal on February 17, 2020); and

    c.   Order requiring payment of attorneys' fees.

3.  Against and/or from Defendant GOL LLC ("GOL"):

    a.   Order compelling GOL to provide disclosures mandated by Rule 26, which GOL has wholly refused to provide;

    b.   Order compelling GOL to respond to requests for production and interrogatories sent January 9, 2020, which were not objected or responded to within 30 days (a period that expired before removal on February 17, 2020); and

    c.   Order requiring payment of attorneys' fees.

4.  Against and/or from Defendant Offshore Transport Services LLC ("OTS"):

    a.   Order compelling OTS to respond to requests for production and interrogatories sent January 9, 2020, which were not objected or responded to within 30 days (a period that expired before removal on February 17, 2020);

    b.   Order compelling complete Rule 26 disclosures; and

      c.   Order requiring payment of attorneys' fees.

## II. CRITICAL PROCEDURAL FACTS AND FACTS WARRANTING APPROPRIATELY SEVERE SANCTIONS

Over a year ago on April 23, 2019, Plaintiff filed this lawsuit against Rec Marine, Gulf Offshore, GOL, and foreign insurance provider American Steamship in the 19th Judicial District Court of East Baton Rouge Parish asserting Jones Act claims and related claims as a result of serious injuries he sustained aboard the *M/V Dustin Danos* in navigable waters in Louisiana, injuries for which he has undergone shoulder surgery, for which he is still undergoing treatment, which prevent him from working, and for which he is improperly being denied maintenance and cure. *See* Exhibit 1 (petition paras. V, VII, and VIII). The lawsuit was subsequently amended to add OTS and additional foreign insurance provider QBE Insurance (Europe) Limited ("QBE Insurance") as additional defendants.

Louisiana Code of Civil Procedure art. 42(7) provides that lawsuits "shall" be brought against foreign insurers in East Baton Rouge Parish. LA. CODE. CIV. P. ART. 42(7). Defendants American Steamship and QBE Insurance are foreign insurers, and no party has ever argued otherwise. This motion is not against American Steamship or QBE Insurance. This motion is against Defendants Rec Marine, Gulf Offshore, GOL, and OTS, each of which are represented by counsel Mr. Fred Salley.

On May 23, 2019, Rec Marine requested and was granted an extension by the state court file initial responsive pleadings. Exhibit 2 (request for extension); Exhibit 3 (order granting extension).

On May 28, 2019, Rec Marine filed special exceptions and a motion to dismiss arguing lack of venue. Exhibit 4 (motion). In its motion, Rec Marine claimed that Plaintiff "never once identifies or lists <u>any</u> vessel…." Exhibit 4 (motion)(emphasis in original). In reality, Plaintiff's

original petition stated in the first paragraph of the fact section that he "was aboard the *M/V Dustin Danos* vessel…." Exhibit 1 pg. 2. Rec Marine's baseless claim of ignorance as to the vessel involved was a harbinger of things to come.

On June 6, 2019, Judge White set Rec Marine's special exceptions and motion to dismiss for hearing to occur on September 23, 2019. Exhibit 5 (order).

On August 9, 2019, Plaintiff served requests for production and interrogatories on Rec Marine. Exhibit 6 (requests). The requests seek information such as facts regarding the incident (interrogatory 3), factors that Rec Marine contends caused or contributed to the incident (interrogatory 3), owners of the vessel (interrogatory 1), operators of the vessel (interrogatory 1), identify of employers of those present (interrogatory 9), payments of maintenance and cure (interrogatory 12), documents regarding the incident (RFP 1), policies and procedures for loading (RFP 3), photographs (RFP 7), statements by parties (RFP 6), documents regarding the Plaintiff (RFP 2), and other clearly relevant discovery. *See generally* Exhibit 6 (requests).

Two days later on August 11, 2019, Rec Marine issued a global one paragraph "response" to Plaintiff's first requests for production and interrogatories—without identifying or responding to the requests specifically—and argued that "Plaintiff is prevented from proceeding with his claims" due to lack of venue and jurisdiction. Exhibit 7 (global response). The "response" was unsigned by counsel, in violation of the rules. *See id.*

On August 12, 2019, counsel for Plaintiff sent a letter to counsel for Rec Marine to arrange the pre-motion conference to discuss Rec Marine's discovery objections, as required by Rule 10.1 of Title II of the Rules for Louisiana District Courts. Exhibit 8 (D. Sheppard letter to F. Salley).

On August 12, 2019 and in response to the letter, counsel for Rec Marine threatened counsel for Plaintiff with an "immediate motion for sanctions against you personally" if you

"persist in moving forward trying to force discovery…."[2]   Exhibit 9 (F. Salley email to D. Sheppard).

On August 23, 2019, Judge White entered a Preliminary Default against Gulf Offshore and GOL due to their failure to file answers or other responsive pleadings.  Exhibit 10 (order)

On August 29, 2019, Gulf Offshore and GOL filed exceptions and a motion to dismiss arguing lack of venue.  Exhibit 11 (motion).  In the motion, Gulf Offshore and GOL stated they "do not actually exist in this state" and that they are "non-existent parties."  Motion pg. 1.  This was a falsehood.  In reality, Gulf Offshore and GOL are both "active" companies registered to do business in Louisiana with an address at 4535 Highway 308, Raceland, Louisiana 70394 (which is the same address as Rec Marine).  *See* Exhibit 12 (Louisiana secretary of state website record for Gulf Offshore); Exhibit 13 (Louisiana secretary of state website record for GOL); Exhibit 14 (Louisiana secretary of state website record for Rec Marine).  Judge White also set the special exceptions and motion to dismiss of Gulf Offshore and GOL for a hearing to occur on September 23, 2019.  Exhibit 41 (order).

On September 13, 2019, Plaintiff filed a motion to compel responses to his requests for production and interrogatories served upon Rec Marine.  Exhibit 16 (motion to compel); Exhibit 17 (memorandum in support with exhibits).  On September 15, 2019, Judge White also set Plaintiff's motion to compel for hearing to occur on September 23, 2019.  Exhibit 18 (order).

---

[2] Mr. Salley has previously been found in violation of Louisiana's Rules of Professional Conduct, which in another proceeding was characterized as making unwarranted retaliatory threats against opposing counsel (and a judge).  *See In re Fred Salley*, 931 So.2d 1089 (La. 2006); *see also* Exhibit 15 (*In Re: Felix Anthony DeJean, IV* at 17)(disciplinary proceeding against different lawyer discussing facts of the reprimand of Mr. Salley).

On September 11, 2019, Plaintiff filed a response with exhibits and supporting legal authority in response to the motions to dismiss and special exceptions of Rec Marine, Gulf Offshore, and GOL. Exhibit 19 (response with exhibits). Plaintiff's response noted that, *inter alia*, venue was not only proper, it was mandatory in East Baton Rouge Parish because that is where actions against foreign insurers "shall" be brought. *See* Louisiana Code of Civil Procedure art. 42(7). Further, Plaintiff provided evidence demonstrating that Gulf Offshore and GOL do exist (contrary to their arguments) and that information found in the public domain suggested they were involved as owners and operators of the *M/V Dustin Danos*.[3] *See* Exhibit 19 pg. 3-4 and n.6.

On September 23, 2019, Judge White conducted an oral hearing on the aforementioned motions set for hearing. Exhibit 20 (hearing transcript). Counsel for Plaintiff (Messers. Daniel Sheppard and Brilliant Clayton) and counsel for Rec Marine, Gulf Offshore, and GOL (Mr. Fred Salley) were present and participated. Exhibit 20 (hearing transcript). After argument of counsel, Judge White denied the venue motions. Exhibit 20 pg. 11 ("exceptions of improper venue is – is denied). As to Plaintiff's discovery motion, Judge White asked counsel for Rec Marine: "How much time do you need to complete the discovery?" Exhibit 20 pg. 13 (hearing transcript). Counsel responded, "I haven't even looked at them. I don't even know if it's directed to a client a represent. But I am sure the fifteen to thirty days is adequate."[4] Exhibit 20 pg. 13 (hearing transcript).

---

[3] Rec Marine never denied its existence or that it was a proper party.
[4] Mr. Salley's statement that he had not looked at the requests and did not know if they were directed to a party he represented was false in at least one respect: Mr. Salley knew they were directed to Rec Marine as he had issued a global objection in response to the requests on behalf of Rec Marine. Exhibit 7.

On October 13, 2019, Judge White signed an order (a) denying the special exceptions and motion to dismiss of Rec Marine, Gulf Offshore, and GOL, and (b) granting Plaintiff's motion to compel and ordering Rec Marine to "respond to all Plaintiff's First Interrogatories and Requests for Production of Documents no later than October 23, 2019." Exhibit 21 (order).

Rec Marine did not comply with Judge White's signed order, and it also did not appeal or otherwise object to the signed order before October 23, 2019. Instead, Rec Marine simply ignored and violated the order—and continues to do so in contempt of court.

On October 24, 2019, Plaintiff sent counsel for Rec Marine a letter regarding its failure to comply with Judge White's order, and stated another motion would be filed if no response was received by October 31, 2020. Exhibit 22 (D. Sheppard October 24, 2019 email to Fred Salley).

On October 25, 2019, counsel for Plaintiff called counsel for Rec Marine to address the outstanding order and to follow up on his October 24, 2019 letter. Counsel for Rec Marine stated they were under no obligation to respond to discovery, stated they would not be responding to the discovery ordered by the Court, and hung up the phone. *See* Exhibit 23 pg. 1 (motion for contempt).

On November 4, 2019, Plaintiff filed a motion for contempt and sanctions against Rec Marine. Exhibit 23 (motion for contempt); Exhibit 24 (memorandum in support).

On November 5, 2019, Judge White set the motion for contempt against Rec Marine for hearing to occur on December 2, 2019. Exhibit 25 (order).

On November 20, 2019, counsel for Rec Marine asked for a continuance of 30 days of all currently scheduled litigation matters for medical reasons. Exhibit 26 (motion).

That same day on November 20, 2019, Judge White reassigned and continued Plaintiff's motion for contempt for more than 60 days until January 27, 2020. Exhibit 27 (order).

On December 30, 2019, counsel for Rec Marine participated in person in a deposition in another lawsuit pending against Rec Marine against an injured worker (Dequincy Richard) at the office of Rec Marine in Louisiana. Exhibit 28 (deposition transcript cover). This other matter is pertinent to the discovery abuses occurring here, and will be discussed more below.

On January 9, 2020, Plaintiff sent requests for production and interrogatories to Gulf Offshore, GOL, and OTS. *See* Exhibit 29. These requests have not been answered or objected to, and any such objections have been waived.

On January 22, 2020, counsel for Rec Marine requested another continuance of Plaintiff's contempt hearing scheduled for January 27, 2020 for medical reasons. Exhibit 30 (motion).

On January 23, 2020, Judge White continued the contempt motion hearing until March 2, 2020. Exhibit 31 (order).

On January 30, 2020, counsel for Rec Marine participated in a settlement conference in Rec Marines separate lawsuit against injured worker Dequincy Richard (also to be discussed more below).[5] Exhibit 32.

On February 17, 2020, this case was removed to this Court before the hearing on Plaintiff's motion for contempt and sanctions could be heard on March 2, 2020.

## III. ADDITIONAL FACTS REGARDING PROPER NOTICE TO REC MARINE

On January 29, 2020, Rec Marine filed a purported "opposition" to Plaintiff's discovery motion, a motion that Judge White had already heard and granted on October 13, 2019. Rec Marine's "opposition" makes a number of baseless claims and allegations, including improper service of the underlying discovery requests (an argument not mentioned before or at the hearing),

---

[5] That other matter is styled *Rec Marine v. Dequincy Richard*, 19-cv-11149-LMA-DMD, pending in the Eastern District of Louisiana.

improper service of the motion to compel (an argument not mentioned before or at the hearing), improper notice of the hearing (an argument not mentioned before or at the hearing), lack of venue (an argument already rejected after being heard), and lack of notice of the order (which is not true, as will be shown).

This Court must be made aware that falsely claiming "lack of notice" is a signature pillar in Mr. Salley's and Rec Marine's scheme to undermine the adjudication of justice—in both this and in other ongoing matters. On March 9, 2020, in a separate lawsuit between Rec Marine (represented by Mr. Salley) and Mr. Dequincy Richard (a different person also injured aboard the *M/V Dustin Danos*) (hereafter referred to as the "*Richard*" matter)*,* Judge Dana Douglas recently ordered, *inter alia*, that liability admissions served on Rec Marine were deemed admitted, that Rec Marine's discovery objections were deemed waived, and that certain documents needed to be produced by Rec Marine to the court within four days on March 13, 2020. Exhibit 33 (order); *see also* Exhibit 46 (outlining the liability facts that have been deemed established against Rec Marine, including negligence, proximate cause, and damages).

On March 12, 2020, in an attempt to undo this order in *Richard*, Mr. Salley represented to the court that he had not been properly served with the discovery by counsel for Mr. Richard, and Mr. Salley stated any attempted service had been "invalid under existing rules" and "of no effect" and in violation of "due process protections." Exhibit 34 (Rec Marine memorandum of law to reverse and correct prior ruling).

In response, Mr. Richard filed evidence demonstrating that it had in fact served the discovery (a) via email on October 3, 2019 by opposing counsel's paralegal;[6] (b) via email on

---

[6] *See* Exhibit 35.

October 3, 2019 by opposing counsel (after Mr. Salley responded to the original and falsely stated service by a paralegal is ineffective)[7]; and (c) via hand delivery on October 4, 2019 by a process server who submitted an affidavit stating he had attempted service on Mr. Salley personally, that Mr. Salley refused to accept delivery, and that the discovery was left on the premises with Mr. Salley.[8]  In addition to admissions being deemed against Rec Marine, Mr. Salley has been ordered to pay monetary sanctions in *Richard* for other discovery abuses, which he has apparently not complied with.  Exhibit 38 (notice of non-payment of ordered attorneys' fees); Exhibit 39 (order of sanctions).

Similarly, baseless claims of lack of notice—invented after the Court has ruled—are being made here.  In Rec Marine's January 29, 2020 "opposition" to Judge White's order that has already issued, counsel for Rec Marine claims he "did not get any notices of motions, services, hearings or communications from June 2019 thru December 2019[,]," and then Rec Marine attacks Plaintiff and claims that "Plaintiff **knew** and **took advantage** of the situation and actions…."  Exhibit 40 pg. 3 (emphasis in original).  Rec Marine's claim of lack of notice during a seven-month period is demonstrably false, as is its baseless attack on Plaintiff.

As to notice of the discovery requests in August, counsel for Rec Marine did get service of the underlying requests, evidenced by his global and non-specific written objection issued the next day in response via email.  Exhibit 7 (global objection); Exhibit 6 (requests).  Rec Marine's global and non-specific objection to the requests on venue grounds constitutes a waiver of any other objections.

---

[7] *See* Exhibit 36.
[8] *See* Exhibit 37 (hand delivery cover letter and affidavit).

As to notice of the hearing on the motion to compel, the court issued a written order setting the hearing. Exhibit 18 (Judge White order dated September 15, 2019). Mr. Salley does not deny that he got notice of his own venue motions being set by the court for September 23, 2019 on behalf of Rec Marine, Gulf Offshore, and GOL on June 6, 2019 and August 30, 2019, respectively. Exhibit 5 (order setting venue motion of Rec Marine); Exhibit 41 (order setting venue motion of Gulf Offshore and GOL). If Mr. Salley received notice of his own motions being set by the court, logically he received other notices from the court. With all due respect, Mr. Salley's conduct in *Richard* demonstrates that his denials of service and notice mean quite the opposite. There is simply no credibility to the argument that Mr. Salley did not get notice of the hearing being set from the court. Moreover, counsel for Rec Marine was at the hearing and participated, and made no mention of lack of notice. Exhibit 20 (transcript). Moreover, counsel for Plaintiff called Mr. Salley on September 19, 2019 and informed him the motion to compel would be heard on September 23, 2019. *See* Exhibit 42 (email "to recap our conversation from earlier today) ("I called you earlier to alert you to this and avoid any surprise…."). Moreover, on September 19, 2020, counsel for Plaintiff emailed Mr. Salley and expressly told him that Plaintiff's motion to compel would be heard on September 23, 2019. Exhibit 42 (email). Moreover, out of an abundance of caution, at that time counsel for Plaintiff re-served the motion to compel on Mr. Salley via email, which had been served via mail. Exhibit 42 (email).

As to notice of the order Rec Marine has violated, the court issued a written order in October 2019 (consistent with Mr. Salley's representation at the hearing he could respond to the requests in 30 days). Exhibit 21 (order). First, again, there is no credible reason to believe Mr. Salley did not get the order (or that he was not listening at the hearing). Second, if by October 2019, Mr. Salley had not been receiving any notices from the court for months (as he claims), it

was incumbent on him to figure out why, fix the problem (real or imagined), monitor for rulings, and comply with his representations to the court. Third, the order was emailed to Mr. Salley by counsel for Plaintiff on October 25, 2019. Exhibit 43 (D. Sheppard email). In a call with counsel for Plaintiff that day, Mr. Salley stated he was not going to comply with any discovery ordered by Judge White. Exhibit 43 (D. Sheppard email memorializing call). Fourth, on November 4, 2019, the order was again sent to Mr. Salley as an exhibit to Plaintiff's motion for contempt. Exhibit 24 (motion attaching order). Fifth, it has been discussed several times since then in court filings—and Rec Marine continues to not comply.

At best, Rec Marine has knowingly violated a standing court order since October 25, 2019—which constitutes over six months of contempt and obstruction to the detriment of a seriously injured worker. The issue here is not lack of notice—it is abject lack of respect for the courts, the rules, and for the administration of justice for persons injured on Rec Marine vessels. As a result of obstruction by Rec Marine (and Gulf Offshore, GOL, and OTS), this case is no further along than it was over a year ago when it was filed. That is the defendants' plan. Plaintiff needs Court intervention.

## IV.    ADDITIONAL ARGUMENT AND AUTHORITY

### A.    General Discovery Principles

"The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials." *Clemons v. Hartford Ins. Co. of Midwest*, No. 07-8917, 2009 WL 1605154, at *2 (E.D. La. June 5, 2009). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case .... Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Ultimately, "a

district court has broad discretion in all discovery matters." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013).

B.    <u>Venue Has Always Been Proper</u>

Defendants American Steamship and QBE Insurance are foreign insurers, and no one has ever argued otherwise.[9]  As recognized by this Court (and Louisiana state courts): "The 19th Judicial District Court, Parish of East Baton Rouge, is the appropriate venue for this suit because La. R.S. 22:655 provides that an injured person ... shall have a right of direct action against the insurer... La. C.C.Pr. art. 42(7) provides that an action against a foreign or alien insurer… *shall* be brought in the Parish of East Baton Rouge. La. C.Cr.P. art. 42(7)." *Grenzebach Corp. v. WPS Indus., Inc.*, CV 08-217-B-M2, 2008 WL 11351455, at *4 (M.D. La. June 19, 2008), report and recommendation adopted *sub nom. Grenzebach Corp. v. Lexington Ins. Co.*, CV 08-217-FJP-CN, 2008 WL 11351454 (M.D. La. July 15, 2008) (emphasis in original).

C.    <u>Judge White's State Court Order Compelling Documents and Interrogatories From Rec Marine Should be Enforced</u>

"A case removed from state court simply comes into the federal system in the same condition in which it left the state system." *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir.1994) (*quoting Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir.1992)); *see also McIntyre v. K–Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir.1986) (stating that when a case is removed from state court to federal court, "[t]he federal court takes the case as it finds it on removal and treats everything that occurred in state court as if it had taken place in federal court").  "Judicial economy is promoted by allowing for proceedings initiating in state court to have full force and effect in federal court, so that pleadings filed in state court need not be duplicated upon removal."

---

[9] QBE Insurance's removal notice admits it is a foreign insurer.  *See* Doc. 1 at p.2 ("Defendant QBE Insurance is a foreign insurer…").

13

*NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir.1994). Plaintiff would add that justice and respect for the courts would be severely undermined if Rec Marine were to avoid orders issued in state court by mere removal.

This Court should again order Rec Marine to fully respond to the requests for production and interrogatories attached as Exhibit 6 within 15 days (in addition to the sanctions discussed below).

> D. <u>The Court Should Compel Responses to the Unanswered Requests for Production and Interrogatories Served On Gulf Offshore, GOL, and OTS</u>

Plaintiff served requests for production and interrogatories on Gulf Offshore, GOL, and OTS on January 9, 2020. *See* Exhibit 29. Responses were due February 9, 2020. No response has been made, and thus any objections have been waived. *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989)("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). This Court should compel Gulf Offshore, GOL, and OTS to respond to the requests contained within Exhibit 29 within 15 days.

> E. <u>The Court Should Compel Rec Marine and OTS to Supplement Their Rule 26 Disclosures, and Gulf Offshore and GOL to Provide Rule 26 Disclosures, and Should Order Attorneys' Fees</u>

Under the Federal Rules of Civil Procedure, each party is to provide the other party, without waiting a request, basic discovery information that the disclosing party may use to support that party's position. Rule 26(a)(1) is clear:

> These disclosures must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan.

*See* Fed. R. Civ. P. 26(a)(1).

The Federal Rules of Civil Procedure require Initial Disclosures be produced, including but not limited to (i) the names, phone, numbers, and address of the persons/companies that are likely to have discoverable information, (ii) a copy or a description of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, and (iii) any insurance agreement for inspection and copying. *See* FED. R. CIV. P. 26(a)(1)(A)(i)-(ii).

A court may compel responses to disclosure if a party fails to make any disclosure required by Rule 26(a). *See* FED. R. CIV. P. 37(a)(3)(A) ("If a party pails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions"). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A)(emphasis added).

GOL and Gulf Offshore have simply refused to respond to disclosures at all. Plaintiff's counsel has conferred with Mr. Salley about the deficient and entirely absent disclosures for the parties he represents on multiple occasions. On April 13, 2010, Plaintiff's counsel emailed Mr. Salley, and asked him when GOL and Gulf Offshore's already late disclosures would be served. *See* Exhibit 45 (email to F. Salley). Mr. Salley responded by claiming GOL and Gulf Offshore had nothing to do with the case. *See* Exhibit 45 (email chain regarding disclosures). Again, on April 13, 2020, Plaintiff's counsel reminded Mr. Salley of Gulf Offshore and GOL's obligation to serve Rule 26 disclosures. *See* Exhibit 45 (email chain regarding disclosures). Additional attempts

to confer on Gulf Offshore and GOL's absent disclosures were made on April 17, 2020; April 20, 2020; and May 12, 2020. *See* Exhibit 45 (email chain regarding disclosures).[10]

Rec Marine and OTS have failed to provide any documents with its initial disclosures, as required by the Federal Rules of Civil Procedure. Insurance coverage has also not been provided, nor has Rec Marine or OTS provided full contact information for the witnesses identified. *See* Exhibit 44 (Rec Marine and OTS' disclosures).

Rule 26 disclosures from these parties should be compelled, and the payment of Plaintiff's attorneys' fees should be ordered. As attorneys fees are still ongoing and are expected to increase as these issues are addressed, Plaintiff respectfully requests the opportunity to supplement the record with evidence regarding the expenditure of time and fees to support an appropriate attorneys fee award, at such time as the Court agrees that such an award is proper.

F.     Appropriate Additional Sanctions Should Be Awarded Against Rec Marine

Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the Court may issue just orders, including: (1) direct that facts be established as the prevailing party claims; (2) prohibit the disobedient party from introducing information into evidence or supporting or opposing claims or defenses; (3) strike the pleadings; or (4) dismiss the action in whole or in part. FED. R. CIV. P. 37(b)(2)(A). Additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an

---

[10] Each time Plaintiff's counsel attempted to confer with Mr. Salley on Gulf Offshore and GOL's absent disclosures, he also attempted to confer with Mr. Salley about Rec Marine and OTS' deficient disclosure. *See* Exhibit 45 (email chain regarding disclosures). Rec Marine and OTS' disclosures have not been supplemented as of the filing of Plaintiff's Motion.

award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C); *see also* FED. R. CIV. P. 37(d)(1)(A)(ii), (c)(1).

The Fifth Circuit has noted that sanctions under Rule 37 are "predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc*., 423 F.2d 858, 860 (5th Cir. 1970); *see also*, *Marrocco v. General Motors Corp*., 966 F.2d 220, 224 (7th Cir. 1992) (reasoning that "sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant."). While "the Federal Rules do not explicitly provide an avenue to sanction attorneys who fail to comply with discovery orders…there is no doubt" that a Court may exercise its inherent powers to sanction discovery abuses and to discipline attorneys who engage in obstructive behavior. *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc*., 2 F.3d 1397, 1410-11 (5th Cir. 1993).

Plaintiff's requests for production and interrogatories were served on Rec Marine in August 2019. *See* Exhibit 6 (requests). As outlined above, there have been attempts at conference (met with a threat of sanctions by Mr. Salley against counsel for Plaintiff personally), a motion to compel, a hearing at which counsel for Rec Marine participated, a signed order by the presiding judge, additional attempts at conference, a motion for contempt, false claims of ignorance of an order despite the undersigned counsel personally informing and sending the signed order to Rec Marine, and abject defiance and delay and gross and willful non-compliance by Rec Marine spanning over six months to the prejudice of the Plaintiff. To date, Rec Marine has not provided a single document in discovery and has not answered a single interrogatory. This Court should take judicial notice of Rec Marine's similar conduct in the *Richard* matter, in which liability has

been deemed admitted against Rec Marine by the court for less offensive behavior.[11]  There is a

pattern, and Rec Marine's conduct is going to continue.  This lawsuit was filed over a year ago,

and Plaintiff is no further along to receiving justice as it was a year ago.  Rec Marine's answer and

defenses should be struck, negligence by Rec Marine should be deemed admitted, and the sole

remaining issue to be tried should be damages.  Further, Rec Marine must be ordered to pay for

Plaintiff's counsel's reasonable attorneys fees since the serving of its discovery in August 2019 in

dealing with these matters.  Plaintiff will provide supplemental evidence on this issue.

## V.    EXHIBITS

Exhibit 1       Plaintiff's Original Petition

Exhibit 2       Rec Marine's Request for an Extension to File an Answer

Exhibit 3       Order Granting Rec Marine's Request for an Extension to File an Answer

Exhibit 4       Rec Marine's Exceptions and Motion to Dismiss

Exhibit 5       Order Setting Special Exceptions and Motion to Dismiss (Rec Marine)

Exhibit 6       Requests for Production and Interrogatories Served on Rec Marine

Exhibit 7       Rec Marine's Global Response to Plaintiff's Requests for Production and

                Interrogatories

Exhibit 8       D. Sheppard's August 12, 2019 Rule 10.1 Letter to Fred Salley

Exhibit 9       F. Salley Email to D. Sheppard Threatening Sanctions

Exhibit 10      Order Granting Preliminary Default Against Gulf Offshore and GOL

---

[11] *Rec Marine v. Dequincy Richard*, 19-cv-11149-LMA-DMD, pending in the Eastern District of
Louisiana.  Due to Rec Marine's discovery conduct, the court in *Richard* seems to have deemed it
admitted against Rec Marine that Rec Marine proximately caused the alleged injuries to Mr.
Richard, that Rec Marine denied adequate medical care, that Mr. Richard's loss of income is $1.2
million, and that Mr. Richard's future medical costs are more than $1.7 million.  *See* Exhibit 46
(proposed pretrial order of contested facts outlining unanswered requests for admission served
October 4, 2019 at pg. 7-11); Exhibit 33 (order deeming admissions admitted).

Exhibit 11     Rec Marine's Exceptions and Motion to Dismiss

Exhibit 12     Louisiana Secretary of State Website Record for Gulf Offshore

Exhibit 13     Louisiana Secretary of State Website Record for GOL

Exhibit 14     Louisiana Secretary of State Website Record for Rec Marine

Exhibit 15     Louisiana Disciplinary Board Decision Citing to Fred Salley's Unwarranted Threats Against Opposing Counsel (and a judge)

Exhibit 16     Plaintiff's Motion to Compel Rec Marine to Respond to Plaintiff's Requests for Production and Interrogatories

Exhibit 17     Plaintiff's Memorandum in Support of His Motion to Compel Rec Marine to Respond to Plaintiff's Requests for Production and Interrogatories

Exhibit 18     Order Setting Plaintiff's Motion to Compel for Hearing

Exhibit 19     Plaintiff's Response to Rec Marine, Gulf Offshore, and GOL's Exceptions and Motion to Dismiss

Exhibit 20     September 23, 2019 Hearing Transcript

Exhibit 21     Order Compelling Rec Marine to Respond to Plaintiff's Requests for Production and Interrogatories

Exhibit 22     D. Sheppard's October 24, 2019 Rule 10.1 Letter to Fred Salley

Exhibit 23     Plaintiff's Motion for Contempt

Exhibit 24     Plaintiff Memorandum in Support of His Motion for Contempt

Exhibit 25     First Order Setting Plaintiff's Motion for Contempt for Hearing

Exhibit 26     Rec Marine Counsel's First Motion to Continue Plaintiff's Hearing on His Motion for Contempt

Exhibit 27     Order Resetting Plaintiff's Hearing on His Motion for Contempt

Exhibit 28      Rec Marine Corporate Representative Deposition Transcript Cover

Exhibit 29      Plaintiff's Requests for Production and Interrogatories to Gulf Offshore, GOL, and OTS

Exhibit 30      Rec Marine Counsel's Second Motion to Continue Plaintiff's Hearing on His Motion for Contempt

Exhibit 31      Second Order Resetting Plaintiff's Hearing on His Motion for Contempt

Exhibit 32      Minute Entry of Settlement Conference in *Richard*

Exhibit 33      Order Deeming Admissions, Waiving Objections, and Compelling Document Production

Exhibit 34      Rec Marine Memorandum of Law to Reverse and Correct Prior Ruling in *Richard*

Exhibit 35      First Service of Initial Requests for Production and Interrogatories in *Richard*

Exhibit 36      Second Service of Initial Requests for Production and Interrogatories in *Richard*

Exhibit 37      Third Service of Initial Requests for Production and Interrogatories in *Richard*

Exhibit 38      Notice of Non-Payment of Ordered Attorneys' Fees

Exhibit 39      Order Sanctioning Rec Marine *and* F. Salley

Exhibit 40      Rec Marine's Response to Plaintiff's Motion for Sanctions

Exhibit 41      Order Setting Special Exceptions and Motion to Dismiss (Gulf Offshore and GOL)

| Exhibit 42 | September 19, 2019 (Second of the Day) Notifying F. Salley of the Hearing on Plaintiff's Motion to Compel |
| --- | --- |
| Exhibit 43 | Email to Fred Salley with Signed Order Compelling Discovery Responses from Rec Marine |
| Exhibit 44 | Rec Marine and OTS' Incomplete Disclosures |
| Exhibit 45 | Attempts to Confer on Defendants' Deficient and Absent Disclosures |
| Exhibit 46 | Pretrial Order in *Richard* |

## VI.   CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court (a) compel documents and answers in response to Plaintiff's requests for production and interrogatories attached as Exhibits 6 and 29 from Rec Marine, Gulf Offshore, GOL, and OTS; (b) deem any objections to said discovery as waived, (c) order Defendants to fully respond to FED. R. CIV. P. 26(a) disclosures; (d) further sanction Rec Marine and strike its defenses and deem liability as established against Rec Marine as requested above; (e) award attorneys fees to Plaintiff; and (f) for any other relief Plaintiff may be entitled.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/ Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
3701 Kirby Dr, Ste 1000
Houston, TX  77098
713.489.1206 tel
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
dsheppard@morrowsheppard.com
jsheppard@morrowsheppard.com

COUNSEL FOR PLAINTIFF

21

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served on counsel of record via CM/ECF on May 14, 2020.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard