

MORROW ⬛ SHEPPARD LLP
*Trial Attorneys*

3701 KIRBY DR. STE 1000
HOUSTON, TEXAS 77098
WWW.MORROWSHEPPARD.COM

DANIEL E. SHEPPARD   |   DSHEPPARD@MORROWSHEPPARD.COM   |   713.489.1206

August 9, 2019

Fred E. Salley                              *Via Email, Fax, and U.S. Mail*
Salley & Associates
P.O. Box 3549
77378 Highway 1081
Covington, Louisiana 70434
fsalley@charter.net
985.867.3368 fax

Todd P. Danos                               *Via U.S. Mail*
GOL LLC
4535 Highway 308
Raceland, Louisiana 70394

Todd P. Danos                               *Via U.S. Mail*
Gulf Offshore Logistics LLC
4535 Highway 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association   *Via U.S. Mail*
c/o Shipowners Claims Bureau, Inc.
1 Battery Park Plaza, 31st Floor
New York, New York 10004

    Re:   *McArthur Griffin v. REC Marine, LLC et al.*; Suit No. 682146

Dear Sir/Madam:

Enclosed please find Plaintiff's first interrogatories and requests for production propounded on
Defendant REC Marine Logistics, LLC.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

cc:

John D. Sheppard (firm)

EXHIBIT

6

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

***************************************************************************

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:   REC Marine Logistics LLC
c/o Fred E. Salley
Salley & Associates
P.O. Box 3549
77378 Hwy. 1081
Covington, Louisiana 70434
985.867.8830 tel
985.867.3368 fax

**NOW COMES PLAINTIFF, MCAUTHUR GRIFFIN**, through undersigned counsel, who propounds the following Interrogatories and Requests for Production of Documents upon Defendant REC MARINE LOGISTICS LLC in accordance with notice under the provisions of the Louisiana Code of Civil Procedure, Articles 1457, 1458, 1459, 1428, 1461, and 1491, as follows:

### DEFINITIONS AND INSTRUCTIONS FOR USE

1.    "Plaintiff" means the Plaintiff(s) named in this lawsuit.

2.    The "Incident" means the incident at issue in this lawsuit, specifically, the incident that occurred on or about May 25, 2018, and/or the date Plaintiff suffered an injury while working on the MV Dustin Danos. Further allegations and context are contained in Plaintiff's Original (and/or any Amended) Petition for Damages.

3.    "Defendant REC Marine Logistics" means REC Marine Logistics LLC and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

4.    The "Location" or "Premises" means the MV Dustin Danos.

5.    "Claim" means all claims for reimbursement of damages allegedly caused by the Incident, including insurance claims.

6.    "That relate to" or "related to" means regarding, relating to, referring to, pertaining to, describing, evidencing, supporting, or discussing the referenced matter.

7.    "Correspondence" means written communications of any kind including documents, electronic message, or other form of recorded information that is mailed, faxed, emailed, sent by text message, sent by instant message, posted to the internet or social media, or otherwise transmitted or communicated between persons or entities.

8.    "Documents" are every original (or copies if you do not have originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, any other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

9.    "Materials" are all documents and correspondence.

10.    "Each" means each and every.

11.    "Including" means including but not limited to.

12.    "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

13.    "Petition" or "Complaint" means a pleading seeking relief in this cause.

14.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be considered outside its scope.

15.    The use of the singular form of any word includes the plural and vice versa.

16.    "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

17.    "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, cables or some other electronic or other medium. .

18.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all owners and operators of the MV Dustin Danos (a) at the time of the Incident, (b) one month preceding and following the Incident, and (c) the present.

**INTERROGATORY NO. 2.** Identify the company or companies that chartered the MV Dustin Danos on the date of the Incident by providing the names of all parties to the charter agreement(s)/contract(s), date of the agreement(s)/contract(s), and a statement as to whether the agreement(s)/contract(s) were written.

**INTERROGATORY NO. 3.** State fully and completely (1) how the alleged Incident happened, providing in your answer a complete chronology of events beginning one hour prior to the Incident and one hour after the Incident and (2) all factors or events which you believe caused or contributed to the cause of the Incident.

**INTERROGATORY NO. 4.** Identify all persons on board the M/V Dustin Danos at the time of the Incident and one month preceding and following the Incident, including their name, title, address, telephone number, and employer.

**INTERROGATORY NO. 5.** Fully describe any statements, either oral or written, at the time of the Incident or regarding the Incident, specifying whether the statement was oral or written, to whom it was given, the name, address, phone number, and employer of the person to whom it was given, the substance of the statement; and who, if the statement is in written or recorded form, is its present custodian.

**INTERROGATORY NO. 6.** Give the substance of all statements, either oral or written, by the Plaintiff concerning his medical conditions and problems.

**INTERROGATORY NO. 7.** List the name, address, qualifications and area of expertise of each expert witness you intend to call at trial; summarize each opinion that will be given, and specify the facts upon which each opinion is based.

**INTERROGATORY NO. 8.** The Louisiana Secretary of State identifies the same address for the non-insurance named defendants at 4535 Highway 308, Raceland, LA 70394. Identify the nature of the business relationship between REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC.

**INTERROGATORY NO. 9.** For each person present on the day of the Incident, identify whether they have ever been employed by REC Marine Logistics LLC, GOL LLC, or Gulf Offshore Logistics LLC and, if so, provide the dates of employment.

**INTERROGATORY NO. 10.** Identify the insurance company or insurance companies that provide maintenance and cure benefits and liability insurance coverage for (a) REC Marine Logistics LLC; (b) GOL LLC; and (c) Gulf Offshore Logistics LLC both now and at the time of the Incident. This interrogatory also specifically requests that Defendant identify all liability insurance policies and/or any and all other liability policies, and any and all excess liability policies and umbrella policies.

**INTERROGATORY NO. 11.** Identify the dates that American Steamship Owners Mutual Protection and Indemnity Association Inc. has ever provided insurance coverage to REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, as well as the type of insurance provided and the corresponding policy number.

**INTERROGATORY NO. 12.** Please identify: (1) each time a maintenance payment was made to Plaintiff and the amounts of said payments; (2) each time a cure payment was made on behalf of Plaintiff, including the amount of the payment and to what person or entity the payment was made; (3) the name, address, and job title of the person or persons who were responsible for issuing maintenance and cure payments to Plaintiff; (4) the name, address, and job title of the person who made decisions regarding at what intervals maintenance and cure payments would be made; (5) the name, address, and phone number for the insurance carrier(s) who have (or that may have) an obligation to provide Plaintiff with maintenance and cure benefits

**INTERROGATORY NO. 13.** Please identify any prior incidents/injuries that occurred on vessels captained by Captain Mike Hogan (and/or the captain of the MV Dustin Danos at the time of the Incident).

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**REQUEST 1:** Produce all materials referencing the Incident.

**REQUEST 2:** Produce all materials referencing the Plaintiff, including but not limited to all medical records, claim files, notes, surveillance, documents regarding the Incident, training and personnel files, photographs, communications with his medical providers, and documents regarding his maintenance and cure.

**REQUEST 3:** Produce all policies, procedures, and manuals for (a) operations including but not limited to maintaining control of vessels, properly staffing vessels, and loading operations, (b) safety, (c) investigations of incidents, (d) responses to incidents, (e) contractors and employees in effect at the time of the Incident directly or indirectly pertaining to MV Dustin Danos or the work thereon related to the Incident, as well as any changes to those policies and procedures following the Incident.

**REQUEST 4:** Please provide a complete copy of any and all liability insurance policies and/or any and all other liability policies and/or policies providing maintenance and cure coverage, and any and all such excess policies and umbrella policies which would have been in full force and effect on or about the day of the Incident, and insuring any defendant, for this accident/ incident.

**REQUEST 5:** Please provide a copy of all notes, correspondence, memoranda, or other documents between Plaintiff and Defendant.

**REQUEST 6:** Please provide a copy of any and all statements you contend were made by Plaintiff or any Defendant or regarding the Incident.

**REQUEST 7:** Please provide a copy of any and all photographs taken by Defendant and/or anyone on your behalf of the accident site and/or individuals involved in this accident.

**REQUEST 8:** Please provide a copy of any and all photographs and/or videotapes and/or other surveillance information which you have pertaining to any and all surveillance of Plaintiff.

**REQUEST 9:** Please provide a copy of any and all reports, memoranda, correspondence, medical records, accident reports, documents and/or information and exhibits which you intend on introducing into evidence at the trial of this matter.

**REQUEST 10:** Please provide a copy of all photographs of the area taken subsequent to the accident.

**REQUEST 11:** Provide the work and payroll records of the employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos on the date of the Incident and records of any reports filed. If any document is withheld on any claim of privilege or otherwise, set forth the basis of the privileged claim, the author of the document, the date of the document, the recipient or intended recipient of the document, a brief description of the substance of the document, all persons who received copies of the document or were shown copies of the document, along with an identification of each person.

**REQUEST 12:** Produce all contracts between the Defendants named in this lawsuit governing the work or relationships at the time of the Incident, as well as all such contracts with any other parties governing the work at the time of the Incident.

**REQUEST 13:** Produce all documents sufficient to reflect the ownership of the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 14:** Produce all documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 15:** Produce all sign-in sheets, JSAs, daily logs, daily reports, and company records pertaining to the MV Dustin Danos for the day of the Incident, one month prior to the Incident, and one month following the Incident.

**REQUEST 16:** Produce documents sufficient to identify the name, employer, address, and telephone number of the persons and entities present at the time of the Incident, as well as one month prior to and following the Incident.

**REQUEST 17:** Produce all documents and communications regarding the Plaintiff, including but not limited to documents regarding Plaintiff's physical condition and physicals, medical history and conditions, medical records and logs, workers' compensation claims, maintenance and cure, disability records, employment history and files, criminal history, drug testing, earnings and income and compensation records, surveillance, photos, videos, recordings, training, certifications, internal notes and communications regarding Plaintiff, communications with third-parties regarding Plaintiff, payments made to Plaintiff, Marine Index Bureau Reports, U.S. Coast Guard Discharges, and anything signed by Plaintiff or provided to Plaintiff.

**REQUEST 18:** All agreements regarding this Lawsuit or the Incident, including but not limited to agreements between Defendants, settlement agreements, Mary Carter agreements, agreements to testify, and agreements with witnesses.

**REQUEST 19:** Produce the documents that reflect the facts stated in Defendant's interrogatory answers.

**REQUEST 20:** Produce the personnel, employment, and training files of all supervisors present on the day of the Incident, as well as one day prior and one day following the Incident.

**REQUEST 21:** Produce all documents Ronald Chaddock reviewed in connection with the statements made in his affidavit dated May 24, 2019.

**REQUEST 22:** Produce copies of all cancelled checks issued to Plaintiff as maintenance payments.

**REQUEST 23:** Produce copies of all cancelled checks issued as cure payments on behalf of Plaintiff.

**REQUEST 24:** Produce the personnel file of Captain Mike Hogan's (and/or the captain of the MV Dustin Danos at the time of the Incident).

**REQUEST 25:** Produce copes of any reprimands given to Captain Mike Hogan (and/or the captain of the MV Dustin Danos) by Defendant or any governing authority related to his actions as an employee and/or duties onboard vessels, ships, etc.

**REQUEST 26:** Produce the documents Defendant intends to use at trial or in support of any dispositive motions.

**REQUEST 27:** Produce all materials prepared by or reviewed by or provided to Defendant's retained experts.

These Interrogatories and Requests for Production of Documents are deemed continuing.

Respectfully Submitted,
MORROW & SHEPPARD LLP

Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

## CERTIFICATE OF SERVICE

I hereby certify that on August ___9___, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email,  and/or by any other authorized means.

Daniel E. Sheppard