NINETEENTH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DIVISION "27"


MCARTHUR GRIFFIN

VS.                                          NO. C-682146

R.E.C. MARINE, L.L.C., ET AL


## MOTION HEARING

TESTIMONY AND NOTES OF EVIDENCE, TAKEN IN THE ABOVE-ENTITLED AND NUMBERED CAUSE, BEFORE **THE HONORABLE TRUDY M. WHITE, JUDGE** PRESIDING ON THE **23RD** DAY OF **SEPTEMBER, 2019.**


APPEARANCES:

FOR:  THE PLAINTIFFS, MACARTHUR GRIFFIN:

    **DANIEL E. SHEPPARD, ESQ.**

    **BRILLIANT P. CLAYTON, ESQ.**

FOR:  THE DEFENDANTS, REC MARINE, L.L.C., ET AL:

    **FRED EARL SALLEY, ESQ.**


REPORTED AND TRANSCRIBED BY:

    **SUSAN WILLIAMS LEE, C.C.R.**
    OFFICIAL COURT REPORTER IN AND FOR
    THE PARISH OF EAST BATON ROUGE
    STATE OF LOUISIANA


FILED

DEC 1 8 2019

*Susan Williams Lee, CCR*
DEPUTY CLERK OF COURT
2015005

EXHIBIT 20

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  (MONDAY, SEPTEMBER 23, 2019, 10:49 A.M.)
2  (COUNSEL FOR PLAINTIFF AND DEFENDANTS ARE PRESENT IN COURT.)
3  **THE COURT:**
4  ALL RIGHT. LET ME JUST GO TO THE TOP OF THE --
5  PAGE ONE. MCARTHUR -- OH, OKAY. MCARTHUR GRIFFIN
6  VERSUS REC MARINE. I THINK WE MAY HAVE YOU ON THE
7  DOCKET MORE THAN ONCE. OKAY. PLAINTIFFS TO THE LEFT,
8  DEFENDANTS TO THE RIGHT. ALL RIGHT, PLEASE MAKE
9  APPEARANCES FOR THE RECORD.
10 **MR. SHEPPARD:**
11 GOOD MORNING, YOUR HONOR, DANIEL SHEPPARD FOR THE
12 PLAINTIFFS.
13 **THE COURT:**
14 OKAY.
15 **MR. CLAYTON:**
16 GOOD MORNING, YOUR HONOR, BRILLIANT CLAYTON FOR
17 THE PLAINTIFFS.
18 **THE COURT:**
19 OKAY.
20 **MR. SALLEY:**
21 AND FRED SALLEY FOR DEFENDANTS AND MOVERS.
22 **THE COURT:**
23 ALL RIGHT. MR. FRED SALLEY, PLEASE PROCEED.
24 **MR. SALLEY:**
25 JUDGE, UNFORTUNATELY, SEVERAL MONTHS AGO WE FILED
26 A RATHER SIMPLE MOTION TO -- AN EXCEPTION TO REMOVE
27 JURISDICTION AND VENUE FROM THIS PARISH AS IT RELATED
28 TO THE DEFENDANTS. AND THAT WAS BECAUSE THEY HAD NO
29 CONTACT HERE. THE PLAINTIFF ATTEMPTS TO BRING A CLAIM
30 AGAINST AN INSURANCE COMPANY AS AN INSURER OF ONE PARTY
31 BUT THEY HAVE SINCE, LONG BEFORE HE FILED THAT, THEY
32 HAD WITHDRAWN COVERAGE FOR ANY PARTY AND THERE IS NO

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  INSURANCE COMPANY TO CLAIM THAT IT ATTACHES THEM TO
2  THIS COURTROOM.
3  **THE COURT:**
4  ARE YOU TALKING ABOUT AMERICAN STEAMSHIP OWNERS?
5  **MR. SALLEY:**
6  THAT'S CORRECT.
7  **THE COURT:**
8  OKAY. SO THEY'LL --
9  **MR. SALLEY:**
10 THEY'RE NO LONGER IN THE CASE, THEY HAVEN'T
11 APPEARED, I DON'T KNOW WHERE THEY ARE. I GUESS THEY'RE
12 ALL HAVING FUN, BUT IN ANY EVENT, THE OTHER DEFENDANTS
13 --
14 **THE COURT:**
15 JUST A MOMENT, SIR -- CAN YOU HEAR HIM MS. SUSAN?
16 OKAY. THANK YOU.
17 **COURT REPORTER NOTE:**
18 (NODDING, AFFIRMING TO JUDGE THAT I COULD HEAR.)
19 **MR. SALLEY:**
20 I'M TRYING TO -- TRYING TO SPEAK UP AS LOUD AS I
21 CAN, BUT IN ANY EVENT, THERE IS NO VENUE AND THEREFORE
22 NO JURISDICTION UNDER LOUISIANA LAW BECAUSE ALL OF
23 THESE REMAINING PARTIES, WHETHER THEY'RE PROPERLY NAMED
24 OR IMPROPERLY NAMED, ARE NOT ANYWHERE FOUND WITHIN EAST
25 BATON ROUGE PARISH. AND THE CASE WAS NOT BASED ON THE
26 OCCURRENCE OF AN ACCIDENT IN EAST BATON ROUGE PARISH.
27 AND SO WE HAVE MOVED THAT THEY BE DISMISSED AND
28 PLAINTIFF CAN GO AND FILE THERE CORRECTLY WHERE THEY
29 BELONG.
30 **THE COURT:**
31 OKAY. ON THAT ISSUE, DOES THE PLAINTIFF WISH TO
32 RESPOND?

3

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  MR. SHEPPARD:
2     YES, YOUR HONOR. YES, YOUR HONOR. SO WE'VE SUED
3  VARIOUS COMPANIES, REC MARINE, GULF LOGISTICS, GOL,
4  LLC, AND AMERICAN STEAMSHIP. THE ENTITY DEFENDANTS ALL
5  OPERATED, IT LOOKS LIKE, OUT OF THE SAME BUILDING BUT
6  WE DON'T KNOW WHAT THEY'RE ACTIONS -- OR IF THEY HAVE
7  ANY OTHER INTERACTIONS WITH THE PARISH. WE'VE ASKED
8  MR. SALLEY THROUGH FORMS OF DISCOVERY TO EXPLAIN THE
9  RELATIONSHIPS WITH THESE COMPANIES, HOW THEY INTERACT
10 WITHIN LOUISIANA, WHAT THEY'RE DOING, WHERE THEY
11 OPERATE. AND HE WHOLESALE RESPONDED TO OUR MOTION --
12 OR TO OUR DISCOVERY BY SAYING, I'M NOT GOING TO ANSWER
13 IT, YOU'RE ENTITLED TO VENUE AND JURISDICTIONAL BASED
14 DISCOVERY. EVEN THOUGH THAT'S WHAT YOU'RE ASKING FOR,
15 I'M NOT GOING TO ANSWER IT. AS IT PERTAINS TO AMERICAN
16 STEAMSHIP, YOUR HONOR, WE DIDN'T PLUCK THE NAME OF THE
17 INSURANCE COMPANY OUT OF THE AIR. WE -- WE REVIEWED
18 CASE FILINGS IN THE EASTERN DISTRICT OF LOUISIANA
19 INVOLVING REC MARINE AND GOL, TWO NAMED DEFENDANTS IN
20 THIS LAWSUIT AND THE ATTORNEY FOR AMERICAN STEAMSHIP,
21 RESPONDING ON BEHALF OF AMERICAN STEAMSHIP SAID, OUR
22 INSUREDS, REC MARINE, AND GOL AND CONTINUEDS (SPELLED
23 PHONETICALLY, SIC). BUT THAT'S OUR BASIS FOR -- FOR --
24 KIND OF -- TAKING THE POSITION THAT WE BELIEVE AMERICAN
25 STEAMSHIP IS THE PROPER -- IS THE PROPER PARTY AND
26 ALSO, HIS PROVIDING INSURANCE COVERAGE FOR THIS
27 DEFENDANT, FOR AT LEAST TWO. THE ISSUE WE HAVE IS
28 PRIMARILY, IF WE'RE WRONG, WE'RE JUST ASKING TO TELL US
29 WHO THE PROPER INSURANCE COMPANY IS. AND IF HE DOES
30 THAT, WE CAN AMEND OUR PLEADINGS, WE CAN CONTINUE THIS
31 CASE IN EAST BATON ROUGE WHERE THE PLAINTIFF WOULD LIKE
32 TO BRING HIS CASE, AND MOVE FORWARD. WE HAVE -- WE

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1   WERE JUST ON THE ISSUE --
2       **THE COURT:**
3       YOU HAVE PROPOUNDED DISCOVERY REQUESTING THAT?
4       **MR. SHEPPARD:**
5       WE -- WE HAVE, AS SPECIFICALLY, WHO IS YOUR
6   INSURER?  AND HE HAS SAID THAT HE IS NOT GOING TO TELL
7   US.  WE HAVE EMAILED HIM DIRECTLY, AND I SAID, PLEASE
8   TELL US WHO THE INSURANCE COMPANY IS.  HE WON'T TELL
9   US.  WE HAVE ASKED DREW AUCOIN, WHAT APPEARS TO BE AN
10  INSURANCE ADJUSTOR THAT'S WORKING WITH REC MARINE AND
11  SOME OTHER INSURANCE COMPANY OR MULTIPLE INSURANCE
12  COMPANIES, AND HE WON'T TELL US.  HE WON'T RESPOND TO
13  DISCOVERY, AND HE WON'T PROVIDE THE INFORMATION.  AND
14  THAT WAS, YOUR HONOR, IN THAT VEIN, WE DID SEND A RULE
15  10.1 LETTER TO MR. SALLEY ASKING HIM TO CONFER WITH US
16  REGARDING HIS DISCOVERY OBJECTIONS.  HIS RESPONSE TO ME
17  WAS THIS, IF YOU PERSIST IN MOVING FORWARD TO FORCE
18  DISCOVERY IN A SUIT THAT CURRENTLY, AND THAT'S AN
19  IMPORTANT WORD, CURRENTLY HAS NO JURISDICTION OR VENUE,
20  REST ASSURED THAT THE RESPONSE WILL BE AN IMMEDIATE
21  MOTION FOR SANCTIONS AGAINST YOU PERSONALLY.  I'M
22  TRYING TO WORK WITH HIM.  I'M JUST TRYING TO GET
23  INFORMATION, AND I'M BEING THREATENED WITH SANCTIONS
24  AND STONEWALLED.  WE'RE HAVING TO PERFORM INDEPENDENT
25  RESEARCH ON OUR ON AND TRYING TO FIND OUT IF THERE ARE
26  ADDITIONAL, PROPER PARTIES WHICH INCLUDED ANOTHER OWNER
27  OF THE VESSEL.  AND ALL WE'RE ASKING MR. SALLEY TO DO
28  IS TO PROVIDE US WITH THAT INFORMATION.  I'M KIND OF
29  GOING INTO THE ISSUE AT HAND, YOUR HONOR.  MR. SALLEY
30  IS TAKING THE POSITION, AT LEAST IN HIS -- HIS INITIAL
31  MEMORANDUM THAT VENUE IN EAST BATON ROUGE AGAINST A
32  FOREIGN INSURER IS NOT -- IS NOT PERMISSIBLE, ON THAT

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  BASIS ALONE.  AND WE TURN THE COURT'S ATTENTION TO
2  C.C.P. 42, SECTION 7, WHICH SAYS, THAT VENUE FOR A
3  FOREIGN INSURED IS BATON ROUGE AND SHALL BE BROUGHT IN
4  EAST BATON ROUGE PARISH.  I'VE CITED THREE CASES FOR
5  YOUR HONOR, WHICH I CAN PROVIDE COPIES OF IF YOU WOULD
6  LIKE.  THE FIRST BEING -- THE FIRST BEING, PEREZ VS.
7  IT'S A SIMPLE BREAD AND BUTTER CAR WRECK CASE THAT MOST
8  PERSONAL INJURY ATTORNEYS HAVE WORKED OUT.  IN THAT
9  CASE, YOUR HONOR, THE INCIDENT HAPPENED IN LOCATION A,
10 THE DEFENDANT DRIVER WAS FROM LOCATION B, AND THERE IS
11 A FOREIGN INSURED, GEICO.  AND THE COURT HELD IN THAT
12 CASE, VENUE IS PROPER IN EAST BATON ROUGE PARISH
13 BECAUSE THERE IS A FOREIGN INSURER INVOLVED.  I'VE ALSO
14 CITED ANOTHER CASE FOR YOUR HONOR, WHICH IS N.B.
15 INDUSTRIES, L.L.C. VERSUS C.N.A. INSURANCE COMPANY.  IN
16 THAT CASE THE DEFENDANT SPECIFICALLY SAID, VENUE IS NOT
17 PROPER IN EAST BATON ROUGE PARISH.  AND THE COURT
18 REVIEWED, C.C.P. 42.7, AND LA REV STAT § 22:665, AND
19 CONCLUDED VERY CLEARLY THAT THE VENUE IS PROPER IN EAST
20 BATON ROUGE PARISH.  I'VE JUST KIND OF WANTED TO
21 ADDRESS THOSE ISSUES SINCE MR. SALLEY BROUGHT THEM UP.
22 AS EVIDENCE -- AS PART OF HIS EVIDENCE RELATED TO
23 PROPER PARTIES, MR. SALLEY HAS TAKEN THE POSITION THAT
24 WE HAVE NAMED A BUNCH OF IMPROPER PARTIES.  THE SOLE
25 EVIDENCE OF THAT IS A -- AN AFFIDAVIT OFFERED BY RONALD
26 CHADDOCK, RONALD E. CHADDOCK, WHICH I BELIEVE ARE THE
27 INITIALS FOR REC MARINE.  IN THAT HE SAYS THAT HE
28 CONSULTED HIS MEMORY AND SOME UNKNOWN DOCUMENTS AND
29 BECAUSE OF -- AND JUST BY DOING THAT BEEN -- NONE OF
30 THESE PARTIES ARE INVOLVED.  WE'RE TRYING TO MOVE
31 FORWARD.  WE WOULD ASK THE COURT TO -- TO ALLOW US --
32 WE ALSO HAVE A MOTION FOR A -- FOR A LEAVE TO AMEND OUR

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  PETITION. WE WOULD ASK THE COURT TO ALLOW US TO DO
2  THAT, BRING IN ANY PROPER INSURANCE PARTIES THAT MR.
3  SALLEY IS AWARE OF SO THAT WE CAN MOVE FORWARD WITH
4  THIS CASE AND ALSO HAVE HIM TO RESPOND TO THE DISCOVERY
5  THAT'S ALREADY PROPOUNDED.
6  **THE COURT:**
7  MR. SALLEY, ATTORNEY SALLEY, DO YOU HAVE A
8  RESPONSE?
9  **MR. SALLEY:**
10  CERTAINLY, JUDGE, I MEAN -- THIS IS TYPICAL
11  (INAUDIBLE) BASED -- IT HAS NOTHING TO DO WITH THIS
12  CASE. THE DEFENDANTS HAVE TO BE SUED IN THEIR VENUE
13  AND THEIR JURISDICTION, VERY CLEARLY. WHOEVER THE
14  INSURER MAY HAVE BEEN AT ONE TIME OR FOREVER IS
15  IRRELEVANT TO THAT ISSUE. IF THEY HAD AN INSURER THEY
16  ADD THEM AS AN INSURER FOR RECORDED IN THE VENUE AND
17  JURISDICTION THAT'S ESTABLISHED FOR THE -- YOUR
18  DEFENDANTS. I MEAN THAT'S -- THAT'S BEEN A LAW IN THIS
19  STATE FOR FIFTY YEARS. AND FOR HIM TO TAKE A CASE
20  WHICH BECAUSE OF THE NATURE OF THE PLEADING IS FILED IS
21  STAYING ON ALL OTHER MATTERS THAT I CAN'T PARTICIPATE
22  IN IT AND WOULD NOT WANT TO ANYWAY. I WANT THE CASE
23  MOVED TO WHERE IT BELONGS IN THE BEGINNING. EVEN IF HE
24  GETS THE RIGHT INSURANCE COMPANY FOR ONE OF THESE
25  PARTIES, IT'S NOT GOING TO BRING IT TO BATON ROUGE.
26  **THE COURT:**
27  WELL, IT'S A FOREIGN INSURER SO I WOULD HAVE THE
28  VENUE AND THE JURISDICTION IS HERE.
29  **MR. SALLEY:**
30  I'M SORRY? I JUST DIDN'T HEAR.
31  **THE COURT:**
32  NO, I WAS JUST SAYING, AMERICAN STEAMSHIP OWNERS,

7

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  WHO YOU SAID IS NO LONGER IN THE CASE, COUNSEL DID SAY
2  YOU HAVE NOT PROVIDED THEM ANYTHING APPROPRIATE TO AN
3  INSURE --
4  **MR. SALLEY:**
5  THEY'RE -- THEY'RE NOT HERE BUT, JUDGE, EVEN IF
6  THEY NAME THE INSURANCE COMPANY THAT MIGHT HAVE
7  COVERAGE, WHICH THEY DIDN'T IN THIS CASE, THERE IS NO
8  INSURANCE PROPERLY NAMED IN THIS CASE, THAT DOESN'T
9  BRING THE JURISDICTION WITH THIS COURT.  AS MUCH AS I
10 MIGHT LIKE BATON ROUGE, HAVING SPENT MOST OF MY LIFE UP
11 HERE, LOVE TO HAVE THE CASE UP HERE, IT DOES NOT BELONG
12 HERE AND THE LAW PROVIDES THE BENEFIT TO THE DEFENDANTS
13 IN THIS CASE OF HAVING LITIGATION FILED WHERE THEY ARE
14 REGISTERED AND ARE REALLY IN BUSINESS.  ALL RIGHT.
15 THEN YOU'RE IN JURISDICTION.  SO IT DOESN'T MATTER WHO
16 THE INSURANCE COMPANY WAS, IT DOESN'T MATTER WHETHER
17 IT'S THE RIGHT INSURANCE COMPANY, THEY HAVE TO SUE THEM
18 AS WELL IN THE PROPER JURISDICTION AND VENUE AND IT'S
19 NOT WITH EAST BATON ROUGE PARISH.
20 **MR. SHEPPARD:**
21 YOU KNOW, MAYBE I COULD JUST PROVIDE THE CASE ON
22 POINT WITH THIS ISSUE -- I COULD HAND A COPY TO MR.
23 SALLEY.
24 **THE COURT:**
25 YES, SIR.
26 **COURT REPORTER NOTE:**
27 (DISCUSSION BETWEEN COUNSEL.)
28 **MR. SALLEY:**
29 I -- I DON'T NEED THAT.
30 **THE COURT:**
31 ALL RIGHT.  SO THAT'S -- I WOULD LOVE SEE IT.  I
32 JUST NEED YOU TO HAND IT TO THE COURT REPORTER.  THANK

8

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  YOU.
2  **MR. SHEPPARD:**
3      YES, YOUR HONOR. YOUR HONOR, THIS IS THE CASE
4  THAT I ALLUDED TO EARLIER WHICH IS N.B. INDUSTRIES
5  VERSUS C.N.A. I HAVE HIGHLIGHTED A PORTION ON THE
6  SECOND PAGE OF THE DOCUMENT. IT TALKS ABOUT THE
7  PARTIES WHO ARE INVOLVED IN THIS LAWSUIT. THIS IS A
8  MALPRACTICE LAWSUIT BROUGHT AGAINST SOME ATTORNEYS AND
9  THE CORPORATIONS THAT THEY HAD FORMED AS LAW CORPS.
10 AND IT TALKS ABOUT STEVEN DURIO, P.C., STAGG AND
11 ACKERMAN, A PROFESSIONAL -- A LOUISIANA PROFESSIONAL
12 CORPORATION, JOSH WEINSTEIN, A.P.L.C., A LOUISIANA
13 PROFESSIONAL CORPORATION, AND C.N.A. INSURANCE. AND IN
14 THIS CASE, THE DEFENDANTS -- IF YOU LOOK ON THE ON THE
15 -- UPPER RIGHT -- IT SAYS THAT THE DEFENDANTS ASSERTED
16 THAT THE PROPER PARISH TO PURSUE A MALPRACTICE CLAIM
17 AGAINST THE ATTORNEY IS IN THE PARISH OF THE ATTORNEYS
18 DOMICILE, AND THAT THE DEFENDANTS DIDN'T HAVE A PLACE
19 OF BUSINESS OR RESIDENCE IN THE DOMICILES OF EAST BATON
20 ROUGE PARISH AND THUS, VENUE WAS IMPROPER. MOVING TO
21 THE THIRD PAGE, THE COURT CITES TO THE GENERAL RULES OF
22 VENUE, LOUISIANA C.C.P. 42, UNDER 7. AND IN A
23 UNIVERSAL CITATION, THE COURT ADDS ITS EMPHASIS, (7); A
24 FOREIGN OR ALIEN INSURER SHALL BE BROUGHT IN THE PARISH
25 OF EAST BATON ROUGE. AND THE COURT THEN GOES ON TO
26 TALK ABOUT CIVIL CODE ARTICLE 2351. AND IT SAYS AN
27 INJURED PERSON OR HIS SURVIVORS OR HEIRS MENTIONED IN
28 SUBSECTION A, WHICH WOULD BE -- WHICH WOULD INCLUDE THE
29 PLAINTIFF IN THIS ACTION -- SUCH ACTION MAY BE BROUGHT
30 AGAINST THE INSURER ALONE, AGAINST BOTH OR -- I'LL READ
31 IT PROPERLY -- SUCH ACTION MAY BE BROUGHT AGAINST THE
32 INSURER ALONE, OR AGAINST BOTH THE INSURED AND INSURED

9

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  JOINTLY AND IN SOLIDO IN THE PARISH WHERE THE ACCIDENT
2  OR INJURY OCCURRED, OR IN THE PARISH WHICH THE ACTION
3  -- WHICH AN ACTION COULD BE BROUGHT AGAINST THAT OF THE
4  INSURED OR THE INSURED UNDER THE GENERAL RULES OF VENUE
5  PRESCRIBED BY THE CODE OF CIVIL PROCEDURE, ARTICLE 42
6  ONLY -- WHICH AGAIN, 42.7 SAYS, A FOREIGN OR ALIEN
7  INSURER SHALL BE BROUGHT IN THE PARISH OF EAST BATON
8  ROUGE.  YOU'D BE UNDER THE RIGHT SIDE OF THE -- THAT
9  SAME PAGE, THE COURT SAYS, AFTER A THOROUGH REVIEW WE
10 FIND THAT EAST BATON ROUGE PARISH IS A PROPER VENUE FOR
11 THIS SUIT UNDER THE LANGUAGE OF BOTH C.C.P. 42.7 AND --
12 AND R.S. 22.655.  WITH THAT ALONE MR. SALLEY'S ARGUMENT
13 JUST DOESN'T HAVE ANY MERIT.  WE'VE BROUGHT IN AMERICAN
14 STEAMSHIP TO THE SUIT, THEY HAVE BEEN SERVED, THEY HAVE
15 NOT ANSWERED.  IF WE'RE WRONG AND THAT IS NOT A PROPER
16 -- THAT'S NOT THE PROPER INSURANCE COMPANY, ALL MR.
17 SALLEY HAS TO DO IS TELL US.  TO THAT END, YOUR HONOR,
18 WE SPENT HOURS, AND HOURS, AND HOURS, DOING OUR OWN
19 RESEARCH TRYING TO FIND OUT WHO THE HECK WAS INSURING
20 THIS COMPANY IF WE WERE WRONG, AND WE DIDN'T FIND ONE.
21 THAT IT MIGHT BE A COMPANY CALLED, Q.B.E. -- Q.B.E.
22 INSURANCE.  BUT WE DON'T KNOW IF THAT'S ACCURATE
23 BECAUSE MR. SALLEY WON'T TELL US.  HE WON'T ANSWER
24 DISCOVERY, HE WON'T RESPOND TO EMAILS, HE WON'T RESPOND
25 TO LETTERS, HE WON'T EVEN CONFERENCE WITH US TO DEAL
26 WITH DISCOVERIES.
27     **THE COURT:**
28     SO IS Q.B.E. INFORMED OF INSURANCE?
29     **MR. SHEPPARD:**
30     YES, YOUR HONOR.
31     **THE COURT:**
32     ALL RIGHT.

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  **MR. SHEPPARD:**
2  THAT'S MY UNDERSTANDING. I HAVEN'T SEEN -- I DID
3  A SEARCH AND I DIDN'T SEE THEM AS A LOCAL INSURER.
4  **THE COURT:**
5  OKAY. ALL RIGHT. SO THE COURT IS READY TO RULE
6  ON, I BELIEVE, ALL EXCEPTIONS. BECAUSE THEY ARE ALL
7  RELATED. EXCEPTIONS OF IMPROPER VENUE IS -- IS DENIED.
8  **MR. SHEPPARD:**
9  THANK YOU, YOUR HONOR.
10 **THE COURT:**
11 UM-HMM.
12 **MR. SHEPPARD:**
13 WE HAVE TWO MINOR ISSUES IN FRONT OF YOUR COURT.
14 **THE COURT:**
15 OKAY.
16 **MR. SHEPPARD:**
17 ONE BEING A -- CAN WE -- WE SOUGHT LEAVE TO AMEND
18 OUR PETITION, TO ADD THAT Q.B.E. INSURANCE COMPANY, IF
19 MR. SALLEY LET'S US KNOW THAT IT'S ACCURATE, WE WILL
20 MOVE FORWARD WITH THAT.
21 **THE COURT:**
22 CERTAINLY.
23 **MR. SHEPPARD:**
24 AND ALSO TO ADD THE -- ANOTHER OWNER OF THE VESSEL
25 THAT WE DISCOVERED THROUGH A WEBSITE CALLED EQUASIS,
26 WHICH AMALGAMATES SHIPPING DATA. THERE HAS BEEN
27 ANOTHER, THERE APPEARS TO BE ANOTHER OWNER OF THE M.D.
28 DUSTIN DANIS, THE VESSEL THAT THE PLAINTIFF WAS INJURED
29 UPON.
30 **THE COURT:**
31 ALL RIGHT. YES, SIR. THE COURT WILL ALLOW YOU TO
32 AMEND THE PETITION TO INCLUDE ANY OWNERS OF THE VESSEL

11

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  AT ISSUE.
2  **MR. SHEPPARD:**
3  THANK YOU, YOUR HONOR. WE ALSO, WITH THIS, IN
4  TERMS OF DISCOVERY, SINCE YOU'VE RULED ON THE
5  EXCEPTIONS --
6  **THE COURT:**
7  UM-HMM.
8  **MR. SHEPPARD:**
9  WE ARE GOING TO ASK THAT MR. SALLEY FULLY RESPOND.
10 THE ONLY OBJECTIONS HE MADE WERE TO VENUE AND
11 JURISDICTION -- ARE WE -- ARE YOU GOING TO ALLOW -- IS
12 THE COURT GOING TO ALLOW MR. SALLEY TO RAISE ADDITIONAL
13 OBJECTIONS IN RESPONDING TO DISCOVERY? AND ALSO, WHEN
14 WILL DISCOVERY BE DUE?
15 **THE COURT:**
16 DO WE HAVE -- HAVEN'T WE HAD DEADLINES SET
17 ALREADY? YOU SAID, WHEN WILL DISCOVERY BE DUE?
18 **MR. SHEPPARD:**
19 SO, MR. SALLEY HAS A -- I'M SORRY -- R.E.C. MARINE
20 HASN'T RESPONDED TO THE DISCOVERY REQUESTS THAT WE SENT
21 TO THEM. THEY OBJECTED WHOLESALE TO EVERYTHING AS THEY
22 -- ON THE BASIS OF IMPROPER VENUE AND ALSO AS TO JUST
23 -- JUST GENERAL JURISDICTION OF THE COURT.
24 **THE COURT:**
25 UM-HMM.
26 **MR. SHEPPARD:**
27 THEY HAVE RAISED NO OTHER OBJECTIONS TO THE
28 DISCOVERY THAT WAS PROPOUNDED, AND WE WOULD LIKE FOR
29 THEM TO RESPOND TO THE DISCOVERY. AND I WAS WONDERING
30 IF THE COURT WAS GOING TO ALLOW THEM TO --
31 **THE COURT:**
32 HOW MUCH TIME WILL YOU NEED TO RESPOND TO THE

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

1  DISCOVERY?
2  **MR. SALLEY:**
3  LET ME -- LET ME COMMENT TO THAT. NO DISCOVERY
4  CAN BE ISSUED BY A PARTY THAT HAS EXCEPTIONS PENDING
5  AGAINST THEM ON THE BASIS OF VENUE AND JURISDICTION.
6  THOSE HAVE TO BE RESOLVED BEFORE ANY DISCOVERY CAN
7  START.
8  **THE COURT:**
9  ALL RIGHT. SO THAT ISSUE HAS BEEN RESOLVED TODAY.
10 HOW MUCH TIME DO YOU NEED TO COMPLETE THE DISCOVERY?
11 **MR. SALLEY:**
12 I -- I HAVEN'T EVEN LOOKED AT THEM. I DON'T EVEN
13 KNOW IF IT'S DIRECTED TO A CLIENT I REPRESENT. BUT I
14 AM SURE THE FIFTEEN TO THIRTY DAYS IS ADEQUATE.
15 **THE COURT:**
16 OKAY. THIRTY DAYS TO RESPOND TO THE DISCOVERY;
17 OKAY?
18 **MR. SHEPPARD:**
19 IS HE GOING TO BE GIVEN THE OPPORTUNITY TO RAISE
20 ADDITIONAL OBJECTIONS OR -- SINCE THEY -- BECAUSE, YOUR
21 HONOR, IT'S -- THAT WASN'T A CORRECT STATEMENT THERE.
22 MR. SALLEY EVEN ADMITS IN HIS OBJECTION THAT I WAS --
23 THAT PLAINTIFF WAS ENTITLED TO DISCOVERY BASED ON VENUE
24 AND JURISDICTION. AND THE FACT THAT HE DIDN'T EVEN
25 READ THE DISCOVERY, IT'S KIND OF PROBLEMATIC IN RAISING
26 THAT OBJECTION BY ITSELF. SO I'M -- I'M JUST WONDERING
27 IF HE IS GOING TO BE GIVEN THE OPPORTUNITY AT THE
28 SECOND BITE AT THE APPLE TO RAISE ALL OF THESE OTHER
29 OBJECTIONS AND STONEWALLS AGAIN.
30 **MR. SALLEY:**
31 OBJECTION. THERE HASN'T BEEN ANYBODY STONEWALLING
32 ANYBODY. ONE LAWYER IN THE CASE HAS ATTEMPTED TO

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

FOLLOW THE RULES OF THE COURT IN LOUISIANA. ONE HAS IGNORED. AND I'LL BET YOU -- I'LL BET YOU --

**THE COURT:**

HE WILL BE ALLOWED TO AN OPPORTUNITY TO MAKE ANY OBJECTIONS THAT -- OR HE FEELS IS APPROPRIATE. THE COURT OVERRULES.

**MR. SHEPPARD:**

OF COURSE, YOUR HONOR. OKAY. THAT'S FAIR.

**THE COURT:**

OKAY?

**MR. SHEPPARD:**

THANK YOU, YOUR HONOR.

**THE COURT:**

ALL RIGHT. WILL YOU PREPARE THE JUDGMENT, SIR. THANK YOU MR. SHEPPARD.

**MR. SHEPPARD:**

THANKS JUDGE.

**THE COURT:**

ANYTHING TO ADD, ATTORNEY CLAYTON?

**MR. CLAYTON:**

NO, YOUR HONOR. ARE YOU HAVING A WONDERFUL DAY TODAY?

**THE COURT:**

SO FAR, SO GOOD. THANK YOU.

**MR. SHEPPARD:**

WELL, WE HOPE THE TRIAL GOES WELL THIS AFTERNOON, YOUR HONOR.

**THE COURT:**

WELL, WE HOPE TO RECEIVE AN EMAIL SAYING IT'S BEEN SETTLED, OTHERWISE WE WILL BE READY.

**MR. SHEPPARD:**

MAY WE BE EXCUSED?

14

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

**THE COURT:**

YES, YOU MAY BE EXCUSED, CERTAINLY.

**COURT REPORTER NOTE:**

(PROCEEDING ENDED AT 11:08 A.M.)

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

### R E P O R T E R ' S   P A G E

I, SUSAN WILLIAMS LEE, CERTIFIED COURT REPORTER IN AND FOR THE STATE OF LOUISIANA, THE OFFICER, AS DEFINED IN RULE 28 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND/OR ARTICLE 1434(B) OF THE LOUISIANA CODE OF CIVILE PROCEDURE, BEFORE WHOM THIS PROCEEDING WAS TAKEN, DO HEREBY STATE ON THE RECORD:

THAT DUE TO THE INTERACTION IN THE SPONTANEOUS DISCOURSE OF THIS PROCEEDING, DASHES (--) HAVE BEEN USED TO INDICATE PAUSES, CHANGES IN THOUGHT, AND/OR TALK-OVERS; THAT SAME IS THE PROPER METHOD FOR A COURT REPORTER'S TRANSCRIPTION OF PROCEEDING, AND THAT THE DASHES (--) DO NOT INDICATE THAT WORDS OR PHRASES HAVE BEEN LEFT OUT OF THIS TRANSCRIPT;

THAT ANY WORDS AND/OR NAMES WHICH COULD NOT BE VERIFIED THROUGH REFERENCE MATERIAL HAVE BEEN DENOTED WITH THE PHRASE "(SPELLED PHONETICALLY)." "(INAUDIBLE)" PORTIONS OF THE TRANSCRIPT WERE DUE TO INTERRUPTION OR INAUDIBLE RESPONSES DUE TO NOISE DURING THIS PROCEEDING.

*Susan Williams Lee, CCR*
SUSAN WILLIAMS LEE, CCR
OFFICIAL COURT REPORTER
2015005

GRIFFIN VS. REC MARINE, LLC, ET AL, CASE NO: C682146

### C E R T I F I C A T E

THIS CERTIFICATION IS VALID ONLY FOR A TRANSCRIPT ACCOMPANIED BY MY ORIGINAL SIGNATURE AND ORIGINAL REQUIRED SEAL ON THIS PAGE.

I, SUSAN WILLIAMS LEE, OFFICIAL COURT REPORTER IN AND FOR THE STATE OF LOUISIANA, EMPLOYED AS AN OFFICIAL COURT REPORTER BY THE NINETEENTH JUDICIAL DISTRICT COURT FOR THE STATE OF LOUISIANA, DO HEREBY CERTIFY THAT THIS TESTIMONY WAS REPORTED BY ME, IN THE STENO-MASK REPORTING METHOD, WAS PREPARED AND TRANSCRIBED BY ME, SUSAN WILLIAMS LEE, CCR, OR UNDER MY PERSONAL DIRECTION AND SUPERVISION, AND IS A TRUE AND CORRECT TRANSCRIPT TO THE BEST OF MY ABILITY AND UNDERSTANDING;

THAT THE TRANSCRIPT HAS BEEN PREPARED IN COMPLIANCE WITH TRANSCRIPT FORMAT GUIDELINES REQUIRED BY STATUTE, OR BY RULES OF THE BOARD, OR BY THE SUPREME COURT OF LOUISIANA;

THAT I AM NOT OF COUNSEL, NOT RELATED TO COUNSEL OR THE PARTIES HEREIN, NOR AM I OTHERWISE INTERESTED IN THE OUTCOME OF THIS MATTER.

WITNESS MY HAND THIS 18TH DAY OF DECEMBER, 2019.

*Susan Williams Lee, CCR*
SUSAN WILLIAMS LEE, CCR
OFFICIAL COURT REPORTER
19TH JUDICIAL DISTRICT COURT
CCR #20155005