# Daniel Sheppard

| | |
|---|---|
| **From:** | Daniel Sheppard |
| **Sent:** | Thursday, January 9, 2020 4:59 PM |
| **To:** | fsalleyA |
| **Cc:** | John Sheppard |
| **Subject:** | Griffin v. REC Marine et al. |
| **Attachments:** | 1905004 Discovery Plaintiff_s Requests _ Responses Morrow _ Sheppard LLP GOL LLC 01-09-2020.pdf |

Fred,

The attached documents have been faxed and mailed to you today.  Please see attached for service.

Regards,
Daniel

—
**Daniel E. Sheppard**



Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
**T**:  713-489-4815  **F**: 713-893-8370
**E**: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

**EXHIBIT 29**

# FAX COVER SHEET

**To:** Fred Salley    **From:** Ramona Anaya

**Company:** Morrow and Sheppard LLP    **Date:** January 09, 2020

**Fax Number:**    **Pages (Including cover):** 13

**Re:** Griffin v. REC Marine Logistics et al; Cause No. C-682146; In the 19th Judicial District Court for the Parish of East Baton Rouge (Section 27)

**Notes:**



3701 Kirby Dr, Suite 1000
Houston, Texas 77098
www.morrowsheppard.com

Daniel E. Sheppard | dsheppard@morrowsheppard.com | 713.489.1206

January 9, 2020

<u>**VIA FACSIMILE AND US MAIL**</u>

Salley & Associates
ATTN: Fred Salley, Esq.
Post Office Box 3549
Covington, LA 70434
Fax No.: 985-867-8927

**Re:** **Griffin v. REC Marine Logistics et al; Cause No. C-682146; In the 19th Judicial District Court for the Parish of East Baton Rouge (Section 27)**

Fred,

Enclosed please find Notice of Hearing on Plaintiff's Motion for Contempt and Sanctions. Additionally, I've included Plaintiff's First Set of Interrogatories and Request for Production to GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services, LLC.

Regards,

*/s/Daniel E. Sheppard*

Daniel E. Sheppard

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al. | * | |
| *Defendants.* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF HEARING

To: Fred E. Salley (Salley & Associates; P.O. Box 3549; 77378 Hwy 1081, Cretien Annex; Covington, Louisiana 70434) and William J. Riviere (Phelps Dunbar LLP; Canal Place | 365 Canal Street, Suite 2000; New Orleans, Louisiana 70130)

Please take notice that Plaintiff's Motion for Contempt and for Sanctions Resulting from Defendant REC Marine Logistics, LLC's Refusal to Follow the Court's Order Compelling Discovery is set for oral hearing on January 27, 2020 at 9:30 a.m.

Respectfully submitted:

MORROW & SHEPPARD, LLP

Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

*Attorneys for Plaintiff, McArthur Griffin*

## CERTIFICATE OF SERVICE

I certify that this document was sent to counsel of record via U.S. Mail (certified and first class), email, and facsimile on January 9, 2020.

_____
Daniel E. Sheppard

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc.; Offshore Transport Services; and | * | |
| QBE Insurance (Europe) Limited | * | |
| *Defendants.* | * | |

*********************************************************************

## INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO: GOL, LLC
Gulf Offshore Logistics, LLC
Offshore Transport Services, LLC
c/o Fred E. Salley
Salley & Associates
P.O. Box 3549
77378 Hwy. 1081
Covington, Louisiana 70434

**NOW COMES PLAINTIFF, MCAUTHOR GRIFFIN**, through undersigned counsel, who propounds the following Interrogatories and Requests for Production of Documents upon **GOL, LLC; GULF OFFSHORE LOGISTICS, LLC; and OFFSHORE TRANSPORT SERVICES, LLC** in accordance with notice under the provisions of the Louisiana Code of Civil Procedure, Articles 1457, 1458, 1459, 1428, 1461, and 1491, as follows:

### DEFINITIONS AND INSTRUCTIONS FOR USE

1. "Plaintiff" means the Plaintiff(s) named in this lawsuit.

2. The "Incident" means the incident at issue in this lawsuit, specifically, the incident that occurred on or about May 25, 2018, and/or the date Plaintiff suffered a

1

shoulder injury while working on the MV Dustin Danos. Further allegations and context are contained in Plaintiff's Original (and/or any Amended) Petition for Damages.

3. "Defendant GOL" means GOL, LLC and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

4. "Defendant Gulf Offshore Logistics" means Gulf Offshore Logistics, LLC and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

5. "Defendant Offshore Transport Services" means Offshore Transport Services, LLC and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

6. The "Location" or "Premises" means the location where the Incident occurred.

7. "Claim" means all claims for reimbursement of damages allegedly caused by the Incident, including insurance claims.

8. "That relate to" or "related to" means regarding, relating to, referring to, pertaining to, describing, evidencing, supporting, or discussing the referenced matter.

9. "Correspondence" means written communications of any kind including documents, electronic message, or other form of recorded information that is mailed, faxed, emailed, sent by text message, sent by instant message, posted to the internet or social media, or otherwise transmitted or communicated between persons or entities.

10. "Documents" are every original (or copies if you do not have originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts,

photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, any other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

11. "Materials" are all documents and correspondence.

12. "Each" means each and every.

13. "Including" means including but not limited to.

14. "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

15. "Petition" or "Complaint" means a pleading seeking relief in this cause.

16. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be considered outside its scope.

17. The use of the singular form of any word includes the plural and vice versa.

18. "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

19. "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, cables or some other electronic or other medium.

20. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

# PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all owners and operators of the MV Dustin Danos at the time of the Incident.

**INTERROGATORY NO. 2.** Identify the company or companies that chartered the MV Dustin Danos on the date of the Incident by providing the names of all parties to the charter agreement(s)/contract(s), date of the agreement(s)/contract(s), and a statement as to whether the agreement(s)/contract(s) were written.

**INTERROGATORY NO. 3.** State fully and completely (1) how the alleged Incident happened, providing in your answer a complete chronology of events beginning one hour prior to the Incident and one hour after the Incident and (2) all factors or events which you believe caused or contributed to the cause of the Incident.

**INTERROGATORY NO. 4.** Fully describe any statements, either oral or written, given to you, or to any of the defendants' agents or employees, or your insurance carrier by the Plaintiff at the time of the Incident, specifying whether the statement was oral or written, to whom it was given, the name, address, phone number, and employer of the person to whom it was given, the substance of the statement; and who, if the statement is in written or recorded form, is its present custodian.

**INTERROGATORY NO. 5.** Give the substance of all conversations, and of any written or oral communications or statements made by the Plaintiff to you, to any of your agents or employees, or to your insurance carrier, concerning Plaintiff's ongoing medical problems related to the Incident.

**INTERROGATORY NO. 6.** Specify whether any of your agents or employees, your insurance carrier, or your legal representative ever took or received any oral or written statement from any person who witnessed the accident/incident, or who has any information or knowledge about it and give details regarding the nature of the statement, the person giving the statement, the person receiving the statement, the person taking the statement, the substance of the statement, the date of the statement; and if the statement is in written or recorded form, its present custodian.

**INTERROGATORY NO. 7.** List the name, address, qualifications and area of expertise of each expert witness you intend to call at trial; summarize each opinion that will be given, and specify the facts upon which each opinion is based.

**INTERROGATORY NO. 8.** The Louisiana Secretary of State identifies the same address for non-insurance named defendants at 4535 Highway 308, Raceland, LA 70394. Identify the nature of the business relationship between REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, and Offshore Transport Services LLC.

**INTERROGATORY NO. 9.** For each person present on the day of the Incident, identify whether they have ever been employed by REC Marine Logistics LLC, GOL LLC, or Gulf Offshore Logistics LLC, Offshore Transport Services LLC and, if so, provide the dates of employment.

**INTERROGATORY NO. 10.** Identify the insurance company or insurance companies that provide maintenance and cure benefits for (a) REC Marine Logistics LLC; (b) GOL LLC; (c) Gulf Offshore Logistics LLC; and (d) Offshore Transport Services LLC. This interrogatory also specifically requests that Defendant identify all liability insurance policies and/or any and all other liability policies, and any and all excess liability policies and umbrella policies.

**INTERROGATORY NO. 11.** Please identify: (1) each time a maintenance payment was made to Plaintiff and the amounts of said payments; (2) each time a cure payment was made on behalf of Plaintiff, including the amount of the payment and to what person or entity the payment was made; (3) any lapses in maintenance payments; (4) the basis for any lapses in maintenance payments; (5) the name, address, and job title of the person or persons responsible for ensuring maintenance payments were made to the Plaintiff; (6) the name, address, phone number, and job title of person or persons who made the decision to refuse to provide Plaintiff with the name and contact information of the insurance carrier(s) that provided maintenance and cure benefits to Plaintiff; (7) the name, address, phone number, and job title of the person or persons who made the decision to terminate Plaintiff's maintenance and cure benefits; (8) the basis for terminating Plaintiff's maintenance and cure benefits.

**INTERROGATORY NO. 12.** Please identify any prior incidents/injuries that occurred on vessels captained by Captain Mike Hogan (the captain of the MV Dustin Danos at the time of the Incident) for the 3 years leading up to the Incident until the date of the trial.

**INTERROGATORY NO. 13.** Please identify the name, address, phone number, and employer of the person operating the crane during the offshore basket transfer at the time the Incident occurred.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**REQUEST 1:** Produce all materials referencing the Incident.

**REQUEST 2:** Produce all materials referencing the Plaintiff.

**REQUEST 3:** Produce all documents reflecting the value of the *M/V Dustin Danos.*

**REQUEST 4:** Produce all documents reflecting surveys taken of the *M/V Dustin Danos* to determine its value.

**REQUEST 5:** Produce all documents reflecting the amount earned as a result of any chartering agreements involving the *M/V Dustin Danos* that were in place on or about May 25, 2018.

**REQUEST 6:** Produce all policies, procedures, and manuals for (a) operations, (b) safety, (c) investigations of incidents, (d) responses to incidents, (e) contractors and employees in effect at the time of the Incident directly or indirectly pertaining to MV Dustin Danos or the work thereon related to the Incident, as well as any changes to those policies and procedures following the Incident.

**REQUEST 7:** Please provide a complete certified copy of any and all liability insurance policies and/or any and all other liability policies, and any and all excess liability policies and umbrella policies which would have been in full force and effect on or about the day of the Incident, and insuring Defendant REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, and Offshore Transport Services LLC, for this accident/ incident.

**REQUEST 8:** Please provide a copy of all notes, correspondence, memoranda, or other documents between Plaintiff and REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC, and Offshore Transport Services LLC.

**REQUEST 9:** Please provide a copy of any and all statements you contend were made by Plaintiff or any Defendant.

**REQUEST 10:** Please provide a copy of any and all photographs taken by Defendant and/or anyone on your behalf of the accident site and/or individuals involved in this accident.

**REQUEST 11:** Please provide a copy of any and all photographs and/or videotapes and/or other surveillance information which you have pertaining to any and all surveillance of Plaintiff.

**REQUEST 12:** Please provide a copy of any and all reports, memoranda, correspondence, medical records, accident reports, documents and/or information and exhibits which you intend on introducing into evidence at the trial of this matter.

**REQUEST 13:** Please provide a copy of all photographs of the area taken subsequent to the accident.

**REQUEST 14:** For the date of the accident/incident, the work and payroll records of the employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos and records of any reports filed, if any document is withheld on any claim of privilege or otherwise, set forth the basis of the privileged claim, the author of the document, the date of the document, the recipient or intended recipient of the document, a brief description of the substance of the document; all persons who receive copies of the document or were shown copies of the document, along with an identification of each person.

**REQUEST 15:** Produce all contracts between the Defendants named in this lawsuit governing the work or relationships at the time of the Incident, as well as all such contracts with any other parties governing the work at the time of the Incident.

**REQUEST 16:** Produce all documents sufficient to reflect the ownership of the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 17:** Produce all documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos at the time of the Incident and presently.

**REQUEST 18:** Produce all sign-in sheets, JSAs, daily logs, daily reports, and company records pertaining to the MV Dustin Danos for the day of the Incident, one month prior to the Incident, and one month following the Incident.

**REQUEST 19:** Produce documents sufficient to identify the name, employer, address, and telephone number of the persons and entities present at the time of the Incident, as well as one month prior to and following the Incident.

**REQUEST 20:** Produce all documents and communications regarding the Plaintiff, including but not limited to documents regarding Plaintiff's physical condition and physicals, medical history and conditions, medical records and logs, workers' compensation claims, maintenance and cure, disability records, employment history and files, criminal history, drug testing, earnings and income and compensation records, surveillance, photos, videos, recordings, training, certifications, internal notes and communications regarding Plaintiff, communications with third-parties regarding Plaintiff, payments made to Plaintiff, Marine Index Bureau Reports, U.S. Coast Guard Discharges, and anything signed by Plaintiff or provided to Plaintiff.

**REQUEST 21:** All agreements regarding this Lawsuit or the Incident, including but not limited to agreements between Defendants, settlement agreements, Mary Carter agreements, agreements to testify, and agreements with witnesses.

**REQUEST 22:** Produce the documents that reflect the facts stated in Defendant's interrogatory answers.

**REQUEST 23:** Produce the personnel, employment, and training files of all supervisors present on the day of the Incident, as well as one day prior and one day following the Incident.

**REQUEST 24:** Produce copies of all cancelled checks issued to Plaintiff as maintenance payments.

**REQUEST 25:** Produce Captain Mike Hogan's (the captain of the MV Dustin Danos at the time of the Incident) personnel file.

**REQUEST 26:** Produce copes of any reprimands given to Captain Mike Hogan by Defendant or any governing authority related to his actions as an employee and/or duties onboard vessels, ships, etc.

**REQUEST 27:** Produce the documents Defendant intends to use at trial or in support of any dispositive motions.

**REQUEST 28:** Produce all materials prepared by or reviewed by Defendant retained experts.

These Interrogatories and Requests for Production of Documents are deemed continuing.

MORROW & SHEPPARD, LLP

*[signature]*

Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631
*Attorneys for Plaintiff, McArthur Griffin*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record via fax, email, First Class U.S. Mail and CMRRR (properly addressed and postage prepaid), on January 9, 2020.

Daniel E. Sheppard