# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN | § |
| | § |
| Plaintiff | § |
| | § CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § |
| *Versus* | § |
| | § |
| REC MARINE LOGISTICS LLC, ET AL. | § **TRIAL BY JURY DEMANDED** |
| | § |
| Defendants | § |

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO REC MARINE LOGISTICS LLC ET AL.'S MOTION TO STAY

Plaintiff files this response to the Non-Insurance Defendants' motion to stay (Dkt. 20). The Non-Insurance Defendants' motion to stay should be denied for the following reasons:[1]

### I.   BACKGROUND

This case is over a year old. It was removed to federal court in February 2020.

Two of the Non-Insurance Defendants (GOL and Gulf Offshore) have not served Initial Disclosures. None of the Non-Insurance Defendants have properly complied with discovery in general, including discovery that has already been ordered to be produced and disclosed in state court.[2]

On May 14, 2020, Plaintiff filed a motion to enforce, compel discovery, and for sanctions for violation of orders. Dkt. 15. No response was filed.

---

[1] Plaintiff refers to REC Marine Logistics LLC, GOL LLC, Gulf Offshore Logistics LLC, and Offshore Transport Services LLC collectively as the "Non-Insurance Defendants."
[2] Plaintiff previously briefed the Court on the state of discovery, and the Defendants' non-compliance. *See* Dkt. 15. Plaintiff incorporates that briefing here.

On May 14, 2020, the Court held a status conference with the parties, and outstanding discovery and motions were discussed. *See* Dkt. 17 (conference report). Counsel for the Non-Insurance Defendants stated a motion to dismiss would be forthcoming soon. *See* Dkt. 17 pg. 2 (conference report). The Court advised the parties that a stay of discovery must be sought by an appropriate motion, even if a motion to dismiss is filed. *See* Dkt. 17 pg. 2.

No motion to dismiss has been filed.

On May 22, 2020, some or all the Non-Insurance Defendants filed a motion to stay. Dkt. 20. The motion is unclear. It is unclear who it is brought by (*i.e.*, "REC *et al.*"), and it is potentially unclear as to scope and relief sought. *See generally* Dkt. 20. The motion itself seeks a stay of "any and all proceedings against it." Dkt. 20. The memorandum in support references a stay from "Plaintiffs motions," but also seeks relief from "any and all further actions and proceedings."[3] Dkt. 20-2 pg. 1. The proposed order seeks a stay from "Motions or other proceedings against it/them". Dkt. 20-1. The sole reason given in the motion for a stay is that this case may be transferred back to state court. *See* Dkt. 20.

## II.   ARGUMENT AND AUTHORITY

The Non-Insurance Defendants consented to removal. *See* Dkt. 1 pg. 5. Despite consenting to removal, the Non-Insurance Defendants seek to have "all proceedings" against them stayed in the event this case returns to state court. *See* Dkt. 20. Presumably, a stay of "all proceedings" would mean that the Non-Insurance Defendants do not have to engage, respond, or participate in any proceedings whatsoever until that point.

---

[3] Plaintiff only has one pending motion. Dkt. 15 (Motion to Enforce, Compel Discovery, and For Sanctions).

The Non-Insurance Defendants cite no authority for the extraordinary relief in support of their motion to stay. *See* Dkt. 20. Potential jurisdiction issues do not stay discovery, and do not stay all proceedings. In fact, the opposite is true. The Federal Rules of Civil Procedure mandate that parties must disclose certain information without awaiting a discovery request. *See* FED. R. CIV. P. 26(a)(1)(A). Moreover, the Fifth Circuit repeatedly has emphasized that even if a jurisdictional issue is raised, "an *opportunity* for discovery is required." *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (emphasis in original); *see also Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 n. 4 (5th Cir.1985); *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981) ("But still the district court must give the plaintiff an opportunity for discovery..."). The Court has broad discretion in all discovery matters and its "discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) (internal citations removed); *see also Jenkins v. City of Ruston*, CV 17-0963, 2019 WL 4551615, at *1 (W.D. La. Sept. 19, 2019) (the record reflects that extensive discovery was completed despite the court later determining that the court lacked subject matter jurisdiction).

Further, as stated above, the Non-Insurance Defendants have promised that motions to dismiss are forthcoming soon. Dkt. 17 (conference report). The Court will recall that the basis for the motions to dismiss are allegedly that, according to statements of counsel, certain parties were not involved in the incident, the vessel, or any other relevant issue. That is not true, and Plaintiff is entitled to discovery held by the Non-Insurance Defendants to prove that (some of which has already been ordered). *See* Dkt. 15. The Non-Insurance Defendants have only produced a handful of documents, including vessel logs and incident reports. *See* Exhibit 1 (disclosures and document

production).[4]  The Non-Insurance Defendants have not produced the documents and information ordered in state court.  *See* Dkt. 15 (motion to enforce).

The Non-Insurance Defendants did not respond to Plaintiff's motion to enforce.  *See* Dkt. 15.  Instead, the Non-Insurance Defendants unilaterally granted themselves a stay from even filing a response.  The Non-Insurance Defendants have also unilaterally granted themselves a stay of discovery, despite foreshadowing motions to dismiss are forthcoming.

The Non-Insurance Defendants do not get to unilaterally decide what discovery requests that they will respond to and do "not have the option of blocking the reasonable attempt of [plaintiff] to meet [his] burden of proof."  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 709 (1982); *Blanco v. Carigulf Lines*, 632 F.2d 656, 657-58 (5th Cir. 1980) (holding that Plaintiff is not required to rely on only the evidence the parties are willing to provide, an affidavit from Defendant).  In fact, Plaintiff is entitled to take discovery in order "to develop fully the necessary facts."  *Blanco v. Carigulf Lines*, 632 F.2d 656, 657 (5th Cir. 1980).

This case is over a year old and virtually no discovery has taken place.  Defendants have an obligation to engage in discovery in good faith.  *Cooper v. Paul Revere Life Ins. Co*., CIV. A. 96-2266, 1997 WL 325364, at *1 (E.D. La. June 12, 1997) ("Defendant has ignored its obligations to respond to discovery in good faith and been dilatory in making its responses, even after having been ordered to do so. Defendant must pay plaintiff $350.00 as a sanction in connection with the instant motion to compel.  FED. R. CIV. P. 37(a)(4)(A)").  Staying this case and all discovery until

---

[4] On information and belief, additional documents were mailed to undersigned's offices but have not been scanned into Plaintiff's electronic case system.  The attached exhibit is a sampling of the documents provided by REC Marine Logistics LLC and Offshore Transport Services LLC.  The Non-Insurance Defendants have by no means adequately responded to Plaintiff's requests for production and interrogatories.  GOL and Gulf Offshore still have not responded to Rule 26 disclosures, despite being advised by the Court that it expects all parties to respond to disclosures.

the jurisdictional issues are resolved does not make sense and would only serve to delay the prosecution of this matter, which has already been delayed over a year.

For this reason alone, the Non-Insurance Defendants' motion must be denied.

### III.   CONCLUSION AND PRAYER

Plaintiff requests that the Court deny the motion (Dkt. 20), grant Plaintiff the relief requested above as well as all other relief Plaintiff may be entitled.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/ Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
3701 Kirby Dr, Ste 1000
Houston, TX  77098
713.489.1206 tel
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
dsheppard@morrowsheppard.com
jsheppard@morrowsheppard.com

COUNSEL FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record via CM/ECF on June 12, 2020.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard