**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MCARTHUR GRIFFIN**                                        **CIVIL ACTION NO.**

**VERSUS**                                                            **20-92-BAJ-EWD**

**REC MARINE LOGISTICS, LLC,**
**ET AL.**

**TELEPHONE STATUS CONFERENCE REPORT AND ORDER**

A telephone conference was held before Magistrate Judge Erin Wilder-Doomes on June 19, 2020, with the following participants, as a follow-up to the May 14, 2020 telephone conference:

| | | |
|---|---|---|
| **PRESENT:** | **Daniel Sheppard** | **Fred E. Salley** |
| | **John Sheppard** | Counsel for Defendants, |
| | Counsel for Plaintiff, | REC Marine Logistics, LLC |
| | McArthur Griffin | GOL, LLC, Gulf Offshore Logistics, |
| | | LLC and Offshore Transport |
| | **Alan R. Davis** | Services, LLC |
| | Counsel for Defendant, | |
| | QBE Insurance (Europe) Limited | |

The Court inquired into the status of the parties' discussions regarding resolution of the issues raised with respect to the Court's subject matter jurisdiction previously discussed during the parties' April 16, 2020 and May 14, 2020 conference calls with the Court.[1] Counsel for Defendant QBE Insurance (Europe) Limited ("QBE") advised that QBE responded to the limited discovery requests propounded by Plaintiff McArthur Griffin ("Plaintiff"), which were discussed during the last conference call.  Plaintiff's counsel confirmed that they received QBE's responses, which state that there is no insurance coverage dispute between QBE and its insured, Defendant REC Marine Logistics, LLC ("REC Marine").  Counsel for QBE clarified that the discovery responses were qualified with several objections.  Plaintiff's counsel stated that they are currently evaluating whether subject matter jurisdiction exists under the Convention on the Recognition and

---

[1] *See* R. Doc. 13 and R. Doc. 17.

Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 201 *et seq.,* if there is no coverage dispute, because in Plaintiff's view, the arbitration clause of the policy at issue is arguably not triggered if there is no dispute.  Plaintiff avers that whether the Convention applies to the particular facts of this case appears to be a matter of first impression, as the authority Plaintiff has reviewed pertains to actual disputes that triggered arbitration clauses pre-removal.

QBE stated that the policy at issue is an indemnity policy governed by English law (which is not directly aligned with the Louisiana Direct Action Statute, La. R.S. § 22:1269) and that, by virtue of the fact it is an indemnity policy there could not be a coverage dispute until REC Marine pays a claim.  QBE contends that the Convention's broad grant of jurisdiction over matters relating to arbitration agreements applies in this case. QBE further stated that it believes admiralty jurisdiction also exists, but admiralty was not cited as basis for jurisdiction in the Notice of Removal.

Since counsel believe the question of subject matter jurisdiction under these facts to be an issue of first impression, they have engaged in several discussions regarding jurisdiction, and other practical matters to streamline this case.  Plaintiff made an oral motion for leave to file either a Motion to Remand (preserving any objections from Defendants) or a pleading specifying a basis for subject matter jurisdiction in two weeks. While the parties cannot confer jurisdiction by agreement, it will be helpful to understand the parties' positions regarding subject matter jurisdiction in this case.  With no opposition from Defendants, the Court will grant the Motion.

The Court advised the parties that, since this matter cannot proceed until the issue of subject matter jurisdiction is resolved, the Motions to Stay,[2] filed by REC Marine are unnecessary and will be terminated without prejudice to refiling after the issue of subject matter jurisdiction is resolved.

---

[2] R. Docs. 18-20.

Accordingly,

**IT IS ORDERED** that, **by no later than July 3, 2020**, Plaintiff McArthur Griffin shall file either a Motion to Remand or a pleading wherein a basis for the Court's subject matter jurisdiction is specified.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **TERMINATE** without prejudice the two Motions to Stay Pending Court Decision on Jurisdiction,[3] and Ex Parte Motion to Withdraw and Replace Motion to Stay,[4] all filed by Defendant REC Marine Logistics, LLC, for the reasons set forth herein.

Signed in Baton Rouge, Louisiana, on June 19, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] R. Docs. 18, 20.
[4] R. Doc. 19.