**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MCARTHUR GRIFFIN** | § |
| | § |
| **Plaintiff** | §CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § |
| *Versus* | § |
| | § |
| **REC MARINE LOGISTICS LLC, ET AL.** | §   **TRIAL BY JURY DEMANDED** |
| | § |
| **Defendants** | § |

## RESPONSE TO PRE-MATURE AND INCORRECT PLAINTIFF MOTION SEEKING TO ENFORCE INVALID, PREMATURE MOTION TO COMPEL

Now comes REC, *et. al.*, Defendants, in the captioned and entitled litigation, and opposes plaintiff's motion to compel and enforce its held over motion on discovery, which is still incomplete and awaiting a hearing, and court ruling, from this Court, as its status in East Baton Rouge Parish Court at the time of removal to federal court was a pending rehearing and reconsideration for numerous errors in the state court level.

Griffin's original suit against REC, *et. al.* filed in East Baton Rouge Parish District Court, was filed in an incorrect venue, (All legitimate named defendants were LLC's registered in LaFourche Parish) and under Louisiana Law, filing in the defendant's incorrect venue **LSA CCP Art 42** deprives the Court of **jurisdiction** over the parties improperly sued. The addition of only the **name** of an alleged foreign insurer, to a complaint title, with no attempt at service of summons, or attempt to flange the parties, is wholly ineffective to overcome the venue

and jurisdictional requirements of the Louisiana Code of Civil Procedure. Merely adding the name of a party to a complaint header (as was attempted here) does nothing to flange jurisdiction or further joinder of real issues against real parties, and must be disregarded by the Court. Such actions must be dismissed, and the plaintiff has to re-file suit in the proper Parish.

A legally appropriate, Declinatory Exception to venue and jurisdiction, pursuant to **LSA. CCP. Art. 925**, was properly filed in response to the invalid state court complaint. The EBR clerk's office, going through system upgrades, <u>completely</u> lost counsel's proper mailing address, then just quit attempting to serve counsel at all. There is a system's expert for EBRP available to testify about this disruption of Counsel's services, and Counsel will gladly call him to testify if given the opportunity to do so before this Court. Counsel had made arrangements to call the designated witness in state court during argument of numerous motions, but the removal to this Court occurred first, placing the witness's testimony, and counsel's pending motion to rehear\reverse the district court's erroneous ruling in abeyance.

Plaintiff's current pending motion attempts to enforce, an invalid, <u>non final,</u> and legally incorrect ruling by the District Court Judge in East Baton Rouge Parish. This ruling by a new

state District Court Judge, in East Baton Rouge Parish, was incomplete, non final, and already set for and awaiting a rehearing when the case was removed to federal district court. Both the District Court, and opposing Counsel, repeatedly violated the substantive and procedural due process rights of REC, *et. al*. through their repeated failures to provide mandatory prior, or any, legally required <u>notices</u> under Louisiana law. There were never any motions to set, or to serve, notices of contradictory hearings, or to obtain proper leave of court for filing pleadings, which could only be made following a notice and contradictory hearing in Court and a favorable ruling from the Court. See the REC, *et. al*. Motion to Review, Reverse, and Reconsider Court's prior incorrect rulings, which was filed in East Baton Rouge Parish, on or about 12th November 2019, but never heard, in part due to Counsel's sudden illness, and the Court's own need for added delays for unknown matters. Had the District Court rulings not been reversed by the EBR District Court Judge, under the very strange circumstances which had occurred during the period, Counsel **would** have promptly appealed the rulings to the Louisiana State Court of Appeal.

Additionally, on or about 23rd January 2020, Counsel filed a Memorandum in cumulative Opposition to several of Plaintiff's motion efforts, that were clearly in violation of both state and

federal constitutional service requirements. The appropriate assumption is that Counsel filed these documents in a desperate effort to keep what he had been improperly given by the new district court judge; without regard to the month's long lack of notice and lack of service on REC's Counsel, that Plaintiff had been relying on, because the EBR clerk's office had lost the location of Defense Counsel's service address.  The Clerk's Office simply quit making <u>any</u> effort to serve any pleadings on counsel for REC over a period of several months.

Accordingly, Griffin's current motion, and efforts to enforce invalid discovery to, and improper services on REC, of pleadings and discovery prior to this Court's assumption of jurisdiction over this case must be dismissed, and any services attempted on REC through its Counsel, prior to removal to federal court must be considered suspect, and as invalid, They were never made as required under state and federal law.

**Respectfully Submitted**

**/s/ Fred E. Salley**

**_____**
**FRED E. SALLEY, T.A.   (11665)**
**SALLEY & ASSOCIATES**
**77378 Hwy 1081**
**Covington, LA.  70435**
**Telephone: (985) 867-8830**
**All Defendants**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Postal Service, properly addressed and postage prepaid this 22nd day of July 2020, or by invoking USDC electronic filing.

                                      _____
                                          Fred E. Salley