UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| MCARTHUR GRIFFIN | § | |
| --- | --- | --- |
| Plaintiff | § § § | |
| | § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| *Versus* | § § § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | **TRIAL BY JURY DEMANDED** |
| Defendants | § § § | |

**PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO ENFORCE, COMPEL DISCOVERY, AND SANCTIONS FOR VIOLATING COURT ORDERS**

Plaintiff McArthur Griffin files this Reply to the Response filed by "REC, *et. al*." (s*ee* Dkt. 28, the "Response") to Plaintiff's Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders (*see* Dkt. 15, the "Motion"). Plaintiff assumes that the Response filed by "REC, *et. al*" (*see* Dkt. 28 pg. 1) was filed on behalf of REC Marine Logistics LLC ("Rec Marine"), Gulf Offshore Logistics LLC ("Gulf Offshore"), GOL LLC ("GOL"), and Offshore Transport Services LLC ("OTS")(collectively, the "Non-Insurance Defendants").

### I. NO OPPOSITION HAS BEEN MADE TO THE MOTION TO COMPEL AND FOR SANCTIONS AGAINST GULF OFFSHORE, GOL, AND OTS

In addition to other relief from Defendant Rec Marine (addressed below), Plaintiff's Motion also seeks to: (a) compel mandatory Rule 26 disclosures from Gulf Offshore, GOL, and OTS; (b) compel a complete response to unanswered requests for production and interrogatories sent to Gulf Offshore, GOL, and OTS on January 9, 2020; and (c) require the payment of attorneys' fees by Gulf Offshore, GOL, and OTS. *See* Dkt. 15 (Motion pg. 2-3); Dkt. 15-1 pg. 2-3, 14-16

(Memorandum in Support); Dkt. 15-30 (requests for production and interrogatories to Gulf Offshore, GOL, and OTS for which no response or objection has been made).

The Response does not address the above relief sought from Gulf Offshore, GOL, or OTS. *See generally* Dkt. 28 (Response). In the Response, there is no mention of Rule 26 disclosures by Gulf Offshore, GOL, or OTS (or Rec Marine for that matter), there is no mention of the requests for production or interrogatories sent to Gulf Offshore, GOL, or OTS (or Rec Marine for that matter), and there is no mention of attorneys' fees as an appropriate sanction from Gulf Offshore, GOL, or OTS (or Rec Marine for that matter). *See generally id*. Indeed, there is no mention of the relief sought by Plaintiff against Gulf Offshore, GOL, or OTS at all. *See generally id.* The only discernable arguments Plaintiff can identify are made in connection with Rec Marine's failure to comply with Judge Trudy White's prior and existing order against Rec Marine (addressed below). *See generally id.*

Local Rule 7(f) provides that, "Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available" and that "memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities appearing therefor…." *See* LR 7(f). Gulf Offshore, GOL, and OTS have filed no such response in compliance with Rule 7(f), and the Court should grant the relief sought against Gulf Offshore, GOL, and OTS. *See Advantage Roofing & Constr. of Louisiana, Inc. v. Landmark Am. Ins. Co.*, CV 16-677-JWD-RLB, 2017 WL 9517117, at *1 (M.D. La. Apr. 28, 2017) ("No opposition has been filed within the time period established by Local Rule 7(f). Accordingly, the Motion is unopposed."); *Peters v. Singh*, CV 16-842-SDD-RLB, 2020 WL 853517, at *14 (M.D. La. Feb. 20, 2020) ("Under Middle District Local Rule 7(f), the failure to oppose a motion is grounds for it to be granted…").

## II. REC MARINE'S ARGUMENTS AS TO THE ENFORCEMENT OF JUDGE WHITE'S ORDER ARE NOT VALID[1]

As to the relief sought against Rec Marine, Rec Marine makes a variety of unsupported and false and/or irrelevant arguments (some of which Plaintiff respectfully has difficulty deciphering) as to why Judge White's prior order against Rec Marine should be disregarded, including (a) that Plaintiff seeks to enforce an order regarding a "held over motion on discovery, which is still incomplete and awaiting a hearing, and court ruling";[2] (b) that there was a "pending rehearing and reconsideration for numerous errors in the state court level";[3] (c) that Plaintiff's suit was filed "in an incorrect venue" and that "plaintiff has to re-file suit in the proper Parish";[4] (d)

---

[1] In response to mandatory Rule 26 disclosures, Rec Marine and OTS have produced a total of 34 pages. This in no way complies with the documents Rec Marine should have produced in response to Judge White's prior order.

[2] This is not true, and not supported by any evidence. Plaintiff's motion to compel giving rise to Judge White's order was filed on September 13, 2019. Dkt. 15-17 (motion), Dkt. 15-18 (memorandum in support with exhibits). It was heard on September 23, 2019, and counsel for Rec Marine was present and participated. Dkt. 15-21 (hearing transcript). Judge White granted the motion, asked expressly counsel for Rec Marine how much time he needed to comply, and he responded, "I am sure the fifteen to thirty days is adequate." Dkt. 15-21 pg. 13 (hearing transcript). A written order issued, requiring Rec Marine's compliance by October 23, 2019 (*i.e.*, giving Rec Marine the full 30-days its counsel said was adequate at the hearing). Dkt. 15-21 (order). Thus, the motion was not "held over," it was not "incomplete," and it was expressly ruled upon.

[3] This is not true, misleading, and irrelevant. First, no motion for rehearing or reconsideration was filed before the date of compliance of Judge White's order (*i.e.*, October 23, 2019). *See* Dkt. 15-21 (order). Rec Marine offers no support for the proposition (and Plaintiff is aware of none) that Rec Marine can disregard a court order, later file a motion for reconsideration, not have the motion for reconsideration heard, and unilaterally and indefinitely stay execution of an outstanding order. Even if a motion for reconsideration had been timely filed (it was not), Rec Marine offers no support for the implied proposition that doing so stays the need to comply with a court order. Finally, the bases for Rec Marine's motion for reconsideration are merely re-hashed arguments that have already been rejected and/or shown to be false, arguments that Rec Marine continues to recycle here (*i.e.*, no venue, lack of notice for a hearing counsel attended and for which he was provided notice, etc.).

[4] This is not true, and the fact that Rec Marine continues to misrepresent venue law and facts to this Court (and on other issues) despite prior briefing, hearings, and rulings is in and of itself actionable. *See, e.g.*, Louisiana Code of Civil Procedure art. 42(7) (stating venue in East Baton Rouge Parish is where actions against foreign insurers "shall" be brought); Dkt. 1 pg. 2 ("Defendant QBE Insurance is a foreign insurer…") (Defendant QBE Insurance's removal notice);

that the East Baton Rouge clerk's office "just quit attempting to serve" counsel for Rec Marine and that it presumably had no notice;[5] (e) that Judge White's order was "invalid, <u>not final</u>, and legally incorrect,"[6] (f) that Judge White is a "new state District Court Judge,"[7] (g) that Rec Marine "**would** have promptly appealed the rulings to the Louisiana State Court of Appeal" had Judge White not revoked them.[8] *See generally* Dkt. 28 (Response)(emphasis in original). Each of these unsupported arguments (except for the experience of Judge White) are refuted by the evidence in the Motion. *See generally* Dkt. 15.[9]

While it is true that Rec Marine filed (but did not have heard) a baseless and late motion for reconsideration of Judge White's order after it was already in contempt of the order, this Court

---

Dkt. 15-22 (trial court order denying Rec Marine's motion to dismiss for lack of venue); Dkt. 15-20 (Plaintiff's response and legal authority in opposition to Rec Marine's venue challenge); Fed. R. Civ. P. 11(b) (requiring that legal contentions be supported by existing law and that factual contentions have evidentiary support); Fed. R. Civ. P. 11(c) (providing the courts have the power, on their own initiate, to impose sanctions for violations of Rule 11).

[5] This is not true, and Rec Marine provides no evidentiary support for the statement. *See, e.g.*, Dkt. 15-21 (hearing transcript on motion to compel at which counsel for Rec Marine participated and told court it needed 15-30 days to comply with court's order); Dkt. 15-22 (written order); Dkt. 15-23 (Plaintiff's letter to counsel for Rec Marine sending order and stating motion to enforce compliance would be filed if no response received); Dkt. 15-24 pg.1 (motion for contempt detailing that counsel for Plaintiff also called counsel for Rec Marine to address the order, and that counsel for Rec Marine stated they would not be responding and hung up).

[6] Not true, and wholly unsupported by any evidence, legal authority, or even argument. To date, Rec Marine has never substantively addressed the requests for production or interrogatories or even attempted to articulate why they are improper or otherwise objectionable.

[7] Irrelevant, disrespectful, and not true. On information and belief, Judge White has been on the bench since 2009.

[8] Rec Marine offers no legal authority for the proposition (and Plaintiff is aware of none) that orders can be disregarded if someone purportedly plans to appeal them, or that orders need not be appealed before the time to comply with the order. Further, Louisiana "jurisprudence is clear that a judgment from an order compelling discovery is an interlocutory judgment which is non-appealable, absent a showing that irreparable injury will result." LSA-C.C. arts. 1841 and 2083, *Roy v. Moity*, 225 So.2d 315 (La.App. 3rd Cir. 1969). *Winslow v. Goodyear Tire & Rubber Co.*, 359 So. 2d 699 (La. Ct. App. 1978).

[9] The entire Motion is not rehashed here, but some of the evidence to the contrary is addressed in footnotes 2-8,

instructed the parties at the April 16, 2020 status conference that it would not reconsider or allow a rehearing on Judge White's Order unless appropriate motions were filed in this Court. *See* Dkt. 14 (April 16, 2020 status conference report and Order)("Regarding motions that were pending in the state court at the time of removal, the Court practice requires that those motions be re-filed if they are to be considered by this Court."). No defendant has filed a motion for reconsideration, a motion for rehearing, or an appeal of Judge White's Order with this Court. *See* Docket.[10]

### III.   CONCLUSION AND PRAYER

The other arguments in the Response (all of which are unsupported) are refuted by the authorities and evidence attached in the Motion.

As detailed in the Motion (and un-responded to in the Response), there is a pattern of similar and serious litigation abuse by Rec Marine in other similar personal injury matters, which has led to appropriate discovery, monetary, and liability sanctions. Plaintiff requests all the relief sought in its Motion (including liability sanctions). In addition to the prejudice suffered by Plaintiff, Plaintiff's counsel continues to spend time and resources dealing with these issues. If the Court believes monetary sanctions are appropriate, Plaintiff respectfully requests the opportunity to submit final time records once they are no longer being incurred to respond to these issues.

---

[10] The Non-Insurance Defendants claim they "would" have appealed Judge White's order if the state court did not reverse its order denying the exception to venue and compelling Rec Marine to respond to Plaintiff's discovery requests. But they did not and could not.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/ Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
dsheppard@morrowsheppard.com
jsheppard@morrowsheppard.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record via CM/ECF on August 5, 2020.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard