UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MCARTHUR GRIFFIN**                                    **CIVIL ACTION NO.**

**VERSUS**                                              **20-92-BAJ-EWD**

**REC MARINE LOGISTICS, LLC,**
**ET AL.**

## TELEPHONE CONFERENCE REPORT AND ORDER

A telephone conference was held before Magistrate Judge Erin Wilder-Doomes on August 31, 2020,[1] with the following participants:

| | | |
|---|---|---|
| **PRESENT:** | **Daniel Sheppard** | **Fred E. Salley** |
| | Counsel for Plaintiff, | Counsel for Defendants, |
| | McArthur Griffin | REC Marine Logistics, LLC |
| | | GOL, LLC, Gulf Offshore Logistics, LLC and Offshore Transport |
| | **Alan R. Davis** | Services, LLC |
| | Counsel for Defendant, | |
| | QBE Insurance (Europe) Limited | |

The Court discussed several issues raised in the parties' First Supplemental and Amended Joint Status Report ("Report").[2] In the Report, Defendants REC Marine Logistics, LLC ("REC Marine"), GOL, LLC, Gulf Offshore Logistics, LLC and Offshore Transport Services, LLC ("the REC Marine Defendants") assert that they have never been properly served.[3] Review of the state court pleadings attached to the Notice of Removal reflects that the REC Marine Defendants filed exceptions of improper venue and jurisdiction, misjoinder, vagueness and improper use of pleadings.[4] The exceptions as to at least venue jurisdiction were heard in state court, with counsel for the REC Marine Defendants present, and were denied.[5]

---

[1] The conference was originally scheduled as a Scheduling Conference but was converted to a Telephone Conference so that the issues noted herein could be discussed. R. Docs. 27, 35, 36.
[2] R. Doc. 32.
[3] R. Doc. 32, p. 8.
[4] *See* R. Doc. 1-1, p. 20.
[5] R. Doc. 1-1, pp. 271-287 and particularly, p. 281.

CV38aT0:20

While the REC Defendants sought reconsideration of that ruling in state court, the hearing was continued twice and then the matter was removed to this Court.[6] Notably, after removal, the REC Marine Defendants filed an Answer,[7] but did not specifically raise any objections as to service or venue in a Fed. R. Civ. P. 12 motion either before or with their Answer as required by the Federal Rules of Civil Procedure. At most, the REC Defendants merely noted, in the introductory paragraph of their Answer, that the Answer, specifically and only on behalf of Defendant REC Marine, was made: "While at all times maintaining all non-inconsistent responses, claims, objections and assertions of the original Exceptions filed in East Baton Rouge Parish Louisiana State Court, Plaintiff, REC, where not inconsistent…." The Answer does not expressly assert any objections or affirmative defenses as to service, venue, or jurisdiction. Accordingly, the Answer of the REC Marine Defendants, unaccompanied by a Fed. R. Civ. P. 12 motion, appears to have waived any objections that the REC Marine Defendants had as to service and venue. However, the REC Marine Defendants will be given ten days, or until September 10, 2020, to file a motion presenting argument and legal authority as to any service or venue-related objections that they wish to assert, subject to their good faith obligations under Fed. R. Civ. P. 11[8] and possible sanctions if good faith is lacking.[9] Any motion shall address the issue of the effect of failure to

---

[6] R. Doc. 1-1, pp. 201, 213, 322.

[7] R. Doc. 14.

[8] Fed. R. Civ. P. 11(b) provides:  By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

[9] Fed. R. Civ. P. 11(c)(1) provides: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

file a Rule 12 motion and whether that constitutes waiver of the objections. Additionally, any motion must contain a certification signed by a client representative of the REC Marine Defendants that the representative understands and is aware of counsel's Fed. R. Civ. P. 11 obligations and the possibility that a party may also be sanctioned for a violation. Plaintiff shall have ten days from the filing of any motion by the REC Marine Defendants' related to this issue to file his opposition. No further briefing or continuances shall be allowed.

The Report also indicates discovery issues; specifically that the REC Marine Defendants have not responded to Plaintiff's discovery requests.[10] Plaintiff clarified that the requests at issue were propounded while the matter was pending in state court, and are the same ones at issue in Plaintiff's currently pending Motion to Enforce, Compel Discovery, and for Sanctions for Violating Court Orders.[11] As the requests at issue are the subject of the pending Motion to Enforce, the Court will rule upon the issues in due course.[12] The Report further reflects that Plaintiff has not received any and/or complete Fed. R. Civ. P. 26 disclosures from the REC Marine Defendants. Plaintiff's counsel stated that he has emailed counsel for the REC Marine Defendants several times regarding this issue to no avail. Counsel for the REC Marine Defendants stated that Fed. R. Civ. P. 26 disclosures have been provided for the REC Marine Defendants that, in the REC Marine Defendants' view, are the proper Defendants, *i.e.*, REC Marine and Offshore Transport Services, LLC, and that motions to dismiss will be filed as to the other REC Marine Defendants, *i.e.*, GOL, LLC and Gulf Offshore Logistics, LLC. The Court explained to the REC Marine Defendants that parties to the proceeding are required to participate in discovery unless and until they are dismissed

---

[10] R. Doc. 32, p. 9.
[11] R. Doc. 15.
[12] During a prior telephone conference, the Court advised Plaintiff that he could propound discovery requests to Defendants under the Federal Rules, rather than rely on the state court proceedings. Plaintiff chose to rely on the state court proceedings.

or a stay is entered in this matter, but no grounds have been asserted indicating that a stay of this matter is currently appropriate.

The Court advised the parties that a Scheduling Order entering the dates agreed-upon by the parties in the Report will be forthcoming.

Accordingly,

**IT IS ORDERED** that any motion asserting objections to service or venue, addressing waiver, and including the required Fed. R. Civ. P. 11 certification, must be filed by REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC and/or Offshore Transport Services, LLC **by no later than September 10, 2020**. Any opposition shall be filed **no later than 10 days** after the filing of the motion.

**IT IS FURTHER ORDERED** that all parties to this proceeding shall participate in discovery as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS FURTHER ORDERED** that a Scheduling Order entering the dates agreed-upon by the parties in the First Supplemental and Amending Joint Status Report will be forthcoming.

Signed in Baton Rouge, Louisiana, on September 8, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**