## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN § | |
| § | |
| Plaintiff § | |
| § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| § | |
| *Versus* § | |
| § | |
| REC MARINE LOGISTICS LLC, ET AL. § | **TRIAL BY JURY DEMANDED** |
| § | |
| Defendants § | |

### PLAINTIFF'S RESPONSE TO GULF OFFSHORE LOGISTICS, LLC AND GOL, LLC'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff files this Response to the motions for summary judgment of Defendants Gulf Offshore Logistics, LLC ("Gulf Offshore") and GOL, LLC ("GOL").

Gulf Offshore and GOL's motions for summary judgment should be denied because:

1. They both fail to cite any legal basis for the relief requested;

2. They have no genuine evidence supporting their motions—just a self-serving, conclusory affidavit that (a) is not based on the affiant's personal knowledge, (b) is inconsistent with partially developed record in this case, and (c) should be struck;

3. They are both operators of the MV Dustin Danos (based on the limited records available to Plaintiff despite discovery obstruction by Gulf Offshore and GOL);

4. They have resisted all discovery and have (a) not produced a single document, (b) not responded to a single interrogatory, and (c) refused to provide mandatory disclosures under Federal Rule of Civil Procedure 26, all which allow the Court to

deny Gulf Offshore and GOL's motions for summary judgment under Federal Rule of Civil Procedure 56(d).

Alternatively, Plaintiff requests that the Court defer considering the motion and allow Plaintiff time to take discovery from Gulf Offshore and GOL.

## I. PROCEDURAL HISTORY AND RELEVANT BACKGROUND FACTS

Over a year ago, on April 23, 2019, Plaintiff filed this lawsuit against Rec Marine Logistics LLC ("Rec Marine"), Gulf Offshore Logistics LLC ("Gulf Offshore"), GOL LLC ("GOL"), and foreign insurance provider American Steamship in the 19th Judicial District Court of East Baton Rouge Parish asserting Jones Act claims and related claims as a result of serious injuries he sustained aboard the M/V Dustin Danos in navigable waters in Louisiana, injuries for which he has undergone shoulder surgery, for which he is still undergoing treatment, which prevent him from working, and for which he is improperly being denied maintenance and cure. *See* Exhibit 1 (petition paras. V, VII, and VIII). The lawsuit was subsequently amended to add Offshore Transport Services LLC ("OTS") and additional foreign insurance provider QBE Insurance (Europe) Limited ("QBE Insurance") as additional defendants.

On January 9, 2020, well before Gulf Offshore and GOL filed their motions for summary judgement, Plaintiff sent requests for production and interrogatories to Gulf Offshore and GOL that seek documents and information that would allow Plaintiff to further respond to the claims raised in Gulf Offshore and GOL's motions for summary judgment. *See* Exhibit 2 (Requests for Production and Interrogatories). Plaintiff has specifically asked Gulf Offshore and GOL to (a) identify all of the owners and operators of the MV Dustin Danos at the time of Plaintiff's incident (Interrogatory 1); (b) identify the company or companies that chartered the MV Dustin Danos (Interrogatory 2); (c) identify the nature of the business relationship between Rec Marine, Gulf Offshore, GOL, and OTS (Interrogatory 8); (d) identify the company or companies that provide

maintenance and cure benefits for Rec Marine, Gulf Offshore, GOL, and OTS (Interrogatory 10); (e) the name, address, phone number, and job title for the person responsible for making maintenance and cure payments to Plaintiff; (f) the name, address, phone number, and job title of the person who made the decision to terminate Plaintiff's maintenance and cure benefits (Interrogatory 11); (g) work and payroll records for employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos (RFP 14); (h) contracts between Rec Marine, Gulf Offshore, GOL, and OTS governing the work or relationships at the time of the incident (RFP 15); produce documents reflecting the ownership of the MV Dustin Danos (RFP 16); produce documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos (RFP 17); all agreements regarding this lawsuit or the incident (RFP 21); personnel, employment, and training files for all supervisors present the day of the incident, one day prior to the incident, and one day after the incident (RFP 23).  *See* Exhibit 2 (Plaintiff's Requests for Production and Interrogatories to Gulf Offshore and GOL).

Gulf Offshore and GOL did not and have not responded to Plaintiff's Requests for Production and Interrogatories.[1]  *See* Exhibit 3 (declaration of D. Sheppard).  Gulf Offshore and GOL have not provided Rule 26 disclosures.  *See* Exhibit 3 (declaration of D. Sheppard).  In fact, Gulf Offshore and GOL, through counsel, claim they will *never* provide disclosures that are required by Federal Rule of Civil Procedure 26 ("Rule 26").  *See* Exhibit 4 (email from F. Salley dated August 12, 2020).

On August 31, 2020, Gulf Offshore and GOL were expressly instructed that they would need to participate in discovery.  *See* Dkt. 40 (Telephone Conference Report and Order) ("The

---

[1] Defendants' ongoing discovery abuse is the subject of Plaintiff's pending Motion to Enforce, Compel, and Sanctions for Violating Court Orders that was filed on May 14, 2020.  *See* Dkt. 15.

Court explained to [Gulf Offshore and GOL] that parties to the proceeding are required to participate in discovery unless and until they are dismissed."). In the month since being reminded by the Court of the need to participate in discovery, Gulf Offshore and GOL have still not provided Rule 26 disclosures, have produced no documents, and have not responded to Plaintiff's request for production and interrogatories. *See* Exhibit 3 (declaration of D. Sheppard).

On September 4, 2020, Gulf Offshore and GOL filed essentially identical motions for summary judgment. *See* Dkt. 37 and Dkt. 38 (Gulf Offshore and GOL's motions for summary judgment). Gulf Offshore and GOL cite no legal support for summary judgment—not a single case. *See generally* Dkt. 37 and Dkt. 38 (Gulf Offshore and GOL's motions for summary judgment).

Gulf Offshore claims it (a) has been out of business and idle for several years; (b) never employed Plaintiff; and (c) has nothing to do with the operation or management of the MV Dustin Danos. *See* Dkt. 37 (Gulf Offshore's motion for summary judgment. GOL claims it (a) has nothing to do with Plaintiff's job or employment; (b) never employed Plaintiff; and (c) has nothing to do with the operation or management of the MV Dustin Danos. *See* Dkt. 38 (GOL's motion for summary judgment). Gulf Offshore and GOL support their motions with an affidavit from Blaine Russell, an employee of Rec Marine. *See* affidavit of Blaine Russell.

To be clear, the sole support for Gulf Offshore and GOL's motions for summary judgment is a self-serving, conclusory affidavit that is not based on the affiants personal knowledge, and which is inconsistent with the partially developed record in this case (*see* chart below):[2]

---

[2] The Court may recall that Mr. Salley represented that Gulf Offshore and GOL do not have any documents responsive to Plaintiff's Requests for Production. Notably, Mr. Russell's affidavit is silent on this subject.

| **Gulf Offshore and GOL's False and Misleading Statements In the Affidavit** ||
|---|---|
| Gulf Offshore does not participate in the operation of any vessel and does not employ or manage any crew. *See* Russell Affidavit. | **WHY THIS IS FALSE AND MISLEADING**<br>Blaine Russell does not provide any factual basis regarding how this statement is based on his personal knowledge.<br><br>Gulf Offshore represents to the world that it manages the M/V Dustin Danos. *See* Exhibit 5 (Gulf Offshore Brochure).<br><br>Gulf Offshore's statement that it allegedly does not employ or manage a crew now is also misleading as it fails to address (a) whether it managed the crew aboard the MV Dustin Danos when Plaintiff was injured or before then; and (b) whether an employer/employee relationship existed between it and Plaintiff at the time of his injury. This statement further fails to address whether Gulf Offshore ever managed the vessel, and to explain why there is a brochure stating that it manages the vessel. The statement further fails to address whether Gulf Offshore ever performed maintenance on the MV Dustin Danos, set policies and procedures for the crew of the MV Dustin Danos, properly trained their employees, and provided proper supervision to the crew of the MV Dustin Danos. Further, the statement does not address whether Gulf Offshore provided Plaintiff with a safe work environment. |
| Gulf Offshore has been idle and not conducting business for several years. *See* Russell Affidavit. | **WHY THIS IS FALSE AND MISLEADING**<br>Blaine Russell does not provide any factual basis regarding how this statement is based on his personal knowledge.<br><br>Other evidences shows that Gulf Offshore is an active company. *See* Exhibit 6 (Information Certificate from Louisiana SOS for Gulf Offshore). Evidence demonstrates that Gulf Offshore continued to submit business filings with the Louisiana Secretary of State until |

| | |
|---|---|
| | January 8, 2020.  *See* Exhibit 7 (Information Certificate from Louisiana SOS for Gulf Offshore).  To date, Gulf Offshore has not filed a Certificate of Dissolution or Termination. *See* Exhibit 7 (Certificate of Existence).  Gulf Offshore's sign remained firmly planted outside of its offices until (at least) November 2018, which was several months *after* Plaintiff's incident.  *See* Exhibit 8 (Google Street View) <br><br> The foregoing demonstrates that Gulf Offshore has not been "idle" for several years.  Gulf Offshore has taken steps to remain in good standing with the State of Louisiana until, at least, January 8, 2020.Therefore, any claim otherwise is false and misleading. |
| Gulf Offshore does not manage the MV Dustin Danos.  *See* Russell Affidavit. | **WHY THIS IS FALSE AND MISLEADING** <br> Gulf Offshore is listed as the manager on the MV Dustin Danos on the Equasis website.  *See* Exhibit 9 (Equasis Printout). |
| GOL does not manage any vessel, including the MV Dustin Danos.  *See* Russell Affidavit. | **WHY THIS IS FALSE AND MISLEADING** <br> GOL also holds itself out to the world as the operator of the MV Dustin Danos.  *See* Exhibit 10 (GOL's Brochure). <br><br> GOL's claim that it does not manage the MV Dustin Danos is disproven by its own documents. |
| GOL has no operational or management function for Rec Marine or OTS and is only utilized to process payments. *See* Russell Affidavit. | **WHY THIS IS FALSE AND MISLEADING** <br> Rec Marine and OTS utilize the Operations Manual and Health, Safety, and Environmental Manual that was written by GOL.  *See* Exhibit 11 (Excerpt from Deposition Transcript of Blaine Russell); *see also* Exhibit 12 (Operations and HSE Manual). <br><br> The breadth and depth of GOL is evidence of GOL involvement in the operational and management function of other Defendants. |

Russell's statements are also contradicted by his prior sworn testimony in *REC Marine Logistics LLC v. Richard*; Cause Number 2:19-cv-11149; in the U.S. District Court for the Eastern District of Louisiana.[3] In *Richard*, Russell was asked what company is responsible for the of safety of crewmembers aboard the MV Dustin Danos. *See* Exhibit 11 at 43:24-44:3 (Excerpt of Deposition Transcript of Blaine Russell). Russell responded by explaining that GOL manuals were on the MV Dustin Danos. *See* Exhibit 11 at 44:4-5 (Excerpt of Deposition Transcript of Blaine Russell). Russell was asked whose safety policies Rec Marine Captains follow and pointed to the author of the safety policies Rec Marine follows--GOL. *See* Exhibit 11 at 44:16-19 (Excerpt of Deposition Transcript of Blaine Russell). The reason Rec Marine Captains follow GOL's safety manual is because Rec Marine does not have a safety manual of its own. *See* Exhibit 11 at 44:20-22 (Excerpt of Deposition Transcript of Blaine Russell). Russell even admitted some vessel documentation is "under GOL." *See* Exhibit 11 at 48:10-49:3 (Excerpt of Deposition Transcript of Blaine Russell).[4]

As the foregoing demonstrates, even on the current, partially developed record (that has been developed primarily by Plaintiff searching for documents contained in other cases), there are numerous disputes of material fact that preclude summary judgment. For this reason alone, Gulf Offshore and GOL's Motions for summary judgment must be denied.

Alternatively, Plaintiff requests that Gulf Offshore and GOL's Motions for summary judgment be denied or deferred, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

---

[3] The *Richard* case concerns a different person who was also injured aboard the MV Dustin Danos.
[4] Mr. Salley's claims that Gulf Offshore and GOL do not have any documents is disputed by Russell's testimony. Notably, Mr. Salley defended Russell in that deposition.

## II.    ARGUMENT AND AUTHORITY

A.    SUMMARY JUDGMENT STANDARD.

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "In determining whether summary judgment is appropriate, all of the evidence introduced and all of the factual inferences from the evidence are viewed in a light most favorable to the party opposing the motion and all reasonable doubts about the facts should be resolved in favor of the nonmoving party." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

"The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id*. (quotation omitted). "If, however, the moving party carries its initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine issue of material fact." *Id*.

B.    THERE IS EVIDENCE GULF OFFSHORE AND GOL ARE OPERATORS OF THE MV DUSTIN DANOS; THEREFORE THEY CAN BE HELD RESPONSIBLE FOR PLAINTIFF'S INJURIES

"…[A]n owner or an ***operator*** of a vessel can be liable for breach of the warranty of seaworthiness." *Mitchell v. Team Labor Force, LLC*, 2012 WL 2903342, at *4 (E.D. La. July 16, 2012) (*citing Baker v. Raymond Intern., Inc*., 656 F.2d 173, 181 (5th Cir.1981)) (emphasis added).

Gulf Offshore holds itself out as an operator of the MV Dustin Danos. *See* Exhibit 5 (Gulf Offshore Brochure). GOL also holds itself out as an operator of the MV Dustin Danos. *See* Exhibit

10 (GOL Brochure). As operators of the MV Dustin Danos, Gulf Offshore and GOL can be held responsible for Plaintiff's injuries.

For this reason alone, Gulf Offshore and GOL's motions for summary judgment should be denied.

      C.      GULF OFFSHORE AND GOL REFUSE TO PARTICIPATE IN ANY DISCOVERY AND THEIR MOTIONS FOR SUMMARY JUDGMENT SHOULD BE DENIED UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(D)

The requirement for the nonmoving party to demonstrate evidence of a genuine issue of material fact is qualified by Rule 56(d)'s "provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (discussing this same rule, formerly found in Rule 56(f)). Pursuant to Federal Rule of Civil Procedure 56(d), when the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the district court can (1) defer considering a summary judgment motion or deny it; (2) allow additional time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. *See* FED. R. CIV. P. 56(d). Rule 56(d) is "designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose," and motions brought under it are "broadly favored and should be liberally granted." *See Thornton v. Fla. Marine Transporters, LLC*, No. CV 17-17988, 2018 WL 6002755, at *2 (E.D. La. Nov. 15, 2018) (unpublished) (*citing Am. Family Life Assur. Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)).

Gulf Offshore and GOL have not responded to the requests for production and interrogatories that were served on January 9, 2020.[5]  *See* Exhibit 2 (Plaintiff's Requests for Production and Interrogatories to Gulf Offshore and GOL); *see also* Exhibit 3 (declaration of D. Sheppard).  To further respond to Gulf Offshore and GOL's motions for summary judgment, Plaintiff needs responses to the requests for production and interrogatories.  *See* Exhibit 3 (declaration of D. Sheppard).  The documents and information requested directly address the claims made in Gulf Offshore and GOL's motions for summary judgment.

For example, Gulf Offshore and GOL claim in their motions for summary judgment that they (a) have nothing to do with Plaintiff or his employment; (b) never employed Plaintiff; (c) have been out of business and idle for several years; and/or (d) do not have anything to do with the operation or management of the MV Dustin Danos.  Months before Gulf Offshore and GOL filed their motions for summary judgment, Plaintiff specifically asked Gulf Offshore and GOL to (a) identify all of the owners and operators of the MV Dustin Danos at the time of Plaintiff's incident (Interrogatory 1); (b) identify the company or companies that chartered the MV Dustin Danos (Interrogatory 2); (c) identify the nature of the business relationship between Rec Marine, Gulf Offshore, GOL, and OTS (Interrogatory 8); (d) identify the company or companies that provide maintenance and cure benefits for Rec Marine, Gulf Offshore, GOL, and OTS (Interrogatory 10); (e) the name, address, phone number, and job title for the person responsible for making maintenance and cure payments to Plaintiff; (f) the name, address, phone number, and job title of the person who made the decision to terminate Plaintiff's maintenance and cure benefits

---

[5] Gulf Offshore and GOL have not provided Rule 26 disclosures.  *See* Exhibit __ (declaration of D. Sheppard).  Gulf Offshore and GOL have stated they will never provide Rule 26 disclosures.  *See* Exhibit __ (email from F. Salley dated August 12, 2020).

(Interrogatory 11); (g) work and payroll records for employees, contractors, and/or staff/hired persons who were on duty on the MV Dustin Danos (RFP 14); (h) contracts between Rec Marine, Gulf Offshore, GOL, and OTS governing the work or relationships at the time of the incident (RFP 15); (i) produce documents reflecting the ownership of the MV Dustin Danos (RFP 16); (j) produce documents sufficient to reflect the person and/or entity/entities responsible for operating the MV Dustin Danos (RFP 17); (k) produce all agreements regarding this lawsuit or the incident (RFP 21); (l) produce personnel, employment, and training files for all supervisors present the day of the incident, one day prior to the incident, and one day after the incident (RFP 23). *See* Exhibit 2 (Plaintiff's Requests for Production and Interrogatories to Gulf Offshore and GOL).

Without responses to Plaintiff's requests for production and interrogatories, Plaintiff cannot present the essential facts needed to further respond to Gulf Offshore and GOL's motions for summary judgment because Gulf Offshore and GOL are denying Plaintiff access to the very materials and information that are needed to further respond to Gulf Offshore and GOL's motions for summary judgment. *See* Exhibit 3 (declaration of Daniel E. Sheppard)

For this reason, Gulf Offshore and GOL's motions for summary judgment should be denied. Alternatively, Plaintiff requests that the Court defer considering the motion and allow Plaintiff time to take discovery from Gulf Offshore and GOL.

### III.    EXHIBITS[6]

Exhibit 1    Plaintiff's Petition

Exhibit 2    Plaintiff's Requests for Production and Interrogatories to Gulf Offshore and GOL

---

[6] Plaintiff incorporates the exhibits below into his response to Gulf Offshore and GOL's motions for summary judgment.

| | |
|---|---|
| Exhibit 3 | Declaration of Daniel E. Sheppard |
| Exhibit 4 | Email from Fred Salley Dated August 12, 2020 |
| Exhibit 5 | Gulf Offshore Brochure |
| Exhibit 6 | Information Certificate from Louisiana SOS for Gulf Offshore |
| Exhibit 7 | Certificate of Existence for Gulf Offshore |
| Exhibit 8 | Google Street View Image |
| Exhibit 9 | Equasis Printout |
| Exhibit 10 | GOL Brochure |
| Exhibit 11 | Excerpt of Deposition Transcript of Blaine Russell |
| Exhibit 12 | GOL Operations Manual and Health, Safety, and Environmental Manual |

## IV. CONCLUSION AND PRAYER

Plaintiff respectfully requests that the Court deny Gulf Offshore and GOL's motions for summary judgment. Alternatively, Plaintiff requests that the Court defer considering the motion and allow Plaintiff time to take discovery from Gulf Offshore and GOL. Further, Plaintiff requests all other relief Plaintiff may be entitled.

        Respectfully Submitted,

        MORROW & SHEPPARD LLP

           */s/ Daniel E. Sheppard*
           Daniel E. Sheppard
           Bar Roll No. 38076
           John D. Sheppard
           *Admitted Pro Hac Vice*
           3701 Kirby Dr, Ste 1000
           Houston, TX  77098
           713.489.1206 tel
           713.893.8370 fax
           All E-Service To:
           msfiling@morrowsheppard.com
           dsheppard@morrowsheppard.com
           jsheppard@morrowsheppard.com

        COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this document was served on counsel of record via CM/ECF on September 25, 2020.

           */s/Daniel E. Sheppard*
              Daniel E. Sheppard