# Daniel Sheppard

| From: | fsalley <fsalley@acadiacom.net> |
|---|---|
| Sent: | Wednesday, August 12, 2020 3:20 PM |
| To: | Daniel Sheppard |
| Subject: | Re: Griffin - Order for status conf report |

Wednesday, August 12, 2020  15:07:38

Only REC Marine Logistics, LLC, and naked boat owner, Offshore Transport Services, LLC, should be named in this case.  REC directly employed Griffin.  Offshore Transport Services, LLC, was the naked owner of the vessel which was chartered to someone else; and operated under a monthly fee contract by  REC.  ==You will not get disclosures from other than REC and OTS, which have been provided.==  The other mentioned parties have nothing to do with this litigation.

On 8/12/2020 2:46 PM, Daniel Sheppard wrote:

> Fred,
>
> Please confirm what is meant by "REC, *et. al*."  I have reverted to the naming convention for REC, Gulf Offshore, GOL, and OTS that was used in the initial status report—Non-Insurance Defendants.
>
> For the most part, I have incorporated the changes I believe are appropriate/correct.  To the extent Plaintiff disagrees with your additions, I have included a response.  A few things I have not changed—Section G.1.A and G.2.
>
> Section G.1.A.
>
> You have claimed the Non-Insurance Defendants' disclosures have been served on Plaintiff.  That is not accurate.  The only disclosures we have received are from REC and OTS.  We still have not received disclosures from GOL and Gulf Offshore Logistics.  Moreover, the disclosures that have been provided are incomplete.  This has been the subject of several emails and is part of the motion we filed in EDLA.  Please advise whether your clients will submit disclosures that fully comply with Rule 26.  If not, we will indicate that REC, GOL, Gulf Offshore, and OTS have not complied with Rule 26 disclosures.  We will not mislead the Court into believing REC, GOL, Gulf Offshore, and/or OTS have complied with their Rule 26 obligations.
>
> Section G.2.
>
> What written discovery have you served on Plaintiff?  We have not received any discovery from REC, Gulf Offshore, GOL, or OTS.  We have provided Rule 26 disclosures to Defendants as required under the FRCP.  Please advise if that is what you are talking about.  If discovery was emailed, please forward the email to me and provide the discovery in Word format (this will help me return responses in the format required under the local rules).  *See e.g.*, LR 33 and 34.  If the discovery was mailed, please forward the discovery to us in Word format and provide us with tracking information for the correspondence.  We would also ask that you email discovery in the future.
>
> Finally, I believe the proposed deadlines are a little ambitious as Plaintiff's discovery to the Non-Insurance Defendants has not been responded to.  I propose the deadlines below:
>
> A.     PROPOSED SCHEDULING ORDER[1]

EXHIBIT 4

1.	If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: April 9, 2020.

2.	Recommended deadlines to join other parties or to amend the pleadings:[2] November 18, 2020.

3.	Filing all discovery motions and completing all discovery except experts: April 21, 2021.

4.	Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiff(s): January 20, 2021.

Defendant(s): February 19, 2021.

5.	Exchange of expert reports:

Plaintiff(s): February 19, 2021.

Defendant(s): March 22, 2021.

6.	Completion of discovery from experts: April 21, 2021.

7.	Filing dispositive motions and Daubert motions: June 7, 2021.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters.[3] The parties should not provide any proposed dates for these remaining deadlines.

    a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

    d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    e. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    f. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    g. Trial date (approximately 27-29 weeks after dispositive motion deadline).

Please advise.

—
**Daniel E. Sheppard**

MORROW & SHEPPARD LLP
Trial Attorneys

Morrow & Sheppard LLP
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
**T**: 713-489-4815  **F**: 713-893-8370
**E**: dsheppard@morrowsheppard.com

SEND ALL E-SERVICE TO:
msfiling@morrowsheppard.com

**From:** Daniel Sheppard
**Sent:** Tuesday, August 11, 2020 9:07 PM
**To:** fsalleyA <fsalley@acadiacom.net>
**Cc:** Alan Davis <adavis@lawla.com>; John Sheppard <jsheppard@morrowsheppard.com>
**Subject:** Re: Griffin - Order for status conf report

Fred,

We have a report on file. I'll send a revised version out tomorrow for everyone's review.

Sent from my iPhone. Please disregard any brevity or typos.

> On Aug 11, 2020, at 14:38, fsalleyA <fsalley@acadiacom.net> wrote:
>
> Tuesday, August 11, 2020 14:34:09
>
> Dan:
>
> Are you putting the attorneys' status conf. report together per the court's direction? I circulated the REC insert yesterday.
>
> Best regards,
>
> Fred E. Salley
>
> -------------------------------------
>
> On 7/17/2020 12:08 PM, Daniel Sheppard wrote:
>> All—
>>
>> Pursuant to the Court's Order dated July 17, 2020, please see attached.
>>
>> —
>> **Daniel E. Sheppard**
>> <image001.gif>
>> Morrow & Sheppard LLP
>> 3701 Kirby Drive, Suite 1000
>> Houston, Texas 77098
>> **T**: 713-489-4815 **F**: 713-893-8370
>> **E**: dsheppard@morrowsheppard.com
>>
>> SEND ALL E-SERVICE TO:
>> msfiling@morrowsheppard.com

 Virus-free. [www.avast.com](www.avast.com)

---

[1] The parties have agreed on the above dates with the understanding that the COVID-19 pandemic may necessitate any party to seek leave of Court to extend deadlines as appropriate.

[2] Any proposed amended pleading shall be comprehensive and include all relevant allegations as revised, supplemented or amended such that it will become the operative pleading without reference to any other document in the record. Any amendment sought under Fed.R.Civ.P. 15(a)(2) requires leave of court whether or not the opposing party consents even if filed before this deadline, however the movant shall advise whether the opposing party consents. *See* LR 7(e).

[3] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under paragraph numbers 7 or 8 must be by motion directed to the presiding judge.