# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MCARTHUR GRIFFIN | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § | |
| *Versus* | § | |
| | § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants | § | |

## PLAINTIFF'S OPPOSITION TO GULF OFFSHORE LOGISTICS LLC AND GOL LLC'S STATEMENT OF FACTS NOT IN DISPUTE

Plaintiff submits the following response to Gulf Offshore Logistics LLC ("Gulf Offshore") and GOL LLC's ("GOL") Statement of Facts Not in Dispute pursuant to Local Rule 56(c):

<u>Response to Gulf Offshore's Statement of Facts</u>

a. Gulf Offshore has never employed or had any relationship contractual or otherwise, with Plaintiff, McArthur Griffin.

Denied. Plaintiff believes Gulf Offshore was his employer in the past. Plaintiff does not know exactly what Gulf Offshore means by relationship.

Gulf Offshore has resisted all discovery in this case, including mandatory disclosures under Rule 26. That said, the limited record developed by Plaintiff shows (a) Gulf Offshore represents it is a manager of the M/V Dustin Danos. *See* Exhibit 5 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Gulf Offshore Brochure).

As the manager of the MV Dustin Danos, Gulf Offshore would potentially have duties and obligations towards Plaintiff, which will need to be explored through discovery in this case.

b. Gulf Offshore never owned or operated the MV Dustin Danos.

Denied. Although Gulf Offshore has resisted all discovery in this case and has not produced a single document, records in the public domain demonstrate Gulf Offshore has managed and operated the MV Dustin Danos. *See* Exhibit 5 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Gulf Offshore Brochure); *see also*

Exhibit 9 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Equasis).

c. Gulf Offshore has been totally dormant and inactive, doing no business whatever [sic] for about five years.

Denied.  Although Gulf Offshore has resisted all discovery in this case and has not produced a single document, Gulf Offshore's own records show it is an operator for the MV Dustin Danos.  *See* Exhibit 5 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Gulf Offshore Brochure).  Moreover, Gulf Offshore's sign is prominently displayed (or was) in front of the headquarters for Rec Marine, Gulf Offshore, GOL, and OTS.  *See* Sign Photo.

Importantly, Gulf Offshore is an active company.  *See* Exhibit 6 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Information Certificate from Louisiana SOS).  Gulf Offshore continued to submit business filings with the Louisiana Secretary of State until January 8, 2020.  *See* Exhibit 6 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Information Certificate from Louisiana SOS).  To date, Gulf Offshore has not filed a Certificate of Dissolution or Termination.  *See* Exhibit 7 (Certificate of Existence).

d. Gulf Offshore has absolutely no access to or knowledge, information, documents, or information concerning MacArthur [sic] Griffin.

Denied.  For the purposes of this response, Plaintiff will presume Gulf Offshore is referring to McArthur Griffin, the Plaintiff in this case.  Gulf Offshore has resisted all discovery in this case and has presented no evidence to support this statement.  The Court may recall that Mr. Salley represented that Gulf Offshore and GOL do not have any documents responsive to Plaintiff's Requests for Production.  Notably, Mr. Russell's affidavit is silent on this subject.

Further, erected outside Rec Marine, Gulf Offshore, GOL, and OTS' headquarters is this sign:



<u>Response to GOL's Statement of Facts</u>

    a.   GOL has never employed or had any relationship contractual or otherwise, with Plaintiff, McArthur Griffin.

    Denied in part.  Plaintiff does not know exactly what GOL means by relationship and GOL has resisted all discovery in this case, including mandatory disclosures under Rule 26.  That said, the limited record developed by Plaintiff shows (a) GOL is responsible for the policies and procedures that are followed by Gulf Offshore, GOL, Rec Marine Logistics LLC ("Rec Marine") and Offshore Transport Services LLC ("OTS").  *See* Exhibit 12 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Operations and HSE Manual); *see also* Exhibit __ to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Blaine Russell Deposition Transcript).

    The policies and procedures established by GOL (a purported manager of the MV Dustin Danos) certainly impacted Plaintiff's life and a relationship has been borne from GOL's policies and procedures.

    b.   Gulf Offshore never owned or operated the MV Dustin Danos.

    Denied in part.  Although Gulf Offshore has resisted all discovery in this case and has not produced a single document, records in the public domain demonstrate Gulf Offshore has managed and operated the MV Dustin Danos.  *See* Exhibit 5 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Gulf Offshore Brochure); *see also* Exhibit 9 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Equasis).

c. GOL focuses on handling invoices and clearing of work tickets and has no marine operational activities.

Denied. Although GOL has resisted all discovery in this case and has not produced a single document, GOL's own records show it (a) operates the MV Dustin Danos; (b) has developed an extensive Operations and Health, Safety, and Environmental Manual that is adopted and used by Rec Marine and others. *See* Exhibit 12 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Operations and HSE Manual); *see also* Exhibit 11 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (Blaine Russell Deposition Transcript) and Exhibit 10 to Plaintiff's Response to Gulf Offshore and GOL's Motions for Summary Judgment (GOL Brochure).

d. Gulf Offshore has absolutely no access to or knowledge, information, documents, or information concerning MacArthur [sic] Griffin whatever [sic].

Denied. For the purposes of this response, Plaintiff will presume Gulf Offshore is referring to McArthur Griffin, the Plaintiff in this case. Gulf Offshore has resisted all discovery in this case and has presented no evidence to support this statement. The Court may recall that Mr. Salley represented to the Court that Gulf Offshore and GOL do not have any documents responsive to Plaintiff's Requests for Production. Glaringly absent from Mr. Russell's affidavit is any evidence that Mr. Salley's representations to the Court are true.

Further, erected outside Rec Marine, Gulf Offshore, GOL, and OTS' headquarters is this sign:



Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/ Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
3701 Kirby Dr, Ste 1000
Houston, TX  77098
713.489.1206 tel
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
dsheppard@morrowsheppard.com
jsheppard@morrowsheppard.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record via CM/ECF on September 25, 2020.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard