UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>　　　　　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>　　　　　　　　　　**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

## SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

**MAY IT PLEASE THE COURT:**

Defendants, REC Marine Logistics, LLC, ("REC Marine"), GOL, LLC, ("GOL"), Gulf Offshore Logistics, LLC, ("Gulf Offshore") and Offshore Transport Services, LLC ("Offshore Transport") (hereinafter sometimes collectively referred to as "Defendants") hereby file this Supplemental Memorandum in Opposition to Plaintiff's Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders (Rec. Doc. 15). For the reasons discussed herein, Plaintiff's Motion should be denied.

Plaintiff requests various forms of relief in his Motion. More particularly, Plaintiff requests an order compelling Defendants to provide complete Rule 26 Disclosures. These Disclosures were produced by Defendants on October 15, 2020, nine (9) days after undersigned counsel was substituted as counsel of record in this matter. (See Initial Disclosures of all Defendants, attached hereto as Exhibit "A"). Accordingly, plaintiff's Motion to Compel Rule 26 Disclosures is moot and should be denied.

Plaintiff also seeks an order compelling Gulf Offshore, GOL, and Offshore Transport to respond to Interrogatories and Requests for Production of Documents. These discovery requests

were propounded while this matter was pending in the 19th Judicial District Court for the Parish of East Baton Rouge, prior to the case being removed to this Court on February 17, 2020. With respect to REC Marine, before this case was removed, the state court judge issued an Order requiring REC Marine to respond to Interrogatories and Requests for Production of Documents propounded by plaintiff in state court on August 9, 2019. Plaintiff therefore seeks an order against REC Marine enforcing the state court judge's Order, as well as "sanctions including the striking of pleadings and the establishment of negligence liability against REC Marine…" Lastly, with respect to all Defendants, Plaintiff requests that the Court require them to pay his attorney's fees incurred in bringing the Motion.

As noted above, the discovery requests at issue, which are attached to Plaintiff's Motion, were propounded while the case was pending in the 19th Judicial District Court for the Parish of East Baton Rouge. The requests specifically state that they were propounded pursuant to the Louisiana Code of Civil Procedure. The U.S. District Court for the Middle District of Louisiana has held on multiple occasions that it is not appropriate to compel a party to respond to discovery requests issued in state court pursuant to the Louisiana Code of Civil Procedure. In *Kerek v. Crawford Electric Supply Co., Inc.*, Magistrate Judge Richard Bourgeois held as follows:

> Defendant removed this action to federal court on January 29, 2018. Once a state court action is removed, it is governed by federal, rather than state, procedure.
>
> The enforcement mechanisms of the Federal Rules of Civil Procedure, such as Rule 37, require discovery requests that were likewise issued in accordance with those Rules. Accordingly, the Court will not compel a party to respond to pre-removal discovery requests issued in state court.

*Kerek v. Crawford Electric Supply Co., Inc.*, 2018 WL 3190980 (M.D. La. 2018). Judge Bourgeois reached the same conclusion in *Byrd v. Castlepoint Florida Ins. Co.*, 2016 WL 1559584 (M.D. La. 2016). See also *Menard v. Midwest Medical Supply Co., LLC,* 2012 WL

5900744 (W.D. La. 2012) (denying a plaintiff's motion to compel and motion for sanctions finding that "This Court has no authority to compel the defendant to respond to discovery requests that were propounded in state court before this action was removed but never refiled in this forum.")

Based on the foregoing, Defendants respectfully suggest that this Court should deny Plaintiff's Motion to Compel because, upon removal, Defendants were not required to respond to discovery propounded in a state court forum governed by different rules of procedure. For the same reason, this Honorable Court should deny Plaintiff's request for sanctions and attorney's fees.

Even if the Court were to determine that Defendants were required to respond to Plaintiff's state court discovery, the Motion to Compel and to enforce the Order issued by the state court judge should be denied as moot. Upon being substituted as counsel of record for Defendants on October 6, 2020, the undersigned worked diligently to review plaintiff's discovery requests and assemble the documents requested therein. Even though Plaintiff did not re-issue his discovery under the Federal Rules of Civil Procedure once this Court assumed jurisdiction, REC Marine fully responded to the discovery using the federal caption for the case on October 30, 2020. (See REC Marine's responses to Plaintiff's Interrogatories and Requests for Production, attached hereto as Exhibit "B"). GOL, Gulf Offshore and Offshore Transport fully responded in the same manner on November 4, 2020. (See responses to Plaintiff's Interrogatories and Requests for Production on behalf of GOL, Gulf Offshore and Offshore Transport, attached hereto as Exhibit "C"). Further to the issue of Plaintiff's request for sanctions and attorney's fees, Defendants submit that they should not be penalized for choosing to voluntarily respond to discovery which they were not required to respond to in this forum.

For all of the foregoing reasons, Defendants respectfully request that this Honorable Court deny plaintiff's Motion.

Respectfully submitted:

**/s/Kyle A. Khoury**
Salvador J. Pusateri T.A. (#21036)
Kyle A. Khoury (#33216)
PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, GULF OFFSHORE LOGISTICS, LLC, and OFFSHORE TRANSPORT SERVICES, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of November, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/Kyle A. Khoury*