UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-92-BAJ-EWD** |
| **REC MARINE LOGISTICS, LLC, ET AL.** | |

### TELEPHONE CONFERENCE REPORT AND ORDER

A telephone conference was held before Magistrate Judge Erin Wilder-Doomes on November 18, 2020[1] to discuss the Motion for Leave to File Supplemental Opposition to Plaintiff's Motion to Compel ("the Motion"), filed by REC Marine Logistics, LLC; GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services, LLC ("Defendants") with the following participants:

**PRESENT:**

| | |
|---|---|
| **Daniel Sheppard**<br>Counsel for Plaintiff,<br>McArthur Griffin | **Kyle A. Khoury**<br>Counsel for Defendants,<br>REC Marine Logistics, LLC<br>GOL, LLC, Gulf Offshore Logistics,<br>LLC and Offshore Transport<br>Services, LLC |
| **Alan R. Davis**<br>Counsel for Defendant,<br>QBE Insurance (Europe) Limited | |

Defendants seek leave to file their Supplemental Opposition to Plaintiff's Motion to Enforce, Compel Discovery, and for Sanctions for Violating Court Orders,[2] ("Motion to Compel") "to point out relevant case law from the U.S. District Court for the Middle District of Louisiana holding that it is not appropriate to compel a party to respond to pre-removal discovery requests issued in state court, which have not been re-issued upon removal pursuant to the Federal Rules of Civil Procedure."[3] Defendants also want "to advise the Court of developments which they contend

---

[1] R. Doc. 48.
[2] R. Doc. 15.
[3] R. Doc. 48, p. 1 *and see* R. Doc. 48-2, pp. 2-3 for cited authority.

cv38aT0:15

now render plaintiff's Motion moot."[4] Specifically, Defendants contend that, notwithstanding that Plaintiff did not re-issue his previously-served state court discovery requests on Defendants, newly-enrolled defense counsel has since responded to Plaintiff's discovery requests on behalf of Defendants and provided their Fed. R. Civ. P. 26 disclosures, which moots the Motion to Compel.

Plaintiff advised that, although the authority cited by Defendants might be distinguishable, Defendants' production and responses rendered the Motion to Compel moot subject to an agreement that the discovery requests, which were served while the matter was pending in state court, and Defendants' responses, would be treated as discovery conducted under the Federal Rules of Civil Procedure and permitted in these proceedings. This proposed agreement would include requests for admission, which were answered while the matter was still pending in state court. Defendants advised that they have no objection to entering into a Stipulation as to the responses to the interrogatories and requests for production but have not seen the previously-served responses to Plaintiff's requests for admission prepared by prior counsel (from whom they received an incomplete file). Defendants requested that they be allowed to review those responses. With no opposition from Plaintiff, Defendants shall have two weeks to review the responses to the requests for admission and raise any challenges to those responses. Plaintiff agreed to provide a copy of Defendants' responses to the requests for admission to defense counsel.

In light of the parties' agreement, the Motion to Compel will be denied as moot. Additionally, all state court discovery may be used in this proceeding per the parties' agreement, subject to Defendants' right to challenge the use of the responses to the requests for admission by appropriate motion filed no later than December 2, 2020. Any opposition memorandum shall be filed within the normal briefing delays.

Accordingly,

---

[4] R. Doc. 48, p. 1.

**IT IS ORDERED** that the Motion for Leave to File Supplemental Opposition to Plaintiff's Motion to Compel filed by REC Marine Logistics, LLC; GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services, LLC[5] is **GRANTED** for good cause. The Clerk of Court is directed to docket the supplemental opposition memorandum (R. Doc. 48-2) with exhibits (R. Doc. 48-3) into the record.

**IT IS FURTHER ORDERED** that, per the parties' agreement, any discovery requests or responses propounded while the case was still pending in state court may be used in the federal proceedings, subject to Defendants' right to challenge the use of the state court responses to the requests for admission propounded to Defendants. Any motion to challenge the use of Defendants' state court responses to the requests for admission must be filed by no later than December 2, 2020 or any challenge to the use of those responses in these proceedings is waived. Any opposition memorandum shall be filed within the normal briefing delays.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce, Compel Discovery, and for Sanctions for Violating Court Orders,[6] is **DENIED AS MOOT** for the reasons stated in this Report and Order.

Signed in Baton Rouge, Louisiana, on November 18, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] R. Doc. 48.
[6] R. Doc. 15.