UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN                                       CIVIL ACTION

VERSUS

REC MARINE LOGISTICS LLC, ET                           NO. 20-00092-BAJ-EWD
AL.

ORDER

Before the Court is the unopposed **Motion to Strike the Affidavit of Blaine Russell (Doc. 44)** filed by Plaintiff, McArthur Griffin. For the reasons provided herein, the Motion is **GRANTED**.

Because this Motion is granted, the related motions—the **Gulf Offshore Logistics, LLC, FRCP Rule 56 Motion for Summary Judgment (Doc. 37)**, the **GOL, LLC FRCP Rule 56 Motion for Summary Judgment (Doc. 38)**, and the **Exparte Motion to Replace Specific Motion Pleadings With Corrected Copies (Doc. 39)**—are DENIED.

I. BACKGROUND

On April 22, 2019, Plaintiff filed suit in the 19th Judicial District Court for East Baton Rouge Parish against Gulf Offshore Logistics, LLC ("Gulf Offshore"), GOL, LLC ("GOL"), REC Marine Logistics, LLC ("REC Marine"), and the American Club, to recover for alleged injuries he incurred while aboard the M/V Dustin Danos, "a vessel owned, operated, and/or managed by Defendants." (Doc. 1-1, p. 53). On November 4, 2019, Plaintiff filed an Amended Petition for Damages, adding QBE Insurance and Offshore Transport Services, LLC, as Defendants. (Doc 1, p. 3).

1

Plaintiff alleges that he was employed by either REC Marine, Offshore Transport Services, LLC, GOL, or Gulf Offshore when he sustained "serious injuries to his neck, back, legs, and other body parts," due to Defendants' negligence. (Doc. 1-1, p. 2). Defendants removed the case to this Court on February 17, 2020. (Doc. 1).

On September 4, 2020, GOL and Gulf Offshore separately moved for summary judgment. *See* (Docs. 37, 38, 39). GOL and Gulf Offshore rely on the same affidavit of Blaine Russell, a business operations manager for REC Marine, to establish that neither GOL nor Gulf Offshore had a relationship with Plaintiff and therefore that they should be dismissed from the suit. (Doc. 37-3, p. 1); (Doc. 37-1, p. 1); (Doc. 38-1, p. 1).

Plaintiff argues that because Russel's statements are conclusory, not based on his personal knowledge, and impeach his sworn testimony, his affidavit should be stricken and the Motions should be denied. (Doc. 44-1, p. 2); (Doc. 43).

## II. LEGAL STANDARD

Summary judgment is governed by Federal Rule of Civil Procedure ("Rule") 56. Rule 56(c)(4) provides that "[a]n affidavit . . . used to support or oppose a motion must be made on personal knowledge." Where an affidavit is not based on personal knowledge, the court may strike all or part of the affidavit. *See Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994). While an affidavit need not state that the testimony is specifically based on personal knowledge, the affidavit must lay a sufficient foundation to indicate how or why such individual would have knowledge of the information within. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529–31 (5th Cir. 2005).

### III. ANALYSIS

#### A. Motion to Strike

Russel "stated under oath that he is a business operations manager for Defendant, REC Marine Logistics, LLC." (Doc. 37-3, p. 1). Plaintiff contends that Russell's affidavit "does not contain enough factual support to demonstrate [that] Russell possesses personal knowledge of the matters" in his affidavit, particularly those which relate to GOL and Gulf Offshore. (Doc. 44-1, p. 3). This contention is unopposed.

Russel stated that he was familiar with the "accounting activities of both REC Marine and Offshore Transport Services, LLC," because "REC has had regular vessel charter activities with Offshore Transport Services, LLC. for several years." (Doc. 37-3, p. 1). Without laying further foundation, Russel also attested that:

> He is [] aware that Gulf Offshore Logistics, LLC does not participate in operation of any vessel, and does not employ or manage any vessel crew as it has been idle and not conducting any business for several years;
>
> [He] is also aware that GOL, LLC has no operational or management functions for REC or Offshore Transport Services, LLC; does not, and never has employed Griffin or other boat crew persons, or managed any vessel, including **M/V Dustin Danos**; and it is only utilized to process payments for services among various parties.

(*Id.*)

The Court notes that, given Russel's title as a "Business Manager" of REC Marine, it is expected that he would have knowledge of the business operations of REC Marine. *See DIRECTV*, 420 F.3d at 530 ("Here, it is reasonably within Whalen's position—what one court has called his 'sphere of responsibility'—as a Senior Director of Signal Integrity for DTC to be familiar with the [] [] investigation as

3

described in his affidavit.") (citation omitted). However, neither Defendant has provided any evidence to demonstrate why Russell's knowledge of the accounting activities of REC Marine would necessarily lend itself to knowledge of the business and operational activities of GOL or Gulf Offshore.

The Court finds that Russell's affidavit is deficient for lack of personal knowledge, and as such it is stricken from GOL and Gulf Offshore's Motions for Summary Judgment. *See* FED. R. CIV. P. 56(c); FED. R. CIV. P. 56(e).

### B. Motions for Summary Judgment

GOL asserts that it "is an invoice clearing, bookkeeping facility for businesses operating in the boat and vessel activities in the Gulf of Mexico and adjacent waterways." (Doc. 38-1, p. 1). GOL argues that "Blaine Russell's attached affidavit, clearly supports the lack of any involvement of GOL, LLC with Griffin or his employment, [thus] GOL, LLC should be promptly dismissed from the above entitled and numbered litigation." (*Id.*). Similarly, Gulf Offshore relies on Russell's affidavit to provide support for the contention that it purportedly "has not operated or conducted any business whatever [sic], for about five years. . . and [therefore] should be promptly dismissed from the above entitled and numbered litigation." (Doc. 37-1, p. 1).

Neither GOL nor Gulf Offshore have provided any evidence, other than Russell's affidavit, to support their Motions. Given that the affidavit is stricken, Defendants have not demonstrated "that there is no genuine dispute as to any material fact and that [Defendants] [are] entitled to judgment as a matter of law."

4

Fed. R. Civ. P. 56(a). Therefore, the Motions are denied.[1]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Strike Affidavit of Blaine Russel is **GRANTED**. Blaine Russell's Affidavit, Doc. 37-3 and Doc. 38-5, be and are hereby **STRICKEN** from Defendants' Motions for Summary Judgment.

**IT IS FURTHER ORDERED** that the **Gulf Offshore Logistics, LLC, FRCP Rule 56 Motion for Summary Judgment (Doc. 37)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **GOL, LLC FRCP Rule 56 Motion for Summary Judgment (Doc. 38)** is **DENIED**.

**IT IS FURTHER ORDERED** that the **Exparte Motion to Replace Specific Motion Pleadings With Corrected Copies (Doc. 39)** is **TERMINATED** as moot.

Baton Rouge, Louisiana, this 15th day of April, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] The Court acknowledges that Defendants have filed a joint Ex Parte Motion to Replace Specific Motion Pleadings with Corrected Copies (Doc. 39). The corrections requested pertain to the style and formatting of the motions for summary judgment, rather than the content. This does not affect the Court's ruling.