UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN § | |
| § | |
| Plaintiff § | |
| § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| § | |
| *Versus* § | |
| § | |
| REC MARINE LOGISTICS LLC, ET AL. § | **TRIAL BY JURY DEMANDED** |
| § | |
| Defendants § | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES AND TO STRIKE THE NON-INSURANCE DEFENDANTS' *MCCORPEN* DEFENSE**

Plaintiff, McArthur Griffin, respectfully submits this memorandum in support of his Motion to Compel Discovery Responses and to Strike the Non-Insurance Defendants' *McCorpen* Defense ("Plaintiff's Motion"). Plaintiff requests that REC Marine Logistics, LLC ("REC Marine"), GOL, LLC ("GOL"), Gulf Offshore Logistics, LLC ("Gulf Offshore"), and Offshore Transport Services, LLC ("OTS") (collectively, the "Non-Insurance Defendants") be ordered to: (a) respond fully, completely, without objection, and in writing to Plaintiff's Second Requests for Production and Second Interrogatories that were served upon them on March 2, 2021. Further, Plaintiff seeks all other associated relief based on the Non-Insurance Defendants' failure to provide timely discovery responses, including the striking of their purported *McCorpen* defense.[1]

---

[1] The Non-Insurance Defendants have not pled the *McCorpen* defense and Plaintiff does not concede that the defense is properly pled. *See* Exhibit 12 (Non-Insurance Defendants' Answer). Mr. Salley (the Non-Insurance Defendants' prior counsel) referenced it in a document titled "Status Conference on Behalf of Defendants REC et. al., which was emailed to the Court and counsel by Mr. Salley. *See* Exhibit 13 (Non-Insurance Defendants' Status Conference Report). Moreover, Mr. Khoury (the Non-Insurance Defendants' current counsel) has indicated he intends to argue *McCorpen* applies to this case (it does not). In an abundance of caution (in the event the

I. **PROCEDURAL FACTS AND RELEVANT FACTUAL BACKGROUND**

At times, obtaining discovery in this case has proven to be extremely difficult. For example, at the outset of this case, REC Marine (through prior counsel) threatened to personally sanction undersigned counsel for merely seeking discovery and later declined to respond to discovery, despite being ordered to do so. *See* Exhibit 1 (email threatening sanctions); Exhibit 2 (Judge White's Order); Exhibit 3 (email memorializing call with F. Salley). Additionally, GOL, Gulf Offshore, and OTS ignored the discovery that was served in state court (to which responses were due prior to the removal of this case). *See* Exhibit 4 (discovery to GOL, Gulf Offshore, and OTS); *compare* Exhibit 5 (Notice of Removal). Plaintiff could continue to provide examples demonstrating the difficulty Plaintiff has experienced obtaining discovery. However, for brevity, Plaintiff incorporates as if fully set forth herein: (a) Plaintiff's Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders (Dkt. 15), (b) Plaintiff's Memorandum in Response to REC Marine Logistics, LLC et al.'s Motion to Stay (Dkt. 22), and (c) Plaintiff's Reply Memorandum in Further Support of its Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders (Dkt. 31).[2]

On March 2, 2021, Plaintiff served his second requests for production on the Non-Insurance Defendants. *See* Exhibit 6 (Plaintiff's second requests for production and second interrogatories); *see also* Exhibit 7 (March 3, 2021 emails).[3] Plaintiff's second requests for

---

Court finds that the *McCorpen* defense has been pled by the Non-Insurance Defendants), Plaintiff requests the *McCorpen* defense be struck.

[2] Plaintiff has been able to obtain initial discovery responses from the Non-Insurance Defendants, the parties have exchanged expert reports, and have scheduled fact depositions. That said, it appears the Non-Insurance Defendants are returning to their baseline instinct to refuse to respond to written discovery (again).

[3] To facilitate the Non-Insurance Defendants' response to Plaintiff's second requests for production, counsel for Plaintiff emailed the Word version of the requests for production to the Non-Insurance Defendants' counsel.

production and second interrogatories went unanswered and, on April 6, 2021, counsel for Plaintiff notified the Non-Insurance Defendants of the overdue discovery requests. *See* Exhibit 8 pg. 2 (April 6, 2021 email). The Non-Insurance Defendants were reminded of the overdue discovery on April 12, 2021. *See* Exhibit 9 (April 12, 2021 email). On April 13th, 2021, the Non-Insurance Defendants indicated they could have responses to Plaintiff's second requests for production by April 20, 2021. *See* Exhibit 10 (April 13, 2021 email). No responses were received on April 20, 2021. Counsel for Plaintiff asked the Non-Insurance Defendants to respond to Plaintiff's second request for production as soon as possible. *See* Exhibit 11 (April 20, 2021 email).

To date, Plaintiff has not received a response to his second requests for production and second interrogatories.

## II.    ARGUMENT AND AUTHORITY

### A.    THE DISCOVERY AND RELIEF SOUGHT BY PLAINTIFF IS AUTHORIZED

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses as proportional to the needs of the case." *See* FED. R. CIV. P. 26(b)(1). A court may compel responses to discovery if the opposing party does not adequately or fully answer a discovery request. *See* FED. R. CIV. P. 37(a)(3)(B).

Moreover, Federal Rule of Civil Procedure 37 authorizes sanctions for discovery misconduct which include striking pleadings, striking defenses, collecting attorney fees, and cost. *See* FED. R. CIV. P. 37(a)(4), (2)(A), and (2)(C); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030 (5th Cir. 1990); *Chilcutt v. US*, 4 F.3d 1313 (5th Cir. 1993).

**B.    THE NON-INSURANCE DEFENDANTS HAVE WAIVED ANY OBJECTIONS TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION**

Plaintiff served his second requests for production and second interrogatories on the Non-Insurance Defendants on March 2, 2021. *See* Exhibit 6 (Plaintiff's second requests for production and second interrogatories). To date, Plaintiff's second requests for production and second interrogatories remain unanswered and overdue. Under Rule 34, the party responding must respond to requests for production and interrogatories within 30 days after service and each response must either state the information will be produced or state with specificity the grounds for objecting to the request. *See* FED. R. CIV. P. 34(2)(A)-(C). Accordingly, Defendant's failure to respond in a timely fashion has operated to waive any objections that Plaintiff may have had to the requests for production. The Non-Insurance Defendants have waived any objections to Plaintiff's Second Requests for Production. *See Brown v. Logue*, CV 15-193-RLB, 2015 WL 13049853, at *1 (M.D. La. Oct. 14, 2015) (*"*As Plaintiffs did not make any timely objections, the court finds that they have waived its objections to Defendants' Interrogatories and Requests for Production, with the exception of those pertaining to any applicable privileges, immunities, or other protections from disclosure."); *see In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

The Non-Insurance Defendants should be compelled to provide written responses to discovery and respond to Plaintiff's Second Requests for Production requests within five (5) days of the Court ruling on this issue.

### C.  THE NON-INSURANCE DEFENDANTS' *MCCORPEN* DEFENSE SHOULD BE STRUCK AS A SANCTION

Although the Non-Insurance Defendants' Answer does not raise the *McCorpen* defense, at various times, counsel for the Non-Insurance Defendants have claimed the *McCorpen* defense applies to this case (it does not) and have offered argument directly to the Court. *See* Exhibit 13 (Non-Insurance Defendants' Status Conference Report). In an abundance of caution, and without conceding the Non-Insurance Defendants have properly pled the *McCorpen* defense, Plaintiff requests that the Court strike the defense (in the event the Court finds that the *McCorpen* defense has been pled by the Non-Insurance Defendants).

By way of background, the *McCorpen* defense derives its name from *McCorpen v. Cent. Gulf S. S. Corp.*, which generally stands for the proposition that a seaman who willfully conceals a pre-existing injury from his employer may not recover damages for maintenance and cure *if* that injury is reactivated or aggravated during a later voyage. *See* 396 F.2d 547, 548 (5th Cir. 1968); *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir.2005). However, the maritime employer who seeks to invoke the *McCorpen* defense must prove that:

> (1) the claimant intentionally misrepresented or concealed medical facts;
> (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and
> (3) a connection exists between the withheld information and the injury complained of in the lawsuit.

*See Brown*, 410 F.3d at 171. Plaintiff has requested that the Non-Insurance Defendants produce documents responsive to the following requests for production:

> **REQUEST 1:** Produce all Documents supporting Defendants' contention that Plaintiff intentionally concealed and/or misrepresented pertinent medical facts prior to his employment. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).
>
> **REQUEST 2:** Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired.

- 5 -

> For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).
>
> **REQUEST 3:** Produce all Documents supporting Defendants' contention that Plaintiff's alleged intentional concealment and/or misrepresentation of pertinent medical facts materially affected Defendants' decision to hire Plaintiff. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

*See* Exhibit 6 (Plaintiff's second requests for production and second interrogatories).

Additionally, Plaintiff propounded the following interrogatories aimed at the Non-Insurance Defendants' *McCorpen* defense:

> **INTERROGATORY 1:** Identify by Bates number all Communications from Plaintiff that Defendants' contend constitutes intentional concealment and/or misrepresented pertinent medical facts by Plaintiff that materially affected Defendants decision to hire Plaintiff. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).
>
> **INTERROGATORY 2:** Identify and fully explain the alleged factual causal link between the alleged concealed pre-existing injuries and Plaintiff's claimed injuries. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).
>
> **INTERROGATORY 3:** Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

*See* Exhibit 6 (Plaintiff's second requests for production and second interrogatories).

It is axiomatic that the Non-Insurance Defendants must respond to discovery requests related to defenses they intend to argue. Federal Rule of Civil Procedure 26(b)(1) explicitly authorizes discovery of information related to defenses asserted by a party. *See* FED. R. CIV. P. 26(b)(1). Nevertheless, the Non-Insurance Defendants have opted not to respond to written discovery requests (again). As a result, the Non-Insurance Defendants' *McCorpen* defense should be struck (to the extent it is even properly pled). A court imposes discovery sanctions to (1) secure compliance with the rules of discovery (2) deter others from violating them, and (3) punish those

who do violate them. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). A court may impose severe sanctions when a party's recalcitrance is due to willfulness or bad faith. *Nat'l Hockey League*, 427 U.S. at 643; *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005); *Baba v. Japan Travel Bur. Int'l*, 111 F.3d 2, 5 (2d Cir. 1997); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030,1032 (5th Cir. 1990). Before sanctions are administered by the Court it must evaluate the discovery misconduct by four factors–was the subject conduct: 1) willful and in bad faith; 2) attributable to the client rather than the attorney; 3) substantially prejudicial to the opposing party; and 4) a lesser sanction would be an ineffective deterrent. *See Coane,* 898 F.2d at 1032.

The Non-Insurance Defendants' discovery misconduct is willful and in bad faith. A court may consider a party's actions in a related case to determine whether a party acted willfully or in bad faith. *See Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998); *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir.1979) ("Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction."); *Emerick v. Fenick Indus., Inc.*, 539 F.2d at 1381 ("[W]hen a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion."). As briefed in (a) Plaintiff's Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders (Dkt. 15), (b) Plaintiff's Memorandum in Response to REC Marine Logistics, LLC et al.'s Motion to Stay (Dkt. 22), and (c) Plaintiff's Reply Memorandum in Further Support of its Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders (Dkt. 31), the Non-Insurance Defendants have demonstrated a pattern involving refusals to comply with discovery orders and willful obstruction the discovery process. *See* Dkt. 15, 22, and 31.

The Non-Insurance Defendants' discovery misconduct is attributable to the Non-Insurance Defendants. Despite obtaining new counsel, the Non-Insurance Defendants are refusing to respond to written discovery requests (again). The refusal to respond to Plaintiff's discovery is clearly a decision made by the Non-Insurance Defendants as it is unlikely two separate law firms would refuse to respond to written discovery for the same clients.

The Non-Insurance Defendants' discovery misconduct is substantially prejudicial to Plaintiff. The Non-Insurance Defendants refuse to provide Plaintiff any of the requested discovery that would enable Plaintiff to test and/or challenge the Non-Insurance Defendants' claimed *McCorpen* defense. Without responses to the above requests for production and interrogatories, Plaintiff will be severely disadvantaged in challenging the claims that (a) Plaintiff intentionally misrepresented or concealed medical facts; (b) Plaintiff's purported non-disclosed facts were material to the Non-Insurance Defendants' decision to hire Plaintiff; and (c) there is some connection exists between the information the Non-Insurance Defendants' claim has been withheld and Plaintiff's injuries.

A lesser sanction would not deter the Non-Insurance Defendants' discovery misconduct. The parties have trudged this road before. REC Marine was ordered to respond to discovery before this case was removed and REC Marine refused to comply with the order compelling discovery. GOL, Gulf Offshore, and OTS simply ignored discovery requests. *See* Dkt. 15, 22, and 31. This behavior went unpunished and now the Non-Insurance Defendants have returned to their original strategy—ignore discovery requests.

There is a pattern in this case (and others),[4] and the Non-Insurance Defendants' conduct is going to continue unless the Non-Insurance Defendants are appropriately sanctioned for their conduct.

### III.  EXHIBITS

| | |
|---|---|
| Exhibit 1 | Email threatening sanctions |
| Exhibit 2 | Judge White's Order |
| Exhibit 3 | Email memorializing call to F. Salley |
| Exhibit 4 | Discovery to GOL, Gulf Offshore, and OTS |
| Exhibit 5 | Notice of Removal |
| Exhibit 6 | Plaintiff's second requests for production and second interrogatories |
| Exhibit 7 | March 3, 2021 emails |
| Exhibit 8 | April 6, 2021 email |
| Exhibit 9 | April 12, 2021 email |
| Exhibit 10 | April 13, 2021 email |
| Exhibit 11 | April 20, 2021 email |
| Exhibit 12 | Non-Insurance Defendants' Answer |
| Exhibit 13 | Non-Insurance Defendants' Status Conference Report |

### IV.  PRAYER

Plaintiff respectfully requests that the Court: (a) Order the Non-Insurance Defendants to respond fully, completely, without objection, and in writing to Plaintiff's Second Requests for Production and Second Interrogatories that were served upon them on March 2, 2021 within five

---

[4] *See Rec Marine v. Dequincy Richard*, 19-cv-11149-LMA-DMD

(5) days of the Court compelling responses; (b) strike the Non-Insurance Defendants' purported *McCorpen* defense; and (c) for any other relief Plaintiff may be entitled.

                Respectfully submitted,

                MORROW & SHEPPARD LLP

                /s/*Daniel E. Sheppard*
                Daniel E. Sheppard
                Bar Roll No. 38076
                John D. Sheppard
                *Admitted Pro Hac Vice*
                *msfiling@morrowsheppard.com*
                *dsheppard@morrowsheppard.com*
                *jsheppard@morrowsheppard.com*
                5151 San Felipe Street
                Houston, Texas 77056
                Telephone: (713) 489-1206
                Facsimile: (713) 893-8370

                *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

                                     */s/Daniel E. Sheppard*
                                      Daniel E. Sheppard

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff attempted to confer with Kyle Khoury, counsel for the Non-Insurance Defendants, on multiple occasions regarding the relief requested. Plaintiff's second requests for production and second interrogatories went unanswered and, on April 6, 2021, counsel for Plaintiff notified the Non-Insurance Defendants of the overdue discovery requests. The Non-Insurance Defendants were reminded of the overdue discovery on April 12, 2021. On April 13th, 2021, the Non-Insurance Defendants indicated they could have responses to Plaintiff's second requests for production by April 20, 2021. No responses were received on April 20, 2021. On April 20, 2021, counsel for Plaintiff asked the Non-Insurance Defendants to respond to Plaintiff's second request for production as soon as possible.

                                     */s/Daniel E. Sheppard*
                                     Daniel E. Sheppard