UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN | § |
| | § |
| Plaintiff | §CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § |
| *Versus* | § |
| | § |
| REC MARINE LOGISTICS LLC, ET AL. | § TRIAL BY JURY DEMANDED |
| | § |
| Defendants | § |

## STATUS CONFERENCE REPORT ON BEHALF OF DEFENDANTS REC et. al.

The Parties consist of REC Marine Logistics, LLC., a Defendant, who was the employer of Plaintiff, Griffin, while he was employed as a deckhand on board the **MV Dustin Danos,** owned by, but not operated by, Offshore Transport Services, LLC. The remaining Defendants are GOL, LLC.; a vessel broker which has nothing whatever to do with Griffin or his employment, and it does not own or operate the **MV Dustin Danos**; and Gulf Offshore Logistics, LLC, which does not and has not had any involvement with the plaintiff or the vessel, and does not currently operate any vessel or conduct any business. It and GOL, LLC, will both seek dismissal by agreement, or by summary judgment, after initial discovery.

All Defendants are presently represented by:

FRED E. SALLEY, T.A. (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile (985) 867-3368
Counsel for Defendant, REC
Marine Logistics, LLC, et.al

2) There are no presently pending motions.

3) This case is currently at the initial status conference stage at which the following settings are to be set:

Pre-trial conference _____
Jury trial _____

4) Plaintiff, Griffin, claims he was onboard the **MV Dustin Danos**, and alleges he was injured while making a vessel transfer . Defendant believe that this was alleged erroneously by Griffin, and that no such injury actually occured; or if so, it was minimal and

EXHIBIT
13

actionable type of vessel or marine operation that is not actionable by a seaman under either GML or Jones Act; and the complaint of, and any injury which may have been sustained, actually is relatable to an injury Griffin sustained at another time and/or place while off the vessel, and for which, notwithstanding; he received substantial Maintenance & Cure, long term medical treatments, and payments including M & C.

In his employment, employment application, and medical exam for work with REC, Griffin denied, and declined to disclose prior accidents, injuries and disabilities, bringing into operation, among others legal issues, the **McCorpen Rule,** and the many subsequent state and federal court opinions following **McCorpin,** which blocks his recovery in this matter.

5) There have been no discovery discussions or settings thus far.

**Respectfully Submitted,**

//Fred E. Salley

BY:_____
**FRED E. SALLEY, T.A. (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile (985) 867-3368
Counsel for Defendants REC**