UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN                   CIVIL ACTION NO.

VERSUS                                    20-92-BAJ-EWD

REC MARINE LOGISTICS, LLC, ET AL.

### TELEPHONE CONFERENCE REPORT AND ORDER

A telephone conference was held with the following participants before Magistrate Judge Erin Wilder-Doomes on May 5, 2021 to discuss the Motion to Compel Discovery Responses and to Strike the Non-Insurance Defendants' *McCorpen* Defense ("the Motion"),[1] filed by McArthur Griffin ("Plaintiff"):

| PRESENT: | Daniel Sheppard<br>Counsel for Plaintiff,<br>McArthur Griffin | Kyle A. Khoury<br>Counsel for Defendants,<br>REC Marine Logistics, LLC<br>GOL, LLC, Gulf Offshore Logistics,<br>LLC and Offshore Transport<br>Services, LLC |
|---|---|---|
| | Alan R. Davis<br>Counsel for Defendant,<br>QBE Insurance (Europe) Limited | |

In the Motion, Plaintiff contends that he propounded discovery to Defendants REC Marine Logistics, LLC; GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services, LLC ("Defendants") on March 2, 2021 but has not yet received responses, despite defense counsel's agreement to produce responses by the informal extended deadline of April 20, 2021. Plaintiff also seeks to preemptively strike Defendants "*McCorpen*" defense, which Plaintiff acknowledges Defendants have not formally pled, due to Defendants' failure to timely respond to discovery requests which, in part, seek information about the defense.[2]

---

[1] R Doc. 63.
[2] R. Doc. 63-1.

cv38aT0:10

During the conference, Plaintiff advised that Defendants served responses to the second set of discovery requests; however, Plaintiff contends that the responses assert boilerplate objections and that Defendants failed to produce all of the documents requested, including documents relevant to Defendants' purported *McCorpen* defense. Defendants argued that Plaintiff is seeking medical records from many current and former employees of four companies who have not authorized the release of such information. Plaintiff countered that the requested records are relevant and proportional to the needs of the case because Defendants have sought fifty years of Plaintiff's medical records and because Plaintiff intends to use the employees' medical records to determine Defendants' treatment of employees with prior injuries. However, Plaintiff acknowledged that he is unaware of how many employees' records were encompassed by the request or Defendants' records retention policies.

The Motion is based on an assertion that discovery responses were not timely provided, while Plaintiff's argument during the telephone conference focused the deficiencies in the responses. Additionally, it does not appear that the parties have conferred sufficiently to attempt to resolve their discovery disputes based on counsel's answers to questions from the undersigned during the telephone conference.

After providing guidance to the parties, the parties were ordered to confer to resolve their discovery disputes in accordance with their Fed. R. Civ. P. 37 obligations. The Motion will be terminated because discovery responses were provided and because there is no legal basis to strike a defense that has not yet been, and may never be, pled. Plaintiff's issues with Defendants' responses are more properly asserted in a different Motion to Compel if the parties cannot amicably resolve the outstanding issues.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Responses and to Strike the Non-Insurance Defendants' *McCorpen* Defense,[3] is **DENIED** for the reasons stated in this Report and Order.

**IT IS FURTHER ORDERED** that, **by no later than May 12, 2021** and after the parties engage in an adequate Fed. R. Civ. P. 37 discovery conference, Plaintiff McArthur Griffin may file a new motion to compel, which shall identify in detail any outstanding issues and the parties' efforts to resolve them.

Signed in Baton Rouge, Louisiana, on May 5, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] R. Doc. 63.