# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN | § |
| Plaintiff | § |
| | § CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| *Versus* | § |
| REC MARINE LOGISTICS LLC, ET AL. | § **TRIAL BY JURY DEMANDED** |
| Defendants | § |

## MEMORANDUM IN SUPPORT OF AMENDED MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION AND SECOND INTERROGATORIES

Plaintiff, McArthur Griffin, respectfully submits this memorandum in support of his Motion to Compel Discovery Responses to Plaintiff's Second Requests for Production and Second Interrogatories ("Plaintiff's Motion").[1] As further articulated in the certificate of conference, pursuant to the Court's order following the May 5, 2021 hearing, counsel for Plaintiff and the Non-Insurance Defendants conferred regarding the Non-Insurance Defendants' objections (which were waived) to Plaintiff's second requests for production and second interrogatories.[2]

Plaintiff and the Non-Insurance Agreement could not reach any agreements on the discovery dispute.

---

[1] The Non-Insurance Defendants are collectively, REC Marine Logistics, LLC ("REC Marine"), GOL, LLC ("GOL"), Gulf Offshore Logistics, LLC ("Gulf Offshore"), and Offshore Transport Services, LLC ("OTS")

[2] The only documents produced by the Non-Insurance Defendants in response to Plaintiff's second requests for production and second interrogatories were documents they intend to use to support their unpled *McCorpen* defense.

Plaintiff seeks full responses to the objected-to request for production and interrogatory that are the subject of this Motion (with the proposed redactions and limitations as to scope outlined below). Counsel for Plaintiff has: (a) asked the Non-Insurance Defendants' counsel to provide a "look-back" period for the discovery responses sought; and (b) offered to accept the document production with personal identifying information redacted. Counsel for the Non-Insurance Defendants cannot agree to any "look-back" period and did not agree to produce the responsive material, even in a redacted format as suggested by Plaintiff's counsel as a compromise.[3]

## I. ARGUMENT AND AUTHORITY

### A. THE DISCOVERY AND RELIEF SOUGHT BY PLAINTIFF IS AUTHORIZED

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses as proportional to the needs of the case." *See* FED. R. CIV. P. 26(b)(1). A court may compel responses to discovery if the opposing party does not adequately or fully answer a discovery request. *See* FED. R. CIV. P. 37(a)(3)(B).

### B. THE REQUEST FOR PRODUCTION AND INTERROGATORY PLAINTIFF SEEKS TO COMPEL

Plaintiff requested that the Non-Insurance Defendants produce documents responsive to the following request for production (which has been objected to by the Non-Insurance Defendants):

> **REQUEST 2:** Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before

---

[3] Moreover, in an attempt to limit the scope of the discovery sought, Plaintiff further limits his discovery request to exclude copies of personal/professional licenses, credentials, and acknowledgement of receipt of documents/policies. Plaintiff is seeking documentation related to the materiality of the pre-employment disclosure of medical conditions from Plaintiff's former employer (REC Marine) and the remaining Non-Insurance Defendants (to the extent their companies merged and/or were subsumed into REC Marine at any time).

they were hired. For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

*See* Exhibit 1 (Plaintiff's second requests for production and second interrogatories).

Additionally, Plaintiff propounded the following interrogatory (which has been objected to by the Non-Insurance Defendants):

> **INTERROGATORY 3:** Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

*See* Exhibit 1 (Plaintiff's second requests for production and second interrogatories).

### C. THE NON-INSURANCE DEFENDANTS' BOILERPLATE OBJECTIONS

Plaintiff requests that the Court overrule the Non-Insurance Defendants' boilerplate objections and fully respond to the request for production and interrogatory discussed *supra* with the limitations and redactions proposed by Plaintiff. The Non-Insurance Defendants boilerplate objections are essentially as follows: (a) the materials and information sought is irrelevant; (b) the materials and information sought is not likely to lead to the discovery of admissible evidence; (c) responding to the discovery requests would be unduly burdensome; (d) the materials and information sought is not proportional to the needs of the case; and (e) the request and interrogatory seek private information from non-parties.[4] *See* Exhibit 2 (Non-Insurance Defendants' responses to Plaintiff's second requests for production and second interrogatories).

---

[4] The Non-Insurance Defendants made general objections to each of Plaintiff's second requests for production and interrogatories. Those general objections that appear on pages 1 through 3 of the Non-Insurance Defendants' responses to Plaintiff's second request for production and interrogatories do not apply to the subject request for production and interrogatory and, therefore, are not briefed herein.

### D. THE *MCCORPEN* DEFENSE

By way of background, the *McCorpen* defense derives its name from *McCorpen v. Cent. Gulf S. S. Corp.*, which generally stands for the proposition that a seaman who willfully conceals a pre-existing injury from his employer may not recover damages for maintenance and cure *if* that injury is reactivated or aggravated during a later voyage. *See* 396 F.2d 547, 548 (5th Cir. 1968); *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir.2005). However, the maritime employer who seeks to invoke the *McCorpen* defense must prove that:

> (1) the claimant intentionally misrepresented or concealed medical facts;
> (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and
> (3) a connection exists between the withheld information and the injury complained of in the lawsuit.

*See Brown*, 410 F.3d at 171.

### E. THE NON-INSURANCE DEFENDANTS' GAME PLAN

Plaintiff suspects one or more of the Non-Insurance Defendants will eventually assert the *McCorpen* defense and seek to dismiss Plaintiff's claims for maintenance and cure using a self-serving affidavit and/or testimony from one of their employees. Plaintiff does not need to resort to reading the tea leaves to come to this conclusion. Recently, REC Marine successfully had a seaman's claim for maintenance and cure summarily dismissed by using a self-serving affidavit executed by Blaine Russell, REC Marine's Operations Manager. *Daggs v. Gulf Offshore Logistics, LLC*, CV 19-00071, 2019 WL 5693058, at *2 (E.D. La. Nov. 4, 2019). Daggs (like Plaintiff) was a deckhand suffered injuries to his neck and back. *Daggs v. Gulf Offshore Logistics, LLC*, CV 19-00071, 2019 WL 5693058, at *2 (E.D. La. Nov. 4, 2019). The evidence submitted to the court in connection with REC Marine's motion for partial summary judgment of Daggs' maintenance and cure claims (medical records showing preexisting back and neck injuries) indicated Daggs had a

preexisting back and neck condition.[5] *Daggs v. Gulf Offshore Logistics, LLC*, CV 19-00071, 2019 WL 5693058, at *2 (E.D. La. Nov. 4, 2019).

REC Marine prevailed on the materiality prong of the *McCorpen* defense by submitting an affidavit executed by Blaine Russell where he claimed: "Had Joseph Daggs disclosed his prior history of low back and neck injuries (and treatment therefore) REC Marine would have required further medical information from Daggs, including prior records, and would have required further evidence of his capability of performing the duties of a deckhand without injury to himself or others before a decision was made to his employability." *See* Exhibit 3 (Affidavit of Blaine Russell in *Daggs v. Gulf Offshore Logistics, LLC*). Daggs was unable to overcome the self-serving claims contained in Blaine's affidavit and the court granted REC Marine's motion for partial summary judgment as to Daggs' maintenance and cure claims. *Daggs v. Gulf Offshore Logistics, LLC*, CV 19-00071, 2019 WL 5693058, at *7 (E.D. La. Nov. 4, 2019) ("Further, Daggs has presented no evidence to show he would have been hired by REC even if he had fully disclosed his prior injuries. Accordingly, this Court finds that Defendants have met the required showing of materiality to satisfy the second McCorpen prong.").

The Non-Insurance Defendants are denying Plaintiff the very information that would further challenge the materiality prong of the *McCorpen* defense. The materials and information sought are relevant and likely to lead to the discovery of admissible evidence for obvious reasons. The materials and information sought are important given the path the Non-Insurance Defendants will likely take in seeking a dismissal of Plaintiff's maintenance and cure claims. The materials and information sought are proportional to the needs of the case—the request for production and

---

[5] On information and belief, no medical records have been obtained that show that Plaintiff suffered from pre-existing neck and/or back injuries.

interrogatory targets information related to the Non-Insurance Defendants' non-pled (but claimed) *McCorpen* defense.

The Non-Insurance Defendants objections as to the burden of responding to the discovery requests and scope are equally specious. Plaintiff has offered to limit the scope by seeking a "look-back" period (which was rejected). Moreover, aside from bald claims that searching for records in employee files for four companies is burdensome, the Non-Insurance Defendants have not identified how many employees they have working for them, the retention period for employee files, and/or the number of seamen that have been employed by them for which the records requested exist. Moreover, it should be noted that the Non-Insurance Defendants have not identified how responding to the discovery requests in their shared offices (and likely shared records storage area) will be burdensome. *See* Exhibit 4 (Louisiana Secretary of State printouts).

These boilerplate objections should be overruled.

### F. NON-PARTY PRIVACY CONCERNS

The Non-Insurance Defendants have claimed the objected-to discovery request and interrogatory seek private information of non-parties. To address these concerns, Plaintiff proposes that the Non-Insurance Defendants redact the personal information from their employees' records (e.g. names, dates of birth, social security numbers, addresses) from the documents and produce them to Plaintiff in redacted format. If the Non-Insurance Defendants redact the personal information from the personnel records, there is no means for Plaintiff (or anyone else) to identify the particular employee to which the personnel record corresponds and the non-party's privacy interest is eliminated. *See Consolidated Health Plans, Inc. v. Principal Performance Group, Inc.*, CV 19-00071, 2019 WL 5693058, at *5 (W.D. La. June 16, 2003); *United States of America v. QHG of Indiana, Inc.*, 1998 WL 1756728 *8 (N. D.Ind.) (ordering the production of third-party medical records with personal identifiers redacted, noting that once identifying information is

removed from the record, the patient's privacy interest is essentially eliminated). Moreover, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses. *See* Fed. R. Civ. P. 26(b)(1).

The objection made on privacy grounds should be overruled.

### G. THE NON-INSURANCE DEFENDANTS HAVE WAIVED ANY OBJECTIONS TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION

Plaintiff served his second requests for production and second interrogatories on the Non-Insurance Defendants on March 2, 2021. *See* Exhibit 1 (Plaintiff's second requests for production and second interrogatories). On April 28, 2021 (after Plaintiff filed his Motion to Compel Discovery Responses and to Strike the Non-Insurance Defendants' *McCorpen* Defense), the Non-Insurance Defendants made boilerplate objections to the requests for production and interrogatories directed towards the Non-Insurance Defendants' *McCorpen* defense. *See* Exhibit 2 (Non-Insurance Defendants' untimely responses to Plaintiff's second requests for production and second interrogatories). Under Rule 34, the party responding must respond to requests for production and interrogatories within 30 days after service and each response must either state the information will be produced or state with specificity the grounds for objecting to the request. *See* FED. R. CIV. P. 34(2)(A)-(C). The Non-Insurance Defendants' untimely responses to Plaintiff's second requests for production and second interrogatories in a timely fashion has operated to waive any objections that Plaintiff may have had to the requests for production. *See Brown v. Logue*, CV 15-193-RLB, 2015 WL 13049853, at *1 (M.D. La. Oct. 14, 2015) (*"*As Plaintiffs did not make any timely objections, the court finds that they have waived its objections to Defendants' Interrogatories and Requests for Production, with the exception of those pertaining to any applicable privileges, immunities, or other protections from disclosure."); *see In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to

interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

On this basis alone, the Non-Insurance Defendants' late objections can be overruled.

## II. EXHIBITS

| | |
|---|---|
| Exhibit 1 | Plaintiff's Second Requests for Production and Interrogatories |
| Exhibit 2 | Defendants Responses to Plaintiff's Second Requests for Production and Interrogatories |
| Exhibit 3 | Affidavit of Blaine Russell in *Daggs v. Gulf Offshore Logistics, LLC* |
| Exhibit 4 | Louisiana Secretary of State Printouts |

## III. PRAYER

Plaintiff respectfully requests that the Court Order the Non-Insurance Defendants to respond fully, completely, without objection, and in writing to Plaintiff's Second Requests for Production and Second Interrogatories that were served upon them on March 2, 2021 within five (5) days of the Court compelling responses and for any other relief Plaintiff may be entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
*jsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff and the Non-Insurance Defendants have attempted to resolve this discovery dispute before the filing of this motion. The following attempts to resolve this dispute have been made:

- On May 5, 2021 and again on May 12, 2021 counsel for Plaintiff and the Non-Insurance Defendants met in person to discuss this discovery dispute and possible resolution.
- Counsel for Plaintiff and the Non-Insurance Defendants exchanged emails in an attempt to resolve this discovery dispute on May 10, 2021.
- On May 11, 2021, Counsel for Plaintiff and the Non-Insurance Defendants spoke on the phone to discuss the discovery dispute and possible resolution.

Counsel for the Non-Insurance Defendants has represented that he cannot agree to respond to the request for production and interrogatory identified above absent a Court Order.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard