# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN | § |
| Plaintiff | § § § |
| | § CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| *Versus* | § § § |
| REC MARINE LOGISTICS LLC, ET AL. | § **TRIAL BY JURY DEMANDED** |
| Defendants | § § § |

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure, Plaintiff submits these requests for production and interrogatories to (a) Rec Marine Logistics, LLC; (b) Gulf Offshore Logistics, LLC; (c) GOL, LLC; and (d) Offshore Transport Services, LLC upon which they are served. Within thirty (30) days after service of these requests, Defendants must (a) respond to each request and interrogatory separately in writing, and (b) produce the documents or things requested herein to Daniel E. Sheppard at the offices of Morrow & Sheppard LLP.

EXHIBIT
1

# **DEFINITIONS**

1. "Plaintiff" means McArthur Griffin.[1]

2. "Defendant(s)" means, Rec Marine Logistics, LLC; Gulf Offshore Logistics, LLC; Gol, LLC; And Offshore Transport Services, LLC, as well as their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf.

3. "Incident" refers to the incident on or about May 2018 involving Plaintiff and made the basis of this Lawsuit and the events giving rise to the Incident.

4. "Lawsuit" shall refer to this lawsuit.

5. "You" or "Your" shall refer to the Defendant.

6. "Documents" shall mean all documents an tangible things, in the broadest sense allowed under the Federal Rules of Civil Procedure, including but not limited to every original (or copies if you do not have originals) and each non identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

7. "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

8. "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies,

---

[1] Documents produced by Defendants name Plaintiff as McArthor Griffin. The definition for Plaintiff includes McArthor Griffin.

cables or some other electronic or other medium.

9. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

10. Unless otherwise indicated, documents requested herein are documents referring to, relating to, or prepared during the last ten years.

## **INSTRUCTIONS**

1. Please produce all responsive documents in the same file or organizational environment in which they are maintained. For example, produce a document that is part of a file or other grouping together with all other documents from the file or other grouping responsive to the request, in the same order or manner of arrangement as the original.

2. These requests specifically call for production of electronic and magnetic data responsive to the request in addition to physical documents or objects. Please produce such electronic and magnetic date in its native format. When producing electronic documents, please identify the software and version number needed to review the electronic data.

3. If a privilege is claimed with regard to any material or information, provide a description of the withheld material or information in compliance with Federal Rule of Civil Procedure 26(b)(5) within 15 days.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO REC MARINE LOGISTICS, LLC; GULF OFFSHORE LOGISTICS, LLC; GOL, LLC; AND OFFSHORE TRANSPORT SERVICES, LLC**

**REQUEST 1:** Produce all Documents supporting Defendants' contention that Plaintiff intentionally concealed and/or misrepresented pertinent medical facts prior to his employment. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 2:** Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired. For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 3:** Produce all Documents supporting Defendants' contention that Plaintiff's alleged intentional concealment and/or misrepresentation of pertinent medical facts materially affected Defendants' decision to hire Plaintiff. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 4:** Produce all Documents related to incidents that resulted in injuries sustained in connection with a basket transfer to or from a vessel owned, operated, controlled, and/or managed by Defendants.

**PLAINTIFF'S SECOND INTERROGATORIES TO REC MARINE LOGISTICS, LLC; GULF OFFSHORE LOGISTICS, LLC; GOL, LLC; AND OFFSHORE TRANSPORT SERVICES, LLC**

**INTERROGATORY 1:** Identify by Bates number all Communications from Plaintiff that Defendants' contend constitutes intentional concealment and/or misrepresented pertinent medical facts by Plaintiff that materially affected Defendants decision to hire Plaintiff. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**INTERROGATORY 2:** Identify and fully explain the alleged factual causal link between the alleged concealed pre-existing injuries and Plaintiff's claimed injuries. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**INTERROGATORY 3:** Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/Daniel E. Sheppard*
Daniel E. Sheppard
State Bar No. 38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX 77098
713.489.1206 tel
713.893.8370 fax

CLAYTON, FRUGE & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1
South Port Allen, Louisiana 70767
(225) 344-7000 (tel)
(225) 383-7631 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served on counsel of record by email on March 2, 2021.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard