## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>         **Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>         **Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

### REC MARINE LOGISTICS, LLC, GOL, LLC, GULF OFFSHORE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC'S RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION AND INTERROGATORIES

**NOW INTO COURT**, through undersigned counsel, come defendants, REC Marine Logistics, LLC (REC), GOL, LLC ("GOL"), Gulf Offshore Logistics, LLC ("Gulf Offshore"), and Offshore Transport Services, LLC ("Offshore Transport") (hereinafter sometimes collectively referred to as "Defendants"), who respond to the Second Requests for Production and Interrogatories propounded by Plaintiff, McArthur Griffin ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

Defendants generally objects to Plaintiff's Second Requests for Production and Interrogatories as follows:

1. Defendants generally object to the discovery requests as they seek the knowledge of a business over the period of its existence. An entity in and of itself, possesses no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or understanding as to any given matter at any given time.

**EXHIBIT 2**

2. Discovery and investigation in this case are continuing. The right to supplement and amend these responses with additional information, or if errors are discovered, is specifically reserved. These responses are also given without prejudice to defendants' rights to rely at trial on subsequently discovered information or information inadvertently omitted in these responses as a result of mistake, error or oversight.

3. These responses are made solely for the purposes of the instant action. They are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections and grounds that would require the excluding of any statements contained herein at trial.

4. Defendants generally object to the discovery to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or the anticipation of litigation privilege. Defendants generally object to the extent that the discovery seeks information which is irrelevant and immaterial to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, by providing responses to the discovery requests, Defendants do not waive any objections as to the admissibility at trial.

5. Defendants generally object to the extent that the discovery seeks the disclosure of the mental impressions, conclusions, memoranda, notes or summaries, legal research or legal theories of defendants' attorneys, and to the extent that the discovery requires disclosure of the mental impressions, conclusions or opinions

    of defendants' representatives insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

6. Defendants object to this discovery insofar as it seeks confidential business information without any showing of need that would justify requiring defendants to make such disclosure.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all Documents supporting Defendants' contention that Plaintiff intentionally concealed and/or misrepresented pertinent medical facts prior to his employment. This request seeks information related to Defendants' claimed McCorpen defense. See McCorpen v. Central Gulf Steamship Corp., 396 F.2d 547, 548 (5th Cir. 1968).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

See attached lawsuits involving plaintiff, (bates labeled REC 1863-1893 and 1894-1898) . In addition, see plaintiff's personnel file previously produced. Lastly, see pre-employment physical records previously produced from Complete Occupational Health Services (bates labeled REC 1173-1188). Defendants reserve the right to supplement this response as discovery proceeds.

### REQUEST FOR PRODUCTION NO. 2:

Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired. For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp*., 396 F.2d 547, 548 (5th Cir. 1968).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to Request No. 2 in that it seeks the confidential medical information of individuals who are not parties to this litigation. Defendants further object to Request No. 2 in that it is overly broad, unduly burdensome, and not proportional to the needs of this case. The Request is not limited in time. Furthermore, plaintiff was not (nor has he ever been) employed by GOL, Gulf Offshore, or Offshore Transport. Accordingly, any employment records maintained by any of these entities have no conceivable relevance to this case.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents supporting Defendants' contention that Plaintiff's alleged intentional concealment and/or misrepresentation of pertinent medical facts materially affected Defendants' decision to hire Plaintiff. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See plaintiff's personnel file previously produced.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all Documents related to incidents that resulted in injuries sustained in connection with a basket transfer to or from a vessel owned, operated, controlled, and/or managed by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to Request No. 4 in that it seeks the production of documents which are neither relevant, nor likely to lead to the discovery of admissible evidence. Defendants further object to Request No. 4 in that it is overly broad, unduly burdensome, and not proportional to the needs of the case. More particularly, Request No. 4 is not limited in time, and seeks documents from entities which neither employed the plaintiff nor owned/operated the vessel onboard which he was allegedly injured. The Request also seeks the production of documents for vessels other than the one

4

on which plaintiff was allegedly injured, and would require REC Marine to search through the records of an entire fleet of vessels in order to respond to the Request as written.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by Bates number all Communications from Plaintiff that Defendants' contend constitutes intentional concealment and/or misrepresented pertinent medical facts by Plaintiff that materially affected Defendants decision to hire Plaintiff. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**ANSWER TO INTERROGATORY NO. 1:**

See documents referenced in response to Request for Production No. 1 above.

**INTERROGATORY NO. 2:**

Identify and fully explain the alleged factual causal link between the alleged concealed pre-existing injuries and Plaintiff's claimed injuries. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**ANSWER TO INTERROGATORY NO. 2:**

According to the Plaintiff's Petition, he claims to have sustained injuries to various parts of his body, including, but not limited to, injuries to his back and neck. Upon information and belief, plaintiff sustained injuries to his low back, back, neck, and other parts of his body in prior accidents for which he has filed suit. See response to Request No. 1 for further information.

**INTERROGATORY NO. 3:**

Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

**ANSWER TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 in that it seeks information which is neither relevant, nor likely to lead to the discovery of admissible evidence. Defendants further object to

Interrogatory No. 3 in that it is overly broad, unduly burdensome, and not proportional to the needs of the case. More particularly, Interrogatory No. 3 is not limited in time, and seeks information from entities which did not employ the plaintiff. Even if a response was appropriate, such would require four separate companies to search through the personnel files of all individuals ever employed by those companies to determine whether said individuals disclosed "medical facts and/or pre-existing injuries." Furthermore, this Interrogatory seeks confidential medical information of individuals who are not parties to this litigation.

    Respectfully submitted:

    _____
Salvador J. Pusateri T.A. (#21036)
Kyle A. Khoury (#33216)
PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pJgglaw.com
Kyle.Khoury@pJgglaw.com
ATTORNEYS FOR GOL, LLC, REC
MARINE LOGISTICS, LLC, GULF
OFFSHORE LOGISTICS, LLC, and
OFFSHORE TRANSPORT SERVICES, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of April, 2021, I served the foregoing document by electronic means (email) upon all counsel of record in this case.

_/s/ _____