# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH DAGGS<br><br>VERSUS<br><br>GULF OFFSHORE LOGISTICS, LLC, ET AL. | CIVIL ACTION NO. 2:19-cv-00071<br><br>SECTION M:<br>DISTRICT JUDGE BARRY W. ASHE<br><br>DIVISION 2:<br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## UNSWORN DECLARATION PURSUANT TO 28 U.S.C. § 1746

I, Blaine Russell, hereby make the following declarations:

1. I am an adult resident of the state of Louisiana. I am of sound mind and capable in all respects of executing this Declaration.

2. I am the Operations Manager of REC Marine Logistics, LLC.

3. This declaration is made upon personal knowledge of the matters set forth herein.

4. Joseph Daggs applied for a job as a deckhand at REC Marine on or about October 30, 2018. In connection with his application, Joseph Daggs was required to undergo a pre-employment physical.

5. REC Marine Logistics, LLC requires all potential employees applying for the position of deckhand to undergo a pre-employment physical, which includes completion of a medical history questionnaire.

6. The medical history questionnaire which a potential employee is required to complete forms part of an overall assessment of whether the potential employee is physically capable of performing the work of a deckhand.

EXHIBIT 3

7.  The job of a deckhand is not a sedentary job. It requires significant physical activity, strength and endurance.

8.  The job duties of a deckhand include, but are not limited to, the following:

    a.  Assisting with the transfer of personnel to and from offshore facilities by various means, including swing rope and personnel basket

    b.  Lifting, carrying and handling heavy equipment, including face wires, shore lines, ratchets, etc.;

    c.  Rigging up heavy cargo for transfer to and from offshore platforms;

    d.  Maneuvering cargo on the deck of a vessel in various sea conditions;

    e.  Climbing and/or descending ladders and/or stairs to access various areas of a vessel;

    f.  Transferring between vessels;

    g.  Performing routine maintenance and minor vessel repairs;

    h.  Lifting and carrying objects weighing between 50 and 100 pounds; and

    i.  Repetitive bending, stooping and other strenuous activities

9.  Given the physical nature of the work of a deckhand, REC Marine requires applicants to disclose (through a pre-employment medical history questionnaire) any prior injury or disease to a wide range of body parts that would be utilized in the work of a deckhand, including, but not limited to, the neck and back.

10.  Had Joseph Daggs disclosed his prior history of low back and neck injuries (and treatment therefore), REC Marine would have required further medical information from Daggs, including prior medical records, and would have required further evidence of his

capability of performing the duties of a deckhand without injury to himself or others before a decision was made as to his employability.

11. Had REC Marine been made aware of Joseph Daggs' history of low back and neck injuries (and treatment therefore), such would have been important to REC Marine in considering whether to hire him as a deckhand.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on this 7th day of August, 2019.

BLAINE RUSSELL