## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN** <br>                       **Plaintiff** <br><br> **VERSUS** <br><br> **REC MARINE LOGISTICS, LLC, ET AL** <br>                       **Defendants** | **CIVIL ACTION NO: 3:20-cv-00092** <br><br> **DISTRICT JUDGE:** <br> **HON. BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE:** <br> **HON. ERIN WILDER-DOOMES** |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## AMENDED MOTION TO COMPEL DISCOVERY RESPONSES

**MAY IT PLEASE THE COURT:**

Defendants, REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC (hereinafter sometimes collectively referred to as "Defendants"), hereby file this Opposition in response to the Amended Motion to Compel Discovery Responses filed by the Plaintiff, McArthur Griffin.

### PERTINENT BACKGROUND

Plaintiff's Motion seeks to compel responses to one document request contained within his Second Request for Production, and one Interrogatory within his Second Set of Interrogatories. The pertinent discovery requests and responses by the Defendants are as follows:

> **REQUEST 2:** Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired. For purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense.

1

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
> Defendants object to Request No. 2 in that it seeks the confidential medical information of individuals who are not parties to this litigation. Defendants further object to Request No. 2 in that it is overly broad, unduly burdensome, and not proportional to the needs of this case. The Request is not limited in time. Furthermore, plaintiff was not (nor has he ever been) employed by GOL, Gulf Offshore, or Offshore Transport. Accordingly, any employment records maintained by any of these entities have no conceivable relevance to this case.
>
> **INTERROGATORY 3:** Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.
>
> **ANSWER TO INTERROGATORY NO. 3:** Defendants object to Interrogatory No. 3 in that it seeks information which is neither relevant, nor likely to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 3 in that it is overly broad, unduly burdensome, and not proportional to the needs of the case. More particularly, Interrogatory No. 3 is not limited in time, and seeks information from entities which did not employ the plaintiff. Even if a response was appropriate, such would require four separate companies to search through the personnel files of all individuals ever employed by those companies to determine whether said individuals disclosed "medical facts and/or pre-existing injuries." Furthermore, this Interrogatory seeks confidential medical information of individuals who are not parties to this litigation.

(See discovery requests and responses thereto, attached hereto as Exhibit A).

Plaintiff's Motion to Compel asserts that the above-referenced discovery requests seek information and documents that are necessary to allow him to challenge an anticipated *McCorpen* defense by the Defendants, a defense which he claims has not actually been asserted. Specifically, Griffin claims he needs the requested information in order to test the second prong (commonly referred to as the "materiality" prong) of the three-pronged *McCorpen* defense. (See Rec. Doc. 67-1, pg. 5). Plaintiff notes that he proposed allowing defendants to establish a time limit for the discovery requests, and to accept a document production with "personal identifying information"

of Defendants' other employees redacted. For the reasons set forth below, Defendants respectfully suggest that the circumstances of this case do not justify requiring production of the medical records and sensitive medical information of other employees who are not parties to this litigation, and who have not authorized the release of their medical information.

## **LAW AND ARGUMENT**

### *Scope of Discovery*

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Federal district courts have repeatedly held that the production of documents such as personnel files (and medical records within those files) of non-party employees presents special privacy concerns which require a court to balance the competing interests of the parties. *In re: Xarelto (Rivaroxaban) Products Liability Litigation,* 313 F.R.D. 32, 36 (E.D. La. 2016). "Employment personnel files can be expected to contain much information that is personal and private, including medical records and personal data identifiers…" *Randelman v. Louisiana Sugar*

3

*Refining, LLC,* 2018 WL 2045396, *4 (E.D. La. 2018); See also *Callais v. United Rentals North America, Inc.*, 2018 WL 6517446, *2 (M.D. La. 2018) ("personnel files of non-party employees may contain sensitive information that has no relevance to the claims or defenses in the litigation, such as Social Security numbers and medical records or information, to name a few."). Accordingly, when considering whether to order the production of personal information of individuals who are not parties to a case, the privacy interests at stake "are not to be weighed lightly." *In re: Xarelto*, 313 F.R.D. at 36. In a recent case in this district, although certain portions of personnel files were ordered to be produced, the Court specifically advised the parties "of specific types of information likely contained in personnel files that is to be either redacted or not produced at all, including personal identifying information (i.e., Social Security number, telephone number, address), medical information or histories, salary and benefit information." *Callais*, 2018 WL 6517446 at *3.

### *The McCorpen Defense*

In general, a Jones Act employer is liable for the payment of maintenance and cure benefits to any seaman who suffers injury during their employment on a vessel, regardless of fault. *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir. 2008). However, the Fifth Circuit has held that an employer is relieved of its obligation to pay maintenance and cure when the plaintiff seaman "knowingly or fraudulently conceals his [pre-existing] illness from the shipowner." *McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968). This has become what is known as the *McCorpen* defense. To establish a *McCorpen* defense, an employer must show that (1) the seaman intentionally misrepresented or concealed medical facts; (2) the nondisclosed facts were material to the employer's decision to hire the seaman; and (3) a causal link exists between the withheld

4

information and the injury that is the subject of the complaint. *Johnson*, 544 F.3d at 301 (citing *Brown v. Parker Offshore Drilling Corp.*, 410 F.3d 166, 171 (5th Cir. 2005)).

*Plaintiff's request for medical records and medical information
of Defendants' other employees should not be allowed*

At the outset, it should be noted that the plaintiff was employed by REC Marine Logistics, LLC at the time of his accident. (See plaintiff's employment application, attached hereto as Exhibit B). Only a Jones Act employer is liable for the payment of maintenance and cure. Accordingly, REC Marine is the only Defendant which could possibly assert a *McCorpen* defense to plaintiff's claim for maintenance and cure. For this reason, the medical records and information concerning employees of GOL, Gulf Offshore Logistics, or Offshore Transport Services have no conceivable relevance to this case or to plaintiff's ability to contest the applicability of the *McCorpen* defense. The Court should therefore reject plaintiff's motion to compel any documents or information pertaining to the employees of these three entities.

The Court should also reject plaintiff's motion insofar as he seeks the confidential medical information of REC Marine employees who are not parties to this case. Plaintiff has filed suit against the Defendants in this case for injuries to his "shoulder, neck, back, legs and other body parts." (See Petition for Damages originally filed in state court, attached hereto as Exhibit C).[1] At this time, it appears REC Marine may have a viable *McCorpen* defense to any claim by plaintiff for maintenance and cure benefits associated with an alleged injury to his neck or low back. Griffin applied for a job with REC Marine on April 19, 2016. (See Exhibit B). Approximately two years earlier, on April 10, 2014, he filed suit in the 15th Judicial District Court for the Parish of Lafayette seeking to recover damages for injuries related to a car accident. (See lawsuit, attached hereto as Exhibit D). The lawsuit alleges Griffin sustained "severe and permanent injuries to the structure,

---

[1] Plaintiff's state court suit was subsequently removed to this Court.

tissues and musculature of his body, which injuries include, but are not limited to his lower back, back, and neck, along with other parts of his body." (Exhibit D, pg. 2). He sought damages for past and future medical expenses, past and future physical pain and suffering, as well as diminished earning capacity, among other things. (Exhibit D, pg. 2). Griffin did not disclose the car accident to REC Marine when he applied for a job, and did not disclose the fact that he had brought suit for neck and back injuries arising from the car accident in 2014. This is despite the fact that REC Marine's employment application asked whether plaintiff had been in "any motor vehicle accident or had your license suspended during the past five (5) years." (Exhibit B, pg. 2).

 The medical records/information of other employees which plaintiff is asking Defendants to produce does not have any arguable relevance to either the first or third *McCorpen* factors, namely whether plaintiff intentionally misrepresented or concealed medical facts, or whether there is a causal link between the information withheld and the injuries claimed in this lawsuit. Even plaintiff acknowledges that the documents and information he seeks regarding Defendants' other employees is for the purpose of challenging the materiality factor of *McCorpen*. Griffin foreshadows that REC Marine may use an affidavit as it did in another case to show that his failure to disclose his prior injuries was material to the decision to hire him. He then implies that he is seeking information concerning other employees who disclosed pre-existing injuries or medical information, presumably to show that other employees were hired even though they disclosed pre-existing injuries. (See Rec. Doc. 67-1, pg. 5). Plaintiff's argument would be that if REC Marine had hired other employees who disclosed pre-existing injuries, then they also would have hired him, meaning that his failure to disclose his 2014 lawsuit for injuries to his neck and back was not material. The logical fallacy in such an argument is evident. The decision whether to hire a particular individual is made up of many different factors which could include, but are certainly

6

not limited to, the nature and extent of any prior injuries sustained by the candidate, whether the prior injuries were temporary or permanent, the job position being applied for and how strenuous that job is, as well as many other factors which have nothing to do with physical capability. The possibility that some other employee of REC Marine (who may not have had the same job title as plaintiff) was hired despite disclosing some unspecified injury or illness does nothing to establish that plaintiff would have been hired if he would have informed REC Marine in 2016 that only two years earlier he filed a lawsuit claiming "severe and permanent injuries" to his neck and back. Furthermore, Defendants submit that any marginal relevance to plaintiff's ability to contest the materiality prong of a *McCorpen* defense (which he claims has not even been pled) does not justify an intrusion into the interests of individuals who are not parties to this case in the privacy of their medical records and information. It also does not justify the burden that would be placed on the Defendants to comb through hundreds (if not thousands) of personnel files of past and current employees to determine which of those employees disclosed some type of pre-existing injury, and then to produce not only the documents pertaining to the disclosure of that pre-existing injury but also "any Documents reflecting the Defendants' discussion/analysis of such facts or injuries" before the employee was hired.

Regarding the privacy concerns at issue, plaintiff argues that such are alleviated by his stipulation that Defendants can redact from any records produced the names, dates of birth, social security numbers, and addresses of the employees. However, at the same time, he seeks to compel a response to Interrogatory No. 3 which asks Defendants to "Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired." It is unclear how Defendants could identify these individuals without at least providing their names. Moreover, it is unclear why plaintiff would be seeking the identity of all past and current employees who have disclosed

7

"medical facts and/or pre-existing injuries" if not to correlate this disclosure with the medical records sought to be produced.

Plaintiff also misconstrues the manner in which courts have interpreted the materiality prong of *McCorpen*. "The Fifth Circuit has routinely held that the existence of a plaintiff seaman's back injury is material to a decision of employment, going so far as to say that a plaintiff's 'history of back injuries is the exact type of information sought by employers.'" *Foret v. St. June, LLC*, 2014 WL 4539090, *5 (E.D. La. 2014) (citing *Brown*, 410 F.3d at 174); See also *Parchmont v. Complete Logistical Services, LLC*, 2020 WL 3490435 (E.D. La. 2020) (quoting above language and stating that "this Court has held that neck injuries are material as well."). The way courts construe the materiality element simply underscores the fact that even if the defendants were to produce records showing they previously hired people who disclosed pre-existing injuries, such would have no tendency to show that the plaintiff's failure to disclose prior back and neck injuries was not material to REC Marine's decision to hire *him*.

### *Defendants have not their waived objections to the production of private medical records and information of non-party employees*

Defendants wish to briefly address Plaintiff's argument that they have waived any objection to producing the private medical records/information of employees who are not parties to this case. Griffin propounded the discovery in question on March 2, 2021. On April 12, 2021, plaintiff's counsel inquired about the status of Defendants' responses. Defense counsel replied that Defendants could provide responses by April 20, 2021. (See Rec. 63-1, pg. 3). Due to defense counsel's involvement in preparing for a hearing before the U.S. Fifth, responses were provided 8 days later on April 28, 2021.

A district court can find that objections to discovery are waived by failure to timely object or respond to the discovery. However, a court "retains discretion to decline to compel production

of requested documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made." *Schooler v. Wal-Mart Stores, Inc.*, 2015 WL 4879434, *1 (E.D. La. 2015). In *Schooler*, Magistrate Judge Wilkinson specifically held that, despite a dilatory objection, the court should exercise its discretion to preserve a defendants confidentiality objection to a discovery request seeking the employment or personnel files of non-party individuals. *Schooler* at *1. Defendants herein request that this Honorable Court exercise its discretion to preserve their objections to the pertinent discovery requests in light of the minimal delay, combined with the importance of the objections in preserving the privacy of individuals who are not parties to this case.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Honorable Court deny plaintiff's Amended Motion to Compel Discovery Responses.

Respectfully submitted,

*/s/ Kyle A Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, GULF OFFSHORE LOGISTICS, LLC, AND OFFSHORE TRANSPORT SERVICES, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of June, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Kyle A. Khoury*