## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MCARTHUR GRIFFIN | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § | |
| *Versus* | § | |
| | § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants | § | |

## REPLY IN SUPPORT OF AMENDED MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION AND SECOND INTERROGATORIES

### I.    SUMMARY OF PLAINTIFF'S REPLY

Over a year ago, the Non-Insurance Defendants represented to the Court that they would seek dismissal of Plaintiff's claims under *McCorpen*. *See* Exhibit 5 (Status Report Emailed to Court). To date, no Defendant in this case has pled the *McCorpen* defense. *See* Exhibit 6 (Defendants' Answers). The deadline for Defendants to amend their answers has expired. *See* Exhibit 7 (June 3, 2021 Scheduling Order). If all Defendants will be bound by this deadline and precluded from filing an amended answer in the future, Plaintiff can withdraw the discovery requests in dispute. However, if Defendants may be given leave to amend, Plaintiff asks the Court to compel responses to the request for production and interrogatory at issue. Plaintiff is entitled to discovery to support and/or defend against unpled (yet threatened) claims and/or defenses.

The Non-Insurance Defendants have not cited a single case that (a) would prevent a party from obtaining relevant discovery on an unpled (yet threatened) defense or (b) prevent discovery of redacted medical records contained in personnel files.

The Non-Insurance Defendants, however, have made several misleading statements that are contradicted by positions they have taken in other lawsuits, which Plaintiff addresses below.

## II.     NO DEFENDANT HAS PLED THE *MCCORPEN* DEFENSE AND IT IS TOO LATE FOR THEM TO DO SO NOW

No Defendant has pled the *McCorpen* defense.  *See* Exhibit 6 (Defendants' Answers).[1] Defendants' deadline to seek leave to amend their answers has passed and they cannot now raise the *McCorpen* defense.  *See* Exhibit 7 (June 3, 2021 Scheduling Order) ("The deadline to join other parties or to file a motion for leave to amend the pleadings is *EXPIRED*.") (emphasis added).

The request for production and interrogatory at issue relate to a prong of the unpled *McCorpen* defense. This discovery dispute can be rendered moot, provided all Defendants are precluded from asserting the *McCorpen* defense (pursuant to the pleading deadline contained in the June 3, 2021 Scheduling Order) and/or expressly stipulate that the *McCorpen* defense will not be raised at any time.

## III.     REC MARINE LOGISTICS' "EMPLOYMENT APPLICATION" WAS NOT USED TO DETERMINE WHETHER APPLICANTS OR TRANSFEREES (LIKE PLAINTIFF) HAD SOME PRIOR MEDICAL CONDITION[2]

The Non-Insurance Defendants suggest to the Court that a single question concerning whether Plaintiff was in a car accident or had his license suspended (within five years of completing the application) is how REC Marine performs its pre-employment injuries and/or

---

[1] Gulf Offshore Logistics, GOL, and OTS have conceded they cannot raise a McCorpen defense.  *See* Non-Insurance Defendants' Response ("REC Marine is the only Defendant which could possibly assert a McCorpen defense…).

[2] Although an application for REC Marine Logistics was completed, Plaintiff disputes that he applied for employment with REC Marine Logistics.  Plaintiff was transferred to REC Marine Logistics when it and JNB Logistics/Gulf Offshore merged.  *See* exhibit 8 at 12:21-13:4 (Harris Deposition) (REC Marine Logistics' corporate representative, Brian Harris, confirming REC Marine Logistics and Gulf Offshore Logistics merged; *see also* Exhibit 8 at 95:21-96:4 (Mr. Harris confirming JNB employees, like Plaintiff, were transferred to REC Marine and were not hired by REC Marine Logistics).

diseases investigation for prospective employees.[3]  The Non-Insurance Defendants' suggest that this question is how REC Marine Logistics performs its pre-employment injuries and/or diseases investigation for prospective employees.  However, the Non-Insurance Defendants' suggestion is proven untrue by the very documents REC Marine Logistics used to seek dismissal of another one of another employee's claims for maintenance and cure.  *See Ladnier v. REC Marine Logistics, L.L.C.*, CIV.A. 14-1278, 2015 WL 3824382, at \*1 (E.D. La. June 19, 2015); *see also* Exhibit 9 (Post-Offer Pre-Employment Entrance Examination Sheet for Darrell Ladnier).

REC Marine Logistics utilizes a fifteen (15) page form when performing its pre-employment injuries and/or diseases investigation for prospective employees.  *See* Exhibit 9 (Post-Offer Pre-Employment Entrance Examination Sheet for Darrell Ladnier).  This form has been used since *at least* 2013.  *See* Exhibit 9 (Post-Offer Pre-Employment Entrance Examination Sheet for Darrell Ladnier).  REC Marine Logistics and Plaintiff did not complete this form and REC Marine Logistics did not disclose the existence of this form in discovery.

Any claim that a single vague, non-specific question is how REC Marine Logistics performs its pre-employment injuries and/or diseases investigation for prospective employees is false and such a suggestion further underscores the importance of obtaining the actual documents.

The Court should compel responses to the discovery request and interrogatory at issue.

## IV.   THE *MCCORPEN* CASES CITED BY THE NON-INSURANCE DEFENDANTS ARE INAPPLICABLE TO THIS CASE AND DO NOT RELATE TO WHETHER THE MATERIALS SOUGHT BY PLAINTIFF ARE DISCOVERABLE

The Non-Insurance Defendants' next argument asks the Court to deny Plaintiff's Amended Motion to Compel because in three other cases, injured seamen had their maintenance and cure

---

[3] Plaintiff reported the reported the crash the day it happened (which was years before he was transferred to REC Marine Logistics and/or the merger of JNB, Gulf Offshore, and/or REC Marine Logistics.  *See* Exhibit 11 at 202:23-203:3 (Griffin Deposition).[3]

claims dismissed when they failed to report neck and/or back injuries to their employers prior to being hired. As discussed *supra,* Plaintiff was transferred to REC Marine Logistics, not hired by them. *See* n.3. The holdings in these cases are not applicable to the facts of this case.

The *McCorpen* cases cited by the Non-Insurance Defendants do not address the discoverability of redacted employee records. Further, they are easily distinguished from the facts in this case.

In *Foret v. St. June, LLC, Foret* claimed to have injuries to his neck and back while descending a stairwell in the engine room of a vessel. *Foret v. St. June*, LLC, CIV.A. 13-5111, 2014 WL 4539090, at *1 (E.D. La. Sept. 11, 2014). However, evidence (in the form of actual medical records) demonstrated that the Plaintiff "was under doctor's care for his neck and back pain" when he interviewed for the job. *Foret v. St. June*, LLC, CIV.A. 13-5111, 2014 WL 4539090, at *1 (E.D. La. Sept. 11, 2014). This case is not applicable.

On information and belief, no party has produced a single medical record that would suggest Plaintiff was suffering from some pre-existing condition to his neck and/or back. Moreover, as discussed *supra*, Plaintiff did not apply for employment, but instead was transferred from JNB/Gulf Offshore to REC Marine Logistics.

In *Brown v. Parker Drilling Offshore Corp., Brown* injured his back in 1998 while lifting a sack of corn and was given a wheelchair and a walker. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 169 (5th Cir. 2005). About a year later, *Brown* applied to work as a seaman for LeTourneau. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 169 (5th Cir. 2005). *Brown* ultimately was terminated by LeTourneau for (a) falsely reporting an on-the-job incident, (b) filing a false claim, and (c) not disclosing his prior injury when asked if he ever suffered "back trouble." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 169 (5th Cir. 2005). After he was fired,

*Brown* obtained another job with Parker Drilling and again reported an injury to his back. *Brown v. Parker Drilling Offshore Corp*., 410 F.3d 166, 169 (5th Cir. 2005). This case is inapplicable.

Plaintiff has not falsely reported an on-the-job incident. In fact, the incident was observed by at least one other employee. *See* Exhibit 10 (Declaration of Mr. Badeaux). Plaintiff has not made a false claim (again, the incident was witnessed). Plaintiff was not asked to disclose any prior injury when he was transferred to REC Marine Logistics, so there can be no claim that Plaintiff failed to disclose his prior injury when asked. Moreover, as noted previously, Plaintiff reported the 2014 car accident referenced by the Non-Insurance Defendants the day it occurred and reported for duty. *See* Exhibit 11 at 202:23-203:2 (Griffin Deposition).

In *Parchmont v. Complete Logistical Services, Inc., Parchmont* did not disclose several neck and back injuries for which he received *extensive* treatment prior to being hired by his employer. *See Parchmont v. Complete Logistical Services, LLC*, CV 18-9056, 2020 WL 3490435, at *2 (E.D. La. June 26, 2020). However, prior to being hired, *Parchmont* did not disclose a few injuries and/or medical treatment to his employer, which include the following:

- 2012—While working for Hornbeck Offshore Services, Inc., *Parchmont* suffered an injury to his lower back.
- 2015—*Parchmont* was in a car accident that totaled his car and resulted in injuries to his neck and back.
- January 2017—*Parchmont* went to the emergency room over pain that began in his neck and radiated down his left arm.
- February 2017—*Parchmont* saw another doctor about his neck pain, and an MRI found a disc herniation at C6-C7.
- April 2017 (and throughout 2017)—*Parchmont* sought more treatment for his back pain.

*See Parchmont v. Complete Logistical Services, LLC*, CV 18-9056, 2020 WL 3490435, at *2 (E.D. La. June 26, 2020). This case is inapplicable.

Here, there are (a) no medical records showing pre-existing injuries to Plaintiff's neck and/or back; (b) no medical records showing Plaintiff suffered an injury to his lower back; (c) no

medical records showing a year's worth of extensive back and/or neck treatment; (d) no medical records which would indicate Plaintiff was injured working for some other company. Moreover, Plaintiff did not apply to work for REC Marine Logistics and the car accident Plaintiff was involved in was reported the day it happened. *See* Exhibit 11 at 202:23-203:3 (Griffin Deposition).[4]

The evidence in this case demonstrates that Plaintiff worked for JNB, Gulf Offshore, and/or REC Marine Logistics from 2013 until 2018. Plaintiff had no trouble with his neck or back that prevented him from working during that time. This Court has found the materiality prong of the *McCorpen* defense *not* met in such a situation. *Kratzer v. Capital Marine Supply, Inc*., 490 F. Supp. 222, 230 (M.D. La. 1980), aff'd, 645 F.2d 477 (5th Cir. 1981). Other courts have found the materiality prong may not be met when employers do not ask medical questions, like the Non-Insurance Defendants failed to do here. *Luwisch v. Am. Marine Corp.*, CV 17-3241, 2018 WL 3111931, at *3 (E.D. La. June 25, 2018)

If any Defendant intends to raise a *McCorpen* defense, Plaintiff is entitled to challenge their self-serving affidavits and testimony with actual evidence. None of the cases cited by the Non-Insurance Defendants relate to the discoverability of medical facts and/or pre-existing injuries for persons hired by the Non-Insurance Defendants, as well as any documents reflecting the Non-Insurance Defendants' discussion/analysis of such facts or injuries before they were hired (for employees that worked aboard vessels owned, operated, controlled, and/or managed by the Non-Insurance Defendants and/or for persons hired that were/are classified as seamen). *See* Exhibit 1 (Plaintiff's Second Requests for Production and Second Interrogatories). Certainly, none of the

---

[4] The sole "evidence" the Non-Insurance Defendants submit to suggest Plaintiff had pre-existing injuries to his neck and/or back is a copy of a petition that Plaintiff had never seen until it was produced by the Defendants in this case during discovery.

cases prevent discovery of relevant information that could be used to support and/or challenge a threatened claim and/or defense.

## V.    THE NON-INSURANCE DEFENDANTS' ALLEGED PRIVACY CONCERNS AND STATED CONFUSION

Tellingly, the Non-Insurance Defendants' privacy argument is not supported by any of the cases cited in the law section of their Response.[5]  That is because the privacy concerns are extinguished when certain information is removed from the records, which Plaintiff previously briefed.  *See Consol. Health Plans, Inc. v. Principal Performance Group, Inc.*, CIV.A. 02-1230, 2003 WL 21406181, at *5 (E.D. La. June 16, 2003) ("Regarding any dispute about confidentiality/privacy interests of patients, redaction of all personal identifiers, eliminates any privacy interest objection. Personal identifiers should be redacted from files produced by CHP. "Personal identifiers" include the name, address, and account or social security number of the patient").[6]

The Non-Insurance Defendants appear to be confused by how to identify individuals who disclosed medical facts and/or pre-existing injuries before they were hired without using their

---

[5] The Non-Insurance Defendants admit the information and materials sought by Plaintiff is relevant.  The cases cited by the Non-Insurance Defendants at the beginning of their law section concern matters where discovery of unredacted employee records do not appear to serve any purpose in the litigation (*e.g.*, wrongful termination and/or employment discrimination not based on some medical condition).  *See Callais v. United Rentals N. Am., Inc.*, CV 17-312-BAJ-RLB, 2018 WL 6517446, at *1 (M.D. La. Dec. 11, 2018) (Plaintiff brought claims under the Americans with Disabilities Act, the Louisiana Employment Discrimination Law, the Civil Rights Act for Handicapped Persons, and Louisiana's Whistleblower Act); *Randleman v. Louisiana Sugar Ref., LLC*, CV 17-3532, 2018 WL 2045396, at *1 (E.D. La. May 2, 2018) (Plaintiff brought claims of race and age discrimination, hostile work environment and retaliation, culminating in his wrongful termination from his employment.  Notably, the Defendants asked the court to review the documents sought and to produce only those materials within the files that were relevant to the claims and defenses); *In re: Xarelto (Rivaroxaban) Products Liab. Litig.*, 313 F.R.D. 32, 34 (E.D. La. 2016) (Plaintiffs' Steering Committee (PSC) sought *unredacted* information contained in personnel files, including but not limited to performance reviews, evaluations, incentive plans, rewards, action plans, salaries, bonuses, and other forms of compensation to show the manufacturing company rushed the product to the market.  In any case, the court permitted the PSC to file a separate motion for *in camera* review of the materials to address confidentiality and relevance).  The wrongful termination and/or discrimination cases are not applicable for obvious reasons.  *In re: Xarelto (Rivaroxaban) Products Liab. Litig.* is not applicable here because the Non-Insurance Defendants admit the information and materials sought are relevant and the privacy concerns are eliminated by redacting personal identifiers.

[6] This case was inadvertently miscited in Plaintiff's Memorandum in Support of Amended Motion to Compel.  It has been corrected here.

names.  *See* Non-Insurance Defendants' Response at p. 7.  The Non-Insurance Defendants are free

replace the respective employee's name with a different identifier (*e.g.*, Employee 1, Employee 2,

Employee 3, etc.).  The purpose of this interrogatory is to ensure that records can be correlated to

a specific identifier.  Plaintiff is willing to identify alternative ways to accomplish this objective.

The Response appears to make the argument that the Non-Insurance Defendants may hire

a person with injuries for some other reason, without requiring additional records and/or other

evidence, despite the fact the person has injuries.  However, in seeking to dismiss a seaman's

maintenance and cure claims, Blaine Russell, REC Marine Logistics' Operations Manager stated,

under penalty of perjury, that "Had Joseph Daggs disclosed his prior history of low back and neck

injuries (and treatment therefore) **REC Marine would have required** further medical information

from Daggs, including prior records, and would have required further evidence of his capability of

performing the duties of a deckhand without injury to himself or others before a decision was made

to his employability."  *See* Exhibit 3 (Affidavit of Blaine Russell in Daggs v. Gulf Offshore

Logistics, LLC) (emphasis added).

## VI.    PLAINTIFF'S ADDITIONAL ATTEMPT TO RESOLVE THE DISCOVERY DISPUTE BY LIMITING THE SCOPE

Plaintiff can further limit the request for production at issue to those materials that are in

the care, custody, and/or control of any Defendant who may assert a *McCorpen* defense (in the

event the Court grants them leave to do so).

Multiple companies have merged into REC Marine Logistics, including Gulf Offshore

Logistics.  *See* Exhibit 11 at 184:11-13 (Griffin Deposition) (Representation by Mr. Khoury,

counsel for REC Marine Logistics and Gulf Offshore Logistics, that Gulf Offshore Logistics and

REC Marine Logistics merged); *see also* Exhibit 8 at 12:21-13:4 (Harris Deposition) (REC Marine

Logistics' corporate representative, Brian Harris, confirming REC Marine Logistics and Gulf

Offshore Logistics merged). Plaintiff requests that all responsive materials to Request No. 2 in Plaintiff's Second Requests for Production be produced for current and/or former REC Marine Logistics employees, regardless of whether (a) some other company/entity hired the employee; (b) the employee was transferred from another company/entity to REC Marine Logistics; and/or (c) the employee became a REC Marine Logistics employee through some merger with another company/entity.

## VII. THE NON-INSURANCE DEFENDANTS' HAVE NO EVIDENCE SUPPORTING THEIR BOILERPLACE OBJECTIONS

The Non-Insurance Defendants claim their responses to four (4) requests for production and three (3) interrogatories were delayed twenty-seven (27) days because counsel was involved to some extent in preparing for a hearing before the Fifth Circuit. Plaintiff represents that counsel for the Non-Insurance Defendants exchanged a few emails with Plaintiff's counsel during these twenty-seven days and the Non-Insurance Defendants' counsel was reminded of the outstanding discovery responses during the twenty-seven (27) day period multiple times (April 6, 2021, April 12, 2021, and April 20, 2021). Responses to Plaintiff's Second Requests for Production and Second Interrogatories were not made until *after* Plaintiff filed a motion to compel, which was after the response deadline the Non-Insurance Defendants unilaterally established for themselves.

Notwithstanding the claimed basis for the twenty-seven (27) day delay in responding to Plaintiff's Second Requests for Production and Second Interrogatories, the Non-Insurance Defendants have provided no evidence to support their boiler-plate objections (aside from unsupported argument by counsel).

For that reason alone (and for those previously briefed), the boiler-place objections should be overruled.

## VIII.   ADDITIONAL EXHIBITS

Exhibit 5        Status Report Emailed to Court

Exhibit 6        Defendants' Answers

Exhibit 7        June 3, 2021 Scheduling Order

Exhibit 8        Excepts from Mr. Harris' Deposition

Exhibit 9        Post-Offer Pre-Employment Entrance Examination Sheet for Darrell Ladnier

Exhibit 10       Declaration of Mr. Badeaux

Exhibit 11       Excerpts from Mr. Griffin's Deposition


Respectfully submitted,

MORROW & SHEPPARD LLP

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
*jsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone:  (713) 489-1206
Facsimile:  (713) 893-8370

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system.  Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

/s/*Daniel E. Sheppard*
Daniel E. Sheppard

- 10 -