## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN                              CIVIL ACTION NO.

VERSUS                                         20-92-BAJ-EWD

REC MARINE LOGISTICS, LLC, ET AL.

### HEARING REPORT AND ORDER

A motion hearing was held via Zoom before Magistrate Judge Erin Wilder-Doomes on June 24, 2021 on the Amended Motion to Compel Discovery Responses ("Amended Motion"),[1] filed by McArthur Griffin ("Plaintiff"), with the following participants:

|  |  |  |
|---|---|---|
| **PRESENT:** | **Daniel Sheppard** | **Kyle A. Khoury** |
|  | Counsel for Plaintiff, | Counsel for Defendants, |
|  | McArthur Griffin | REC Marine Logistics, LLC; |
|  |  | GOL, LLC; Gulf Offshore Logistics, |
|  |  | LLC; and Offshore Transport |
|  | **Alan R. Davis** | Services, LLC |
|  | Counsel for Defendant, |  |
|  | QBE Insurance (Europe) Limited |  |

In the Amended Motion, which is a follow-up to a related discovery motion previously denied,[2] Plaintiff contends that REC Marine Logistics, LLC ("REC Marine"); GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services, LLC's ("Non-Insurance Defendants") responses to Interrogatory No. 3 and Request for Production No. 2 in Plaintiff's second set of discovery requests assert improper objections and fail to substantively respond to the requests. The requests seek nonparty employee medical information that Plaintiff contends is relevant to the Non-Insurance Defendants' purported "*McCorpen*"[3] defense, and in particular, the "materiality"

---

[1] R Doc. 67.
[2] *See* R. Docs. 63, 65.
[3] *McCorpen v. Cent. Gulf. S.S. Corp*., 396 F.2d 547, 548 (5th Cir. 1968).

prong thereof, which Plaintiff contends the Non-Insurance Defendants have not formally pled in their Answer.[4]

Without admitting or denying whether they have formally pled the *McCorpen* defense, the Non-Insurance Defendants contend in their opposition memorandum that the discovery requests are overly broad, and further, "the circumstances of this case do not justify requiring production of the medical records and sensitive medical information of other employees who are not parties to this litigation, and who have not authorized the release of their medical information."[5]

In reply, Plaintiff reiterates that the Non-Insurance Defendants have not formally pled the *McCorpen* defense and the deadline for amending the answer has expired. However, if the Non-Insurance Defendants are held bound by the amendment deadline and not permitted to amend their Answer to assert the defense, Plaintiff will withdraw the requests.[6]

During the hearing, Plaintiff clarified that the discovery requests at issue are only related to the *McCorpen* defense, and that Defendant REC Marine was Plaintiff's employer at the time of the accident, and would be the only entity liable to Plaintiff for maintenance and cure. The Non-Insurance Defendants admitted that REC Marine has not formally pled the *McCorpen* defense in an answer (nor has any other Defendant);[7] however, the Non-Insurance Defendants will seek leave to amend their answer to assert the defense.

After review of the briefs and clarification of these issues at the hearing, the Amended Motion will be denied. Rule 26 allows discovery of a matter only when it is both relevant to a claim or defense and proportional to the needs of the case. The Committee Comments confirm that requiring relevance to a claim or defense "'signals to the court that it has the authority to

---

[4] R. Doc. 67-1 and *see* requests and responses at R. Doc. 67-3.
[5] R. Doc. 69.
[6] R. Doc. 73 and *see* R. Doc. 41, setting November 18, 2020 as the amendment deadline. Plaintiff additionally avers that the requested information is discoverable, and Plaintiff has agreed to limit the scope of the requests in some respects.
[7] Current defense counsel enrolled after the Answer was filed by prior counsel. R. Docs. 14, 45-46.

confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'"[8] As was well-stated in one case where discovery regarding unpleaded defenses was denied, "Claimant cannot lead a fishing expedition to find material that might possibly become relevant to an as-yet unpleaded …defense ….Claimant seeks discovery 'which does not presently appear germane on the theory that it might conceivably become so.'"[9]

Here, the Amended Motion relates to discovery requests that seek information regarding an unpleaded *McCorpen* defense.[10] While the Non-Insurance Defendants have stated in their opposition memorandum that they believe REC Marine "may have a viable *McCorpen* defense to any claim by plaintiff for maintenance and cure benefits associated with an alleged injury to his neck or low back,"[11] and counsel stated at the hearing that REC Marine intends to seek leave to amend its answer to assert the defense, it is undisputed that no party has actually pleaded the *McCorpen* defense at this point in time (nor has REC Marine been given leave to do so) such that discovery related to the defense is not relevant. This Court has previously found that the *McCorpen* defense is an affirmative defense that must be pleaded.[12]

---

[8] *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017), quoting *Whitney v. Krystal Co.*, No. 10-773, 2012 WL 777161, at *1 (M.D. Ala. March 7, 2012).

[9] *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 202 F.Supp.3d 1, 7 (D.D.C. 2016).

[10] R. Doc. 67-1, p. 4 ("Plaintiff suspects one or more of the Non-Insurance Defendants will eventually assert the *McCorpen* defense and seek to dismiss Plaintiff's claims for maintenance and cure using a self-serving affidavit and/or testimony from one of their employees."). *McCorpen v. Cent. Gulf S. S. Corp.* generally stands for the proposition that a seaman who willfully conceals a pre-existing injury from his employer may not recover damages for maintenance and cure if that injury is reactivated or aggravated during a later voyage. *See* 396 F.2d at 548; *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005). The maritime employer who seeks to invoke the *McCorpen* defense must prove that: (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit. *See Brown*, 410 F.3d at 171.

[11] R. Doc. 69, p. 5.

[12] *Ruiz v. Plimsoll Marine, Inc.*, 782 F.Supp. 315, 317 (M.D. La. 1992) ("The forfeiture of maintenance and cure argument is an affirmative defense."); *see also Sharpe v. Bertucci Contracting Co. LLC*, No. 13-6101, 2014 WL 4274710, *4 (E.D. La. Aug. 29, 2014) ("In the context of an affirmative defense such as the *McCorpen* rule, Defendant, the non-moving party, bears the burden of proof at trial.").

Plaintiff has acknowledged that "If all Defendants will be bound by this deadline [to amend answers] and precluded from filing an amended answer in the future, plaintiff can withdraw the discovery requests in dispute."[13]   Not unreasonably, Plaintiff asks that if the Non-Insurance Defendants are given leave to amend, the Court compel responses to the discovery requests at issue.  While this Order will not go that far, the denial of the Amended Motion is without prejudice to re-urging the motion should any Defendant be granted leave to assert the *McCorpen* defense, yet still refuse to respond to discovery related to that defense.

The Court provided guidance to the parties regarding the Non-Insurance Defendants' anticipated motion for leave to amend, which Plaintiff initially stated he would oppose because he has not received relevant discovery and because the proposed amendment is untimely (a concern noted by the undersigned).[14]   However, the defense is important, and there seems to be an absence of any prejudice as the parties can still conduct discovery related to the defense.[15] Likewise, the Court also provided guidance regarding the scope of appropriate discovery related to the *McCorpen* defense should a motion for leave to amend be granted.  In such a case, *McCorpen* discovery would likely be permitted, although the scope of the discovery requests should be narrowed, as the current requests seek the pre-employment disclosure of all pre-existing injuries of all employees in all job positions employed by all Non-Insurance Defendants, which is overly broad.  Discovery should initially be tailored to the pre-employment disclosures of *REC Marine employees* in *similar job positions* with *similar previous injuries* as Plaintiff. The parties were also

---

[13] R. Doc. 73, p. 1. The deadline to join parties or file a motion for leave to amend pleadings was originally set for November 18, 2020.  R. Doc. 41.  Although some other deadlines were extended, that deadline was not.  *See* R. Doc. 70.

[14] The Court must apply the Rule 16(b) factors to determine whether defendants can amend their answer after the deadline set by the Court.  The factors to consider are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[15] The jury trial in this matter was recently continued to March 21, 2022, and certain other deadlines were extended, including the deadline to complete fact discovery, which was extended to August 21, 2021.  R. Doc. 70.

advised to consider entering a protective order and/or to agree to redactions of responsive records to address privacy concerns. The parties were ordered to discuss these issues, *i.e.*, the Non-Insurance Defendants' anticipated motion for leave and the *McCorpen* defense discovery, in an attempt to amicably resolve them.

Accordingly,

**IT IS ORDERED** that Plaintiff McArthur Griffin's Amended Motion to Compel Discovery Responses[16] is **DENIED** for the reasons stated in this Report and Order, without prejudice to Plaintiff re-urging the motion should any Defendant be granted leave to assert the *McCorpen* defense, yet still refuse to respond to discovery related to that defense.

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding Plaintiff's anticipated motion for leave to amend and the scope of *McCorpen* discovery, in an attempt to amicably resolve these issues.

Signed in Baton Rouge, Louisiana, on June 24, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 67.