# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN** <br> **Plaintiff** <br><br> **VERSUS** <br><br> **REC MARINE LOGISTICS, LLC, ET AL** <br> **Defendants** | **CIVIL ACTION NO: 3:20-cv-00092** <br><br> **DISTRICT JUDGE:** <br> **HON. BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE:** <br> **HON. ERIN WILDER-DOOMES** |

## MOTION FOR LEAVE TO AMEND ANSWER

**MAY IT PLEASE THE COURT:**

REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC (hereinafter sometimes collectively referred to as the "Vessel Defendants") respectfully request leave of Court to file an Amended Answer. Vessel Defendants aver that the facts and circumstances of this case warrant allowing them to file an Amended Answer for the purposes stated herein. Furthermore, as discussed further below, no other party will be prejudiced should the Court grant leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, McArthur Griffin, was employed by REC Marine Logistics, LLC ("REC Marine") as a deckhand. He alleges that, on or about May 25, 2018, he was injured while working on the M/V DUSTIN DANOS, a vessel operated by REC Marine. More particularly, Griffin claims he sustained injuries to his shoulder, neck, back, legs, and other body parts when the captain of the M/V DUSTIN DANOS "allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift." On April 22, 2019, Plaintiff filed an Original Petition for Damages (the "Original Petition") in the 19th Judicial District Court for East

Baton Rouge Parish against REC Marine, GOL, LLC, Gulf Offshore Logistics, LLC, and an alleged insurer of these entities.[1] The Original Petition asserted claims for Jones Act negligence, unseaworthiness, and maintenance and cure.

On September 5, 2019, Griffin filed a First Supplemental and Amended Petition for Damages (the "Amended Petition") in the above-referenced state court action.[2] The Amended Petition simply added two new parties, Offshore Transport Services, LLC and QBE Insurance (Europe) Limited. All substantive allegations of the Amended Petition were identical to those in the Original Petition.

On February 17, 2020, Plaintiff's state court case was removed to this Court by QBE. On April 29, 2020, the Vessel Defendants filed an Answer.[3] At the time the Answer was filed, the Vessel Defendants were represented by another attorney. That attorney did not include a *McCorpen* defense on behalf of REC Marine in the originally-filed Answer. Although the reason is not entirely clear, it appears the omission was an oversight given that on May 19, 2020 (less than a month later), prior counsel submitted a Status Report to the Court and all parties specifically stating that the *McCorpen* defense was being asserted.[4]

In September of 2020, undersigned counsel was asked to take over the defense of this case for the Vessel Defendants. On October 5, 2020, a Motion to Substitute Counsel was filed.[5] The Motion was granted on October 6, 2020.[6] Since undersigned counsel was formally enrolled, Plaintiff has issued various forms of discovery directed towards the *McCorpen* defense. Of note, Plaintiff propounded Requests for Admission to REC Marine which were responded to on

---

[1] See Original Petition, attached hereto as Exhibit A.
[2] See Amended Petition, attached hereto as Exhibit B.
[3] See Answer to Complaint, Rec. Doc. 14.
[4] See Status Report submitted on May 19, 2020, attached hereto as Exhibit C
[5] Rec. Doc. 45.
[6] Rec. Doc. 46.

December 2, 2020. Request for Admission No. 22 states "Admit Plaintiff did not and has not fraudulently concealed a material pre-existing medical condition which is causally related to the injuries Plaintiff alleges were sustained as a result of the Incident."[7] This Request for Admission specifically tracks the three factors of the *McCorpen* defense (*i.e.*, intentional concealment, materiality, and causality). REC Marine denied Request for Admission No. 22, another clear indication that it was asserting the defense. Plaintiff issued further discovery to REC Marine in the form of a Rule 30(b)(6) Notice of Corporate Deposition.[8] Griffin requested that REC Marine put forward a corporate representative to testify on 40 different topics. Included therein were topics related to the *McCorpen* defense. More particularly, topic 34 related to "All actions taken by you in connection with hiring of plaintiff," and topic 37 pertained to "A description of all pre-hire screening, including medical, of plaintiff, and the results of the screening tests."[9]

In addition to the above, plaintiff propounded a second set of Requests for Production and Interrogatories to the Vessel Defendants on March 2, 2021.[10] These discovery requests are even more directly targeted at the *McCorpen* defense. Request No. 1 states as follows:

> Produce all documents supporting Defendants' contention that Plaintiff intentionally concealed and/or misrepresented pertinent medical facts prior to his employment. This request seeks information related to Defendants' claimed *McCorpen* defense.

In response, the Vessel Defendants produced two prior lawsuits filed by plaintiff for personal injuries, some of which are identical to the injuries claimed in this suit.[11] The Vessel Defendants also referred plaintiff to his previously-produced personnel file, and pre-employment physical records.

---

[7] See Request for Admission No. 22, attached hereto as Exhibit D.
[8] See Plaintiff's Second Amended Notice of Deposition of REC Marine, attached hereto as Exhibit E.
[9] Exhibit E
[10] See Second Requests for Production, attached hereto as Exhibit F.
[11] See Responses to Second Requests for Production, attached hereto as Exhibit G.

3

In summary, plaintiff has been aware for a very long time that the *McCorpen* defense is being asserted. Given this awareness, he has issued extensive discovery (in various forms) on the issue. Plaintiff cannot claim surprise or prejudice by the Court allowing REC Marine to formally plead a *McCorpen* defense which was inadvertently omitted from its original Answer, especially when he has proceeded throughout this case under the assumption that the defense is being asserted.

In addition to REC Marine requesting leave to formally assert the *McCorpen* defense, the Vessel Defendants respectfully request that they be allowed to amend their Answer in several other minor respects. As noted above, upon removal of the case to this Court, the Vessel Defendants filed an Answer. While the originally-filed Answer did not specify that it was an Answer to both the Original and Amended Petitions in state court, it was clearly intended as such given that the Answer was also filed on behalf of Offshore Transport Services, LLC, which was not a defendant until plaintiff filed his Amended Petition. Accordingly, the Vessel Defendants simply wish to clarify that the Answer which was filed upon removal of the case to this Court was meant to serve as an Answer to both the Original Petition and the Amended Petition.

On a separate note, both Plaintiff's Original Petition and Amended Petition contain two paragraphs labeled as "X." Vessel Defendants wish amend their Answer to specify (to the extent necessary) that the denial of the allegations in Paragraph X was intended as a denial of the allegations in both paragraphs labeled as "X." Lastly, due to the non-sequential numbering of the above-referenced paragraphs, the Vessel Defendants inadvertently omitted a response to Paragraph IX. Accordingly, they respectfully ask the Court to allow them to amend their Answer to deny the

allegations contained in Paragraph IX of the Original and Amended Petitions. A copy of the proposed Amended Answer is attached to this Motion for the Court's reference.[12]

## LAW AND ARGUMENT

### *Governing Legal Standard*

Whether the Vessel Defendants should be allowed to file an Amended Answer is governed by Federal Rule of Civil Procedure 16(b). As noted in the Court's recent Order on Plaintiff's Motion to Compel Discovery Responses, the factors to be considered are: (1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).[13]

### *The Vessel Defendants Should Be Allowed to File an Amended Answer*

Application of the above-referenced four-factor test supports the Vessel Defendants' request for leave to file an Amended Answer. With respect to the first factor, it appears the failure of REC Marine's prior counsel to assert the *McCorpen* defense was an oversight. This is supported by the fact that less than a month after filing the original Answer, prior counsel submitted a Status Report to the Court (which was shared with plaintiff's counsel) confirming that the *McCorpen* defense was being asserted. Given the amount of discovery propounded by the plaintiff directly targeted at the *McCorpen* defense, undersigned counsel did not realize until recently that the defense had not been formally plead in the Answer filed by prior counsel.

Regarding the second factor, the ability of REC Marine to plead the *McCorpen* defense is clearly important. As this Court is aware, the *McCorpen* defense is pleaded in nearly every Jones Act case in which a seaman is asserting entitlement to maintenance and cure benefits. When the

---
[12] See proposed Amended Answer, attached hereto as Exhibit H.
[13] Rec. Doc. 75, footnote 14

elements of a *McCorpen* defense are met, it has the effect of barring a claim for maintenance and cure. This Court specifically noted in its recent Order that "the defense is important."[14]

Thirdly, no prejudice will result from the Court allowing REC Marine to formally assert the *McCorpen* defense. Plaintiff has been aware for well over a year that REC Marine was seeking to bar his claim for maintenance and cure based on *McCorpen*. Not only has he had the opportunity to, but he has in fact engaged in significant discovery to address this affirmative defense. Plaintiff also has additional time to conduct any necessary discovery, as the deadline for completing discovery is August 21, 2021. This is likely why the Court mentioned in its recent Order that "there seems to be an absence of any prejudice as the parties can still conduct discovery related to the [*McCorpen*] defense."[15]

The fourth factor is the availability of a continuance to cure any prejudice. As noted above, Plaintiff will not suffer prejudice by the Court allowing REC Marine to formally plead a defense which he has always assumed was being asserted. Furthermore, REC Marine notes that the Court recently issued an Order continuing trial of this case and extending various deadlines.[16] This included extending the discovery deadline to August 21, 2021. This built-in continuance should adequately address any concerns plaintiff may have about his ability to conduct discovery related to the *McCorpen* defense. Moreover, because trial was continued to March 21, 2022, should additional time be needed, the Court can simply issue a further extension of the current discovery deadline.

The remaining proposed amendments to the Vessel Defendants' Answer are meant to clarify minor technical issues in the pleadings. Such amendments clearly will not prejudice

---

[14] Rec. Doc. 75, pg. 4
[15] Rec. Doc. 75, pg. 4
[16] Rec. Doc. 70.

Plaintiff in any way. In fact, it seems unlikely that Plaintiff will even object to these proposed amendments. Nevertheless, because plaintiff objects to the assertion of the *McCorpen* defense, the Vessel Defendants are including their request for leave in the instant Motion.

## CONCLUSION

For all of the foregoing reasons, the Vessel Defendants respectfully request leave of Court to file an Amended Answer. Vessel Defendants further pray for any other relief which the Court may deem appropriate.

Respectfully submitted,

*/s/ Kyle A Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, GULF OFFSHORE LOGISTICS, LLC, AND OFFSHORE TRANSPORT SERVICES, LLC**

### Certificate of Compliance with Local Civil Rule 7(e)

Counsel for the Vessel Defendants hereby certifies that attempts were made to obtain consent for the filing of the instant Motion for Leave to Amend Answer. However, counsel for the plaintiff advised that plaintiff objects to the request for leave.

*/s/ Kyle A Khoury*