EAST BATON ROUGE PARISH
Filed Apr 23, 2019 9:47 AM
Deputy Clerk of Court
E-File Received Apr 22, 2019 9:17 AM
C-682146
27

## CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. _____ |
| | * | Section: _____ |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

Plaintiff McArthur Griffin ("Plaintiff") complains of REC Marine Logistics LLC, GOL LLC, Gulf Offshore Logistics LLC, and American Steamship Owners Mutual Protection and Indemnity Association (collectively, "Defendants") and would respectfully show the Court the following:

### JURISDICTION AND VENUE

#### I.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333.

#### II.

This case is not removable to federal court as it is brought under the Jones Act, general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

#### III.

Venue is proper under the Louisiana Code of Civil Procedure because an action against a foreign or alien insurer shall be brought in this Parish. LA. CODE CIV. PROC. art. 42(7).

### PARTIES

#### IV.

Plaintiff **McArthur Griffin** is an American Seaman and a resident of Louisiana.

EXHIBIT

A

Defendant **REC Marine LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Ronald Elie Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **GOL LLC** is a domestic limited liability company whose address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Gulf Offshore Logistics LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **American Steamship Owners Mutual Protection and Indemnity Association** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. American Steamship Owners Mutual Protection and Indemnity Association may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

## FACTS

### V.

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine") and/or GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), and was aboard the MV Dustin Danos vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel.

## CAUSES OF ACTION

2

VI.

Defendants are negligent and grossly negligent and liable for such negligence and gross negligence for the following reasons:

a.    failure to properly supervise their crew;

b.    failure to properly train their employees;

c.    failure to provide adequate safety equipment;

d.    failure to watch/man the controls of the vessel;

e.    operating the vessel with an inadequate crew;

f.    failure to provide safe work environment;

g.    failure to protect crew members from unnecessary risks;

h.    failure to maintain a proper lookout;

i.    failure to make adequate repairs;

j.    failure to provide a seaworthy vessel and crew;

k.    vicariously liable for their employees' negligence;

l.    failure to ensure the vessel was adequately maintained;

m.    violating applicable Coast Guard, OSHA, and/or MMS rules; and

n.    other acts deemed negligent and grossly negligent.

VII.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

VIII.

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment.

X.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

IX.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## RESERVATION OF RIGHTS

X.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his investigation continues.

## JURY DEMAND

XI.

Plaintiff hereby requests a trial by jury on all claims.

## PRAYER

XII.

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

4

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/Daniel E. Sheppard
Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas  77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

ATTORNEYS FOR PLAINTIFF

PLEASE SERVE DEFENDANTS AS FOLLOWS:

REC Marine LLC
C/O Registered Agent Ronald Elie Chaddock
4535 Hwy 308
Raceland, Louisiana 70394

GOL LLC
C/O Registered Agent Matt Bernard
4535 Hwy 308
Raceland, Louisiana 70394

Gulf Offshore Logistics LLC
C/O Registered Agent Todd P. Danos
4535 Hwy 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association
C/O Louisiana Secretary of State
Sheriff of East Baton Rouge Parish
P.O. Box 3277
Baton Rouge, Louisiana 70821

EAST BATON ROUGE PARISH  C-682146
Filed Sep 05, 2019 12:51 PM       27
Deputy Clerk of Court

EXHIBIT

B                                    PX-2

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | |
|---|---|
| McArthur Griffin | * |
| | * |
| *Plaintiff,* | * |
| | * |
| vs. | * |
| | * |
| REC Marine Logistics LLC; | * |
| GOL, LLC; Gulf Offshore Logistics LLC; | * |
| American Steamship Owners Mutual | * |
| Protection and Indemnity Association | * |
| Inc. | * |
| | * |
| *Defendants.* | * |
| | * |

Case No. C-682146
Section: 27

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

Plaintiff McArthur Griffin ("Plaintiff") complains of REC Marine Logistics LLC, GOL LLC, Gulf Offshore Logistics LLC, Offshore Transport Services LLC, American Steamship Owners Mutual Protection and Indemnity Association, QBE Insurance (Europe) Limited (collectively, "Defendants") and would respectfully show the Court the following:

### JURISDICTION AND VENUE

#### I.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333.

#### II.

This case is not removable to federal court as it is brought under the Jones Act, general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

#### III.

Venue is proper under the Louisiana Code of Civil Procedure because an action against a foreign or alien insurer shall be brought in this Parish. LA. CODE CIV. PROC. art. 42(7).

### PARTIES

#### IV.

Plaintiff **McArthur Griffin** is an American Seaman and a resident of Louisiana.

Defendant **REC Marine LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Ronald Elie Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **GOL LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Gulf Offshore Logistics LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Offshore Transport Services LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **American Steamship Owners Mutual Protection and Indemnity Association** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. American Steamship Owners Mutual Protection and Indemnity Association may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

Defendant **QBE Insurance (Europe) Limited** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. QBE Insurance (Europe) Limited may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

## FACTS

### V.

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine"), Offshore Transport Services LLC ("Offshore Transport Services"), GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), and was aboard the MV Dustin Danos vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel.

### CAUSES OF ACTION

### VI.

Defendants are negligent and grossly negligent and liable for such negligence and gross negligence for the following reasons:

    a.    failure to properly supervise their crew;

    b.    failure to properly train their employees;

    c.    failure to provide adequate safety equipment;

    d.    failure to watch/man the controls of the vessel;

    e.    operating the vessel with an inadequate crew;

    f.    failure to provide safe work environment;

    g.    failure to protect crew members from unnecessary risks;

    h.    failure to maintain a proper lookout;

    i.    failure to make adequate repairs;

    j.    failure to provide a seaworthy vessel and crew;

    k.    vicariously liable for their employees' negligence;

    l.    failure to ensure the vessel was adequately maintained;

    m.    violating applicable Coast Guard, OSHA, and/or MMS rules; and

    n.    other acts deemed negligent and grossly negligent.

### VII.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

VIII.

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment.

X.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

IX.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

RESERVATION OF RIGHTS

X.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his

4

investigation continues.

## JURY DEMAND

### XI.

Plaintiff hereby requests a trial by jury on all claims.

## PRAYER

### XII.

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**MORROW & SHEPPARD LLP**

Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## PLEASE SERVE DEFENDANTS AS FOLLOWS:

Offshore Transport Services LLC
C/O Registered Agent Todd P. Danos
4535 Hwy 308
Raceland, Louisiana 70394

QBE Insurance (Europe) Limited
C/O Louisiana Secretary of State
Sheriff of East Baton Rouge Parish
P.O. Box 3277
Baton Rouge, Louisiana 70821

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2019 a true and correct copy of this document was served on counsel of record by fax, mail, email, and/or by any other authorized means.

Daniel E. Sheppard

EXHIBIT

___C___

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MCARTHUR GRIFFIN | § | |
| | § | |
| Plaintiff | §CIVIL ACTION NO.: 3:20-92-BAJ-EWD | |
| | § | |
| *Versus* | § | |
| | § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | TRIAL BY JURY DEMANDED |
| | § | |
| Defendants | § | |

### STATUS CONFERENCE REPORT ON BEHALF OF DEFENDANTS REC et. al.

The Parties consist of REC Marine Logistics, LLC., a Defendant, who was the employer of Plaintiff, Griffin, while he was employed as a deckhand on board the **MV Dustin Danos,** owned by, but not operated by, Offshore Transport Services, LLC.  The remaining Defendants are GOL, LLC.; a vessel broker which has nothing whatever to do with Griffin or his employment, and it does not own or operate the **MV Dustin Danos**; and  Gulf Offshore Logistics, LLC, which does not and has not had any involvement with the plaintiff or the vessel, and does not currently operate any vessel or conduct any business.  It and GOL, LLC, will both seek dismissal by agreement, or by summary judgment, after initial discovery.

All Defendants are presently represented by:

FRED E. SALLEY, T.A.  (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-3368
Counsel for Defendant, REC
Marine Logistics, LLC, et.al

2)	There are no presently pending motions.

3)	This case is currently at the initial status conference stage at which the following settings are to be set:

Pre-trial conference _____
Jury trial  _____

 4)	Plaintiff, Griffin, claims he was onboard the **MV Dustin Danos**, and alleges he was injured while making a vessel transfer .  Defendant believe that this was alleged erroneously by Griffin, and that no such injury actually occured; or if so, it was minimal and from a non-

actionable type of vessel or marine operation that is not actionable by a seaman under either GML or Jones Act; and the complaint of, and any injury which may have been sustained, actually is relatable to an injury Griffin sustained at another time and/or place while off the vessel, and for which, notwithstanding; he received substantial Maintenance & Cure, long term medical treatments, and payments including M & C.

In his employment, employment application, and medical exam for work with REC, Griffin denied, and declined to disclose prior accidents, injuries and disabilities, bringing into operation, among others legal issues, the **McCorpen Rule,** and the many subsequent state and federal court opinions following **McCorpin,** which blocks his recovery in this matter.

5)    There have been no discovery discussions or settings thus far.


**Respectfully Submitted,**

//Fred E. Salley

BY:_____
**FRED E. SALLEY, T.A.   (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana  70434**
**Telephone: (985) 867-8830**
**Facsimile  (985) 867-3368**
**Counsel for Defendants REC**

**Daniel Sheppard**

| | |
|---|---|
| **From:** | fsalleyA <fsalley@acadiacom.net> |
| **Sent:** | Tuesday, May 19, 2020 3:29 PM |
| **To:** | ewd_orders@lamd.uscourts.gov; Daniel Sheppard; Alan Davis |
| **Subject:** | Griffin v. REC-CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| **Attachments:** | Rule26state.pdf |

Tuesday, May 19, 2020 15:25:27

Please find REC and other co-defendants Rule 26 statement attached.

Best regards,


Fred E. Salley

--
This email has been checked for viruses by Avast antivirus software.
https://www.avast.com/antivirus

1

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | **EXHIBIT** |
| | * | |
| *Plaintiff,* | * | D |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC et al | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*******************************************************************************

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO REC MARINE LOGISTICS, LLC

TO:   REC Marine Logistics LLC
c/o Fred E. Salley
Salley & Associates
P.O. Box 3549
77378 Hwy. 1081
Covington, Louisiana 70434

## DEFINITIONS AND INSTRUCTIONS FOR USE

1.   "Plaintiff" means the Plaintiff(s) named in this lawsuit.

2.   The "Incident" means the incident at issue in this lawsuit, specifically, the incident that occurred on or about May 25, 2018 on the MV Dustin Danos. Further allegations and context are contained in Plaintiff's Original (and/or any Amended) Petition for Damages.

3.   "REC Marine" means REC Marine Logistics LLC currently named in this case and any of their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf or under their control.

4.   The "Location" or "Premises" means the location where the Incident occurred.

5.   "Claim" means all claims for reimbursement of damages allegedly caused by the Incident, including insurance claims.

6.   "That relate to" or "related to" means regarding, relating to, referring to, pertaining to, describing, evidencing, supporting, or discussing the referenced matter.

7.   "Correspondence" means written communications of any kind including documents, electronic message, or other form of recorded information that is mailed, faxed, emailed, sent by text message, sent by instant message, posted to the internet or social media, or otherwise transmitted or communicated between persons or entities.

8.   "Documents" are every original (or copies if you do not have originals) and each non-identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written,

printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, any other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

9.    "Materials" are all documents and correspondence."

10.    Each" means each and every.

11.    "Including" means including but not limited to.

12.    "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

13.    "Petition" or "Complaint" means a pleading seeking relief in this cause.

14.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be considered outside its scope.

15.    The use of the singular form of any word includes the plural and vice versa.

16.    "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

17.    "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies, cables or some other electronic or other medium.

18.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

NOW COMES PLAINTIFF, MCAUTHOR GRIFFIN, through undersigned counsel, who propounds the following Requests for Admission upon Defendant REC MARINE LOGISTICS LLC in accordance with notice under the provisions of the Louisiana Code of Civil Procedure, Articles 1466, 1467, 1468, and 1428 as follows:

<u>PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT REC</u>
<u>MARINE LOGISTICS</u>

ADMIT OR DENY:

**REQUEST FOR ADMISSION NO. 1.** Admit Plaintiff properly named REC Marine in Plaintiff's initial and subsequent Petition(s).

**REQUEST FOR ADMISSION NO. 2.** Admit REC Marine is a proper party to this lawsuit.

**REQUEST FOR ADMISSION NO. 3.** Admit venue in the Parish of East Baton Rouge is proper for REC Marine.

**REQUEST FOR ADMISSION NO. 4.** Admit venue in the Parish of East Baton Rouge is a convenient for REC Marine and its witnesses.

**REQUEST FOR ADMISSION NO. 5.** Admit on or about May 25, 2018, Plaintiff was employed by REC Marine.

**REQUEST FOR ADMISSION NO. 6.** Admit that at the time of the Incident, the *MV Dustin Danos* was deployed on navigable waters.

**REQUEST FOR ADMISSION NO. 7.** Admit at the time of the Incident Plaintiff was a seaman.

**REQUEST FOR ADMISSION NO. 8.** Admit at the time of the Incident Plaintiff contributed to the work of the *MV Dustin Danos*.

*REQUEST FOR ADMISSION NO. 9.* Admit at the time of the Incident, Plaintiff sustained injuries while in the course and scope of his employment aboard the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 10.** Admit that prior to Plaintiff's reported injury, Plaintiff's conduct and ability aboard the *MV Dustin Danos* was satisfactory.

**REQUEST FOR ADMISSION NO. 11.** Admit at the time of the Incident Plaintiff contributed to the work of the *MV Dustin Danos*.

*REQUEST FOR ADMISSION NO. 12.* Admit Plaintiff is not contributorily negligent at the time of his accident aboard the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 13.** Admit that at the time of the Incident, Plaintiff was under instructions to perform the work he was performing.

**REQUEST FOR ADMISSION NO. 14.** Admit the *MV Dustin Danos* was unseaworthy at the time of Plaintiff's Incident.

**REQUEST FOR ADMISSION NO. 15.** Admit REC Marine denied adequate medical care to Plaintiff for the injuries sustained in the accident.

**REQUEST FOR ADMISSION NO. 16.** Admit REC Marine denied the payment of maintenance to Plaintiff for the injuries he sustained as a result of the Incident.

**REQUEST FOR ADMISSION NO. 17.** Admit at the time of the Incident Plaintiff contributed to the work of the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 18.** Plaintiff was able-bodied and in good health when the Incident that is the basis of this lawsuit occurred.

**REQUEST FOR ADMISSION NO. 19.** Admit that Plaintiff did not violate any written or oral instruction, rule, regulation, code, standard, understanding, practice, custom, or law related to the Incident.

***REQUEST FOR ADMISSION NO. 20.*** Admit at the time of the Incident, Plaintiff spent a significant amount of his time working as a crewmember aboard the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 21.** Admit you have no evidence Plaintiff fraudulently concealed a material pre-existing medical condition which is causally related to the injuries Plaintiff alleges were sustained as a result of the Incident.

**REQUEST FOR ADMISSION NO. 22.** Admit Plaintiff did not and has not fraudulently concealed a material pre-existing medical condition which is causally related to the injuries Plaintiff alleges were sustained as a result of the Incident.

**REQUEST FOR ADMISSION NO. 23.** Admit REC Marine is aware the Plaintiff requires additional medical treatment to recover from the injuries sustained as a result of the Incident aboard the *MV Dustin Danos.*

**REQUEST FOR ADMISSION NO. 24.** Admit Plaintiff is entitled to maintenance and cure.

**REQUEST FOR ADMISSION NO. 25.** Admit REC Marine is obligated to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 26.** Admit REC Marine has willfully failed to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 27.** Admit REC Marine has wantonly failed to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 28.** Admit REC Marine has recklessly failed to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 29.** Admit REC Marine continues to willfully, wantonly, and recklessly fail to pay Plaintiff maintenance and cure.

**REQUEST FOR ADMISSION NO. 30.** Admit REC Marine has willfully failed to pay Plaintiff the proper amount of maintenance and cure.

**REQUEST FOR ADMISSION NO. 31.** Admit REC Marine has wantonly failed to pay Plaintiff the proper amount of maintenance and cure.

**REQUEST FOR ADMISSION NO. 32.** Admit REC Marine has recklessly failed to pay Plaintiff the proper amount of maintenance and cure.

**REQUEST FOR ADMISSION NO. 33.** Admit REC Marine continues to willfully, wantonly, and recklessly fail to pay Plaintiff the proper amount of maintenance and cure.

**REQUEST FOR ADMISSION NO. 34.** Admit REC Marine has willfully delayed payment of Plaintiff's maintenance and cure.

**REQUEST FOR ADMISSION NO. 35.** Admit REC Marine has wantonly delayed payment of Plaintiff's maintenance and cure.

**REQUEST FOR ADMISSION NO. 36.** Admit REC Marine has recklessly delayed payment of Plaintiff's maintenance and cure.

**REQUEST FOR ADMISSION NO. 37.** Admit REC Marine continues to willfully, wantonly, and recklessly delay payment of Plaintiff's maintenance and cure.

**REQUEST FOR ADMISSION NO. 38.** Admit REC Marine has willfully terminated Plaintiff's maintenance and cure without good cause.

**REQUEST FOR ADMISSION NO. 39.** Admit REC Marine has wantonly terminated Plaintiff's maintenance and cure without good cause.

**REQUEST FOR ADMISSION NO. 40.** Admit REC Marine has recklessly terminated Plaintiff's maintenance and cure without good cause.

**REQUEST FOR ADMISSION NO. 41.** Admit that on or about May 25, 2018, while the *MV Dustin Danos* was deployed on navigable waters, Plaintiff suffered serious injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 42.** Admit that, at the time of the Incident, the Captain for the *MV Dustin Danos* (who was an employee for REC Marine) allowed the vessel to move suddenly during a man-lift operation.

**REQUEST FOR ADMISSION NO. 43.** Admit Plaintiff suffered serious injuries to his shoulder, neck, back, legs, and other body parts because the Captain for the *MV Dustin Danos* (who was an employee for REC Marine) allowed the vessel to move suddenly during a man-lift operation.

**REQUEST FOR ADMISSION NO. 44.** Admit that allowing the *MV Dustin Danos* to move suddenly during a man-lift operation constitutes negligence.

**REQUEST FOR ADMISSION NO. 45.** Admit that allowing the *MV Dustin Danos* to move suddenly during a man-lift operation caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 46.** Admit that at the time of the Incident REC Marine failed to properly train the employees aboard the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 47.** Admit that REC Marine's failure to properly train its employees constitutes negligence.

**REQUEST FOR ADMISSION NO. 48.** Admit that REC Marine's failure to properly train its employees caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 49.** Admit that at the time of the Incident REC Marine failed to properly supervise the crew aboard the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 50.** Admit that REC Marine failing to supervise the crew aboard the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 51.** Admit that REC Marine's failure to supervise the crew aboard the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 52.** Admit that at the time of the Incident REC Marine failed to provide adequate safety equipment to the crew aboard the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 53.** Admit that REC Marine failing to provide safety equipment to the crew (including Plaintiff) aboard the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 54.** Admit that REC Marine's failure to provide safety equipment to the crew aboard the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 55.** Admit that at the time of the Incident REC Marine failed to watch/man the controls of the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 56.** Admit that REC Marine failing to watch/man the controls of the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 57.** Admit that REC Marine's failure to watch/man the controls of the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 58.** Admit that at the time of the Incident REC Marine operated the *MV Dustin Danos* with an inadequate crew.

**REQUEST FOR ADMISSION NO. 59.** Admit that REC Marine operating the *MV Dustin Danos* with an inadequate crew constitutes negligence.

**REQUEST FOR ADMISSION NO. 60.** Admit that REC Marine's operation of the *MV Dustin Danos* with an inadequate crew caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 61.** Admit that at the time of the Incident REC Marine failed to provide Plaintiff with a safe work environment.

**REQUEST FOR ADMISSION NO. 62.** Admit that REC Marine failing to provide Plaintiff with a safe work environment constitutes negligence.

**REQUEST FOR ADMISSION NO. 63.** Admit that REC Marine's failure to provide Plaintiff a safe work environment caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 64.** Admit that at the time of the Incident REC Marine failed to protect crewmembers of the *MV Dustin Danos* from unnecessary risks.

**REQUEST FOR ADMISSION NO. 65.** Admit that REC Marine failing to protect the crewmembers of the *MV Dustin Danos* from unnecessary risks constitutes negligence.

**REQUEST FOR ADMISSION NO. 66.** Admit that REC Marine's failure to protect Plaintiff from unnecessary risks caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 67.** Admit that at the time of the Incident REC Marine crewmembers (excluding Plaintiff) failed maintain a proper lookout aboard the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 68.** Admit that REC Marine crewmembers' (excluding Plaintiff) failure to maintain a proper lookout aboard the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 69.** Admit that REC Marine crewmembers' (excluding Plaintiff) failure to maintain a proper lookout aboard the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 70.** Admit that at the time of the Incident REC Marine failed to make adequate repairs to the *MV Dustin Danos*.

**REQUEST FOR ADMISSION NO. 71.** Admit that REC Marine failing to make adequate repairs to the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 72.** Admit that REC Marine's failure to make adequate repairs to the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 73.** Admit that at the time of the Incident the crew (excluding Plaintiff) and the *MV Dustin Danos* were unseaworthy.

**REQUEST FOR ADMISSION NO. 74.** Admit that the unseaworthiness of the *MV Dustin Danos* and her crew (excluding Plaintiff) constitutes negligence.

**REQUEST FOR ADMISSION NO. 75.** Admit that the unseaworthiness of the *MV Dustin Danos* and her crew (excluding Plaintiff) caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

**REQUEST FOR ADMISSION NO. 76.** Admit that at the time of the Incident REC Marine failed to ensure the *MV Dustin Danos* was properly maintained.

**REQUEST FOR ADMISSION NO. 77.** Admit that REC Marine failing to properly maintain the *MV Dustin Danos* constitutes negligence.

**REQUEST FOR ADMISSION NO. 78.** Admit that REC Marine's failure to properly maintain the *MV Dustin Danos* caused Plaintiff to suffer injuries to his shoulder, neck, back, legs, and other body parts.

These Requests for Admission are deemed continuing.  Failure to respond to these Requests for Admission within the appropriate time delays will result in them being deemed admitted.

Respectfully Submitted,
MORROW & SHEPPARD LLP

Daniel E. Sheppard
State Bar No.  38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX  77098
713.489.1206 tel
713.893.8370 fax

CLAYTON, FRUGE & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1
South Port Allen, Louisiana 70767
(225) 344-7000 (tel)
(225) 383-7631       (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel
of record by fax, by U.S. Mail (properly addressed and postage prepaid, or by any
other authorized means on February 10 2020.

Daniel E. Sheppard

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

**EXHIBIT**

__E__

| | | |
|---|---|---|
| MCARTHUR GRIFFIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § | |
| *Versus* | § | |
| | § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S SECOND AMENDED NOTICE OF DEPOSITION OF
### DEFENDANT REC MARINE LOGISTICS, LLC

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), plaintiff will take the deposition(s) upon oral examination, to be recorded by stenographic means and/or videotape, at the offices of REC Marine Logistics located at 4535 Highway 308, Raceland, Louisiana 70394, on the topics listed on the attached Exhibit A. The deposition(s) will commence at 10:00 a.m. on Wednesday May 12, 2021 and will continue from day to day until completed. The witness will be questioned about and required to offer testimony on behalf of the Defendant concerning the topics listed in the attached **Exhibit "A"**. The witness may be questioned in their individual capacity.

## EXHIBIT A

1. Your factual contentions as to the cause of the Incident, what happened leading up to and during the Incident, and what happened in response to the Incident.
2. Dealings and communications with Plaintiff.
3. Conditions on the M/V Dustin Danos at the time of the Incident.
4. Your factual contentions as to Plaintiff's alleged injuries, including but not limited to any factual contentions that Plaintiff was not injured, that the Incident did not happen, the Plaintiff is faking his injury, and/or that his injury is wholly the result of a pre-existing condition.
5. Facts and circumstances surrounding other injuries on the M/V Dustin Danos.
6. Your policies and procedures governing the work going on at the time of the Incident.
7. All compensation and benefits paid to or otherwise available to McArthur Griffin ("Griffin") as an employee of Rec Marine Logistics LLC ("Rec Marine") as of the year of his accident.
8. All actions taken by or on behalf of you upon being informed of the injury to Plaintiff. This topic refers to the injury where Griffin was smashed between the large box and the man basket. *See* Personal Incident Status Report with the date June 20, 2018.
9. All efforts taken by or on behalf of you or on its behalf to investigate the accident and injury complained of in Plaintiff's Petition for Damages (including any supplements and amendments).
10. A description of the M/V DUSTIN DANOS including, without limitation, the area where Plaintiff alleges to have been "smashed between the large box and the man basket."
11. All interviews taken in connection with Plaintiff's claim that he was injured while in the service of the M/V DUSTIN DANOS on or about May 2018 where he was "smashed between the large box and the man basket."
12. All allegations contained in the "Answer to Complaint" and defenses.
13. A description of any surveillance of Plaintiff, including surveillance that has or will take place.
14. Your defenses to the allegations in Plaintiff Petition for Damages (including any supplements and amendments).

15. The existence or non-existence of documents supporting Your factual contentions.
16. Your discovery responses, and interpretation of the documents produced.
17. All agreements, written or otherwise, governing the work at the platform at the time of the Incident.
18. Your relationship with the other parties to this lawsuit.
19. Ownership and operation of the M/V DUSTIN DANOS during the years 2018 and 2019.
20. Description of all records relating to the ownership, operation, chartering and/or maintenance of the M/V DUSTIN DANOS from 2017 until the present.
21. The basis for your refusal to pay maintenance and cure benefits to Plaintiff and a description of all documents or other records or things on which You rely upon for Your denial.
22. Your knowledge of any defects or potential hazards relating to propelling or moving the M/V DUSTIN DANOS

23. Your knowledge of any defects or potential hazards relating to equipment used in the wheelhouse to move and/or propel the M/V DUSTIN DANOS

24. Your knowledge of any defects or potential hazards relating to communications equipment used when the crew of the M/V DUSTIN DANOS is conducting a man basket transfer

25. Description of all communications relating in any way to Plaintiff's alleged accident.

26. Policies changed as a result of Griffin's incident where he alleges that he was smashed between the large box and the man basket.

27. Any information/facts known or reasonably believed to be known by Defendants, Brian Harris, Blaine Russell, Michael Hauglund, Joshua Winhauer, William Badeaux, Casey Curule, Chris Ryon, David Griffin, Mandy Melancon, Alex Griffin, and Olivia Channing concerning any allegation or defense raised in the Petition for Damages (including amendments and supplements) and Rec Marine, GOL, Gulf Offshore, and OTS' Answer.

28. Your answers and responses to Plaintiff's discovery to you.

29. The basis for your allegation that any damages sustained by Griffin is his "own fault, neglect, misconduct, inattention, or breach of duty."

30. The basis for your allegation that any Griffin failed to "mitigate his damages."

31. The basis for your allegation that any damages sustained by Griffin were "the result of results of the acts and/or omissions, commissions, negligence and/or breach of duty of other parties or third parties, over whom defendant had no control and for which acts and/or omissions the defendants, serially or individually, has no responsibility, legal or otherwise, which contributed in varying combinations and degrees with the negligence, fault and/or breach of duty of the plaintiff."

32. The basis for your allegation that any damages sustained by Plaintiff were the result of Plaintiff "normal job, duties, and occupational tasks, without any fault or neglect of these defendants, and he is therefore estopped from making claims for normal risks assumed as incidental and inherent in the nature of his Jones Act employment."

33. A description of all liability insurance reasonably believed to provide coverage to the owner and/or operator of the vessel on which Plaintiff was injured for claims for personal injury such as the claim by Plaintiff herein.

34. All actions taken by or on behalf of you in connection with your hiring of Plaintiff.

35. A description of the jobs held by the crew at the time of Plaintiff's injury that forms the basis of this lawsuit.

36. Job requirements for the job Plaintiff was hired to perform.

37. A description of all pre-hire screening, including medical, of Plaintiff, and the results of the screening.

38. A description of the work taking place at the time of Plaintiff's accident where he alleges to have been "smashed between the large box and the man basket."

39. The company/ies and personnel involved in the work taking place at the time of Plaintiff's accident where he alleges to have been "smashed between the large box and the man basket."

40. The relationship between REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC, the roles of these companies, and the relationship between these companies and Plaintiff.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/Daniel E. Sheppard*
Daniel E. Sheppard
State Bar No.  38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
5151 San Felipe, Suite 100
Houston, Texas 77056
713.489.1206 tel
713.893.8370 fax

CLAYTON, FRUGE & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1
South Port Allen, Louisiana 70767
(225) 344-7000 (tel)
(225) 383-7631 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record by email on May 7, 2021.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

**EXHIBIT**

____F____

| | | |
|---|---|---|
| MCARTHUR GRIFFIN | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| | § | |
| *Versus* | § | |
| | § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | **TRIAL BY JURY DEMANDED** |
| | § | |
| Defendants | § | |

<u>**PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION**</u>

Pursuant to Federal Rules of Civil Procedure, Plaintiff submits these requests for production and interrogatories to (a) Rec Marine Logistics, LLC; (b) Gulf Offshore Logistics, LLC; (c) GOL, LLC; and (d) Offshore Transport Services, LLC upon which they are served. Within thirty (30) days after service of these requests, Defendants must (a) respond to each request and interrogatory separately in writing, and (b) produce the documents or things requested herein to Daniel E. Sheppard at the offices of Morrow & Sheppard LLP.

## DEFINITIONS

1. "Plaintiff" means McArthur Griffin.[1]

2. "Defendant(s)" means, Rec Marine Logistics, LLC; Gulf Offshore Logistics, LLC; Gol, LLC; And Offshore Transport Services, LLC, as well as their affiliates, divisions, parents, subsidiaries, predecessors, successors, assigns, assignees, officers, directors, representatives, agents, employees, partners, and any other persons or entities acting on their behalf.

3. "Incident" refers to the incident on or about May 2018 involving Plaintiff and made the basis of this Lawsuit and the events giving rise to the Incident.

4. "Lawsuit" shall refer to this lawsuit.

5. "You" or "Your" shall refer to the Defendant.

6. "Documents" shall mean all documents an tangible things, in the broadest sense allowed under the Federal Rules of Civil Procedure, including but not limited to every original (or copies if you do not have originals) and each non identical copy, whether different from the original because of marginal notes or other material inserted or attached, and drafts and both sides of any written, printed, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, including all attachments and appendices, whether sent or received or neither, including, but not limited to: books, records, papers, pamphlets, brochures, circulars, advertisements, drawings, sketches, graphs, charts, plans, ledger accounts, audits, financial statements, annual or other periodic reports, permits, calendars, appointment books, diaries, telephone bill and toll card records, expense reports, itineraries, agendas, checkbooks, canceled checks, receipts, contracts, agreements, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, appraisals, purchase orders, invoices, bills of lading, written memorials of oral communications, recasts, photographs, photographic slides or negatives, films, filmstrips, tapes, recordings, electronic mail, text messages, instant messages, Facebook messages, Twitter messages, other social media messages, CDs, DVDs, X-rays, and any other information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational storage or retrieval system, the term also includes copies and programming instructions and other materials necessary to understand such systems.

7. "Relating to," "related to," "regarding," or "referring to" shall mean directly or indirectly mentioning or describing, discussing, pertaining to, being connected with, or reflecting upon, in whole or in part, the stated subject matter.

8. "Communication(s)" shall mean any transmittal or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation by means of letter, note, memorandum, telephone, telegraph, telex, telecopies,

---

[1] Documents produced by Defendants name Plaintiff as McArthur Griffin. The definition for Plaintiff includes McArthur Griffin.

cables or some other electronic or other medium.

9. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

10. Unless otherwise indicated, documents requested herein are documents referring to, relating to, or prepared during the last ten years.

## INSTRUCTIONS

1. Please produce all responsive documents in the same file or organizational environment in which they are maintained. For example, produce a document that is part of a file or other grouping together with all other documents from the file or other grouping responsive to the request, in the same order or manner of arrangement as the original.

2. These requests specifically call for production of electronic and magnetic data responsive to the request in addition to physical documents or objects. Please produce such electronic and magnetic date in its native format. When producing electronic documents, please identify the software and version number needed to review the electronic data.

3. If a privilege is claimed with regard to any material or information, provide a description of the withheld material or information in compliance with Federal Rule of Civil Procedure 26(b)(5) within 15 days.

## PLAINTIFF'S REQUESTS FOR PRODUCTION TO REC MARINE LOGISTICS, LLC; GULF OFFSHORE LOGISTICS, LLC; GOL, LLC; AND OFFSHORE TRANSPORT SERVICES, LLC

**REQUEST 1:** Produce all Documents supporting Defendants' contention that Plaintiff intentionally concealed and/or misrepresented pertinent medical facts prior to his employment. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 2:** Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired. For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 3:** Produce all Documents supporting Defendants' contention that Plaintiff's alleged intentional concealment and/or misrepresentation of pertinent medical facts materially affected Defendants' decision to hire Plaintiff. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**REQUEST 4:** Produce all Documents related to incidents that resulted in injuries sustained in connection with a basket transfer to or from a vessel owned, operated, controlled, and/or managed by Defendants.

## PLAINTIFF'S SECOND INTERROGATORIES TO REC MARINE LOGISTICS, LLC; GULF OFFSHORE LOGISTICS, LLC; GOL, LLC; AND OFFSHORE TRANSPORT SERVICES, LLC

**INTERROGATORY 1:** Identify by Bates number all Communications from Plaintiff that Defendants' contend constitutes intentional concealment and/or misrepresented pertinent medical facts by Plaintiff that materially affected Defendants decision to hire Plaintiff. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**INTERROGATORY 2:** Identify and fully explain the alleged factual causal link between the alleged concealed pre-existing injuries and Plaintiff's claimed injuries. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**INTERROGATORY 3:** Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/Daniel E. Sheppard*
Daniel E. Sheppard
State Bar No.  38076
dsheppard@morrowsheppard.com
All E-Service Copy To:
msfiling@morrowsheppard.com
3701 Kirby Dr, Ste 1000
Houston, TX  77098
713.489.1206 tel
713.893.8370 fax

CLAYTON, FRUGE & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1
South Port Allen, Louisiana 70767
(225) 344-7000 (tel)
(225) 383-7631 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record by email on March 2, 2021.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard

**EXHIBIT**

___G___

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN** | **CIVIL ACTION NO:  3:20-cv-00092** |
| **Plaintiff** | |
| | **DISTRICT JUDGE:** |
| **VERSUS** | **HON. BRIAN A. JACKSON** |
| | |
| **REC MARINE LOGISTICS, LLC, ET AL** | **MAGISTRATE JUDGE:** |
| **Defendants** | **HON. ERIN WILDER-DOOMES** |

### REC MARINE LOGISTICS, LLC, GOL, LLC, GULF OFFSHORE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC'S RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION AND INTERROGATORIES

**NOW INTO COURT**, through undersigned counsel, come defendants, REC Marine Logistics, LLC (REC), GOL, LLC ("GOL"), Gulf Offshore Logistics, LLC ("Gulf Offshore"), and Offshore Transport Services, LLC ("Offshore Transport") (hereinafter sometimes collectively referred to as "Defendants"), who respond to the Second Requests for Production and Interrogatories propounded by Plaintiff, McArthur Griffin ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

Defendants generally objects to Plaintiff's Second Requests for Production and Interrogatories as follows:

1.     Defendants generally object to the discovery requests as they seek the knowledge of a business over the period of its existence. An entity in and of itself, possesses no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or understanding as to any given matter at any given time.

2.      Discovery and investigation in this case are continuing. The right to supplement and amend these responses with additional information, or if errors are discovered, is specifically reserved. These responses are also given without prejudice to defendants' rights to rely at trial on subsequently discovered information or information inadvertently omitted in these responses as a result of mistake, error or oversight.

3.      These responses are made solely for the purposes of the instant action. They are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections and grounds that would require the excluding of any statements contained herein at trial.

4.      Defendants generally object to the discovery to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or the anticipation of litigation privilege. Defendants generally object to the extent that the discovery seeks information which is irrelevant and immaterial to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, by providing responses to the discovery requests, Defendants do not waive any objections as to the admissibility at trial.

5.      Defendants generally object to the extent that the discovery seeks the disclosure of the mental impressions, conclusions, memoranda, notes or summaries, legal research or legal theories of defendants' attorneys, and to the extent that the discovery requires disclosure of the mental impressions, conclusions or opinions

of defendants' representatives insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

6.    Defendants object to this discovery insofar as it seeks confidential business information without any showing of need that would justify requiring defendants to make such disclosure.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Produce all Documents supporting Defendants' contention that Plaintiff intentionally concealed and/or misrepresented pertinent medical facts prior to his employment.  This request seeks information related to Defendants' claimed McCorpen defense.  See McCorpen v. Central Gulf Steamship Corp., 396 F.2d 547, 548 (5th Cir. 1968).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

See attached lawsuits involving plaintiff, (bates labeled REC 1863-1893 and 1894-1898) . In addition, see plaintiff's personnel file previously produced. Lastly, see pre-employment physical records previously produced from Complete Occupational Health Services (bates labeled REC 1173-1188). Defendants reserve the right to supplement this response as discovery proceeds.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired.  For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen.  This request seeks information related to Defendants' claimed *McCorpen* defense.  *See McCorpen v. Central Gulf Steamship Corp*., 396 F.2d 547, 548 (5th Cir. 1968).

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to Request No. 2 in that it seeks the confidential medical information of individuals who are not parties to this litigation. Defendants further object to Request No. 2 in that it is overly broad, unduly burdensome, and not proportional to the needs of this case. The Request is not limited in time. Furthermore, plaintiff was not (nor has he ever been) employed by GOL, Gulf Offshore, or Offshore Transport. Accordingly, any employment records maintained by any of these entities have no conceivable relevance to this case.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents supporting Defendants' contention that Plaintiff's alleged intentional concealment and/or misrepresentation of pertinent medical facts materially affected Defendants' decision to hire Plaintiff.  This request seeks information related to Defendants' claimed *McCorpen* defense.  *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See plaintiff's personnel file previously produced.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all Documents related to incidents that resulted in injuries sustained in connection with a basket transfer to or from a vessel owned, operated, controlled, and/or managed by Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to Request No. 4 in that it seeks the production of documents which are neither relevant, nor likely to lead to the discovery of admissible evidence. Defendants further object to Request No. 4 in that it is overly broad, unduly burdensome, and not proportional to the needs of the case. More particularly, Request No. 4 is not limited in time, and seeks documents from entities which neither employed the plaintiff nor owned/operated the vessel onboard which he was allegedly injured. The Request also seeks the production of documents for vessels other than the one

4

on which plaintiff was allegedly injured, and would require REC Marine to search through the records of an entire fleet of vessels in order to respond to the Request as written.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by Bates number all Communications from Plaintiff that Defendants' contend constitutes intentional concealment and/or misrepresented pertinent medical facts by Plaintiff that materially affected Defendants decision to hire Plaintiff. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp*., 396 F.2d 547, 548 (5th Cir. 1968).

**ANSWER TO INTERROGATORY NO. 1:**

See documents referenced in response to Request for Production No. 1 above.

**INTERROGATORY NO. 2:**

Identify and fully explain the alleged factual causal link between the alleged concealed pre-existing injuries and Plaintiff's claimed injuries. This interrogatory seeks information related to Defendants claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp*., 396 F.2d 547, 548 (5th Cir. 1968).

**ANSWER TO INTERROGATORY NO. 2:**

According to the Plaintiff's Petition, he claims to have sustained injuries to various parts of his body, including, but not limited to, injuries to his back and neck. Upon information and belief, plaintiff sustained injuries to his low back, back, neck, and other parts of his body in prior accidents for which he has filed suit. See response to Request No. 1 for further information.

**INTERROGATORY NO. 3:**

Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

**ANSWER TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 in that it seeks information which is neither relevant, nor likely to lead to the discovery of admissible evidence. Defendants further object to

5

Interrogatory No. 3 in that it is overly broad, unduly burdensome, and not proportional to the needs of the case. More particularly, Interrogatory No. 3 is not limited in time, and seeks information from entities which did not employ the plaintiff. Even if a response was appropriate, such would require four separate companies to search through the personnel files of all individuals ever employed by those companies to determine whether said individuals disclosed "medical facts and/or pre-existing injuries." Furthermore, this Interrogatory seeks confidential medical information of individuals who are not parties to this litigation.

Respectfully submitted:

Salvador J. Pusateri T.A. (#21036)
Kyle A. Khoury (#33216)
PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pJgglaw.com
Kyle.Khoury@pJgglaw.com
ATTORNEYS FOR GOL, LLC, REC
MARINE LOGISTICS, LLC, GULF
OFFSHORE LOGISTICS, LLC, and
OFFSHORE TRANSPORT SERVICES, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 28th day of April, 2021, I served the foregoing document by electronic means (email) upon all counsel of record in this case.



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MCARTHUR GRIFFIN** <br><br>                       **Plaintiff** <br><br> **VERSUS** <br><br> **REC MARINE LOGISTICS, LLC, ET AL** <br>                       **Defendants** | **CIVIL ACTION NO:  3:20-cv-00092** <br><br> **DISTRICT JUDGE:** <br> **HON. BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE:** <br> **HON. ERIN WILDER-DOOMES** |

**<u>VESSEL DEFENDANTS' AMENDED ANSWER</u>**

**NOW INTO COURT,** through undersigned counsel, come defendants, REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC (hereinafter sometimes collectively referred to as the "Vessel Defendants"), who hereby amend their previously-filed Answer (Rec. Doc. 14) in the following respects:

1.

Prior to removal of this case to Federal Court, Plaintiff filed an Original Petition for Damages (the "Original Petition) and a First Supplemental and Amended Petition for Damages (the "Amended Petition") in the 19th Judicial District Court for the Parish of East Baton Rouge. The only difference between the Original Petition and the Amended Petition was the addition of two new defendants, namely Offshore Transport Services, LLC and QBE Insurance (Europe) Limited. Upon removal of the case to this Court, the Vessel Defendants filed an Answer. (Rec. Doc. 14). While the originally-filed Answer did not specify that it was an Answer to the Original Petition and the Amended Petition, it was clearly intended as such given that the Answer was also filed on behalf of Offshore Transport Services, LLC, which was not a defendant until plaintiff filed his Amended Petition. Accordingly, defendants simply wish to note that the Answer which was

filed upon removal of the case to this Court was meant to serve as an Answer to both the Original Petition and the Amended Petition.

2.

Both the Original Petition and the Amended Petition contain two paragraphs labeled as "X." Defendants wish to clarify that their denial of the allegations in Paragraph X is a denial of the allegations in both paragraphs labeled as "X."

3.

Due to the non-sequential numbering of the above-referenced paragraphs, Defendants inadvertently omitted a response to Paragraph IX. Defendants deny the allegations contained in Paragraph IX of the Original Petition and the Amended Petition.

4.

REC Marine Logistics, LLC, as the plaintiff's employer, wishes to add the following affirmative defense to the previously-filed Answer:

**<u>NINTH DEFENSE</u>**

Plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**WHEREFORE**, the premises considered, Vessel Defendants, REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC, pray that this, their Amended Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in Vessel Defendants' favor and against plaintiff, dismissing plaintiff's Original Petition and Amended Petition at plaintiff's costs, and that Vessel Defendants be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

*/s/ Kyle A Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE
LOGISTICS, LLC, GOL, LLC, GULF
OFFSHORE LOGISTICS, LLC, AND
OFFSHORE TRANSPORT SERVICES,
LLC**