# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MCARTHUR GRIFFIN | § | |
| Plaintiff | § § § | |
| | § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| *Versus* | § § § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | **TRIAL BY JURY DEMANDED** |
| Defendants | § § § | |

## PLAINTIFF'S RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER

Plaintiff, McArthur Griffin, respectfully opposes the very late and misguided efforts of the Vessel Defendants to amend their Answer to assert an inapplicable defense.[1] The Vessel Defendants' Motion for Leave to Amend Answer to assert the inapplicable *McCorpen* defense should be denied.[2]

### I. EXHIBITS

| | |
|---|---|
| Exhibit 1 | Plaintiff's Original Petition |
| Exhibit 2 | Ex-Parte Motion for Thirty Day Extension for Response |
| Exhibit 3 | REC Marine's Statement and Motion to Dismiss |
| Exhibit 4 | September 23, 2019 Hearing Transcript |
| Exhibit 5 | Motion for Contempt and Sanctions |

---

[1] As the Vessel Defendants have conceded that only REC Marine Logistics, LLC ("REC Marine") is entitled to raise the *McCorpen* defense, Plaintiff will limit his Response to the actions and inaction of REC Marine.

[2] Although Vessel Defendants did not confer on the remaining proposed amendments to their Answer, Plaintiff does not object to the amendments contained in paragraphs 2, 3, and 4 of Vessel Defendants' Amended Answer.

| | |
|---|---|
| Exhibit 6 | Memorandum in Support of Motion for Contempt and for Sanctions |
| Exhibit 7 | Motions for Continuance |
| Exhibit 8 | Vessel Defendants' Answer |
| Exhibit 9 | Status Report |
| Exhibit 10 | Ex-Parte Motion to Stay |
| Exhibit 11 | Scheduling Orders |
| Exhibit 12 | Brian Harris Deposition |

## II. PROCEDURAL BACKGROUND

On April 22, 2019, Plaintiff filed his Original Petition. *See* Exhibit 1 (Plaintiff's Original Petition).

On May 17, 2019, REC Marine filed an Ex-Parte Motion for Thirty Day Extension for Response. *See* Exhibit 2 (Ex-Parte Motion for Thirty Day Extension for Response).

On May 28, 2019, instead of answering the lawsuit, REC Marine filed a baseless exception to venue. *See* Exhibit 3 (REC Marine's Statement and Motion to Dismiss).

On September 23, 2019, Judge White denied REC Marine's exception. *See* Exhibit 4 pg. 11 ("…exceptions of improper venue is – is denied.").

REC Marine then spent the next five months delaying hearings, not answering the lawsuit, and not responding to discovery (including court-ordered discovery). *See* Exhibit 5 (Motion for Contempt); Exhibit 6 (Motion for Sanctions); Exhibit 7 (Motions for Continuance).

On February 17, 2020, this case was removed to this Court. *See* Dkt. 1. At the time of removal, this case had been on file for 301 days and REC Marine still had not filed an answer.

On April 29, 2020, REC Marine finally answered the lawsuit. *See* Exhibit 8 (Vessel Defendants' Answer). REC Marine chose not to raise the *McCorpen* defense in its answer. *See* Exhibit 8 (Vessel Defendants' Answer).

On May 19, 2020, REC Marine claimed they would plead the *McCorpen* defense and sought to stay the case for unclear reasons. *See* Exhibit 9 (Status Report) and Exhibit 10 (Ex-Parte Motion to Stay).³

On September 9, 2020, this Court entered a scheduling order and set November 19, 2020 as the deadline for the parties to file a motion for leave to amend the pleadings. *See* Exhibit 11 (Scheduling Orders). The pleading deadline was not changed when the scheduling order was modified by the Court. *See* Exhibit 11 (Scheduling Orders).

On April 28, 2021 and May 12, 2021, Plaintiff filed motions to compel discovery from the Vessel Defendants. *See* Dkt. 63 (Plaintiff's Motion to Compel Discovery Responses and to Strike the [Vessel Defendants'] *McCorpen* Defense) and Dkt. 67 (Amended Motion to Compel Responses to Plaintiff's Second Requests for Production and Second Interrogatories). Both the initial motion to compel and amended motion to compel discussed what REC Marine already knew —that it had not pled the *McCorpen* defense. *See generally*, Dkt. 63 and Dkt. 67. REC Marine chose not to immediately seek leave to amend their answer to assert the *McCorpen* defense after reviewing Plaintiff's motions to compel.

On July 7, 2021, 807 days after this lawsuit was filed (and 230 days after the pleadings deadline), the Vessel Defendants sought leave to amend their answer. Notably, this amendment came 70 days after REC Marine was reminded that they failed to plead the *McCorpen* defense.

---

³ After seeking to stay this case, REC Marine chose to wait another 14 months before seeking leave to amend their answer.

## III. ARGUMENT AND AUTHORITY

### A. STANDARDS FOR GRANTING LEAVE TO AMEND AN ANSWER AFTER THE DEADLINE TO DO SO HAS PASSED

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." R*oyal Ins. Co. of America v. Schubert Marine Sales*, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (*citing S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To meet the good cause standard, the party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S & W Enterprises, L.L.C.*, 315 F.3d at 535. To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (*citing S & W Enterprises*, 315 F.3d at 536).

### B. REC MARINE WAS NOT DILIGENT IN SEEKING LEAVE TO AMEND ITS ANSWER

This lawsuit was on file for eight-hundred and seven (807) days before REC Marine sought leave to amend its answer. *See* Vessel Defendants' Motion. Leave was not sought until 230 days after the pleadings deadline expired. *See* Motion; *compare with* Exhibit 11 (Scheduling Orders). Further, REC Marine did not seek leave to amend its answer until 70 days after it was reminded that it failed to plead the *McCorpen* defense.[4] *See* Dkt. 63.

---

[4] REC Marine was reminded that it had not pled the *McCorpen* defense a second time when Plaintiff filed his amended motion to compel. *See* Dkt. 67.

REC Marine's lack of diligence in seeking leave to amend its answer is readily apparent.

### C. LEAVE SHOULD BE DENIED BECAUSE REC MARINE CANNOT SHOW GOOD CAUSE FOR FAILURE TO MEET THE SCHEDULING ORDER DEADLINE

#### 1. *REC Marine's Fails to Timely Move to Amend its Answer*

REC Marine claims that its failure to raise the *McCorpen* defense was a mere oversight. *See* Motion at p. 5. REC Marine appears to ignore all the opportunities it had to raise the defense and the fact that Plaintiff reminded it twice that the *McCorpen* defense had not been pled:[5]

- REC Marine waited more than a year to file an answer in this case. *See* Exhibit 8 (Vessel Defendants' Answer).
- REC Marine did not assert the *McCorpen* defense in their answer. *See* Exhibit 8 (Vessel Defendants' Answer).
- REC Marine was reminded that they still had not pled the *McCorpen* defense. *See* Dkt. 63 (Plaintiff's Motion to Compel Discovery Responses and to Strike the [Vessel Defendants'] *McCorpen* Defense) and Dkt. 67 (Amended Motion to Compel Responses to Plaintiff's Second Requests for Production and Second Interrogatories).
- REC Marine then waited an additional 70 days to seek leave to file an amended answer. *See* Motion.

REC Marine explanation for why it did not seek leave to amend its answer until 230 days past the pleadings deadline is not convincing. Moreover, REC Marine provides no reason to explain why it waited 70 days to seek leave to amend its answer after being reminded twice by Plaintiff that the *McCorpen* defense had not been pled.

Given REC Marine's unjustified delay, this factor weighs heavily in favor of denying leave to amend.

#### 2. *The Importance of the Amendment*

Defendant claims that amending its answer to include the *McCorpen* defense is important because it is "pleaded in nearly every Jones Act case in which a seaman is asserting entitlement to

---

[5] This list is by no means exhaustive. REC Marine has had several hundred days (and, therefore, several hundred opportunities) to seek leave to amend its answer.

maintenance and cure benefits." *See* Vessel Defendants' Motion at p. 5. Logically, the *McCorpen* defense is not pled when it does not apply.[6]

For REC Marine to prevail on a *McCorpen* defense it must prove, *inter alia*, the non-disclosed facts were material to the employer's decision to hire the Plaintiff. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005). At the time of the Incident, Plaintiff worked for REC Marine. However, REC Marine admits that it did not hire Plaintiff:

```
21   Q   Were these workers hired or were they just
22  kind of transferred?  Do you understand?
23    A   Wouldn't it be kind of the same thing?
24    Q   I don't know.  It's, like, if you worked for
25  McDonald's and then try to get a job with Burger King.
 1    A   It's a little bit different.  They didn't
 2  merge.
 3    Q   Right.  So the --
 4    A   I think it would be more of a transfer.
```

*See* Exhibit 12 at 95:21-96:4 (Brian Harris Deposition). Since REC Marine did not hire Plaintiff, its *McCorpen* defense fails. While the *McCorpen* defense may be important in other cases, it does not apply to the facts of this case and, therefore, is not important.

Given the unimportance of the amendment, this factor weighs heavily in favor of denying leave to amend.

                3.     *The Potential Prejudice in Allowing the Amendment*

Allowing REC Marine to amend its answer to raise an inapplicable affirmative defense is prejudicial. Plaintiff will be forced to conduct additional discovery (which is likely to be resisted by REC Marine as all other discovery has been and/or require an order from the Court compelling

---

[6] The Court can address the applicability of the unpled *McCorpen* defense at this stage. *Hosp. Serv. Dist. No. 1, of Avoyelles Par. v. Louisiana Dep't of Health & Human Res.*, 1988 WL 24145, at *2 (E.D. La. Mar. 4, 1988) ("Because the Court finds the defense to be inapplicable in any event in this action, the Court chooses not wait for defendants to amend their answer in order for the Court to address the defense; for purpose of this Order and Reasons, the Court treats the answer as if it did contain the defense.").

the discovery) and file a motion for summary judgment on this issue. Given the inapplicability of the *McCorpen* defense in this case, this sort of motion practice is unnecessary and prejudicial to Plaintiff.

Further, the deadlines and trial setting for this case may need to be modified again if the Vessel Defendants are permitted to amend their answer. As previously briefed, REC Marine and/or other Vessel Defendants spent more than a year delaying and obstructing the prosecution of this case. *See* Dkt. 15 (Plaintiff's Motion to Enforce, Compel Discovery, Sanctions for Violating Court Orders). Additional delay premised on amending an answer to include an inapplicable defense is prejudicial.

This factor weighs heavily in denying the amendment.

4. *The Availability of a Continuance to Cure Prejudice*

The *McCorpen* defense is not applicable under the facts of this case. As such, a continuance cannot cure the prejudice (and would have the effect of enhancing the prejudice to Plaintiff).

Moreover, such an extension would cause undue delay and may require the Court to reset the current trial. Such disruption to the Court's docket is unwarranted. *In Reliance Insurance Company v. Louisiana Land & Exploration Company*, 110 F.3d 253, 258 (5th Cir.1997), the Fifth Circuit stated: "District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." In *Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, 1332 (5th Cir.1996), the Fifth Circuit held: "It is well established that the district court is entitled the [sic] manage its court room and docket." *In Freeman v. Continental Gin Company*, 381 F.2d 459, 469 (5th Cir.1967), the Fifth Circuit stated that: "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."

The fourth factor also weighs against this court's granting REC Marine's leave to amend.

## IV.   CONCLUSION AND PRAYER

As Vessel Defendants have failed to show good cause to modify the scheduling order pursuant to Federal Rule of Civil Procedure 16(b), its motion for leave to amend its answer to assert the inapplicable *McCorpen* defense should therefore be denied. Plaintiff respectfully requests that the Court deny Vessel Defendants Motion for Leave to Amend Answer and for any other relief Plaintiff may be justly entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

*/s/ Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
*jsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone:  (713) 489-1206
Facsimile:  (713) 893-8370

*Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify that on July 28, 2021 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

>  */s/Daniel E. Sheppard*
>  Daniel E. Sheppard