EAST BATON ROUGE PARISH
Filed Apr 23, 2019 9:47 AM
Deputy Clerk of Court
E-File Received Apr 22, 2019 9:17 AM
C-682146
27

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. _____ |
| | * | Section: _____ |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

**************************************************************************

## PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

Plaintiff McArthur Griffin ("Plaintiff") complains of REC Marine Logistics
LLC, GOL LLC, Gulf Offshore Logistics LLC, and American Steamship Owners
Mutual Protection and Indemnity Association (collectively, "Defendants") and would
respectfully show the Court the following:

### JURISDICTION AND VENUE

I.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is
a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333.

II.

This case is not removable to federal court as it is brought under the Jones Act,
general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield
Co.,* 990 F.2d 202, 207 (5th Cir. 1993).

III.

Venue is proper under the Louisiana Code of Civil Procedure because an action
against a foreign or alien insurer shall be brought in this Parish. LA. CODE CIV. PROC.
art. 42(7).

### PARTIES

IV.

Plaintiff **McArthur Griffin** is an American Seaman and a resident of Louisiana.

EXHIBIT

1

Defendant **REC Marine LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Ronald Elie Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **GOL LLC** is a domestic limited liability company whose address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Gulf Offshore Logistics LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **American Steamship Owners Mutual Protection and Indemnity Association** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. American Steamship Owners Mutual Protection and Indemnity Association may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

FACTS

V.

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine") and/or GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), and was aboard the MV Dustin Danos vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel.

CAUSES OF ACTION

2

VI.

Defendants are negligent and grossly negligent and liable for such negligence and gross negligence for the following reasons:

a.    failure to properly supervise their crew;

b.    failure to properly train their employees;

c.    failure to provide adequate safety equipment;

d.    failure to watch/man the controls of the vessel;

e.    operating the vessel with an inadequate crew;

f.    failure to provide safe work environment;

g.    failure to protect crew members from unnecessary risks;

h.    failure to maintain a proper lookout;

i.    failure to make adequate repairs;

j.    failure to provide a seaworthy vessel and crew;

k.    vicariously liable for their employees' negligence;

l.    failure to ensure the vessel was adequately maintained;

m.    violating applicable Coast Guard, OSHA, and/or MMS rules; and

n.    other acts deemed negligent and grossly negligent.

VII.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

VIII.

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment.

X.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

IX.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

### RESERVATION OF RIGHTS

X.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his investigation continues.

### JURY DEMAND

XI.

Plaintiff hereby requests a trial by jury on all claims.

### PRAYER

XII.

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**MORROW & SHEPPARD LLP**

*/s/Daniel E. Sheppard*
Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas  77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

## PLEASE SERVE DEFENDANTS AS FOLLOWS:

REC Marine LLC
C/O Registered Agent Ronald Elie Chaddock
4535 Hwy 308
Raceland, Louisiana 70394

GOL LLC
C/O Registered Agent Matt Bernard
4535 Hwy 308
Raceland, Louisiana 70394

Gulf Offshore Logistics LLC
C/O Registered Agent Todd P. Danos
4535 Hwy 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association
C/O Louisiana Secretary of State
Sheriff of East Baton Rouge Parish
P.O. Box 3277
Baton Rouge, Louisiana 70821