EAST BATON ROUGE PARISH C-682146
Filed Nov 04, 2019 2:36 PM    27
Deputy Clerk of Court

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| *Plaintiff,* | * | |
| vs. | * | Case No. C-682146 |
| REC Marine Logistics LLC et al. | * | Section: 27 |
| *Defendants.* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR CONTEMPT AND FOR SANCTIONS RESULTING FROM DEFENDANT REC MARINE LOGISTICS, LLC'S REFUSAL TO FOLLOW THE COURT'S ORDER COMPELLING DISCOVERY

Plaintiff McArthur Griffin files Motion for Contempt and for Sanctions.

### BACKGROUND

On or about May 25, 2018, Mr. Griffin was injured aboard the *MV Dustin Danos*. Following his injury, Mr. Griffin began receiving maintenance and cure. That all changed in early- to mid-2019 when the maintenance checks Mr. Griffin had been receiving started being withheld (or delayed). Ultimately, on information and belief, Mr. Griffin's maintenance and cure benefits were terminated because he chose to file a lawsuit.

Plaintiff has made several formal and informal attempts to conduct basic discovery. Each attempt, whether formal or informal has been met with tactics aimed at delaying, stonewalling and/or obstructing discovery.

To date, Plaintiff's legal team has taken the following actions to obtain basic discovery:

1. Asked Fred Salley to provide the names of the proper parties. *See* PX-1 (Email to Fred Salley dated May 31, 2019). **This email was ignored.**

EXHIBIT 6

1

2. Called Drew Aucoin[1] and asked him to name the insurance carrier handling Mr. Griffin's claim. **Mr. Aucoin refused to provide information.**
3. On August 9, 2019, Plaintiff served discovery on REC Marine. **All discovery was objected to and nothing was produced.** *See* PX-2 (Plaintiff's Initial Discovery and Defendant REC Marine's Objections).
4. Plaintiff sent a Rule 10.1 letter to Mr. Salley to resolve the discovery issues. *See* PX-3 (First Rule 10.1 Letter). **This mandatory letter was met with a threat of sanctions.** *See* PX-4 (Email from Fred Salley dated August 12, 2019).
5. On September 10, 2019, Plaintiff filed a Motion to Compel discovery from Defendant REC Marine. *See* Plaintiff's First Motion to Compel Discovery from Defendant REC Marine. **Mr. Salley claims to have not received notice of the hearing, despite being notified by the Court and Plaintiff's counsel.**
6. On September 19, 2019, counsel for Plaintiff contacted Mr. Salley again to address the ongoing discovery issues. **Mr. Salley refused to engage in the conference and hung up the phone.**
7. September 23, 2019, the Court held a hearing and granted Plaintiff's motion to compel and ordered Defendant to respond to Plaintiff's initial discovery by October 23, 2019. *See* PX-5 (Court Order Ignored by Defendant).
8. On October 24, 2019, Plaintiff sent a letter to Mr. Salley by email, fax, and mail to address the discovery issues. *See* PX-6 (October 24, 2019 letter to Mr. Salley). **No response was received.**
9. On October 25, 2019 Plaintiff's counsel called and emailed Mr. Salley again to address the discovery issues. **Mr. Salley stated without equivocation that (a) he (and his client) are under no obligation to respond to discovery and (b) that he will not be responding to discovery as ordered by the Court.**[2]

Defendant has taken the preposterous position that they do not need to follow this Court's order. To date, it is unclear whether Mr. Salley has provided his client with the discovery requests that were served in August 2019 (the Court may recall that Mr. Salley admitted in open court that, despite raising a global objection to Plaintiff's discovery requests, he had not even read them prior to motion to compel hearing on September 23, 2019).[3] Defendant's inaction and ongoing abuse of the discovery process is out of bounds and, as such, should be sanctioned with the penalties allowed by law.

---

[1] Mr. Aucoin role is unclear, but he appears to be a claims adjuster for Defendant's insurer.

[2] Defendant's position is incredible considering it has admitted it must respond to certain discovery. *See* PX-2 (Defendant's Global Discovery Objection).

[3] If Mr. Salley has not provided Defendant with Plaintiff's initial discovery, these sanctions may need to include Mr. Salley.

2

Defendant continues to ignore a court order to respond to discovery. Accordingly, Defendant has misused the discovery process and should be sanctioned with appropriate penalties pursuant to La. Code Civ. Proc. Articles 1470, 1471, and La. R.S. 13:4611.

## EXHIBITS

PX-1 Email to Fred Salley dated May 31, 2019
PX-2 Plaintiff's Initial Discovery and Defendant REC Marine's Objections
PX-3 First Rule 10.1 Letter
PX-4 Email from Fred Salley dated August 12, 2019
PX-5 Court Order Ignored by Defendant
PX-6 Second Rule 10.1 letter to Mr. Salley

## LAW AND ARGUMENT

I. <u>Contempt of Court – Direct Contempt and Constructive Contempt</u>

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority. *See* La. Code Civ. Proc. Art. 221. There are two types of contempt: direct and constructive. *Id.* Direct contempt is defined as an act committed in the presence of the court and of which the court has personal knowledge, or the failure to comply with an order to appear at court. *See* La. Code Civ. Proc. Art. 222. Constructive contempt of court is any contempt other than a direct one. *See* La. Code Civ. Proc. Art. 224.

La. Code Civ. Proc. Art. 224 provides, in relevant part:

> A constructive contempt of court is any contempt other than a direct one. Any of the following acts constitutes a constructive contempt of court:
>
> ......
>
> (2) **Willful disobedience of any lawful judgment**, order, mandate, writ, or process of the court;
>
> ......
>
> (4) Deceit or **abuse of the process** or procedure of the court by a party to an action or proceeding, or **by his attorney**;
>
> ......

3

> (10) Any other act or omission punishable by law as a contempt of court, or intended to **obstruct** or interfere with the orderly administration of justice, or to **impair the dignity of the court or respect for its authority**, and which is not a direct contempt.

II. <u>Penalties for Contempt Pursuant to La. R.S. 13:4611</u>

La. R.S. 13:4611 provides, in relevant part:

> (1) The Supreme Court, the courts of appeal, the district courts.... may punish a person adjudged guilty of contempt of court therein, as follows:
>
> (a) For a direct contempt of court committed by an attorney at law, by a fine of not more than one hundred dollars, or by imprisonment for not more than twenty-four hours, or both; and, for any subsequent contempt of the same court by the same offender, by a fine of not more than two hundred dollars, or by imprisonment for not more than ten days, or both;
>
> (c) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act.
>
> (d)(i) For any other contempt of court, ... by a fine of not more than five hundred dollars or imprisonment for not more than three months, or both.
>
> (d)(ii) In addition to or in lieu of the penalties provided by this Paragraph, the court may order that the person perform litter abatement work or community service in a court-approved program for each day he was to be imprisoned, provided that the total days of jail, litter abatement work, and community service do not exceed the maximum sentence provided by this Paragraph

III. <u>Contempt and Sanctions for Knowing Refusal to Respond to Discovery</u>

In addition to being held in contempt of court for violating the general rules governing contempt, Defendant should be held in contempt and sanctioned for blatantly refusing to respond to discovery. By knowingly refusing to respond to discovery, Defendant misused and impeded the discovery process.

A. <u>Purpose of Discovery</u>

The purpose of pretrial discovery is to allow each party an opportunity to discover evidence and to assist the parties in the preparation of their case. The goal

4

is to avoid last minute, surprise evidence against either party. *Theriot v. State, Department of Wildlife and Fisheries*, 94-1536 (La.App. 1 Cir. 4/7/95), 661 So.2d 986; *Morehead v. Ford Motor Company*, 29,399 (La.App. 2 Cir. 5/21/97), 694 So.2d 650. The theory inherent in pretrial procedure is to avoid ambush and allow the orderly disposition of a case. Conduct which inhibits or detracts from this purpose should not be rewarded and the offended party should not be prejudiced. *Zanca v. Exhibition Contractors Co.*, 614 So.2d 325 (La.App. 4 Cir. 1993). The purpose of the discovery articles is to prevent the type of prejudicial conduct which has occurred in the instant matter.

### B. Additional Penalties Pursuant to La. Code Civ. Proc. Art. 1471

In addition, La. Code Civ. Proc. Articles 1471 provide for contempt and penalties for Defendant's precise misconduct in this matter. *See* La. Code Civ. Proc. Article 1471 lists the penalties this Court may issue to defendant.

La. Code Civ. Proc. Art. 1471 provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Defendant refuses to provide basic information and has made it clear they will not obey the Court's order. Based on Defendant's failure to comply with this Court's order compelling discovery, this Court may, in addition to the general penalties of contempt, (1) issue an order establishing all facts of plaintiff's claims as true; (2) issue an order disallowing Defendant from supporting any of its claims or defenses, or opposing any of plaintiff's claims; (3) issue an order prohibiting Defendant from introducing designated matters into evidence; (4) issue an order striking out pleadings or parts of pleadings; or (5) issue an order rendering a judgment by default against Defendant.

### C. Applicable Law on Additional Penalties Pursuant to La. Code Civ. Proc. Art. 1471

Pursuant to La. Code Civ. Proc. Art. 1471, this Court may enter a judgment of default against Defendant. Within the broad discretion granted to the trial court is the ability to render a judgment by default against a disobedient party. In considering such a sanction, the Louisiana Supreme Court has looked to the Federal district courts for guidance. In *Horton v. McCary*, 635 So.2d 199, 93-2315 (La. 4/11/94), the Louisiana Supreme Court adopted the same four factors that Federal district courts consider in deciding whether or not to grant a judgment by default in such a scenario:

> Federal district courts consider four factors before granting a default judgment: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. *Id.* at 203.

6

The *Horton* court also reiterated the need for these sanctions and explained that there is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. The Court explained: "Refusal to comply with court ordered discovery is a serious matter. Trial judges must have severe sanctions available to deter litigants from flouting discovery orders." *Id.* at 203.

Per La. Code Civ. Proc. Art. 1471(2), this Court can also refuse to allow Defendant to support or oppose designated claims or defenses, or prohibit him from introducing designated matters in evidence. *See also Corliss v. Elevating Boats, Inc.*, (La. App. 4th Cir. 1992), 599 So.2d 434. (Court prohibited defendant who failed to produce witness information and documents from calling individual as witness and excluded use of documents).

In either instance, the trial judge has much discretion in imposing sanctions for failure to comply with discovery orders, and a judge's choice of sanctions will not be reversed absent a clear showing that judge abused that discretion. *Lane v. Kennan*, 2004-2118 (La. App. 4 Cir. 4/27/05), 901 So.2d 630.

### E. Defendants' Disregard for Discovery Rules Warrants Default Judgment

In order for a judgment of default to be entered against Defendant, Plaintiff must satisfy the four factors set forth by the Louisiana Supreme Court in *Horton*.

First, the Court must consider whether the violation was willful or resulted from an inability to comply. Defendant (though its attorney Mr. Salley), in no uncertain terms, told this Court that discovery could be responded to in 30 days, a time delay chosen by Defendant. Plaintiff sent Defendant's attorney a letter about the overdue discovery—the letter did not receive a response. Plaintiff's counsel spoke with Mr. Salley and he claimed to have not received the Court's signed judgment (Plaintiff's counsel provided Mr. Salley with a copy of the Court's signed

7

order). Finally, Defendant's attorney stated he would not respond to discovery because the Court could not order him or his client to do so. There is no evidence that Defendant has taken any steps to comply with the Court's ruling on September 23, 2019 or subsequent order. Defendant chose the due date for its discovery responses. They cannot now feign surprise. Defendant's failure to comply with the Court's order was willful and there was no justification for its refusal to respond to discovery.

Turning to the second factor, this Court must decide if less drastic actions would be effective. The answer is clearly no. The Court ordered Defendant to respond to discovery. When Defendant's attorney claimed to not have received the Court's order, counsel for Plaintiff provided him with a copy of the signed order. That did not sway Defendant's attorney. Defendant has simply ignored and refused to comply with the Court's order. There is nothing else that this Court can do, except to enter the judgment by default.

The third factor is whether the violation prejudiced Plaintiff's trial preparation, which it clearly has. Defendant has refused to produce a single document and will not answer interrogatories. Plaintiff does not even know what facts Defendant is using to support its defenses. Plaintiff does not know what information or documentation supports Defendant's claims, and such information directly affects the manner in which Plaintiff will proceed with his claims.

The final factor is whether Defendant participated in the violation or whether they misunderstood the Court's order. The order signed by the Court was provided to Defendant's to review. Defendant's disagreed with the order, but never once claimed to have misunderstood the Court's order. Further, the Court's order is the memorialization of rulings made by the Court. Defendant participated in the hearing when those rulings took place and told the Court when it could respond to

discovery. Nothing was misunderstood—defendant simply ignored this Court's order.

Under these facts, Plaintiff has established all the requisite factors necessary for a default judgment, and a default judgment should be entered against Defendant. This serious sanction is necessary to deter Defendant from "flouting discovery orders" in this case (and in future litigation).

Although the entry of the judgment of default is clearly warranted, this Court can also prohibit Defendant from offering or eliciting any testimony from Plaintiff, the defendants, their witnesses or experts and/or prohibiting Defendant from introducing any exhibits at the trial on the merits or, in the alternative, for an order striking all of Defendant's affirmative defenses all pursuant to La. Code Civ. Proc. Art. 1471.

As such, if this Court does not grant the judgment by default, Plaintiff requests that one of the alternative reliefs be granted.

## CONCLUSION

Applying the law to the facts of this case, the actions of Defendant, at the very least warrant an order of contempt by this Court.

Based upon the foregoing, plaintiff respectfully requests that this Court issue an order holding Defendant in contempt of court with appropriate penalties, pursuant to La. Code Civ. Proc. Articles 222 and 224, and La. R.S. 13:4611, and for attorney's fees and other reasonable expenses.

Plaintiff respectfully requests that this Court issue an order holding Defendant in contempt with a fine of five hundred dollars and a sentence of imprisonment for up to thirty days, as this Court deems appropriate.

Plaintiff further respectfully requests that this Court enter a judgment by default against Defendant, or, in the alternative, for an order prohibiting Defendant

from offering or eliciting any testimony from Plaintiff, the defendants, their witnesses or experts and/or prohibiting Defendant from introducing any exhibits at the trial on the merits, or, in the alternative, for an order striking all of Defendant's claims and affirmative defenses, pursuant to La. Code Civ. Proc. Art. 1471.

Respectfully submitted:

MORROW & SHEPPARD, LLP
Daniel E. Sheppard (#38076)
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

And

CLAYTON, FRUGÉ & WARD
Brilliant Clayton (#36829)
3741 La. Highway 1 South
Port Allen, Louisiana 70767
Telephone: (225) 344-7000
Facsimile: (225) 383-7631

*Attorneys for Plaintiff, McArthur Griffin*