**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MCARTHUR GRIFFIN** § | |
| § | |
| Plaintiff §| CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| § | |
| *Versus* § | |
| § | |
| **REC MARINE LOGISTICS LLC, ET AL.** § | TRIAL BY JURY DEMANDED |
| § | |
| **Defendants** § | |

### ANSWER TO COMPLAINT

While at all times maintaining all non-inconsistent responses, claims, objections and assertions of the original Exceptions filed in East Baton Rouge Parish Louisiana State Court, Plaintiff, REC, where not inconsistent, together with GOL, LLC; Gulf Offshore Logistics, LLC; and Offshore Transport Services, LLC; respond to the Claim and Complaint made by McArthur Griffin, as follows.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against these defendants, and names two defendants, GOL, LLC, and Gulf Offshore Logistics, LLC, who are improperly joined and have no involvement in this matter whatever.

### SECOND DEFENSE

In part the plaintiffs' claims are barred by prescription, estoppel and/or laches, and these defendants affirmatively plead these defenses in their behalf.

EXHIBIT
8

**THIRD DEFENSE**

And now in further answer, defendants specifically answer each allegation of plaintiffs' complaint as follows:

**1.**

The allegations of paragraphs IV, V, VI, VII, VIII, X of the Complaint are denied, or denied as vague as worded and therefore denied, pending a more definitive factual statement or legal basis for the claim.

**2.**

The allegations of paragraphs I, II, and III are assertions of improper fact and/or law, and are specifically denied.

**3.**

The allegations of paragraphs XI are denied for lack of sufficient information to justify a current belief therein, or because they are simply incorrect.

**4.**

The allegations of paragraph XII of the Complaint is a statement of law and requires no response from defendants; however, should the Court deem answer necessary, the allegations of paragraph XII are denied for insufficient knowledge for informed belief.

**FOURTH DEFENSE**

While at all times specifically denying any and all fault, negligence or responsibility to the plaintiff, defendants all

allege and aver that the damages sustained by the plaintiff, if any, were caused solely by McArther Griffin's own fault, neglect, misconduct, inattention, or breach of duty without any fault whatsoever on the part of defendants; but, in the event that plaintiff may be able to establish any fault or negligence on the part of these defendants, which is at all times denied, defendants plead the substantial comparative negligence of the plaintiff.

### FIFTH DEFENSE

As a further defense, defendants, and each individually, allege and aver that the plaintiff failed to mitigate his damages, if any were sustained, as required by law and is thereby precluded from making any claims for damages in excess of those which could have been prevented in the exercise of ordinary care and prudence in mitigating one's care and/or damages.

### SIXTH DEFENSE

Alternatively, defendants, allege and aver as a separate defense that any accident or injuries plaintiff, may prove, were the result or results of the acts and/or omissions, commissions, negligence and/or breach of duty of other parties or third parties, over whom defendant had no control and for which acts and/or omissions the defendants, serially or individually, has no responsibility, legal or otherwise, which contributed in

varying combinations and degrees with the negligence, fault and/or breach of duty of the plaintiff, McArthur Griffin, to produce the results complained of by plaintiff herein.

### SEVENTH DEFENSE

While at all times denying any and all liability, should any Defendant or combination thereof, be found liable, then the defendant would show that such acts for which the defendant(s) are held liable were not within the *privity* or knowledge of the owners and/or the operators of the **M/V Dustin Danos**. Therefore, Offshore Transport Services and/or REC are entitled to limit its/their liability to its/their interest in the **M/V Dustin Danos**, at the end of her voyage, plus the freight then pending, pursuant to 46 U.S.C. § 183 *et seq.*

### EIGHT DEFENSE

As a further defense, defendants, and each individually, allege and aver that the plaintiff failed to mitigate his damages, if any were sustained, as required by law and is thereby precluded from making any claims for damages in excess of those which could have been prevented in the exercise of ordinary care and prudence in mitigating one's care and/or damages.

### NINTH DEFENSE

As a further additional, alternative defense, defendants allege and aver that if plaintiff, McArthur Griffin, was injured

or sustained his alleged damage, it was in the course of his normal job, duties, and occupational tasks, without any fault or neglect of these defendants, and he is therefore estopped from making claims for normal risks assumed as incidental and inherent in the nature of his Jones Act employment.

**WHEREFORE**, Defendants, pray that this answer be deemed good and sufficient, and that after all legal delays and due proceedings have been had, there be judgment herein in their favor and against plaintiff, McArthur Griffin, dismissing all of plaintiff's claims, with prejudice, at plaintiff's costs; and for all other just and equitable relief.

Submitted by:

/s/ Fred E. Salley

_____
**FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana  70434
Telephone: (985) 867-8830
Facsimile  (985) 867-8927
Counsel for Defendants,REC *et. al*.**