**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MCARTHUR GRIFFIN**  　　　　　　　**Plaintiff** <br><br> **VERSUS** <br><br> **REC MARINE LOGISTICS, LLC, ET AL** <br>　　　　　　　**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092** <br><br> **DISTRICT JUDGE:** <br> **HON. BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE:** <br> **HON. ERIN WILDER-DOOMES** |

### REPLY MEMORANDUM IN SUPPORT
### OF MOTION FOR LEAVE TO AMEND ANSWER

**MAY IT PLEASE THE COURT:**

REC Marine Logistics, LLC ("REC Marine") has filed a Motion for Leave to Amend Answer (the "Motion") in order to assert a *McCorpen* defense to plaintiff's maintenance and cure claim. REC Marine wishes to briefly address some of the arguments made by plaintiff, McArthur Griffin, in his response to this Motion. As set forth in the Motion, the factors to be considered in determining whether to allow REC Marine to amend its Answer are: (1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Regarding the first factor, plaintiff argues that REC Marine did not seek leave to amend until 70 days after being "reminded" through his Motion to Compel Discovery that the *McCorpen* defense had not been pleaded. It is worth noting that the very Motion to Compel plaintiff is referring to related to discovery about the *McCorpen* defense, which belies any attempt by Griffin to argue he was not fully aware that REC Marine was claiming the *McCorpen* defense. As

discussed in prior briefing, plaintiff was aware as far back as May 19, 2020, through REC Marine's filing of a Status Report with the Court (which plaintiff's counsel received a copy of), that the *McCorpen* defense was being asserted. In the year and three months since REC Marine submitted its Status Report, plaintiff has issued extensive discovery in various forms directed to the *McCorpen* defense, all as detailed in REC Marine's Motion. Moreover, in the Motion to Compel referenced above, plaintiff actually asked this Honorable Court to strike REC Marine's *McCorpen* defense. It would appear strange for plaintiff to attempt to strike an affirmative defense if he did not believe the affirmative defense could reasonably be construed to have been pleaded. In short, plaintiff is attempting to bar the *McCorpen* defense because prior counsel for REC Marine (who has been replaced by undersigned counsel) did not include the *McCorpen* defense in the original Answer filed on behalf of REC Marine, despite the fact that only weeks later plaintiff officially became aware the defense was being claimed and despite the fact that all parties have proceeded since that time as if the defense was an issue in the case.

With respect to factors two and three, Griffin presents a novel argument. Plaintiff argues (incorrectly) that REC Marine did not technically "hire" him, and that the *McCorpen* defense therefore does not apply. Because he claims *McCorpen* does not apply, he asserts that REC Marine's proposed amendment is not important and that he would be prejudiced by having to defend against an inapplicable defense. To fully address plaintiff's arguments, a brief background is necessary. In 2012, Griffin was hired by a company named JNB Operating, LLC ("JNB"). JNB operated and crewed vessels that were chartered to oil and gas companies through a boat brokerage company named Gulf Offshore Logistics, LLC (who is one of the defendants in this case). In 2016, there was a corporate merger between REC Marine, JNB, and Gulf Offshore Logistics. A new boat brokerage company named GOL, LLC (also a defendant in this case) emerged as the successor to

Gulf Offshore Logistics, LLC. The merger also resulted in JNB ceasing operations and REC Marine becoming the company which operated and crewed all vessels chartered to oil and gas companies through the newly-formed GOL, LLC. Despite acknowledging he was an employee of REC Marine at the time of his accident, plaintiff now claims he was not really "hired" by REC Marine, but that his employment was essentially "transferred" from JNB to REC Marine. As an initial matter, REC Marine notes that these two terms do not appear to be mutually exclusive. In other words, the fact that two companies merged and plaintiff "transferred" from being an employee of JNB to being an employee of REC Marine does not mean REC Marine didn't "hire" him.[1] In fact, the opposite would appear to be true. This is evidenced by the fact that Griffin was required to fill out an employment application for REC Marine.[2] Additionally, if there is any doubt as to whether plaintiff was "hired" by REC Marine, one need only look to the acknowledgement of such by plaintiff's own attorney. At the 30(b)(6) deposition of REC Marine, the following exchanges took place between plaintiff's counsel and REC Marine's corporate representative:

> Q: And then when he was hired by REC did he have to pass another physical?
>
> A: No.
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> Q: Okay. And its something that REC would have been able to look at whenever they were hiring Mr. Griffin?
>
> A: Yes.
>
> Q: Okay. So even though you're aware that Mr. Griffin was convicted of fighting, REC Marine still hired him, correct?
>
> A: Yes.

---

[1] The situation here appears to be what happened in the U.S. Fifth Circuit case of *Meche v. Doucet*, 77 F.3d 237 (5th Cir. 2015). In *Meche*, the company which initially employed the plaintiff was purchased by another company. Plaintiff subsequently began working for the successor company. At times the court refers to plaintiff being "hired" by the successor company. At other times, it mentions the successor company simply "deciding to retain him."
[2] See REC Marine employment application, attached hereto as Exhibit A.

3

    *******************

Q: Okay. So, when REC made the decision to hire Mr. Griffin on in 2016, right?

A: Yes.[3]

As evidenced by the above exchanges, both plaintiff's counsel and REC Marine's corporate representative acknowledged that plaintiff was hired by REC Marine. Griffin's attempt to now claim he was "transferred" instead of "hired" for purposes of trying to prevent REC Marine from asserting a *McCorpen* defense is without merit.

  In conclusion, the factors to be considered by this Court under the applicable jurisprudence support allowing REC Marine to amend its Answer. For all of the foregoing reasons, as well as those set forth in REC Marine's Motion, REC Marine respectfully requests that it be allowed to amend its Answer to assert the *McCorpen* defense.

              Respectfully submitted,

              */s/ Kyle A Khoury*
              Salvador J. Pusateri, T.A. (#21036)
              Kyle A. Khoury (#33216)
              **PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
              1100 Poydras Street, Suite 2250
              New Orleans, Louisiana 70163
              Telephone: (504) 620-2500
              Facsimile: (504) 620-2510
              Salvador.Pusateri@pjgglaw.com
              Kyle.Khoury@pjgglaw.com
              **ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, GULF OFFSHORE LOGISTICS, LLC, AND OFFSHORE TRANSPORT SERVICES, LLC**

---

[3] See 30(b)(6) deposition of REC Marine, attached hereto as Exhibit B, pgs. 34, 41, and 92