CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. _____ |
| | * | Section: _____ |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

Plaintiff McArthur Griffin ("Plaintiff") complains of REC Marine Logistics LLC, GOL LLC, Gulf Offshore Logistics LLC, and American Steamship Owners Mutual Protection and Indemnity Association (collectively, "Defendants") and would respectfully show the Court the following:

#### JURISDICTION AND VENUE

I.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333.

II.

This case is not removable to federal court as it is brought under the Jones Act, general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

III.

Venue is proper under the Louisiana Code of Civil Procedure because an action against a foreign or alien insurer shall be brought in this Parish. LA. CODE CIV. PROC. art. 42(7).

#### PARTIES

IV.

Plaintiff **McArthur Griffin** is an American Seaman and a resident of Louisiana.

**EXHIBIT**

A

Defendant **REC Marine LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Ronald Elie Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **GOL LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Gulf Offshore Logistics LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **American Steamship Owners Mutual Protection and Indemnity Association** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. American Steamship Owners Mutual Protection and Indemnity Association may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

### FACTS

V.

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine") and/or GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), and was aboard the MV Dustin Danos vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel.

### CAUSES OF ACTION

2

VI.

Defendants are negligent and grossly negligent and liable for such negligence and gross negligence for the following reasons:

a.  failure to properly supervise their crew;

b.  failure to properly train their employees;

c.  failure to provide adequate safety equipment;

d.  failure to watch/man the controls of the vessel;

e.  operating the vessel with an inadequate crew;

f.  failure to provide safe work environment;

g.  failure to protect crew members from unnecessary risks;

h.  failure to maintain a proper lookout;

i.  failure to make adequate repairs;

j.  failure to provide a seaworthy vessel and crew;

k.  vicariously liable for their employees' negligence;

l.  failure to ensure the vessel was adequately maintained;

m.  violating applicable Coast Guard, OSHA, and/or MMS rules; and

n.  other acts deemed negligent and grossly negligent.

VII.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

VIII.

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment.

X.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

IX.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

### RESERVATION OF RIGHTS

X.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his investigation continues.

### JURY DEMAND

XI.

Plaintiff hereby requests a trial by jury on all claims.

### PRAYER

XII.

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP


*/s/Daniel E. Sheppard*
Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

PLEASE SERVE DEFENDANTS AS FOLLOWS:

REC Marine LLC
C/O Registered Agent Ronald Elie Chaddock
4535 Hwy 308
Raceland, Louisiana 70394

GOL LLC
C/O Registered Agent Matt Bernard
4535 Hwy 308
Raceland, Louisiana 70394

Gulf Offshore Logistics LLC
C/O Registered Agent Todd P. Danos
4535 Hwy 308
Raceland, Louisiana 70394

American Steamship Owners Mutual Protection and Indemnity Association
C/O Louisiana Secretary of State
Sheriff of East Baton Rouge Parish
P.O. Box 3277
Baton Rouge, Louisiana 70821

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

EXHIBIT

B

| | | |
|---|---|---|
| McArthur Griffin | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Case No. C-682146 |
| | * | Section: 27 |
| REC Marine Logistics LLC; | * | |
| GOL, LLC; Gulf Offshore Logistics LLC; | * | |
| American Steamship Owners Mutual | * | |
| Protection and Indemnity Association | * | |
| Inc. | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

*********************************************************************************

### PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

Plaintiff McArthur Griffin ("Plaintiff") complains of REC Marine Logistics LLC, GOL LLC, Gulf Offshore Logistics LLC, Offshore Transport Services LLC, American Steamship Owners Mutual Protection and Indemnity Association, QBE Insurance (Europe) Limited (collectively, "Defendants") and would respectfully show the Court the following:

#### JURISDICTION AND VENUE

I.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333.

II.

This case is not removable to federal court as it is brought under the Jones Act, general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

III.

Venue is proper under the Louisiana Code of Civil Procedure because an action against a foreign or alien insurer shall be brought in this Parish. LA. CODE CIV. PROC. art. 42(7).

#### PARTIES

IV.

Plaintiff **McArthur Griffin** is an American Seaman and a resident of Louisiana.

Defendant **REC Marine LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Ronald Elie Chaddock, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **GOL LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Matt Bernard, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Gulf Offshore Logistics LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **Offshore Transport Services LLC** is a domestic limited liability company whose domicile address is 4535 Hwy 308, Raceland, Louisiana 70394, and who may be served with process by service on its registered agent Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

Defendant **American Steamship Owners Mutual Protection and Indemnity Association** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. American Steamship Owners Mutual Protection and Indemnity Association may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

Defendant **QBE Insurance (Europe) Limited** is a foreign insurance provider for Defendants REC Marine Logistics LLC, GOL LLC, and Gulf Offshore Logistics LLC. QBE Insurance (Europe) Limited may be served with process by through the Louisiana Secretary of State by sending service, along with a check for $50.00 payable to the Louisiana Secretary of State, to the Sheriff of East Baton Rouge Parish at P.O. Box 3277, Baton Rouge, Louisiana 70821.

V.

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about May 25, 2018. On or about this date, Plaintiff was employed by Defendant REC Marine Logistics LLC ("REC Marine"), Offshore Transport Services LLC ("Offshore Transport Services"), GOL LLC ("GOL") and/or Gulf Offshore Logistics LLC ("Gulf Offshore"), and was aboard the MV Dustin Danos vessel owned, operated, and/or managed by Defendants. While the vessel was deployed on navigable waters, Plaintiff sustained serious injuries to his shoulder, neck, back, legs, and other body parts when the vessel's captain allowed the vessel to move suddenly during a man-lift operation, resulting in Plaintiff being violently struck by the lift and the vessel and/or items on the vessel.

### CAUSES OF ACTION

VI.

Defendants are negligent and grossly negligent and liable for such negligence and gross negligence for the following reasons:

a.    failure to properly supervise their crew;

b.    failure to properly train their employees;

c.    failure to provide adequate safety equipment;

d.    failure to watch/man the controls of the vessel;

e.    operating the vessel with an inadequate crew;

f.    failure to provide safe work environment;

g.    failure to protect crew members from unnecessary risks;

h.    failure to maintain a proper lookout;

i.    failure to make adequate repairs;

j.    failure to provide a seaworthy vessel and crew;

k.    vicariously liable for their employees' negligence;

l.    failure to ensure the vessel was adequately maintained;

m.    violating applicable Coast Guard, OSHA, and/or MMS rules; and

n.    other acts deemed negligent and grossly negligent.

VII.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

## VIII.

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment.

## X.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## IX.

Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## RESERVATION OF RIGHTS

## X.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his

4

investigation continues.

JURY DEMAND

XI.

Plaintiff hereby requests a trial by jury on all claims.

PRAYER

XII.

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

_____

Daniel E. Sheppard
LA Bar Roll No. 38076
3701 Kirby Drive, Suite 1000
Houston, Texas 77098
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

ATTORNEYS FOR PLAINTIFF

PLEASE SERVE DEFENDANTS AS FOLLOWS:

Offshore Transport Services LLC
C/O Registered Agent Todd P. Danos
4535 Hwy 308
Raceland, Louisiana 70394

QBE Insurance (Europe) Limited
C/O Louisiana Secretary of State
Sheriff of East Baton Rouge Parish
P.O. Box 3277
Baton Rouge, Louisiana 70821

1          UNITED STATES DISTRICT COURT

2         FOR THE MIDDLE DISTRICT OF LOUISIANA

3                                    ┌─────────────────┐
                                     │    **EXHIBIT**      │
4   MCARTHUR GRIFFIN                 │                 │
                                     │      C          │
5          Plaintiff                 └─────────────────┘

6                    CIVIL ACTION NO: 3:20-92-BAJ-EWD

7   VERSUS

8

9   REC MARINE LOGISTICS, LLC, ET AL

10         Defendant

11

12

13

14         Deposition of GULF OFFSHORE LOGISTICS

15  through corporate representative, BRIAN HARRIS, taken

16  on Wednesday, May 12, 2021, commencing at 10:09 in

17  the office of REC Marine Logistics, 4535 Highway 308,

18  Raceland, Louisiana 70394.

19

20

21

22

23

24

25

1          What became the operating company?

2     A    REC Marine Logistics became the operating

3  company for GOL, LLC.

4  BY MR. SHEPPARD:

5     Q    Got ya.  And we'll run through a few just to

6  make it easier when we're speaking, so we know what

7  we're talking about since we've got a lot of acronyms

8  and very similar situated companies.  REC Marine

9  Logistics, LLC, I'll either probably call REC or REC

10  Marine; is that fair?

11     A    That's fair.

12     Q    Okay.  Gulf Offshore Logistics, LLC I'll

13  probably call Gulf Offshore.

14     A    Okay.

15     Q    And GOL, LLC I'll call GOL.

16     A    Okay.

17     Q    Offshore Transport Services I'll probably

18  just call OTS.

19     A    Okay.

20     Q    Are those fair?  You're gonna know what I

21  mean when I say all that, right?

22     A    I'll do the best I can.

23     Q    Okay.  So, as HSE manager, what are your

24  responsibilities to REC Marine?

25     A    I ensure all HSE requirements are met and



TORRES REPORTING & ASSOCIATES, INC.
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1  Grand Isle.  Um, just using that as an example.  Are

2  they offloading using a crane and a personnel basket

3  or a rope swing?

4      A    It doesn't specify, so I'm unsure.

5      Q    So, looking at the document you can't tell

6  one way or another unless it says rope swing or

7  personnel basket, right?

8      A    I mean, yeah.  You can't distinguish the two

9  unless it's more specific.

10     Q    Okay.  Did you know -- and I'll move onto a

11  different thing.

12     A    Okay.

13     Q    Did you know McArthur Griffin?

14     A    No, not personally.

15     Q    Okay.  Um, can you remind me when you started

16  working for the company?

17     A    For REC?

18     Q    For -- I know some of the companies are --

19     A    Before the merge?

20     Q    Little gropings.  There's -- what is it

21  called?  JNB.  Then there's Gulf Offshore, there's REC

22  Marine.  I know there's a few companies.  Did you work

23  for --

24     A    I worked for JNB Operating.  Started in

25  December 2012.



**TORRES REPORTING & ASSOCIATES, INC.**
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1        Q     Okay.

2        A     JNB operating was the operating company for

3    Gulf Offshore Logistics.

4        Q     Okay.  And, then you went to Gulf Offshore

5    Logistics and then to REC Marine?

6        A     No, I never worked for Gulf Offshore

7    Logistics.

8        Q     Okay.

9        A     Gulf Offshore Logistics was just a brokered

10   company.  They had the contracts.

11            MR. KHOURY:

12                 JNB was to Gulf Offshore Logistics what

13            REC Marine now is to GOL.

14            THE WITNESS:

15                 Correct.

16            MR. KHOURY:

17                 It's the operating arm of the company

18            that runs all the boats; is that fair?

19            THE WITNESS:

20                 Yes.

21            MR. KHOURY:

22                 Just to help you.

23            MR. SHEPPARD:

24                 It's been a while since my SATs, so.

25            It's an analogy test.



TORRES REPORTING & ASSOCIATES, INC.
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

```
 1   BY MR. SHEPPARD:
 2        Q    So, went from JNB to REC Marine?
 3        A    Correct.
 4        Q    I saw in Mr. Griffin's personnel file that he
 5   had an employment agreement with JNB, and then he went
 6   to Gulf Offshore, then he went to REC Marine.  Is that
 7   your understanding of his progression with the
 8   companies?
 9        A    He would have never gone to Gulf Offshore
10   Logistics.  Um, I understand that he did go from JNB
11   Operating to REC Marine.
12             COURT REPORTER:
13                  To what?
14             THE WITNESS:
15                  REC Marine Logistics.
16        A    Um, I want to say sometime in 2016.
17   BY MR. SHEPPARD:
18        Q    Would he have received paychecks from Gulf
19   Offshore Logistics?
20        A    No.
21        Q    I'm trying to think where I saw it.  Oh,
22   okay.  It's because of the logo.
23             When Mr. Griffin was hired by JNB,
24   presumably, he had to pass some sort of physical,
25   right?
```



**TORRES REPORTING & ASSOCIATES, INC.**
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

**Baton Rouge, LA**
225.751.0732
225.752.7308 FAX

**New Orleans, LA**
504.392.4791
504.392.4852 FAX

```
 1              relationship between those companies and
 2              plaintiff.  The witness is going to be acting
 3              as a corporate representative for all four of
 4              those defendants on that one topic in this
 5              deposition.
 6  BY MR. SHEPPARD:
 7      Q    All right.  My understanding, and let me know
 8  if I have this -- if I have this right -- is that
 9  years and years ago that you had JNB and they provided
10  the operational support onboard vessels that were
11  actually -- I'm just gonna -- actually, I'll just --
12  could you -- could you -- I'll strike that.
13              Could you explain the relationship between
14  JNB and Offshore -- and Gulf Offshore Logistics?
15      A    So, JNB operating was the operating company
16  for Gulf Offshore Logistics.  Um, Gulf Offshore
17  Logistics was the company -- they were a brokered
18  company and they had all the contracts.  You know,
19  like all these contracts with the companies we were
20  working -- or that JNB was working for, they got paid
21  through Gulf Offshore Logistics, so they had had the
22  contracts.  And JNB was the operating company.  They
23  did all the hiring.  They had the employees.  Um, it's
24  set up pretty much the exact same way GOL and REC
25  Marine is set up now.  That was kind of how that
```



**TORRES REPORTING & ASSOCIATES, INC.**
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1  relationship was.

2      Q    Okay.  So, if I understand this correctly,

3  Gulf Offshore enters into a contract with some company

4  that wants to use Gulf Offshore's vessel; is that

5  correct?

6      A    It wouldn't be Gulf Offshore's vessel but

7  they would be marketing a vessel for that customer.

8  That vessel that they would be marketing was operated

9  by JNB.

10     Q    Okay.  And, let me make sure -- I'm going to

11  use an analogy.  See if I have this in my head right.

12  Gulf Offshore is the listing agent for a house that's

13  for sale.  Then you have some other company who owns

14  the house and JNB is the people that puts the

15  furnishing in the house.  Is that kind of what we're

16  talking about here?

17     A    Yes.

18     Q    The, uh -- okay.  And then when -- when

19  Mr. Griffin started working for these, um, Gulf

20  Offshore Logistics, GOL.  I'm sorry.  When Mr. Griffin

21  started working for JNB and REC are those -- were

22  those companies under the same sort of umbrella?  Were

23  they related?

24     A    They were not related.

25     Q    So, back when Mr. Griffin worked for JNB and



**TORRES REPORTING & ASSOCIATES, INC.**
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1  you had Gulf Offshore as the brokering company, how

2  were they not connected to one another?

3       A    How is what not connected.

4       Q    Those two companies?

5       A    JNB and Gulf Offshore?

6       Q    Yeah.

7       A    Connected in which way.

8       Q    So, did the -- I guess -- JNB, the B is for

9  Broussard?  Right?  I'm trying -- guessing.  I'm

10 assuming it's initials of someone?

11      A    Yeah, I'm assuming that as well.  I don't

12 know for sure.

13      Q    Um, when you have -- did the folks that ran

14 JNB also run Gulf Offshore?

15      A    Um, I don't know what the partnership was at

16 that time.

17      Q    Okay.

18      A    But the Gulf Offshore secured the jobs.  JNB

19 operated those boats for those jobs.  Gulf Offshore

20 didn't have any employees.  They didn't own any boats.

21 They just got the contract.

22      Q    Okay.  It's a symbiotic relationship, though.

23 They're not against one another.  They're working

24 together.  One of them is getting the contract for

25 somebody to charter the vessels, take the money, and



TORRES REPORTING & ASSOCIATES, INC.
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1    then that company takes the money and gives it to JNB

2    or whatever it needs to go.

3        A    Yes.

4        Q    Would Gulf Offshore have been responsible for

5    training or crewing or doing anything?

6        A    No.

7        Q    Okay.  I know you said that Gulf Offshore had

8    no employees but I would imagine the company had to

9    have somebody doing something to get the money from

10   point A to point B.

11       A    I meant mariners.

12       Q    Okay.  Is it essentially just accounting

13   people or, you know, the office staff?  You just don't

14   have anyone working offshore there?

15       A    Support staff, yeah.

16       Q    And then flash forward a few years, I believe

17   in April of 2016 JNB merges with REC Marine?

18       A    Correct.

19       Q    Okay.  JNB goes away.

20       A    Correct.

21       Q    You know REC just takes over from JNB?

22       A    Correct.

23       Q    And the employees that were JNB are moved on

24   to the payroll for REC?

25       A    Correct.



**TORRES REPORTING & ASSOCIATES, INC.**

COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1    Q    Okay.  And REC relies on, you know, all the

2  materials from JNB when they're making the decision, I

3  guess, whether to keep people on, right?

4    A    Um-hum.

5    Q    Is that a yes?

6    A    Yes.

7    Q    That's one of those first things we talked

8  about.

9    A    Yeah.  Essentially, JNB and REC, they were

10  competitors before.  They did the same thing.  They

11  were competitors.  Then they came together and created

12  a new company.

13    Q    Where the REC name --

14    A    Created a new brokering company -- I'm sorry.

15    Q    Sometimes these large oil and gas companies

16  they'll buyout one and put it under a different name.

17  That might be kind of what we're talking about.

18         Um, so, then at that time when Gulf Offshore

19  took over all the JNB stuff, a new company was created

20  to be the new Gulf Offshore and that was called GOL?

21    A    Correct.

22         MR. KHOURY:

23              You mean when REC Marine took over the

24         JNB stuff?

25         MR. SHEPPARD:



TORRES REPORTING & ASSOCIATES, INC.

COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1              Yeah.
2  BY MR. SHEPPARD:
3      Q    When REC Marine took over --
4           Um, when REC marine and JNB merged, Gulf
5  Offshore went away and in its place came GOL.
6      A    The Gulf Offshore and then REC took over all
7  of JNB's operating, and JNB went away.
8      Q    Right.  That as well.
9      A    Yeah.  So Gulf Offshore and JNB went away.
10     Q    Okay.
11          MR. KHOURY:
12              And the merged companies formed GOL LLC
13          to be the broker.
14          THE WITNESS:
15              To be the broker, correct.
16  BY MR. SHEPPARD:
17     Q    And is GOL performing the same duties now and
18  at the time of the incident that Gulf Offshore was
19  performing prior to its dissolution?
20     A    Yes.
21     Q    Okay.  I'm just trying to understand this.
22  We have some -- some records out there that have a
23  logo that says GOL and underneath it says Gulf
24  Offshore Logistics.  We have other logos that say GOL,
25  LLC, with no Gulf Offshore Logistics below it.  And



**TORRES REPORTING & ASSOCIATES, inc.**
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

**Baton Rouge, LA**
225.751.0732
225.752.7308 FAX

**New Orleans, LA**
504.392.4791
504.392.4852 FAX

1    Q    But this is -- it's got -- it's got GOL's

2  name all over it.  Are they the ones -- they're the

3  ones that authored it, right?

4    A    What?

5    Q    That authored it?

6    A    Yes.

7    Q    And they're the ones that said this is the

8  policy -- these are the policies and procedures that

9  you need to follow, right?

10    A    Right.  So essentially it's both.  It's both.

11  I mean, they share it.

12    Q    Okay.  So, both REC Marine and GOL, you know,

13  this is their -- the shared Health Safety

14  Environmental manual that they put together and kind

15  of order employees to follow, right?

16    A    Right.

17    Q    Okay.  And in this case I think earlier we

18  had talked about JNB, Gulf Offshore, and an unknown

19  company that owned the boat back in -- my

20  understanding is that, um, OTS is, or at least at the

21  time of the incident, was the owner of DUSTIN DANOS.

22  Does that sound right?

23    A    Yes.

24    Q    And I might just go into some of the OTS

25  stuff while we're here.  Just ownership things.  You



**TORRES REPORTING & ASSOCIATES, INC.**
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1  can testify to that as corporate rep for OTS in this

2  deposition?

3          MR. KHOURY:

4              Yes.

5  BY MR. SHEPPARD:

6      Q    Um, are you familiar with the requirement of

7  owners of vessels to ensure that the vessels are

8  seaworthy?

9      A    Yes.

10     Q    So in that case this would apply to OTS.

11 They had a duty to make sure that the vessel was

12 seaworthy, right?

13         MR. KHOURY:

14             I'm gonna object to the form.

15     A    I think that's what they relied on REC to do

16 for them.

17 BY MR. SHEPPARD:

18     Q    Okay.

19     A    They pay an operating fee for them to do

20 that.

21     Q    Okay.  Would you agree that OTS has a duty

22 and a responsibility to ensure that the crew on the

23 vessels that it owns are proper and well trained?

24         MR. KHOURY:

25             Object to the form.



TORRES REPORTING & ASSOCIATES, INC.
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

1      MS. SCOTT:

2           Object to the form.

3      MR. KHOURY:

4           It's a bareboat charter.

5    A    That's correct.

6  BY MR. SHEPPARD:

7    Q    So it would be -- it would be incumbent on

8  REC to make sure it properly stocks it's vessels and

9  trains its workers to ensure that the, you know, the

10 vessel is seaworthy, right?

11   A    Correct.

12   Q    Okay.  Part of having a competent crew is

13 them following the rules, right?

14   A    Correct.

15   Q    Competent crew that follows the rules, does

16 JSAs when required, right?

17   A    Sure.

18   Q    Competent crew --

19      MR. KHOURY:

20           Are you talking about OTS now or are you

21      back to REC?

22      MR. SHEPPARD:

23           Back -- so, with REC.

24 BY MR. SHEPPARD:

25   Q    So, as it relates to REC, they are -- one of



**TORRES REPORTING & ASSOCIATES, INC.**
COURT REPORTING & LITIGATION SERVICES
www.torresreporting.com
1.866.982.6878 Toll Free

Baton Rouge, LA
225.751.0732
225.752.7308 FAX

New Orleans, LA
504.392.4791
504.392.4852 FAX

# JNB OPERATING, LLC
Pre-Employment Application

## APPLICANT INFORMATION

Last Name **Griffin**     First **Mc Authur**     M.I. **J.**   Date **3-6-2012**

Street Address **713 Parkview**     Apartment/Unit # **95**

City **Ville Platte**     State **LA**     ZIP **70586**

Home Phone ▮     E-mail Address

Cell Phone ▮     Alternate Phone ▮     DOB ▮

Date Available **3-6-2012**     Social Security No. ▮     Height **5'8**

Position Applied for **Deck Hand**     Weight **230 lb**

Emergency Contact **Shirley Griffin**   Address **713 Parkview Apt #95**   Phone ▮

Are you a citizen of the United States?   YES ☑   NO ☐   If no, are you authorized to work in the U.S.?   YES ☐   NO ☐

Have you ever worked for this company?   YES ☐   NO ☑   Can you swim?   YES ☑   NO ☐

Have you ever been convicted of a felony?   YES ☑   NO ☐   If yes, explain **DWI and Aggrevated battery**

Would you be willing to submit to pre-employment and/or random drug testing?   YES ☑   NO ☐   Would you be willing to have a physical examination and x-rays?   YES ☐   NO ☐

Have you ever failed (tested positive) during a pre-employment or random drug and alcohol test or refuse to be tested?   YES ☐   NO ☑   If yes, explain

Have you ever worked offshore   YES ☑   NO ☐   If yes, how long? **Since 94**

Have you ever worked overseas?   YES ☐   NO ☑   If yes, how long and where?

**EXHIBIT**

**D**

## EDUCATION AND LICENSURE

High School **Ville Platte High**     Address

From ___ To ___   Did you graduate? YES ☐ NO ☑   Degree **GED**

College ___     Address

From ___ To ___   Did you graduate? YES ☐ NO ☑   Degree

Other **LIT Commerail College**     Address

From ___ To ___   Did you graduate? YES ☐ NO ☐   Degree

Driver's License **Yes**   State **LA**   Number ▮   Expiration Date (**MUST FILL**) **6-5-2014**

USCG MMC ___   Number ___   Expiration Date (**MUST FILL**)

TWIC Card **yes**   Required for Employment   Expiration Date (**MUST FILL**) **14 Jan 2015**

Revision Date 10/19/2011

Indicate exact wording on USCG license:

How many issues on current license?

Additional
License                    Number                          Expiration Date

## REFERENCES

*Please list three professional references.*

Full Name ~~Tim Zombreaker~~ Nolton Feilds        Relationship  Cousin

Company                                            Phone  ███████████████

Full Name  Felton Ceacer                           Relationship  Cousin

Company                                            Phone  337-

Full Name  Ray Holland                             Relationship  Cousin

Company                                            Phone  ███████████████

## MINIMUM TRAINING REQUIREMENTS

We require all employees to possess valid Safegulf, 6th Edition Rigging, and Water Survival certificates or cards. If an offer of employment is made, any credential not in possession must be acquired in a timeframe suitable to JNB Operating. If it cannot be accomplished, employment may be terminated. By filling out this form, you certify that you either have the credential or are willing to take the training, free of charge, by a timeline set forth by the company safety officers.

| | | | | |
|---|---|---|---|---|
| SafeGulf | Did you complete? | YES ☑ NO ☐ | Where? |
| 6th Edition Rigging | Did you complete? | YES ☐ NO ☑ | Where? |
| Water Survival/HUET | Did you complete? | YES ☑ NO ☐ | Where? |

## PREVIOUS EMPLOYMENT – LIST LAST FIFTEEN YEARS. ASK FOR ADDITIONAL PAGES IF NEEDED

Company  Golf Resource Magm.                    Phone  (337) 364-6788

Address  New Iberia                             Supervisor  Tim Zombreaker

Job Title  Deck Hand          Starting Salary $ 90.00/day   Ending Salary $ 150.00 day

Responsibilities  Clean, Ticing up boat off-load and Rigging also engine room

From 2006 To 2010  Reason for Leaving  went to Jail for a fight

May we contact your previous supervisor for a reference?    YES ☑  NO ☐

Company  Sea Supply, Inc.                       Phone  (985) 632-2727

Address  P.O. Box 448 Cut off, La 70345         Supervisor  Jimmy

Job Title  Deck Hand          Starting Salary $ 120 day     Ending Salary $ 120 day

Responsibilities  Cleaning Riggin

From        To        Reason for Leaving  Tryin to better my self I have a family

Revision Date 10/19/2011

May we contact your previous supervisor for a reference?    YES ✓    NO ☐

Company    *Fair Feild*    Phone (    )

Address    ~~Layett~~ *Lafeyatte*    Supervisor    *James*

Job Title    *Line man*    Starting Salary $    Ending Salary $

Responsibilities    *Riggin Line for bowies*

From *94*    To *97*    Reason for Leaving    *Got slow and found another Job.*

May we contact your previous supervisor for a reference?    YES ☑    NO ☐

## MILITARY SERVICE

Branch    *N/A*    From    To

Rank at Discharge    Type of Discharge

If other than honorable, explain

## DISCLAIMER AND SIGNATURE

BY PLACING YOUR SIGNATURE BELOW, YOU CERTIFY THAT THE INFORMATION YOU HAVE PROVIDED ON THESE THREE PAGES IS COMPLETE AND TRUE TO THE BEST OF YOUR KNOWLEDGE AND YOU AUTHORIZE THIS COMPANY TO SOLICIT INFORMATION FROM YOUR EMPLOYERS OR FROM OTHER PERSONS NAMED HEREON. THE FALSIFICATION OF DATA OR OMISSIONS OR MATERIAL FACTS WILL CONSTITUTE GROUNDS FOR DISMISSAL. FURTHER, PURSUANT TO SECTION 606 OF THE FAIR CREDIT REPORTING ACT, YOU ARE HEREBY ADVISED THAT THE COMPANY, OR ITS DESIGNEE, MAY, AT ITS OPTION, CAUSE TO BE PREPARED AN INVESTIGATIVE REPORT INCLUDING INFORMATION LIVING OBTAINED THROUGH PERSONAL INTERVIEWS WITH YOUR NEIGHBORS, FRIENDS, OR ASSOCIATES. YOU HAVE THE RIGHT, UPON WRITTEN REQUEST TO BE INFORMED OF THE NATURE AND SCOPE OF THIS INVESTIGATION, IF HIRED, YOU MAY BE REQUIRED TO SUBMIT DOCUMENTARY EVIDENCE OF BIRTH AND MILITARY SERVICE. IF YOU QUIT WITHIN 3 MONTHS OF SERVICE, YOUR PRE-EMPLOYMENT PHYSICAL WILL BE TAKEN OUT OF YOUR PAY.

PLEASE SIGN AND DATE THIS APPLICATION. WE APPRECIATE YOUR INTEREST IN OUR COMPANY AND THE TIME YOU HAVE TAKEN TO PREPARE THIS APPLICATION.

Signature    *Mc Authur Diffi*    Date    *March 6, 2012*

## COMPANY USE ONLY – DO NOT WRITE BELOW THIS LINE

Comments

Interviewer    Date

**EXHIBIT**

**E**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br><br>               **Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>               **Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

## REC MARINE LOGISTICS, LLC'S RESPONSES TO REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF

**NOW INTO COURT**, through undersigned counsel, comes defendant, REC Marine Logistics, LLC (hereinafter sometimes referred to as "REC Marine" or "Defendant"), who responds to the Requests for Admissions propounded by Plaintiff, McArthur Griffin ("Plaintiff"), as follows:

### GENERAL OBJECTIONS

Defendant generally objects to Plaintiff's Request for Admission as follows:

1.     Defendant generally objects to the discovery requests as they seek the knowledge of a business over the period of its existence. An entity in and of itself, possesses no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or understanding as to any given matter at any given time.

2.     Discovery and investigation in this case are continuing. The right to supplement and amend these responses with additional information, or if errors are discovered, is specifically reserved. These responses are also given without prejudice to defendant's rights to rely at trial on subsequently discovered information or

information inadvertently omitted in these responses as a result of mistake, error or oversight.

3. These responses are made solely for the purposes of the instant action. They are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections and grounds that would require the excluding of any statements contained herein at trial.

4. Defendant generally objects to the discovery to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or the anticipation of litigation privilege. Defendant generally objects to the extent that the discovery seeks information which is irrelevant and immaterial to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, by providing responses to the discovery requests, Defendant does not waive any objections as to the admissibility at trial.

5. Defendant generally objects to the extent that the discovery seeks the disclosure of the mental impressions, conclusions, memoranda, notes or summaries, legal research or legal theories of defendant's attorneys, and to the extent that the discovery requires disclosure of the mental impressions, conclusions or opinions of defendant's representatives insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

6. Defendant objects to this discovery insofar as it seeks confidential business information without any showing of need that would justify requiring defendant to make such disclosure.

7.     Defendant continues to preserve all affirmative defenses set forth in prior pleadings.


## RESPONSES TO REQUESTS FOR ADMISSIONS:

## REQUEST FOR ADMISSION NO. 1:

Admit Plaintiff properly named REC Marine in Plaintiff's initial and subsequent Petition(s).

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

To the extent plaintiff is seeking an admission that this defendant has been sued in its proper corporate name, it is admitted that REC Marine Logistics, LLC is the proper corporate name for this defendant. Except as specifically admitted, Request No. 1 is denied.

## REQUEST FOR ADMISSION NO. 2:

Admit REC Marine is a proper party to this lawsuit.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Denied.

## REQUEST FOR ADMISSION NO. 3:

Admit venue in the Parish of East Baton Rouge is proper for REC Marine.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Denied.

## REQUEST FOR ADMISSION NO. 4:

Admit venue in the Parish of East Baton Rouge is a convenient for REC Marine and its witnesses.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit on or about May 25, 2018, Plaintiff was employed by REC Marine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that at the time of the Incident, the *MV Dustin Danos* was deployed on navigable waters.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

REC Marine has no record of an incident occurring on May 25, 2018, and plaintiff has provided no information about the time at which any alleged accident occurred or the location of the vessel at such time. Accordingly, Request No. 6 is denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit at the time of the Incident Plaintiff was a seaman.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

REC Marine objects to Request No. 7 in that it calls for a legal conclusion. Furthermore, REC Marine has no record of an incident occurring on May 25, 2018, and plaintiff has provided no information about the time at which any alleged accident occurred or the location of the vessel at such time. Accordingly, Request No. 7 is denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit at the time of the Incident Plaintiff contributed to the work of the *MV Dustin Danos.*



| Certification Date: | 22 Jun 2016 |
| Expiration Date: | 22 Jun 2021 |

**United States of America**
**Department of Homeland Security**
**United States Coast Guard**

# Certificate of Inspection

For ships on international voyages this certificate fulfills the requirements of SOLAS 74 as amended, regulation V/14, for a SAFE MANNING DOCUMENT.

| Vessel Name | Official Number | IMO Number | Call Sign | Service |
|---|---|---|---|---|
| DUSTIN DANOS | 1096385 | 8964458 | ~~WDE9077~~ WDL4958 *geo* | Offshore Supply Vessel |

| Hailing Port | Hull Material | Horsepower | Propulsion | |
|---|---|---|---|---|
| NEW ORLEANS, LA<br><br>UNITED STATES | Steel | 1800 | Diesel Reduction | **EXHIBIT**<br><br>**F** |

| Place Built | Delivery Date | Keel Laid Date | Gross Tons | Net Tons | DWT | Length |
|---|---|---|---|---|---|---|
| BOURG LA<br><br>UNITED STATES | 08Jun2000 | 28Dec1998 | R-98<br>I-498 | R-67<br>I-149 | | R-133.6<br>I-133.6 |

| Owner | Operator |
|---|---|
| OFFSHORE TRANSPORT SERVICES, LLC<br>P.O. Box 309<br>Raceland, LA 70394<br>UNITED STATES | REC MARINE LOGISTICS LLC<br>4535 Highway 308<br>P.O. Box 309<br>Raceland, LA 70394<br>UNITED STATES |

This vessel must be manned with the following licensed and unlicensed Personnel. Included in which there must be 0 Certified Lifeboatmen, 0 Certified Tankermen, 0 HSC Type Rating, and 0 GMDSS Operators.

| | | | |
|---|---|---|---|
| 1 Masters | 1 Licensed Mates | 0 Chief Engineers | 0 Oilers |
| 0 Chief Mates | 0 First Class Pilots | 0 First Assistant Engineers | |
| 0 Second Mates | 0 Radio Officers | 0 Second Assistant Engineers | |
| 0 Third Mates | 0 Able Seamen | 0 Third Assistant Engineers | |
| 0 Master First Class Pilot | 0 Ordinary Seamen | 0 Licensed Engineers | |
| 0 Mate First Class Pilot | 2 Deckhands | 0 Qualified Member Engineer | |

In addition, this vessel may carry 0 Passengers, 0 Other Persons in crew, 0 Persons in addition to crew, and 16 offshore workers. Total Persons allowed: 20

## Route Permitted And Conditions Of Operation:

### ---Oceans---

LIMITED TO THE GULF OF MEXICO WHILE ENGAGED IN THE SUPPORT OF EXPLORATION, EXPLOITATION, OR PRODUCTION OF OFFSHORE MINERAL OR ENERGY RESOURCES, NOT ON AN INTERNATIONAL VOYAGE.

WHEN VESSEL IS AWAY FROM A SHORESIDE DOCK FOR NOT MORE THAN TWELVE (12) HOURS IN ANY TWENTY-FOUR (24) HOUR PERIOD, THE CREW MAY BE REDUCED TO: ONE (1) MASTER    TWO (2) DECKHANDS

VESSEL IS INSPECTED UNDER THE PROVISIONS OF 46 CFR SUBCHAPTER "L."

### ***SEE NEXT PAGE FOR ADDITIONAL CERTIFICATE INFORMATION***

With this Inspection for Certification having been completed at Intracoastal City, LA, UNITED STATES, the Officer in Charge, Marine Inspection, Marine Safety Unit Morgan City certified the vessel, in all respects, is in conformity with the applicable vessel inspection laws and the rules and regulations prescribed thereunder.

| | Annual/Periodic/Re-Inspection | | | This Amended certificate issued by: *E. L. Massimi* |
|---|---|---|---|---|

| Date | Zone | A/P/R | Signature |
|---|---|---|---|
| 18Apr2017 | MSU Houma | A | DISTEL JONATHAN |
| 09Aug2018 | MSU Houma | A | KEY CHRISTOPHER |
| 19Feb2019 | MSU Houma | P | MANNING STEPHEN |
| 27 MAY 2020 | HMAD | A | *CWO Jonathan T Distel* |

This Amended certificate issued by: *E. L. Massimi*

E. L. MASSIMI, CDR USCG, By Direction

Officer in Charge, Marine Inspection

Houma, Louisiana

Inspection Zone

Dept. of Home Sec., USCG. CG-841 (Rev 4-2000)(v2)

OMB No. 2115-0517