UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>　　　　　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>　　　　　　　　　　**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTION FOR SUMMARY JUDGEMENT

**MAY IT PLEASE THE COURT:**

Gulf Offshore Logistics, LLC ("Gulf Offshore") and GOL, LLC ("GOL") (hereinafter sometimes collectively referred to as "defendants") respectfully request that this Honorable Court allow them to file an additional Motion for Summary Judgment seeking dismissal of the claims asserted by plaintiff, McArthur Griffin. Undersigned counsel inadvertently did not file a Motion for Leave prior to the filing of defendants' second Motion for Summary Judgement. Accordingly, defendants request that the Court consider the instant Motion for Leave *ex post facto*, and that Gulf Offshore and GOL be allowed to file a second Motion for Summary Judgment for the reasons discussed in more detail below.

The procedural background of this case is described in greater detail in defendants' Memorandum in Support of Motion for Summary Judgment (Rec. Doc. 82-1). Of note, Gulf Offshore and GOL previously filed individual motions for summary judgment on September 4, 2020. At that time, defendants were represented by another attorney. No depositions had been taken when the initial motions were filed. Rather, the motions were supported by the Affidavit of Blaine Russell. Plaintiff subsequently filed a Motion to Strike the Affidavit of Russell. This

Honorable Court granted the Motion to Strike, finding that there was insufficient information to show that Russell had personal knowledge of the business and operational activities of Gulf Offshore or GOL. Because the Affidavit was stricken, the Court further held that "Defendants have not demonstrated 'that there is no genuine dispute as to any material fact and that [Defendants] [are] entitled to judgment as a matter of law.'" (Rec. Doc. 57). As such, the Motions were denied.

On October 5, 2020, undersigned counsel filed a Motion to Substitute as counsel of record for Gulf Offshore, GOL, and several other defendants. The Motion was granted on October 6, 2020. (Rec. Doc. 46). Since that time, extensive discovery has taken place, including written discovery, as well as the deposition of the plaintiff, several fact witnesses, and the corporate depositions of four of the defendants (including Gulf Offshore and GOL). The record evidence now clearly supports summary dismissal of plaintiff's claims against Gulf Offshore and GOL.

The United States Court of Appeals for the Fifth Circuit has held there is nothing which precludes the filing of successive motions for summary judgment. More particularly, the Fifth Circuit has pointed out that "Courts have found that a subsequent summary judgment motion based on an expanded record is permissible." *Enlow v. Tishomingo County*, 962 F.2d 501, 506 (5th Cir. 1992). In fact, a district court may reconsider a previously denied summary judgment motion even in the absence of new material presented. *Enlow*, 962 F.2d at 507, n. 16. Consideration of a successive motion for summary judgment is particularly appropriate where "resolution of the successive motion may obviate the need for a trial and, therefore, conserve judicial resources." *Cleveland Air Service, Inc. v. Pratt & Whitney Canada*, 2016 WL 7634674 *4 (N.D. Miss. 2016) (citing *Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-0366, 2016 WL 541440, at *3 (E.D. La. Feb. 11, 2016) ("Although the Court notes that Shamrock has largely repeated factual arguments made in its initial motion for summary judgment, successive motions for

summary judgment may be considered by courts where no genuine, disputed issues of material fact remain and there is therefore no need for a trial.").

As evidenced by the above, successive motions for summary judgment are appropriate under certain circumstances. Indeed, Local Rule 56(h) for the Middle District of Louisiana recognizes that a party may file multiple motions for summary judgment for good cause. Defendants submit that good cause exists for two reasons. First, the currently proposed Motion for Summary Judgment is based on a vastly expanded record which did not exist at the time of the prior motions. Second, resolution of the current Motion will conserve judicial resources by eliminating the need for trial against Gulf Offshore and GOL, or at the very least reducing the causes of action to be tried against these defendants. Plaintiff now admits in his Opposition to the Motion for Summary Judgment (contrary to the allegations in his original and amended Petitions) that he was never employed by Gulf Offshore or GOL. (Rec. Doc. 83, pg. 2). Accordingly, he acknowledges he has no claim against these defendants for Jones Act negligence. *Id.* Because plaintiff acknowledges he was never employed by Gulf Offshore or GOL, he also undeniably has no claim against these entities for maintenance and cure, as a seaman may claim maintenance and cure <u>only</u> from [their] employer." *In the Matter of the Complaint of Liberty Seafood, Inc.*, 38 F.3d 755, 758 (5th Cir. 1994) (emphasis added). This is presumably why plaintiff does not even argue in his Opposition that he should be allowed to maintain his claims for maintenance and cure against Gulf Offshore and GOL. Therefore, by plaintiff's own admission, at least two of his causes of action against Gulf Offshore and GOL should be dismissed before even considering the additional evidence submitted by these parties in their renewed Motion for Summary Judgment. As such, efficiency and conservation of judicial resources will be promoted by allowing defendants to file a successive Motion for Summary Judgment.

For the foregoing reasons, Gulf Offshore and GOL respectfully request that they be granted leave to file a second Motion for Summary Judgment.

Respectfully submitted,

*/s/ Kyle A Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR GOL, LLC, AND GULF OFFSHORE LOGISTICS, LLC**

**Local Civil Rule 7(e) Certificate**

Based on the assertions made in plaintiff's Opposition to defendants' second Motion for Summary Judgement, plaintiff opposes the Court granting leave for Gulf Offshore Logistics, LLC and GOL, LLC to file a second Motion for Summary Judgment.

*/s/ Kyle A Khoury*