UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

## VESSEL DEFENDANTS' AMENDED ANSWER

**NOW INTO COURT,** through undersigned counsel, come defendants, REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC (hereinafter sometimes collectively referred to as the "Vessel Defendants"), who pursuant to the Court's Ruling and Order of January 14, 2022 (Rec. Doc. 94) hereby comprehensively amend their previously filed Answer (Rec. Doc. 14) as follows:

### FIRST DEFENSE

The Plaintiff's Original Petition for Damages and the Plaintiff's First Supplemental and Amended Petition for Damages (hereinafter collectively referred to as "Complaints") fail to state a claim upon which relief can be granted against the Vessel Defendants, and name two defendants, GOL, LLC, and Gulf Offshore Logistics, LLC, who are improperly joined and have no potential liability in this matter whatsoever.

### SECOND DEFENSE

And now in further answer, Vessel Defendants specifically answer each allegation of the Complaints as follows:

1.

The allegations of paragraphs I, II, and III of the Complaints are statements of law and require no response from Vessel Defendants; however, should this Honorable Court deem answer necessary, the allegations of paragraphs I, II and III are denied.

2.

The allegations of paragraph IV of the Complaints contain factual errors and are therefore denied for lack of sufficient information to justify a belief therein

3.

The allegations of paragraphs V, VI (including all subparts), VII, and VIII of the Complaints are denied.

4.

The allegations of paragraphs "first misnumbered" X, IX, "second misnumbered" X, XI, and XII of the Complaints contain statements of law and require no response from Vessel Defendants; however, should this Honorable Court deem answer necessary, the allegations of paragraphs "first misnumbered" X, IX, "second misnumbered" X, XI, and XII of the Complaints are denied.

### **THIRD DEFENSE**

GOL, LLC was merely a vessel broker, and had no operational control over or ownership of the M/V DUSTIN DANOS. Accordingly, GOL owed no duty to the plaintiff and has no legal liability. Gulf Offshore Logistics, LLC also had no operational control over or ownership of the M/V DUSTIN DANOS, and likewise owed no duty to the plaintiff and has no legal liability.

**FOURTH DEFENSE**

While at all times specifically denying any and all fault, negligence, or responsibility to the plaintiff, Vessel Defendants all allege and aver that the damages sustained by the plaintiff, if any, were caused solely by McArthur Griffin's own fault, neglect, misconduct, inattention, or breach of duty without any fault whatsoever on the part of Vessel Defendants; but, in the event that plaintiff may be able to establish any fault or negligence on the part of these defendants, which is at all times denied, then Vessel Defendants further plead the substantial comparative negligence of the plaintiff.

**FIFTH DEFENSE**

As a further defense, Vessel Defendants, and each individually, allege and aver that the plaintiff failed to mitigate his damages, if any were sustained, as required by law and is thereby precluded from making any claims for damages in excess of those which could have been prevented in the exercise of ordinary care and prudence in mitigating one's claims and/or damages.

**SIXTH DEFENSE**

Alternatively, Vessel Defendants allege and aver as a separate defense that any accident or injuries which plaintiff may prove, were the result or results of the acts and/or omissions, commissions, negligence and/or breach of duty of other parties or third parties, over whom Vessel Defendants had no control and for which acts and/or omissions the Vessel Defendants, serially or individually, has no responsibility, legal or otherwise, which contributed in varying combinations and degrees with the negligence, fault and/or breach of duty of the plaintiff, McArthur Griffin, to produce the results complained of by plaintiff herein.

## SEVENTH DEFENSE

While at all times denying any and all liability, should any Vessel Defendant or combination thereof, be found liable, then the Vessel Defendants would show that such acts for which the Vessel Defendant(s) are held liable were not within the privity or knowledge of the owners and/or the operators of the M/V Dustin Danos. Therefore, Offshore Transport Services, as owner, and/or REC Marine, as operator, are entitled to limit its/their liability to its/their interest in the M/V Dustin Danos, at the end of her voyage, plus the freight then pending, pursuant to 46 U.S.C. § 183 et seq.

## EIGHTH DEFENSE

As a further additional, alternative defense, Vessel Defendants allege and aver that if plaintiff, McArthur Griffin, was injured or sustained alleged damage, it was in the course of his normal job, duties, and occupational tasks, without any fault or neglect of the Vessel Defendants, and he is therefore estopped from making claims for normal risks assumed as incidental and inherent in the nature of his Jones Act employment.

## NINTH DEFENSE

Plaintiff is not entitled to the recovery of maintenance and cure benefits from any of the Vessel Defendants, and specifically from his Jones Act employer Rec Marine Logistics, LLC, under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

## TENTH DEFENSE

Plaintiff is not entitled to recover punitive damages under controlling U.S. Supreme Court and U.S Fifth Circuit jurisprudence. *The Dutra Grp. v. Batterton*, 139 S. Ct. 2275, 2287, 204 L. Ed. 2d 692 (2019); *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382 (5th Cir. La. 2014)(*en banc*).

4

**WHEREFORE**, the premises considered, Vessel Defendants, REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC, pray that this, their Amended Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in Vessel Defendants' favor and against plaintiff, dismissing plaintiff's Complaints at plaintiff's costs, and that Vessel Defendants be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

*/s/Salvador J. Pusateri*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, GULF OFFSHORE LOGISTICS, LLC, AND OFFSHORE TRANSPORT SERVICES, LLC**