UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN § | |
| § | |
| Plaintiff § | |
| § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| § | |
| *Versus* § | |
| § | |
| REC MARINE LOGISTICS LLC, ET AL. § | **TRIAL BY JURY DEMANDED** |
| § | |
| Defendants § | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE REPORTS OF JEFF CARLISLE AND STEPHANIE HAUPT**

Plaintiff, McArthur Griffin, respectfully moves this Court to exclude certain evidence from trial.

## I. BACKGROUND

This is a personal injury case involving a Jones Act seaman. On or about May 2018, Plaintiff suffered injuries to his shoulder, neck, back, legs, and other body parts aboard the M/V Dustin Danos when the vessel was allowed to move significantly during a man-lift operation (the "Incident"). At the time of the Incident, the captain of the M/V Dustin Danos stepped away from the vessel controls while they were engaged (and the vessel moving) to use a cell phone. While the captain was using a cell phone and not paying attention to the dangerous operation taking place on the deck of the M/V Dustin Danos, Plaintiff was violently struck by a personnel/manlift basket, the vessel, and/or other items on the vessel. Plaintiff's injuries resulted from how the operations were improperly planned and executed, the conditions, the conduct of the captain, and the other circumstances. Plaintiff has received medical treatment and continues to receive medical treatment

as he attempts to recover from the injuries sustained during the Incident.  Plaintiff is being denied maintenance and cure.

## II.    ARGUMENT AND AUTHORITY

Against this background, Plaintiff moves the Court to exclude the following evidence from trial.

A. THE PARTIES' SETTLEMENT NEGOTIATIONS OR PLAINTIFF'S OFFERS OF SETTLEMENT

Offers to compromise and statements made in comprise negotiations are inadmissible.  *See* FED. R. EVID. 408.  The probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  *See* FED. R. EVID. 408.

B. REFERENCES TO PERSONS OR THE PURPORTED TESTIMONY OF PERSONS WHO HAVE NOT BEEN PROPERLY AND TIMELY DISCLOSED IN DEFENDANTS' RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY AND IN DEFENDANTS' RULE 26 DISCLOSURES

Such evidence is inadmissible.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness at a trial.  *See* FED. R. CIV. P. 37.  References to the purported testimony of witnesses would also constitute inadmissible hearsay.  *See* FED. R. EVID. 802 AND 804.

C. REFERENCES OR ATTEMPTING TO INTRODUCE DOCUMENTS OR TANGIBLE THINGS OR THE CONTENTS OF DOCUMENTS OR TANGIBLE THINGS THAT HAVE NOT BEEN PROPERLY AND TIMELY PRODUCED OR MADE AVAILABLE TO PLAINTIFF IN DEFENDANTS' RULE 26 DISCLOSURES OR IN DEFENDANTS' RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY

Such evidence should be excluded.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness at a trial.  *See* FED. R. CIV. P. 37.

D. REFERENCES TO EXPERTS OR THE PURPORTED TESTIMONY OF ANY EXPERT WHO HAS NOT BEEN IDENTIFIED OR WHOSE STATUS AS AN EXPERT HAS NOT BEEN DISCLOSED TO PLAINTIFF AND EXPERT-WITNESS OPINIONS THAT HAVE NOT BEEN DISCLOSED TO

>   PLAINTIFF OR ARE OTHERWISE OUTSIDE THE SCOPE OF THE EXPERT'S WRITTEN OPINION PRODUCED DURING PRETRIAL DISCOVERY OR THEIR DEPOSITIONS

Such evidence should be excluded. *See* FED. R. CIV. P. 37; *Alldread v. City of Grenada*, 988 F.2d 1425, 1435-36 (5th Cir. 1993); *Thudium v. Allied Products Corp.*, 36 F.3d 797, 769-70 (8th Cir. 1994).

>   E. REFERENCES OR QUESTIONING THAT SUGGEST OR IMPLIES THAT PLAINTIFF OR HIS EXPERT WITNESSES, RELATIVES, AGENTS, EMPLOYEES, ATTORNEYS, OR REPRESENTATIVES HAVE BEEN ACCUSED OF, OR HAVE BEEN FOUND GUILTY OF, ANY CRIMES OR CRIMINAL CONDUCT.

There is no evidence or allegation that those habits, character traits, crimes, wrongs, or acts, if any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue in this suit. Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This type of evidence would only be offered for the impermissible purpose of portraying Plaintiff, his witnesses, or Plaintiff's family members as bad persons. *See* FED. R. EVID. 404, 608(b), and 609(a). Under Federal Rule of Evidence 404, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See* FED. R. EVID. 404(b).

Moreover, even when evidence of a criminal conviction is used to attack a witness' character for truthfulness, under Rule 609 the evidence is only admissible in two instances. First, where the elements of the crime required a dishonest act or false statement, and second, where the crime was punishable by death or at least one year imprisonment and the evidence also satisfies Rule 403. *See* FED. R. EVID. 402, 403, 404, 608, and 609. *U.S. v. Carter*, 528 F.2d 844, 846-47 (8th Cir. 1975).

>   F. ANY REFERENCE TO, MENTION, TESTIMONY, OR EVIDENCE OF ANY PERSONAL HABITS, CHARACTER TRAITS, AND ANY CRIMES, ARRESTS, CONVICTIONS, WRONGS OR ACTS OF

>    PLAINTIFF, ANY WITNESS CALLED BY PLAINTIFF, OR PLAINTIFF'S FAMILY MEMBERS. ADDITIONALLY, ANY REFERENCE TO, TESTIMONY, OR EVIDENCE OF PLAINTIFF'S CRIMINAL RECORDS AND CONVICTIONS, BECAUSE THIS EVIDENCE IS NOT RELEVANT TO THIS PERSONAL INJURY CASE AND, EVEN IF RELEVANT, IS MORE PREJUDICIAL THAN PROBATIVE

There is no evidence or allegation that those habits, character traits, crimes, wrongs, or acts, if any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue in this suit. Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This type of evidence would only be offered for the impermissible purpose of portraying Plaintiff, his witnesses, or Plaintiff's family members as bad persons. *See* FED. R. EVID. 404, 608(b), and 609(a). Under Federal Rule of Evidence 404, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *See* FED. R. EVID. 404(b).

Moreover, even when evidence of a criminal conviction is used to attack a witness' character for truthfulness, under Rule 609 the evidence is only admissible in two instances (and usually only when the conviction is less than 10 years old, barring exceptional circumstances). First, where the elements of the crime required a dishonest act or false statement, and second, where the crime was punishable by death or at least one year imprisonment and the evidence also satisfies Rule 403. *See* FED. R. EVID. 609(a). Here, Plaintiff's most recent conviction, which was for aggravated assault, is more than 10 years old. Moreover, aggravated assault does not involve a dishonest act or false statement.

>    G.  REFERENCES TO OR QUESTIONING ABOUT WHAT EFFECT THE VERDICT OR JUDGMENT IN THIS LAWSUIT WILL OR COULD HAVE ON INSURANCE RATES, PREMIUMS OR CHARGES

The probative value of these matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* FED. R. EVID. 402 and 403.

H. THAT DEFENDANTS NOT MAKE REFERENCE TO, MENTION, ELICIT, TESTIMONY, OR PRESENT EVIDENCE OF ANY PRIOR LAWSUITS, CLAIMS, WORKERS' COMPENSATION CLAIMS, DISABILITY CLAIMS, UNEMPLOYMENT CLAIMS, OR ANY SIMILAR CLAIMS MADE BY OR ON BEHALF OF PLAINTIFF

There is no evidence or allegation that those claims, if any, contributed in any way to the occurrence made the basis of this suit or are relevant to the determination of any issue in this suit. Furthermore, the probative value of those matters is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. This type of evidence would only be offered for the impermissible purpose of portraying Plaintiff as a bad person. See FED. R. EVID. 404, 608(b), and 609(a).

I. REFERENCES OR ARGUMENTS IMPLYING OR SUGGESTING TO THE JURY THAT DEFENDANTS' CONDUCT MUST BE THE SOLE PROXIMATE CAUSE OF PLAINTIFF'S DAMAGES OR INJURIES IN ORDER FOR DEFENDANTS TO BE LIABLE OR FOR PLAINTIFF TO RECOVER DAMAGES

This argument would be a misstatement of the law and only calculated to falsely and incorrectly mislead the jury. *See* FED. R. EVID. 402 and 403; PJC 4.5 and 4.6

J. THAT DEFENDANTS BE PROHIBITED FROM CLAIMING OR STATING THAT THE NATION'S COURT SYSTEMS ARE OVERLOADED DUE TO CASES SUCH AS THIS OR SIMILAR CASES OR REFERENCES OR STATEMENTS LIKE "THERE ARE TOO MANY LAWSUITS" OR "TOO MUCH LITIGATION"

References of this nature are irrelevant and prejudicial. These matters are generally inadmissible, irrelevant and prejudicial to Plaintiff's right to a fair and impartial trial. If relevant and/or admissible, the probation value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. FED. R. EVID. 401, 402, and 403.

K. THAT DEFENDANTS BE PROHIBITED FROM MAKING ANY REFERENCE TO THE JURY THAT ANYONE CAN "PAY SOME MONEY AND MAKE UP A LAWSUIT AGAINST ANOTHER WITHOUT ANY LEGAL BASIS" TRYING TO IMPLY THAT THIS LAWSUIT IS "FRIVOLOUS" OR "WITHOUT MERIT"

- 5 -

Proper remedies and procedures of summary judgments, counter claims, dismissal for failing to state a claim upon which relief can be granted, etc. were all available to the Defendants. FED. R. EVID. 402 and 403.

L. REFERENCES TO CHILD SUPPORT AND PLAINTIFF'S PRIOR AND/OR CURRENT MARRIAGES AND/OR RELATIONSHIPS

Defendants should be prohibited from making any reference to, mentioning, eliciting testimony, or offering any evidence relating to Plaintiff or any of Plaintiff's witnesses prior marriages or past romantic relationships. Such matters are not relevant and would be offered only for the impermissible purpose of portraying Plaintiff or Plaintiff's witnesses as a bad person. *See* FED. R. EVID. 402, 403, 404, 406, and 609.

M. ANY ARGUMENT, TESTIMONY, OR REFERENCE TO ANY NOTION THAT ANY THIRD PARTY IS TO BLAME FOR THIS INCIDENT OR NEGLIGENT IN CAUSING THIS INCIDENT OTHER THAN THE DEFENDANTS

To date no such third party has been properly and timely disclosed or addressed in interrogatories seeking such information. *See* FED. R. CIV. P. 37(d) and 37(b)(2)(i-ii) and 37(c); FED. R. CIV. P. 26.

N. ANY ARGUMENT, TESTIMONY, OR REFERENCE BY DEFENDANTS STATING, INFERRING, OR IMPLYING THAT PLAINTIFF IS IN ANY WAY RESPONSIBLE FOR THE INCIDENT

Defendants REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC failed to properly disclose any alleged contribution to the alleged incident by Plaintiff in response to interrogatories. Interrogatory responses are devoid of factual support or contentions. FED. R. CIV. P. 37(d) and 37(b)(2)(i-ii).

O. ANY ARGUMENT, TESTIMONY, OR REFERENCE BY ANY DEFENDANT TO ANY MEDICAL AMOUNTS LESS THAN THE AMOUNT CHARGED BY MEDICAL PROVIDERS

"Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be diminished, because of benefits received by the plaintiff from sources

- 6 -

independent of the tortfeasor's procuration or contribution." *Griffin v. Louisiana Sheriff's Auto Risk Ass'n*, 802 So.2d 691, 714 (La. App. 1st Cir. 2001). The focus of the collateral source rule is that tortfeasors (here, the Defendants) should not benefit from the victim's prudence in having insurance. *Id*. at 715. "This rationale can best be understood by analyzing the write-offs in two situations: one in which a tortfeasor injures an uninsured victim and the other in which the same tortfeasor, in the same manner and to the same extent, injures an insured victim." *Id*. "Unless the writeoffs are considered collateral sources, the tortfeasor would be relieved of his liability to the insured victim to the extent of the amount of the write-offs." *Id*.

### III.   CONCLUSION AND PRAYER

For these reasons, Plaintiff requests that the Court grant Plaintiff's Motion in Limine and prohibit the Defendants from introducing the listed evidence and for all other relief Plaintiff may be justly entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
*jsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

*Attorneys for Plaintiff*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

> */s/Daniel E. Sheppard*
> Daniel E. Sheppard