UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MCARTHUR GRIFFIN**                                             **CIVIL ACTION NO.**

**VERSUS**                                                                    **20-92-BAJ-EWD**

**REC MARINE LOGISTICS, LLC, ET AL.**

## TELEPHONE CONFERENCE REPORT

A telephone conference was held on January 24, 2022 before Magistrate Judge Erin Wilder-Doomes with the following participants:

| | | |
|---|---|---|
| **PRESENT:** | **Daniel Sheppard**<br>Counsel for Plaintiff,<br>McArthur Griffin | **Salvador J. Pusateri**<br>**Kristin B. Dobard**<br>Counsel for Defendants,<br>REC Marine Logistics, LLC |
| | **Alan R. Davis**<br>Counsel for Defendant,<br>QBE Insurance (Europe)<br>Limited | GOL, LLC, Gulf Offshore Logistics,<br>LLC and Offshore Transport<br>Services, LLC |

The telephone conference was set to discuss potential amendments to the current Scheduling Order[1] in light of the Court's January 14, 2022 Ruling, which granted leave to Defendants REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC and Offshore Transport Services, LLC ("Defendants") to amend their Answer, primarily to assert an affirmative defense under *McCorpen v. Cent. Gulf S. S. Corp.*.[2] The Amended Answer was timely filed on January 21, 2022.[3]

As noted in the Ruling, there appears to be outstanding discovery regarding the *McCorpen* defense, so the parties were asked whether additional time was needed to complete this discovery

---

[1] R. Doc. 70.
[2] R. Doc. 94. *See* 396 F.2d 547 (5th Cir. 1968).
[3] R. Doc. 95.

in line with the parameters discussed during a prior conference.[4] Plaintiff advised that he requires Defendants' responses to written discovery regarding the *McCorpen* defense and, probably, an additional deposition, but if Defendants timely provide their responses and agree to the deposition, Plaintiff will not need additional time (at this point). Plaintiff wants to maintain the current March 21, 2022 trial date.[5]

Defendants contend that they have been gathering relevant documents as to the only response outstanding, which is related to information regarding deckhands who applied with REC Marine and reported neck and back injuries during the "look back" time period of April 2016 (the date Plaintiff applied for employment with REC Marine) through April 2018. Defendants advise that they anticipate having those documents in early February and will work with Plaintiff to schedule the deposition, such that the current trial date could be maintained.

The parties also discussed a dispute on the parameters of *McCorpen*-related discovery. Plaintiff contends that the appropriate "look back" period for the referenced documents should begin in March 2012, when Plaintiff initially applied for employment through non-party JNB Operating, LLC, and the two-year look back period suggested by Defendants is too narrow because it may not include employees (such as Plaintiff) who transitioned to REC from other companies, rather than just those employees who were directly hired by REC. To address this concern, Defendants offered to confirm whether all persons who were employed by REC Marine in 2016 were required to complete an employment application with REC Marine (as Plaintiff was).

Plaintiff also requested production of the referenced documents beginning from a point pre-dating Plaintiff's April 19, 2016 employment application with REC Marine, so that the

---

[4] *See* R. Doc. 75, p. 4. Because of its impact on scheduling, the Court also inquired as to whether Plaintiff intended to appeal the Ruling. Plaintiff's counsel had not yet discussed that issue with his co-counsel and therefore a decision regarding an appeal has not yet been made.
[5] The parties were advised that whether the current trial date is maintained is at the discretion of the district judge.

applications of all transitioning employees would be included in the production. Defendant agreed to determine when the transitioning process took place such that a document production would adequately capture information about other employees with relevant history who transitioned to REC Marine in the relevant time period. The parties agreed to work together to resolve discovery issues moving forward.

The Court provided guidance to the parties regarding the look back period and the parameters of *McCorpen*-related discovery. The current deadlines remain in effect,[6] unless otherwise ordered by the Court.[7]

Signed in Baton Rouge, Louisiana, on January 24, 2022.

                                             **ERIN WILDER-DOOMES**
                                             **UNITED STATES MAGISTRATE JUDGE**

---

[6] *See* R. Docs. 70 & 92.
[7] Plaintiff stated he may seek leave to file a summary judgment motion regarding the *McCorpen* defense. The parties were advised that Court leave would have to be granted to permit such filing and that the filing of additional dispositive motions may result in a continuance of the trial date.