UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>　　　　　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>　　　　　　　　　　**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

**MEMORANDUM IN SUPPORT OF
OBJECTION TO THE MAGISTRATE JUDGE'S
RULING AND ORDER PURSUANT TO F.R.C.P. 72.**

**MAY IT PLEASE THE COURT:**

Defendants, REC Marine Logistics, LLC, GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC (hereinafter sometimes collectively referred to as the "Vessel Defendants"), hereby file this Memorandum in Support of their Objection to the Magistrate Judge's Ruling and Order Pursuant to F.R.C.P. 72, and respectfully represent as follows:

**I.   BACKGROUND**

　　**A.  Procedural History leading to Motion for Leave to Amend**

This case was originally filed in state court. On February 17, 2020, Plaintiff's case was removed to this Court by QBE Insurance (Europe) Limited. On April 29, 2020, the Vessel Defendants filed an Answer. At the time the Answer was filed, the Vessel Defendants were represented by another attorney. That attorney did not formally plead a *McCorpen* defense in the

1

Case 3:20-cv-00092-BAJ-EWD    Document 104-1    01/28/22    Page 2 of 14

originally-filed Answer.[1] On October 6, 2020, current defense counsel was substituted as counsel of record for the Vessel Defendants.[2]

Throughout this case, Plaintiff has issued various forms of discovery directed towards the *McCorpen* defense. He propounded Requests for Admission to REC Marine which were responded to on December 2, 2020. Request for Admission No. 22 states "Admit Plaintiff did not and has not fraudulently concealed a material pre-existing medical condition which is causally related to the injuries Plaintiff alleges were sustained as a result of the Incident."[3] This Request for Admission specifically tracks the three factors of the *McCorpen* defense (*i.e.*, intentional concealment, materiality, and causality). Plaintiff propounded a second set of Requests for Production and Interrogatories to the Vessel Defendants on March 2, 2021, which were even more specifically directed to the *McCorpen* defense.[4] He also issued further discovery to REC Marine in the form of a Rule 30(b)(6) Notice of Corporate Deposition, with specific topics related to the *McCorpen* defense such as "A description of all pre-hire screening, including medical, of plaintiff, and the results of the screening tests."[5]

On April 28, 2021, Plaintiff filed a motion seeking to compel responses to his discovery requests of March 2, 2021.[6] Within the motion he requested that the Court strike the Vessel Defendants' *McCorpen* defense.[7] Although requesting that the defense be stricken, Plaintiff pointed out that it had not been formally pleaded. Considering the extensive discovery requests issued by the Plaintiff regarding the *McCorpen* defense, current defense counsel incorrectly

---

[1] The *McCorpen* defense allows the employer of a seaman to avoid paying maintenance and cure benefits if the seaman knowingly or intentionally concealed a pre-existing medical condition from the employer during the pre-employment process.
[2] R. Doc. 46
[3] See Request for Admission No. 22, attached hereto as Exhibit A.
[4] See Second Request for Production, attached hereto as Exhibit B
[5] See Plaintiff's Notice of Deposition of Defendant REC Marine Logistics, LLC, attached hereto as Exhibit C
[6] R. Doc. 63
[7] *Id.*

believed the defense had been formally asserted. In subsequently reviewing the Answer filed by prior counsel, current defense counsel realized that the *McCorpen* defense was not specifically referenced in the original Answer. It seems clear that this was an oversight given that on May 9, 2020 (less than a month later), prior counsel submitted a Status Conference Report specifically stating that the *McCorpen* defense was being asserted.[8] Plaintiff acknowledges that this report was provided to him.[9]

On May 5, 2021, Magistrate Judge Erin Wilder-Doomes held a telephone conference to discuss Plaintiff's motion to compel. At the time of the conference, the Vessel Defendants had already responded to Plaintiff's discovery requests, as noted in Judge Wilder-Doomes' Telephone Conference Report and Order.[10] Although some of the information requested by Plaintiff was produced, Vessel Defendants objected to certain portions of the discovery, particularly the requests which sought the medical records and information of all current and former employees of each of the four Vessel Defendants for an unlimited period of time. The Magistrate Judge noted that the disagreement at the time of the telephone conference was no longer the lack of a response from the Vessel Defendants, but rather the scope of the response and the objections to certain requests. In that regard, Judge Wilder-Doomes felt the parties had not satisfied their "meet and confer" obligations to determine whether their remaining disputes could be resolved. She ordered that "The Motion will be terminated because discovery responses were provided and because there is no legal basis to strike a defense that has not yet been, and may never be, pled."[11] The plaintiff was given until May 12, 2021 to file a new motion to compel if such was necessary.[12] Ultimately, the

---

[8] See Status Conference Report of May 19, 2020, attached hereto as Exhibit D.
[9] The Magistrate Judge noted in R. Doc. 94, footnote 37, that although the Status Conference Report was provided to Plaintiff's counsel, it was apparently improperly emailed to the Orders mailbox of the Magistrate Judge by prior defense counsel.
[10] R. Doc. 65, p. 2
[11] *Id.*
[12] *Id.* at p. 3

parties were unable to resolve their differences regarding the portions of plaintiff's discovery to which the Vessel Defendants objected. Accordingly, Plaintiff filed an Amended Motion to Compel on May 12, 2021.

At the time of the May 5, 2021 telephone conference, no depositions had been taken in this case. On June 24, 2021, Judge Wilder-Doomes held a hearing via Zoom on Plaintiff's Amended Motion to Compel. Between these two dates several important developments took place. Shortly after the telephone conference on May 5, 2021, the Plaintiff's deposition was taken by defense counsel. On May 12, 2021, Plaintiff's counsel took the corporate deposition of the Vessel Defendants. On June 1, 2021, the parties filed a Joint Motion for Continuance and Amended Rule 16 Scheduling Order, on the grounds that additional time was needed to conduct discovery and prepare the case for trial. The Motion was granted on June 3, 2021.[13]

At the hearing on June 24, 2021, defense counsel informed the Court that although the *McCorpen* defense was not asserted in the originally-filed Answer, defense counsel would be filing a Motion for Leave to Amend the Answer to include the defense.[14] Ultimately, Judge Wilder-Doomes denied Plaintiff's Amended Motion to Compel, without prejudice to re-urging the motion if the Vessel Defendants were granted leave to amend their Answer.[15] The Magistrate Judge instructed the parties to confer and discuss both the scope of Plaintiff's discovery on the *McCorpen* defense and the Vessel Defendants anticipated motion for leave to amend, to determine whether these issues could be resolved amicably.[16] The Court also provided the parties with guidance regarding narrowing the scope of Plaintiff's discovery requests. In that regard, Judge Wilder-Doomes stated:

---

[13] R. Doc. 70
[14] See transcript of June 24, 2021 hearing, attached hereto as Exhibit E, pg. 5
[15] R. Doc. 75
[16] R. Doc. 75, pgs. 4-5

4

> The scope of the discovery requests should be narrowed, as the current requests seek the pre-employment disclosure of all pre-existing injuries of all employees in all job positions employed by all [Vessel] Defendants, which is overly broad. Discovery should initially be tailored to the pre-employment disclosures of *REC Marine employees* in *similar job positions* with *similar previous injuries* as Plaintiff.[17]

During the hearing, counsel for Plaintiff indicated that he had restricted his discovery requests to other "seamen." As the Magistrate Judge aptly pointed out "seamen is sort of a broad category of people and then there are like people who are seamen, but also do particular jobs on vessels. And so what I'm looking for, I think, at the outset is people who did the same job that Mr. Griffin did on this vessel."[18]

Several hours after the hearing on June 24, 2021, defense counsel sent an email to counsel for the Plaintiff stating, in part, "In follow-up to the hearing this morning, please let me know if you will consent to the court granting leave for REC Marine to file an amended Answer asserting the *McCorpen* defense."[19] In exchange for Plaintiff agreeing to the filing of an amended Answer, defense counsel proposed responding to Plaintiff's *McCorpen* discovery within certain parameters as discussed at the hearing.[20] Having not heard back from Plaintiff's counsel, defense counsel sent a follow-up email on June 26, 2021.[21] Plaintiff's counsel responded on June 29, 2021, stating that he would oppose any request for leave to file an amended Answer.[22] Plaintiff's counsel also disagreed with the scope of discovery proposed by defense counsel, making several counter-proposals.[23] Defense counsel replied on July 1, 2021, expressing the basis for defense counsel's

---

[17] R. Doc. 75, pg. 4
[18] Exhibit E, pg. 12
[19] See chain of e-mail correspondence, attached hereto as Exhibit F.
[20] Exhibit F
[21] *Id.*
[22] *Id.*
[23] *Id.*

proposed limitations on the scope of *McCorpen*-related discovery.[24] Defense counsel concluded his response by stating "The Judge's recent Order requires us to meet and confer in an effort to resolve our differences. It doesn't seem we are going to reach common ground. However, I intend to comply with the Judge's instructions. I also intend to file our Motion for Leave to Amend by Friday. Please let me know what time you have tomorrow to discuss by phone. I will make myself available after hours if that is all that works for you."[25] Although defense counsel does not recall the specific date, defense counsel believes counsel for the Plaintiff did subsequently call to discuss the issues regarding the scope of discovery. However, the parties were unable to fully resolve their issues.

### B. Motion for Leave to Amend

On July 7, 2021, Vessel Defendants filed a Motion for Leave to Amend Answer.[26] In that motion, leave was sought to add the *McCorpen* defense, and also to correct several minor errors in the original Answer filed by prior counsel, including some which were a result of the incorrect numbering in Plaintiff's Complaints.[27] On January 14, 2022, the Court issued its Ruling and Order granting the Vessel Defendants leave to amend their Answer, finding that there was good cause for the amendments, and that the requirements of Federal Rules of Civil Procedure 15 and 16 were satisfied.[28] In that same Order, the Magistrate Judge unexpectedly and *sua sponte* chose to sanction and fine counsel for the Vessel Defendants $1,000, utilizing the Court's inherent authority.[29] The Court ordered the fine to be paid to the Plaintiff, through his attorney, ostensibly "for attorney's fees incurred due to unnecessary delays caused by [defense] counsel's failure to clearly

---

[24] *Id.*
[25] *Id.*
[26] R. Doc. 77.
[27] R. Doc. 94, p. 6.
[28] R. Doc. 94, pgs. 6-13
[29] R. Doc. 94, pgs. 12-15

6

acknowledge an intent to assert the *McCorpen* defense once on notice [through Plaintiff's original Motion to Compel] that they had failed to do so." [30] The Court further ordered defense counsel to remit payment and file a notice of compliance in the record no later than January 21, 2022, or seven days before the deadline to file objections to the Ruling and Order.[31]

On January 21, 2022, the Vessel Defendants sought and were granted leave to deposit the above-mentioned sum into the Court's registry pursuant to Federal Rule of Civil Procedure 67 pending the disposition of the issues surrounding the aforementioned sanction because the deadline to file objections to the Magistrate's Ruling and Order had not yet run.[32] Notice was received that the funds were deposited into the registry on January 27, 2022.[33] The deadline to file objections to the Magistrate Judge's Ruling and Order is Friday, January 28, 2022.[34] Accordingly, the Vessel Defendants objections are timely.

### C. Reasons for Objections

Vessel Defendants object solely to that portion of the January 14, 2021 Ruling and Order pertaining to sanctions against defense counsel. The Vessel Defendants believe the Ruling and Order is correct as it relates to allowing the Vessel Defendants to file an amended Answer, which was filed into the record on January 21, 2022.[35]

## II. LAW & ARGUMENT

### A. Standard of Review

28 U.S.C. § 636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure permit the District Court to review a Magistrate Judge's Order on non-dispositive pre-trial matters if a party

---

[30] R. Doc. 94, pgs. 14-15
[31] *Id*.
[32] R. Doc. 96 and 98.
[33] Docket text entry dated January 27, 2022.
[34] *See* FRCP 72.
[35] R. Doc. 95.

7

objects within 14 days after service of the Order. The court may reverse upon a finding that the Order is "clearly erroneous or contrary to law."[36] A Magistrate Judge's ruling is clearly erroneous or contrary to law when the reviewing Court is "left with the definite and firm conviction that a mistake has been committed."[37] Vessel Defendants submit that the Magistrate Judge's award of sanctions *sua sponte* was clearly erroneous and contrary to law, for reasons more fully stated below.

### B. Sanctions under a Court's Inherent Authority

Federal courts have undisputed, inherent power to regulate practice in cases pending before them.[38] In exercising its inherent authority, a court can sanction a party for abuse of judicial processes.[39] However, "[b]ecause of the potency of inherent powers and the limited control of their exercise, they must be used with great restraint and caution."[40] "The threshold for the use of the inherent power sanction is high."[41] Such powers may be exercised only if *essential* to preserve the authority of the Court…"[42] To sanction a party, the court must make a specific finding that the sanction is in response to (1) the willful disobedience of a court order or (2) actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons.[43] The U.S. Fifth Circuit has made clear that "in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in bad faith."[44]

---

[36] 28 U.S.C. § 636(b)(1)
[37] *United States v. United States Gypsum*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948).
[38] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991).
[39] *See Chambers*, 501 U.S. at 43–44, 111 S.Ct. at 2132–33.
[40] *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).
[41] *Natural Gas Pipeline*, 86 F.3d at 467
[42] *Id.* (emphasis added).
[43] *See Id.* at 44–45, 111 S.Ct. at 2133; *Dawson v. United States*, 68 F.3d 886, 895 (5th Cir.1995).
[44] *Elliot v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995).

A court must also "comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees."[45] At a minimum, prior to issuing inherent authority sanctions, notice and an opportunity to respond must be provided.[46] Without notice and an opportunity to respond, a sanctions order "could not stand procedurally even if it were otherwise sound."[47]

Here, the sanction ordered by Magistrate Judge Wilder-Doomes that counsel for Vessel Defendants pay plaintiff a sum of $1,000 for attorney's fees was an abuse of discretion for two reasons. First, the Court gave no indication that sanctions were even being considered, and provided no notice or opportunity to be heard before imposing such sanctions on counsel for the Vessel Defendants. Second, the Court made no finding of bad faith conduct.

### C. **Defense counsel was not provided notice or an opportunity to be heard before being sanctioned**

Applicable case law makes clear that before sanctioning a party or their attorney under the Court's inherent authority, the Court must provide notice and an opportunity to respond. It is undisputed that counsel for the Vessel Defendants were sanctioned $1,000 without being provided notice or a hearing to defend themselves. At no time did the Magistrate Judge make even the slightest suggestion that she was considering sanctioning defense counsel. Perhaps most confusing is that during the June 24, 2021 hearing, Judge Wilder-Doomes actually ordered the parties to discuss whether they could amicably resolve their issues, including whether Plaintiff would agree to allow the Vessel Defendants to amend their Answer.[48] Plaintiff's counsel did not agree to allow

---

[45] *Chambers*, 501 U.S. at 50, 111 S.Ct. at 2136 (citations omitted).
[46] *Kenyon Intern. Emergency Services, Inc. v. Malcolm*, 2013 WL 2489928, at *6 (5th Cir. 2013).
[47] *Kenyon Intern. Emergency Services, Inc. at *6*
[48] Rec. Doc. 94, p. 11, footnote 57 ("The parties were also ordered to attempt to amicably resolve any issues regarding the discovery requests, as well as the issues raised in this Motion, *i.e.*, whether Plaintiff would agree to the amendment and the Vessel Defendants would agree to provide additional, relevant *McCorpen* discovery.")

the Vessel Defendants to file an amended Answer, even though defense counsel agreed to provide additional *McCorpen* related discovery. As such, defense counsel filed a formal Motion for Leave. Presumably, had Plaintiff agreed to allow the Vessel Defendants to amend their Answer, the Magistrate Judge would not have *sua sponte* sanctioned and fined defense counsel $1,000. Given the lack of notice that sanctions were even a remote possibility, counsel for the Vessel Defendants were quite surprised by the Magistrate Judge's decision. Without trying to be hyperbolic, defense counsel genuinely could never have envisioned that 191 days after they filed a Motion seeking leave to amend their Answer, that the Magistrate Judge would issue an Order granting that Motion, finding there was good cause for the amendments, and in the same Order sanction defense counsel $1,000, with the fine due seven days before the time within which to appeal the sanction.

In short, the sanction should be reversed because the Magistrate Judge did not provide defense counsel with notice or an opportunity to be heard.

### D. There has been no finding that the Vessel Defendants or their counsel acted in bad faith

The January 14, 2022 Ruling and Order makes no finding that the Vessel Defendants or their counsel acted in bad faith. In fact, Judge Wilder-Doomes twice mentioned that the Vessel Defendants themselves had shown good faith. Specifically, with respect to the decision to allow leave to assert the *McCorpen* defense, the Magistrate Judge stated "[t]he balance of the Fed. Civ. P. 15 factors, also favors amendment, as there is no showing of failure to cure deficiencies or bad faith by the Vessel Defendants, and the Vessel Defendants' responses to *McCorpen* discovery shows good faith."[49] According to the Court, the basis for sanctioning defense counsel was "due to unnecessary delays caused by counsel's failure to clearly acknowledge an intent to assert the *McCorpen* defense once on notice [through Plaintiff's Motion to Compel] that they had failed to

---

[49] *Id.* at p. 13.

do so."[50] There was no finding that defense counsel acted in bad faith. Rather, Judge Wilder-Doomes simply stated there was "lack of an explanation for why current counsel waited 70 days after Plaintiff's April 28, 2021 Motion to Compel to assert the [*McCorpen*] defense…"[51]

Although the lack of a finding of bad faith alone justifies reversal of the sanction, defense counsel wishes to provide the Court with an explanation as to why there was a delay in "clearly acknowledging an intent to assert the *McCorpen* defense." Current defense counsel learned through Plaintiff's original Motion to Compel on April 28, 2021 that prior counsel for the Vessel Defendants did not formally assert the *McCorpen* defense in the Vessel Defendants' original Answer. At that time, no depositions had taken place in the case. As previously noted, the Plaintiff was deposed on May 5, 2021, <u>after</u> the telephone conference held by the Magistrate Judge to discuss Plaintiff's Motion to Compel. The corporate deposition of the Vessel Defendants took place on May 12, 2021. As this Court is likely aware, two of the most important categories of evidence related to a *McCorpen* defense are the testimony of the plaintiff (regarding whether he intentionally concealed pre-existing conditions or injuries) and the corporate deposition of the Jones Act employer (regarding whether the plaintiff's failure to disclose a prior injury or condition was material to the decision to hire him). Considering the state of the case at the time counsel learned the *McCorpen* defense had not actually been asserted in the original Answer, combined with simultaneously being faced with wide ranging discovery from the Plaintiff related to the defense, current defense counsel felt there was an obligation (indeed one imposed by Fed. R. Civ. P. 11) to make sure the *McCorpen* defense could be properly supported before seeking leave to assert it in an amended Answer. Under the unique circumstances, defense counsel also felt it was appropriate to seriously evaluate the likelihood of prevailing on the *McCorpen* defense and balance

---

[50] R. Doc. 94, p. 15.
[51] R. Doc. 94, p. 12

11

that against the burden and significant expense which could potentially be imposed on counsel's clients in having to respond to Plaintiff's incredibly broad discovery which sought the medical records and information of all current and former employees of each of the four Vessel Defendants for an unlimited period of time. After time to carefully consider these issues and speak to client representatives, defense counsel advised the Court during the hearing on June 24, 2021 (43 days after only the second deposition in the case) that leave would be sought to file an amended Answer. Only three weeks prior, on June 3, 2021, the Court had granted a continuance of the trial and discovery deadlines.[52] After subsequent efforts to negotiate whether plaintiff would allow leave to amend and the scope of *McCorpen* discovery if leave was granted, which the parties were instructed to do by the Magistrate Judge, the Vessel Defendants formally sought leave to amend their Answer.

Although the Magistrate Judge did not find defense counsel acted in bad faith, the Vessel Defendants respectfully submit that the above-referenced discussion indicates that such bad faith was not present. Defense counsel further affirmatively represents that there was no ill-intent or improper motive in the timing of seeking leave to file an amended Answer.

In closing, the Vessel Defendants wish to reference several cases which illustrate the high bar for the exercise of sanctions under a Court's inherent authority. In *Roberts v. Chevron U.S.A., Inc.*, the Court sanctioned both plaintiffs and their counsel after finding the plaintiffs openly and flagrantly abused the judicial system by ignoring final judgments of the court, causing unnecessary delay and harassment, including scandalous, unjustified, and unsupported allegations in their pleadings, and proceeded in an improper and frivolous manner with callous disregard of the judicial system.[53]

---

[52] R. Doc. 70.
[53] 117 F.R.D. 581, 582 (M.D. La. 1987), aff'd sub nom. *Roberts v. Chevron, U.S.A.*, 857 F.2d 1471 (5th Cir. 1988).

In *Robertson v. Home Depot, Inc.*, the Court found that an award of costs and attorney's fees was appropriate because despite the Court's clear and unambiguous instruction that no further briefing would be allowed, plaintiff's counsel filed (a) a memorandum with some substantive changes and (b) for the first time, a statement of contested facts.[54] The *Roberston* Court notably held, "while this conduct may not warrant sanctions in and of itself, the Plaintiff exacerbated the problem by falsely styling the statement of contested facts "Amended and Supplemental" and by misrepresenting what happened at the June 1, 2016, conference."[55] The Court found that this conduct was in bad faith and in willful disobedience of the Court's prior order.[56]

The Vessel Defendants submit that the high bar illustrated by the above cases has not been met in this case. As stated by the U.S. Fifth Circuit, sanctions under a Court's inherent authority are to be "exercised only if *essential* to preserve the authority of the Court…"[57] Defense counsel avers that nothing about the circumstances of counsel's actions would make a monetary fine essential to preserve the authority of this Honorable Court.

### III. CONCLUSION

For all of the foregoing reasons, Vessel Defendants respectfully request that this Court vacate that portion of the Magistrate Judge's January 14, 2022 Ruling and Order (R. Doc. 94) which imposed a sanction of $1,000 upon counsel for the Vessel Defendants. Alternatively, Vessel Defendants request that this Court reverse the sanctions order and remand the issue back to the Magistrate Judge for a hearing to determine whether the requisite bad faith exists in order to issue sanctions under the Court's inherent authority.

---

[54] No. CV 14-806-JWD-EWD, 2017 WL 662984, at *9 (M.D. La. Feb. 17, 2017).
[55] *Id.*
[56] *Id.*
[57] *Natural Gas Pipeline*, 86 F.3d at 467 (emphasis added)

13

Respectfully submitted,


*/s/Kyle A. Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC, GOL, LLC, GULF OFFSHORE LOGISTICS, LLC, AND OFFSHORE TRANSPORT SERVICES, LLC**