UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN § | |
| § | |
| Plaintiff § | |
| § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| § | |
| *Versus* § | |
| § | |
| § | |
| REC MARINE LOGISTICS LLC, ET AL. § | **TRIAL BY JURY DEMANDED** |
| § | |
| Defendants § | |

**PLAINTIFF'S RESPONSE TO VESSEL DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S RULING AND ORDER PURSUANT TO FRCP 72**

Plaintiff, McArthur Griffin, files this response to Vessel Defendants' Objection to the Magistrate Judge's Ruling and Order Pursuant to FRCP 72. For the reasons more fully explained below, the Court should uphold the sanction imposed by the Magistrate Judge and deny Vessel Defendants' Motion for Leave to Amend Answer or strike Vessel Defendants' late pled *McCorpen* affirmative defense.[1]

I. PROCEDURAL FACTS

This is a personal injury case involving a seaman aboard the *M/V Dustin Danos* vessel. *See* Petition at pp. 3. On January 14, 2022, the Magistrate Judge issued a Ruling and Order in connection with Vessel Defendants' Motion for Leave to Amend Answer. *See* Doc. 94. The Magistrate Judge granted Vessel Defendants leave to amend their answer and sanctioned Vessel Defendants' counsel $1,000.

---

[1] The *McCorpen* affirmative defense can absolve an employer of its duty to provide maintenance and cure to an injured seamen if (1) the seaman intentionally concealed or misrepresented information about a prior injury, (2) the information was material to the decision to hire the seaman, and (3) there is a causal connection between the non-disclosed information and the injury at issue in the lawsuit. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 170-171 (5th Cir. 2005).

Plaintiff did not formally request sanctions in opposing Vessel Defendants' motion for leave to amend to add the *McCorpen* affirmative defense more than two years after this case was filed. *See* Doc. 78 (Plaintiff's Response to Defendants' Motion for Leave to Amend Answer). However, the Magistrate Judge was certainly within their authority to take judicial notice of the file, the public record, and the circumstances and to issue the very modest sanction that was issued.

Following the objection filed by Vessel Defendants, the District Judge advised the parties of the Court's intent to conduct a *sua sponte* review of the Magistrate Judge's January 28, 2022 order. *See* Doc. 94 (Magistrate Judge order); Doc. 104 (objection); (District Judge notice of *sua sponte* review).

As part of its *sua sponte* review, the *McCorpen* defense should be struck and/or leave to amend the *McCorpen* defense should not be allowed. Plaintiff re-urges its opposition to the motion for leave to amend, and incorporates it herein by reference with all evidence. *See* Doc. 78 (Plaintiff's Response in Opposition with exhibits). The sanction does not come close to approximating the cost and prejudice that Plaintiff has incurred under the totality of the circumstances. There is no basis to undo the sanction, as will be discussed herein.

## II.   ARGUMENT AND AUTHORITY

Lack of candor is sufficient to establish bad faith to support sanctions issued under the inherent power of the court, and such bad faith may appear in the record, and there need be no specific findings by the sanctioning court. *In re Monteagudo*, 536 Fed. Appx. 456, 460 (5th Cir. 2013). For this reason alone, the Magistrate Judge's award of sanctions should be adopted by the Court.

The Magistrate Judge had much to consider when sanctioning counsel for Vessel Defendants, as this case has a troubled history. This case was filed in state court on April 23, 2019 (nearly three years ago). Since the outset, Plaintiff has been prejudiced and affected by improper conduct and representations by Vessel Defendants and their chosen counsel, including but not limited to and evidenced by the following (all of which was previously briefed and discussed with the Magistrate Judge):

- Threats from prior defense counsel that any attempted discovery by plaintiff will result in "immediate motion for sanctions against you [*i.e.*, counsel for plaintiff] personally"
- Blatantly false special exceptions by the defendants alleging the vessel had not been identified in the petition, although the first paragraph of the petition expressly identified the *M/V Dustin Danos* as the vessel
- Refusals by defendants to engage in any and all discovery due to alleged lack of venue (an argument that was properly denied by the state court judge following venue briefing and a hearing)
- Preliminary default judgments against certain defendants due to lack of answers or responsive pleadings in state court
- Allegations in pleadings by defendants that certain of them are "non-existent" although they were actively registered in Louisiana as companies and did exist
- Knowing and intentional violations by defendants of discovery orders by state court judge following oral hearing on motion to compel
- Subsequent requests for production and interrogatories which defendants also did not object or respond to
- Motions for contempt filed by plaintiff against defendants for violated state court discovery orders, which were set for hearing
- False allegations by defendants that discovery had not been served, that motions had not been served, and that notice of the state court judge's discovery orders was lacking
- Multiple requests to continue the contempt hearings by defendants, which were not heard in state court because this case was removed on February 17, 2020

*See generally* Doc. 15 and Exhibits 1-46 thereto (Plaintiff's Memorandum in Support of His Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders).

This case was removed on February 17, 2020 on federal question grounds by the insurance-related defendant QBE Insurance (Europe) Limited.[2] The Vessel Defendants

---
[2] The insurance-related defendant QBE Insurance (Europe) Limited is represented by separate counsel, and is not the subject of the Magistrate Judge's ruling.

consented to the removal. *See* Doc. 1 pg. 5. The improper conduct of Vessel Defendants did not stop after removal on February 17, 2020. It continued. Some examples are as follows:

- Despite participating in the removal and consenting to removal, the Vessel Defendants then refused to engage in discovery and attempted to stay this case (and self-imposed a stay of this case) in the event the case was returned to state court. *See* Doc. 22 (Plaintiff's Memorandum in Response to REC Marine Logistics LLC et al.'s Motion to Stay); Doc. 21 (document entitled "Exparte Motion to Stay Pending Court Decision on Jurisdiction").

- Vessel Defendants refused to provide required Rule 26 disclosures on behalf of all defendants (and not just those whose existence was not falsely denied). *See* Doc. 22 n.4.

On April 29, 2020, after more than a year of improper delay, an answer from Vessel Defendants was filed for the first time. The answer filed April 29, 2020 did not contain a *McCorpen* affirmative defense. *See* Doc. 14 (asserting nine other affirmative defenses).[3]

Prior counsel for Vessel Defendants initially refused to provide Rule 26 disclosures for two of Vessel Defendants—GOL, LLC and Gulf Offshore Logistics, LLC. *See* Doc. 15. The deficient Rule 26 disclosures that were ultimately served—which required defendants to identify the documents they intended to use for their defenses—made no mention of Plaintiff's application for employment or prior medical records that would be used for an alleged *McCorpen* defense. *See* Exhibit 1 (REC Marine initial disclosures); *see also* Fed. R. Civ. P. 26(a)(1)(A)(ii).

The law firm Pusateri, Johnston, Guillot & Greenbaum, LLC substituted in as counsel for defendants on October 6, 2020. *See* Doc. 46. Pusateri, Johnston, Guillot & Greenbaum, LLC responded to the discovery requests that were served on Vessel Defendants. The discovery

---

[3] It bears noting that the defendants had already sought and been granted additional time to file a responsive pleading after the filing of the lawsuit to "obtain necessary materials, to investigate, formulate, and file initial responsive pleadings in this Court." *See* Doc. 1 at pg. 14 of 346 (Removal papers containing state court filings).

requests served by current counsel expressly referenced "all affirmative defenses set forth in prior pleadings." *See* Doc. 54 at Exhibit A (pg. 8 of 44 pdf) (interrogatory objections served October 30, 2020)(attached as exhibit to opposition to motion). In order to respond, counsel had to become familiar with the affirmative defenses pled or not pled, which would require counsel to review the Answer(s) filed by prior counsel.

Vessel Defendants' own words demonstrate lack of candor sufficient to sanction.

First, Vessel Defendants repeatedly claim the *McCorpen* defense was omitted inadvertently. *See, e.g.*, Doc. 77 at 4 ("…a *McCorpen* defense which was inadvertently omitted from its original Answer…"). Second, Vessel Defendants falsely claim "the *McCorpen* defense is pleaded in nearly every Jones Act case in which a seaman is asserting entitlement to maintenance and cure benefits." Doc. 77 at 5. Third, Vessel Defendants originally claimed that "undersigned counsel did not realize until recently that the defense had not been formally plead [sic] in the Answer filed by prior counsel." Doc. 77 at 5.

The picture Vessel Defendants attempted to paint is clear: The defense is always pled, we therefore rightfully assumed it was, prior counsel inadvertently failed to do so, and we sought leave to add it as soon as we found out. Vessel Defendants needed to paint this picture, because they first sought leave to add the defense more than two years after this lawsuit was originally filed, after depositions of the parties, and less than two months before the close of discovery. *See* Doc. 70 (establishing new discovery deadline of August 21, 2021).[4]

But that's not a true picture, and counsel for Vessel Defendants were not being candid with the Magistrate Judge. The *McCorpen* defense is not pled in every Jones Act case seeking maintenance and cure. For example, it was not pled in *Gilbert v. Gulf Offshore Logistics LLC,*

---

[4] On June 3, 2021, the court extended the discovery deadline to August 21, 2021. Doc. 70. The first time Vessel Defendants sought leave to amend to add the *McCorpen* defense was July 7, 2021. Doc. 77 (Motion for Leave).

*REC Marine Logistics LLC, et. al.* Cause No. 19-14675 in the Eastern District of Louisiana. *See* Exhibit 2 (*Gilbert* answer). Notably, *Gilbert* involves the same defendants which are Vessel Defendants in this case. Notably, the answer in *Gilbert* was also filed by prior counsel for Vessel Defendants in this case (Mr. Fred Salley). Notably, like the answer in this case, the answer filed in *Gilbert* contains nine affirmative defenses, none of which are *McCorpen*. Compare Doc. 14 *with* Exhibit 2 (*Gilbert* answer).

Another example is *REC Marine Logistics LLC v. Richard*, Cause No. 19-11149 in the Eastern District of Louisiana. *See* Exhibit 3 (Answer to *Richard's* Counterclaim). Notably, *Richard* involves the same defendants which are Vessel Defendants in this case. Notably, the answer in *Richard* was also filed by prior counsel for Vessel Defendants in this case (Mr. Fred Salley). Notably, like the answer in this case, the answer filed in *Richard* contains nine affirmative defenses, none of which are *McCorpen*. Compare Doc. 14 *with* Exhibit 3 (Answer to *Richard's* Counterclaim).

The law firm Pusateri, Johnston, Guillot & Greenbaum, LLC replaced Mr. Fred Salley as lawyer in both *Gilbert* and *Richard*.[5] *See* Exhibit 4 and 5 (orders substituting counsel). In neither of those cases did counsel move for leave to assert a *McCorpen* defense. This is because the *McCorpen* defense is not always pled.

*Gilbert* and *Richard* are not the only sources where lack of candor is demonstrated. Buried in the objection on pages 11-12, Vessel Defendants finally admit that they knew the defense had not been pled, and deliberately chose not to plead it until further developments weighed out to their advantage. Vessel Defendants state,

> "As this Court is likely aware, two of the most important categories of evidence related to a *McCorpen* defense are the testimony of the plaintiff

---

[5] On belief, current counsel and prior counsel have both represented various of Vessel Defendants in Jones Act litigation for years.

> (regarding whether he intentionally concealed pre-existing conditions or injuries) and the corporate deposition of the Jones Act employer (regarding whether the plaintiff's failure to disclose a prior injury or condition was material to the decision to hire him).  Considering the state of the case at the time counsel learned the *McCorpen* defense had not actually been asserted in the original Answer [a date that has never been revealed by counsel], combined with simultaneously being faced with wide ranging discovery from the Plaintiff related to the defense [which they did not want to answer], current defense counsel felt there was an obligation (indeed one imposed by Fed. R. Civ. P. 11) to make sure the *McCorpen* defense could properly be supported before seeking leave to assert it in an amended Answer.  Under the unique circumstances, defense counsel also felt it was appropriate to seriously evaluate the likelihood of prevailing on the *McCorpen* defense and balance that against the burden and significant expense which that against the burden and significant expense which could potentially be imposed on counsel's clients in having to respond to Plaintiff's incredibly broad discovery which sought the medical records and information of all current and former employees of each of the four Vessel Defendants for an unlimited period of time.  After time to carefully consider these issues and speak to client representatives, defense counsel advised the Court during the hearing on June 24, 2021 (43 days after only the second deposition in the case) that leave would be sought to file an amended Answer."

Doc. 104 pg. 11-12.  However, Vessel Defendants claimed that they believed they may have a viable *McCorpen* defense on June 2, 2021 (22 days before they conceded that the *McCorpen* defense had not been pled and more than a month before seeking leave to amend their answer). *See* Doc. 69 at p.5 ("At this time, it appears REC Marine may have a viable *McCorpen* defense…").

Based on the foregoing, it appears that counsel for Vessel Defendants knew the defense had not been pled, and they knew this case had been on file for years.[6]  Indeed, they have taken over other cases from prior counsel in which the defense has not been pled, and handled other

---

[6] Notably, one of the first discovery documents served by current counsel expressly referenced "all affirmative defenses set forth in prior pleadings."  *See* Doc. 54 at Exhibit A (pg. 8 of 44 pdf) (interrogatory objections served October 30, 2020)(attached as exhibit to opposition to motion).  This suggests that new counsel was familiar with the affirmative defenses pled or not pled as of October 30, 2020.

cases involving the same Vessel Defendants in which it is not pled nor leave sought (*i.e.*, *Gilbert* and *Richard*).

One of the reasons not to plead the defense is to avoid discovery about it (and because it is baseless, as is the case here). Presumably, they knew that if *McCorpen* was pled, they would have to face discovery on the defense, which Plaintiff had served, and they knew that if they did not plead the defense, they would not have to face such discovery (and presumably prior counsel knew all of this too). Indeed, they observed this when the Magistrate Judge denied the Plaintiff discovery, noting that the *McCorpen* affirmative defense had not been pled and may never be pled.[7] *See* Doc. 65. Ultimately, they made the choice to plead the defense because their other grounds to avoid liability are not supported by the evidence (such as denying the incident occurred), and filed for leave to do so saying the omission was inadvertent, saying they only recently learned of it, and saying it is pled in every case.

The *McCorpen* defense is not applicable under the facts of this case. For REC Marine to prevail on a *McCorpen* defense it must prove, *inter alia*, Plaintiff concealed or misrepresented pertinent medical facts, the concealed or undisclosed facts were material to the employer's decision to hire the Plaintiff, and the is a connection between the concealed or undisclosed information and Plaintiff's injury. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005).

As previously briefed, REC Marine did not hire Plaintiff—he was transferred to REC Marine. *See* Doc. 78 at pp. 6. REC Marine's argument that the *McCorpen* defense applies to the facts and circumstances of this case is nonsensical. REC Marine did not hire the Plaintiff. Therefore, it is impossible for Plaintiff's medical condition to factor into a hiring decision.

---

[7] The Magistrate Judge also denied Plaintiff's Motion to Compel because the parties had not conferred sufficiently.

Given the obvious issues REC Marine has supporting a *McCorpen* defense, REC Marine's new argument is that the *McCorpen* defense applies because (a) REC Marine's employment application asks job applicants whether they have been in any car accidents or had their drivers' license suspended, and (b) Plaintiff did not answer this question (despite Plaintiff being in a prior car accident that was reported). *See* Doc. 69 at p.6; *compare* with Exhibit 8 (Excerpt from Plaintiff's Deposition). Setting aside the fact that there is evidence that Plaintiff reported the car accident the same day it occurred and reported to crew change, REC Marine's new argument lacks merit. *See* Exhibit 8 (Excerpt from Plaintiff's Deposition).

For obvious reasons, REC Marine does not use the response to that question to identify prior injuries. REC Marine identifies prior injuries by asking job applicants to complete a medical history questionnaire:

> 5. REC Marine Logistics, LLC requires all potential employees applying for the position of deckhand to undergo a pre-employment physical, which includes completion of a medical history questionnaire.
>
> 9. Given the physical nature of the work of a deckhand, REC Marine requires applicants to disclose (through a pre-employment medical history questionnaire) any prior injury or disease to a wide range of body parts that would be utilized in the work of a deckhand, including, but not limited to, the neck and back.

*See* Exhibit 7 (Affidavit in *Daggs v. Gulf Offshore Logistics, LLC, et al.*).

The simple truth is that there is no genuine evidence that Plaintiff concealed or misrepresented pertinent medical facts. The truth is that REC Marine did not ask Plaintiff to disclose prior injuries. Accordingly, REC Marine cannot argue that information regarding Plaintiff's medical condition was material to any employment decision.

The *McCorpen* defense fails for these reasons alone and Vessel Defendants amended answer should be stuck or disallowed for that reason alone.

### III.   EXHIBITS

| | |
|---|---|
| Exhibit 1 | REC Marine Initial Disclosures |
| Exhibit 2 | *Gilbert* Answer |
| Exhibit 3 | Answer to *Richard's* Counterclaim |
| Exhibit 4 | Motion to Substitute in *Gilbert* |
| Exhibit 5 | Motion to Substitute in *Richard* |
| Exhibit 6 | REC Employment Documents |
| Exhibit 7 | Affidavit in *Daggs v. Gulf Offshore Logistics, LLC, et al.* |
| Exhibit 8 | Excerpt from Plaintiff's Deposition |

### IV.   CONCLUSION AND PRAYER

Vessel Defendants should not be rewarded for lying behind the log and not being forthright with the Magistrate Judge. The amended answer asserting the *McCorpen* defense should be struck and/or disallowed and the sanction for bad faith (lack of candor) should be upheld. A sanction of $1,000 under the circumstances and given the dozens of hours spent addressing this issue is patently unobjectionable by Vessel Defendants.

Plaintiff requests that the Court uphold the sanctions award, strike or disallow the *McCorpen* defense, and for all other relief Plaintiff may be justly entitled.

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
*jsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

/s/*Daniel E. Sheppard*
Daniel E. Sheppard