# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>    **Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>    **Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

### REPLY MEMORANDUM IN SUPPORT OF OBJECTION TO THE MAGISTRATE JUDGE'S RULING AND ORDER

**MAY IT PLEASE THE COURT:**

Defendant, REC Marine Logistics, LLC ("REC Marine"), files this Reply Memorandum to address certain arguments made in Plaintiff's Response to Defendants' Objection to the Magistrate Judge's Ruling and Order (the "Response").[1]

### I.     Plaintiff's Requested Relief

On January 14, 2022, Magistrate Judge Erin Wilder-Doomes issued a Ruling and Order granting Defendants' Motion for Leave to Amend Answer.[2] Among other things, the Order granted REC Marine leave to assert the *McCorpen* defense.[3] In the same Order, the Magistrate Judge *sua sponte* sanctioned and fined defense counsel $1,000, utilizing the Court's inherent authority.[4] Defendant has filed a timely Objection to the Order. Plaintiff filed a Response to the Objection on February 11, 2022, wherein he asks that the sanction be upheld, but that this Court reverse the portion

---

[1] R. Doc. 112
[2] Since the Ruling and Order was issued, two of the defendants represented by undersigned counsel, Gulf Offshore Logistics, LLC and GOL, LLC, were dismissed on summary judgment. Undersigned counsel currently represents REC Marine Logistics, LLC and Offshore Transport Services, LLC. The issues arising from the Magistrate Judge's Order and the currently pending Objection thereto, primarily pertain to REC Marine and to undersigned counsel's role as counsel for REC Marine. Accordingly, this Reply Memorandum often refers to REC Marine or "Defendant" in the singular.
[3] R. Doc. 94
[4] R. Doc. 94, pgs. 12-15

of the Magistrate Judge's Order granting leave for REC Marine to assert the *McCorpen* defense.[5] Plaintiff's Response is untimely and the relief requested therein should be rejected. Federal Rule of Civil Procedure 72(a) states, in pertinent part, as follows: "A party may serve and file objections to [a Magistrate Judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."[6] Plaintiff's Response was filed 28 days after the Magistrate Judge's Order.

## II.     Plaintiff's Argument Regarding Sanctions

As the Court is aware, REC Marine was previously represented by another attorney, Fred Salley. In September of 2020, Defendant asked current counsel to replace its prior attorney. On October 6, 2020, this Court issued an Order substituting current defense counsel in place of Mr. Salley.[7] It is clear Plaintiff's counsel and prior defense counsel had an extremely contentious history dating back to when this case was proceeding in state court. Plaintiff's counsel's frustration with the actions of prior defense counsel appears to be, in large part, justified. It likely doesn't take much for the Court to realize why REC Marine replaced its former attorney. However, since current defense counsel has been enrolled in this case, Plaintiff 's counsel has repeatedly taken the opportunity to file pleadings with the Court in which he recounts a laundry list of grievances about the actions of REC Marine's previous attorney. The recently-filed Response is no exception, as it details a list of approximately 13 complaints about the actions taken by prior counsel on behalf of the Defendants.[8] Understandable as these complaints may be, they have no bearing on whether current defense counsel deserves to be sanctioned and fined by this Honorable Court.

---

[5] R. Doc. 112
[6] Fed. R. Civ. P. 72(a)
[7] R. Doc. 46
[8] R. Doc. 112, pgs. 3-4

2

As previously briefed, the Magistrate Judge's Order did not find defense counsel or their client ever acted in bad faith. Rather, Judge Wilder-Doomes simply noted there was a lack of explanation for the delay between when defense counsel became aware that prior counsel did not formally assert the *McCorpen* defense and when the defense was actually asserted.[9] Plaintiff acknowledges that a finding of bad faith is required for the Court to issue sanctions pursuant to its inherent authority. However, he makes the extraordinary assertion that bad faith is apparent "in the record," specifically claiming the record shows defense counsel lacked candor with the Magistrate Judge.[10] Judge Wilder-Doomes never held or even implied that counsel for REC Marine lied or had been untruthful in any manner. More importantly, Plaintiff's assertion that defense counsel has been untruthful in these proceedings is not only unsupported, it is completely untrue. It is also a strange time for Plaintiff to be making this argument, as he has never before claimed that defense counsel has been dishonest.

Throughout his Response, Plaintiff uses carefully crafted language to suggest that there's been some "gotcha" moment which proves current defense counsel has been lying all along and deliberately chose to assert a *McCorpen* defense for some nefarious reason or to gain a tactical advantage over him. But suggestion is not fact, and the facts do not support Plaintiff's new allegations. Plaintiff first points to a statement in Defendant's Motion for Leave to Amend Answer that the *McCorpen* defense was "inadvertently omitted from the original Answer" filed by prior defense counsel, before referencing a statement in the same Motion that "the *McCorpen* defense is pleaded in nearly every Jones Act case in which a seaman is asserting entitlement to maintenance and cure benefits."[11] Plaintiff infers that REC Marine must be claiming its prior attorney's failure to assert the *McCorpen* defense was inadvertent because the defense is simply always pled. He takes issue with

---

[9] R. Doc. 94, pg. 12
[10] R. Doc. 112, pg. 5
[11] R. Doc. 77, pgs. 4-5

3

this by claiming there are two other recent REC Marine cases in the Eastern District of Louisiana in which the same prior defense attorney did not assert the *McCorpen* defense. Following this logic, Plaintiff reaches the conclusion that the failure on the part of prior defense counsel couldn't have been "inadvertent" because that same attorney did not assert the *McCorpen* defense in these other cases. This logic is incorrect. REC Marine has never claimed the failure of their prior attorney to assert the *McCorpen* defense was inadvertent because the defense is "always pled." Rather, they have consistently maintained that such must have been inadvertent given that, less than one month after prior defense counsel filed an Answer, he submitted a Status Conference Report specifically stating that the *McCorpen* defense was being asserted.[12]

Further comment is warranted regarding the two REC Marine cases referenced by the Plaintiff. The first is *Gilbert v. Gulf Offshore Logistics, LLC, et al.*, Case No. 2:19-cv-13675. The second is *REC Marine Logistics, LLC v. Dequincy Richard*, Case No. 2:19-cv-11149. As noted above, both of those cases were also initially handled by prior defense counsel, Fred Salley. Plaintiff claims the *McCorpen* defense was not asserted in either case. He goes on to argue that current defense counsel was "not being candid with the Magistrate Judge" because these two cases prove "the *McCorpen* defense is not pled in every Jones Act case seeking maintenance and cure."[13] Of course, undersigned counsel never claimed the defense is pled in <u>every</u> case. Counsel simply made a comment to underscore that the affirmative defense is exceedingly common in cases involving seamen who assert entitlement to maintenance and cure.

Perhaps most troubling about Plaintiff's reference to the above cases is the glaringly false claim that neither involved the assertion of a *McCorpen* defense. The *Richard* case was initiated with the filing of a Complaint for Declaratory Relief by REC Marine, which sought a ruling that its former

---

[12] R. Doc. 104-1, pg. 3
[13] R. Doc. 112, pg. 5

4

employee was not entitled to maintenance and cure.[14] Paragraph VI of the Complaint states, in pertinent part, that "defendant [Richard] has forfeited any right to claim maintenance and cure as a consequence of [his] failure to timely disclose relevant pre-existing medical conditions that caused…the illnesses and injuries alleged and for which he is presently demanding maintenance and cure, and which related directly to [Richard's] employability with [REC Marine]."[15] Arguing that Richard was not entitled to maintenance and cure because he failed to disclose a pre-existing condition that was causally related to the condition being alleged, and which would have affected his employability is the very essence of a *McCorpen* defense. The assertion that the *McCorpen* defense was not pled in *Richard* is untrue. Moreover, one would have thought that before Plaintiff's counsel chose to baselessly accuse defense counsel of being untruthful with the Magistrate Judge he would be sure not to simultaneously make a patently false claim to this Court.

The most serious allegation made by Plaintiff is that current defense counsel has been untruthful about when they learned the *McCorpen* defense had not been formally pled by REC Marine's prior attorney. On page 7 of his Response, Plaintiff inserts a parenthetical wherein he claims defense counsel has never revealed the date on which they learned the *McCorpen* defense was not pled. Defense counsel have been clear that they learned of the omission when Plaintiff filed a pleading on April 28, 2021 entitled Motion to Compel Discovery Responses and to Strike the Non-Insurance Defendants' McCorpen Defense.[16] Defense counsel have not referenced the exact date, as it is possible they didn't review the Motion to Compel until the day after it was filed given that the filing was made after 5 p.m. Upon reviewing the Motion to Compel, current defense counsel cross-referenced with the Answer filed by prior defense counsel, and confirmed that the *McCorpen* defense

---

[14] See Complaint for Declaratory Relief, attached hereto as Exhibit A
[15] Exhibit A, pg. 2
[16] R. Doc. 63

5

was not referenced in the Answer. Plaintiff questions why current defense counsel was not already familiar with the Answer filed by prior counsel. The undersigned concedes that Plaintiff is not entirely unreasonable in asserting that current counsel could have carefully reviewed the Answer filed by prior defense counsel sooner. However, some explanation is required on this point. When the undersigned was asked to replace REC Marine's previous attorney, this case was in a very difficult posture. There was already a pending motion by plaintiff to compel discovery and for sanctions against prior defense counsel for, among other things, failure to respond to discovery and to provide Initial Disclosures.[17] Things were so bad that one of the sanctions sought was for the Court to deem liability admitted.[18] The outstanding discovery requests included the following: (1) thirteen interrogatories and twenty-seven requests for production to REC Marine; (2) thirteen interrogatories and twenty-eight requests for production issued jointly to GOL, LLC, Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC; (3) seventy-eight requests for admission to REC Marine; (4) seventy-eight requests for admission to GOL; (5) seventy-eight requests for admission to Gulf Offshore; and (6) seventy-eight requests for admission to Offshore Transport. Undersigned counsel worked diligently to remedy the deficiencies of prior counsel. Within nine days, Initial Disclosures of all defendants were produced.[19] Within thirty days, current counsel had produced responses to interrogatories and requests for production on behalf of REC, GOL, Gulf Offshore, and Offshore Transport.[20] By December 2, 2020, current counsel had voluntarily responded to over 300 requests for admission. This is despite the fact that Local Civil Rule 36 states "No party shall serve on any other party more than 25 requests for admission in the aggregate without leave of Court."

---

[17] R. Doc. 15
[18] R. Doc. 15
[19] R. Doc. 47-2.
[20] R. Doc. 47-2, pg. 3.

6

The above is provided simply to explain how, under the difficult and unusual circumstances presented, current defense counsel did not review and discover the omitted *McCorpen* defense sooner. Current defense counsel recalls confirming that an answer had been filed by prior counsel and asking his legal assistant to download a copy from PACER. However, with the urgent need to address the issues discussed above, the undersigned did not conduct an independent review of the previously-filed Answer. Rather, counsel relied on the fact that an Answer had been filed by an attorney with over 50 years of experience. While the better course of action would have been to independently review the Answer, considering the circumstances it is perhaps understandable why such was not done. Furthermore, it is certainly understandable why defense counsel would have assumed the *McCorpen* defense had been asserted given that several of the discovery requests propounded by the Plaintiff above were specifically addressed to the *McCorpen* defense.

Plaintiff argues that current defense counsel must have reviewed the Answer filed by prior counsel sooner than they claim because when they responded to the above-mentioned discovery, reference was made to "all affirmative defenses set forth in prior pleadings." The referenced language by Plaintiff was contained in boilerplate general objections set forth at the beginning of each set of discovery responses. These objections were copied from a standard pleading form for discovery responses. For plaintiff to claim that a boilerplate general objection is proof that current defense counsel is lying and had actually reviewed the previously-filed Answer sooner than claimed is disingenuous.

### III.    Conclusion

In sum, the Magistrate Judge's Order never found that defense counsel acted in bad faith. Judge Wilder-Doomes simply noted there was a lack of explanation for the delay between when defense counsel became aware that prior counsel did not formally assert the *McCorpen* defense and

7

when the defense was actually asserted.[21] A full explanation addressing the Magistrate Judge's concerns has been provided in the Objection presently before the Court.[22] REC Marine respectfully submits that such explanation does not show any bad faith whatsoever. Furthermore, Plaintiff's attempt to justify the sanction after the fact by claiming defense counsel has lacked candor with the Court should be rejected. Surely, if Judge Wilder-Doomes felt defense counsel had been dishonest, she would have noted such.

                        Respectfully submitted,

                        */s/ Kyle A Khoury*
                        Salvador J. Pusateri, T.A. (#21036)
                        Kyle A. Khoury (#33216)
                        Kristian B. Dobard (#36997)
                        **PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
                        1100 Poydras Street, Suite 2250
                        New Orleans, Louisiana 70163
                        Telephone: (504) 620-2500
                        Facsimile: (504) 620-2510
                        Salvador.Pusateri@pjgglaw.com
                        Kyle.Khoury@pjgglaw.com
                        Kristian.Dobard@pjgglaw.com
                        **ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC**

---

[21] R. Doc. 94, pg. 12
[22] R. Doc. 104