**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>         **Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>         **Defendants** | **CIVIL ACTION NO:  3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

## DEFENDANTS' PROPOSED VERDICT FORM

1. Do you find by a preponderance of the evidence that Plaintiff, McArthur Griffin, injured his shoulder as a result of an incident onboard the *M/V Dustin Danos*?

    We, the jury, unanimously find:

    _____ YES          _____ NO

2. Do you find by a preponderance of the evidence that Plaintiff, McArthur Griffin, injured his neck as a result of an incident onboard the *M/V Dustin Danos*?

    We, the jury, unanimously find:

    _____ YES          _____ NO

3. Do you find by a preponderance of the evidence that Plaintiff, McArthur Griffin, injured his lower back as a result of an incident onboard the *M/V Dustin Danos*?

    We, the jury, unanimously find:

    _____ YES          _____ NO

If you answered "YES" to questions 1, 2, or 3, proceed to Question 4.

If you answered "NO" to questions 1, 2, and 3, sign and date this form and return it to the Marshal.

4. Do you find by a preponderance of the evidence that REC Marine Logistics, LLC was negligent AND that such negligence caused, in whole or in part, McArthur Griffin's alleged injury or injuries?

    We, the jury, unanimously find:

    _____ YES          _____ NO

5. Do you find by a preponderance of the evidence that Offshore Transport Services, LLC was negligent AND that such negligence caused, in whole or in part, McArthur Griffin's alleged injury or injuries?

    We, the jury, unanimously find:

    _____ YES          _____ NO

6. Do you find by a preponderance of the evidence that the *M/V Dustin Danos* was unseaworthy AND that such unseaworthiness was a proximate cause of McArthur Griffin's alleged injury or injuries?

    We, the jury, unanimously find:

    _____ YES          _____ NO

If you answered "YES" to Questions 4, 5, or 6, proceed to Question 7.

If you answered "NO" to Questions 4, 5, and 6, sign and date this form and return it to the Marshal.

7. Do you find by a preponderance of the evidence that McArthur Griffin was negligent AND that such negligence contributed, in whole or in part, to his alleged injury or injuries?

    We, the jury, unanimously find:

    _____ YES            _____ NO

8. What percentage of negligence or unseaworthiness that caused McArthur Griffin's alleged injuries do you attribute to each party or individual listed below?

    REC Marine Logistics, LLC            _____%

    Offshore Transport Services, LLC     _____%

    McArthur Griffin                     _____%

**(Assign fault only to those parties for whom you answered "YES" in questions 4, 5, 6, or 7 above. The sum of the percentages must equal 100%. The parties are listed in the same order as above, and the order does not in any way suggest allocation of fault)**

9. If you find that McArthur Griffin sustained any damages as a result of an incident onboard the *M/V Dustin Danos*, without taking into account the percentages of fault assigned in question 8, what amount of money would fairly and reasonably compensate McArthur Griffin for his injuries that resulted from such an incident?

| | |
|---|---|
| Past general damages, including: physical impairment, disfigurement, pain and suffering, mental anguish, and loss of enjoyment of life | $_____ |
| Future general damages, including: physical impairment, disfigurement, pain and suffering, mental anguish, and loss of enjoyment of life | $_____ |
| Past wage Loss | $_____ |
| Future loss of earning capacity | $_____ |
| Past medical expenses | $_____ |
| Future medical expenses | $_____ |

10. With respect to Plaintiff McArthur Griffin's alleged injuries, do you find that Plaintiff has reached maximum medical cure?

    We, the jury, unanimously find:

    _____ YES          _____ NO

11. Do you find that Defendant, REC Marine Logistics, LLC, owes any past or future maintenance and cure benefits to the Plaintiff, McArthur Griffin:

    We, the jury, unanimously find:

    _____ YES          _____ NO

4

If you answered "YES" to Question 11, please state the amount of maintenance and cure benefits you believe are owed below:

    **MAINTENANCE**    $_____


    **CURE**    $_____


Dated this _____ day of _____, 2022


_____

JURY FOREPERSON


    Respectfully submitted,

    */s/ Kyle A. Khoury*
    Salvador J. Pusateri, (#21036)
    Kyle A. Khoury, T.A. (#33216)
    Kristian B. Dobard (#36997)
    **PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
    1100 Poydras Street, Suite 2250
    New Orleans, Louisiana 70163
    Telephone: (504) 620-2500
    Facsimile: (504) 620-2510
    Salvador.Pusateri@pjgglaw.com
    Kyle.Khoury@pjgglaw.com
    Kristian.Dobard@pjgglaw.com
    **ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC**

    */s/ Alan R. Davis*
    Alan R. Davis
    Bar No. 31694
    Lorin R. Scott
    Bar No. 38888

5

**LUGENBUHL, WHEATON, PECK, RANKIN, & HUBBARD**
2772 Pan-American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: adavis@lawla.com
         lscott@lawla.com
**ATTORNEYS FOR QBE INSURANCE (EUROPE) LIMITED**