UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>　　　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>　　　　　　　　**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

**PROPOSED VOIR DIRE QUESTIONS**

**NOW INTO COURT,** through undersigned counsel, come Plaintiff, McArthur Griffin, and Defendants, REC Marine Logistics, LLC, Offshore Transport Services, LLC, and QBE Insurance (Europe) Limited, which hereby respectfully submit the following Proposed Voir Dire Questions:

**Plaintiff's Proposed Questions**

I. Background

    a. Plaintiff requests the Court inquire as to the occupations of each of the panelists as well as the occupations of the panelists' spouses and grown children.

    b. Do any of the panelists or their immediate family members work offshore or in the maritime industry?

    c. Is there anyone on the panel who has any familiarity with the maritime or offshore industry?

    d. Do any of the panelists or their immediate family members work in the oil and gas industry?

    e. Do any of the panelists or immediate family members work for insurance companies or otherwise adjust claims for a living?

  f. Is any panelist a member of an organization that supports tort-reform?

  g. Has any panelist supported tort reform efforts?

  h. Does anyone have a religious belief or personal belief that they cannot sit in judgment of another?

II. Knowledge or relationship to Parties or Attorneys

  a. The plaintiff in this case is McArthur Griffin.

    i. Mr. Griffin is 49 years and lives in Ville Platte, Louisiana. Does anyone know or know of Mr. Griffin?

    ii. In May 2018, Mr. Griffin was working as a deckhand offshore for REC Marine Logistics, LLC, an offshore transport and support company located south of New Orleans (in Raceland).

  b. REC Marine is a defendant in this case.

    i. Anyone work for or have any business dealing with REC Marine?

    ii. Anyone work or have any business dealings in the offshore industry?

  c. Offshore Transport Services, LLC is a defendant in this case.

    i. Anyone work for or have any business dealings with Offshore Transport Services, LLC?

  d. QBE Insurance (Europe) Limited is a defendant in this case.

    i. Anyone work for or have any business dealings with QBE Insurance (Europe) Limited?

  e. Anyone know or related to anyone who works for REC Marine, Gulf Offshore Logistics, or QBE Insurance (Europe) Limited?

III. Prior Legal Experience

    a. Does anyone have any legal experience or training?

    b. Anyone have family members that have legal experience or training?

    c. Anyone ever been a Plaintiff or Defendant in a lawsuit?

        i. If so, when?

        ii. What was the general nature of the dispute?

        iii. Was the panelist a plaintiff or defendant?

        iv. What was the outcome of the litigation?

        v. Is there anything about that experience that would cause the panelist to have any reservations or bias for or against either side?

    d. Have any of the panelists served as jurors before?

        i. If so, when?

        ii. What was the nature of the case?

        iii. Was a verdict reached?

    e. Is there anything about that experience that would cause the panelist to have any reservations or bias for or against any of the parties here?

IV. Incident

    a. Mr. Griffin claims he was injured aboard a vessel while working for REC Marine Logistics, LLC?  Do any of you know or have you heard about this incident?

    b. Have any of you been involved in any type of offshore incident or event that caused you to suffer any degree of injury (including family members)?

    c. Do any of you have any experience working in or for law enforcement (including family members)?

  d. Do any of you have any experience working in or with the U.S. Coast Guard (including family members)?

  e. Do any of you have any experience working with any U.S. Coast Guard regulations (including family members)?

  f. Besides the U.S. Coast Guard regulations, do any of you have any experience working with, and being required to follow, any regulations put forth by a governmental agency such as OSHA, for example?

  g. Do any of you have any experience investigating accidents – regardless of what type of accident or incident it may be (including family members)?

  h. Do any of have, or have you ever held, a job that is primarily a "safety" job (including family members)?

  i. Do any of you have, or have you ever had, a job where you evaluated claims or determined the value of a claim (including family members)?

  j. Have any of you ever worked in a risk management job (including family members)?

  k. Have any of you ever worked in the insurance industry (including family members)?

V. Jones Act, Unseaworthiness, Failure to Pay Maintenance and Cure, and Punitive Damages

  a. Mr. Griffin has appropriately filed this case as a Jones Act case. The Jones Act is a federal law passed many years ago to protect offshore workers like Mr. Griffin. There are two types of claims in this case under the Jones Act.

  b. Mr. Griffin's first claim under the Jones Act is that the Defendant was negligent, and that this negligence was a cause of his injuries. Negligence in a Jones Act case

4

is liberally interpreted. It includes any breach of duty that an employer owes to its employees who, like Mr. Griffin, are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the defendant's negligent act was the cause, in whole or in part, of injury to a seaman employee, then you must find that the employer is liable under the Jones Act. In other words, under the Jones Act, the Defendants bears the responsibility for any negligence that played a part, however slight, in causing Mr. Griffin's injury.

    i. Does anyone believe that, if Mr. Griffin shows negligence under the Jones Act, that he is not entitled to damages that result from that negligence?

c. Mr. Griffin's second claim is for what is called the unseaworthiness of Defendant's vessel. A shipowner owes every member of the crew employed on its vessel the absolute duty to keep and maintain the vessel and all its decks and passageways, appliances, gear, tools, parts, and equipment in a seaworthy condition at all times. A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend on negligence or fault or blame. If an owner does not provide a seaworthy vessel— a vessel that is reasonably fit for its intended use—no amount of care or prudence excuses the owner.

    i. Do any of you believe or hold the opinion that it is unfair or wrong to hold the Defendant liable for Mr. Griffin's injuries for an unseaworthy vessel?

5

        ii.    Do any of you believe or hold the opinion that it is unfair or wrong to hold the Defendant liable for an unseaworthy vessel even if there is no negligence, fault, or blame?

a. Mr. Griffin's third claim is that, as a seaman, he is entitled to recover maintenance and cure. This claim is separate and independent from both the Jones Act and the unseaworthiness claims. Maintenance and cure provides a seaman who is disabled by injury or illness while in the ship's service with medical care and treatment and the means of maintaining himself while he is recuperating.

        i.    Do any of you believe or hold the opinion that it is unfair or wrong to hold the Defendant responsible for paying for Mr. Griffin's maintenance and cure?

        ii.    Do any of you believe or hold the opinion that it is unfair or wrong to hold the Defendant responsible for paying Mr. Griffin's maintenance and cure even if there is no negligence, fault, or blame?

b. Mr. Griffin's fourth claim is for punitive damages. If an employer fails to pay maintenance and cure, and their failure to pay maintenance and cure was unreasonable and with the deliberate, Plaintiff is entitled to punitive damages and attorney's fees. The purpose of an award of punitive damages is to punish a defendant and to deter the defendant and others from such conduct in the future.

        i.    Do any of you believe or hold the opinion that it is unfair or wrong to punish the Defendant for not paying Mr. Griffin's maintenance and cure?

        ii. Do any of you believe or hold the opinion that it is unfair or wrong to punish the Defendant for not paying Mr. Griffin's maintenance and cure even if there is no negligence, fault, or blame?

    c. Is anyone automatically skeptical because this is a case involving an individual plaintiff and corporate defendants?

    d. Is there anyone that will automatically hold Plaintiff to a higher burden of proof than a preponderance of the evidence — i.e. they would require something closer to beyond a reasonable doubt or clear and convincing evidence in order to find for Plaintiff?

VI. Medical

    a. Mr. Griffin claims he injured his neck, back, shoulder, and other body parts in this incident. He has had surgery on his shoulder and has been recommended surgery on his cervical spine—his neck.

    b. Have any of you ever sustained an injury to any part of your spine to the extent you required any type of medical care or attention?

    c. Have any of you ever undergone any type of surgery to your shoulder?

    d. Have any of you ever undergone any type of surgery to your neck, such as a fusion or laminectomy – anything like that?

    e. Have any of you ever been seen or treated by a chiropractor?

    f. Do any of you have any experience or training in the medical or health field (including family members)?

      g. To the extent that Mr. Griffin had any prior or pre-existing injuries or conditions, he may still be compensated to the extent that the November 30, 2018 incident aggravated or made worse.

          i. Have any of you ever had any condition or injury that was later made worse by some new or additional event or incident?

          ii. Do any of you believe that a person like Mr. Griffin should not be compensated if REC's negligence made any pre-existing condition symptomatic or worse?

VII. Damages

      a. If you find for Mr. Griffin, he is entitled, under our law, to recover monetary damages for his injuries and the effects of those injuries.

      b. Is there anyone who believes, for whatever reason, that it is wrong or improper for a person to recover monetary damages for his or her injuries?

          i. If a person has been incarcerated or committed a felony, are they less deserving?[1]

          ii. Would you find it more difficult to award damages to a person who has been convicted of a crime or a person who committed a felony?[2]

---

[1] Plaintiff does not believe this question should be asked as Defendants should be precluded from offering any testimony and/or evidence of Mr. Griffin's prior arrests and/or convictions for the reasons more fully briefed in Plaintiff's Omnibus Motion in Limine. Plaintiff offers this question only if the Court does not exclude evidence of Plaintiff's prior irrelevant convictions, including the most-recent conviction from more than 10 years ago.

[2] Plaintiff does not believe this question should be asked as Defendants should be precluded from offering any testimony and/or evidence of Mr. Griffin's prior arrests and/or convictions for the reasons more fully briefed in Plaintiff's Omnibus Motion in Limine. Plaintiff offers this question only if the Court does not exclude evidence of Plaintiff's prior irrelevant convictions, including the most-recent conviction from more than 10 years ago.

       iii. If any of you were injured due to the negligence or fault of another, how many of you would, more likely than not, file a lawsuit to recover monetary damages?

       iv. How many of you, more likely than not, would not file such a lawsuit?

c. The Court will instruct you for the items Mr. Griffin is entitled to recover. Those are:

       i. His medical bills incurred or charged him for the care and treatment he has received.

       ii. His medical bills that, more likely than not, he will incur in the future or over the remainder of his lifetime.

       iii. Is there anyone that cannot award money for future medical care regardless of the evidence?

       iv. Is there anyone uncomfortable with the idea of money for future medical costs because of the uncertainty of things?

       v. Scaled Question – How comfortable are you in awarding damages for future medical care? 0 = completely uncomfortable; 10 = completely comfortable.

       vi. Is there anyone here that would require more than a preponderance of evidence in order to award damages for future medical care costs?

d. Is there anyone that does not believe in pain and suffering?

e. Is there anyone that will not under any circumstances, regardless of the evidence, award money for pain and suffering?

f. Is there anyone that would hold Plaintiff to a higher burden of proof than a preponderance of the evidence in awarding pain and suffering — i.e. would require

        something closer to clear and convincing or beyond a reasonable doubt in awarding pain and suffering?

    g. Some of the damages are subject to mathematical calculation. You can, for example, add up medical bills. You will have medical doctors discuss the cost for Mr. Griffins' future medical. Those will be your roadmap as to the amount to be awarded for those types of things.

    h. Other items of damages are not that way. They are left to you, based on your sense of fairness and the evidence you hear. Those items are mental anguish and physical pain – those types of things.

    i. You will not hear evidence as to what the "amount" of Mr. Griffin's pain has been or will be. You, as our "conscience of the community" will determine that.

    j. The attorneys can recommend amounts. You can consider how long the suffering has been and how long the suffering over his lifetime will be.

    k. The Plaintiff, through his attorneys, have advised the Court that the amount of damages sought will be substantial. The Court believes that amount will be well in excess of $1,000,000 and the Court will allow you as jurors to consider those amounts.

    l. Is there anyone who, for whatever reason, feels you could not award damages in the millions of dollars – even for items such as physical pain and mental anguish?

VIII. Miscellaneous

    a. Do any members of the jury panel have any legal experience or any background in legal matters? If so, please describe.

    b. Does any panelist have any accounting experience or any background in accounting matters?

    c. Does any panelist have any strong feelings or any bias against lawyers?

    d. Does anyone here think that jury awards are generally too high? Too low? About right?

    e. Does anyone here thing that there are problems with the civil justice system?

    f. If YES, is the problem with the system itself or the lawyers filing the lawsuits?

    g. If you or someone close to you experienced injury due to what you believed was a matter of negligence, would you explore the filing of a lawsuit, or support the injured person in their efforts to do so?

    h. Do you know personally of any cases in which an on-the-job accident resulted in permanent injury to a person?

    i. Do any of you know of anything else that might affect your ability to be a fair and impartial juror in this case, or affect your ability to serve as a juror for the term of this trial? If so, please describe.

## DEFENDANTS' PROPOSED QUESTIONS

1. Do any of you personally have any negative bias towards small, individually owned companies?

2. Do any of you believe that individually owned companies in general do not care about the safety of their employees?

3. If all you knew was that an employee was suing his employer for personal injuries, would you assume, without knowing any other facts, that the employer did something wrong?

4. Would any of you consider the size and financial success of a company in awarding damages? If so, would you award greater damages to compensate for an employee's injury solely because the company is financially successful?

5. Would any of you consider whether or not a company has insurance in awarding damages? If so, would you award greater damages to compensate for an employee's injury solely because the company has insurance?

6. Have any of you ever heard of REC Marine Logistics, LLC? If so, what is your opinion of REC Marine Logistics, LLC as a company?

7. Have any of you ever heard of Offshore Transport Services, LLC? If so, what is your opinion of Offshore Transport Services, LLC as a company?

8. Have any of you ever worked offshore or in the maritime industry? If so, in what capacity and for how long?

9. Do you know anyone who has ever been involved in a lawsuit and has developed a negative opinion of the lawyers and the legal system as a result? If so, will such experience impact your ability to weigh the evidence impartially in a personal injury case involving an alleged work-related injury?

10. Have any of you worked in a legal position. If so, in what capacity did you work and was it primarily for plaintiffs or for defendants?

11. Do any of you personally have any negative opinion of lawyers or the fairness of the judicial system? If so, please explain.

12. Have any of you ever been involved in a lawsuit against your employer for a work-related injury? If so, what was the result of this lawsuit? Will this experience impact your ability to weigh the evidence impartially in a personal injury case involving an

alleged work-related injury?

13. Do any of you believe that an employer is solely responsible for an employee's work-related injury regardless of whether or not the employee contributed to his own injury?

14. Have any of you ever sustained an on-the-job injury? If so, did you seek and were denied any medical benefits or compensation from your employer?

15. Have you ever sustained a shoulder, neck, back or leg injury requiring surgery or an injury that otherwise kept you from working? If so, what were the circumstances of how your injury occurred?

16. Do you know or have you previously met any other members of the jury panel?

Respectfully submitted,

**MORROW & SHEPPARD LLP**

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
*jsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

AND

Brilliant Clayton (#36829)
**CLAYTON FRUGE WARD**
bclayton@claytonfruge.com
3741 La. Hwy 1 South
Port Allen, LA 70767
Telephone: 225.250.1435
Facsimile: 225.383.7631

*Attorneys for Plaintiff*

13

*/s/ Kyle A Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
Kristian B. Dobard (#36997)
**PUSATERI, JOHNSTON, GUILLOT**
**& GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC**

*/s/ Alan R. Davis*
Alan R. Davis
Bar No. 31694
Lorin R. Scott
Bar No. 38888
**LUGENBUHL, WHEATON, PECK,**
**RANKIN, & HUBBARD**
2772 Pan-American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: adavis@lawla.com
         lscott@lawla.com
**ATTORNEYS FOR QBE INSURANCE (EUROPE), LTD**