UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MCARTHUR GRIFFIN § | |
| § | |
| Plaintiff § | |
| § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| § | |
| *Versus* § | |
| § | |
| § | |
| REC MARINE LOGISTICS LLC, ET AL. § | **TRIAL BY JURY DEMANDED** |
| § | |
| Defendants § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S THIRD MOTION TO COMPEL DOCUMENTS FROM REC MARINE LOGISTICS, LLC OR, IN THE ALTERNATIVE, MOTION TO STRIKE REC MARINE LOGISTICS, LLC'S *MCCORPEN* DEFENSE**

Plaintiff, McArthur Griffin, respectfully submits this memorandum in support of his Third Motion to Compel Documents from REC Marine Logistics, LLC or, in the Alternative, Motion to Strike REC Marine Logistics, LLC's *McCorpen* Defense ("Plaintiff's Motion"). Plaintiff requests that REC Marine Logistics, LLC ("REC Marine") be ordered to: (a) respond fully, completely, without objection, and in writing to Plaintiff's Second Requests for Production and Second Interrogatories that were served upon them on March 2, 2021. In the alternative, Plaintiff requests that the *McCorpen* defense be stricken as a consequence for REC Marine's continued obstruction, which is especially egregious given the recent sanction imposed on REC Marine's counsel by this Court.

### I.      BACKGROUND

This is a personal injury case involving a Jones Act seaman. Plaintiff filed the instant lawsuit on April 22. 2019. *See* Doc. 1. Approximately a year later, on April 29, 2020, REC Marine filed an Answer. *See* Doc. 14. Notably, REC Marine did not assert an affirmative defense known

as the *McCorpen* defense (REC Marine chose to wait 434 days to seek leave to amend their Answer to assert the *McCorpen* defense).[1] On April 28, 2021, Plaintiff filed a motion to compel. *See* Doc. 63. The Court terminated Plaintiff's motion to compel because the parties had not sufficiently conferred on the issues raised in Plaintiff's motion to compel. *See* Doc. 65. On May 12, 2021, Plaintiff filed an amended motion to compel. *See* Doc. 67. The Court denied Plaintiff's Amended Motion to Compel because REC Marine had not yet pled the *McCorpen* defense and advised counsel that if the *McCorpen* defense was pled, Plaintiff would be entitled to discovery on the *McCorpen* defense. REC Marine sought leave to amend their Answer to assert the *McCorpen* defense on July 7, 2021. *See* Doc. 77. On January 14, 2022, the Court granted REC Marine leave to amend their Answer and sanctioned REC Marine's counsel.[2]

After REC Marine was granted leave to amend their Answer, the Court held a teleconference and provided guidance to the parties regarding the look back period and the parameters of *McCorpen*-related discovery. *See* Doc. 100. REC Marine has provided records for two employees that noted injuries to their neck and/or back on February 11, 2022. However, REC Marine has not produced the records it claims support its *McCorpen* defense.

REC Marine has claimed that their *McCorpen* defense is supported by the fact that Plaintiff had been in car accidents prior to his injury in this case. *See* Doc. 69 at pg. 5-6 ("At this time, it appears REC Marine may have a viable *McCorpen* defense to any claim by plaintiff for maintenance and cure benefits associated with an alleged injury to his neck or low back. Griffin applied for a job with REC Marine on April 19, 2016. (See Exhibit B). Approximately two years

---

[1] This issue has been heavily briefed by Plaintiff. *See* Doc. 63, 67, 73, 112, 114. Plaintiff incorporates that briefing herein.

[2] REC Marine filed an objection to the sanctions portion of the Court's Order. Doc. 104. Following REC Marine's objection, Judge Jackson advised the parties that he would conduct a *sua sponte* review of the sanctions order. *See* Doc. 106. Plaintiff filed a response and sur-reply to REC Marine's objection. A hearing REC Marine's objection was held on February 22, 2022.

earlier, on April 10, 2014, he filed suit in the 15th Judicial District Court for the Parish of Lafayette seeking to recover damages for injuries related to a car accident… Griffin did not disclose the car accident to REC Marine when he applied for a job, and did not disclose the fact that he had brought suit for neck and back injuries arising from the car accident in 2014. This is despite the fact that REC Marine's employment application asked whether plaintiff had been in 'any motor vehicle accident or had your license suspended during the past five (5) years.'").

Despite making the claim that Plaintiff's failure to disclose a motor vehicle accident on a form supports its *McCorpen* defense, presumably because REC Marine would have performed additional screening and/or testing before hiring Plaintiff, REC Marine will not produce any records showing additional screening performed on employees that reported car accidents.

For years, REC Marine benefitted from not pleading the *McCorpen* defense, because they knew they could avoid discovery on this issue if the defense was not pled. Now that they have been given leave to plead the *McCorpen* defense, REC Marine is engaging in the same discovery abuses that have plagued this case from the start, now on the eve of trial. REC Marine should not be rewarded for this behavior.

### I.    ARGUMENT AND AUTHORITY

#### A.    THE DISCOVERY AND RELIEF SOUGHT BY PLAINTIFF IS AUTHORIZED

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses as proportional to the needs of the case." *See* FED. R. CIV. P. 26(b)(1). A court may compel responses to discovery if the opposing party does not adequately or fully answer a discovery request. *See* FED. R. CIV. P. 37(a)(3)(B).

B.  **REC Marine Has an Obligation to Fully Respond to Plaintiff's Requests for Production and Interrogatories Related to Its *McCorpen* Defense**

Plaintiff issued discovery targeting REC Marine's *McCorpen* defense:

> REQUEST 2: Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired. For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed McCorpen defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

> INTERROGATORY 3: Identify all persons who disclosed medical facts and/or preexisting injuries before they were hired.

*See* Exhibit 1 (Plaintiff's Second Requests for Production and Second Interrogatories).

After multiple motions to compel and hearings, REC Marine finally produced two employee files in connection with the above request for production. However, REC Marine has not produced all the records it has in its possession that support its *McCorpen* defense.

As discussed *supra*, REC Marine has claimed that their *McCorpen* defense is supported by the fact that Plaintiff had been in car accidents prior to his injury in this case. *See* Doc. 69. It is clear that REC Marine intends to argue or suggest to a jury that Plaintiff's failure to report a car accident in writing constitutes some type of concealment that would impact their decision to let him work for them.

Plaintiff and asks that the Court to order REC Marine to produce all employment applications and documents reflecting discussion/analysis of medical facts and/or preexisting injuries for REC Marine employees that disclosed prior car accidents to REC Marine in writing prior to being hired by REC Marine.

### C. THE *MCCORPEN* DEFENSE SHOULD BE STRICKEN FROM REC MARINE'S ANSWER

In the alternative, due to REC Marine's repeated and ongoing discovery abuse, the Court should strike the *McCorpen* defense from REC Marine's Answer. Federal Rule of Civil Procedure 37 authorizes sanctions for discovery misconduct which include striking pleadings, striking defenses, collecting attorney fees, and cost. *See* FED. R. CIV. P. 37(a)(4), (2)(A), and (2)(C); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030 (5th Cir. 1990); *Chilcutt v. US*, 4 F.3d 1313 (5th Cir. 1993).

It is axiomatic that REC Marine must respond to discovery requests related to defenses they intend to argue. Federal Rule of Civil Procedure 26(b)(1) explicitly authorizes discovery of information related to defenses asserted by a party. *See* FED. R. CIV. P. 26(b)(1). Nevertheless, REC Marine has made the choice to selectively respond to written discovery requests (again). REC Marine's *McCorpen* defense should be stricken.

A court imposes discovery sanctions to (1) secure compliance with the rules of discovery (2) deter others from violating them, and (3) punish those who do violate them. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). A court may impose severe sanctions when a party's recalcitrance is due to willfulness or bad faith. *Nat'l Hockey League*, 427 U.S. at 643; *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005); *Baba v. Japan Travel Bur. Int'l*, 111 F.3d 2, 5 (2d Cir. 1997); *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). Before sanctions are administered by the Court it must evaluate the discovery misconduct by four factors–was the subject conduct: 1) willful and in bad faith; 2) attributable to the client rather than the attorney; 3) substantially prejudicial to the opposing party; and 4) a lesser sanction would be an ineffective deterrent. *See Coane,* 898 F.2d at 1032.

A court may consider a party's actions in a related case to determine whether a party acted willfully or in bad faith. *See Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998); *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir.1979) ("Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction."); *Emerick v. Fenick Indus., Inc.*, 539 F.2d at 1381 ("[W]hen a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion."). REC Marine's discovery misconduct is willful and in bad faith.

As briefed in (a) Plaintiff's Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders (Doc. 15), (b) Plaintiff's Memorandum in Response to REC Marine Logistics, LLC et al.'s Motion to Stay (Doc. 22), and (c) Plaintiff's Reply Memorandum in Further Support of its Motion to Enforce, Compel Discovery, and Sanctions for Violating Court Orders (Doc. 31), (d) Plaintiff's Motion to Compel (Doc. 63), (e) Plaintiff's Amended Motion to Compel (Doc.67), (f) Plaintiff's Response to Vessel Defendants' Objection to Magistrate Judge's Order (Doc. 112), and (g) Plaintiff's Sur-Reply to Vessel Defendants Objection to Magistrate Judge's Order (Doc. 114), REC Marine has demonstrated a pattern involving refusals to comply with discovery orders, a lack of candor to the Court, and willful obstruction the discovery process. *See* Doc. 15, 22, 31, 63, 67, 112, and 114.

Moreover, without full responses to the above request for production, Plaintiff will be severely disadvantaged in challenging the claims that (a) Plaintiff intentionally misrepresented or concealed medical facts; (b) Plaintiff's purported non-disclosed facts were material to REC Marine's decision to hire Plaintiff (Plaintiff does not concede that he was hired by REC Marine—Plaintiff was transferred to REC Marine when it absorbed personnel from another company that

did hire Plaintiff); and (c) there is some connection exists between the information the REC Marine's claim has been withheld and Plaintiff's injuries.

It is clear that a lesser sanction would not deter REC Marine's discovery misconduct given the fact that it is still refusing to provide full responses to discovery after its counsel were sanctioned. The parties have trudged this road before. REC Marine was ordered to respond to discovery before this case was removed and REC Marine refused to comply with the order compelling discovery.

There is a pattern in this case REC Marine's conduct is going to continue unless they are appropriately sanctioned for their conduct.

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
msfiling@morrowsheppard.com
dsheppard@morrowsheppard.com
jsheppard@morrowsheppard.com
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

AND

Brilliant Clayton (#36829)
**CLAYTON FRUGE WARD**
3741 La. Hwy 1 South
Port Allen, LA 70767
Telephone: 225.250.1435
Facsimile: 225.383.7631

*Attorneys for Plaintiff*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard