**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>　　　　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>　　　　　　　　　**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

**REC MARINE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION AND INTERROGATORIES**

**NOW INTO COURT**, through undersigned counsel, come defendants, REC Marine Logistics, LLC (REC) and Offshore Transport Services, LLC ("Offshore Transport") (hereinafter sometimes collectively referred to as "Defendants"), who supplement their responses to the Second Requests for Production and Interrogatories propounded by Plaintiff, McArthur Griffin ("Plaintiff"), as follows:

**GENERAL OBJECTIONS**

Defendants generally objects to Plaintiff's Second Requests for Production and Interrogatories as follows:

1. Defendants generally object to the discovery requests as they seek the knowledge of a business over the period of its existence. An entity in and of itself, possesses no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or understanding as to any given matter at any given time.

2. Discovery and investigation in this case are continuing. The right to supplement and amend these responses with additional information, or if errors are discovered, is specifically reserved. These responses are also given without prejudice to defendants' rights to rely at trial on subsequently discovered information or information inadvertently omitted in these responses as a result of mistake, error or oversight.

3. These responses are made solely for the purposes of the instant action. They are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all objections and grounds that would require the excluding of any statements contained herein at trial.

4. Defendants generally object to the discovery to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine or the anticipation of litigation privilege. Defendants generally object to the extent that the discovery seeks information which is irrelevant and immaterial to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, by providing responses to the discovery requests, Defendants do not waive any objections as to the admissibility at trial.

5. Defendants generally object to the extent that the discovery seeks the disclosure of the mental impressions, conclusions, memoranda, notes or summaries, legal research or legal theories of defendants' attorneys, and to the extent that the discovery requires disclosure of the mental impressions, conclusions or opinions of

defendants' representatives insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

6. Defendants object to this discovery insofar as it seeks confidential business information without any showing of need that would justify requiring defendants to make such disclosure.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired. For the purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense. *See McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547, 548 (5th Cir. 1968).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to Request No. 2 in that it seeks the confidential medical information of individuals who are not parties to this litigation. Defendants further object to Request No. 2 in that it is overly broad, unduly burdensome, and not proportional to the needs of this case. The Request is not limited in time. Furthermore, plaintiff was not (nor has he ever been) employed by Offshore Transport. Moreover, GOL and Gulf Offshore have been dismissed. Accordingly, any employment records maintained by Offshore Transport, GOL, or Gulf Offshore have no conceivable relevance to this case.

Subject to the foregoing objections, Defendants further respond consistently with U.S. Magistrate Judge Erin Wilder-Doomes's Telephone Conference Report dated January 24, 2022 (Rec. Doc. 100) and produce herewith the applications for employment of Employee "A" and Employee "B", redacted to remove all personal information, as being responsive to "information regarding

deckhands who applied with REC Marine and reported neck and back injuries during the 'look back' time period of April 2016 (the date Plaintiff applied for employment with REC Marine) through April 2018." (Rec. Doc. 100) Those documents are attached hereto as REC-002141 - 002176.

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 3:

Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

### SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3:

Defendants object to Interrogatory No. 3 in that it seeks information which is neither relevant, nor likely to lead to the discovery of admissible evidence. Defendants further object to Interrogatory No. 3 in that it is overly broad, unduly burdensome, and not proportional to the needs of the case. More particularly, Interrogatory No. 3 is not limited in time, and seeks information from four separate companies, which would require these companies to search through the personnel files of all individuals ever employed to determine whether said individuals disclosed "medical facts and/or pre-existing injuries." Two of those entities (GOL and Gulf Offshore) have now been dismissed from this case. Furthermore, Plaintiff has never been employed by Offshore Transport. Accordingly, any responsive information in the possession of Offshore Transport, GOL, or Gulf Offshore could have no conceivable relevance to this case.

Subject to the foregoing objections, Defendants further respond that based upon information and belief all REC Marine employees "were required to complete an employment application with REC Marine" in 2016, as did McArthur Griffin. (Rec. Doc. 100, p. 2). Defendants further respond that the "transitioning process" of employees of JNB Operating to REC Marine took place in April, 2016, with employment with REC Marine effective on May 1, 2016. (Rec. Doc. 100, p. 3). Finally,

Defendants refer plaintiff to the documents being produced in Supplemental Response to Request for Production No. 2.

Respectfully submitted:

/s/ Kyle Khoury
Salvador J. Pusateri T.A. (#21036)
Kyle A. Khoury (#33216)
PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
ATTORNEYS FOR GOL, LLC, REC MARINE LOGISTICS, LLC, and OFFSHORE TRANSPORT SERVICES, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2021, I served the foregoing document by electronic means (email) upon all counsel of record in this case.

/s/ Kyle Khoury