UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN     CIVIL ACTION

VERSUS

REC MARINE LOGISTICS LLC, ET AL.     NO. 20-00092-BAJ-EWD

### RULING AND ORDER

**WHEREAS**, on January 28, 2022, Defendants submitted an **Objection To The Magistrate Judge's Ruling And Order Pursuant To F.R.C.P. 72 (Doc. 104, the "Objection")**, which challenges the Magistrate Judge's January 14, 2022 Order (Doc. 94) allowing Defendants to amend their operative Answer to assert an affirmative defense under *McCorpen v. Cent. Gulf S. S. Corp.*, 396 F.2d 547 (5th Cir. 1968) to the extent that the January 14 Order also sanctioned Defense Counsel $1,000 in attorney's fees to compensate Plaintiff "for unnecessary costs and delays associated with the failure to timely indicate an intent to assert the *McCorpen* defense, despite multiple opportunities to do so after notice that the defense was not contained in the . . . Defendants' Answer" (Doc. 94 at 13-14);

**WHEREAS**, on February 23, 2022, the Court heard oral argument regarding Defendants' Objection;

**WHEREAS**, at the February 23 oral argument, the Court specifically advised the parties that its review of Defendants' Objection may result in reversal of the Magistrate Judge's January 14 Order in full or in part, and may result in further

proceedings to determine whether sanctions should be imposed against Defendants and/or Defense Counsel based on Defendants' failure to timely assert the *McCorpen* defense, and thereafter took the matter under advisement;

**WHEREAS**, the U.S. Court of Appeals for the Fifth Circuit has clearly held that "in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith'" *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995) (quotation marks and alteration omitted);

**WHEREAS**, the Magistrate Judge's January 14 Order imposes sanctions against Defense Counsel without also making a specific finding of bad faith, and is therefore contrary to controlling Fifth Circuit law; and

**WHEREAS**, upon consideration of the parties' arguments, and upon review of the factual and procedural history resulting in the Magistrate Judge's January 14 Order, the Court has independently determined that cause for sanctions against Defendants and/or Defense Counsel may exist based on various acts and omissions resulting in Defendants' failure to timely assert the *McCorpen* defense (set forth below);

**IT IS ORDERED** that Defendants' **Objection To The Magistrate Judge's Ruling And Order Pursuant To F.R.C.P. 72 (Doc. 104)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's January 14, 2022 Order be and is hereby **VACATED IN PART**, to the limited extent that the January 14 Order imposes a sanction of $1,000 in attorney's fees against

Defense Counsel pursuant to the Court's inherent powers.

**IT IS FURTHER ORDERED** that the Court's January 21, 2022 Order (Doc. 98) granting Defendants' request for leave to deposit funds into the registry of the Court in satisfaction of the sanctions imposed by the Magistrate Judge's January 14 Order be and is hereby **VACATED**, and that all funds deposited by Defendants in response to the Magistrate Judge's January 14 order be and are hereby **REFUNDED** to Defense Counsel.

**IT IS FURTHER ORDERED** that within 21 days of the date of this Order, Defendants shall **SHOW CAUSE** why sanctions should not be imposed pursuant to:

- Federal Rule of Civil Procedure 11, based on Defendants' June 10, 2021 Opposition To Plaintiff's Amended Motion To Compel Discovery Responses, wherein Defendants did not disclose their failure to assert a *McCorpen* defense and repeatedly challenged Plaintiff's "claim[]" that the *McCorpen* defense "has not actually been asserted," (Doc. 69 at 2, 7), despite current Defense Counsel having learned no later than April 28, 2021 "that prior counsel for the Vessel Defendants did not formally assert the *McCorpen* defense in the Vessel Defendants' original Answer" (Doc. 104-1 at 11);

- Federal Rule of Civil Procedure 16(f), based on Defendants' failure to seek leave to amend their Answer to assert the *McCorpen* defense until July 7, 2021—more than 9 months after current Defense Counsel's October 6, 2020 enrollment this case (Doc. 46); more than 7 months after the expiration of the November 18, 2020 deadline to amend pleadings (Doc. 41); and more than two months after April 28, 2021, when "[D]efense [C]ounsel learned . . . that prior counsel . . . did not formally assert the *McCorpen* defense in the Vessel Defendants' original Answer" (Doc. 104-1 at 11);

- Federal Rule of Civil Procedure 26(g) and/or Federal Rule of Civil Procedure 37(a), based on Defendants' April 28, 2021 Responses to Plaintiff's Second Requests for Production and Interrogatories (Doc. 67-3), wherein Defendants did not disclose their failure to assert a *McCorpen* defense, in light of Defendants' admission that "[c]urrent [D]efense [C]ounsel learned through Plaintiff's original Motion to Compel on April 28, 2021 that prior counsel for the Vessel Defendants

did not formally assert the *McCorpen* defense in the Vessel Defendants' original Answer" (Doc. 104-1 at 11);

- Local Civil Rule 83(b)(6) and 83(b)(1), and Louisiana Professional Conduct Rules 1.1, 1.3, 3.3, 3.4, and 8.4(c), based on Defense Counsel's initial failure to thoroughly and diligently prepare and assert Defendants' *McCorpen* defense, and subsequent failure to disclose to the Court and to opposing counsel that the *McCorpen* defense had not been asserted despite learning of this fact no later than April 28, 2021; *and*

- This Court's inherent powers, based on the cumulation of the foregoing acts and omissions.

Possible sanctions may include, but are not limited to, payment of Plaintiff's attorney's fees incurred as a result of the foregoing acts and omissions, an Order barring Defendants from asserting the *McCorpen* defense in these proceedings and striking Defendants' *McCorpen* defense from the Amended Answer, reprimand, ethics training, suspension, disbarment, and/or payment of a civil fine.

**IT IS FURTHER ORDERED** that, consistent with Local Civil Rule 83(b)(12), this Order and the facts contained herein shall serve as notice (i) of the possibility of disciplinary action against Defense Counsel based on the facts set forth herein; and (ii) that Defense Counsel is entitled to counsel throughout these disciplinary proceedings.

**IT IS FURTHER ORDERED** that, consistent with Local Civil Rule 83(b)(12), the Clerk of Court shall assign this Order to show cause a miscellaneous action number, and shall forward a copy of this Order to Defense Counsel and to the Chief Judge.

**IT IS FURTHER ORDERED** that the jury trial set to begin on March 21, 2022 is hereby **CONTINUED** without date.

Separately, the Court shall set a hearing on the disciplinary issues set forth herein.

Baton Rouge, Louisiana, this 9th day of March, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA