## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

### OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD MOTION TO COMPEL OR, IN THE ALTERNATIVE, TO STRIKE REC MARINE LOGISTICS, LLC'S *MCCORPEN* DEFENSE

**MAY IT PLEASE THE COURT:**

The Plaintiff, McArthur Griffin, has filed a Motion for Leave to file a Third Motion to Compel.[1] In the alternative, he asks this Court to strike the *McCorpen* defense recently pled by Defendant, REC Marine Logistics, LLC ("REC Marine"), in its Amended Answer.[2] REC Marine files this Opposition to Plaintiff's Motion, and requests that the Motion be denied for the reasons below.

Plaintiff seeks to compel further supplemental responses to discovery requests propounded in March of 2021. REC Marine responded to those discovery requests on April 28, 2021.[3] After two hearings which addressed an initial Motion to Compel and an Amended Motion to Compel regarding the same set of discovery, this Court issued guidance to the parties on narrowing the scope of two particular discovery requests at issue, and indicated that the Court would order discovery within the

---

[1] R. Doc. 125
[2] R. Doc. 95
[3] See Responses to Plaintiff's Second Requests for Production and Interrogatories dated April 28, 2021, attached hereto as Exhibit A.

scope of that guidance should REC Marine be granted leave to amend its Answer to assert a *McCorpen* defense.[4] The two discovery requests at issue are as follows:

> **REQUEST FOR PRODUCTION NO. 2:** Produce all Documents reflecting the pre-employment disclosure of medical facts and/or pre-existing injuries for persons hired by Defendants, as well as any Documents reflecting the Defendants' discussion/analysis of such facts or injuries before they were hired. For purposes of this request for production, the Documents being requested are those for employees that worked aboard vessels owned, operated, controlled, and/or managed by Defendants and/or for persons hired that were/are classified as seamen. This request seeks information related to Defendants' claimed *McCorpen* defense.
>
> **INTERROGATORY NO. 3:** Identify all persons who disclosed medical facts and/or pre-existing injuries before they were hired.

The above-referenced discovery requests sought the personal protected information, including medical and other confidential information, of all current and former employees of four separate defendants (two of which have now been dismissed on summary judgment) for an unlimited time. This was despite the fact that REC Marine, as Plaintiff's employer, was the only entity even arguably responsible for maintenance and cure, and therefore the only entity that could possibly have a *McCorpen* defense. The Defendants objected to the above requests, arguing that such were overly broad as they would require four companies (three of which never employed the Plaintiff) to search through the personnel files of all individuals ever hired to determine whether said individuals disclosed "medical facts and/or pre-existing injuries."[5]

In this Court's Hearing Report and Order dated June 24, 2021, the Court agreed that Plaintiff's discovery requests were too broad. The Court further stated that, if REC Marine was granted leave to assert a *McCorpen* defense, Plaintiff's discovery should be limited to "the pre-employment disclosures of *REC Marine employees* in *similar job positions* with *similar previous injuries* as

---

[4] R. Doc. 75, pg. 4
[5] Exhibit A; See also R. Doc. 69, pg. 2

Plaintiff."[6] During the Zoom hearing, the Court was even more specific, indicating that it would expect the production of records pertaining to other employees who had the "same job" as Plaintiff (i.e., deckhand).[7]

On January 14, 2022, REC Marine was granted leave to file a comprehensive Amended Answer.[8] The Amended Answer was filed on January 21, 2022, and formally asserted a *McCorpen* defense.[9] REC Marine then supplemented its discovery responses in accordance with the Court's prior guidance. To do so, REC Marine conducted an extensive search of records pertaining to all deckhands who applied to work for the company during the two-year period from April 2016 through April 2018. The records were then reviewed to determine any individuals who disclosed neck and/or back injuries. REC Marine's supplemental discovery responses, along with responsive documents, were produced on February 11, 2022.[10]

At a telephone conference on January 24, 2022, the Court asked whether additional time was needed for discovery given the recent grant of leave to file an Amended Answer. As noted in a Telephone Conference Report, "Plaintiff advised that he requires Defendants' responses to written discovery regarding the *McCorpen* defense and, probably, an additional deposition, but if Defendants timely provide their responses and agree to the deposition, Plaintiff will not need additional time (at this point)."[11] After supplementing its discovery responses on February 11, 2022, counsel for REC Marine sent an email to Plaintiff's counsel on February 17, 2022, asking if Plaintiff intended to request any deposition testimony in light of REC Marine's supplemental discovery responses.[12] Plaintiff's

---

[6] R. Doc. 75, pg. 4 (emphasis in original)
[7] See Transcript of June 24, 2021 hearing, pgs. 12-13, attached hereto as Exhibit B
[8] R. Doc. 94, pg. 14
[9] R. Doc. 95
[10] See Supplemental Responses to Plaintiff's Second Requests for Production and Interrogatories, attached hereto as Exhibit C
[11] R. Doc. 100, pg. 2
[12] See email correspondence between counsel, attached hereto as Exhibit D.

3

counsel responded on February 21, 2022, and did not indicate an intent to request a deposition, but instead informally requested an entirely new set of documents from REC Marine. More particularly, counsel stated "as REC argues that Plaintiff's response to a question involving accidents and drivers' license suspensions is the means REC uses to determine injuries for prospective employees, please produce all applications that have an affirmative response to that question."[13] The question on REC Marine's employment application to which Plaintiff is referring states "Have you had any motor vehicle accident or had your license suspended during the past five (5) years?"[14] In the Motion presently before the Court, Plaintiff references REC Marine's Opposition to his prior Amended Motion to Compel, wherein REC Marine points out that two years before completing an employment application to work for REC Marine, Plaintiff filed a lawsuit related to a car accident in which he alleged injuries to his lower back and neck.[15] REC Marine further noted in its Opposition that Plaintiff did not disclose this prior accident (which resulted in injuries to his lower back and neck) despite the fact that REC Marine's employment application asked about any motor vehicle accidents within the past five years.[16]

Plaintiff contends that, because REC Marine is claiming his "failure to disclose a motor vehicle accident on a form supports its *McCorpen* defense," he is entitled to the personnel records of other employees who disclosed that they had been in car accidents or had their drivers' licenses suspended. It is difficult to overstate just how far outside the bounds of relevance this informal request has now gone. Furthermore, Plaintiff fundamentally misconstrues REC Marine's argument. REC Marine is not claiming it has a *McCorpen* defense simply because Plaintiff lied about a car accident on his April 2016 employment application. Rather, REC Marine's position is that it has a *McCorpen*

---

[13] Exhibit D
[14] See Plaintiff's employment application, attached hereto as Exhibit E.
[15] R. Doc. 69, pgs. 5-6
[16] *Id.*

4

defense because plaintiff did not disclose that only two years before applying to work for REC Marine he filed a lawsuit claiming "severe and permanent injuries to…his lower back, back, and neck…" It just so happens that a car accident was the source of those injuries. REC Marine notes that its employment application specifically asked whether Plaintiff had "ever been a party (either as a plaintiff or defendant) to a lawsuit," and, if so, requested a "brief explanation of the claims."[17] Despite having filed a lawsuit in 2014 claiming lower back, back and neck injuries, Griffin left this section of the application blank.[18]

Setting aside the above, there are additional independent reasons why Plaintiff's Motion should be denied. First, apparently recognizing that he never issued a formal discovery request for the information now sought, Plaintiff attempts to fit the information and documents he currently seeks within Request for Production No. 2 and Interrogatory No. 3 set forth above. However, his informal request for the employment applications of all individuals who responded affirmatively to a question asking whether they had been in a car accident in the preceding five years is not even arguably within the ambit of those discovery requests. Request No. 2 and Interrogatory No. 3 ask for documents and information reflecting the pre-employment disclosure of "medical facts and/or pre-existing injuries." A car accident is neither a "medical fact" nor a "pre-existing injury."

Secondly, Plaintiff's Motion should be denied because counsel for the Plaintiff has once again failed to sufficiently confer with defense counsel before bringing an unnecessary motion. As noted above, the informal request which Plaintiff seeks to compel a response to was made in an email from Plaintiff's counsel on February 21, 2022, stating "as REC argues that Plaintiff's response to a question involving accidents and drivers' license suspensions is the means REC uses to determine injuries for prospective employees, please produce all applications that have an affirmative response to that

---

[17] Exhibit E
[18] *Id.*

5

question."[19] On February 25, 2022, counsel for REC Marine called and spoke to Plaintiff's counsel by phone to advise that the informal request sought documents which were not relevant because REC Marine did not intent to argue that a "response to a question involving accidents and drivers' license suspensions is the means REC uses to determine injuries for prospective employees." Plaintiff's counsel responded that he wanted to check with his law partner on whether they would need this confirmed in writing in order to withdraw the informal request. Plaintiff's counsel never contacted defense counsel again regarding the matter, instead choosing to file another Motion to Compel on March 4, 2022 (11 days after his informal request) asking this Court to compel the production of documents which were never put in a formal discovery request and are completely outside the scope of this Court's guidance on the documents that REC Marine should produce. Having to respond to such a motion to compel is a waste of resources for both the Court and defense counsel.

Lastly, the Motion should be denied because REC Marine does not have any responsive documents or information to produce. Even if Plaintiff had issued a formal discovery request for the personnel records of employees who disclosed being in a car accident or having their drivers' license suspended within the five years preceding their employment application, it seems clear the Court would nevertheless restrict such request in line with its prior guidance to the parties. In other words, such a request would still be limited to individuals who applied to work for REC Marine during the look-back period between April 2016 and April 2018 (Plaintiff's period of employment with REC Marine), and would still be limited to REC Marine employees who, like Plaintiff, were deckhands, and who disclosed having sustained injuries to their neck or back (the injuries for which a *McCorpen* defense is being asserted). The personnel files of the only two employees who satisfy these criteria

---

[19] Exhibit D

were produced with REC Marine's supplemental discovery responses of February 11, 2022.[20] REC Marine has no further responsive documents or information.

For the foregoing reasons, Defendant, REC Marine Logistics, LLC, respectfully requests that Plaintiff's Motion be denied. REC Marine further requests any other relief the Court may deem appropriate, including reimbursement of costs incurred in responding to an improper motion to compel, and an instruction to Plaintiff to refrain from baseless and inflammatory accusations that REC Marine is "engaging in discovery abuses."

Respectfully submitted,

*/s/ Kyle A Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
Kristian B. Dobard (#36997)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC**

---

[20] Exhibit C