UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN                            CIVIL ACTION

VERSUS

REC MARINE LOGISTICS LLC, ET AL.            NO. 20-00092-BAJ-EWD

## ORDER

Considering Plaintiff's unopposed **Omnibus Motion in Limine (Doc. 134)**,

**IT IS ORDERED** that for reasons written in the pleading, Plaintiff's Motion in Limine (Doc. 134) be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the following evidence is excluded from trial:

1. The Parties' settlement negotiations or Plaintiff's offers of settlement.

2. References to persons or the purported testimony of persons who have not been properly and timely disclosed in Defendants' responses to Plaintiff's written discovery and in Defendants' Rule 26 disclosures.

3. References or attempting to introduce documents or tangible things or the contents of documents or tangible things that have not been properly and timely produced or made available to Plaintiff in Defendants' Rule 26 disclosures or in Defendants' responses to Plaintiff's written discovery.

4. References to experts or the purported testimony of any expert who has not been identified or whose status as an expert has not been disclosed to

Plaintiff and expert-witness opinions that have not been disclosed to Plaintiff or are otherwise outside the scope of the expert's written opinion produced during pretrial discovery or their depositions.

5. References or questioning that suggest or implies that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives have been accused of, or have been found guilty of, any crimes or criminal conduct.

6. Any reference to, mention, testimony, or evidence of any personal habits, character traits, and any crimes, arrests, convictions, wrongs or acts of Plaintiff, any witness called by Plaintiff, or Plaintiff's family members. Additionally, any reference to, testimony, or evidence of Plaintiff's criminal records and convictions.

7. References to or questioning about what effect the verdict or judgment in this lawsuit will or could have on insurance rates, premiums, or charges.

8. References to or evidence of any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made by or on behalf of Plaintiff.

9. References or arguments implying or suggesting to the jury that Defendants' conduct must be the sole proximate cause of Plaintiff's damages or injuries in order for Defendants to be liable or for Plaintiff to recover damages.

10. Claims that the nation's court systems are overloaded due to cases such as

this or similar cases or references or statements like "there are too many lawsuits" or "too much litigation."

11. Arguments to the jury that anyone can "pay some money and make up a lawsuit against another without any legal basis" trying to imply that this lawsuit is "frivolous" or "without merit."

12. References to child support and Plaintiff's prior and/or current marriages and/or relationships.

13. Any argument, testimony, or reference to any notion that any third party is to blame for this incident or negligent in causing this incident other than the Defendants.

14. Any argument, testimony, or reference by Defendants stating, inferring, or implying that Plaintiff is in any way responsible for the incident.

15. Any argument, testimony, or reference by any Defendant to any medical amounts less than the amount charged by medical providers.

Baton Rouge, Louisiana, this 18th day of January, 2023

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA