UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>　　　　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>　　　　　　　　　**Defendants** | CIVIL ACTION NO: 3:20-cv-00092-BAJ-EWD<br><br>DISTRICT JUDGE:<br>HON. BRIAN A. JACKSON<br><br>MAGISTRATE JUDGE:<br>HON. ERIN WILDER-DOOMES |

### MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER ON PLAINTIFF'S OMNIBUS MOTION IN LIMINE

**MAY IT PLEASE THE COURT:**

On January 21, 2022, McArthur Griffin ("Plaintiff") filed a document entitled "Plaintiff's Memorandum in Support of Plaintiff's Motion in Limine to Exclude the Reports of Jeff Carlisle and Stephanie Haupt." (R. Doc. 97). This document was mislabeled, as it was actually a motion in limine seeking to exclude a list of 15 items from the trial of this matter. Recognizing the mistake, on January 25, 2022, Plaintiff's counsel filed a document entitled "Plaintiff's Motion to Substitute Plaintiff's Motion in Limine and Memorandum." (R. Doc. 101). The stated purpose was simply to replace or change the title of R. Doc. 97 to "Plaintiff's Motion in Limine" and "Plaintiff's Memorandum in Support of Plaintiff's Motion in Limine." (See R. Doc. 101). Interestingly, the proposed pleadings attached to R. Doc. 101 still contained incorrect titles, namely "Plaintiff's Omnibus Motion in Limine" and "Plaintiff's Memorandum in Support of Plaintiff's Omnibus Motion in Limine." (R. Docs. 101-1 and 101-2). In any event, even with the filing of R. Docs. 101, 101-1 and 101-2, there were no changes to the substance of R. Doc. 97, which sought to exclude the above-referenced 15 items.

On February 11, 2022, REC Marine Logistics, LLC and Offshore Transport Services, LLC ("Defendants") timely filed a document entitled "Defendants' Opposition to Plaintiff's Omnibus Motion in Limine" in which they specifically addressed and provided argument on each of the 15 items sought to be excluded by Plaintiff. (R. Doc. 111).[1] In fact, Defendants styled the caption of R. Doc. 111 the way they did in anticipation that the Court would grant Plaintiff's simple request to replace R. Doc. 97 with a document bearing a different title. As expected, the Court granted "Plaintiff's Motion to Substitute Plaintiff's Motion in Limine and Memorandum" on April 22, 2022. (R. Doc. 133). In doing so, the Court ordered that R. Docs. 101-1 and 101-2 (entitled "Plaintiff's Omnibus Motion in Limine" and "Plaintiff's Memorandum in Support of Plaintiff's Omnibus Motion in Limine," respectively) be filed into the record, thereby making these the operative documents to be responded to. They were given a new docket entry—R. Doc. 134.

On January 19, 2023, the Court entered an Order granting Plaintiff's Omnibus Motion in Limine as unopposed. (R. Doc. 148). However, with all due respect, the Motion was not unopposed. Defendants timely filed their Opposition (R. Doc. 111) when Plaintiff's Omnibus Motion in Limine was still pending as R. Docs. 101-1 and 101-2. They simply filed their Opposition earlier than perhaps they were required to. Defendants submit that they should not be penalized for taking the cautious approach and filing an Opposition early. Moreover, if the Court's recent Order were allowed to stand, it would result in significant prejudice to Defendants by, among other things, precluding evidence of prior personal injury lawsuits filed by the Plaintiff and precluding evidence of Plaintiff's comparative fault for the incident alleged in this lawsuit. Such would be an unfair result.

---

[1] For ease of reference, Defendants attach R. Doc. 111 as Exhibit A hereto

Federal Rule of Civil Procedure 60(a) provides, in pertinent part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." In the instant case, it is clear that Plaintiff's original mislabeling of a document and the ensuing assignment of new record document numbers to correct the mistake understandably led the Court to believe that Defendants had not opposed Plaintiff's Omnibus Motion in Limine. However, this is not accurate. As such, Defendants respectfully request that this Honorable Court grant Defendants' Motion to Reconsider and vacate its recent Order found at R. Doc. 148. Defendants further request that their Opposition to Plaintiff's Omnibus Motion in Limine be considered on the merits.

Respectfully submitted,

*/s/ Kyle A. Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
Kristian B. Dobard (#36997)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC**
