UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EXHIBIT
___A___

| | |
|---|---|
| **MCARTHUR GRIFFIN** <br> **Plaintiff** <br><br> **VERSUS** <br><br> **REC MARINE LOGISTICS, LLC, ET AL** <br> **Defendants** | **CIVIL ACTION NO: 3:20-cv-00092** <br><br> **DISTRICT JUDGE:** <br> **HON. BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE:** <br> **HON. ERIN WILDER-DOOMES** |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE

**MAY IT PLEASE THE COURT:**

Defendants, REC Marine Logistics, LLC and Offshore Transport Services, LLC (hereinafter sometimes collectively referred to as "Defendants"), hereby file this Opposition in response to the Plaintiff's Omnibus Motion in Limine (R. Doc. 101)[1].

Plaintiff's Motion in Limine, as amended and filed on January 22, 2022, contains 15 discreet motions in limine. Defendants will address each discreet motion individually as follows:

**Motion in Limine A**

Motion in Limine A should be denied as moot, as Defendants do not intend to make reference to the parties' settlement negotiations or Plaintiff's offers of settlement.

---

[1] Plaintiff filed his original Motion in Limine (R.Doc. 97) on January 21, 2022 in accordance with the June 3, 2021 Order. Out of an abundance of caution, Defendants respond to the most recently filed Supplemental Motion in Limine (R. Doc. 101) because the only material change that was made was the title of the motion. Regardless of the title of a motion, it is the substance of it which controls. *Lusted v. San Antonio Independent School District*, 741 F.2d 817 (5th Cir.1984).

1

**Motion in Limine B**

The Court should deny Motion in Limine B given that Plaintiff has not identified any particular witness who has not been "properly and timely disclosed." Additionally, this motion is overly broad, as Plaintiff asks to exclude even a reference to persons who have not been disclosed in discovery or Initial Disclosures. His motion would conceivably preclude just the mention of someone's name at trial even though they are not a witness. Defendants further object to the extent Griffin seeks to preclude someone who may not have been mentioned in Initial Disclosures or specifically in a written discovery response, but who was timely disclosed and listed on the Joint Pre-Trial Order. Moreover, Defendants should not be precluded from calling a witness for rebuttal or impeachment, or a witness needed to authenticate an exhibit used at trial, whose identities or need for testimony may not yet be known. Lastly, should the Court grant this Motion, Plaintiff should be subject to the same requirements and exclusions he seeks to impose.

**Motion in Limine C**

The Court should deny Motion in Limine C, as Plaintiff has not identified any particular document or tangible thing that has not been "properly and timely produced or made available." This Motion should also be denied to the extent Plaintiff would attempt to preclude evidence which, although not produced with Initial Disclosures or in response to a particular written discovery request, was nevertheless produced timely within the discovery period. Furthermore, Defendants should not be precluded from using any document which may be needed for rebuttal or impeachment. Lastly, should the Court grant this Motion, Plaintiff should be subject to the same requirements and exclusions he seeks to impose.

**Motion in Limine D**

Motion in Limine D should be denied, as Plaintiff has not identified any expert or any expert opinion that has not been properly or timely disclosed. Should the Court grant this Motion, the Plaintiff should be subject to the same requirements and exclusions he seeks to impose.

**Motion in Limine E**

Plaintiff seeks to preclude evidence regarding "references or questioning that suggest or implies that plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives have been accused of, or have been found guilty of, any crimes or criminal conduct." Griffin does not state which criminal convictions or conduct he seeks to have excluded from the trial of this matter and provides no argument for exclusion other than citing generally to Fed. R. Evid. 402 through 404, and 608 through 609. Without any specific argument or evidence from Plaintiff, it is difficult for Defendants to properly respond.

Federal Rule of Evidence 608 notes that a court may allow specific instances of a witnesses conduct to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness. Furthermore, Federal Rule of Evidence 609 allows for impeachment of a witness by evidence of certain criminal convictions. Plaintiff has not provided any argument or analysis as to what evidence should be excluded under the applicable rules of evidence or the basis therefore. If the Plaintiff or any particular witness is subject to impeachment within the bounds of Fed. R. Evid. 608 or 609, they should be allowed to be impeached. In that regard, Defendants note that Plaintiff pled guilty to aggravated battery on March 3, 2011 in the 13th Judicial District Court for the Parish of Evangeline, State of Louisiana. (See guilty plea, attached hereto as Exhibit A). Griffin was sentenced to two years of hard labor to run consecutively with any time he was currently serving. This guilty plea could potentially be admissible to impeach the Plaintiff's credibility.

3

Without any specific argument from Plaintiff as to why the guilty plea should be excluded, this Motion should be denied.

**Motion in Limine F**

Defendants incorporate their response to Motion in Limine E.

**Motion in Limine G**

Motion in Limine G should be denied as moot, as Defendants do not intend to make references to or ask questions about what effect the verdict or judgment in this lawsuit will or could have on insurance rates, premiums or charges.

**Motion in Limine H**

Plaintiff seeks to preclude Defendants from making "reference to, mention, elicit, testimony, or present evidence of any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made by or on behalf of plaintiff." He asserts that any such reference would be irrelevant and that the probative value of those matters is substantially outweighed by the danger of unfair prejudice, citing Fed. R. Evid. 404, 608 and 609.

Griffin does not specifically state what prior claims, lawsuits, workers' compensation claims, disability claims, unemployment claims, or any similar claim he seeks to have excluded, making it difficult for Defendants to respond to, or the Court to rule upon, such a generic motion. Nevertheless, any prior claims or lawsuits by Plaintiff himself should not be precluded, especially those involving personal injuries and attendant damages. Defendants note that Plaintiff was involved in a serious car accident in 1994 for which he filed a lawsuit alleging various unspecified injuries requiring "extensive medical treatment." (See Petition for Damages in *Griffin, et al. v. Interstate Guaranty Insurance Co.*, attached hereto as Exhibit B). His alleged damages included

4

past and future medical expenses, as well as past and future lost wages. The Plaintiff was involved in another car accident in 2014 for which he also filed suit. In that lawsuit, Griffin alleged that he "suffered severe and permanent injuries to the structure, tissues and musculature of his body, which injuries include, but are not limited to injuries to his lower back, back, and neck, along with other parts of his body." (See Petition for Damages filed in *Griffin v. Lewis Joles, et al.*, attached hereto as Exhibit C). These prior lawsuits are relevant to the current lawsuit for many reasons, including the extent of any pre-existing injuries, medical causation, and damages.

**Motion in Limine I**

Without requiring Defendant to get into a discussion of the law on causation or damages in a case asserting claims for Jones Act negligence and unseaworthiness under the general maritime law, Plaintiff's Motion in Limine I should be denied as premature. There has been no indication Defendants intend to make any of the arguments referenced by Plaintiff. Furthermore, the Court is perfectly capable of correcting any party or attorney in this case should said party or attorney make an incorrect statement of the law at trial.

**Motion in Limine J**

Motion in Limine J should be denied as moot, as Defendants do not intend to make any of the referenced comments.

**Motion in Limine K**

Motion in Limine K should be denied. Defense counsel do not know what exact words they may say at trial, but there does not appear to be any reason why any of the statements referenced would be unfairly prejudicial. There certainly does not seem to be anything improper about Defendants making reference to Plaintiff's lawsuit being "without merit." Plaintiff has cited no legal authority other than general reference to Fed. R. Evid. 402 and 403.

**Motion in Limine L**

Plaintiff argues that Defendants should not be able to reference any of his relationships or any of his witnesses' relationships, claiming that such would be irrelevant. Plaintiff's Motion should be denied as premature, as Defendants have no way of knowing what testimony at trial could possibly make Plaintiff's relationships or those of his witnesses relevant. The Court should not be required to make preemptive rulings without any context.

**Motion in Limine M**

Plaintiff's Motion in Limine M should be denied. Plaintiff alleges that he was injured during a personnel basket transfer involving multiple individuals, including a crane operator employed by a company other than Defendants. Defendants have specifically alleged third party fault in their pleadings. If testimony from the plaintiff or other witnesses at trial supports the "notion that any third party is to blame" then there is no reason why such evidence should be excluded.

**Motion in Limine N**

Plaintiff's Motion in Limine N should be denied. Defendants have specifically alleged in their pleadings that the Plaintiff was negligent and therefore responsible for his injuries. Defendants have also elicited testimony from the Plaintiff and other witnesses concerning Plaintiff's negligence and produced timely expert reports specifically addressing Plaintiff's fault for two separate alleged incidents.

**Motion in Limine O**

Motion in Limine O should be denied. Plaintiff cites the collateral source rule as support for excluding reference to "any amounts less than the amount charged by medical providers." The collateral source rule certainly does not encompass everything which plaintiff would seek to

exclude within Motion in Limine O. Furthermore, it is impossible for Defendants to properly respond to Motion in Limine O without Plaintiff identifying what medical costs, payments or billing information he believes is subject to the collateral source rule. This is simply one of many instances in Plaintiff's "Omnibus Motion in Limine" wherein he seeks a ruling from the Court making a pronouncement of law and excluding unknown items of evidence without specifying what that evidence is.

Respectfully submitted,

*/s/ Kyle A Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
Kristian B. Dobard (#36997)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC**

EXHIBIT A

2011 MAR -3 P 3:48

WALTER LEE CLERK

STATE OF LOUISIANA     CRIMINAL DOCKET 82955-FA

VS     13TH JUDICIAL DISTRICT

McArthur Griffin     EVANGELINE PARISH, LOUISIANA

CHARGE: aggravated battery - 14:34

SENTENCE: 2 yrs HL to run c/c w/ any time currently serving

FINES & FEES:

RESTITUTION:

SPECIAL CONDITIONS:

I, McArthur Griffin fully understand the above plea agreement and I have voluntarily agreed to enter into this plea bargain. I also understand that if I elect to go to trial and would be found guilty in a court of law, my sentence and/or fine could be greater than that received in this plea agreement.

3-3-11
Date

McArthur Griffin
Defendant

TRENT BRIGNAC
EVANGELINE PARISH DISTRICT ATTORNEY

BY: Phillip Deville

3-7-11
per Alex Chapman DA

Joint Exhibit-1
filed 3-3-11

A True Copy
Ville Platte, La 1/10/22
Deputy Clerk of Court

3/3/2011

DIVISION A
J. LARRY VIDRINE

MINUTES OF COURT
THIRTEENTH DISTRICT COURT
EVANGELINE PARISH, LOUISIANA

Court opened this day pursuant to adjournment with his Honor J. Larry Vidrine presiding. Elizabeth Saucier was Court Reporter, Tina C. Fontenot was Minute Clerk and James E. Williams was Bailiff.

STATE OF LOUISIANA  
VS  
MCARTHUR JAMES GRIFFIN

CHARGE:
AGGRAVATED BATTERY

**CASE #: 82955-F**

The defendant was present in court on this day for a Change of Plea due to a plea bargain agreement and was represented by Alex Chapman. Shelley Deville was present on behalf of the State. The court advised the defendant of his rights and he acknowledged that he understood these rights and wished to waive them. The defendant was arraigned and entered a plea of Guilty to

AGGRAVATED BATTERY

Upon request of the Court, the defense advised the court that the defendant wished to waive the provisions of Article 894.1 particularly section D & E. The court accepted the defendant's plea and sentenced the defendant to serve 2 years at hard labor with the Department of Corrections to run concurrently with any sentence he is currently serving. The Court advised the defendant of his two year prescriptive period for filing post conviction relief which begins to run today on from time of finality of Judgment with credit for time served if any. The State informed the court that they have agreed not to file a Habitual Offender charge against the defendant and the court so ordered.

A True Copy
Ville Platte, La 1/10/22

Deputy Clerk of Court

EXHIBIT

B

McARTHUR GRIFFIN,  APR 10  8 31 AM '95  CIVIL DOCKET NO. 56367-A
KEITH GALLOW & GARY SKINNER

    VERSUS                    13TH JUDICIAL DISTRICT COURT

INTERSTATE GUARANTY INSURANCE
CO.                                    EVANGELINE PARISH, LOUISIANA

*************************************************************

### PETITION FOR DAMAGES

The petition of McARTHUR GRIFFIN, KEITH GALLOW, and GARY SKINNER, all residents of Evangeline Parish, Louisiana, through undersigned counsel, respectfully represents:

1.

Made defendant herein is INTERSTATE GUARANTY INSURANCE CO., a foreign corporation duly authorized to do and doing business in the State of Louisiana.

2.

On or about August 31, 1994, petitioners were passengers in a 1979 Chevrolet Monte Carlo automobile, owned by Vanessa G. Thomas and insured by INTERSTATE GUARANTY INSURANCE CO. The vehicle was being operated by an individual by the name of "Jerry" whose last name is unknown and his present whereabouts are unknown.

3.

Petitioners were traveling southbound on La. Highway 749 when, without warning, the vehicle driven by "Jerry" crossed over the northbound lane and ran off of the roadway colliding into a brick mail box, then continuing through a ditch and colliding into a culvert. The vehicle went airborne and collided with a large tree then continued where upon it struck a second tree.

4.

The driver of the vehicle fled the scene and petitioners do not know of his whereabouts nor where he can be located.

5.

The accident complained of herein was caused solely and proximately by the negligence of the driver of the vehicle, who is considered the "omnibus insured" of the defendant, and which negligence consisted of, but is not limited to the following, to wit:

1. Failing to maintain control of his vehicle.

2. Driving left of center.

3. Traveling at an unsafe speed.

4. Failing to do what he should have done and see what he should have seen in order to avoid the accident.

5. The negligence of "Jerry" is imputed to Interstate Guaranty Insurance Co. which provided automobile liability coverage herein.

6. As a result of the accident, the defendants received various injuries all of which necessitated extensive medical treatment from medical care providers, including ambulance service, doctors, hospitals, medical treatment, physical therapy, etc.

6.

The Defendant is liable to Plaintiffs for the injuries sustained as a result of the accident herein, and which damages include but are not limited to the following, to wit:

a. Past, present and future medical expenses.

b. Past, present and future loss of earnings.

c. Past, present and future mental anguish.

d. Loss of enjoyment of life.

e. All other damages allowed under the laws of the State of Louisiana and proved at the trial of this matter.

7.

Petitioners are poor persons, and are unable to pay the cost of court in advance or as they accrue, and therefore desire to proceed in forma pauperis.

WHEREFORE, PETITIONERS PRAYS that:

1. The Defendants be served with a copy of this petition, and duly cited to answer same;

2.  That after all delays have run, and all proceedings had, that there be Judgment in favor of Plaintiffs, and against the Defendant, for all damages suffered by Plaintiffs, plus legal interest from date of judicial demand, and for all cost of these proceedings.

3.  For all just and equitable relief in the premises.

4.  That they be allowed to proceed in forma pauperis.

THROUGH PLAINTIFF'S ATTORNEY

C. BRETT COREIL
P. O. BOX 450
VILLE PLATTE, LA 70586
318/363-5596, BAR NO. 4399

Issued 4-12-95
PLEASE SERVE: cR
INTERSTATE GUARANTY INSURANCE CO.
THROUGH SECRETARY OF STATE
BATON ROUGE, LA



Apr 10  8 31 AM '95

| | |
|---|---|
| McARTHUR GRIFFIN,<br>KEITH GALLOW & GARY SKINNER | CIVIL DOCKET NO. |
| VERSUS | 13TH JUDICIAL DISTRICT COURT |
| INTERSTATE GUARANTY INSURANCE<br>CO. | EVANGELINE PARISH, LOUISIANA |

*************************************************************

## O R D E R

Considering the foregoing,

IT IS ORDERED that Plaintiffs be allowed to file these proceedings in forma pauperis.

Ville Platte, Louisiana, this _____ day of ___April___, 1995.

_____
JUDGE



**EXHIBIT C**



| | |
|---|---|
| MCARTHUR GRIFFIN | CIVIL DOCKET NO: 2014 1821 I |
| VERSUS | 15TH JUDICIAL DISTRICT COURT |
| LEWIS JOLES AND INDIANA FARM BUREAU INSURANCE COMPANY AND CRAWFORD U.S. PROPERTY AND CASUALITY | LAFAYETTE PARISH, LOUISIANA |

Lafayette Parish Clerk of Court
Filed This Day
APR 10 2014
Monet McCarthy
Deputy Clerk of court

### PETITION FOR DAMAGES

NOW INTO COURT, thought undersigned counsel comes **MCARTHUR GRIFFIN**, a major resident of Evangeline Parish, Louisiana who respectfully represent that;

1.

Made defendants herein are:

a.) **LEWIS JOLES**, driver and owner, a resident of Warsaw, Indiana, a person of full age and majority, who is domiciled at 604 Austin Drive Warsaw, IN 46580 in Kosciusko County, State of Indiana, and who can be served through the Louisiana Secretary of State as its agent for service of process pursuant to LA.R.S. 13:3474;

b.) **INDIANA FARM BUREAU INSURANCE COMPANY**, a foreign insurance company, who is a non-Louisiana business corporation doing business in Louisiana and who can be served through the Louisiana Secretary of State as its agent for service of process pursuant to LA.R.S. 13:3474;

c.) **CRAWFORD U.S. PROPERTY AND CASUALTY,** also known as **CRAWFORD AND COMPANY**, a foreign insurance company, who is a non-Louisiana business corporation doing business in Louisiana, with a business office located at 4324 S. Sherwood Forest Blvd., Bldg B #140, Baton Rouge, Louisiana 70816, and who can be served through the Louisiana Secretary of State as its agent for service of process pursuant to LA.R.S. 13:3474.

2.

Defendants are jointly, severally, and in solido liable unto plaintiff for the damages complained of herein for the following reasons, to wit:

3.

On or about April 10, 2013, Petitioner, MCARTHUR GRIFFIN, was traveling Southbound on the fifteenth hundred block of Northwest Evangeline Thruway where he was at a stop due to traffic congestion; subsequently, the Defendant, Mr. Joles, collided into the rear of Plaintiff's vehicle.

4.

Defendant, LEWIS JOLES, was traveling Southbound on the fifteenth hundred block of Northwest Evangeline Thruway; Defendant driver looked away and collided into the rear of Mr. Griffin's vehicle, causing damage to Plaintiff's body and property.

5.

The collision described above was caused by the sole negligence of the defendants, **LEWIS JOLES, INDIANA FARM BUREAU INSURANCE COMPANY and CRAWFORD U.S. PROPERTY AND CASUALTY,** in the following particulars:

6.

As a result of the joint and/or solitary actions, and negligence, of the defendant(s) mentioned above, petitioner, **MCARTHUR GRIFFIN,** suffered severe and permanent injuries to the structure, tissues and musculature of his body, which injuries include, but are not limited to injuries to his lower back, back, and neck, along with other parts of his body.

7.

The damages sustained by plaintiff, **MCARTHUR GRIFFIN,** as a result of the negligence of defendants includes, but is not limited to:

   a. Past, present, and future medical expenses;
   b. Past, present, and future physical pain and suffering and loss of function;
   c. Past, present and future mental anguish and emotional distress;
   d. Lost wages and lost or diminished earning capacity;
   e. Property damage; and
   f. Loss of enjoyment of life.

8.

At all material time herein, **INDIANA FARM BUREAU INSURANCE COMPANY and/or CRAWFORD U.S. PROPERTY AND CASUALTY** had issued and there was in full force and effect a policy of insurance covering defendant, **LEWIS JOLES** for the actions of the kind and nature asserted herein.

WHEREFORE PLAINTIFFS PRAY that defendants be duly cited and served with a copy of this petition, to appear and answer same and, after all legal delays and due proceedings are had, that there be judgment herein in favor of the plaintiff, **MCARTHUR GRIFFIN**, and against defendants, **LEWIS JOLES, INDIANA FARM BUREAU INSURANCE COMPANY and CRAWFORD U.S. PROPERTY AND CASUALTY**, jointly, severally and, *in solido*, in a full and true sum calculated to compensate plaintiff for the damages complained of herein, along with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

RESPECTFULLY SUBMITTED BY:

_/s/ Justin Bo West_

JUSTIN BO WEST (#31563)
ATTORNEY AT LAW
Post Office Drawer 1019
510 W. Magnolia St.
Ville Platte, LA 70586
Phone: (337)363-2772
Fax: (337)363-2798

Please Serve:

LEWIS JOLES
Please serve through their agent for service of process,
Louisiana Secretary of State

INDIANA FARM BUREAU INSURANCE COMPANY
Please serve through their agent for service of process,
Louisiana Secretary of State

CRAWFORD U.S. PROPERTY AND CASUALTY
Please serve through their agent for service of process,
Louisiana Secretary of State

FILED THIS __10__
DAY OF __April__, 20__14__
__Monet McCarthy__
Deputy Clerk of Court