UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN                              CIVIL ACTION

VERSUS

REC MARINE LOGISTICS LLC, ET                  NO. 20-00092-BAJ-EWD
AL.

### RULING AND ORDER

Before the Court is **Plaintiff's Omnibus Motion in Limine (Doc. 134)**. The Motion is opposed (Doc. 111). For the reasons stated herein, Plaintiff's Motion is **DENIED**.

I.   BACKGROUND

This is a personal injury case involving a Jones Act seaman. (*See* Doc. 91 at p. 2). On or about May 25 2018, Plaintiff allegedly suffered injuries to his shoulder, neck, back, legs, and other body parts aboard the *M/V Dustin Danos* when the vessel was allowed to move during a man-lift operation (the "Incident"). (*See* Doc. 1-1 at p. 2). Plaintiff claims he was violently struck by the lift, the vessel, and/or other items on the vessel because of how the operations were improperly planned and executed, the conditions, the conduct of the captain, and the other circumstances. (*See* Doc. 91 at p. 2). On the date of the Incident, Plaintiff was employed by REC Marine Logistics, LLC ("REC Marine"). (*See* Doc. 82-2 at p. 25). REC Marine was also the *M/V Dustin Danos*'s operator, but Offshore Transport Services, LLC ("Offshore Transport") was the vessel's owner. (*See* Doc. 85-1 at p. 3).

On April 22, 2019, Plaintiff filed suit in the 19th Judicial District Court for East Baton Rouge Parish against Gulf Offshore Logistics, LLC; GOL, LLC; REC Marine; and the American Steamship Owners Mutual Protection and Indemnity Association, to recover for alleged injuries he incurred during the Incident. (*See* Doc. 1-1 at p. 3). On September 5, 2019, Plaintiff filed an Amended Petition for Damages, adding QBE Insurance (Europe) Limited ("QBE Insurance") and Offshore Transport as Defendants. (Doc. 1-1, at p. 53). On February 17, 2020, Defendants removed Plaintiff's suit to this Court. (Doc. 1). On May 14, 2020, Plaintiff voluntarily dismissed all claims and causes of action asserted against the American Steamship Owners Mutual Protection and Indemnity Association. (Doc. 16). On January 26, 2022, the Court granted Gulf Offshore Logistics, LLC and GOL, LLC's joint Motion for Summary Judgment and dismissed all claims asserted against them with prejudice. (Doc. 102). Consequently, the only remaining Defendants are REC Marine, QBE Insurance, and Offshore Transport.

## II. LEGAL STANDARD

"It is well settled that motions in limine are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. 8/12/1996) (citing *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980) (superseded on other grounds). "An order in limine excludes only clearly inadmissible evidence; therefore, evidence should not be excluded before trial

unless it is clearly inadmissible on *all* potential grounds." *Rivera v. Robinson*, 464 F. Supp. 3d 847, 853 (E.D. La. 2020) (quoting *Auenson*, 1996 WL 457258, at *1) (emphasis added). Instead, courts should reserve evidentiary rulings until trial so that questions as to the evidence "may be resolved in the proper context." *Auenson*, 1996 WL 457258, at *1.

### III. DISCUSSION

Plaintiff's Omnibus Motion contains 15 discreet Motions in Limine labelled A through O. (Doc. 134). In response to Motions in Limine A, G, and J, Defendants represent that they do not intend to reference those items of evidence at trial. (*See* Doc. 111 at pp. 1, 4, and 5). The Court credits Defendants' representation, and therefore denies Motions in Limine A, G, and J as moot.

In Motions in Limine B, C, and D, Plaintiff seeks to exclude references to persons, documents, tangible things, and experts that Defendants did not properly and timely disclose in their Federal Rule of Civil Procedure ("Rule") 26 disclosures. (*See* Doc. 134-1 at pp. 2–3). Defendants argue that these Motions should be denied as overly broad because Plaintiff failed to identify specific persons, documents, tangible things, or experts that were not timely and properly disclosed by Defendants. (*See* Doc. 111 at pp. 2–3). The Court agrees. Besides being overly broad, these Motions are premature, as indicated by Plaintiff's failure to identify specific items of evidence that would otherwise fall within the ambit of the Motions. Accordingly, Motions in Limine B, C, and D are denied.

In Motion in Limine E, Plaintiff seeks to exclude references or questioning that

suggest or implies that Plaintiff or his expert witnesses, relatives, agents, employees, attorneys, or representatives have been accused of, or have been found guilty of, any crimes or criminal conduct. (*See* Doc. 134-1 at p. 3). Plaintiff, however, fails to identify specific crimes or criminal conduct he wishes to have excluded. Defendants argue that pursuant to Federal Rules of Evidence ("Evidence Rule") 608 and 609, this Motion should be denied because evidence of certain criminal convictions are admissible for impeachment purposes. (*See* Doc. 111 at p. 3). Defendants also offer evidence that Plaintiff pled guilty to aggravated battery on March 3, 2011 in the 13th Judicial District Court for the Parish of Evangeline, and they argue that this could potentially be admissible to impeach Plaintiff's credibility. (*See id.*). After reviewing Defendant's evidence of Plaintiff's prior criminal conviction, the Court agrees. Plaintiff was sentenced to two years at hard labor for his aggravated battery conviction. (*See* Doc. 111-1 at p. 2). Pursuant to Evidence Rule 609(a)(1)(A), evidence of this conviction must be admitted in a civil case, subject to Evidence Rule 403. The admissibility of Plaintiff's prior conviction may also be limited by Evidence Rule 609(b), but the Court cannot make such determination with the limited information currently in front of it.[1] Consequently, Motion in Limine E is denied without prejudice.

Motion in Limine F is almost identical to Motion in Limine E, in that Plaintiff seeks to exclude any reference to, mention of, testimony about, or evidence of any

---

[1] Plaintiff argues that because his aggravated battery conviction was more than 10 years ago, Evidence Rule 609(b) limits its use. However, the rule applies if "10 years have passed since the witness's conviction or release from confinement for it, *whichever is later.*" Fed. R. Evid. 609(b). Here, neither Party offered evidence of Plaintiff's release date for his aggravated battery conviction, so the Court cannot definitively rule on the Motion.

4

personal habits, character traits, crimes, arrests, convictions, wrongs or acts of Plaintiff, any witness called by Plaintiff, or Plaintiff's family members. (*See* Doc. 134-1 at p. 4). In opposition, Defendants incorporate their response to Motion in Limine E. (*See* Doc. 111-1 at p. 4). While evidence of a person's character, character traits, crimes, wrongs, or acts is generally inadmissible under Evidence Rule 404, there are several exceptions that could apply. *See* Fed. R. Evid. 404(a)(3)–(b). Absent more specific information about the character evidence or crimes Plaintiff seeks to exclude, the Court cannot discern at this juncture which evidence would or would not be admissible at trial. Therefore, Motion in Limine F is denied.

In Motion in Limine H, Plaintiff seeks to exclude references to or evidence of any prior lawsuits, claims, workers' compensation claims, disability claims, unemployment claims, or any similar claims made by or on behalf of Plaintiff. (*See* Doc. 134-1 at p. 5). Again, Plaintiff fails to identify specific lawsuits or claims he wishes to have excluded. Defendants, however, note that Plaintiff has filed at least two lawsuits relating to car crashes in which his alleged damages included "severe and permanent injuries" to his body. (*See* Doc. 111 at p. 5). Defendants argue that "these prior lawsuits are relevant to the current lawsuit for many reasons, including the extent of any pre-existing injuries, medical causation, and damages." *See id.* The Court agrees that this evidence is relevant, particularly because Defendants intend to assert the *McCorpen* defense. Thus, Motion in Limine H is denied.

In Motion in Limine I, Plaintiff seeks to exclude references or arguments implying or suggesting to the jury that Defendants' conduct must be the sole

5

proximate cause of Plaintiff's damages or injuries for Defendants to be liable or for Plaintiff to recover damages, because any such arguments would be a misstatement of the law. (*See* Doc. 134-1 at p. 5). Defendants argue that this Motion should be denied as premature because there is no indication that they intend to make such arguments. (*See* Doc. 111 at p. 5). They further assert that the Court can address any misstatements of law at trial. *See id.* The Court agrees. Ultimately it is the Court, not the Parties, that instructs the jury on the law. In the hypothetical scenario that a misstatement of law occurs during trial, the Court must and will address it. Accordingly, Motion in Limine I is denied.

In Motion in Limine K, Plaintiff seeks to exclude references to the jury that anyone can "pay some money and make up a lawsuit against another without any legal basis" or to imply that this lawsuit is "frivolous" or "without merit." (*See* Doc. 134-1 at pp. 5–6). Defendants argue that this motion should be denied because it is unclear why any of those arguments would be unfairly prejudicial. (*See* Doc. 111 at p. 5). They also point out that besides general reference to Evidence Rules 402 and 403, Plaintiff failed to provide legal authority to support this motion. *See id.* "The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence." *Maggette v. BL Dev. Corp.*, No. 2:07CV181-M-A, 2011 WL 2134578, *4 (N.D. Miss. May 27, 2011). Insofar as Plaintiff objects to these phrases as irrelevant or unfairly prejudicial in contravention of the Federal Rules of Evidence, the Court will address Plaintiff's objection and Defendants' response in the ordinary course at trial. As such, Motion in Limine K is

6

denied.

In Motion in Limine L, Plaintiff seeks to exclude references to child support and Plaintiff's prior and/or current marriages and/or relationships and those of Plaintiff's witnesses. (*See* Doc. 134-1 at p. 6). Defendants argue that this motion "should be denied as premature, as [they] have no way of knowing what testimony at trial could possibly make Plaintiff's relationships or those of his witnesses relevant. The Court should not be required to make preemptive rulings without any context." (*See* Doc. 111 at p. 6). The Court agrees because "evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, No. C.A. C-04-552, 2008 WL 2966006 (S.D. Tex. July 30, 2008). Therefore, Motion in Limine L is denied.

In Motions in Limine M and N, Plaintiff seeks to exclude arguments or testimony relating to third-party fault or Plaintiff's contributory negligence because Defendants failed to disclose such information in their interrogatory responses. (*See* Doc. 134-1 at p. 6). Defendants argue that this Motion should be denied because they have specifically alleged both third-party fault and Plaintiff's negligence in their pleadings. (*See* Doc. 111 at p. 6; Doc. 95 at p. 3). Absent evidence that Defendants failed to disclose individuals or information that they intend to use to support their claims or defenses, the Court cannot preemptively rule on this issue. Consequently, Motions in Limine M and N are denied.

In Motion in Limine O, Plaintiff seeks to exclude any argument, testimony, or

7

reference by any Defendant to any medical amounts less than the amount charged by medical providers. (*See* Doc. 134-1 at pp. 6–9). He argues that such arguments are barred by the collateral source rule, which holds that "a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be diminished, because of benefits received by the plaintiff from sources independent of the tortfeasor's procuration or contribution." (*See* Doc. 134-1 at p. 6–7) (*citing Griffin v. Louisiana Sheriff's Auto Risk Ass'n*, 802 So.2d 691, 714 (La. App. 1st. Cir. 2001)). Defendants argue that the collateral source rule "does not encompass everything which Plaintiff would seek to exclude within Motion in Limine O." (*See* Doc. 111 at p. 7). Because the focus of the collateral source rule is that tortfeasors should not "benefit from the victim's prudence in having insurance," the Court agrees that it does not cover all the evidence that could be excluded by this Motion. For example, it would theoretically exclude evidence of payments to Plaintiff from a non-insurance third-party. As such, Motion in Limine O is denied.

The Court's rulings on the Motions in Limine do not affect any party's right to reassert their arguments for or against introduction of the relevant evidence at trial.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion in Limine (Doc. 134)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 13th day of February, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**