UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| MCARTHUR GRIFFIN | § | |
|---|---|---|
| Plaintiff | § § § | |
| | § | CIVIL ACTION NO.: 3:20-92-BAJ-EWD |
| *Versus* | § § § | |
| REC MARINE LOGISTICS LLC, ET AL. | § | **TRIAL BY JURY DEMANDED** |
| Defendants | § § § | |

**PLAINTIFF'S OBJECTIONS TO DEFENSE EXHIBITS 1-8**

Plaintiff, McArthur Griffin, respectfully moves this Court to exclude certain evidence from trial.

## I. BACKGROUND

This is a personal injury case involving a Jones Act seaman. In March 2012, Plaintiff began working for a company called JNB Operating, LLC ("JNB"). In 2016, JNB employees were transferred to REC Marine Logistics, LLC ("REC"). On or about May 2018, Plaintiff suffered injuries to his shoulder, neck, back, legs, and other body parts aboard the M/V Dustin Danos when the vessel was allowed to move significantly during a man-lift operation (the "Incident"). At the time of the Incident, the captain of the M/V Dustin Danos stepped away from the vessel controls while they were engaged (and the vessel moving) to use a cell phone. While the captain was using a cell phone and not paying attention to the dangerous operation taking place on the deck of the M/V Dustin Danos, Plaintiff was violently struck by a personnel/manlift basket, the vessel, and/or other items on the vessel. Plaintiff's injuries resulted from how the operations were improperly planned and executed, the conditions, the conduct of the captain, and the other circumstances.

Plaintiff has received medical treatment and continues to receive medical treatment as he attempts to recover from the injuries sustained during the Incident. Plaintiff is being denied maintenance and cure.

Defendants seek to admit into evidence criminal records involving Plaintiff (many which are unauthenticated hearsay), medical records concerning treatment that is unrelated to the Incident forming the basis of this lawsuit (which also amount to unauthenticated hearsay), unauthenticated court documents, .

## II. ARGUMENT AND AUTHORITY

### A. DEFENSE EXHIBIT 1 IS INADMISSIBLE

This exhibits are inadmissible for several reasons:

- Character evidence is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
- The exhibit has not been authenticated.[1]
- The exhibit constitutes hearsay.
- The exhibit is irrelevant.

Character evidence, in particular, "is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404(a). And further, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b); *see Thomas v. Cumberland Cty.*, 2012 WL 3780452, *2 (D. N.J. Aug. 31, 2012) (granting motion in limine to exclude "the substance of plaintiff's arrest"); *Stepter v. Verele*, No. CIV.A. 10-1799, 2011 WL 2473949, at *3 (E.D. La. June 22, 2011) (granting motion in limine where prior charges were unconnected to lawsuit and would have highly prejudicial effect);

---

[1] The documents Bates labeled REC 2077-2080 appear to have been authenticated, but are inadmissible for the reasons discussed.

*Thomas v. Seahan*, 514 F.Supp.2d 1083, 1088 (N.D. Ill. Sept. 21, 2007) (granting motion to exclude evidence of deceased's "prior arrests, criminal involvement, and convictions" as "the fact of [the deceased's] 7-day incarceration [in the jail] as to the only relevant purpose this Court can foresee"); *Shows v. M/V Red Eagle*, 695 F.2d 114, 118 (5th Cir. 1983) (the Rule 403 balancing test for admission of plaintiff's prior conviction for armed robbery "could properly come out only in favor of an exclusion of the evidence … [T]he evidence presented the risk that a jury would not be fair to [plaintiff's] claim, not because it did not believe him, but because as a convict he was not deserving of their justice."); *United States v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998) (violent crimes are irrelevant to a witness's character for truthfulness); *Wilson v. Union Pac. R.R.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (trial court properly excluded evidence of prior conviction for drug possession, because it was not highly relevant to the issue of veracity and was likely to be highly prejudicial and arouse jury sentiment against a party-witness).

Evidence is only relevant if it (1) has any tendency to make a fact more or less probable than it would be without evidence; and (2) the fact is of consequence in determining the action. FED. R. EVID. 401. Relevance for the purpose of admissibility is determined on a case-by-case basis:

> Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case. Does the item of evidence tend to prove the matter sought to be proved? Whether the relationship exists depends upon principles evolved by experience or science, applied logically to the situation at hand. James, Relevancy, Probability and the Law, 29 CALIF.L.REV. 689, 696, n. 15 (1941), in SELECTED WRITINGS ON EVIDENCE AND TRIAL 610, 615, n. 15 (Fryer ed. 1957). The rule summarizes this relationship as a "tendency to make the existence" of the fact to be proved "more probable or less probable."

FED. R. EVID. 401 (advisory committee's notes).

Evidence whose relevance is outweighed by undue prejudice is also inadmissible. FED. R. EVID. 403. These exhibits are not relevant, are unduly prejudicial, and should be excluded.

Defendants seek to admit evidence of Plaintiff's prior crimes. This lawsuit does not concern Plaintiff's prior crimes. This lawsuit does not involve a DUI, altercation, fight, robbery, or worse. None of Plaintiff's prior crimes have anything to do with this case and Defendants attempt to inject Plaintiff's criminal history case serves only to demean his character and only serves to distract from the relevant issues in the case. Further, Plaintiff's most recent crime was in 2010 for aggravated battery. Plaintiff was sentenced to two years. More than 10 years have passed since Plaintiff's conviction and/or release from confinement. The facts and circumstances surrounding Plaintiff's injuries do not relate to the 2010 aggravated battery. On balance, even if evidence of the battery was not prejudicial (it is), the Court should exclude evidence related to the 2010 battery because more than 10 years have passed since Plaintiff's conviction and/or release from confinement. See FED. R. EVID. 609(b) (limiting use of evidence of criminal conviction to 10 years unless probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect).

For these reasons alone, the criminal record portion of Defense Exhibit 1 should be excluded.

Further, most of the criminal records, medical records, and transcripts that constitute Exhibit 66 are also inadmissible because they are unauthenticated hearsay. Most of Exhibit 66 (excluding the pages identified in the footnote above) has not been properly authenticated. Pursuant to Federal Rule of Evidence 902(4):

> (4) **Certified Copies of Public Records**. A copy of an official record — or a copy of a document that was recorded or filed in a public office as authorized by law — if the copy is certified as correct by:
>
> (A) the custodian or another person authorized to make the certification; or

(B) a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court.

*See* FED. R. EVID. 902(4).

None of the otherwise unauthenticated criminal records or medical records have a supporting business records affidavit and constitute hearsay.

For these reasons, Defense Exhibit 1 should be excluded.

A.  DEFENSE EXHIBIT 2 IS INADMISSIBLE

Defendants Exhibit 2 is an uncertified and unauthenticated copy of a lawsuit previously filed by Plaintiff and is inadmissible because it constitutes unauthenticated hearsay. No pages within Defense Exhibit 2 have been properly authenticated. Pursuant to Federal Rule of Evidence 902(4):

> (4) **Certified Copies of Public Records**. A copy of an official record – or copy of a document that was recorded or filed in a public office as authorized by law – if the copy is certified as correct by:
>
> (A) the custodian or another person authorized to make the certification; or
> (B) a certificate that complies with Rule 902 (1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court.[2]

First, there is no evidence that any page within Defense Exhibit 2 has been certified as correct by a custodian or another person authorized to make the certificate. The only certification exhibited throughout the entire document is on REC 1897, where it says

> "I hereby certify that a certified copy of this judgment/order has been mailed/served on all parties on this 8 day of Dec., 2014."[3]

This is not a certification certifying that this document is correct for the purposes of satisfying Federal Rule of Evidence 902(4). There are no other certifications on any other page

---

[2] Fed. R. Evid. 902(4).
[3] *See* REC 1897.

located within the Defense Exhibit 2. Additionally, Defense Exhibit 2 is unaccompanied by any supporting business records affidavit. Second, no documents within Defense Exhibit 2 comply with Federal Rule of Evidence 902(4)(B). The documents within Defense Exhibit 2 bear no certificate that complies with Federal Rule of Evidence 902(1), (2) or (3). For these reasons alone, Defense Exhibit 2 should be excluded in its entirety.

B. DEFENSE EXHIBIT 3 IN INADMISSIBLE

Defense Exhibit 3 (REC 1863 - 1892) consists of a copy of a Petition for Damages previously filed by Plaintiff on August 10, 1995; an Order allowing Plaintiff to proceed with his case in forma pauperis; an Affidavit of Financial Condition; Notice of Stay of These Proceedings Against Interstate Guaranty Insurance Company; among other legal documents dated in 1995.

The Court should exclude Defense Exhibit 3 as irrelevant because nowhere within Exhibit 3 does it identify any relevant physical injury from the motor vehicle accident he was involved in almost 30 years ago. Defendants can present no evidence that Plaintiff suffered an injury as a result of the accident. There is no evidence that Plaintiff ever went to a hospital following the accident. There is no evidence that Plaintiff underwent any kind of medical treatment following the accident. Admitting Exhibit 3 into evidence has no tendency to make a fact more or less probable that it would be without the evidence, and the fact is of no consequence in determining Plaintiff's case. For these reasons along, this Court should exclude Exhibit 3 from evidence at trial.

Alternatively, the Court should exclude Defense Exhibit 3 from evidence as its probative value is substantially outweighed by the danger of (1) unfairly prejudicing the Plaintiff, (2) misleading the jury into thinking that Plaintiff was allegedly injured in this accident, and/or (3) wasting time by presenting Exhibit 3 to the jury as it has no tendency to prove that Plaintiff ever suffered any kind of injury from this accident in 1995. Defendants' admission of Exhibit 3 into

evidence will not help or aid the jury in adjudicating the issues presented in this case, but will only cause undue delay and waste the time of the Court, the jury and the parties. For these reasons alone, the Court should exclude Plaintiff's Original Petition for Damages.

C. DEFENSE EXHIBIT 4 IS INADMISSIBLE

Federal Rule of Evidence 402 states plainly that "Irrelevant evidence is not admissible." *See* FED. R. EVID. 402. Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* FED. R. EVID. 403. Defense Exhibit 4 contains medical records related to a 2013 facial contusion that discuss a fight between Plaintiff and another person. Notwithstanding the fact that the facial contusion was 5 years before the Incident that serves as the basis of the instant lawsuit, Plaintiff is not alleging damages for a facial contusion. Moreover, this serves only to demean his character and only serves to distract from the relevant issues in the case. Moreover, character evidence, in particular, "is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404(a). And further, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b).

For these reasons, Defense Exhibit 4 should be excluded.

D. DEFENSE EXHIBIT 5 SHOULD BE EXCLUDED

Federal Rule of Evidence 402 states plainly that "Irrelevant evidence is not admissible." *See* FED. R. EVID. 402. Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

*See* FED. R. EVID. 403. This exhibit is inadmissible under those rules. Further, the records are hearsay and hearsay within hearsay. *See* FED. R. EVID. 802. Moreover, the record seeks to admit evidence of collateral source.

For these reasons, Defense Exhibit 5 should be excluded.

E.  DEFENSE EXHIBIT 6 SHOULD BE EXCLUDED

Defendants seek to admit into evidence photos (REC 2424-2433) taken of the Vessel, M/V DUSTIN DANOS, taken and produced after the Incident occurred. Plaintiff objects to Defendants' proposed admission of this evidence at trial as these photos are unfairly prejudicial and are merely being introduced to create prejudice and mislead the jury. The Court should exclude these photos because (1) they were not taken of the Vessel on the date of the Incident, and (2) they do not depict substantially similar conditions of the Vessel on the date of the Incident.

Under Rule 403 of the Federal Rules of Evidence, the Court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following:

> Unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

In *Miciotto v. Hobby Lobby Stores, Inc.*, the defendant moved to exclude from evidence photographs showing the premises where the plaintiff fell, which were taken five months after the incident occurred. No. 6:19-CV-00735, 2021 WL 220121, at *1 (W.D. La. Jan. 21, 2021), aff'd, No. 21-30456, 2022 WL 3210686 (5th Cir. Aug. 9, 2022). The court stated that in the case of a post-accident reconstruction, the admissibility of photographs turns on whether the condition depicted in the photographs was "substantially similar" to the condition at the time of the accident. *Id.*, at *3.[4] Additionally, the court reasoned that if the condition of the sidewalk, depicted in the

---

[4] The Court also indicated that the date that the proposed pictures were taken, in relation to the date the Incident occurred, played a factor into whether or not the photos at issue could be deemed substantially similar and therefore admissible. *Id.*

photographs, was not substantially similar at the time of the accident then the proposed photographs would simply be wasting both the jury's and the Court's time with a pointless and potentially prejudicial picture of a sidewalk. *Id.*

After finding that Miciotto had not established that the condition of the sidewalk at the time of the accident was "substantially similar" to the condition depicted in the photographs, the court held that any relevance of the sidewalk photos was substantially outweighed by the prejudice resulting from having the jury review photos of the sidewalk that do not depict its condition on the date of the accident. *Id*.

In Mr. Griffin's case, there is nothing in the record to establish that the photographs, produced by the Defendants on February 23, 2023, depict any "substantially similar" conditions on the Vessel to those on the date of the Incident. Defendants have produced no evidence indicating who took the photos at issue or when the photos were taken. There is no evidence that these photos were taken on the date of the Incident. Additionally, the Incident at issue occurred in May 2018. The photographs Defendants wish to enter into evidence at trial were taken and/or produced on or about February 23, 2023, almost five (5) years after the Incident occurred.

The photos contained within Defense Exhibit 6 do not depict all equipment and/or cargo present on the Vessel at the time of Mr. Griffin's Incident. On May 5, 2021, Mr. Griffin testified that when the Incident occurred, he was thrown into a conex box as he was guiding a crew basket onto the deck of the Vessel as it was being lowered via-crane. Defense Exhibit 6 does not show the crew basket, the conex boxes, or the crane. Thus, the photos contained in Defense Exhibit 6 does not depict "substantially similar" conditions on the Vessel on the date of the Incident.

The Court should exclude Defendants' proposed Exhibit 6 from evidence as the photos contained therein do not meet the standard of admissibility under Federal Rule of Evidence 403 or

under the standard set forth in *Miciotto v. Hobby Lobby Stores, Inc.* The photos were not taken on the date of the Incident. They do not depict "substantially similar" conditions on the Vessel to those on the date of the Incident. Allowing these photos into evidence will unfairly prejudice the jury by allowing them to review photographs that do not depict substantially similar conditions on the Vessel the day that Mr. Griffin was injured. Plaintiff respectfully requests the Court to grant Plaintiff's Motion to Exclude Defendants' proposed Defense Exhibit 6 from evidence.

F. DEFENSE EXHIBIT 7 SHOULD BE EXCLUDED

Federal Rule of Evidence 402 states plainly that "Irrelevant evidence is not admissible." *See* FED. R. EVID. 402. Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* FED. R. EVID. 403. This exhibit is inadmissible under those rules. Further, the records are hearsay and hearsay within hearsay. *See* FED. R. EVID. 802. Further Defense Exhibit 7 consists of medical records for medical treatment that has no bearing on the issues (such as a rash, itching, and blood pressure checks)

G. DEFENSE EXHIBIT 8 SHOULD BE EXCLUDED

Federal Rule of Evidence 402 states plainly that "Irrelevant evidence is not admissible." *See* FED. R. EVID. 402. Federal Rule of Evidence 403 allows the Court to exclude relevant evidence if its probative value is outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* FED. R. EVID. 403. Exhibit 8 is a recording taken by, on information and belief, an insurance adjuster hired by one or more of the Defendants that contains irrelevant conversation and commentary. The recording is over an hour long. As such, Defendants, at best, should be limited

to including only parts of the recording related to the issues in this case that are not otherwise cumulative. Further, there are questions Mr. Griffin declines to answer. There are times he asks the end the interview and for the adjuster to leave (neither which he immediately does). The only purpose to include those portions of the recording where Plaintiff is seeking to end the interview and refuses to answer questions serves only to unduly prejudice him, demean his character, and only serves to distract from the relevant issues in the case. .

### III. CONCLUSION AND PRAYER

For these reasons, Plaintiff requests that the Court grant Plaintiff's Motion to Exclude and prohibit the Defendants from introducing the listed evidence and making references to the subject matter of the evidence and for all other relief Plaintiff may be justly entitled.

Respectfully submitted,

**MORROW & SHEPPARD LLP**

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
John D. Sheppard
*Admitted Pro Hac Vice*
P. Hogan Leatherwood
*Admitted Pro Hac Vice*
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
*jsheppard@morrowsheppard.com*
*hleatherwood@morrowsheppard.com*
5151 San Felipe Street, Suite 100
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

AND

Brilliant Clayton (#36829)
**CLAYTON FRUGE WARD**
bclayton@claytonfruge.com
3741 La. Hwy 1 South
Port Allen, LA 70767
Telephone: 225.250.1435
Facsimile: 225.383.7631

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that this document was served on counsel of record via email and/or electronic via CM/ECF on March 1, 2023.

>*/s/Daniel E. Sheppard*
>Daniel E. Sheppard