UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN : CIVIL ACTION

VERSUS : NO. 20-92-BAJ-EWD

REC MARINE, ET AL : MAY 1, 2023

==========================================================

CHARGE CONFERENCE
BEFORE THE HONORABLE BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S

FOR THE PLAINTIFF:

MORROW & SHEPPARD LLP
BY: DANIEL SHEPPARD, ESQUIRE
5151 SAN FELIPE STREET, SUITE 100
HOUSTON, TEXAS 77056

ROBINS CLOUD LLP
BY: PATRICK HOGAN LEATHERWOOD, ESQUIRE
2000 WEST LOOP SOUTH, 22ND FLOOR
HOUSTON, TEXAS 77027

CLAYTON, FRUGE, WARD & HENDRY
BY: BRILLIANT PIERRE CLAYTON, ESQUIRE
3741 LA HIGHWAY 1 SOUTH
PORT ALLEN, LOUISIANA 70767

FOR DEFENDANT REC MARINE:

PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC
BY: SALVADOR JOSEPH PUSATERI, ESQUIRE
BY: KYLE ANDREW KHOURY, ESQUIRE
BY: KRISTIAN B. DOBARD, ESQUIRE
1100 POYDRAS STREET, SUITE 2250
NEW ORLEANS, LOUISIANA 70163

REPORTED BY: NATALIE W. BREAUX, RPR, CRR
UNITED STATES COURTHOUSE
777 FLORIDA STREET

BATON ROUGE, LOUISIANA 70801
(225) 389-3565
NATALIE_BREAUX@LAMD.USCOURTS.GOV

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY USING
COMPUTER-AIDED TRANSCRIPTION SOFTWARE

07:33a

(20-CV-92 GRIFFIN V REC 5-1-23)

PROCEEDINGS

(CALL TO THE ORDER OF COURT.)

**THE COURT:** BE SEATED.

WE'RE BACK ON THE RECORD IN THE CASE OF GRIFFIN VERSUS REC MARINE. LET THE RECORD REFLECT THAT COUNSEL FOR BOTH SIDES ARE PRESENT AT THIS TIME. THE DEFENDANT IS NOT -- THE CORPORATE REPRESENTATIVE OF THE DEFENDANT IS NOT PRESENT, NOR IS THE PLAINTIFF. OF COURSE, THEIR PRESENCE IS NOT REQUIRED FOR THIS STAGE OF THE TRIAL.

GOOD MORNING, EVERYONE. HOPE EVERYONE HAD A RESTFUL WEEKEND.

**MR. KHOURY:** YOU KNOW WE DIDN'T.

**THE COURT:** IMAGINE THAT. I DON'T KNOW WHAT YOU COULD HAVE BEEN DOING THIS WEEKEND, MR. KHOURY.

**THE COURT:** ALL RIGHT. SO LET'S GO ON THROUGH THE JURY CHARGES HERE AND LET'S SEE WHERE WE STAND.

ALL RIGHT. LET'S GO THROUGH THE CHARGES. OF COURSE, I WOULD INVITE COUNSEL TO REMAIN SEATED THROUGHOUT THIS PROCESS, BUT I WOULD ASK OR REMIND YOU TO PLEASE SPEAK INTO THE MICROPHONE.

ALL RIGHT. LET'S TAKE UP THE JURY INSTRUCTIONS FIRST, OF COURSE.

07:35a

ANY OBJECTION TO THE INSTRUCTIONS ON PAGE 1, FROM THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** PAGE 1 OF THE INSTRUCTIONS?

**THE COURT:** YES, INSTRUCTIONS.

**MR. PUSATERI:** NOTHING ON PAGE 1.

**THE COURT:** PAGE 2 OF THE INSTRUCTIONS, BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 3 OF THE INSTRUCTIONS, BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** SORRY ABOUT THAT, FOLKS. ALL RIGHT.

INSTRUCTIONS ON PAGE 4. NOW, IT'S STIPULATED TESTIMONY THERE WERE JOINT EXHIBITS. ACTUALLY PAGE -- IT'S A DUPLICATION HERE. I THOUGHT WE TOOK PAGE -- THE --

**THE LAW CLERK:** THERE IS A SEPARATE -- THERE IS AN INSTRUCTION FOR STIPULATED TESTIMONY 2.2 AND

07:36a

THEN THERE IS AN INSTRUCTION FOR STIPULATION OF FACT 2.3.

**THE COURT:** ANY OBJECTION FROM THE PLAINTIFF ON PAGE 4?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** DEFENSE?

**MR. PUSATERI:** WE WEREN'T SURE THAT THIS ONE WAS NECESSARY, YOUR HONOR.

**THE COURT:** I AGREE. LET'S TAKE IT OUT.

YOU DON'T HAVE ANY OBJECTION TO THAT, DO YOU?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** THANK YOU, MR. SHEPPARD.

ALL RIGHT. PAGE 5, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** NOW, I DON'T THINK THAT PAGE 6 IS REQUIRED. I DON'T THINK I WAS REQUESTED TO TAKE JUDICIAL NOTICE OF ANYTHING.

DO YOU ALL AGREE WITH THAT?

**MR. SHEPPARD:** I HAD ASKED, BUT I WITHDREW THAT ONE. I LOOKED AT THE DISTANCE FOR THE PLATFORM.

**THE COURT:** VERY GOOD. SO THE INSTRUCTION

07:37a

AT PAGE 6 IS DELETED.

PAGE 7. I WILL INFORM THE JURY THIS MORNING THAT QBE IS NO LONGER A PARTY TO THE LAWSUIT, WHICH WILL PROBABLY NECESSITATE THE 2.5 INSTRUCTION.

ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, SIR.

**THE COURT:** WAIT JUST A MOMENT HERE.

ALL RIGHT. ON TO THE INSTRUCTION AT PAGE 8. ANY OBJECTION FROM THE PLAINTIFF?

**MR. SHEPPARD:** PAGE 8. THAT WAS THE LIMITING INSTRUCTION. RIGHT?

**THE COURT:** CORRECT.

**MR. SHEPPARD:** NO OBJECTION, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** OUR QUESTION WAS THE NECESSITY OF IT, YOUR HONOR. I DON'T REMEMBER THAT THERE WAS ANY LIMITED TESTIMONY OR EXHIBIT SO FAR. BUT WE DON'T HAVE AN OBJECTION IN PRINCIPLE TO IT. JUST NECESSITY.

**THE COURT:** YES, THERE WAS AN OCCASION WHEN I -- I CAN'T RECALL WHICH WITNESS I INSTRUCTED THE JURY TO DISREGARD THE TESTIMONY OF A WITNESS. I JUST DON'T --

07:39a

**MR. PUSATERI:** FAIR ENOUGH. NO OBJECTION.

**THE COURT:** ALL RIGHT. PAGE 9. ANY OBJECTION TO THE INSTRUCTION ON PAGE 9 BY THE PLAINTIFF?

**MR. SHEPPARD:** NO OBJECTION, YOUR HONOR. WE WOULD LIKE TO ENTER TWO EXHIBITS FOR THE CHARTS AND SUMMARIES. THOSE WERE THE -- WHAT DR. COWEN HAD PUT IN HIS REPORT THAT MR. LEATHERWOOD HAD QUESTIONED HIM ABOUT. AND DR. RICE, IT'S JUST A -- IT JUST IS A COMPILATION OF THE DATA THAT'S IN THE REPORT.

**THE COURT:** OF COURSE, TYPICALLY DEMONSTRATIVES DON'T COME IN.

IS THERE AN OBJECTION FROM THE DEFENSE?

**MR. PUSATERI:** I MEAN, TYPICALLY DEMONSTRATIVES DON'T COME IN, YOUR HONOR, SO WE WERE NOT PLANNING TO OFFER OUR DEMONSTRATIVES. BUT IF YOUR HONOR LET THEM OFFER THEIRS, THEN WE SHOULD BE ALLOWED TO OFFER OURS.

**THE COURT:** SO WHAT I'M GOING -- MR. SHEPPARD?

**MR. SHEPPARD:** AND THESE AREN'T DEMONSTRATIVES, YOUR HONOR. THEY'RE A SUMMARY OF THE DATA. IT WOULD BE UNDER RULE 1000 OF THE RULES OF EVIDENCE, WHICHEVER -- I FORGET THE EXACT RULE NUMBER. BUT IT'S A COMPILATION OF, YOU KNOW -- LIKE

07:39a

A SUMMARY OF A LOT OF RECORDS.

DR. COWEN HAD IN HIS REPORT IDENTIFIED A LOT OF TREATMENT THAT MR. GRIFFIN WOULD NEED AND IDENTIFIED THE COST OF THAT TREATMENT. TO THE EXTENT THEY WANT TO OFFER THE SAME FOR THEIR EXPERT IN THAT REGARD, WE HAVE NO PROBLEM. WE WERE ALSO PLANNING TO PUT THE PRESENT VALUE OF THOSE THINGS THAT DR. RICE TESTIFIED ABOUT. JUST THE NUMBERS, NOTHING ELSE. AND IT JUST SUMMARIZES THE DATA THAT WAS IN HIS REPORT.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** I PROBABLY WOULD NEED TO TAKE A LOOK AT THOSE, YOUR HONOR. I REMEMBER THAT GOING UP, BUT I WOULD NEED TO TAKE ANOTHER LOOK TO FORMULATE WHETHER WE HAVE AN OBJECTION. WE WANT TO DO THE SAME WITH OURS.

**THE COURT:** UNDERSTOOD. SO I WOULD ASK THAT YOU ALL MEET AND CONFER WHEN WE COMPLETE THIS PROCESS. IF Y'ALL REACH AGREEMENT ON THAT, IT CAN COME IN.

ALL RIGHT. MOVING ON NOW TO THE OBJECTION -- THE INSTRUCTIONS ON PAGE 10, DEMONSTRATIVE EVIDENCE. ANY OBJECTION --

**MR. SHEPPARD:** NO OBJECTION.

**THE COURT:** -- BY THE PLAINTIFF?

07:41a

**MR. SHEPPARD:** NO OBJECTION, YOUR HONOR.

**THE COURT:** DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 11, ANY OBJECTION?

**THE LAW CLERK:** FOR COUNSEL, ARE THESE THE ONLY DEMONSTRATIVE EVIDENCE EXHIBITS? I TRIED TO --

**MR. SHEPPARD:** I THINK IT'S JUST THE THREE.

**THE LAW CLERK:** JOINT 37, DEFENSE 10, DEFENSE 11? I TRIED TO -- I BASED IT OFF OF THE PRINTOUT FROM JERS. I WASN'T SURE IF THIS WAS THE ONLY OTHER DEMONSTRATIVE AIDS THAT Y'ALL HAD.

**MR. SHEPPARD:** I THINK IT -- YEAH, IT WAS THE DRAWING BY THE PLAINTIFF AND THEN THE TWO EXHIBITS THAT WERE DONE BY MR. BADEAUX, I BELIEVE.

**THE LAW CLERK:** CORRECT.

**THE COURT:** SO WHY DON'T Y'ALL CONFER ON THAT AS WELL JUST OF THAT WE'RE ALL ON THE SAME PAGE ON THIS. OKAY?

SO WE'LL COME BACK, AMBER, TO PAGE 10 AS WELL. OKAY?

**MR. KHOURY:** JUDGE, AM I INCORRECT? WEREN'T THOSE MADE EXHIBITS? I THINK THEY'RE ACTUAL EXHIBITS. THEY'RE NOT DEMONSTRATIVES.

**THE COURT:** SO WHICH -- THE JOINT EXHIBIT 37 -- LET'S SEE.

07:41a

**MR. PUSATERI:** SO 10 AND 11 ARE THE ONES THAT MR. BADEAUX DREW ON.

**THE COURT:** YES. SO THOSE COME IN. DO YOU STILL WANT THEM?

**MR. PUSATERI:** YES.

**THE COURT:** OKAY. THOSE COME IN. AND 37?

**MR. SHEPPARD:** THAT WAS THE DRAWING THE PLAINTIFF DID OF THE BOAT.

**THE COURT:** I THINK -- YES, I THOUGHT THAT WAS --

**MR. KHOURY:** THAT'S A JOINT EXHIBIT.

**MR. SHEPPARD:** THAT'S A JOINT EXHIBIT, TOO.

**THE COURT:** CORRECT.

**MR. PUSATERI:** I THINK THAT'S FINE, YOUR HONOR.

**THE COURT:** VERY GOOD. SO --

**THE LAW CLERK:** SO BASICALLY YOU ALL ARE INTENDING TO OFFER THOSE EXHIBITS AS EVIDENCE TO THE JURY, NOT JUST AS DEMONSTRATIVES. SO THIS INSTRUCTION IS NO LONGER NEEDED?

**THE COURT:** WELL, IF THEY'RE ALREADY IN EVIDENCE, THEY DON'T HAVE TO COME IN AS DEMONSTRATIVE. DO WE AGREE?

**MR. PUSATERI:** RIGHT. I THINK JOINT EXHIBIT 37, EXHIBIT 10 AND 11 ARE ALL IN AS EVIDENCE, SO

07:42a

THEY'RE TECHNICALLY NOT DEMONSTRATIVES. SO I THINK WE COULD STRIKE THIS ONE.

**MR. SHEPPARD:** I KNOW MR. BADEAUX SAID HE KIND OF DREW IT TO THE BEST OF HIS RECOLLECTION; HE WASN'T EXACTLY SURE WHERE IT WAS. BUT THEY WERE ADMITTED AS EXHIBITS.

**THE COURT:** THAT'S FINE. SO WE'LL DELETE THE INSTRUCTION ON PAGE 10.

ALL RIGHT. MOVING ON NOW TO PAGE 11, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NONE FROM THE PLAINTIFF, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** YOUR HONOR, THE LANGUAGE WE USUALLY SEE IN THIS IS SOMETHING REFERRING TO THE FALSUS IN UNO, FALSUS IN OMNIBUS, SORT OF A GENERAL RULE. I DIDN'T SEE THAT IN HERE. I JUST WANTED TO ASK YOUR HONOR IF YOU WOULD CONSIDER ADDING SOMETHING LIKE THAT.

**THE COURT:** COME AGAIN. WHAT --

**MR. PUSATERI:** SO, YOU KNOW, THE GENERAL RULE THAT WHEN A STATEMENT -- A WITNESS MAKES -- IS -- YOU KNOW, MISREPRESENTS SOMETHING IN ONE RESPECT, THE JURY CAN FIND THAT HE REPRESENTS -- OR MISREPRESENTED EVERYTHING. I DON'T -- IT'S THE

07:43a

FALSUS IN UNO --

**THE COURT:** IS IT IN THE FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS?

**MR. PUSATERI:** I DON'T KNOW THE ANSWER TO THAT. I'LL ASK.

**THE COURT:** IT'S NOT. THIS IS WHAT WE USE IN EVERY FEDERAL TRIAL WHEN WE'RE DEALING WITH IMPEACHMENT.

SO ANY OBJECTION FROM -- YOUR -- TO THE EXTENT IT'S AN OBJECTION, IT'S CERTAINLY NOTED FOR THE RECORD.

**MR. PUSATERI:** THANK YOU, YOUR HONOR.

**THE COURT:** MOVING ON NOW TO PAGE 12, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 13. NOW, WE DID NOT HAVE -- WE HAD RECORDINGS, THE TRANSCRIPT OF AT LEAST THE DEPOSITION TESTIMONY THAT WE SAW ON FRIDAY. BUT AGAIN, THAT IS NOT GOING IN TO THE JURY.

ANY OBJECTION, NONETHELESS, TO PAGE 13?

**MR. SHEPPARD:** I DON'T BELIEVE THAT THE TRANSCRIPT THAT THEY WERE INTENDING TO USE WITH MR. GRIFFIN WAS EVER ACTUALLY USED. SO I DON'T KNOW IF

07:44a

THIS INSTRUCTION IS NECESSARY.

**THE COURT:** CORRECT. AND WE ACTUALLY PREPARED THIS TO INCLUDE THIS IN ANTICIPATION OF THAT COMING IN. BUT SINCE IT DOESN'T COME IN -- BUT NONETHELESS, I HAVE TO ADVISE THEM TO RELY ON WHAT THEY HEARD FROM THE CAPTAIN AND NOT THE TRANSCRIPT AT THE BOTTOM OF THE -- BECAUSE IT'S NOT CERTIFIED, OF COURSE.

WITH THAT EXPLANATION, IS THERE ANY OBJECTION BY THE PLAINTIFF TO THE INSTRUCTION ON PAGE 13?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO OBJECTION, YOUR HONOR.

**THE COURT:** PAGE 14, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 15, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** JUST TO LINES 15 THROUGH 17. I BELIEVE THAT THEY'RE SOMEWHAT DUPLICATIVE OF THE FIRST PARAGRAPH WHERE IT'S SAYING, YOU KNOW, "IF THE PROOF FAILS TO ESTABLISH AN ESSENTIAL PART OF

07:45a

PLAINTIFF'S CLAIM" --

**THE COURT:** I AGREE, IT IS.

ANY OBJECTION TO THAT CHANGE, MR. PUSATERI?

**MR. PUSATERI:** NO, YOUR HONOR. EXCEPT WE THOUGHT THAT ON LINES 8 AND 16 -- 16 IS OUT NOW. LINE 8, IT SHOULD BE PLURAL "CLAIMS."

**THE COURT:** VERY GOOD.

**MR. PUSATERI:** SO WE'LL TAKE OUT 15 THROUGH 17?

**THE COURT:** ANY ELEMENTS -- "ANY ELEMENT OF HIS CLAIMS." OKAY. WE'LL ADD PLURAL ON "CLAIMS" AT LINE 8 AND WE'LL DELETE LINES 15 THROUGH 17. ALL RIGHT?

LET'S MOVE ON NOW TO PAGE 16. ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 17, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 18, ANY OBJECTION BY THE

07:46a

PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** SO WE HAVE THE "LAMD SUPPLEMENT," YOUR HONOR. DOES THAT COME OUT, OBVIOUSLY, WHEN YOU READ IT, OR IS THAT --

**THE COURT:** YES, THAT COMES OUT. I WON'T SAY "LAMD SUPPLEMENT." NO, GOOD QUESTION.

**MR. PUSATERI:** I JUST WASN'T SURE.

**THE COURT:** AND BY THE WAY, GENTLEMEN AND LADY, I WILL TELL YOU NOW THAT IT IS MY PRACTICE TO PLACE THE INSTRUCTIONS ON THE ELMO DEVICE, AND I INVITE THE JURY TO READ. I MEAN, OBVIOUSLY -- I DON'T KNOW ABOUT ANY OF YOU -- BUT I COMPREHEND THINGS AND RETAIN A LOT MORE IF I CAN ACTUALLY HEAR AND READ IT AT THE SAME TIME, SO JUST SO YOU KNOW.

SO YES, THIS WILL BE -- EVERYTHING THAT YOU SEE IN BOLD THAT SAYS "LAMD SUPPLEMENT" WILL BE DELETED FROM THE FINAL DRAFT. OKAY?

**MR. PUSATERI:** NO OBJECTION, THEN, YOUR HONOR.

**THE COURT:** AND ANY OBJECTION TO THE BALANCE OF THE INSTRUCTION ON PAGE 19, BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

07:47a

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** ON NOW TO THE INSTRUCTION AT PAGE 20. DID WE CAPTURE EVERYONE HERE, ALL OF THE EXPERT WITNESSES?

**MR. SHEPPARD:** YOUR HONOR, I BELIEVE WE NEED TO ADD DR. GREENE. HE WAS A FACT WITNESS, BUT HE'S TESTIFYING IN -- EXPERT CAPACITY IN ORTHOPEDIC SURGERY.

**MR. PUSATERI:** I DON'T REMEMBER WHAT HE WAS OFFERED IN.

**THE COURT:** YES, HE MOST CERTAINLY WAS. AND SO WE WILL ADD THAT.

ANY OTHER EDITS, CHANGES, OBJECTIONS OF ANY KIND TO THE INSTRUCTION ON PAGE 20, BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** WE DID HAVE SOME REQUESTED CHANGES, YOUR HONOR. I'LL JUST GO DOWN THE LINE.

FOR COMMANDER MICHAEL LEBSACK, WE DIDN'T THINK THAT WAS HOW HE WAS ACTUALLY OFFERED. AND YOUR HONOR LIMITED HIM TESTIFYING ON INDUSTRY REGULATIONS. SO WE THOUGHT THE BETTER DESCRIPTION WOULD JUST BE TO MATCH MARC FAZIOLI AND CALL HIM A MARITIME OPERATIONS --

07:49a

**THE COURT:** YES, I -- LET'S SEE. I KNOW THAT -- LET'S TAKE OUT THE WORD -- CERTAINLY TAKE OUT THE WORD "LIABILITY."

**MR. PUSATERI:** CORRECT.

**THE COURT:** YOU DON'T HAVE ANY OBJECTION, MR. SHEPPARD, TO JUST -- I MEAN, THEY TESTIFIED ABOUT THE SAME ISSUES, ESSENTIALLY. DO YOU HAVE AN OBJECTION TO SIMPLY CHANGING FROM "LIABILITY IN MARITIME INDUSTRY REGULATIONS" TO "MARITIME OPERATIONS"?

**MR. SHEPPARD:** HE ALSO -- I'VE GOT THE TRANSCRIPT HERE. HE ALSO IS OFFERED AS A MARITIME EXPERT INCLUDING IN THE CONTEXT OF VESSEL SAFETY, OCCUPATIONAL SAFETY, AND REGULATORY COMPLIANCE. I'M JUST LETTING THE JUDGE -- LETTING YOUR HONOR KNOW WHAT WAS IN THERE.

I HAVE NO PROBLEM WITH THE WORDS IF YOU WANT TO SAY --

**THE COURT:** HOW ABOUT --

**MR. SHEPPARD:** -- "MARITIME OPERATIONS."

**THE COURT:** HOW ABOUT WE JUST SAY "MARITIME OPERATIONS AND REGULATIONS" FOR BOTH?

**MR. SHEPPARD:** CERTAINLY.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** THAT SOUNDS FINE, YOUR HONOR,

07:50a

AS LONG AS THEY'RE THE SAME.

**THE COURT:** "MARITIME OPERATION AND REGULATIONS" FOR COMMANDER LEBSACK AND MR. FAZIOLI.

OKAY, AMBER?

**THE LAW CLERK:** YES, SIR.

**MR. SHEPPARD:** AND, YOUR HONOR, THERE IS JUST A TYPO WITH HIS NAME. IT'S NOT LIEBSACK. I DON'T LIKE THE WORD "LIE" IN HIS NAME, BUT --

**THE COURT:** WE'LL TAKE OUT THE "I" IN HIS NAME. OKAY? YOU THINK THAT CONVEYS A CERTAIN MESSAGE TO THE JURY?

**MR. SHEPPARD:** I THINK IT'S VERY SUBLIMINAL, YOUR HONOR.

**THE COURT:** SEE, YOU'RE A GOOD LAWYER. YOU CATCH THINGS LIKE THAT.

**MR. PUSATERI:** WE CAUGHT IT, BUT WE LEFT IT.

SO NEXT UP, YOUR HONOR, FOR DR. COWEN AND MS. HAUPT -- SO 3 AND 7 -- WE THOUGHT THEY BOTH SHOULD BE DESCRIBED AS LIFE CARE PLAN EXPERTS OR LIFE CARE PLANNING. I THINK THAT'S HOW THEY WERE OFFERED.

**THE COURT:** YES, THAT'S RIGHT. LIFE CARE -- ANY OBJECTION TO THAT, MR. SHEPPARD?

**MR. SHEPPARD:** MISTER -- OR DR. COWEN WAS ALSO OFFERED, YOU KNOW, IN PHYSICAL MEDICINE AND REHABILITATION, PAIN MANAGEMENT AND LIFE CARE

07:51a

PLANNING. ALL THREE.

**THE COURT:** OKAY. WELL, LET'S CERTAINLY INCLUDE LIFE CARE -- LIFE CARE PLANNER AND --

**MR. PUSATERI:** I DON'T THINK IT'S PHYSICAL DISABILITY. I THINK IT'S --

**MR. SHEPPARD:** PHYSICAL PAIN. I'M SORRY.

**MR. PUSATERI:** NO.

**MR. LEATHERWOOD:** PHYSICAL MEDICINE AND REHABILITATION.

**MR. PUSATERI:** PHYSICAL MEDICINE --

**MR. SHEPPARD:** PAIN MEDICINE AND REHABILITATION, PAIN MANAGEMENT AND LIFE CARE PLANNING.

**THE COURT:** DID YOU GET ALL THAT, AMBER?

**THE LAW CLERK:** YES, SIR.

**THE COURT:** GOOD. I'M GLAD YOU DID.

ANY OTHERS, MR. PUSATERI?

**MR. PUSATERI:** YES. FOR 6 AND 7, CARLISLE AND HAUPT, WE THOUGHT VOCATIONAL -- I'M SORRY. THAT'S WRONG, YOUR HONOR.

WE THOUGHT 5 AND 6 SHOULD BE THE SAME, VOCATIONAL REHABILITATION FOR BOTH, FOR BECKWITH AND CARLISLE. I THINK THEY WERE OFFERED IN THE SAME CAPACITY: VOCATIONAL REHABILITATION.

**THE COURT:** MR. SHEPPARD?

07:52a

**MR. SHEPPARD:** THAT'S FINE, YOUR HONOR.

**THE COURT:** OKAY. DO YOU HAVE THAT, AMBER?

**THE LAW CLERK:** YES, SIR.

**THE COURT:** NEXT? ANY OTHERS?

**MR. PUSATERI:** THAT WAS IT, YOUR HONOR.

**MR. SHEPPARD:** YOUR HONOR, IF WE'RE KIND OF MIRRORING TITLES, WE WOULD JUST ASK THAT DR. RICE BE A FORENSIC ECONOMIST AS WELL THEN. HE'S DOING THE SAME JOB.

**THE COURT:** OKAY.

**MR. PUSATERI:** NO OBJECTION, YOUR HONOR.

**THE COURT:** VERY GOOD. WE'LL GO ON AND ADD THE WORD "FORENSIC" BEFORE THE WORD "ECONOMIST" ON NO. 4.

**THE LAW CLERK:** EXCUSE ME. MR. DAN CLIFFE, WHAT'S HIS TITLE?

**MR. PUSATERI:** HE WAS A FORENSIC ECONOMIST.

**THE LAW CLERK:** I MEANT MISTER, DOCTOR.

**MR. PUSATERI:** OH. HE'S MISTER.

**THE LAW CLERK:** THANK YOU.

**MR. PUSATERI:** I THINK THAT PROBABLY NEEDS TO GO IN FRONT OF "FAZIOLI" AS WELL THEN. IS THAT RIGHT, KYLE? IS HE JUST MISTER?

**MR. KHOURY:** CORRECT.

**THE COURT:** ALL RIGHT. ANYTHING ELSE ON

07:53a

PAGE 20?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** ALL RIGHT. PAGE 21, ANY OBJECTIONS FROM THE PLAINTIFF?

**MR. SHEPPARD:** JUST CLEARING SOME STUFF UP. REMOVING "QBE" AND JUST SAYING --

**THE COURT:** YES. ALL RIGHT. DID YOU GET THAT, AMBER?

**THE LAW CLERK:** YES, SIR.

**THE COURT:** ANY OBJECTIONS, MR. PUSATERI?

**MR. PUSATERI:** SO, YOUR HONOR, WE HAD CIRCLED ON LINE 5 "LEGS AND OTHER BODY PARTS" BECAUSE WE DON'T THINK THERE HAS BEEN ANY EVIDENCE OF LEGS AND BODY PART INJURIES.

**THE COURT:** OKAY. I THINK THAT'S RIGHT.

YOU DON'T DISPUTE THAT?

**MR. SHEPPARD:** THAT'S FINE, YOUR HONOR.

**MR. PUSATERI:** SO WE'LL PROBABLY PUT AN "AND HIS SHOULDER, NECK, AND BACK."

AND THEN IN LINE 7, WE STRUCK THROUGH "HE WAS STRUCK BY THE LIFT" AND ASK THAT TO BE THE BASKET OR THE PERSONNEL BASKET. I DON'T THINK THERE WAS ANY TESTIMONY THAT HE WAS STRUCK BY THE VESSEL. SO WE THOUGHT THE SENTENCE SHOULD BE "PLAINTIFF CLAIMS THAT HE WAS STRUCK BY THE BASKET AND OTHER

07:54a

ITEMS ON THE VESSEL."

**THE COURT:** WAIT. FIRST OF ALL, YOU'RE REQUESTING THAT WE TAKE OUT "LIFT" AND ADD "BASKET"?

**MR. PUSATERI:** YES.

**THE COURT:** ANY OBJECTION TO THAT, MR. SHEPPARD? I BELIEVE THAT'S ACCURATE.

**MR. SHEPPARD:** THAT'S FINE. I'M JUST READING IT THROUGH, YOUR HONOR.

**THE COURT:** AND WE REMOVE "THE VESSEL." I DON'T RECALL ANY TESTIMONY REGARDING YOUR CLIENT BEING STRUCK BY THE VESSEL.

**MR. SHEPPARD:** AND, YOUR HONOR, FOR LINE 6, INSTEAD OF "MANLIFT" -- BECAUSE I THINK WE'VE KIND OF BEEN DESCRIBING IT AS A PERSONNEL BASKET TRANSFER OPERATION, IF WE COULD CHANGE "MANLIFT" TO "PERSONNEL BASKET TRANSFER OPERATION."

**THE COURT:** ANY OBJECTION TO THAT, MR. PUSATERI?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** HAVE YOU GOT THAT, AMBER?

**THE LAW CLERK:** PERSONNEL --

**MR. PUSATERI:** -- BASKET TRANSFER --

**MR. SHEPPARD:** -- BASKET TRANSFER OPERATION.

**MR. PUSATERI:** THAT'S ON LINE 6?

**THE COURT:** YES.

07:55a

**MR. PUSATERI:** THEN OUR NEXT ONE, YOUR HONOR, WAS ON LINE --

**THE COURT:** NOT TO CUT YOU OFF. DO WE HAVE LINE 6 AND 7, AMBER?

**THE LAW CLERK:** YES, SIR. CHANGED THE BASKET, YES, AND THE PERSONNEL BASKET TRANSFER OPERATION.

**THE COURT:** OKAY. AND YOU MADE THE CORRECTIONS ON LINES 4 AND 5?

**THE LAW CLERK:** YES.

**THE COURT:** ALL RIGHT, MR. PUSATERI.

**MR. PUSATERI:** SO ON LINE 14 WE WOULD ASK THE COURT TO DELETE "TORT LAW" SINCE THIS IS A STRAIGHT UP JONES ACT. AND IT'S EITHER GENERAL MARITIME OR MARITIME LAW. WE'RE FINE WITH EITHER OF THOSE, BUT WE DIDN'T THINK THERE WAS ANY STATE LAW ISSUES. SO WE THOUGHT, YOU KNOW, "UNDER THE JONES ACT AND GENERAL MARITIME LAW" WOULD BE APPROPRIATE.

**THE COURT:** ANY OBJECTION TO THAT, MR. SHEPPARD?

**MR. SHEPPARD:** WE'D JUST ASK THE COURT TO NOTE AN OBJECTION. WE DID SUBMIT JURY INSTRUCTIONS FOR NEGLIGENT -- LOUISIANA STATE NEGLIGENCE, SO THAT WOULD -- THAT'S ALL WE WANT TO STAND ON --

**THE COURT:** VERY GOOD. YOUR OBJECTION IS

07:56a

NOTED. AND WE'LL MAKE THAT -- THOSE CHANGES TO LINE 14.

ALL RIGHT. ANYTHING FURTHER ON LINE -- ON PAGE 21?

ALL RIGHT. MOVING ON TO PAGE 22. ANY OBJECTION -- OF COURSE, WE'LL TAKE OUT THE "QBE INSURANCE LIMITED" WHERE THAT IS NOTED. BUT OTHER THAN THAT, ANY OBJECTION TO PAGE 22?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** YES. FOR US, YOUR HONOR, LINE 10, WE THOUGHT IT WOULD BE CLEARER IF IT SAID "PLAINTIFF'S SECOND CLAIM IS AGAINST OFFSHORE TRANSPORT; THAT UNSEAWORTHINESS OF THE VESSEL CAUSED HIS INJURIES." BECAUSE I THINK THAT IS THE ONLY CLAIM AGAINST OFFSHORE TRANSPORT, IS THE UNSEAWORTHINESS CLAIM.

**THE COURT:** SO COME AGAIN. HOW WOULD YOU PHRASE IT?

**MR. PUSATERI:** I WOULD START ON PAGE 9 AND SAY "PLAINTIFF'S SECOND CLAIM IS AGAINST OFFSHORE TRANSPORT SERVICES, LLC; THAT UNSEAWORTHINESS OF THE VESSEL CAUSED HIS INJURIES."

**THE COURT:** ANY OBJECTION TO THAT, MR. SHEPPARD?

07:57a

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** DO YOU HAVE THAT, AMBER?

**THE LAW CLERK:** YES, SIR.

**THE COURT:** ANYTHING ELSE ON PAGE 22?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** ALL RIGHT. MOVING ON TO PAGE 23, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** 24, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** THE BALANCE OF THAT INSTRUCTION ON PAGE 25, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** WE QUESTION THE NECESSITY OF LINES 4 THROUGH 6 BECAUSE WE DON'T THINK THERE HAS BEEN ANY TESTIMONY THAT THE PLAINTIFF WAS NOT ADEQUATELY TRAINED. IN FACT, I THINK ALL THE TESTIMONY WAS THAT HE WAS A CERTIFIED RIGGER AND DIDN'T HAVE ANY TRAINING ISSUES.

07:58a

**THE COURT:** I THINK THAT'S RIGHT.

ANY OBJECTION TO THAT, MR. SHEPPARD?

**MR. SHEPPARD:** I THINK THE ISSUE IS THAT THEY DIDN'T PERFORM THE JSA AHEAD OF TIME, AND THAT'S PART OF THE TRAINING THAT HE WOULD NEED TO RECEIVE. I THINK THERE HAS BEEN EVIDENCE THAT THEY DON'T HAVE ANYTHING DOCUMENTED AND THAT HE HADN'T RECEIVED ANY SORT OF TRAINING ON THAT PARTICULAR OPERATION THAT WAS GOING TO BE TAKING PLACE. I UNDERSTOOD HE'S DONE THOSE OPERATIONS BEFORE, BUT THAT SPECIFIC ONE THERE WASN'T ANY TRAINING BEFOREHAND.

**THE COURT:** I UNDERSTAND. BUT WE'RE TALKING ABOUT A TASK THAT THE PLAINTIFF WAS NOT ADEQUATELY TRAINED TO PERFORM. I THINK THIS COMMON USAGE OF ALL THESE WORDS TO ME SUGGEST THAT HE WASN'T TRAINED ON HOW TO PARTICIPATE IN A MANLIFT OPERATION. AND I'LL USE THAT TERM RATHER THAN THE -- BUT PERSONNEL TRANSFER AND ALL THAT SORT OF THING.

SO I'M NOT SURE THAT YOUR CONCERN FALLS WITHIN THE SCOPE OF THIS PART OF THE INSTRUCTION. AND SO I'M GOING TO GO ON AND -- BECAUSE THERE HAS BEEN NO TESTIMONY, NO EVIDENCE THAT HE WASN'T TRAINED TO PERFORM WHAT HE DID. NOW -- BUT I WILL NOTE YOUR OBJECTION FOR THE RECORD.

**MR. SHEPPARD:** THANK YOU, YOUR HONOR.

07:59a

**THE COURT:** ON TO PAGE 26, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** 27, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** AND THE BALANCE OF THAT, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** OKAY. MOVING ON NOW TO THE INSTRUCTION AT PAGE 29, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 30, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** DEFENDANT?

07:59a

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 31, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 32, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** SO, YOUR HONOR, WE JUST -- AT THE TOP, LINE 1, "THE CARRYING OUT OF ORDERS," WE CIRCLED THAT. I THINK IT'S A LITTLE BIT OF A GRAY AREA. I DON'T THINK THERE HAS BEEN ANY TESTIMONY HE WAS SPECIFICALLY CARRYING OUT ORDERS, YOU KNOW, SO MAYBE THE OBJECTION WOULD GO BACK TO LINE 19. BUT I DIDN'T HAVE A CIRCLE THERE. I APOLOGIZE.

YOU KNOW, I THINK THAT OBJECTION -- THAT INSTRUCTION IS USUALLY WHEN SOMEONE IS GIVEN A DIRECT ORDER TO GO DO SOMETHING AND AN ACCIDENT HAPPENS. AND I JUST DON'T THINK THAT'S BEEN THE TESTIMONY IN THIS CASE. SO PERHAPS THAT PARAGRAPH STARTING AT LINE 19, PAGE 31 THROUGH LINE 2 OF PAGE 32 IS NOT NECESSARY.

**THE COURT:** MR. SHEPPARD?

08:00a

**MR. SHEPPARD:** MR. GRIFFIN WAS TOLD TO PERFORM THE OPERATION. IT WAS CLEARED WITH THE CAPTAIN. THE OPERATION WAS PERFORMED. HE WAS FOLLOWING HIS ORDERS. HE DIDN'T JUST GO OUT TO THE DECK AND START DOING THINGS ON HIS OWN. THIS WAS AN OPERATION THAT HE WAS TOLD TO DO.

**THE COURT:** I THINK THAT'S RIGHT. I THINK THE JURY CERTAINLY HAS ENOUGH EVIDENCE RIGHT NOW TO DETERMINE IF, IN FACT, MR. GRIFFIN DID WHAT HE DID BECAUSE HE WAS ORDERED TO DO SO, AND SO THAT WILL REMAIN IN THE INSTRUCTIONS. BUT YOUR OBJECTION IS NOTED.

**MR. PUSATERI:** THANK YOU, YOUR HONOR.

**THE LAW CLERK:** I JUST WANTED TO POINT OUT THAT THE *WILLIAMS V BRASEA* CITATION WOULD BE DELETED.

**THE COURT:** THAT'S COMING OUT, TOO.

**THE LAW CLERK:** THAT WAS JUST PROVIDED FOR THE BENEFIT OF COUNSEL SO YOU KNOW WHERE WE GOT THE INSTRUCTION FROM.

**MR. PUSATERI:** THANK YOU.

**THE COURT:** ALL RIGHT. ANYTHING ELSE ON PAGE 32 FROM THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

08:01a

**THE COURT:** MOVING ON NOW TO THE INSTRUCTION ON PAGE 33, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** OF COURSE, THE CITATION WILL COME OUT.

ANY OBJECTION BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** ALTHOUGH, I WILL KEEP IN "IN THE CASE CALLED *MCCORPEN,*" ET CETERA, ET CETERA.

NOW, MOVING ON NOW TO 34, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** SO, YOUR HONOR, WE DID HAVE AN OBJECTION TO LINES 39 TO 42. BUT IF I CAN, I WANTED TO CONSULT WITH COUNSEL REAL QUICK ON THAT LANGUAGE. HE'S A LITTLE MORE WELL BRIEFED IN *MCCORPEN* DEFENSE THAN I AM.

**THE COURT:** OKAY.

**MR. PUSATERI:** NO OBJECTION, YOUR HONOR.

**THE COURT:** VERY GOOD.

MOVING ON NOW TO THE INSTRUCTION ON PAGE 35, WE'RE GOING TO CLEAN UP THE TITLE THERE. ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

08:03a

THE COURT: BY THE DEFENSE?

MR. PUSATERI: YOUR HONOR, I THINK I HAVE TO OBJECT TO THE USE OF 10 PERCENT AS AN EXAMPLE. I REALIZE YOU SAY IT'S AN EXAMPLE. I THINK SOMETHING A LITTLE HIGHER WOULD BE FAIRER TO THE DEFENDANTS. I CAN SUGGEST MAYBE 50/50. JUST 10 PERCENT SEEMS REALLY LOW TO US.

THE COURT: OKAY. LET'S COME BACK TO THAT, AMBER. WE'LL TRY TO REWORD THAT.

THE LAW CLERK: THIS IS THE -- JUST SO THE RECORD IS CLEAR, THIS 10 PERCENT WAS INCLUDED IN THE INSTRUCTION ITSELF. I UNDERSTAND YOUR OBJECTION, BUT I JUST WANTED TO LET YOU KNOW THIS WAS NOT FROM US. THIS WAS FROM THE INSTRUCTION ITSELF.

MR. PUSATERI: I UNDERSTAND. IT'S ON LINES 9 AND LINES 12, JUST TO POINT THAT OUT.

THE COURT: NO, I UNDERSTAND. I UNDERSTAND YOUR CONCERN AND WE'LL COME BACK TO THAT. WE'LL SEE IF WE CAN COME UP WITH AN ALTERNATIVE.

PAGE 36, ANY OBJECTION BY THE PLAINTIFF?

MR. SHEPPARD: NO, YOUR HONOR.

THE COURT: BY THE DEFENSE?

MR. PUSATERI: NO, YOUR HONOR.

THE COURT: PAGE 12, ANY OBJECTION BY THE

08:04a

PLAINTIFF?

**MR. PUSATERI:** 37.

**MR. SHEPPARD:** 37. WE'RE LISTENING.

**THE COURT:** THANK GOODNESS. IT'S BEEN -- YOU'RE RIGHT, IT'S BEEN TOO SHORT A WEEKEND, MR. KHOURY. AND I'M SURE YOU ALL DIDN'T EVEN HAVE A CHANCE TO GET OUT TO THE JAZZ FEST THIS WEEKEND, OR FESTIVAL INTERNATIONAL.

**MR. KHOURY:** WE DID NOT. NEXT WEEKEND, THOUGH.

**THE COURT:** THANKFULLY THERE'S A SECOND WEEK OF JAZZ FEST.

37, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 38, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** ON TO PAGE 39, ANY OBJECTION BY THE PLAINTIFF?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

08:04a

**MR. PUSATERI:** YES, YOUR HONOR. SO THIS WILL BE A CONTINUING SORT OF OBJECTION. I'LL START IT HERE. IN THE TITLE IT SAYS "WILLFUL." YOUR HONOR USES THE TERM "WILLFUL AND WANTON," SO WE THOUGHT THE TITLE SHOULD AT LEAST BE CONSISTENT WITH WHAT YOUR HONOR USES.

BUT WE'VE LOOKED THROUGH -- WE'VE DONE SOME RESEARCH OVER THE WEEKEND, YOUR HONOR, AND THE FIFTH CIRCUIT TENDS TO USE -- WE'VE SEEN -- TENDS TO USE "WILLFUL AND ARBITRARY" AS OPPOSED TO "WILLFUL AND WANTON." AND WE'RE REFERRING TO THE *GASPARD V TAYLOR DIVING* CASE, WHICH IS A 1982 FIFTH CIRCUIT CASE, WHERE IT USES THE TERM -- I BELIEVE IT'S "WILLFUL AND ARBITRARY."

AND THE TERMS WE'RE MOST ACCUSTOMED TO SEEING INCLUDED IN THE INSTRUCTIONS ARE "ARBITRARY AND CAPRICIOUS." YOUR HONOR DOES GO -- EXPAND ON "WILLFUL AND WANTON." AND WE WOULD BE OKAY STARTING WITH "WILLFUL AND WANTON," BUT FURTHER IN WE'D LIKE THE WORDS "ARBITRARY AND CAPRICIOUS" TO BE ADDED SOMEWHERE IN THE INSTRUCTION. SO I'LL START HERE.

**THE COURT:** LET'S GO.

**MR. PUSATERI:** IN THE TITLE IT COULD SAY "WILLFUL AND WANTON." I THINK THAT WOULD BE MORE CONSISTENT THAN JUST "WILLFUL."

08:05a

**THE COURT:** "WILLFUL AND WANTON"?

**MR. PUSATERI:** IN THE TITLE, YES, SIR.

**THE COURT:** ANY OBJECTION TO THAT? IT SEEMS --

**MR. SHEPPARD:** I WOULD JUST SAY GOING WITH WHAT'S IN THE PJC LANGUAGE. IF THAT'S WHAT'S IN THERE, THAT'S WHAT'S IN THERE. HE CITED A 1984 CASE I BELIEVE OR AROUND THE -- IN THE '80s. THE PJC WAS -- THE MOST RECENT ONE I THINK IS FROM 2020, SO THEY'VE CERTAINLY TAKEN ALL THAT INTO ACCOUNT AND DECIDED ON THE LANGUAGE THAT NEEDS TO BE --

**THE COURT:** WELL, LET ME COME BACK TO THAT. LET'S MOVE ON TO THE SUBSTANCE OF THE INSTRUCTION, MR. PUSATERI.

**MR. PUSATERI:** YES. NOTHING FURTHER ON PAGE 39, YOUR HONOR.

**THE COURT:** OKAY. PAGE 40, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NOT HERE, YOUR HONOR.

**THE COURT:** PAGE --

**MR. PUSATERI:** HANG ON, YOUR HONOR. YES.

**THE COURT:** ALL RIGHT. PAGE 41?

**MR. SHEPPARD:** NO, YOUR HONOR.

08:06a

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** LET ME JUST CHECK WITH COUNSEL, YOUR HONOR.

**THE COURT:** ANYTHING FROM THE PLAINTIFF ON PAGE 42?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** DEFENSE?

**MR. PUSATERI:** 42? NO, YOUR HONOR.

**THE COURT:** 43, ANY OBJECTIONS BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** AND PAGE -- AND ON LINE -- I MEAN 43, OF COURSE. LINE 4 IS THE "WILLFUL AND WANTON."

**MR. PUSATERI:** RIGHT. SO THAT'S WHERE THAT CAME FROM, YOUR HONOR. AND THEN I'LL JUST READ FROM SOME OF OUR RESEARCH. SO WE'RE SEEING PHRASES LIKE "WILLFUL AND ARBITRARY." FURTHER -- THIS IS A EASTERN DISTRICT CASE. I'LL GET YOU THE CITE IN A MINUTE, YOUR HONOR. IT SAYS, "IT WAS ALSO CALLOUS AND RECALCITRANT, ARBITRARY AND CAPRICIOUS, WILLFUL, CALLOUS AND PERSISTENT." AND IT CITES TO THE *MORALES* DECISION OUT OF THE FIFTH CIRCUIT. THAT'S 829 F.2D 1359.

AND THEN I'M LOOKING AT THE *GASPARD*

08:08a

CASE AGAIN. IT SAYS, "IF THE SHIPOWNER, IN FAILING TO PROVIDE MAINTENANCE AND CURE, HAS BEEN CALLOUS AND RECALCITRANT," CITING TO *VAUGHAN*, 82 U.S. AT 530, "OR ARBITRARY AND CAPRICIOUS," *RICHARD VS BAUER DREDGING,* 533 F.2D 955, "REASONABLE ATTORNEY'S FEES MAY ALSO BE RECOVERED."

SO, YOU KNOW, WE'RE CONSISTENTLY SEEING AT LEAST WORDS LIKE "CALLOUS AND RECALCITRANT"; "ARBITRARY AND CAPRICIOUS." AND I THINK THIS -- YOUR HONOR DOES GET "CALLOUS" IN THERE ON LINE 6. I THINK A FULLER DESCRIPTION WOULD BE APPROPRIATE UNDER THE JURISPRUDENCE.

**THE COURT:** MR. SHEPPARD?

**MR. SHEPPARD:** AGAIN, YOUR HONOR, THE -- I DON'T KNOW WHEN THOSE CASES ARE FROM. BUT THE PJC WAS WRITTEN IN 2020. IT'S IDENTIFIED THE INSTRUCTION THAT SHOULD BE GIVEN. AND I DON'T THINK THAT THERE IS ANY REASON TO INCLUDE ADDITIONAL CITATIONS FROM CASES.

AT THIS JUNCTURE THERE IS NOTHING SPECIFIC ABOUT THIS CASE THAT REQUIRES THERE TO BE ALL THE DIFFERENT WORDS "RECALCITRANT"; "CALLOUS" AND ALL THAT JUST THROWN IN AS A LONG DEFINITION. I DON'T KNOW IF THOSE ARE AND/ORs THAT WE'RE TALKING ABOUT IN THESE CASES OR THINGS LIKE THAT.

08:09a

BUT AGAIN, THIS IS THE PATTERN JURY CHARGE ACCEPTED BY THE FIFTH CIRCUIT WHEN THEY'VE CONSIDERED ALL THESE CASES.

**THE COURT:** I THINK THAT'S RIGHT.

SO FIRST OF ALL, GOING BACK TO PAGE 39, THE TITLE OF THE INSTRUCTION WILL BE AMENDED TO INCLUDE THE WORD "AND WANTON," BECAUSE THAT, AGAIN, IS LANGUAGE CONSISTENT WITH THE SUBSTANCE. SO I DON'T SEE ANY PREJUDICE THERE.

BUT, MR. PUSATERI, I WILL CONFINE THIS TO THE ACTUAL -- TO THE FIFTH CIRCUIT JURY INSTRUCTIONS. I THINK IT SATISFACTORILY COVERS THE ELEMENTS, AND SO WE'LL JUST -- WAIT. LET ME JUST SEE.

ALL RIGHT. SO THE ISSUE THAT I HAVE WITH RESPECT TO YOUR REQUEST, MR. PUSATERI, IS THAT I DON'T WANT TO HAVE TO START DEFINING WHAT IS IT TO BE CAPRICIOUS AND -- BUT I DO THINK THAT THE WORD "ARBITRARY" IS FAIRLY, YOU KNOW, WELL-KNOWN AND THERE IS NO NEED TO PROVIDE A DEFINITION OF THAT.

SO IS THERE AN OBJECTION TO JUST ADDING THE WORD "ARBITRARY"? AND THAT WOULD BE ON LINE 4 AND LINE 6. "WILLFUL, WANTON, AND ARBITRARY."

**MR. SHEPPARD:** YOUR HONOR, WE'D ASK ON THIS ONE JUST TO STICK WITH THE PJC, SINCE THERE HAS BEEN

08:12a

NOTHING SPECIFIC TO THE CASE NEEDING IT. BUT THAT WOULD JUST BE OUR OBJECTION TO IT.

**THE COURT:** WE'LL GO ON AND ADD THE WORD "ARBITRARY." AND YOUR OBJECTION IS NOTED.

**MR. SHEPPARD:** THANK YOU.

**MR. PUSATERI:** THANK YOU, YOUR HONOR.

**THE COURT:** SO THAT'S ON PAGES -- THAT'S ON LINES 4 AND 6.

**MR. PUSATERI:** YOUR HONOR, WILL THAT BE ADDED TO THE TITLE AS WELL?

**THE COURT:** IT WILL BE ADDED TO -- ON PAGE 39, IS IT?

**MR. PUSATERI:** CORRECT.

**THE COURT:** YES.

**MR. PUSATERI:** THANK YOU, YOUR HONOR.

**THE COURT:** LET'S MOVE ON NOW TO PAGE 44. ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** SORRY. JUST GOING BACK, I WAS WONDERING WHICH LINE 4 WAS IT ON WHICH PAGE?

**THE COURT:** PAGE 43 AT LINE 4 AND LINE 6.

**MR. SHEPPARD:** OKAY. THANK YOU, YOUR HONOR.

**THE COURT:** ANY OBJECTION TO THE INSTRUCTION ON PAGE 44, MR. SHEPPARD?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** MR. PUSATERI?

08:13a

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** LINE 45, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** DEFENSE?

**MR. PUSATERI:** NO OBJECTION TO PAGE 45, YOUR HONOR.

**THE COURT:** PAGE 46, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. SHEPPARD:** ACTUALLY, I DON'T KNOW IF WE NEED LINES 15 THROUGH -- MAYBE 15 THROUGH 4 ON PAGE 47. SO SORRY. SORRY. LINES 15 THROUGH 18 ON 46 AND 1 THROUGH 4 ON 47. I DON'T THINK THERE HAS BEEN A CONSTITUTIONAL RIGHT OR -- THAT WE'VE REALLY ADDRESSED IN THIS CASE.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** WELL, I AGREE THAT "CONSTITUTIONAL" IS NOT NECESSARY. BUT THERE CERTAINLY HAVE BEEN ALLEGATIONS OF STATUTORY RIGHTS OR STATUTORY VIOLATIONS.

SO TO TRY TO REACH A RESOLUTION TO THIS, I THINK WE COULD TAKE OUT OF -- I'M SORRY -- THE WORD "CONSTITUTIONAL OR" ON LINE 27 -- I'M SORRY

08:14a

-- LINE 17. BUT I THINK THE REST IS APPROPRIATE, YOUR HONOR.

**THE COURT:** MR. SHEPPARD?

**MR. SHEPPARD:** THAT'S FINE, YOUR HONOR.

**THE COURT:** OKAY. SO WE'LL TAKE OUT THE WORDS "CONSTITUTIONAL OR" ON PAGE 17 ON LINE 56 -- 46. EXCUSE ME. DO YOU HAVE THAT, AMBER?

MOVING ON NOW TO PAGE 47, ANY OBJECTION TO THE INSTRUCTION ON PAGE 47 BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENDANT?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** 48, ANY OBJECTION, MR. SHEPPARD?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 49, ANY OBJECTION, MR. SHEPPARD?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** I THINK OUR OBJECTION WAS JUST WHETHER OR NOT THIS WAS CUMULATIVE OF ANY OF THE OTHER INSTRUCTIONS, YOUR HONOR. I APOLOGIZE, I DON'T HAVE -- I THINK WHAT FLAGGED ME WAS A CITING TO THE CIVIL LAW TREATISE AS OPPOSED TO THE PATTERN JURY

08:15a

INSTRUCTIONS.

AND I WOULD ASK THE ROOM IF ANYONE THOUGHT THAT THAT WAS DUPLICATIVE OF WHAT WE HAVE COVERED ALREADY. I MEAN, IT SEEMS -- PERHAPS IT'S NOT, YOUR HONOR.

**THE COURT:** YES, I WANT TO LEAVE IT IN. WE'VE HAD A LOT OF TESTIMONY ABOUT DAMAGES HERE, SO WE'RE GOING TO KEEP THAT IN.

**MR. PUSATERI:** THAT'S FINE, YOUR HONOR.

**THE COURT:** ANY OBJECTION TO LINE -- TO THE INSTRUCTION ON PAGE 50 BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** ALL RIGHT. PAGE 51, ANY OBJECTIONS BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** YES, YOUR HONOR. I DON'T THINK THIS IS THE PUNITIVE DAMAGES FOR MAINTENANCE AND CURE, YOUR HONOR. AND I THINK YOU'VE COVERED THAT ALREADY. THIS TO ME IS THE OLD PUNITIVE DAMAGES FOR -- WHEN THERE WAS AN ISSUE ON THAT FOR UNSEAWORTHINESS, WHICH THE FIFTH CIRCUIT ALLOWED, THEN REVERSED. SO I DON'T THINK --

08:16a

**THE COURT:** LET'S GO BACK. YOU SAID YOU THINK IT WAS COVERED. IN WHAT INSTRUCTION?

**MR. PUSATERI:** SO IT WAS COVERED IN THE ONE WE TALKED ABOUT AT WILLFUL AND WANTON.

**THE COURT:** YES. WELL, WE CERTAINLY COVERED THAT. IT MAY BE DUPLICATIVE.

MR. SHEPPARD, DO YOU AGREE?

**MR. SHEPPARD:** YES, YOUR HONOR. I BELIEVE *ATLANTIC SOUNDING VERSE TOWNSEND* GET RID OF JUST GENERAL PUNITIVE DAMAGES IN MARITIME CASES.

**THE COURT:** SO 51 IS OUT.

MOVING ON NOW TO PAGE 52, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 53, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** ON PAGE 54 WE'RE GOING TO HAVE TO CHANGE THIS. BECAUSE CURRENTLY IT SAYS -- YOU CHANGED THAT?

**THE LAW CLERK:** YES, SIR.

08:17a

**MR. PUSATERI:** IT'S THE THREE TO TWO, YOUR HONOR, THAT WE'RE CHANGING?

**THE COURT:** CORRECT.

**MR. PUSATERI:** YES. THANK YOU.

**THE COURT:** ANY OBJECTION, MR. SHEPPARD?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** PAGE 55, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** AND 56 THROUGH 58 ARE JUST THE GENERAL -- AND WE'RE GOING TO CLEAN UP THIS A LITTLE BIT -- DUTY TO DELIBERATE INSTRUCTIONS.

ANY OBJECTION TO THE INSTRUCTIONS ON PAGE 56, 57 AND 58?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** ALL RIGHT.

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** THANK YOU. SO LET'S GO BACK NOW TO THE INSTRUCTION ON PAGE 35. LET'S SEE.

SO, MR. PUSATERI, WHAT DO YOU RECOMMEND AS AN ALTERNATIVE TO THIS INSTRUCTION?

08:18a

**MR. PUSATERI:** I THINK WHAT WOULD BE FAIR WOULD JUST BE -- WOULD BE 50 PERCENT.

**THE COURT:** "IF YOU FIND THAT PLAINTIFF'S OWN NEGLIGENCE WAS 50 PERCENT"?

**MR. PUSATERI:** CORRECT. AND THEN AGAIN ON LINE 12. I DON'T THINK THAT'S ASKING FOR TOO MUCH. I JUST THINK THAT LEVELS THE PLAYING FIELD, YOUR HONOR.

**THE COURT:** HOW ABOUT I JUST TAKE OUT ALL THE PERCENTAGES ALTOGETHER? IT WOULD READ: "IF YOU FIND THAT PLAINTIFF'S OWN NEGLIGENCE WAS" -- I WILL SAY "IN PART RESPONSIBLE FOR INJURY OR DAMAGES, YOU MUST FILL IN THAT PERCENTAGE THAT YOU FIND." AND THAT WAY I WILL TAKE OUT THE LINES AT -- THE INSTRUCTIONS BEGINNING WITH THE WORDS "OF COURSE" AT LINE 12 AND THAT WHOLE SENTENCE THAT EXTENDS TO LINE 13: "IF YOU FIND THAT BOTH PARTIES WERE NEGLIGENT, THE PERCENTAGE OF PLAINTIFF'S FAULT IS FOR YOU TO DECIDE, BUT DO NOT MAKE ANY REDUCTION IF YOU" -- "BUT DO NOT MAKE ANY REDUCTION TO THE AMOUNT OF DAMAGES THAT YOU AWARD TO THE PLAINTIFF." SO THAT THE SENTENCE BEGINNING AT -- BEGINNING AT LINE 14 AND EXTENDING THROUGH LINE 15 COMES OUT AS WELL.

**MR. PUSATERI:** SO I DON'T -- I'M NOT SURE THAT THAT SENTENCE IS APPROPRIATE, YOUR HONOR, WHERE

08:19a

IT SAYS "IF YOU FIND THAT BOTH PARTIES WERE NEGLIGENT, THE PERCENTAGE OF PLAINTIFF'S NEGLIGENCE IS FOR YOU TO DECIDE. YOU MIGHT FIND ANY ALLOCATION BETWEEN 1 AND 99 PERCENT." THE ONLY THING I THINK THAT WOULD NEED TO BE REMOVED FROM THAT IS THE WORD "BOTH" SINCE WE HAVE THREE PARTIES. SO I THINK YOU COULD JUST SAY "IF YOU FIND THAT ANY PARTIES WERE NEGLIGENT" PERHAPS.

**THE COURT:** OKAY. MR. SHEPPARD, ANY OBJECTION TO THAT?

**MR. SHEPPARD:** "IF YOU FIND THAT ANY PARTIES WERE NEGLIGENT" -- IT'S KIND OF DISJOINTED A LITTLE BIT. IT MIGHT JUST BE EASY TO SAY THAT "THE PERCENTAGE OF THE PARTIES' NEGLIGENCE IS FOR YOU TO DECIDE," I THINK IS A CLEAR WAY TO SAY IT.

**THE COURT:** TO TAKE OUT, IN OTHER WORDS, "IF YOU FIND THAT ANY PARTIES WERE NEGLIGENT"?

**MR. SHEPPARD:** YEAH. YES, YOUR HONOR. SORRY.

**THE COURT:** THE PERCENTAGE OF -- SO YOU'RE ASKING THAT I REMOVE "PLAINTIFF'S" AND JUST INSERT "THE PERCENTAGE OF ANY PARTY'S NEGLIGENCE IS FOR YOU TO DECIDE"?

**MR. SHEPPARD:** YEAH. OR "THE PERCENTAGE OF ANY PARTY'S NEGLIGENCE, IF ANY, IS FOR YOU TO

08:20a

DECIDE."

**THE COURT:** ALL RIGHT.

**MR. SHEPPARD:** I THINK THAT CLARIFIES IT, AND THEN WE DON'T HAVE THE PERCENTAGES IN THERE.

**THE COURT:** "ANY PARTY'S NEGLIGENCE, IF ANY," OKAY.

MR. PUSATERI, ARE YOU OKAY WITH THAT?

**MR. PUSATERI:** I THINK I AM, YOUR HONOR.

I DID JUST NOTE THAT UP IN LINE 8 THERE IS ALSO THE LINE "BOTH" UP THERE, SO THAT SHOULD BE AN "ANY," FOR CLARITY.

COULD WE READ THROUGH THAT REAL QUICK JUST SO I'M SURE I'VE CAPTURED ALL THE CHANGES?

**THE COURT:** SURE. STARTING ON LINE 8, "LET ME GIVE YOU AN EXAMPLE. IF YOU FIND" -- IN FACT, WE COULD PROBABLY TAKE OUT THAT LINE ALTOGETHER -- I MEAN THAT SENTENCE ALTOGETHER. "IF YOU FIND THAT ANY PARTIES WERE NEGLIGENT AND YOU FIND THAT PLAINTIFF'S OWN NEGLIGENCE WAS, IN PART, RESPONSIBLE FOR HIS INJURY OR DAMAGE, YOU MUST FILL IN THAT PERCENTAGE AS YOU FIND IN THE BLANK PROVIDED ON THE VERDICT FORM THAT YOU WILL RECEIVE. IF YOU FIND THAT ANY PARTIES WERE NEGLIGENT, THE PERCENTAGE OF ANY PARTY'S NEGLIGENCE, IF ANY, IS FOR YOU TO DECIDE. BUT YOU DO NOT MAKE" -- "BUT DO NOT MAKE ANY REDUCTION IN THE

08:22a

AMOUNT THAT YOU AWARD," ET CETERA, ET CETERA.
ALL RIGHT. ANY OBJECTION TO THAT, MR. SHEPPARD?
**MR. SHEPPARD:** I THINK WE CAN ACTUALLY JUST REMOVE 8 THROUGH 13 UNTIL YOU READ "IF" BECAUSE --
**THE COURT:** NO, I THINK --
**MR. SHEPPARD:** OR I WAS JUST -- THEY KIND OF SAY THE SAME THINGS.
**THE COURT:** I THINK THAT'S RIGHT.
MR. PUSATERI?
**MR. PUSATERI:** SO WHAT -- WE'RE TAKING OUT 8 THROUGH?
**MR. SHEPPARD:** 8 THROUGH 13 UNTIL IT SAYS "IF YOU FIND THAT ANY PARTIES WERE NEGLIGENT, THE PERCENTAGE OF ANY PARTY'S NEGLIGENCE IS FOR YOU TO DECIDE."
**MR. PUSATERI:** SO I -- SO I BELIEVE THIS IS FROM THE PATTERN JURY INSTRUCTIONS. AND I WOULD -- YOU KNOW, I THINK THE FURTHER EXPLANATION OF THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE IS APPROPRIATE. RATHER THAN TO STRIKE ALL OF THAT, YOUR HONOR, I THINK IT'S THERE FOR A REASON, BECAUSE I THINK THE JURY GETS A LITTLE CONFUSED ABOUT THE PLAINTIFF'S OWN FAULT. SO I KIND OF LIKE THE WAY WE WERE MODIFYING IT.

08:23a

**THE COURT:** WE'LL JUST KEEP THAT IN. I'LL TAKE OUT, HOWEVER, THE SENTENCE "LET ME GIVE YOU AN EXAMPLE." THAT COMES OUT.

**MR. PUSATERI:** OKAY.

**MR. SHEPPARD:** AND, YOUR HONOR, WE DO HAVE A WHOLE SECTION ON CONTRIBUTORY NEGLIGENCE, SO THIS IS JUST ADDING TO THAT. THAT'S WHY --

**THE COURT:** CORRECT.

**MR. SHEPPARD:** I WOULD THINK THAT 8 THROUGH 13 COULD COME OUT AND WE CAN JUST TOUCH ON THAT SINCE THERE IS ALREADY AN INSTRUCTION ON CONTRIBUTORY NEGLIGENCE.

**THE COURT:** YES, IT CERTAINLY IS. BUT WE'LL GO ON AND LEAVE IT IN WITH THESE MODIFICATIONS.

LET'S MOVE ON NOW TO THE INSTRUCTION -- IT'S ABOUT 8:23. WE HAVE A LOT LEFT TO DO AND THE JURY IS PROBABLY HERE.

ALL RIGHT. SO LET'S TURN NOW TO THE --

**MR. PUSATERI:** VERDICT FORM?

**THE COURT:** -- VERDICT FORM AND SPECIFICALLY TO INTERROGATORY NO. 1.

ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** YES, YOUR HONOR. WE THOUGHT

08:23a

THE WORD "PERSONNEL BASKET TRANSFER" SHOULD BE IN FRONT OF THE WORD "INCIDENT" IN 1, 2 AND 3, BECAUSE -- BECAUSE THERE ARE TWO INCIDENTS, ONE OF WHICH THE PLAINTIFF'S OWN ADMISSION WASN'T CAUSED BY THE FAULT OF THE DEFENDANTS.

**THE COURT:** SO "THE PERSONNEL BASKET INCIDENT"?

**MR. PUSATERI:** RIGHT. IT SHOULD BE "INJURED HIS SHOULDER AS A RESULT OF A PERSONNEL BASKET TRANSFER INCIDENT."

**THE COURT:** ANY OBJECTION, MR. SHEPPARD?

**MR. SHEPPARD:** NONE TO THAT BEING ADDED TO 1, 2 OR 3.

**THE COURT:** COME AGAIN NOW.

**MR. PUSATERI:** NONE -- NO OBJECTION FOR THAT BEING ADDED TO 1, 2 OR 3. I THINK THAT'S WHAT THEY ASKED FOR.

**THE COURT:** OKAY. ANY OTHER OBJECTIONS TO, LET'S JUST SAY, 1, 2 AND 3 BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR. AS LONG AS THE "PERSONNEL BASKET TRANSFER" IS IN ALL THREE OF THOSE, WE'RE FINE.

**THE COURT:** HAVE YOU GOT THAT, AMBER?

**THE LAW CLERK:** YES, SIR.

**THE COURT:** MOVING ON TO PAGE 3,

08:24a

INTERROGATORY NO. 4, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** SO YES, YOUR HONOR. THE SAME THING WE MENTIONED BEFORE. "OFFSHORE TRANSPORT SERVICES" WE DON'T THINK IS APPROPRIATE HERE BECAUSE THERE IS NO EVIDENCE OF ITS NEGLIGENCE. IT'S STRICTLY HERE ON THE UNSEAWORTHINESS CLAIM, WHICH COMES NEXT.

**THE COURT:** OKAY, WAIT. SO YOU'RE -- LET ME MAKE SURE I UNDERSTAND. YOU'RE SUGGESTING THAT INTERROGATORY NO. 4 BE DELETED?

**MR. PUSATERI:** NO, YOUR HONOR. THAT "OFFSHORE TRANSPORT SERVICES, LLC" BE DELETED FROM THE QUESTIONS.

**THE COURT:** OKAY. ANY OBJECTION, MR. SHEPPARD?

**MR. SHEPPARD:** NO, YOUR HONOR, AS LONG AS WE KIND OF PUT THEM BACK IN WHERE IT COUNTS IN THE -- FOR THE VESSEL'S NEGLIGENCE, UNSEAWORTHINESS.

**THE COURT:** AND WE'LL GET TO THAT IN A MINUTE.

DO YOU HAVE THAT, AMBER?

**THE LAW CLERK:** YES, SIR.

**THE COURT:** ALL RIGHT. NO. 5, ANY OBJECTION

08:25a

BY THE PLAINTIFF?
**MR. SHEPPARD:** NO, YOUR HONOR.
**THE COURT:** BY THE DEFENSE?
**MR. PUSATERI:** NO, YOUR HONOR.
**THE COURT:** NO. 6, BY THE PLAINTIFF?
**MR. SHEPPARD:** NO, YOUR HONOR.
**THE COURT:** BY THE DEFENSE?
**MR. PUSATERI:** NO, YOUR HONOR.
**THE COURT:** AND ON PAGE 7 WE'LL TAKE OUT THE "OFFSHORE TRANSPORT." CORRECT?
**MR. SHEPPARD:** I THINK THAT MIGHT STILL -- WE'VE GOT --
**THE COURT:** THAT APPLIES.
**MR. SHEPPARD:** THAT WOULD APPLY THERE.
**THE COURT:** THAT APPLIES.
ANY OBJECTION, MR. SHEPPARD?
**MR. SHEPPARD:** NO, YOUR HONOR.
**THE COURT:** MR. PUSATERI?
**MR. PUSATERI:** NO, YOUR HONOR.
**THE COURT:** ALL RIGHT. ON TO INTERROGATORY NO. 8 ON PAGE 6, ANY OBJECTION BY THE PLAINTIFF?
**MR. SHEPPARD:** YOUR HONOR, I DON'T WANT TO RUN INTO AN ISSUE WHERE THERE IS EVIDENCE OF CERTAIN THINGS AND NOT EVIDENCE OF OTHER THINGS AND THERE JUST BEING A SINGLE NUMBER HERE. MY CONCERN IS:

08:26a

WITHOUT SEPARATING THESE ITEMS OUT, WE MIGHT RUN INTO AN ISSUE WHERE WE DON'T KNOW EXACTLY WHAT THE JURY HAS AWARDED SOMETHING FOR.

SO I WOULD ASK THAT THE, YOU KNOW, PHYSICAL IMPAIRMENT, DISFIGUREMENT, PAIN AND SUFFERING, MENTAL ANGUISH, LOSS OF ENJOYMENT OF LIFE BECOME THEIR OWN ITEMS FOR PAST AND FUTURE.

**THE COURT:** SO EVERYTHING IN THE FIRST CATEGORY?

**MR. SHEPPARD:** AND THE SAME WOULD BE THE SAME FOR THE SECOND CATEGORY. OTHER THAN THAT, NO ISSUE WITH IT, YOUR HONOR.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** SO TO RESPOND TO COUNSEL'S OBJECTION, WE THINK YOUR HONOR HAS DONE THIS CORRECTLY AND CONSISTENT WITH FIFTH CIRCUIT PRECEDENCE. THE ONLY ISSUE WE HAVE WITH INTERROGATORY NO. 8 WAS, AGAIN, THAT THE WORDS "PERSONNEL BASKET TRANSFER" BE INSERTED BEFORE THE WORD "INCIDENT."

**THE COURT:** WE'LL GO ON AND DO THAT.

SO, MR. SHEPPARD, YOU KNOW, WE DON'T TYPICALLY BREAK EVERYTHING OUT ON -- TO THAT EXTENT. IT COULD -- AT LEAST IN MY JUDGMENT, IT COULD CONFUSE THE JURY. AND WE GIVE A DESCRIPTION OF WHAT IT

08:27a

MEANS. IT SEEMS TO ME THAT IT PROBABLY FAVORS THE PLAINTIFF IF EVERYTHING IS INCLUDED IN JUST -- IN JUST ONE CATEGORY OF DAMAGES HERE. AGAIN, I'VE NEVER DONE IT THAT WAY. I UNDERSTAND YOUR CONCERN, BUT I DON'T SEE WHERE PRESENTING IT TO THE JURY IN THIS WAY AND REQUIRING THEM TO PRESENT IT IN THIS WAY OR AT LEAST CONSIDER IT IN THIS WAY IN THESE CATEGORIES, FRANKLY, IN ANY WAY COMPROMISES YOUR CLIENT'S INTEREST. SO THE OBJECTION IS NOTED, BUT I'M GOING TO LEAVE IT JUST AS IT IS.

LET'S MOVE ON NOW TO INTERROGATORY NO. 9 ON PAGE 7.

**MR. PUSATERI:** YOUR HONOR -- MY APOLOGIES. I MISSED IT. ON INTERROGATORY NO. 8 THE "L" IN "PAST WAGE LOSS" IS CAPITALIZED. AND I DON'T THINK IT NEEDS TO BE.

**THE COURT:** WHAT'S THAT NOW?

**MR. PUSATERI:** THE "L" IN "PAST WAGE LOSS." YOU KNOW, IF IT WOULD JUST BE A SMALL "L," I THINK THAT WOULD HELP.

**THE COURT:** MOVING ON TO PAGE --

**MR. SHEPPARD:** YOUR HONOR, WE VEHEMENTLY OBJECT TO THAT.

**THE COURT:** WELL, YOUR OBJECTION, AS ALWAYS, IS NOTED.

08:28a

ALL RIGHT. INTERROGATORY NO. 9 ON PAGE 7, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** YES, YOUR HONOR. WE THOUGHT THERE NEEDED TO BE SOMETHING IN FRONT OF THIS THAT REFERENCES BACK TO INTERROGATORIES 1, 2 AND 3, BECAUSE IT SORT OF SEEMS LIKE A SECOND BITE AT THE APPLE. IF THE JURY ANSWERS NEGATIVE TO 1, 2 OR 3, IT DOESN'T SEEM LIKE THEY SHOULD BE ASKED IF THOSE ARE AT MAXIMUM MEDICAL IMPROVEMENT BECAUSE IT WOULD BE INFERRED -- YOU KNOW, IF THEY SAY "NO" FOR THE BACK, I DIDN'T -- YOU KNOW, WE CAN CERTAINLY TACKLE THAT WITH YOUR HONOR AFTER THE JURY RETURNS.

BUT WE THOUGHT SOMETHING THAT MAYBE SAID "ONLY TO THE EXTENT YOU ANSWERED 'YES' IN INTERROGATORIES 1, 2 AND 3 SHOULD YOU RESPOND CONSISTENTLY IN INTERROGATORY NO. 9." BUT I DIDN'T MASTER THAT LANGUAGE, YOUR HONOR.

**THE COURT:** WELL, THE INSTRUCTION ON PAGE 2 TELLS THEM "IF YOU ANSWERED 'NO' TO INTERROGATORIES 1, 2 AND 3, PLEASE STOP."

**MR. PUSATERI:** MY CONCERN IS IF IT'S AN "OR."

**THE COURT:** OKAY.

08:29a

**MR. PUSATERI:** SO YEAH, YOU KNOW, IF -- AND MY EXAMPLE WAS LIKE JUST SAY THEY TAKE OUT THE BACK, THEY SAY THE BACK IS NOT CAUSALLY RELATED, BECAUSE THERE WAS PLENTY EVIDENCE ON THAT, THEN I DON'T KNOW WHAT WE WOULD DO IF THEY CHECKED THAT HE WAS NOT AT MMI FOR NO. I THINK, AS I SAID, THE PARTIES AND YOUR HONOR COULD INTERPRET THAT TO MEAN THERE IS NO MAINTENANCE AND CURE DUTY, BUT I WOULD HATE TO CREATE AN INCONSISTENCY.

**THE COURT:** UNDERSTOOD. AND WE CERTAINLY DON'T WANT TO HAVE TO GO THROUGH THIS AGAIN.

**MR. PUSATERI:** PLEASE.

**THE COURT:** NO APPEALABLE ISSUES HERE.

WHAT IS YOUR RECOMMENDATION, MR. PUSATERI?

**MR. PUSATERI:** I THINK THE BEST I COULD COME UP WITH, AFTER A VERY RESTFUL WEEKEND, WAS SOMETHING IN FRONT OF INTERROGATORY 9 THAT SAID "TO THE EXTENT YOU ANSWERED 'YES' TO EITHER INTERROGATORY NO. 1 OR INTERROGATORY NO. 2 OR INTERROGATORY NO. 3, PLEASE RESPOND BELOW CONSISTENTLY WITH YOUR AFFIRMATIVE ANSWER." THAT WAS NOT A GREAT RESPONSE. I JUST -- I RAN OUT OF STEAM ON THAT ONE, YOUR HONOR.

**THE COURT:** NO, NO, WE'RE DOING THIS ON THE FLY, I REALIZE. SO WE'LL INSERT YOUR SUGGESTED

08:31a

LANGUAGE. WE'LL SHOW IT -- YOU KNOW, THE OTHER THING WE MAY WANT TO DO IS --

**MR. PUSATERI:** COULD USE SOME WORDSMITHING HELP FROM THE COURT, YOUR HONOR.

**THE COURT:** SO WHAT AMBER IS GOING TO DO, SHE'S GOING TO DRAFT UP -- LET'S WORK ON THE VERDICT FORM FIRST SO THAT -- ANY RESPONSE? WHAT WE'RE TRYING TO DO HERE, MR. SHEPPARD, IS DRAFT IT SO THAT YOU CAN ACTUALLY TAKE A LOOK AT WHAT IS BEING PROPOSED.

**MR. SHEPPARD:** RIGHT. I UNDERSTAND WHAT'S BEING SUGGESTED. I'M JUST TRYING TO THINK OF A WAY TO DO IT THAT WOULD MAKE SENSE.

**THE COURT:** SO WHAT WE'LL DO IS WE'LL DRAFT UP SOMETHING. WE'LL GIVE IT TO YOU. YOU ALL CAN TINKER WITH IT DURING THE COURSE OF THE NEXT WITNESS'S TESTIMONY. OKAY?

**MR. PUSATERI:** PERFECT.

**THE COURT:** AND IF YOU ALL NEED TO -- WISH TO EXCUSE YOURSELVES DURING THE PLAYING OF THE NEXT WITNESS'S DEPOSITION TESTIMONY, FEEL FREE TO DO SO, AGAIN, AS LONG AS ONE MEMBER OF YOUR TEAM IS HERE IN THE COURTROOM. OKAY?

**MR. SHEPPARD:** YES, YOUR HONOR.

**MR. PUSATERI:** THANK YOU.

08:32a

**THE COURT:** LET'S MOVE ON TO PAGE 8. ANY OBJECTION TO INTERROGATORY NO. 10?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** INTERROGATORY NO. 11, ANYTHING FROM THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** INTERROGATORY NO. 12, ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** NO. 13, ANY OBJECTION, MR. SHEPPARD?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** MR. PUSATERI?

**MR. PUSATERI:** YOUR HONOR, THERE IS A NUMBERING ISSUE. AND I APOLOGIZE. I SHOULD HAVE RAISED THIS ON INTERROGATORY NO. 12. WE SAY "PROCEED TO INTERROGATORY NO. 15," BUT THERE WON'T BE AN INTERROGATORY NO. 15, I'M PRETTY SURE.

**THE COURT:** RIGHT.

08:32a

**MR. PUSATERI:** SO WE JUST NEED TO CLEAN UP SOME OF THE INSTRUCTIONS.

**THE COURT:** WELL -- YES. SO --

**MR. PUSATERI:** AND I THINK THAT'S UNDER INTERROGATORY NO. 10 AS WELL. THERE IS A REFERENCE TO INTERROGATORY NO. 15. AND I APOLOGIZE FOR NOT CATCHING THAT EARLIER. IT'S THROUGHOUT. SO I THINK, AMBER, WILL YOU CLEAN -- I MEAN, THAT'S -- MAKE OUR --

**THE LAW CLERK:** YES, ABSOLUTELY. THIS WAS DRAFTED BEFORE QBE WAS DISMISSED, SO --

**MR. PUSATERI:** ABSOLUTELY.

**THE COURT:** SO --

**MR. PUSATERI:** BUT TO THE SUBSTANCE OF THE INTERROGATORY, NO, NO OBJECTION, YOUR HONOR.

**THE COURT:** VERY GOOD. WE'LL CLEAN UP THE NUMBERING THERE.

AND LET'S MOVE ON TO INTERROGATORY NO. 13. ANY OBJECTION BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** AND WE'LL, AGAIN, CLEAN UP THE NUMBERING THERE.

AND NO. 14, ANY BY THE -- ANY OBJECTION

08:33a

BY THE PLAINTIFF?

**MR. SHEPPARD:** NO, YOUR HONOR.

**THE COURT:** BY THE DEFENSE?

**MR. PUSATERI:** NO, YOUR HONOR.

**THE COURT:** AND 15 COMES OUT AND 16 COMES OUT.

**MR. PUSATERI:** CORRECT.

**THE COURT:** ALL RIGHT. SO WHAT WE'LL DO, WE'LL TAKE A VERY, VERY BRIEF BREAK.

BLAIR, WOULD YOU TELL THE JURY WE'LL BE WITH THEM IN FIVE MINUTES, THAT WE'RE ALMOST READY? JUST TELL THEM WE'LL BE WITH THEM IN FIVE MINUTES AND -- BECAUSE I JUST WANT THEM TO KNOW THAT WE'RE STILL WORKING.

AND COURT IS IN RECESS.

**(WHEREUPON, THE CHARGE CONFERENCE WAS CONCLUDED.)**

**C E R T I F I C A T E**

**I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF THE PROCEEDINGS IN THE ABOVE-ENTITLED NUMBERED MATTER.**

**S:/NATALIE W. BREAUX**

**NATALIE W. BREAUX, RPR, CRR**

**OFFICIAL COURT REPORTER**