UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>　　　　　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>　　　　　　　　　　**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092-BAJ-EWD**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

**MEMORANDUM IN SUPPORT OF MOTION FOR
RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60**

**MAY IT PLEASE THE COURT:**

Defendants, REC Marine Logistics, LLC ("REC Marine") and Offshore Transport Services, LLC ("Offshore Transport"), hereby submit this Memorandum in Support of Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60. For the reasons addressed below, the Plaintiff is not legally entitled to pre-judgment interest on the jury's entire verdict and this Honorable Court's original Judgment (R. Doc. 215) and/or any future judgment issued in accordance with Plaintiff's recent acceptance of remittitur should be corrected to clarify the elements of the verdict for which pre-judgment interest may be awarded.

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, McArthur Griffin, was employed by REC Marine as a deckhand onboard the M/V DUSTIN DANOS, a vessel owned by Offshore Transport. Griffin alleges he sustained injury to his left shoulder, neck, and back on May 2, 2018, when he was struck by a personnel basket being lifted from the deck of the M/V DUSTIN DANOS to a nearby platform by a crane on the platform. Griffin filed suit against REC Marine, Offshore Transport, and QBE Insurance (Europe) Ltd. ("QBE"), alleging claims for Jones Act negligence, unseaworthiness, and maintenance and cure.

A jury trial was held from April 25, 2023 through May 1, 2023. On May 1, 2023, the jury returned a verdict finding that REC Marine was negligent, the M/V DUSTIN DANOS was unseaworthy, and that such negligence and unseaworthiness caused, in part, injuries to Griffin's neck and shoulder.[1] The jury was asked in Interrogatory No. 7 to "allocate the percentage of negligence/fault you find each party had in causing the accident." They assigned 70% to REC Marine, 20% to Offshore Transport, and 10% to Plaintiff.[2] The jury awarded past and future general damages, past wage loss, future loss of earning capacity, past medical expenses, and future medical expenses.[3] Maintenance benefits and punitive damages were also awarded.[4]

On May 5, 2023, the Court entered Judgment on the jury's verdict.[5] After reciting the specifics of the jury's verdict along with the amounts awarded, the Court concluded with the statement that Plaintiff "is hereby awarded court costs and judicial interest from the date of judicial demand."[6] The parties filed numerous post-judgment motions. On December 21, 2023, the Court granted, in part, REC Marine and Offshore Transport's Motion for New Trial and/or Remittitur (R. Doc. 253) and Amended Motion for New Trial or Remittitur (R. Doc. 253), remitting the jury's awards for future medical expenses, past wage loss, future wage loss, and punitive damages.[7] On January 5, 2024, Griffin responded to the Court's Order and accepted the remittitur.[8] Presumably, the Court will now enter a revised judgment based on the remittitur.

---

[1] R. Doc. 212
[2] R. Doc. 212, p. 4
[3] R. Doc. 212, p. 5
[4] R. Doc. 212, pp. 7-8
[5] R. Doc. 215
[6] R. Doc. 215, p. 3
[7] R. Doc. 277, p. 22
[8] R. Doc. 278

## II.     LAW AND ARGUMENT

### A. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(a) states that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The court may correct the mistake "on motion or on its own, with or without notice." Fed. R. Civ P. 60(a). Subsection (b) of Rule 60 provides additional bases for which a court may grant relief from a final judgment when a motion has been filed. This includes a catch-all provision for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

### B. Applicable law regarding pre-judgment interest

As noted by the late Judge Polozola of the Middle District of Louisiana, "[t]he law is well settled that there is no recovery of pre-judgment interest in a Jones Act case tried on the law side of federal court, *i.e.*, before a jury." *Harms v. Maersk Dutch Sweeden, Ltd.,* 602 F.Supp. 814, 815 (M.D. La. 1985) (citing *Williams v. Reading & Bates Drilling Co.*, 750 F.2d 487, 491 (5th Cir. 1985); *Theriot v. J. Ray McDermott & Co.*, 742 F.2d 877, 883 (5th Cir. 1984); *Wyatt v. Penrod Drilling Co.*, 735 F.2d 951, 955 (5th Cir. 1984); *Sanford Bros. Boats v. Vidrine*, 412 F.2d 958, 972-73 (5th Cir. 1969)). The Jones Act affords a seaman the option of bringing his case pursuant to either the court's legal jurisdiction or admiralty jurisdiction. *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1094 (5th Cir. 1988). "However, the seaman must make a trade-off: if he elects to proceed at law, he can have a jury but must forego prejudgment interest; if he elects to proceed in admiralty, he can have prejudgment interest but no jury." *Snyder*, 839 F.2d at 1094. Furthermore, even in a non-jury trial occurring under the court's admiralty jurisdiction, pre-judgment interest may not be awarded with respect to future damages. *Harms*, 602 F.Supp. at 817 *(citing Williams*, 750 F.2d at 491)

3

In *Wyatt v. Penrod Drilling Co.,* the plaintiff filed suit alleging causes of action for Jones Act negligence and unseaworthiness pursuant to the general maritime law. *Wyatt*, 735 F.2d at 953. A jury found in favor of the plaintiff on both his negligence and unseaworthiness claims and awarded damages. However, the district court denied Wyatt's post-trial motion seeking pre-judgment interest. *Wyatt* at 953. On appeal, the U.S. Fifth Circuit Court of Appeals addressed the issue of whether pre-judgment interest may be awarded in a jury trial "when a plaintiff has raised both maritime and Jones Act claims arising out of the same facts." *Id.* at 956. In doing so, the court stated:

> Lacking guidance from this court, the trial judge relied on Judge Rubin's opinion in *Barton v. Zapata Offshore Co*. In *Barton,* as in this case, the plaintiff moved for an amended judgment reflecting an award of prejudgment interest. The elements of the maritime and Jones Act negligence claims were identical, and the jury's answers to special interrogatories did not reveal any basis for holding that some of the damages were in compensation for the admiralty claim alone. Judge Rubin held that, since he was prohibited by *Barrios* and *Sanford Bros.* from awarding prejudgment interest on the damages awarded by a jury under the Jones Act, and since he could not determine which, if any, of the damages related to the maritime claim only, he could not award prejudgment interest at all: "If the court may not award prejudgment interest on the Jones Act claim, there is no separate 'pure' admiralty item on which to allow interest." Judge Rubin commented that "the plaintiff may not claim the benefits of a jury trial on an unseaworthiness claim completely merged with a Jones Act claim as to quantum and then attempt to unscramble the verdict after he prevails."
>
> We adopt Judge Rubin's resolution of the problems created by our somewhat conflicting precedents. As in *Barton,* the special interrogatories propounded in this case do not provide any basis for determining which portion of the damage award, if any, is attributable to unseaworthiness rather than Jones Act negligence. Under these circumstances, the district court did not err in declining to award prejudgment interest.

*Id.* (internal citations omitted).

### C. Pre-judgment interest may not be awarded on the jury's entire verdict

In the instant matter, Plaintiff requested a jury trial. Under U.S. Fifth Circuit precedent, "a plaintiff who requests a jury trial and fails to elect to proceed in admiralty will be considered to have proceeded on the law side of the court." *Snyder*, 839 F.2d at 1094 (citing *Martin v. Walk, Haydel & Associates, Inc.*, 794 F.2d 209, 212 (5th Cir. 1986)). In accordance with Mr. Griffin's request, this case went to verdict before a jury, and therefore pursuant to the law side of this Court and not under the Court's admiralty jurisdiction. As such, the case law discussed above, including the Fifth Circuit's ruling in *Wyatt*, are applicable.

Like in *Wyatt*, Griffin asserted claims of Jones Act negligence and unseaworthiness, for which a jury returned a verdict in his favor. In fairness to the Plaintiff, there is one distinction to be made. In *Wyatt*, there was only one entity held liable for both the negligence and unseaworthiness claims. *Wyatt* at 953. Accordingly, it was not possible to determine "which portion of the damage award, if any, [was] attributable to unseaworthiness rather than Jones Act negligence." *Id.* at 956. Here, however, Griffin's Jones Act claim proceeded against his employer REC Marine, whereas his unseaworthiness claim was against Offshore Transport (the owner of the M/V DUSTIN DANOS).[9] As noted above, the jury assigned 70% fault to REC Marine, 20% to Offshore Transport, and 10% to the Plaintiff. Therefore, in the present case it is arguably possible to determine the portion of overall damages attributable to the negligence and unseaworthiness claims, respectively. Under that premise, Griffin would be entitled to pre-judgment interest on the amount of damages attributable to Offshore Transport's 20% liability for the unseaworthiness of the M/V DUSTIN DANOS. However, pre-judgment interest would still not be allowed on the

---

[9] R. Doc. 215, p. 1

5

amount of damages attributable to REC Marine's 70% liability for Jones Act negligence, as Fifth Circuit case law prohibits an award of pre-judgment interest on damages awarded by a jury under the Jones Act. *Williams v. Reading & Bates Drilling Co.*, 750 F.2d at 491. Moreover, even with respect to the 20% liability assigned to Offshore Transport, such 20% would only be applied to **past** damages for purposes of determining the amount of the award that is subject to pre-judgment interest, as the Fifth Circuit has made clear that "prejudgment interest… may not be awarded with respect to future damages." *Williams* at 491.

### III. CONCLUSION

This Court's Judgment entered into the record on May 5, 2023, stated that Plaintiff was to be "awarded court costs and judicial interest from the date of judicial demand."[10] It appears this language was mistakenly and inadvertently included in the Judgment, likely as a matter of routine considering that most judgments often include pre-judgment interest. However, under the law applicable to this case, pre-judgment interest is not legally recoverable on the jury's entire verdict. Accordingly, Defendants respectfully request that this Motion be granted and that this Honorable Court's original Judgment (R. Doc. 215) and/or any future judgment issued in accordance with Plaintiff's recent acceptance of remittitur be corrected to clarify the elements of the verdict for which pre-judgment interest may be awarded.

---

[10] R. Doc. 215, p. 3

       Respectfully submitted,

       ***/s/ Kyle A. Khoury***
       Salvador J. Pusateri, T.A. (#21036)
       Kyle A. Khoury (#33216)
       Kristian B. Dobard (#36997)
       **PUSATERI, JOHNSTON, GUILLOT**
       **& GREENBAUM, LLC**
       1100 Poydras Street, Suite 2250
       New Orleans, Louisiana 70163
       Telephone: (504) 620-2500
       Facsimile: (504) 620-2510
       Salvador.Pusateri@pjgglaw.com
       Kyle.Khoury@pjgglaw.com
       Kristian.Dobard@pjgglaw.com
       **ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND OFFSHORE TRANSPORT SERVICES, LLC**