UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>　　　　　　　　　**Plaintiff**<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>　　　　　　　　　**Defendants** | **CIVIL ACTION NO: 3:20-cv-00092-BAJ-EWD**<br><br>**DISTRICT JUDGE:**<br>**HON. BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE:**<br>**HON. ERIN WILDER-DOOMES** |

## MEMORANDUM IN SUPPORT OF MOTION TO TOLL DEADLINE TO FILE NOTICE OF APPEAL

**MAY IT PLEASE THE COURT:**

Defendants, REC Marine Logistics, LLC ("REC Marine") and Offshore Transport Services, LLC ("Offshore Transport"), hereby submit this Memorandum in Support of Motion to Toll Deadline to File Notice of Appeal. For the reasons addressed below, Defendants' Motion should be granted.

### I.　FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, McArthur Griffin, was employed by REC Marine as a deckhand onboard the M/V DUSTIN DANOS, a vessel owned by Offshore Transport. Griffin alleges he sustained injury to his left shoulder, neck, and back on May 2, 2018, when he was struck by a personnel basket being lifted from the deck of the M/V DUSTIN DANOS to a nearby platform by a crane on the platform. He filed suit against REC Marine, Offshore Transport, and QBE Insurance (Europe) Ltd. ("QBE"), alleging claims for Jones Act negligence, unseaworthiness, and maintenance and cure.

A jury trial was held from April 25, 2023 through May 1, 2023. On May 1, 2023, the jury returned a verdict finding that REC Marine was negligent, the M/V DUSTIN DANOS was unseaworthy, and that such negligence and unseaworthiness caused, in part, injuries to Griffin's

neck and shoulder.[1] Mr. Griffin was awarded past and future general damages, past wage loss, future loss of earning capacity, past medical expenses, and future medical expenses.[2] Maintenance benefits and punitive damages were also awarded.[3]

On May 5, 2023, the Court entered Judgment on the jury's verdict.[4] Defendants subsequently filed the following motions: (1) Renewed Motion for Judgment as a Matter of Law[5]; (2) Amended and Supplemental Renewed Motion for Judgment as a Matter of law[6]; (3) Motion for New Trial and/or Remittitur[7]; and (4) Amended Motion for New Trial or Remittitur.[8] Plaintiff filed a Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(D), among other motions.[9]

On December 21, 2023, the Court issued a Ruling and Order on various post-trial motions.[10] Relevant here, the Court declined to grant judgment as a matter of law to REC Marine. However, REC Marine and Offshore Transport's Motion for New Trial and/or Remittitur and Amended Motion for New Trial or Remittitur were granted, in part. The Court found that the jury's awards for future medical expenses, past wage loss, future wage loss, and punitive damages were excessive and should be reduced.[11] In accordance with applicable precedent, the Court noted that it could not officially reduce the jury's award without first giving Plaintiff the choice of a new trial, citing *Foradori v. Harris*, 523 F.3d 477, 503 (5th Cir. 2008). Mr. Griffin was given 15 days to advise the Court whether he would accept remittitur, barring which a new trial of damages would

---

[1] R. Doc. 212
[2] R. Doc. 212, p. 5
[3] R. Doc. 212, pp. 7-8
[4] R. Doc. 215
[5] R. Doc. 228 (filed only on behalf of REC Marine)
[6] R. Doc. 251 (filed only on behalf of REC Marine)
[7] R. Doc. 229
[8] R. Doc. 253
[9] R. Doc. 224
[10] R. Doc. 277
[11] R. Doc. 277, p. 22

be ordered. Plaintiff's Motion for Attorneys' Fees was denied without prejudice. He was given 21 days (until January 11, 2024) to resubmit the motion "after differentiating the hours spent on the maintenance and cure claim and identifying those hours which will be impossible to differentiate."[12] REC Marine was given until January 25, 2024 to file a response to any resubmitted motion.[13]

On January 5, 2024, Plaintiff accepted the Court's proposed remittitur.[14] He filed his Amended and Supplemental Motion for Attorneys' Fees on January 11, 2024, to which REC Marine will be filing an opposition. To date, the Court has not issued an amended judgment setting forth the remitted damages Mr. Griffin has now accepted. Presumably, the Court may be waiting to do so until it decides Plaintiff's Amended and Supplemental Motion for Attorneys' Fees.

II. **LAW AND ARGUMENT**

Rule 58(e) of the Federal Rules of Civil Procedure provides that "if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59. Relatedly, Fed. R. App. P. 4(a)(4) states as follows:

> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure — and does so within the time allowed by those rules — the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i)  for judgment under Rule 50(b);
>
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

---

[12] R. Doc. 277, p. 23
[13] *Id.*
[14] R. Doc. 278

3

>    (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>
>    (iv) to alter or amend the judgment under Rule 59;
>
>    (v) for a new trial under Rule 59; or
>
>    (vi) for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59.

As discussed above, REC Marine and Offshore Transport filed a motion under Rule 59 (for new trial and/or remittitur) and REC Marine filed a motion under Rule 50(b) (for judgment as a matter of law). Therefore, the import of Fed. R. Civ. P. 58(e) in the present case is that, if the Court grants the instant motion, the deadline for any party to file a notice of appeal will begin to run from the date the Court rules on Plaintiff's Amended and Supplemental Motion for Attorneys' Fees, which remains pending. Defendants submit that this is the most appropriate course of action, as it would allow all appealable issues to be included in a single notice of appeal and facilitate a more orderly appellate process. See *Heck v. Triche*, 775 F.3d 265, 274 (5th Cir. 2014) (citing U.S. Supreme Court precedent and noting a goal of Rule 58(e) is to "avoid a piecemeal approach in the ordinary run of cases where circumstances warrant delaying the time to appeal.").

REC Marine intends to appeal the denial of its motions for judgment as a matter of law and both Defendants will likely appeal certain aspects of the Court's decision on their motions for new trial and/or remittitur. Furthermore, REC Marine plans to appeal any award of attorneys' fees, as it does not believe Plaintiff properly plead a claim for such fees. By granting the instant Motion, Defendants will be able to address all of the above in the same notice of appeal, thereby avoiding the potential for piecemeal appeals and creating efficiency for both Defendants and the Plaintiff.

As will be set forth in an accompanying motion, Defendants are requesting expedited consideration of this Motion. There is some conflicting case law as to whether the time for filing

a notice of appeal following the grant of remittitur begins to run from the date the Plaintiff accepts remittitur or from the date an amended judgment is issued in accordance with the remittitur. Mr. Griffin accepted remittitur on January 5, 2024. If the time to file a notice of appeal begins to run from the date Plaintiff accepted remittitur, such a notice would have to be filed by Monday, February 5, 2024 (absent granting of this Motion). Defendants will likely take the cautious approach and file a notice of appeal by February 5, 2024 (unless the Court has granted this Motion prior to that time). Therefore, Defendants respectfully request that the Court rule on the present motion prior to February 5, 2024. Otherwise, the purpose of this motion and a purpose of Fed. R. Civ. P. 58(e) would be nullified, as Rule 58(e) precludes the Court from granting the relief requested herein once a notice of appeal has been filed.

### III.CONCLUSION

For the reasons set forth above, Defendants request that this Honorable Court grant their Motion in accordance with Fed. R. Civ. P. 58(e) and toll the deadline to file a notice of appeal until such time as the Court has ruled on Plaintiff's pending Amended and Supplemental Motion for Attorneys' Fees.

Respectfully submitted,

***/s/ Kyle A. Khoury***
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
Kristian B. Dobard (#36997)
**PUSATERI, JOHNSTON, GUILLOT
& GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR REC MARINE
LOGISTICS, LLC AND OFFSHORE
TRANSPORT SERVICES, LLC**