UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MCARTHUR GRIFFIN**<br>     Plaintiff<br><br>**VERSUS**<br><br>**REC MARINE LOGISTICS, LLC, ET AL**<br>     Defendants | CIVIL ACTION NO: 3:20-cv-00092-BAJ-EWD<br><br>DISTRICT JUDGE:<br>HON. BRIAN A. JACKSON<br><br>MAGISTRATE JUDGE:<br>HON. ERIN WILDER-DOOMES |

**OPPOSITION TO PLAINTIFF'S AMENDED AND SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(D)**

**MAY IT PLEASE THE COURT:**

The Plaintiff, McArthur Griffin, has filed an Amended and Supplemental Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(D). REC Marine Logistics, LLC ("REC Marine") files this Opposition to Plaintiff's Motion[1], and requests that the Motion be denied for the reasons below.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

McArthur Griffin was employed by REC Marine as a deckhand onboard a vessel named the M/V DUSTIN DANOS. Plaintiff alleges he sustained various physical injuries on May 2, 2018, when he was struck by a personnel basket being lifted from the deck of the M/V DUSTIN DANOS to a nearby platform. On April 22, 2019, he filed an Original Petition for Damages in the 19th Judicial District Court for East Baton Rouge Parish against REC Marine and other entities which were subsequently dismissed from the case.[2] The Original Petition asserted claims for Jones Act negligence

---

[1] Plaintiff is claiming he is entitled to attorneys' fees in connection with his claim for maintenance and cure. This Opposition is being filed on behalf of REC Marine, as REC Marine was the employer of the Plaintiff and the only defendant against whom a maintenance and cure claim could have been asserted.

[2] R. Doc. 1-1

and unseaworthiness. Plaintiff further asserted a claim for maintenance and cure, stating only that "As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendants make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment."[3] There was no allegation that REC Marine had been willful, wanton or arbitrary in denying maintenance and cure benefits. While Plaintiff alleged entitlement to punitive damages, he attempted to do so only in connection with his negligence claim under the Jones Act.[4] More particularly, the Original Petition states "Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent."[5] Nowhere in the Original Petition does plaintiff allege entitlement to attorneys' fees.

On November 4, 2019, Griffin's First Supplemental and Amended Petition for Damages ("Amended Petition") was filed in the state court action. The Amended Petition simply added two new defendants. All substantive allegations of the Amended Petition were the same as those in the Original Petition.[6] There was no allegation that Plaintiff was entitled to punitive damages for the willful, wanton or arbitrary failure to pay maintenance and cure, and no contention that he was entitled to attorneys' fees on that basis (or any other).[7]

The Court's original Scheduling Order set a trial date of December 13, 2021.[8] The deadline to file a motion to amend the pleadings was November 18, 2020.[9] Plaintiff never amended or supplemented the above-referenced state court pleadings. Trial was subsequently continued to March 21, 2022.

---

[3] R. Doc. 1-1, p. 1-5, ¶ VIII
[4] Of course, this was clearly futile, as the case law is well-established that punitive damages are not available on a Jones Act negligence claim.
[5] R. Doc. 1-1, p. 1-5, ¶ X
[6] R. Doc. 1-1, p. 51-56
[7] *Id.*
[8] R. Doc. 41
[9] R. Doc. 41

2

Plaintiff and Defendants filed a Joint Pre-Trial Order on January 10, 2022.[10] Therein, Griffin alleged for the first time that defendants were liable for punitive damages on account of failure to pay maintenance and cure.[11] He specifically listed as a disputed legal issue whether he was entitled to punitive damages on his maintenance and cure claim.[12] However, nowhere in the Joint Pre-Trial Order did Plaintiff claim entitlement to attorneys' fees. Furthermore, on February 25, 2022, Plaintiff filed his first Proposed Verdict Form.[13] Question 7 asked "Do you find by a preponderance of the evidence that REC Marine Logistics, LLC, in failing to provide maintenance and cure to McArthur Griffin, acted not only unreasonably, but also willfully and wantonly such that punitive damages are warranted."[14] The Proposed Verdict Form did not ask whether Griffin should be awarded attorneys' fees for the alleged willful and wanton failure to pay maintenance and cure.

Trial was subsequently continued to March 6, 2023. On February 24, 2023, the parties filed another Joint Pre-Trial Order.[15] Plaintiff again made reference to punitive damages but did not claim entitlement to (or even mention) attorneys' fees. The parties also filed a joint Proposed Verdict Form on February 24, 2023.[16] Plaintiff requested that the jury be asked "Do you find by a preponderance of the evidence that REC Marine Logistics, LLC, in failing to provide maintenance and cure to McArthur Griffin, acted not only unreasonably, but also willfully and wantonly such that punitive damages are warranted."[17] However, like the Proposed Verdict Form filed by Plaintiff a year earlier, this version did not ask whether Griffin should be awarded attorneys' fees for the alleged willful and wanton failure to pay maintenance and cure.

---

[10] R. Doc. 91
[11] R. Doc. 91, p. 3
[12] R. Doc. 91, p. 11
[13] R. Doc. 123
[14] R. Doc. 123, p. 5
[15] R. Doc. 155
[16] R. Doc. 157
[17] R. Doc. 157, p. 5

A jury trial proceeded from April 25, 2023 through May 1, 2023. On the morning of May 1, 2023, the Court held a charge conference with all counsel to discuss the proposed verdict form and jury instructions. The final verdict form given to the jury contained Interrogatory No. 13, stating "Do you find by a preponderance of the evidence that REC Marine Logistics, LLC, in failing to provide maintenance and cure to Plaintiff McArthur Griffin, acted not only unreasonably, but also willfully, wantonly, and arbitrarily, such that punitive damages are warranted.[18] Counsel for Griffin did not object to the Verdict Form or request that the jury be asked whether he should be awarded attorneys' fees as well.

On May 1, 2023, the jury returned a verdict for the Plaintiff. Of note, they answered Interrogatory No. 13 in the affirmative and ultimately awarded punitive damages.[19] On May 5, 2023, a Judgement on the jury's verdict was entered.[20] Of course, there was no finding in the Judgment that Plaintiff was entitled to attorneys' fees, presumably because there was nothing from which the Court could determine that a claim for attorneys' fees had ever been made.

On May 18, 2023, Griffin filed a Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(D).[21] Defendant filed its Opposition on June 8, 2023.[22] Griffin filed his Reply in Support on June 22, 2023.[23] Subsequently, Defendant filed an Amended Opposition to Plaintiff's Motion for Attorneys' Fees on August 9, 2023.[24]

On December 21, 2023, the Court issued its Ruling and Order denying Plaintiffs Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(D), without prejudice.[25] Plaintiff was

---

[18] R. Doc. 212, p. 8
[19] R. Doc. 212, p. 8-9
[20] R. Doc. 215
[21] R. Doc 224.
[22] R. Doc. 230.
[23] See R. Docs. 245, 249 and 250.
[24] See R. Docs. 262 and 263.
[25] R. Doc. 277.

4

ordered to resubmit his motion after differentiating the hours his attorneys spent on the maintenance and cure claim. As a result, Griffin filed his Amended and Supplemental Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(D) on January 11, 2024.[26]

## II. LAW AND ARGUMENT

### A. Incorporation of Defendant's original Opposition to Plaintiff's Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(D) (R. Doc. 230)

REC Marine incorporates its original Opposition to Plaintiff's Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(D)[27] as if copied herein *in extenso*. As the Court will recall, Defendant has argued that attorneys' fees should not be awarded at all because Plaintiff failed to properly plead recovery of such fees. REC Marine continues to maintain this position but wishes to address the Court's recent Ruling and Order, in which the Court found that Griffin could recover attorneys' fees because he referred to such in an Initial Disclosure.[28] The pertinent Initial Disclosure was from April 9, 2020, and lists a broad range of damage categories in Section C, some of which are clearly inapplicable to a case such as this, including "loss of consortium in the past and future."[29] Among this long list, Plaintiff referenced "attorneys' fees' (where provided by agreement, law, statute, and/or agreement)". The section of the Initial Disclosure which refers to attorneys' fees does not even mention "maintenance and cure."[30]

In addition to the arguments previously advanced, REC Marine wishes to highlight pertinent case law from the U.S. Fifth Circuit Court of Appeals. In *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 764-65 (5th Cir. 1996), the Fifth Circuit stated as follows:

> While this Circuit has not specifically held that attorneys' fees are items of special damage that must be specifically pleaded, we have

---

[26] R. Doc. 279.
[27] R. Doc. 230.
[28] R. Doc. 277, p. 17-18
[29] R. Doc. 250-3, p. 7
[30] *Id*.

5

> intimated that this is so. Similarly, our district courts have denied attorneys' fees in the absence of appropriate pleading and we have affirmed on appeal. We have noted that there may be exceptions to this general rule, such as when the issue is tried by consent or included in a pretrial order…As a general rule, however, we find nothing inappropriate with requiring a party to put its adversaries on notice that attorneys' fees are at issue in a timely fashion or waive that claim. This is accomplished by specifically pleading for attorneys' fees in the Complaint.

(internal citations omitted).

In a more recent case, the Fifth Circuit appears to have been even more specific in stating that "a party must request attorneys' fees in its pleadings…" *Romaguera v. Gegenheimer*, 162, F.3d 893, 895 (5th Cir. 1998). Pursuant to Fed. R. Civ. P. 7(a), the following are considered "pleadings": (1) complaint; (2) answer to a complaint; (3) answer to a counterclaim; (4) answer to a crossclaim; (5) third-party complaint; (6) answer to third-party complaint; and (7) a reply to an answer (oif the court orders one). Plaintiff's reference to attorneys' fees in an initial disclosure clearly was not made in a "pleading." Moreover, such would not even fit within the potential exception noted in *United Industries* of inclusion in a pre-trial order. Not only did Plaintiff never include a request for attorneys' fees in a pleading, he also failed to include it in two separate iterations of the Joint Pre-Trial Order, as well as multiple jury verdict forms. Accordingly, attorneys' fees are not warranted.

### B. <u>Reasonable Hours Expended</u>

"The party seeking attorneys' fees must present adequately documented time records to the court. Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented .... The hours surviving this vetting process are those reasonably expended on the litigation."[31] In the Amended and Supplemental Motion for Attorney's Fees, Plaintiff avers that "more than 700 hours" were expended by his attorneys to obtain judgment.[32] Here,

---

[31] *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).
[32] R. Doc. 279-1.

plaintiff's counsel hours should be reduced for a litany of reasons: (1) block billing and duplicate time entries should be deducted; (2) travel time should be eliminated; (3) some of the time entries are vague; and (4) the time entries are excessive.

Plaintiff argues in large part that the hours allegedly spent by his attorneys in pursuit of maintenance and cure are justified because he had to prove that the personnel basket incident occurred. He makes the assertion that he "had to spend a considerable amount of time demonstrating…that the Incident occurred (which is usually not the case)".[33] REC Marine does not know what type of case or litigation Griffin may be referring to, but this is a personal injury case in which Plaintiff claims he was injured because of an accident. In any personal injury case such as this, a plaintiff is required to show that an accident occurred in which they were injured. Moreover, such a showing is not unique to a maintenance and cure claim. Here, it was an essential element of Plaintiff's negligence and unseaworthiness claims as well. To assert that vast swaths of block billing entries pertain to pursuit of maintenance and cure because Plaintiff had to prove that an accident occurred strains the bounds of reasonableness.

Telling as to the overbreadth of Mr. Griffin's request is the list of trial witnesses he claims provided testimony pertaining to his maintenance and cure cause of action. The list includes nearly every single person who testified at trial, except plaintiff and defense marine liability experts. Many of these witnesses provided little (if any) testimony pertaining to maintenance and cure. Captain Haglund didn't even know that an accident occurred. The majority of his testimony focused on an allegation that he was on his phone at the time of the incident and improperly maneuvered the vessel. Griffin also claims that his retained economic expert, as well as that of Defendants, provided testimony concerning "wages/maintenance."[34] While the economic experts did provide testimony

---

[33] R. Doc. 279-1, p. 3
[34] R. Doc. 279-1, p. 5

concerning past and future wage loss, they did not opine on maintenance. Moreover, wage loss clearly pertains to Plaintiff's damages under his negligence and unseaworthiness claims, not to maintenance and cure.

### a. Block Billing and Duplicate Time Entries

**Block billing:** "Block billing" refers to the disfavored "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks."[35] In other cases, however, the practice has been described more specifically as "describing multiple activities in only one time entry."[36] "Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation. [T]he court cannot accurately determine the number of hours spent on any particular task ...."[37] "Block-billed entries are typically reduced because they lack specificity from which the court can determine their reasonableness and necessity."[38] For that reason, "[L]itigants take their chances in submitting fee requests containing block-billed entries and will have no cause to complain if a district court reduces the amount requested on this basis."[39]

While disfavored, block-billing may nonetheless be permissible if the evidence submitted allows an adequate determination of reasonableness. *See Ball v. Leblanc*, 13-00368-BAJ-SCR, 2015 WL 5749458, at *7 (M.D. La. Sept. 30, 2015). A review of case law reflects that the method most often used to compensate for block billing is a flat reduction of a specific percentage from the award.

---

[35] *Duval v. Physicians Med. Ctr., LLC*, CV 22-2286, 2023 WL 9197748, at *5 (E.D. La. Nov. 7, 2023) citing *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-0752, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011); *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. Aug. 5, 2004) (Lindsay, J.) (citation omitted).
[36] *Duval v. Physicians Med. Ctr., LLC*, CV 22-2286, 2023 WL 9197748, at *5 (E.D. La. Nov. 7, 2023) citing *C&D Prod. Servs. v. Dir., Office of Worker's Comp. Programs*, 376 Fed. App'x 392, 394 (5th Cir. 2010); *accord DeLeon v. Abbott*, 687 Fed. App'x 340, 346 (5th Cir. 2017) (defining block-billing as "billing multiple discrete tasks under a single time designation").
[37] *Jane Roe/Rachel v. Rose v. BCE Tech. Corp.*, No. 4:12–CV–1621, 2014 WL 1322979, at *6 (S.D. Tex. Mar. 28, 2014).
[38] *In re Trevino*, 648 B.R. 847, 875 (Bankr. S.D. Tex. 2023).
[39] *DeLeon v. Abbott*, 687 Fed. App'x 340, 346 n.4 (5th Cir. 2017).

See, e.g., *Delgado v. Village of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *7 (N.D. Ill. Oct. 31, 2006) (reducing total fees by 35% for vagueness, block billing, and lack of detail); *Phoenix Four, Inc. v. Strategic Resources Corporation*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug. 1, 2006) (reducing fee award by 25% for block billing); A*ss'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt AG*, No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov. 17, 2005) (reducing award by 25% for block billing, excessive hours, and vagueness in time entries); *Sea Spray Holdings, Ltd. v. Pali Fin. Group Inc.*, 277 F. Supp. 2d 323, 326 (S.D.N.Y. Aug. 13, 2003) ("Because of ... the inherent difficulties the Court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the Court finds that a 15% 'flat' reduction of fees ... is warranted."); see also *Creecy v. Metropolitan Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 287 (E.D. La. Feb. 28, 2008) (Roby, J).

Recently in *Duval v. Physicians Med. Ctr., LLC*, CV 22-2286, 2023 WL 9197748, at *5 (E.D. La. Nov. 7, 2023), the Court reduced each block-billed entry by 25%. Here, plaintiff's counsel has engaged in block billing and recorded vast numbers of vague entries which make it impossible to glean the amount of time spent on maintenance and cure tasks. Many of the block entries encompass an entire day of work, with verbatim descriptions from previous days. The hours expended by counsel are not difficult to differentiate because of the nature of the task, but rather because Plaintiff's counsel failed to make even a minimal attempt to specify time spent pursuing the maintenance and cure claim. This actually supports REC Marine's argument that attorneys' fees were an afterthought rather than something intentionally plead and pursued. Plaintiff's counsel is experienced in maritime law and clearly knew that attorneys' fees could only potentially be recovered with respect to maintenance and cure, making the failure to accurately memorialize their time more glaring. REC Marine submits that any entries which contain inadequate descriptions to establish the amount of time spent pursuing

maintenance and cure should be reduced by a minimum of 33.33%, considering that Plaintiff had three distinct causes of action he was pursuing. A higher percentage reduction would be warranted given that the negligence and unseaworthiness claims clearly predominated. As the Court will recall, the jury awarded plaintiff $10,000.00 in maintenance benefits and nothing for cure.

**Duplicative Billings:** In determining whether particular hours claimed by Plaintiffs' counsel were reasonably expended, the Court also inspects the records for duplicative billings.[40] "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized.[41] The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted."[42] Here, multiple counsel billed for the same tasks on the same day and the same counsel billed for the same tasks twice for example, counsel for plaintiff blocked billed from February 14 – 23, 2023 the exact same entries with varying hours spent.[43]

### b. Travel Time Should be Eliminated

As a general rule, district courts within the Fifth Circuit are unwilling to award fees for travel time unless legal work was performed while traveling.[44] Courts in this Circuit typically compensate travel time at 50% of the attorney's rate in the absence of documentation that any legal work was accomplished during travel time.[45] Here, counsel for plaintiff has billed a total of 31 hours for travel with at least one duplicative entry on April 23, 2023 which is a 5.1 hour ride from Houston to Baton

---

[40] *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996).
[41] *Estate of Gentry v. Hamilton-Ryker IT Sols., LLC*, 3:19-CV-00320, 2023 WL 5018432, at *8 (S.D. Tex. Aug. 7, 2023), report and recommendation adopted, 3:19-CV-00320, 2023 WL 5489046 (S.D. Tex. Aug. 24, 2023).
[42] *Johnson*, 488 F.2d at 717.
[43] R. Doc. 279-2 pages 4 through 9.
[44] *See Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 627 (W.D. Tex. 2015). *Estate of Gentry v. Hamilton-Ryker IT Sols., LLC*, 3:19-CV-00320, 2023 WL 5018432, at 6 (S.D. Tex. Aug. 7, 2023), report and recommendation adopted, 3:19-CV-00320, 2023 WL 5489046 (S.D. Tex. Aug. 24, 2023)
[45] *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993) (in Voting Rights Act case involving legislative redistricting, compensation for attorneys travel time was awarded at one half of the hourly rate allowed for the attorneys); *Jiminez v. Paw–Paw's Camper City, Inc*., 2002 WL 257691, at 23 (E.D.La. Feb. 22, 2002) (awarding attorney fees for travel time at one-half of normal hourly rate in employment discrimination case); *Paul v. CMC Manufacturing, Inc*., 1998 WL 527102, at 2 (N.D.Miss. Aug. 6, 1998) (travel time should be billed at one-half the hourly rate of the lawyer involved); *Jackson v. Capital Bank & Trust Co*., 1994 WL 118332, at 26–27 (E.D.La. March 30, 1994).

Rouge when the distance is a little over four hours. Courts have stricken unreasonable travel time from an attorneys' fee award.[46] For example, in *Leonard v. State of Louisiana*, the court awarded the plaintiffs attorneys' fees as the prevailing party in a 42 U.S.C. § 1983 claim.[47] Defendants challenged the attorneys' travel time, which allotted nearly ten hours for travel from Baton Rouge to New Orleans.[48] Although the attorneys claimed the delay was caused by "bad weather and traffic," the court reduced the travel time to two hours, presumably the average travel time from Baton Rouge to New Orleans.[49] Additionally, like in *Tasch, Inc. v. Unified Staffing & Associates, Inc.*, CIV.A. 02-3531, 2003 WL 23109790, at *6 (E.D. La. Dec. 30, 2003), counsel for plaintiff failed to provide any documentation that any legal work was accomplished during travel time. As such, all duplicative travel time should be eliminated and time travel when no legal work was accomplished should be reduced by at least 50%.

  c. **Vague Time Entries**

The district court must determine whether the hours claimed were "reasonably expended on the litigation."[50] Moreover, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. The applicant ... should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims."[51] "In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill

---

[46] See e.g., *Leonard v. State of Louisiana*, No. 07–0813, 2010 WL 3780793, at 5 (W.D.La. Sept. 20, 2010).
[47] *Id.* at 3.
[48] *Id.* at 5.
[49] Id.
[50] *Alberti v. Klevenhagen*, 896 F.2d 927, 933–34 (5th Cir.), vacated on other grounds, 903 F.2d 352 (5th Cir.1990); *see also Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.' ").
[51] *Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941; *see also Bode*, 919 F.2d at 1047 ("[T]he party seeking reimbursement of attorneys' fees ... has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement.").

11

its duty to examine the application for noncompensable hours."[52] Thus a district court may reduce the number of hours awarded if the documentation is vague or incomplete.[53]

After reviewing the instant record, it is clear that many of plaintiff's counsel's time records are indeed scant as to subject matter. As stated in *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir.1995), "Litigants take their chances when submitting such fee applications, as they provide little information from which to determine the "reasonableness" of the hours expended on tasks vaguely referred to as "pleadings," "documents," or "correspondence" without stating what was done with greater precision.[54]

Here, counsel for plaintiff makes vague statements including, but not limited to, "These hours were spent conferring on maintenance and cure issues"[55], "This was for preparation of the lawsuit itself"[56], "these hours were spent responding to REC Marine's refusal to engage in discovery including discovery related to maintenance and cure."[57], "Review LCP from PLCP"[58], and "Preparing for trial; reviewing deposition testimony; preparing outlines; organizing exhibits; performing deposition cuts"[59]. The aforementioned entries are so vague that it is impossible to determine what work counsel for plaintiff performed. Based on the examples above, the depositions that were reviewed are not defined or detailed, the plaintiff failed to state which outlines were drafted, and LCP and PLCP are not defined. Additionally, the trial preparation entries are duplicative and

---

[52] *Id.*; see also *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").

[53] *See Alberti*, 896 F.2d at 931 (refusing to accept incomplete documentation "at face value"); *Leroy v. City of Houston (Leroy I)*, 831 F.2d 576, 585–86 (5th Cir.1987) (finding clear error and abuse of discretion when district court accepted "faulty records" without making reduction); cf. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939 (counseling that "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly").

[54] *See Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939 (instructing district court to exclude hours not "reasonably expended").

[55] R. Doc. 279-2 page 1.

[56] *Id*.

[57] R. Doc. 279-2 page 2.

[58] R. Doc. 279-2 page 3.

[59] R. Doc. 279-2 page 4.

vague.[60] They do not detail what preparation was done on each day and are copied and pasted entries with no specificity as to the actual work performed. They are also block billed entries as explained above.

Like in *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir.1995), plaintiff here has taken his chances when submitting such a fee application, as they provide little information from which to determine the "reasonableness" of the hours expended on tasks vaguely referred to as "pleadings," "documents," or "correspondence" without stating what was done with greater precision. Accordingly, these entries should be scrutinized and reduced accordingly.

### III. CONCLUSION

For the reasons set forth herein, REC Marine requests that Plaintiff's Amended and Supplemental Motion for Attorneys' fees be denied.

Respectfully submitted,

*/s/ Kyle A. Khoury*
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
Kristian B. Dobard (#36997)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Kyle.Khoury@pjgglaw.com
Kristian.Dobard@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC**

---

[60] See generally entries with the following description: "Preparing for trial; reviewing deposition testimony; preparing outlines; organizing exhibits; performing deposition cuts".