## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

MCARTHUR GRIFFIN                                      CIVIL ACTION

VERSUS

REC MARINE LOGISTICS, LLC, ET
AL.                                                  NO. 20-00092-BAJ-EWD

### RULING AND ORDER

Now before the Court are two motions. The first is Plaintiff's **Amended and Supplemental Motion for Attorney Fees Pursuant to Federal Rule of Civil Procedure 54(D) (Doc. 279)**, filed following this Court's December 21, 2023 Ruling and Order (Doc. 277) denying without prejudice Plaintiff's first Motion for Attorney Fees (Doc. 224). The second is Defendants Offshore Transport Services, LLC and REC Marine Logistics, LLC's **Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 (Doc. 280)**, which seeks modification of the Court's Judgment (Doc. 215) because prejudgment interest is not available for some categories of damages awarded by the jury. Both Motions are opposed. (Docs. 284, 286). For the reasons that follow, each Motion will be granted in part.

## I.    PLAINTIFF'S SECOND REQUEST FOR ATTORNEY'S FEES

On December 21, 2023, the Court issued a Ruling (Doc. 277) deciding multiple post-judgment motions. One of these was Plaintiff's Motion for Attorney Fees (Doc. 224, *hereinafter* "the First Motion"). There, the Court found that Plaintiff was entitled to attorney's fees, established a reasonable rate under the lodestar standard, and

decided that Plaintiff had "supported his hours assertion with sufficient evidence." (Doc. 277 at 20). Only one problem with Plaintiff's initial motion prevented the Court from granting it outright: Plaintiff had not adequately differentiated the hours spent litigating his maintenance and cure claim—the only one for which fees are available—from the hours spent on his unseaworthiness and general maritime negligence claims. (*Id.* at 21).

As the Court explained in December, "[t]he work required to successfully litigate the maintenance and cure claim here was not so inseparable from the work on the other claims, and Plaintiff must make some attempt to differentiate the hours. (Doc. 277 at 21). *See Dardar v. T&C Marine, L.L.C.*, No. CV 16-13797, 2018 WL 3950396, at *5 (E.D. La. May 3, 2018), *report and recommendation adopted*, No. CV 16-13797, 2018 WL 3927501 (E.D. La. Aug. 16, 2018) (finding that the factual overlap among plaintiff's maintenance and cure, seaworthiness, and negligence claims was "substantial, but not complete" and refusing to grant plaintiff 100% of his billed fees); *cf. Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 247 (5th Cir. 2011) (finding district court erred in not differentiating between successful and unsuccessful claims)). Pursuant to the Court's Order, in his Amended and Supplemental Motion, (*hereinafter*, "the Second Motion"), Plaintiff "has endeavored to differentiate the hours spent on his maintenance and cure claim." (Doc. 279-1 at 2).

Defendants oppose Plaintiff's Second Motion but rehash arguments from their opposition to the First Motion. (*See* Doc. 284 at 5–7). These arguments regarding the availability of fees in the first place and Plaintiff's billing method, have already been

decided in the Court's December Ruling and the Court will not consider them again. (*See* Doc. 277 at 17–18, 20–21). To the extent Defendants make new challenges to Plaintiff's billing practices—specifically, to block billing and duplicate time entries, travel time, and vague and excessive time entries (Doc. 284 at 7)—these arguments are waived because Defendants could have raised them in opposing Plaintiff's original motion and failed to. S*ee Williamson v. Watco Cos., Inc.*, No. 09-1255, 2010 WL 4117745, at *3 (W.D. La. Oct. 13, 2010) ("[F]ailure to brief an argument in the district court waives that argument in that court"). However, because Plaintiff admits in his Reply that some travel time should be reduced, the Court will make such reductions. (*See* Doc. 288-1 at 6–7). Accordingly, the "yellow tasks" are reduced by 10.1 hours, to 454.

In his Second Motion, Plaintiff seeks attorney's fees in the amount of $174,270. (*Id.* at 1). To achieve the differentiation of hours required by the Court, Plaintiff has colored-coded his itemization spreadsheet, attached as Doc. 279-2. "Green tasks are tasks related to Plaintiff's maintenance and cure claim that have no (or very minimal) overlap with the other claims brought by Plaintiff." (Doc. 279-1 at 7). There are 116.8 such hours. "Yellow tasks are those that are difficult to differentiate, where there is some overlap with other claims brought by Plaintiff." (*Id.*). There are 464.1 such hours.

Plaintiff continues to argue that the Court should award fees for all hours billed, or, in the alternative, that the Court "should apply a 10 percent reduction to the yellow tasks as those tasks are difficult to differentiate between Plaintiff's

maintenance and cure claim and his negligence and/or unseaworthiness claims." (*Id.* at 7–8 (citing *Deisler v. McCormack Aggregates Co.*, 54 F.3d 1074, 1087 (3rd Cir. 1995) (recognizing the difficulty in segregating hours and holding the use of 10 percent reduction to calculate fees and costs not an abuse of discretion)). But this arbitrary reduction hardly seems fair. Plaintiff litigated three different claims to trial but can seek fees for only one—maintenance and cure. To reflect this, Plaintiff will receive attorney's fees for only one third of the hours which he claims are too difficult to differentiate, or 151.3 hours (the "yellow tasks" divided by three).

The 116.8 "green tasks" hours are those which Plaintiff states are related to the maintenance and cure claim. The total of "green tasks" and one third of the "yellow tasks" is 268.1 hours, which the Court finds constitutes the reasonable hours billed in litigating Plaintiff's maintenance and cure claim.

Courts reach a "lodestar" fee amount "by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The reasonable number of hours here is 268.1, and the Court already found that a reasonable hourly rate here is $300/hour. (*See* Doc. 277 at 19). The lodestar calculation is therefore as follows: 268.1 hours @ $300/hour = $80,430.00. The Court finds that this amount is fair and reasonable. *See Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006) ("There exists a strong presumption of the reasonableness of the lodestar amount.").

## II.    DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT

Also before the Court is Defendants Offshore Transports and REC Marine's **Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 (Doc. 280)**, which seeks modification of the Court's Judgment (Doc. 215) because prejudgment interest is not available for some of the jury's verdict. Plaintiff opposes the Motion. (Doc. 286).

A recap of the events preceding the Court's May 5, 2023 Judgment is necessary. Following trial of this maritime personal injury matter, the jury rendered a verdict for Plaintiff against REC Marine and Offshore Transport. (Doc. 212). The jury found that REC Marine's negligent conduct was a 70% cause of Plaintiff's injuries, Offshore Transport's unseaworthy vessel was a 20% cause of Plaintiff's injuries, and Plaintiff was 10% at fault for his own injuries. (*Id.* at 4). The jury awarded past and future general damages, past wage loss, future loss of earning capacity, past medical expenses, and future medical expenses totaling $1,696,700.00. (*Id.* at 5–6). The jury also found that Plaintiff had reached maximum medical cure for his back injury but not his neck and shoulder injuries, and awarded Plaintiff $10,000 in maintenance benefits and nothing for cure. (*Id.* at 7). Finally, the jury found that REC Marine's unreasonable, willful, wanton, and arbitrary failure to provide maintenance and cure to Plaintiff warranted $1,500,000.00 in punitive damages. (*Id.* at 8–9). In its December 21, 2023 Ruling and Order on the parties' numerous post-judgment motions, the Court remitted the jury's awards for future medical expenses, past wage loss, future wage loss, and punitive damages. (Doc. 277).

The Court's Judgment pursuant to the jury verdict awarded "judicial interest from the date of judicial demand." (Doc. 215 at 3). Defendants now seek revision of that Judgment under Fed. R. Civ. Proc. 60(a) and (b)(6), arguing that prejudgment interest is not available for the claim that Plaintiff brought under the Jones Act, 46 App. U.S.C.A. § 30104. (*See* Doc. 280-1 at 3). The Court agrees.

The law is well settled that there is no recovery of prejudgment interest in a Jones Act case tried on the law side of federal court, *i.e.,* before a jury. *See, e.g., McPhillamy v. Brown & Root*, 810 F.2d 529, 532 (5th Cir. 1987); *Bush v. Diamond Offshore Co.*, 46 F. Supp. 2d 515, 523 (E.D. La. 1999). Additionally, in such circumstances, "prejudgment interest . . . may not be awarded with respect to future damages." *Williams v. Reading & Bates Drilling Co.,* 750 F.2d 487, 491 (5th Cir. 1985). Plaintiff's argument to the contrary, which relies on a sole district court case, ignores the great weight of the caselaw on this issue. *Compare Williams,* 750 F.2d at 491 (holding that no prejudgment interest is available in a Jones Act case tried to a jury); *Theriot v. J. Ray McDermott & Co.,* 742 F.2d 877, 883 (5th Cir. 1984) (same); *Wyatt v. Penrod Drilling Co.,* 735 F.2d 951, 955 (5th Cir. 1984) (same); *Sanford Bros. Boats v. Vidrine,* 412 F.2d 958, 972–73 (5th Cir. 1969) (same) *with Rochon v. Puerto Rican Lines, Inc.*, 1992 WL 165738, at *1 (E.D. La. July 7, 1992) (cited by Plaintiff (Doc. 286 at 4)). Moreover, Defendants appropriately call into question whether *Rochon* even was a Jones Act case. (*See* Doc. 287-1 at 2).

Plaintiff's additional argument, that Defendant's Motion is not timely, similarly falls short. (*See* Doc. 286 at 5–6). Under Fed. R. Civ. Proc. 60(a), a court can

correct a judgment at any time before the docketing of an appeal. Because no appeal has been docketed here, the Court may still correct its judgment.

Having determined that prejudgment interest is not available for Plaintiff's Jones Act claim, the Court must decide if the award of damages is susceptible to apportionment between Plaintiff's claims. *See McPhillamy*, 810 F.2d at 531–32 (condoning apportionment if the jury award allows). In other words, some jury verdicts award a single block sum for multiple claims. In those cases, it is impossible to identify the part of the award for which prejudgment interest is available, and therefore no prejudgment interest is awarded at all. Here, in contrast, apportionment is possible. As explained above, the jury found Defendant Offshore Transport, against whom only the unseaworthiness claim was made, liable for 20% of Plaintiff's injuries. Accordingly, Plaintiff will be awarded prejudgment interest on 20% of the past damages award, which represents the unseaworthiness portion. The Court's award of prejudgment interest on Plaintiff's maintenance and cure award against Defendant REC Marine, unchallenged by Defendants, will go undisturbed.

Finally, the Court briefly addresses Plaintiff's unsupported suggestion that the award of punitive damages should also be subject to prejudgment interest. (*See* Doc. 286 at 2). Punitive damages are generally not subject to prejudgment interest, and the Court sees no reason to stray from this rule. *See George v. Foster*, 129 F.3d 610 (5th Cir. 1997) ("The rationale of the rule that penalties do not draw prejudgment interest is that a penalty does not reflect damages to the plaintiff but is assessed to encourage certain conduct on the part of the party penalized.").

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Leave to File Reply in Support of Amended and Supplemental Motion for Attorney's Fees (Doc. 288)** be and is hereby **GRANTED**. The Clerk of Court shall file Plaintiff's proposed pleading and attached exhibits as a separate docket entry.

**IT IS FURTHER ORDERED** that Plaintiff's **Amended and Supplemental Motion for Attorney Fees Pursuant to Federal Rule of Civil Procedure 54(D) (Doc. 279)** be and is hereby **GRANTED IN PART**. Plaintiff is awarded $80,430.00 in attorney's fees against Defendant REC Marine Logistics, LLC.

**IT IS FURTHER ORDERED** that Defendants Offshore Transport Services, LLC and REC Marine's **Motion for Leave to File Reply Memorandum in Support of Motion for Relief from Judgment (Doc. 287)** be and is hereby **GRANTED**. The Clerk of Court shall file Defendants' proposed pleading as a separate docket entry.

**IT IS FURTHER ORDERED** that Defendants Offshore Transports and REC Marine's **Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60 (Doc. 280)** be and is hereby **GRANTED**. Plaintiff shall only receive prejudgment interest on the jury award of past damages against Offshore Transport and maintenance and cure against REC Marine.

Separately, the Court will issue an amended judgment that is consistent with the relief set forth herein and in the Court's December 21 Ruling and Order (Doc. 277).

Baton Rouge, Louisiana, this 7th day of March, 2024

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

9